FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 JUL 22  PM 4: 33

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

      Plaintiffs,

v.

                                 Case No.: 8:19-cv-1236-T-23SPF

                                 **FILED *EX PARTE***
                                 **AND UNDER SEAL**

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

      Defendants.

_____/

### UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS *EX PARTE* CONSENT APPLICATION FOR AN EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE

      The United States of America hereby respectfully submits this memorandum in

support of its *ex parte* consent Application for an Order pursuant to the False Claims Act

("FCA"), as amended, 31 U.S.C. § 3730(b)(3), for a six-month extension of time – July 22,

2019, to and including January 22, 2020 – in which to notify the Court of its decision

regarding intervention in this *qui tam* action, and during which time the complaint and all

other filings in the action shall remain under seal.  The relator, through her counsel, has

advised that she consents to the requested extension of both the seal and the intervention

deadlines.

### I. Background

      This *qui tam* action alleges the defendants are defrauding the Medicare Advantage

("MA") Program and violating the FCA by knowingly submitting and causing the

submission of thousands of false claims, and the corresponding false statements and records,

and knowingly retained overpayments resulting from the submission of false diagnosis codes. *See* 31 U.S.C. § 3729 (a)(1)(A), (B), (G).

The relator's complaint identifies two categories of defendants: managed care entities ("MA Defendants") and the healthcare provider organizations who treat beneficiaries enrolled in the MA plans ("PO Defendants"). According to the relator, the PO Defendants, in order to increase their own per-member-per-month risk adjustment gain sharing payments from the MA Defendants, falsified patient diagnoses and then submitted false diagnosis codes to the MA Defendants. The MA Defendants, who knew or should have known of the PO Defendant's misconduct, in turn, submitted to CMS false and unsubstantiated diagnosis codes in order to fraudulently obtain higher capitation rates than they were entitled to receive.

## II. Points and Authorities

The government has at least sixty days "after it receives both the complaint and the material evidence and information" to elect to intervene in the action. 31 U.S.C. § 3730(b)(2). Congress contemplated, however, that the government might require additional time within which to investigate *qui tam* actions and to decide whether to intervene, and that such extensions should be granted upon a showing of "good cause." The relevant portions of the Act provide:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

> The Government may, for good cause shown, move the court
> for extensions of time during which the complaint remains
> under seal under [the preceding paragraph].

31 U.S.C. §§ 3730(b)(2) and (b)(3).  Thus, the FCA provides for extensions of time to allow

the government to complete its evaluation of the allegations contained in a *qui tam*

complaint, and to reach an informed decision as to whether to intervene.  The only

requirement is that the government show good cause for the requested extension.

The United States respectfully submits that good cause exists here for the requested

extension of both the seal and the intervention deadlines.  Since the government's receipt of

the relator's complaint, the government has assembled an investigative team to examine the

merits of the relator's allegations.  The government has also coordinated with relator's

counsel to interview the relator in August 2019.  Once the government completes that

interview, it will require additional time to interview other potential witnesses as well as to

secure those records and documentation that might shed further light on the merits of the

relator's allegations.

### III.  Conclusion

For all of the above reasons, the United States respectfully requests that the Court

grant the government's Application for a six-month extension of the seal and intervention

deadlines in this matter.  A proposed Order is submitted herewith for the Court's

consideration.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

Dated: July 22, 2019                    By:

SEAN P. KEEFE
Assistant United States Attorney
Florida Bar No. 0413828
400 N. Tampa Street, Suite 3200
Tampa, FL  33602
Ph: (813) 274-6000
Fax: (813) 274-6200
Email: Sean.Keefe@usdoj.gov

*Counsel for United States of America*