FILED

2019 OCT 23 PM 4: 19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

Plaintiffs,

v.

Case No.: 8:19-cv-1236-T-23SPF

**FILED *EX PARTE*
AND UNDER SEAL**

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

Defendants.

_____/

**UNITED STATES' *EX PARTE* CONSENT APPLICATION FOR A PARTIAL LIFTING OF THE SEAL AND SUPPORTING LEGAL MEMORANDUM**

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2), the United States of America hereby respectfully petitions this Court – under seal and ex parte – for an order partially lifting the seal in this case. As set forth more fully below, the purpose of the requested relief is to allow the United States to disclose, in its discretion, in whole or in part, the allegations raised by the relator in this case and to provide a copy of the Complaint (and any amended complaints subsequently filed in this case), in redacted or unredacted form, to: (1) those relator(s) and their counsel who have filed, or who subsequently file, *qui tam* case(s) pursuant the False Claims Act (FCA), 31 U.S.C. § 3729, et seq., which involve similar allegations against any of the same defendants named in this case; (2) any court in which such *qui tam* case(s) are filed;

1

(3) any state(s) which may be named as plaintiff(s) in such *qui tam* case(s) or which have an interest in investigating the allegations therein; and (4) any defendants and their counsel in this case and any related case(s). Without revealing the existence of any other sealed *qui tam* complaints, the undersigned have obtained the consent from Relator's counsel in this case to the requested relief.

## BACKGROUND

The FCA provides for the award of treble damages and civil penalties for, *inter alia*, the presentation of a false claim for the making of a false statement in order to obtain a payment of the United States Government. 31 U.S.C. § 3729(a)(1) and (2). Section 3730(b) of the Act permits a private person, known as the "relator," to bring a qui tam action "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). With certain exceptions, such relators are entitled to a share of the proceeds of a judgment or settlement of their qui tam actions. 31 U.S.C. § 3730(d).

The Relator filed the instant *qui tam* action pursuant to the FCA on May 20, 2019 against defendants Freedom Healthcare, Inc. ("Freedom Health"), Optimum Healthcare, Inc. ("Optimum"), Physician Partners, LLC, and other defendants (hereinafter "Defendants"). The complaint identifies two categories of defendants: managed care entities ("MA Defendants") and the healthcare provider organizations who treat beneficiaries enrolled in the MA plans ("PO Defendants"). According to the Relator, the PO Defendants, in order to increase their own per-member-per-month risk adjustment gain sharing payments from the MA Defendants, falsified

patient diagnoses and then submitted false diagnosis codes to the MA Defendants, who in turn, knowingly submitted to CMS hundreds of thousands of false and unsubstantiated diagnosis codes in order to fraudulently obtain higher capitation rates than they were entitled to receive.

Another *qui tam* complaint, *United States ex rel. Fernandez v. Freedom Health, Inc., Optimum Healthcare, Inc., and Physician Partners, Inc.* was previously filed by another Relator in this Court on August 8, 2018. In the *Fernandez* complaint, the Relator alleges that the Defendants have defrauded the federal government by causing it to overpay the defendants for their involvement in the Medicare Advantage program. Specifically, he states that Freedom Health and Optimum, both Medicare Advantage insurance programs based in Florida, and Physician Partners LLC, a management service organization serving Medicare Advantage patients, together knowingly submitting incorrect and/or unsubstantiated risk-adjustment data to the Centers for Medicare and Medicaid Services, resulting in unduly high monthly capitation payments to the defendant-companies.

We are concurrently seeking a partial lift of the seal from the judge presiding over the second *qui tam* case that will permit identical relief as to that case as is sought here.

## DISCUSSION

Under section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the Government is

3

already investigating and whether it is in the Government's interests to intervene and take over the civil action." See *Legislative History of the FCA*, S. Rep. 99-345, 99[th] Cong., 2d Sess., reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The FCA also contains a first-to-file rule that restricts the filing and pursuit of duplicative *qui tam* actions. The rule provides that once a first *qui tam* action has been filed, no person may subsequently bring "a related action based on the facts underlying the pending action." See 31 U.S.C. § 3730(b)(5).

With these aspects of the FCA in mind, partially unlifting the seal in this case will serve a number of important interests. As part of its evaluation of fraud allegations in a *qui tam* action, it is frequently prudent for the United States to determine whether similar allegations of fraud exist in other *qui tam* complaints filed in other district courts. The seal imposed by 31 U.S.C. § 3731(b)(2), however, prevents the United States from advising relators of the pendency of such other lawsuits with similar or overlapping allegations without an order partially unsealing the complaint from the court where each of those actions is pending.

Partially lifting the seal in this case will also serve the interests of justice and judicial economy. The existence of *qui tam* cases pending under seal with similar or overlapping claims bears the seeds for potential conflict among putative relators, because each may contend that he or she has a valid stake in any or all of any future judgment or settlement with the defendants. Such conflicts are particularly likely to arise in cases where, as with this Complaint, the allegations are of a general nature and are broadly asserted against the entire corporate defendant.

The United States submits that the most efficient way to resolve potential conflict between such relators is to disclose the existence of each of the actions to them so that they may attempt to resolve their potentially competing claims amicably and without litigation. A later-filing relator, for example, may decide to dismiss voluntarily his or her claims if it is clear that they are barred by the first-to-file rule. Or, two or more relators may reach an agreement as to which claims each relator is "first," and thus entitled to share in the proceeds of any recovery in the future. The requested disclosure will prevent misunderstandings that may impede the investigation of this case, distract the relators, and divert the United States' resources to resolving relator disputes rather than investigating and pursuing the fraud allegations. In addition, resolution of potential issues under the first-to-file rule that otherwise could affect the jurisdiction of this court will conserve judicial resources.

Out of an abundance of caution, the United States also seeks a partial lifting of the seal so that it may disclose the existence of this matter to other federal district courts where related actions against the defendants may be pending. In any such other *qui tam* matter United States intends to seek partial listings of the seal consistent with the application in this case so that this court and the Relator in this action may be informed about the existence of those other matters.

In addition to requesting a partial unsealing to disclose this section to relators in other actions pending with similar allegations, the United States respectfully requests the unsealing so that it may, in its discretion, disclose the allegations and the Complaint, in either redacted or unredacted form, to the named Defendants and

their counsel. Such an unsealing will allow the government to ascertain the Defendant's points of view regarding the Relator's allegations, and might facilitate discussions aimed at resolving this matter. The United States submits that a partial unsealing to permit such discussions with the Defendants and their counsel will advance the parties' efforts to resolve those matters without the need for further litigation.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the seal on this *qui tam* action be lifted so that at the discretion of the United States, the United States may disclose the allegations raised by the Relator and provide a copy of the Complaint and any amended complaints filed after this date, in either redacted or unredacted form, to (1) those relator(s) and their counsel who have filed, or who subsequently file, *qui tam* case(s) pursuant the FCA which involve similar allegations against any of the same defendants named in this case; (2) any court in which such *qui tam* case(s) are filed; (3) any state(s) which may be named as plaintiff(s) in such *qui tam* case(s) or which have an interest in investigating the allegations therein; and (4) any defendants and their counsel in this case and any related case(s).

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

Dated: October 23, 2019     By:   s/
                                   SEAN P. KEEFE

Assistant United States Attorney
Florida Bar No. 0413828
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6200
E-mail: sean.keefe@usdoj.gov


ANDY J. MAO
PATRICIAL HANOWER
J. JENNIFER KOH
Attorneys, Civil Division
United States Department of Justice


**CERTIFICATE OF NO SERVICE**

I HEREBY CERTIFY that the foregoing was not served on any party—including relator and her counsel—because it contains confidential details of the United States' investigation.

_____
SEAN P. KEEFE
Assistant United States Attorney