FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 JAN 21 PM 4: 19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

    Plaintiffs,

v.

Case No.: 8:19-cv-1236-T-23SPF

**FILED *EX PARTE*
AND UNDER SEAL**

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

    Defendants.

_____/

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT
OF ITS *EX PARTE* CONSENT APPLICATION FOR AN
EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE**

The United States of America hereby respectfully submits this memorandum in support of its *ex parte* consent Application for an Order pursuant to the False Claims Act ("FCA"), as amended, 31 U.S.C. § 3730(b)(3), for a six-month extension of time – January 22, 2020, to and including June 22, 2020 – in which to notify the Court of its decision regarding intervention in this *qui tam* action, and during which time the complaint and all other filings in the action shall remain under seal.

There have been two notable developments during the most recent extension. First, the United States Attorney's Office in Tampa has opened a criminal investigation into the alleged misconduct, supported by the United States Department of Health and Human Services ("HHS"), Office of the Inspector General, and is currently using a variety of law enforcement tools, including covert information gathering techniques. Second, a second related *qui tam* action has now been filed in this District. *See United States ex. rel. Mansour v.*

*Freedom Health, Inc. et al.*, Case No. 8:19-cv-2977-T-36JSS ("*Mansour* Action"). The relator in this matter, through her counsel, has advised that she consents to the requested extension of both the seal and the intervention deadlines.

## I. Background

This *qui tam* action alleges the defendants are defrauding the Medicare Advantage ("MA") Program and violating the FCA by knowingly submitting and causing the submission of thousands of false claims, and the corresponding false statements and records, and knowingly retained overpayments resulting from the submission of false diagnosis codes. *See* 31 U.S.C. § 3729 (a)(1)(A), (B), (G).

The relator's complaint identifies two categories of defendants: managed care entities ("MA Defendants") and the healthcare provider organizations who treat beneficiaries enrolled in the MA plans ("PO Defendants"). According to the relator, the PO Defendants, in order to increase their own per-member-per-month risk adjustment gain sharing payments from the MA Defendants, falsified patient diagnoses and then submitted false diagnosis codes to the MA Defendants. The MA Defendants, who knew or should have known of the PO Defendant's misconduct, in turn, submitted to CMS false and unsubstantiated diagnosis codes in order to fraudulently obtain higher capitation rates than they were entitled to receive.

## II. Points and Authorities

The government has at least sixty days "after it receives both the complaint and the material evidence and information" to elect to intervene in the action. 31 U.S.C. § 3730(b)(2). Congress contemplated, however, that the government might require additional time within which to investigate *qui tam* actions and to decide whether to

intervene, and that such extensions should be granted upon a showing of "good cause." The relevant portions of the Act provide:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> The Government may, for good cause shown, move the court for extensions of time during which the complaint remains under seal under [the preceding paragraph].

31 U.S.C. §§ 3730(b)(2) and (b)(3). Thus, the FCA provides for extensions of time to allow the government to complete its evaluation of the allegations contained in a *qui tam* complaint, and to reach an informed decision as to whether to intervene. The only requirement is that the government show good cause for the requested extension.

The United States respectfully submits that good cause exists here for the requested extension of both the seal and the intervention deadlines. Since the government's receipt of the relator's complaint, the government has continued to diligently investigate the misconduct alleged by the relator. During the most recent extension period, the United States has obtained numerous videos and recordings, some of considerable length, and has begun the process of reviewing this evidence. In addition, the investigative team has compiled and reviewed data related to the allegations, including data pertaining the utilization of certain diagnoses.

As noted above, the United States Attorney's Office has opened a criminal investigation into the allegations that is proceeding on a parallel basis with this civil inquiry

and is using covert information gathering techniques. In addition, a second related *qui tam* action—the *Mansour* Action—is now pending in this District. The *Mansour* Action's allegations largely overlap with the instant case, and the United States is in the process of scheduling an interview with the relator.

In light of all of the above, the United States respectfully requests a six-month extension of the intervention deadline and the Court seal to permit the investigative process underway to progress in the most efficient and effective manner possible. Counsel for the relator has informed the United States she has no objection to this request for relief.

### III. Conclusion

For all of the above reasons, the United States respectfully requests that the Court grant the government's Application for a six-month extension of the seal and intervention deadlines in this matter.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

Dated: January 21, 2020          By: _____
SEAN P. KEEFE
Assistant United States Attorney
Florida Bar No. 0413828
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
Ph: (813) 274-6000
Fax: (813) 274-6200
Email: Sean.Keefe@usdoj.gov

*Counsel for United States of America*