UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARISSA ZAFIROV,

    Plaintiff,

v.                                                  CASE NO. 8:19-cv-1236-T-23SPF

FLORIDA MEDICAL
ASSOCIATES, LLC, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

    After the United States declined to intervene in this action under the False Claims Act, a June 11, 2020 order (Doc. 17) permits the United States to file a redacted version of documents 7 and 10 and directs the clerk to unseal each document except documents 7, 10, and 16. After the unsealing of this action, Florida Medical Associates reports that certain documents other than documents 7, 10, and 16 remain inaccessible. Accordingly, Florida Medical Associates moves (Doc. 21) unopposed to require the clerk to unseal these other documents in accord with the June 11, 2020 order. According to the motion, the clerk's office explained to counsel during a telephone call that the clerk maintained the seal on these other documents because the United States captioned each "*ex parte.*"

In an action under the False Claims Act, each document filed before the lifting of the seal is "*ex parte*" for the simple reason that the defendant remains unaware of the action until the United States decides whether to intervene. Except for the documents identified in the June 11, 2020 order, that is, documents 7, 10, and 16, no other document merits continued sealing despite the gratuitous labeling of each document as "*ex parte*." (Each of these documents either requests an extension of the seal or an extension of the intervention deadline, requests which appear with an unfortunate and predictable frequency.)

The motion (Doc. 21) is **GRANTED**. The clerk must unseal each document except documents 7, 10, and 16 — that is, the clerk must unseal documents 8, 9, 11, 18, 19, and 20.

ORDERED in Tampa, Florida, on July 7, 2020.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE