UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States ex rel. Clarissa Zafirov

    Plaintiff/Relator,

v.                                                                   CASE NO: 8:19-cv-1236-T-23SPF

Florida Medical Associates
LLC, et al.

    Defendants.
_____/

# CASE MANAGEMENT REPORT

1.    Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on ___August 31, 2020___ at ___4:30 pm___ (check one)

    (_X_) by telephone.
    (__) at _____ (place) _____.

The meeting was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Frederick Morgan, Marcella Auerbach, Ken Nolan, Jillian Estes, Jonathan Lischak | Relator Clarissa Zafirov |
| Lee Bentley, Jason Mehta | Defendants Florida Medical Associates, LLC, d/b/a VIPCare; Physician Partners, LLC; Physician Partners Specialty Services, LLC; Sun Labs USA, Inc.; Anion Technologies, LLC; Siddhartha Pagidipati |
| Ben Singer, Elizabeth Bock | Defendants Anthem, Inc.; Freedom Health, Inc.; Optimum Healthcare, Inc. |

2.    Initial Disclosure:

a. Rule 26(a)(1), Federal Rules of Civil Procedure, states:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__)   have exchanged Rule 26(a)(1)(A) information.

(_X_)  agree to exchange Rule 26(a)(1)(A) information
       on or before       **October 5, 2020**              .[2]

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

    (__)    stipulate not to disclose Rule 26(a)(1)(A) information because

_____
_____
_____

    (__)    are unable to agree to disclosure of Rule 26(a)(1)(A) information because

_____
_____

3.    Discovery Plan (Relator): The parties jointly propose the following discovery plan for the relator:

    a. Planned Discovery: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

        (1) Request for Admission:

**Relator expects to serve requests for admission after document discovery is underway. The subject of those requests will be the allegations in Relator's complaint and/or any defenses raised by any Defendant.**

            Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiff's requests for admission.

        (2) Written Interrogatory:

**Relator expects to serve interrogatories within the first 90 days of discovery. The subject of the written interrogatories will be the allegations in Relator's complaint and/or any defenses raised by any Defendant.**

            Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

        (3) Request for Production or Inspection:

**Relator expects to serve requests for production upon commencement of discovery. The subject of the requests for production will be the allegations in Relator's complaint and/or any defenses raised by any Defendant.**

        (4) Oral Deposition:

**Relator intends to take depositions of party and non-party witnesses after document discovery is underway. The subject of the depositions will be the allegations in Relator's complaint and/or any defenses raised by any Defendant.**

> Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.
>
> Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.
>
> The parties request an order extending the duration of the following depositions: **None presently known.**
>
> Proposed Length of Deposition
>
> Name                                      Grounds

b. Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that Relator's Rule 26(a)(2) disclosure is due on or before  **Oct. 4, 2021 for issues on which Relator has the burden of going forward. Rebuttal expert disclosures will be 30 days following the initial expert disclosure**.

c. Supplementation of Disclosure and Response: The parties agree that Relator will supplement under Rule 26(e) at the following times:  **Ongoing, but no later than Dec. 20, 2021**.

d. Completion of Discovery: Relator will begin discovery in time to complete the discovery on or before **Dec. 20, 2021, with fact discovery completed by Sept. 4, 2021, provided discovery begins forthwith**. If discovery does not proceed forthwith, then Relator asks that the Court provide a year for the completion of discovery from the date of any order denying a motion to dismiss.

4.     Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:  **Defendants believe that the forthcoming motions to dismiss that the Defendants will file on September 22, 2020 will be meritorious, and ask that the Court stay discovery until the Court issues orders resolving the motions to dismiss, for any defendants remaining in the case at that time.  As will be detailed in Defendants' forthcoming motion to stay discovery, the Court has discretion to stay discovery pending resolution of dispositive motions and Defendants are entitled to protection from discovery in connection with an insufficiently pled False Claims Act case, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b).  In the alternative, the Defendants request that the Court resolve the motion to stay discovery prior to issuing a scheduling order.**

**For the time being, Defendants have indicated discovery deadlines below that align with the dates that Relator proposes above.  In the event discovery is stayed, Defendants would propose allowing the same amount of time for each discovery period (e.g., setting eleven months for fact discovery to match the current October 2020 to September 4, 2021 proposal by Relator's counsel).**

     a.  Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

     (1) Request for Admission:

**Defendants intend to pursue requests for admission as permitted by the Federal Rules of Civil Procedure and Local Rules.   Defendants anticipate that requests for admission will be served within 30 days the start of the discovery period set by the Court. The subject of the requests for admission will be the allegations in Relator's complaint and related defenses.**

     Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendant's requests for admission.

     (2) Written Interrogatory:

**Defendants intend to pursue interrogatories as permitted by the Federal Rules of Civil Procedure and Local Rules.   Defendants anticipate that interrogatories will be served within 30 days the start of the discovery period set by the Court. The subject of the interrogatories will be the allegations in Relator's complaint and related defenses.**

     Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and

subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

(3) Request for Production or Inspection:

**Defendants intend to pursue requests for production as permitted by the Federal Rules of Civil Procedure and Local Rules.  Defendants anticipate that requests for production will be served within 30 days the start of the discovery period set by the Court. The subject of the requests for production will be the allegations in Relator's complaint and related defenses.**

(4) Oral Deposition:

**Defendants intend to pursue oral depositions as permitted by the Federal Rules of Civil Procedure and Local Rules, including a deposition of Relator Clarissa Zafirov. The subject of the depositions will be the allegations in Relator's complaint and related defenses.**

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions: **None.**

Proposed Length of Deposition

| Name | Grounds |
|------|---------|

b. Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before   **Oct. 4, 2021 for issues on which any defendant has the burden of going forward, including without limitation affirmative defenses. Rebuttal expert disclosures will be 30 days following the initial expert disclosure**.

c. Supplementation of Disclosure and Response: The parties agree that the defendants will supplement under Rule 26(e) at the following times: **Ongoing, but no later than Dec. 20, 2021.**

  d. Completion of Discovery: The defendant will begin discovery in time to complete the discovery on or before **Dec. 20, 2021, with fact discovery completed by Sept. 4, 2021.**

5. Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

**The parties anticipate requiring negotiation and entrance of a stipulated confidentiality order and stipulated PHI order, given the sensitive and confidential nature of the business, medical, and personal records subject to this lawsuit.**

6. Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

**The parties do not agree as to when discovery should begin. Relator believes it should begin following the exchange of Rule 26 disclosures, consistent with the Federal Rules of Civil Procedure. Defendants believe it should be stayed until Court issues orders resolving the motions to dismiss, for any defendants remaining in the case at that time (*see supra* Section 4).**

**The parties will seek this Court's guidance to resolve this dispute.**

**Additionally, Relator anticipates that she may seek additional depositions, deposition time, or interrogatories based on information and documents disclosed by Defendants during discovery. If the parties cannot independently agree on additional depositions, deposition time, or interrogatories, Relator will move the Court at that time.**

7. Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by _____ **February 8, 2021**_____ for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before _____ **April 4, 2022**_____.

8. Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

  The parties agree that settlement is (check one)

  (__) likely.
  (**X**) unlikely.

  Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

      (__)    consent.
      (**X**)    fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

      (__)    likely.
      (**X**)    unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.    Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

      (__)    consent.
      (**X**)    fail to consent.

If the parties do not consent, future consent is (check one)

      (__)    likely.
      (**X**)    unlikely.

10.   Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after **September 5, 2022**, and for trial, which will occur on or after **October 17, 2022**.

This trial is expected to last approximately **2 weeks** and is a (check one)

      (**X**)    jury trial.
      (__)    bench trial.

11.   Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12.   Other Items:

**Statement of this Action's Nature and Complexity:**

**Defendants are likely to file motions in this matter that if granted by the Court, in whole or in part, that would materially affect these deadlines. The parties will confer with one another and file appropriate motions to amend the scheduling order if this occurs.**

**This is a complex False Claims Act case involving nine defendants, complicated fact questions, and potential Government intervention. Discovery is likely to involve extensive document and witness discovery, and will involve reviewing—and protecting— protected health information and sensitive personal information, a painstaking and time-consuming process. For these reasons, the parties agree that discovery of this matter will take longer than eight months to complete.**

Date: September 14, 2020     /s/ Jillian L. Estes
　　　　　　　　　　　　　　　　Jillian L. Estes (Fla. Bar No. 0055774)
　　　　　　　　　　　　　　　　Frederick M. Morgan, Jr. (OH Bar No. 0027687)
　　　　　　　　　　　　　　　　MORGAN VERKAMP LLC
　　　　　　　　　　　　　　　　35 East 7th Street, Suite 600
　　　　　　　　　　　　　　　　Cincinnati, OH 45202
　　　　　　　　　　　　　　　　Phone: (513) 651-4400
　　　　　　　　　　　　　　　　Fax: (513) 651-4405
　　　　　　　　　　　　　　　　jillian.estes@morganverkamp.com
　　　　　　　　　　　　　　　　rmorgan@morganverkamp.com

　　　　　　　　　　　　　　　　Kenneth J. Nolan (Fla. Bar No. 603406)
　　　　　　　　　　　　　　　　Marcella Auerbach (Fla. Bar No. 249335)
　　　　　　　　　　　　　　　　NOLAN, AUERBACH & WHITE, LLP
　　　　　　　　　　　　　　　　435 N. Andrews Ave., Suite 401
　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33301
　　　　　　　　　　　　　　　　Phone: (954) 779-3943
　　　　　　　　　　　　　　　　Fax: (954) 779-3937
　　　　　　　　　　　　　　　　ken@whistleblowerfirm.com
　　　　　　　　　　　　　　　　marcellla@whistleblowerfirm.com

　　　　　　　　　　　　　　　　***Counsel for Relator Dr. Clarissa Zafirov***

Date: September 14, 2020     /s/ Jason P. Mehta
　　　　　　　　　　　　　　　　A. Lee Bentley III
　　　　　　　　　　　　　　　　Jason P. Mehta
　　　　　　　　　　　　　　　　BRADLEY ARANT BOULT CUMMINGS LLP
　　　　　　　　　　　　　　　　100 North Tampa Street, Suite 2200
　　　　　　　　　　　　　　　　Tampa, Florida 33602
　　　　　　　　　　　　　　　　Tel: (813) 559-5500

　　　　　　　　　　　　　　　　***Counsel for Defendants Florida Medical Associates, LLC, Physician Partners, LLC, Physician Partners Specialty Services, LLC, Sun Labs USA, Inc., Anion Technologies, LLC and Siddhartha Pagidipati***

| | |
|---|---|
| Date: September 14, 2020 | /s/ Elizabeth M. Bock<br>David J. Leviss (Trial Counsel)*<br>Benjamin D. Singer*<br>O'MELVENY & MYERS LLP<br>1625 Eye Street NW<br>Washington, DC 20006<br>(202) 383-5300<br>(202) 383-5414 (fax)<br>dleviss@omm.com<br>bsinger@omm.com<br><br>David M. Deaton*<br>O'MELVENY & MYERS LLP<br>610 Newport Center Dr., 17th Floor<br>Newport Beach, CA 92660<br>(949) 823-6900<br>(949) 823-6994 (fax)<br>ddeaton@omm.com<br><br>Elizabeth M. Bock*<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>(213) 430-6000<br>(213) 430-6407 (fax)<br>ebock@omm.com<br><br>Ginger Boyd<br>Florida Bar No. 294550<br>NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br>215 South Monroe Street, Suite 400<br>Tallahassee, FL 32301<br>Tel:   850.907.2507<br>Fax:   850-681-979792<br>ginger.boyd@nelsonmullins.com<br>merriejo.norman@nelsonmullins.com<br><br>*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*<br><br>*\* pro hac vice admissions pending* |