**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

        Plaintiff/Relator,

v.

FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC, PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC; SUN LABS USA, INC.; ANION TECHNOLOGIES, LLC; ANTHEM, INC.; FREEDOM HEALTH, INC.; OPTIMUM HEALTHCARE, INC.; and SIDDHARTHA PAGIDIPATI,

        Defendants.

Case No. 8:19-cv-01236-SDM-SPF

**DEFENDANTS ANTHEM, INC., FREEDOM HEALTH, INC., AND OPTIMUM HEALTHCARE, INC.'S UNOPPOSED MOTION FOR JUDICIAL NOTICE AND INCORPORATED MEMORANDUM OF LAW**

Defendants Anthem, Inc. ("Anthem"), Freedom Health, Inc. ("Freedom"), and Optimum HealthCare, Inc. ("Optimum") (collectively, the "MA Defendants"),[1] by and through undersigned counsel, respectfully move the Court to take judicial notice of the documents described below and attached as exhibits hereto, for purposes of considering the MA Defendants' concurrently filed Motion to Dismiss Relator's Complaint and Incorporated Memorandum of Law. Mot. to Dismiss (Doc. 41). These documents are relevant to the

---

[1] Relator's Complaint impermissibly groups together Defendants Anthem, Freedom, and Optimum as the "MA [Medicare Advantage] Defendants." *See* Mot. to Dismiss (Doc. 41) Section IV(A)(2). However, to remain consistent with the Complaint, Defendants will use the term "MA Defendants" in the following motion.

Court's consideration of the MA Defendants' Motion to Dismiss because the materials relate directly to Relator's allegations—particularly those regarding Freedom and Optimum's compliance with the terms of the Corporate Integrity Agreement ("CIA")—and to the MA Defendants' argument that Relator's allegations must be dismissed pursuant to the "public disclosure bar" provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A). *See* Mot. to Dismiss Section IV(D). Relator does not oppose this motion for judicial notice.

The Court may take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In ruling on a motion to dismiss, the Court "may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (holding that a court can consider an extrinsic document without converting the motion to dismiss to one for summary judgment if the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged"); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (considering on motion to dismiss extrinsic documents not physically attached to complaint that are "a necessary part of [plaintiffs'] effort to make out a claim").

Each of the documents for which the MA Defendants seek judicial notice directly relate to *United States ex rel. Sewell v. Freedom Health, Inc., et al.*, Case No. 8:09-cv-01625 (M.D. Fla.), and consist of documents filed in federal court in that matter, documents available on a government website, or documents that are publicly available news articles.

The MA Defendants request judicial notice of the following materials and have attached a true and correct copy of each document:

**Documents Filed in Federal Court in the *Sewell* Matter and Related Documents**

- **Exhibit A**, the April 17, 2013 Second Amended Complaint in *United States ex rel. Sewell v. Freedom Health, Inc.*, *et al.*, Case No. 8:09-cv-01625 (M.D. Fla.), Doc. 44, which is publicly available on PACER.

- **Exhibit B**, the May 12, 2017 Notice of Settlement in *United States ex rel. Sewell v. Freedom Health, Inc.*, *et al.*, Case No. 8:09-cv-01625 (M.D. Fla.), Doc. 96, which is publicly available on PACER.

- **Exhibit C,** the May 2017 Settlement Agreement in *United States ex rel. Sewell v. Freedom Health, Inc.*, *et al.*, Case No. 8:09-cv-01625 (M.D. Fla.), which is publicly available on Bloomberg Law at https://www.bloomberglaw.com/product/blaw/document/XJBJKE1C?bc=W1siQmxvb21iZXJnIExhdyIsIi9wcm9kdWN0L2JsYXcvbm90aWZpY2F0aW9ucy9pdGVtcy9SRVNFQVJDSF9UUkFFJTCJdXQ--7d97e0814b01f2a467dfe0a55cca64ed76649c62.

**Documents Publicly Available on Government Websites**

- **Exhibit D**, the May 11, 2017 Corporate Integrity Agreement Between the Office of Inspector General of the Department of Health and Human Services and Freedom Health Inc. and Optimum Healthcare, Inc., publicly available on the OIG website at https://oig.hhs.gov/fraud/cia/agreements/Freedom_Health_Inc_and_Optimum_Healthcare_Inc_05112017.pdf.

- **Exhibit E**, the May 30, 2017 United States Department of Justice press release titled "Medicare Advantage Organization and Former Chief Operating Officer to Pay $32.5 Million to Settle False Claims Act Allegations," publicly available on the DOJ website at https://www.justice.gov/opa/pr/medicare-advantage-organization-and-former-chief-operating-officer-pay-325-million-settle.

**Publicly Available News Articles**

- **Exhibit F**, the June 1, 2017 Tampa Bay Times article titled "Freedom Health to Pay $31M Settlement," publicly available on the Tampa Bay Times website at https://www.tampabay.com/news/health/freedom-health-to-pay-13-million-in-medicare-

      settlement/2325728/#:~:text=TAMPA%20%E2%80%94%20Freedom%20Health%20Inc.%2C,taking%20advantage%20of%20Medicare%20plans.

- **Exhibit G**, the May 31, 2017 NPR article titled "Medicare Advantage Insurer Settles Whistleblower Suit For $32 Million," publicly available on the NPR website at https://www.npr.org/sections/health-shots/2017/05/31/530868367/medicare-advantage-insurers-settle-whistleblower-suit-for-32-million.

- **Exhibit H**, the June 1, 2017 Miami Herald article titled "Florida Medicare Advantage insurer settles whistle-blower lawsuit for $32 million," publicly available on the Miami Herald website at https://www.miamiherald.com/news/health-care/article153784599.html.

Each document is central to Relator's claims. Relator's Complaint specifically invokes the *Sewell* matter and its settlement and alleges violations of the CIA. Compl. ¶¶ 46–47, 91. Further, each of these documents is of a type regularly considered by courts in similar circumstances. *See, e.g.*, *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811-12 (11th Cir. 2015) (affirming district court's dismissal where ruling was based in part on judicial notice of news media and court documents from another case); *Guomei Xiong v. Johnson*, No. 2:20-cv-0045-66MRM, 2020 WL 5500215, at *1 (M.D. Fla. Sept. 11, 2020) (considering on a motion to dismiss "facts found on the websites of . . . government agencies" and noting that "several courts" have done the same) (quotation omitted).

      WHEREFORE, Defendants Anthem, Freedom, and Optimum respectfully request that this Honorable Court take judicial notice of Exhibits A through H, in connection with considering the MA Defendants' concurrently filed Motion to Dismiss Relator's Complaint and Incorporated Memorandum of Law.

## RULE 3.01(g) CERTIFICATION

      Pursuant to Local Rule 3.01(g), MA Defendants' counsel conferred with Relator's

-5-

counsel in a good-faith effort to resolve the issues raised in this motion. Relator's counsel advised the MA Defendants' counsel that Relator does not oppose judicial notice of Exhibits A–H.

Dated:   September 22, 2020                    Respectfully submitted,

By: /s/ David J. Leviss

David J. Leviss (Trial Counsel)\*
Benjamin D. Singer\*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com
bsinger@omm.com

David M. Deaton\*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock\*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*

*\*admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: /s/ David J. Leviss

David J. Leviss (Trial Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*

*admitted pro hac vice