# EXHIBIT E

9/16/2020  Medicare Advantage Organization and Former Chief Operating Officer to Pay $32.5 Million to Settle False Claims Act Allegations | OPA | …

Case 8:19-cv-01236-KKM-SPF Document 42-5 Filed 09/22/20 Page 2 of 3 PageID 485

🇺🇸 An official website of the United States government
  Here's how you know



JUSTICE NEWS

Department of Justice

Office of Public Affairs

FOR IMMEDIATE RELEASE                                    Tuesday, May 30, 2017

## Medicare Advantage Organization and Former Chief Operating Officer to Pay $32.5 Million to Settle False Claims Act Allegations

Freedom Health Inc., a Tampa, Florida-based provider of managed care services, and its related corporate entities (collectively "Freedom Health"), agreed to pay $31,695,593 to resolve allegations that they violated the False Claims Act by engaging in illegal schemes to maximize their payment from the government in connection with their Medicare Advantage plans, the Justice Department announced today. In addition, the former Chief Operating Officer (COO) of Freedom Health Siddhartha Pagidipati, has agreed to pay $750,000 to resolve his alleged role in one of these schemes.

"When entering into agreements with managed care providers, the government requests information from those providers to ensure that patients are afforded the appropriate level of care," said Acting Assistant Attorney General Chad A. Readler of the Justice Department's Civil Division. "Today's result sends a clear message to the managed care industry that the United States will hold managed care plan providers responsible when they fail to provide truthful information."

The government alleged that Freedom Health submitted or caused others to submit unsupported diagnosis codes to CMS, which resulted in inflated reimbursements from 2008 to 2013 in connection with two of their Medicare Advantage plans operating in Florida. It also alleged that Freedom Health made material misrepresentations to CMS regarding the scope and content of its network of providers (physicians, specialists and hospitals) in its application to CMS in 2008 to expand in 2009 into new counties in Florida and in other states. The government's settlement with Mr. Pagidipati resolves his alleged role in this latter scheme.

"Medicare Advantage plans play an increasingly important role in our nation's health care market," said Acting U.S. Attorney Stephen Muldrow. "This settlement underscores our Office's commitment to civil health care fraud enforcement."

"Medicare Advantage insurers must play by the rules and provide Medicare with accurate information about their provider networks and their patients' health," said Chief Counsel to the Inspector General Gregory Demske of the Department of Health and Human Services Office of Inspector General (HHS-OIG). "OIG will investigate and hold managed care organizations accountable for fraud. Moving forward, the innovative CIA reduces the risks to patients and taxpayers by focusing on compliance issues unique to Medicare Advantage plans."

The allegations resolved by these settlements were brought in a lawsuit under the qui tam, or whistleblower, provisions of the Federal False Claims Act and the Florida False Claims Act. These statutes permit private parties to sue on behalf of the government for false claims and to receive a share of any recovery. The whistleblower in this action is Darren D. Sewell, who was a former employee of Freedom Health. The whistleblower's share in this case has not yet been determined.

The corporate entities related to Freedom and which were part of today's settlements are: Optimum HealthCare Inc., America's 1st Choice Holdings of Florida LLC, Liberty Acquisition Group LLC, Health Management Services of USA LLC, Global TPA LLC, America's 1st Choice Holdings of North Carolina LLC, America's 1st Choice Holdings of South Carolina LLC, America's 1st Choice Insurance Company of North Carolina Inc. and America's 1st Choice Health Plans Inc.

Today's settlements were the result of a coordinated effort by the Civil Division's Commercial Litigation Branch, The U.S. Attorneys' Office for the Middle District of Florida, HHS-OIG and the Florida Office of the Attorney General.

The claims resolved by the settlements are allegations only, and there has been no determination of liability. The case is captioned United States ex rel. Sewell v. Freedom Health, Inc., et al., Case No. 8:09-cv-1625 (M.D. Fla.).

**Topic(s):**
False Claims Act
Health Care Fraud

**Component(s):**
Civil Division
USAO - Florida, Middle

**Press Release Number:**
17-588

*Updated May 31, 2017*