# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

    Plaintiff/Relator,

v.

FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC, PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC; SUN LABS USA, INC.; ANION TECHNOLOGIES, LLC; ANTHEM, INC.; FREEDOM HEALTH, INC.; OPTIMUM HEALTHCARE, INC.; and SIDDHARTHA PAGIDIPATI,

    Defendants.

Case No. 8:19-cv-01236-SDM-SPF

## DEFENDANTS ANTHEM, INC., FREEDOM HEALTH, INC., AND OPTIMUM HEALTHCARE, INC.'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendants Anthem, Inc. ("Anthem"), Freedom Health, Inc. ("Freedom"), and Optimum HealthCare, Inc. ("Optimum") (collectively, the "MA Defendants"),[1] by and through undersigned counsel, respectfully move for a protective order and stay of discovery under Federal Rule of Civil Procedure ("Rule") 7(b) and Rule 26(c) until the Court rules on the MA Defendants' pending Motion to Dismiss.

---

[1] Relator's Complaint impermissibly groups together Defendants Anthem, Freedom, and Optimum as the "MA [Medicare Advantage] Defendants." *See* Mot. to Dismiss (Doc. 41) Section IV(A)(2). However, to remain consistent with the Complaint, Anthem, Freedom, and Optimum will use the term "MA Defendants" in this memorandum of law.

## I. INTRODUCTION

The MA Defendants move the Court to stay discovery while their Motion to Dismiss Relator's Complaint and Incorporated Memorandum of Law is pending before this Court. Mot. to Dismiss (Doc. 41). The breadth and vagueness of Relator's Complaint—which does not articulate a timeframe for the alleged conduct at issue, does not allege the necessary particulars of the purported fraud, and does not meaningfully distinguish among the nine defendants, including eight corporate defendants—means that discovery on her claims, if allowed to proceed prior to adjudication of the motions to dismiss filed today, will amount to nothing less than a costly fishing expedition. Relator's claims against the MA Defendants are especially vague because she is a corporate outsider with no apparent knowledge of their operations beyond what is publicly available. Any discovery by Relator at this stage, before the Court determines the entities, the timeframe, and the allegations that are properly included in the Complaint and sufficiently pled—if any—would amount to an attempt by Relator to impermissibly seek out information that she could use to craft a viable complaint. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359–60 (11th Cir. 2006).

The MA Defendants are focused on providing quality care for their members in the midst of a global pandemic and should not be required to unnecessarily expend time and resources to facilitate Relator's discovery fishing expedition while their Motion to Dismiss is before the Court. If the MA Defendants' Motion to Dismiss is granted, the burdensome expenditures on discovery will have been unnecessary. If the MA Defendants' Motion to Dismiss is not fully dispositive or Relator is granted leave to amend, a stay is still appropriate as the scope of Relator's allegations and the related parameters for discovery will be more

clearly defined after the Court rules on the MA Defendants' Motion to Dismiss. Relator will not be prejudiced by such a stay, as Relator and the Defendants agree as to the amount of time that should be allowed for discovery, despite their disagreement as to when discovery should commence. Case Management Report (Doc. 35).

The Eleventh Circuit has held that courts have discretion to manage their docket and that a stay of discovery is appropriate when a potentially dispositive motion to dismiss under Rule 12(b)(6) is before the Court. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.") (internal citation omitted). Therefore, the MA Defendants request that the Court stay discovery as to the MA Defendants until the Court rules on the MA Defendants' Motion to Dismiss.

## II.   PROCEDURAL HISTORY

Relator Dr. Clarissa Zafirov ("Relator") brought an action under seal on May 20, 2019 alleging that all Defendants violated the False Claims Act ("FCA") in connection with the Medicare Part C program, commonly known as Medicare Advantage ("MA"), by knowingly submitting or causing the submission of false claims in violation of 31 U.S.C. § 3729(a)(1)(A), knowingly using or causing the use of false records and statements material to false claims in violation of § 3729(a)(1)(B), and knowingly using or causing the use of false records and statements material to the obligation to repay overpayments and knowingly and improperly avoiding the repayment of the same in violation of § 3729(a)(1)(G) (a

"reverse false claim").[2] Complaint ("Compl.") (Doc. 1) ¶ 4. On February 21, 2020, the Government filed a notice that it was not intervening. Doc. 14. On June 11, 2020, the Court issued an order directing the clerk to unseal the record, which the clerk subsequently did. Doc. 17. The MA Defendants received a Notice of Lawsuit and request for waivers of service from Relator's counsel on July 24, 2020. Later, on September 21, 2020, the Government filed a Notice of Election to Decline Intervention. Doc. 40.

Relator's allegations focus primarily on the conduct of Florida Medical Associates, LLC d/b/a VIPcare ("VIPcare"), her employer at the time she filed the Complaint, and which she groups with other medical care providers as the "PO [provider organization] Defendants." Compl. ¶¶ 6–7, 49. She contends that the PO Defendants violated the FCA by inaccurately coding diagnoses recorded by physicians, mainly through the use of a "5 Star Check List" and an improper physician incentive structure. *Id.* ¶¶ 49–90. The Complaint does not clearly plead what role the MA Defendants allegedly played in furthering these violations as the Complaint does not plead facts describing the involvement of the MA Defendants and does not distinguish these entities with particularity. *See* Mot. to Dismiss. Relator does not even assert that Anthem committed any conduct that violated the FCA, but only that it is liable as the corporate parent for the alleged violations of its subsidiaries, Freedom and Optimum, a notion that is antithetical to black-letter corporate law. *See id.* at n.8; Compl. ¶ 8.

---

[2] Relator's titles for her claims in the Complaint do not match the provisions of the FCA that she cites. Relator's first and second claims, against all Defendants, cite 31 U.S.C § 3729(a)(1)(A) and (B) respectively, but are both titled "Reverse False Claims." However, reverse false claims are covered by § 3729(a)(1)(G). Relator's third claim, against MA Defendants, cites § 3729(a)(1)(G), but is mistitled as "Making or Using False Records or Statements," which is actually covered by § 3729(a)(1)(B). Compl. ¶¶ 97–108.

Pursuant to the Court's July 22, 2020 Order (Doc. 28), Relator and the Defendants filed a joint Case Management Report on September 14, 2020 (Doc. 35). In the Case Management Report, Relator and the Defendants disagreed on when discovery should begin, but agreed on the timeframe that should be allowed for discovery. As the Defendants explained therein:

> Defendants believe that the forthcoming motions to dismiss that the Defendants will file on September 22, 2020 will be meritorious, and ask that the Court stay discovery until the Court issues orders resolving the motions to dismiss, for any defendants remaining in the case at that time. As will be detailed in Defendants' forthcoming motion to stay discovery, the Court has discretion to stay discovery pending resolution of dispositive motions and Defendants are entitled to protection from discovery in connection with an insufficiently pled False Claims Act case, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b) . . . . [In the Case Management Report] Defendants have indicated discovery deadlines below that align with the dates that Relator proposes above. In the event discovery is stayed, Defendants would propose allowing the same amount of time for each discovery period (e.g., setting eleven months for fact discovery to match the current October 2020 to September 4, 2021 proposal by Relator's counsel).

Doc. 35 at 5.[3]

Today (September 22, 2020), the MA Defendants filed a Motion to Dismiss Relator's Complaint for failure to state a claim under Rule 12(b)(6), for failure to plead fraud with sufficient specificity to satisfy Rule 9(b), for failure to allege a plausible basis for the MA Defendants' liability as required by Rule 8(a), and pursuant to the FCA's public disclosure bar, 31 U.S.C. § 3730(e). *See* Mot. to Dismiss (Doc. 41). The MA Defendants' Motion to Dismiss is currently pending before this Court and is a potentially dispositive motion.

---

[3] The Relator and Defendants agreed to exchange initial disclosures on October 5, 2020. Doc. 35 at 2. The MA Defendants do not seek a stay of this agreed-upon deadline.

### III.  LEGAL STANDARD

District courts have discretion to regulate discovery.  *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (per curiam).  The Eleventh Circuit has recognized that "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367 (footnote omitted).  Pursuant to Rule 26, a court may issue a protective order and stay discovery "for good cause . . . to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26.  Courts in the Eleventh Circuit have stayed discovery pursuant to Rule 26 when the moving party shows "good cause and reasonableness."  *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (granting a motion to stay pursuant to Rule 26); *Don Reinke Restore Savannah Dev., LLC v. Darkby Bank & Tr. Co.*, No. CV410-300, 2011 WL 674896 (S.D. Ga. Feb. 17, 2011) (granting motion to stay pursuant to Rule 26 before initial disclosures or discovery requests issued).  In determining whether a stay is appropriate, a court should take a "preliminary peek" at the motion to dismiss to determine whether it appears meritorious and should balance the potential harm of the delay in discovery against the probability that the dispositive motion may be granted thereby eliminating the need for discovery.  *McCabe*, 233 F.R.D. at 685.  Costs of discovery should also be weighed, including the cost on all parties and the judicial system.  *Chudasama*, 123 F.3d at 1367–68.

Where, as here, claims are subject to Rule 9(b)'s particularity requirement, relators are required to bring specific allegations, resulting in "discernable boundaries and manageable discovery limits."  *Atkins*, 470 F.3d at 1359–60 (quoting *United States ex rel.*

*Clausen v. Lab. Corp. of Am.*, 198 F.R.D. 560, 564 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir. 2002)).

## IV.  ARGUMENT

**A.  The MA Defendants' Motion to Dismiss Reveals Fundamental Flaws in Relator's Allegations.**

As set forth fully in the MA Defendants' Motion to Dismiss, Relator brings vague and undifferentiated FCA allegations against the MA Defendants that neither meet the particularity requirements of Rule 9(b) nor provide a plausible basis under Rule 8(a) that the MA Defendants knowingly violated the FCA.  Relator, who is a corporate outsider to all of the MA Defendants, does not allege any inside information regarding the MA Defendants' business processes or practices, nor does she sufficiently plead any examples of false claims actually submitted to the Centers for Medicare and Medicaid Services ("CMS").  *See* Mot. to Dismiss Section IV(A).  Relator's allegations also implicate the "public disclosure bar" provision of the FCA, 31 U.S.C. § 3730(e)(4)(A), because her claims arise out of a publicly disclosed and previously settled matter involving Freedom and Optimum, which at the very least call for the timeframe at issue in her Complaint to be narrowed.  *See id.* Section IV(D).

To permit Relator to proceed with discovery at this stage would allow her the opportunity to bypass Rule 9(b) and impermissibly fish for information in an attempt to craft a viable complaint.  The Eleventh Circuit has found such "fishing expeditions" to be impermissible attempts to use discovery to circumvent pleading requirements.  *See Clausen*, 290 F.3d at 1313 n.24 ("When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' goodwill and reputation by bringing a suit that is, at

best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements."); *Atkins*, 470 F.3d at 1359 ("The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim. . . . [And] [i]f given such a ticket, . . . the Defendant may decide to settle the case to avoid the enormous cost of such discovery[.]") (quotation omitted).

B.  **Absent a Stay Pending Adjudication of the Motion to Dismiss, Discovery Will Be Extensive, Costly, and Likely Unnecessary.**

Relator has already acknowledged in the Case Management Report that discovery in this matter is likely to be extensive for any Defendants:

> Discovery is likely to involve extensive document and witness discovery, and will involve reviewing—and protecting—protected health information and sensitive personal information, a painstaking and time-consuming process.

Doc. 35 at 9.  Applying the gatekeeping function of Rule 9(b) and delaying discovery are necessary to prevent Relator from forcing the expenditure of considerable resources for unwarranted discovery or attempting to convince MA Defendants to settle to avoid substantial discovery costs.  *See Clausen*, 290 F.3d at 1313 n.24.

The extensive discovery will be a product of the fundamental flaws in Relator's Complaint.  Relator's allegations are unfocused—she interchangeably groups all Defendants together and alleges that they submitted either "thousands" or "hundreds of thousands" of false diagnosis codes to CMS without any differentiation between Defendants or sufficient allegations regarding any specific claims submitted to CMS.  Compl. ¶¶ 45, 48.  Although the timeframe at issue in Relator's Complaint is unclear, at one point she alleges unspecified violations of the FCA for the preceding ten years (i.e., beginning in May 2009).  Compl. ¶ 2.

Discovery could therefore span over ten years and involve, in part, claims that were previously settled. *See* Mot. to Dismiss Section IV(D). In sum, while the Motion to Dismiss is pending, Relator may propound broad discovery requests related to individual MA Defendants, allegations and time periods that are unlikely to survive the Motion to Dismiss.

Even if the MA Defendants' Motion to Dismiss is not dispositive, or if Relator is granted leave to amend, a stay is still appropriate. The scope of the allegations and the parameters for any related discovery will be more clearly defined after a ruling on the MA Defendants' Motion to Dismiss. Discovery can then be "tailored to the specificity of the Complaint." *See United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc*., No. 8:06-CV-40-T-24MAP, 2008 WL 4057549, at *1 (M.D. Fla. Aug. 27, 2008) (limiting discovery temporally and by topic so as to align with the allegations in the complaint); *Atkins*, 470 F.3d at 1359–60 (Rule 9(b) creates "discernable boundaries and manageable discovery limits") (quotation omitted). Overall, discovery at this point in the proceedings would be premature, unclear in scope, and unduly burdensome for the MA Defendants.

**C.      Relator Will Not Be Prejudiced from a Stay of Discovery.**

Relator will not be prejudiced by a stay of discovery because Relator will have ample time to conduct discovery after the Court rules on the MA Defendants' Motion to Dismiss. The Court designated this case as a "track two" case under Local Rule 3.05 and ordered that the parties agree upon a discovery deadline up to eight months after the first filing by a defendant in the case, but allowed the parties to request a later deadline if necessary. Doc. 23 at 1. As detailed in the Case Management Report, Relator has requested that fact discovery deadline be set eleven months from the exchange of initial disclosures, on September 4,

2021.  Doc. 35 at 4.  The MA Defendants agree to the same amount of time for discovery as Relator proposes, but request that discovery begin after the Court reaches a decision on the MA Defendants' Motion to Dismiss.  *Id.* at 5 ("In the event discovery is stayed, Defendants would propose allowing the same amount of time for each discovery period (e.g., setting eleven months for fact discovery to match the current October 2020 to September 4, 2021 proposal by Relator's counsel)").  Therefore, regardless of whether a stay is issued, Relator will have the same amount of time to complete discovery.

Further, Relator has no particular need to conduct discovery prior to the Court's ruling on the MA Defendants' Motion to Dismiss.  The same documents and information will be preserved and available whether discovery is conducted now or after the Court rules on the MA Defendants' Motion to Dismiss.  Indeed, this case has already been stayed for over a year while the Government evaluated whether to intervene.  *See* Doc. 17; *see also* 31 U.S.C. § 3730(b)(2); *United States ex rel. Kolbeck v. Point Blank Sols., Inc.*, 444 B.R. 336, 342 n.9 (E.D. Va. 2011) ("unless and until the government makes its intervention determination, a *qui tam* FCA complaint remains sealed and the defendant is not served, thus rendering any proceedings against the defendant essentially inactive").  Relator will not be further harmed while waiting for a decision on a motion to dismiss that may resolve the matter for one or more Defendants.

## V.   CONCLUSION

The Court has the ability to stay discovery and should do so where a motion to dismiss is likely dispositive and the interest of the parties weighs in favor of a stay.  Here, the MA Defendants will unquestionably be burdened from a premature discovery process while

their potentially dispositive Motion to Dismiss is pending. In contrast, with a stay in discovery Relator will have the same time for discovery and the same access to materials, and will therefore not be prejudiced. Relator should not be allowed to bypass the pleading requirements of Rule 9(b) and fish for facts and allegations based on her insufficient Complaint.

WHEREFORE, the MA Defendants respectfully request that the Court enter an order staying discovery until after the Court rules on the MA Defendants' Motion to Dismiss the Complaint.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), MA Defendants' counsel conferred with Relator's counsel in a good-faith effort to resolve the issues raised in this motion. Counsel for the parties were unable to reach an agreement as to the issues raised in this motion, and Relator's counsel opposes this motion.

Dated: September 22, 2020

Respectfully submitted,

By: /s/ David J. Leviss
David J. Leviss (Trial Counsel)*
Benjamin D. Singer*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com
bsinger@omm.com

David M. Deaton*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*

*admitted pro hac vice

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: /s/ David J. Leviss

David J. Leviss (Trial Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*

*admitted pro hac vice