UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States *ex rel.* Dr. Clarissa Zafirov,

    *Plaintiff/Relator*,

v.                                                                                          Case No. 8:19-cv-01236-SDM-SPF

Florida Medical Associates, LLC
d/b/a VIPcare; Physician Partners,
LLC; Physician Partners Specialty
Services, LLC; Sun Labs USA, Inc.;
Anion Technologies, LLC; Anthem,
Inc.; Freedom Health, Inc.; Optimum
Healthcare, Inc.; and Siddhartha Pagidipati,

    *Defendants*.

**FLORIDA MEDICAL ASSOCIATES, LLC, PHYSICIAN PARTNERS, LLC, PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC, SUN LABS USA, INC., ANION TECHNOLOGIES, LLC, AND SIDDHARTHA PAGIDIPATI'S <u>MOTION TO STAY DISCOVERY</u>**

Defendants Florida Medical Associates, LLC, d/b/a VIPcare ("FMA"), Physician Partners, LLC ("Physician Partners"), Physician Partners Specialty Services, LLC ("Physician Partners Specialty Services"), Sun Labs USA, Inc. ("Sun Labs"), Anion Technologies, LLC ("Anion Technologies")(collectively, the "Provider Defendants"), and Siddhartha Pagidipati ("Pagidipati") respectfully move for a protective order and stay of discovery, pursuant to Federal Rule of Civil Procedure 26(c), until such time that this Court finally resolves the motions to dismiss filed by the Provider Defendants, Dkt. No. 50, and Pagidipati, Dkt. No. 51.

The pending motions to dismiss are likely to be granted. Until such time that the Court rules upon these pending motions, the Provider Defendants and Pagidipati should not be subjected to burdensome and costly discovery. Moreover, in this *qui tam* action, the Relator should not be

1

allowed to circumvent the particularity requirement of Federal Rule of Civil Procedure 9(b) and the "personal knowledge" requirement of the False Claims Act by going on a fishing expedition during the discovery process.

Granting a stay of discovery will not unduly burden the Relator. In the event that any part of the complaint survives the pending motions to dismiss, the Relator may engage in full and adequate discovery at that time. Indeed, the parties have agreed upon the amount of time that should be permitted for discovery, despite their disagreement as to when discovery should commence. Dkt. No. 35. Therefore, the "balance of harms" strongly favors the entry of a stay.

## I.    Procedural History

On May 20, 2019, the Relator filed the instant *qui tam* action against the Provider Defendants and Pagidipati. Dkt. No. 1. The complaint, which was filed under seal, asserted two claims arising under the False Claims Act: (1) knowingly presenting and causing the presentment of false claims in violation of 31 U.S.C. § 3729(a)(1)(A); and (2) knowingly making, using, and causing to be made or used, false records and statements material to false or fraudulent claims in violation of § 3729(a)(1)(B). Dkt. No. 1. On February 21, 2020, the Government filed a notice that it was declining to intervene "at this time." Dkt. No. 14.

On June 11, 2020, this Court ordered that the pending *qui tam* case was to be unsealed. Dkt. No. 17. About three months later, September 21, 2020, the Government filed a notice stating that it had elected not to intervene in this case. Dkt. No. 40.

On September 22, 2020, the Provider Defendants and Pagidipati filed motions to dismiss all claims pending against them. Dkt. Nos. 50 and 51. The Provider Defendants and Pagidipati hereby request that all discovery be stayed until this Court rules on these two pending motions.

## II. Legal Standard

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Pursuant to Federal Rule of Civil Procedure 26(c), staying discovery pending the resolution of a motion to dismiss is appropriate when "good cause and reasonableness" are shown. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "[G]ood cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd sub nom. Nenkivil v. Lockheed Martin Corp.*, 87 F. App'x 713 (11th Cir. 2003) (citations omitted).

When considering a motion to stay discovery, a court "must balance the harm produced by a delay in discovery against the possibility that the [pending] motion will be granted and entirely eliminate the need for such discovery." *David v. United States*, No. 8:19-CV-2591-T-36JSS, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020). The court should take a "preliminary peek" at the merits of the pending motion "to see if it appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685.

The Eleventh Circuit has repeatedly instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367; *see also Roman v. Tyco Simplex Grinnell*, 732 Fed. App'x 813, 815 (11th Cir. 2018) ("A motion to dismiss for failure to state a claim must be resolved before discovery begins."); *Carter v. Dekalb Cty. Ga.*, 521 Fed. App'x 725, 728 (11th Cir. 2013) ("[D]iscovery follows the filing of a well-pleaded complaint . . . [and] is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim."). In so holding, the Eleventh Circuit has acknowledged that "[a]llowing a

3

case to proceed through the pretrial process with an invalid claim . . . does nothing but waste the resources of the litigants . . . squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1367.

### III. Argument

#### A. THERE IS "GOOD CAUSE" FOR STAYING DISCOVERY

There is good cause for staying discovery because Relator's complaint against the Provider Defendants and Pagidipati, on its face, fails to state any claim against them. *See Chudasama*, 123 F.3d at 1367 (noting that facial challenges to a complaint should be resolved before discovery); *Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, No. 8:14-CV-774-T-35MAP, 2014 WL 12621558, at *1 (M.D. Fla. Sept. 9, 2014) ("Where a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending the resolution of the dispositive motion." (citing to *Patterson v. United States Postal Service*, 901, F.2d 927, 929 (11th Cir. 1990)).

In determining whether a stay is appropriate, a court should take a "preliminary peek" at a motion to dismiss to determine whether it appears to be meritorious. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). If this Court takes a "preliminary peek" at the pending motions to dismiss, it will see that Relator failed to satisfy the heightened Rule 9(b) pleading standard. Relator has failed to allege with particularity the "who," "what," "where," "when" and "how" of the purported fraudulent claims. *See Hopper v. Solvay Pharmaceuticals*, 588 F.3d 1318, 1326–27 (2009). Relator haphazardly refers to the Provider Defendants and Pagidipati collectively throughout the complaint without even attempting to allege how each was involved in the purported fraud. Moreover, as more fully explained in the pending motions to dismiss, Relator's claims are implausible and fail to adequately allege that the supposed violations were material to the government's payment decision.

4

Relator's claims are also barred by the well-established first-to-file rule and public disclosure bar. As Relator now well knows, there is a "similar, sealed *qui tam* action" already pending in the Middle District of Florida. Dkt. No. 8, at 1. And while the complaint's factual allegations are negligible, the facts Relator does include were not derived from her own knowledge. Instead, the facts underlying her alleged fraud were clearly ascertained through publicly available materials and, in some cases, unabashedly copied and pasted directly from them. Both the first-to-file and public disclosure doctrines warrant the dismissal of all claims against the Provider Defendants, further supporting a stay of discovery in this action.

### B. THE "BALANCE OF THE HARMS" STRONGLY WEIGHS IN FAVOR OF STAYING DISCOVERY

Where a motion to dismiss is premised on the sufficiency of an FCA claim under the heightened Rule 9(b) pleading standard, as the pending motions are, the "balance of the harms" strongly favors a stay of discovery. Rule 9(b) serves a gatekeeping function, and its "very purpose is to protect from discovery defendants facing inadequately pled fraud claims." *U.S. ex rel. Mastej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1350 (M.D. Fla. 2012) (citing to *Friedlander v. Nims*, 755 F.2d 810, 813 n.2 (11th Cir. 1985). To give Relator the keys to discovery without first meeting Rule 9(b)'s foundational requirement makes the purpose of Rule 9(b) a "nullity." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006); *see also United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1307 (11th Cir. 2002) (quoting *United States v. Lab. Corp. of Am.*, 2001 WL 1867721, at *1 (N.D. Ga. May 16, 2001)); *see also United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F. Supp. 1040, 1052 (S.D. Ga. 1990) ("'A complaint alleging fraud . . . should serve to seek redress for a wrong, *not to find one*.'" (quoting *Segal v. Gordon*, 467 F.2d 602, 607-08 (2d Cir. 1972)).

Relator's allegations about the Provider Defendants and Pagidipati clearly do not meet the particularity requirement of Rule 9(b).  And the Eleventh Circuit has made clear—specifically in the FCA context—that a relator should not be allowed discovery to cure or supplement insufficient allegations. *United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 801 n. 23 (11th Cir. 2014) ("A line of decisions from the Eleventh Circuit—*Clausen*, *Corsello*, *Atkins*, and *Solvay*—make clear that [the district court] has an important gatekeeping function where FCA claims are involved. . . [C]ourts must be principled in not giving a plaintiff a 'ticket' to discovery absent a suitable basis.").

Delaying discovery not only upholds the gatekeeping function of Rule 9(b), but also protects the parties and this Court from expending limited time and resources related to discovery on claims that will likely be dismissed. As this Court well knows, the burden of discovery usually includes "significant costs" and time. *Chudasama*, 123 F.3d at 1367.  That is particularly true in FCA actions, which usually include, as is the case here, complex allegations that span multiple years.  Moreover, given the nature of whistleblower claims, the initial burden of discovery in a FCA action weighs most heavily on defendants.  Thus, if discovery is to move forward on Relator's claims, the Provider Defendants and Pagidipati will undoubtedly bear a disproportionate share of the discovery burden while waiting for this Court's ruling on the motions to dismiss.

Lastly, and importantly, a delay in discovery will not prejudice Relator.  In the parties' Case Management Report, the Provider Defendants, Pagidipati, and the MA Defendants (collectively the "Defendants") proposed a discovery schedule that anticipated the filing of motions to stay and that would provide plenty of time for discovery if this case is not resolved by the pending motions to dismiss. Dkt. No. 35. Specifically, Defendants proposed an 11-month period of fact discovery that would commence after this Court's ruling on the pending motions to

6

dismiss. *See* Dkt. No. 35. In fact, Defendants' proposal allows the same amount of time for Relator to conduct fact discovery as Relator's proposal, with the caveat that Defendants propose discovery should commence after this Court's resolution of the pending motions to dismiss. Dkt. No. 35.

### IV.     Conclusion

For all of the foregoing reasons, as well as those set forth in the motion to stay filed by the MA Defendants, the Provider Defendants and Pagidipati respectfully submit that this Court should grant a stay of discovery pending the final resolution of their motions to dismiss.

### 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned certifies that Counsel for the Provider Defendants and Pagidipati conferred with Counsel for Relator, and Relator opposes the relief sought in this Motion.

Dated: September 25, 2020

[ATTORNEY SIGNATURE AND CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

Respectfully,

/s/ A. Lee Bentley, III
A. Lee Bentley, III
Fla. Bar No. 1002269
Jason P. Mehta
Fla. Bar No. 106110
Giovanni P. Giarratana
Fla. Bar No. 0125848
**Bradley Arant Boult Cummings LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602
Telephone: (813) 559-5500
Facsimile: (813) 229-5946
Primary E-mail: lbentley@bradley.com
Primary E-mail: jmehta@bradley.com
Primary E-Mail: ggiarratana@bradley.com
Secondary E-Mail: dmills@bradley.com

*Counsel for Defendants Florida Medical Associates, LLC, Physician Partners, LLC, Physician Partners Specialty Services, LLC, Sun Labs USA, Inc., Anion Technologies, LLC, and Siddhartha Pagidipati*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ A. Lee Bentley, III
Attorney

8

4817-0721-0700.1