## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.* DR. CLARISSA ZAFIROV, )<br> )<br> Plaintiff/Relator )<br> )<br>v. )<br> )<br>FLORIDA MEDICAL ASSOCIATES, LLC, )<br>d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC, )<br>PHYSICIAN PARTNERS SPECIALITY )<br>SERVICES, LLC; SUN LABS USA, INC. )<br>ANION TECHNOLOGIES, LLC; ANTHEM, )<br>INC.; FREEDOM HEALTH, INC.; OPTIMUM )<br>HEALTHCARE, INC.; and SIDDHARTHA )<br>PAGIDIPATI, )<br> )<br> Defendants. ) | Case No. 8:19-cv-01236-SDM-SPF |

---

### RELATOR'S CONSOLIDATED RESPONSE IN OPPOSITION TO
### DEFENDANTS' MOTIONS TO STAY DISCOVERY

---

In two separate motions, Freedom Health, Inc. and Optimum Healthcare Inc. (collectively the "MA Defendants") and Florida Medical Associates, LLC, Physician Partners, LLC, Sun Labs USA, Inc., and Anion Technologies, LLC (collectively, the "Provider Defendants") [1] along with individual defendant Siddhartha Pagidipati move this Court to stay discovery pending the resolution of their motions to dismiss. Dkts. 43 and 52, respectively. Across both motions, Defendants have failed to demonstrate that discovery in this case should be stayed. They have not shown that their motions to dismiss (Dkts. 41, 44 and 49) are likely to be granted or would be truly

---

[1] Relator is preparing papers to voluntarily dismiss Anthem, Inc. and PPSS as defendants. Thus, "MA Defendants" refer to Freedom Health, Inc. and Optimum Healthcare, Inc. only, while the "Provider Defendants" refer to FMA, Physician Partners, Sun Labs USA and Anion.

dispositive, nor have they established that they would suffer any particularized harm if discovery progresses. The caselaw on which they rely does not support the relief they have sought under the circumstances of this case.

For the reasons set forth herein, Defendants' motions to stay all discovery should be denied and the parties should begin fact discovery forthwith. This is particularly important in a case such as this one where Relator's allegations represent an "ongoing and serious injury to the public." Dkt. 11 at 2. However, in the event the Court is inclined to stay discovery in this matter, Relator respectfully request that the stay be narrowly crafted to permit her to seek discovery in limited categories which would not burden any defendant and would advance the prosecution of this case.

## I.    Relevant Background

Relator Dr. Clarissa Zafirov's complaint alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, was filed on May 20, 2019. Dkt. 1. The United States investigated Relator's allegations (both criminally and civilly) for a period of approximately one year. While the specifics of the Government's investigation are largely unknown, it did involve consensual recordings made by Relator under the direction of the Government over approximately six months while she was still employed by the Provider Defendants. After the Court declined to grant a further extension of the seal (Dkt. 11), the United States filed a notice that it was not intervening at the time. Dkt. 14. Thereafter, pursuant to an Order dated June 11, 2020 (Dkt. 17), this case was unsealed. Relator served the complaint on all Defendants on July 24, 2020, and the United States subsequently filed a Notice declining to intervene. Dkt. 40.

On September 22, 2020, the Defendants filed three motions to dismiss: one by the MA Defendants, one by the Provider Defendants, and one by Defendant Siddhartha Pagidipati. Dkts. 41, 44, and 49, respectively.  The MA Defendants simultaneously moved to stay discovery pending

resolution on their motion to dismiss. Dkt. 43. Pagidipati and the Provider Defendants jointly filed

a motion to stay discovery on September 25, 2020. Dkt. 52.

As required by Local Rule 3.05(c), the parties conferred about discovery on Aug. 31, 2020,

and filed a joint Case Management Report on September 14, 2020. Dkt. 35 at 1-2.   Initial

disclosures have been served but the parties have otherwise not engaged in discovery discussions

pending resolution of the disagreements noted in the Case Management Report. *See* Dkt. 35 at 5,

7.

## II.    Argument

"District courts have inherent power to control their dockets and manage their cases,

including by staying discovery." *United States v. Infilaw Corp.*, 2018 U.S. Dist. LEXIS 24102, at

*5 (M.D. Fla. Feb. 14, 2018) (citations omitted). In this district, "[m]otions to stay discovery are

disfavored because they tend to delay resolution of proceedings and cause unnecessary litigation

expenses and problems." *United States ex rel. Parker v. Space Coast Med. Assocs., L.L.P.*, 2014

U.S. Dist. LEXIS 167346, at *3 (M.D. Fla. Dec. 3, 2014), *citing Kron Medical Corp. v. Groth*,

119 F.R.D. 636, 651 (M.D.N.C. Apr. 7, 1988); *see also Feldman v. Flood*, 176 F.R.D. 651, 652

(M.D. Fla. Sept. 2, 1997). This Court's Discovery Handbook addresses such requests: "Normally

the pendency of a motion to dismiss…will not justify a unilateral motion to stay discovery pending

resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual

circumstances may justify a stay of discovery in a particular case upon a specific showing of

prejudice or undue burden." Middle District Discovery (2015) at 5-6.[2]

---

[2] The Middle District Discovery Handbook can be found on the website for the United States District Court
for the Middle District of Florida. The link to the Handbook is:
https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-florida-middle-district-courts-civil-
discovery-handbook.pdf

The determination of whether a discovery stay is warranted pending resolution of a motion to dismiss calls on the Court to "balance the harm produced by a delay in discovery against the possibility that the motion [to dismiss] will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. *Infilaw*, 2018 U.S. Dist. LEXIS 24102, at *5-6 (citations omitted); *Parker*, 2014 U.S. Dist. LEXIS 167346 at *3; *Feldman*, 176 F.R.D. at 652. The court may, to conduct the balancing test, take a "preliminary peek" at the merits of the pending motion to dismiss in order "to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53.

Defendants, as the parties seeking the stay, carry the burden of showing there is good cause and reasonableness for their request. *Infilaw*, 2018 U.S. Dist. LEXIS 24102 at *5; *Holsapple v., Strong Indus.*, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sep. 10, 2012). "A showing of good cause 'contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statement.'" *Lewis v. Abbott Labs., Inc.*, 2019 U.S. Dist. LEXIS 187506, at *5 (M.D. Fla. Aug. 2, 2019), *quoting United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

## A.   Defendants have not shown that a stay of all discovery is appropriate.

Defendants seek a stay by arguing, in conclusory fashion, that they are likely to prevail on their motions to dismiss. Relator, of course, disagrees, for the reasons set out in her briefs in opposition.[3]  In sum, Relator has stated claims against each defendant with the specificity required by Rule 9(b) at this juncture, and there are no statutory bars which would preclude Relator from proceeding with her case.

---

[3] Insofar as they are material to the Court's evaluation, Relator incorporates her arguments as to Defendants' motions to dismiss as though fully set forth herein. Dkt. 56, 57, and 59 (hereinafter, the "MTD Oppositions").

Even assuming *arguendo* that the Court's preliminary peek at the motions to dismiss leads it to believe that Defendants raised colorable points, the MTD Oppositions provide strong rebuttal arguments that are supported by caselaw and facts. A stay of discovery under such circumstances is not appropriate. *Lewis*, 2019 U.S. Dist. LEXIS 187506, at *7 (finding stay of discovery during pendency of motion to dismiss is not warranted and notes that plaintiff presents "several arguments and authorities" supporting its opposition to motion to dismiss); *Ray v. Spirit Airlines, Inc.*, 2012 U.S. Dist. LEXIS 160948, at *6-7 (S.D. Fla. Nov. 9, 2012) (denying stay of discovery because, *inter alia*, it could not find that case was "surely destined for dismissal" when defendant and plaintiff both offered detailed arguments for and against dismissal); *S.K.Y. Mgmt. LLC v. Greenshoe, LTD*, 2007 U.S. Dist. LEXIS 5109, at *4 (S.D. Fla. Jan. 24, 2007) (finding that there was good reason to question whether the defendant would prevail on its motion to dismiss when defendants "raised colorable legal defenses, but at the same time the [p]laintiff ha[d] strong rebuttal arguments that may result in [the] claims surviving a motion to dismiss"); *Feldman*, 176 F.R.D. at *653 (denying motion to stay discovery even though defendants' motion "present[ed] substantial issues" because plaintiffs also presented rebuttal that made it not clear that dismissal would be granted).

Even if granted, the motions to dismiss would not be truly dispositive, as the Relator would file a fulsome amended complaint unless the Court denied leave to do so, which seems unlikely. Again, a stay under such circumstances is unwarranted. *E.g., United States ex rel. D'Anna v. Lee Mem'l Health Sys.*, 2019 U.S. Dist. LEXIS 2099, at *5 (M.D. Fla. Jan. 7, 2019) (denying stay and noting that "[e]ven if the motion to dismiss is granted, Relator will likely be given leave to amend to plead the fraud allegations with more particularity…"); *Centennial Bank v. Servisfirst Bank Inc.*, 2016 U.S. Dist. LEXIS 184117, at *5 (M.D. Fla. Mar. 23, 2016) (in denying stay of discovery,

court found that dismissal would not be truly case dispositive because "dismissal likely would not be with prejudice"); *Feldman*, 176 F.R.D. at 653 (court's decision to deny discovery stay was influenced by plaintiffs' argument that "even a decision granting the motion to dismiss would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint.").

Defendants also fail show that they would be harmed if discovery were to proceed. They argue that discovery will be burdensome and costly, but these generic arguments do not meet the specificity required for a discovery stay. *Centennial Bank*, 2016 U.S. Dist. LEXIS 184117, at *5 (rejecting defendants' burdensome arguments because defendants "offer only speculative and conclusory statements regarding the potential costs of discovery, while failing to identify any specific reason why allowing discovery to proceed in this particular case would be unduly burdensome."). Defendants' "[c]laims of undue burden should be supported by a statement …with specific information demonstrating how the request is overly burdensome." *St. John v. Keller Williams Realty, Inc.*, 2019 U.S. Dist. LEXIS 224130, at *4 (M.D. Fla. Nov. 19, 2019), *quoting Eastwood Enters., LLC v. Farha*, 2010 U.S. Dist. LEXIS 149650, at *4 (M.D. Fla. Apr. 26, 2010). Defendants' vague assertions about undue burden do not suffice.[4]

Defendants try to rest on the parties' joint statement that this case is complex (Doc. 35 at 9) to bolster their undue burden arguments: Because the case is complex, they argue, discovery is necessarily overly burdensome. This preemptive concern has been rejected as a persuasive reason to stay discovery:

> [Defendant] also insinuates that discovery should be stayed simply because this [is] a complex RICO case, as cases of this kind always involve burdensome and costly discovery…These arguments won't do. They are premature and speculative:

---

[4] The inability of Defendants to articulate a burden is not surprising. Relator has not yet served any discovery, and Defendants cannot simply guess what Relator will seek in discovery and preemptively deem any requests as unduly burdensome. If Relator makes overly burdensome discovery requests, Defendants can seek relief from the Court on those specific requests at the appropriate time.

> extensive, expensive discovery has not yet proceeded and likely will not have proceeded very far by the time the Court issues a ruling [on the motion to dismiss]. Because [Defendant] has not come forward with the kind of specific sowing of prejudice or burdensomeness demanded by this District's Local Rules, no stay will issue.

*Ray*, 2012 U.S. Dist. LEXIS 160948, at *9-10 (internal citations omitted).

The fact that Defendants may have to expend money to engage in discovery does not entitle them to stay discovery at this juncture. All discovery requires the expenditure of resources, so that reason alone cannot justify a discovery stay. *Infilaw*, 2018 U.S. Dist. LEXIS 24102, at *11 ("Costs are inherent in discovery…But, there are rules to constrain the parties [from discovery abuse].") It is a reality of litigation that defendants may face costs associated with discovery in cases that are ultimately dismissed but "even so, a stay of discovery should be a sparingly ordered thing." *Ray*, 2012 U.S. Dist. LEXIS 160948, at *10. Further, at least some discovery costs are unavoidable: even if some of the defendants are ultimately dismissed from this matter, they will still be fact witnesses subject to discovery related to the issues at hand. *S.D. v. St. Johns Cty. Sch. Dist.*, 2009 U.S. Dist. LEXIS 97835, at *5 (M.D. Fla. Oct. 1, 2009), citing *Rhodes v. Prince*, 2008 U.S. Dist. LEXIS 77805, at *2 (N.D. Tex. Oct. 3, 2008) (denying motion to stay discovery where individual defendants did not establish the discovery sought by the plaintiff would in any respect be different if the individual defendants were to become mere fact witnesses to the underlying cause of action.").

Finally, Defendants' assertions that Relator would use discovery for a fishing expedition to amend her complaint is also without merit. *See United States ex rel. Pfeifer v. ELA Med., Inc.*, 2009 U.S. Dist. LEXIS 97074, at *5 n.2 (D. Colo. Oct. 7, 2009) (rejecting defendants' contention that relator will use discovery to improperly obtain information to bolster her complaint when relator was able to fend off motions to dismiss without discovery). As detailed in Dr. Zafirov's

papers opposing the motions to dismiss, her complaint pleads with particularity the elements of an FCA case. Relator does not need to go fishing to obtain facts for her complaint and Defendants can point to no evidence of her intention to do so.

All of those considerations are taken in balance with the burden that granting a stay of discovery would place on Relator. *Morgan v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 194456, at *5 (M.D. Fla. Oct. 17, 2012) (finding that if the pending dispositive motion was *not* granted, "significant delay and possible prejudice to [the nonmovant] will have resulted." Thus, on balance, the motion to stay was not warranted). Here, this case has already been pending for almost a year and Relator has not been able to conduct discovery while the government carried out its own investigation. Given that Relator's allegations date back several years, the risk that evidence will be lost mounts with each passing day. Moreover, given the realistic volume of discovery that is likely to be produced by the conclusion of this case, Relator and her counsel are prejudiced by not being able to make use of this time to begin gathering, processing and reviewing discovery related to her claims. Given the strength and importance of her allegations, Relator should be permitted to get on with what is likely to be lengthy litigation. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 2015 U.S. Dist. LEXIS 184011, at *3 (M.D. Fla. Sep. 9, 2015) (denying motion to stay where the "Plaintiff has described how a stay of discovery, even briefly, would cause it prejudice and harm.").

Of unique importance here, in declining to extend the seal in favor of moving this case forward, this Court recognized that, "[t]he relator alleges a widespread, fraudulent scheme in which managed-care entities and healthcare providers act in concert to bilk the public fisc and otherwise injure the public. If true, the activity presents an ongoing and serious injury to the public." Dkt. 11 at 2. It would be counterintuitive to press the case forward in the interest of

addressing allegations of public harm, but then stall proceedings while the Defendants challenge the sufficiency of the pleadings. The potential harm extends beyond Relator to patients of the Provider Defendants, enrollees of Freedom and Optimum, and taxpayers who are funding the scheme described in Relator's complaint.

### B.     Defendants' cases do not provide support for their arguments.

Defendants' motions to dismiss largely rest on misapplied caselaw. For example, they cite *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), for the proposition that "a stay of discovery is appropriate when a potentially dispositive motion to dismiss under Rule 12(b)(6) is before the Court." Dkt. 43 at 3. But Defendants ignore the numerous cases that have held that *Chudasama* does not stand for that general proposition, but instead holds that meritorious dispositive motions should be expeditiously resolved in order to avoid undue discovery burdens. *Infilaw*, 2018 U.S. Dist. LEXIS 24102, at *7 (recognizing that *Chudasama* "has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."); *Centennial Bank*, 2016 U.S. Dist. LEXIS 184117, at *4, quoting *In re Winn Dixie Stores, Inc.*, 2007 U.S. Dist. LEXIS 47014, at *1 (M.D. Fla. June 28, 2007) ("*Chudasama* is better interpreted as standing for the narrower proposition that 'courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."); *Bingham v. BayCare Health Sys.*, 2015 U.S. Dist. LEXIS 96767, at *3 (M.D. Fla. July 24, 2015) (same); *Schreiber v. Kite King's Lake, LLC*, 2010 U.S. Dist. LEXIS 11020, at *1-2 (M.D. Fla. Oct. 1, 2010) (same); *Romacorp, Inc. v. Prescient, Inc.*, 2011 U.S. Dist. LEXIS 62839, at *5-6 (S.D. Fla. June 7, 2011) (same); *Kook v. Sugar & Felsenthal, LLP*, 2009 U.S. Dist. LEXIS 81153, at *6 (M.D. Fla. Aug. 19, 2009) (same); *Gannon v. Flood*, 2008 U.S. Dist. LEXIS 31016,

at *3 (S.D. Fla. Mar. 24, 2008) (same); *Parker*, 2014 U.S. Dist. LEXIS 167346, at *2-3 (same; also noting that in most cases, a stay of all discovery is inappropriate).

The *Chudasama* case presented "particularly egregious facts which one hopes will be seldom, if ever, duplicated again." *Ray*, 2012 U.S. Dist. LEXIS 160948, at *11. It included contentious litigants that engaged in excessive and dilatory discovery tactics, a dubious claim brought by the plaintiffs (who did not present any United States caselaw in support of their theory), and a district court that failed to rule on a motion to dismiss for a year and a half (but still levied discovery sanctions on defendants). *Chudasama*, 123 F.3d at 1368-69. Those facts are not present here. Defendants only filed their motions to dismiss a few weeks ago, and Relator's opposition deadline has only just arrived. Nor has Relator raised a novel theory, and she has presented substantial caselaw and analysis in her MTD Oppositions to rebut Defendants' dismissal arguments. Simply put, *Chudasama* neither stands for the general proposition that Defendants propose, nor applies to this case.[5]

Defendants also rely upon *McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. Mar. 6, 2006), to argue for a stay of discovery, but that case is also factually distinguishable. In *McCabe* – a shareholder derivative lawsuit that alleged, *inter alia*, a breach of fiduciary duties, mismanagement and waste of assets, and unjust enrichment – the motion to stay arose after the original discovery

---

[5] Although not arising on the consideration of a motion to stay discovery, similar anomalous circumstances gave rise to the Court's decision in *Roman v. Tyco Simplex Grinnell*, 731 Fed. App'x 813 (11th Cir. 2018). There, the Court ruled that not allowing a *pro se* plaintiff to access the discovery process was not a violation of his due process rights: "[The district court] permitted Roman to amend his complaint four times; it specifically identified deficiencies in the complaints that needed to be corrected; it informed Roman that he needed to lay out the elements for any claims he was asserting; and it set out the elements for claims that the court believed Roman wished to pursue." *Id.* at 815. It is in that light that the Court observed that the motions to dismiss must be ruled on before Roman could access the discovery process. *Id.* Likewise, the Eleventh Circuit's opinion in *Carter v. Dekalb Cty., Ga.* does not discuss a motion to stay discovery, but is consistent that a plaintiff does not access discovery with "nothing more than conclusions." 521 Fed. App'x 725, 728 (11th Cir. 2013). The holdings are consistent with the maxim that a case can be stayed when it is clear that pending motions are likely to be *truly* dispositive, but are not instructive in Relator's case.

10

deadline had passed and just months before the case was set for trial. Even by that time, the magistrate judge found that the plaintiff's Verified Amended Complaint still pled conclusory allegations which ran afoul of the requirements of Federal Rule of Civil Procedure 23.1. *Id.* at 685-86. In an analysis unique to the plaintiff's allegations of demand futility, the court acknowledged its obligation to take a "preliminary peek" at the merits of the pending motions to "see if it 'appears to be *clearly meritorious and truly case dispositive*." *Id.* at 685, *citing Feldman*, 176 F.R.D. at 652-53 (emphasis added). After evaluating the unique pleading requirements of demand futility allegations, the Court – though stopping short of opining on the success of the underlying motions pending before the District Court judge – determined that a stay was appropriate based on the "peek" into the motions. *Id.* at 687.

Unlike *McCabe*, Relator's claims here have been plead with considerable particularity (as is articulated in more detail in the MTD Oppositions). She has, *inter alia*, described the fraud scheme in detail, provided specific examples of the alleged fraud, articulated the basis for allegations of the nexus between the fraud and claims submitted to government payors, and identified specific patients and false diagnosis codes submitted pursuant to the scheme. Thus, even if the Court seeks additional details from Relator in an Amended Complaint, there is no indication that the pending motions are "*clearly* meritorious or *truly* case dispositive." Simply, Relator does not suffer from the same pleading infirmities as the *McCabe* plaintiff, and the stay of discovery in that set of circumstances is inapposite.

Defendants' recitation of dicta in cases like *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006) and *United States ex rel. Clausen v. Lab. Corp. of Am.*, 198 F.R.D. 560 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir. 2002), is also misplaced. First, "[d]icta is not binding on anyone for any purpose." *Absolute Activist Value Master Fund v. Devine*, 233 F. Supp.

3d 1297, 1329 (M.D. Fla. 2017) (internal citations omitted). Second, none of these cases address whether discovery should be stayed during the pendency of a motion to dismiss.

### III. If the Court is inclined to grant any stay, limited discovery of certain discrete topics is still appropriate and permissible.

If the Court is inclined to stay discovery, Relator requests that she nevertheless be allowed to (1) conduct limited discovery concerning Defendants' corporate relationships, and (2) serve a subpoena on the Department of Health and Human Services which may require judicial involvement. With regard to the first category, this Court has allowed limited discovery to continue, even where it has otherwise granted a motion to stay discovery. *United States ex rel. Ruckh v. Genoa Healthcare Consulting, LLC*, No. 8:11-cv-1303-T-23TBM, 2013 U.S. Dist. LEXIS 195926, at *11-12 (M.D. Fla. Mar. 5, 2013) (Merryday, J.) (granting motion to stay discovery and motions to dismiss, but also compelling defendants to respond to relator's request for production concerning defendants' corporate structure). This limited discovery is particularly appropriate in this case, because the corporate defendants are intertwined and appear to operate fungibly, but the defendants have raised challenges to Relator's group pleading format.

As to the second category, Defendants would not be burdened by subpoenas issued to third parties. In *St. John v. Keller Williams Realty, Inc.*, the defendant moved to quash several third-party subpoenas that were served while a motion to dismiss was pending. 2019 U.S. Dist. LEXIS 224130, at *2-3. (Notably, the third-parties receiving the subpoena did not so move. *Id.* at *5.) The defendant argued that the subpoenas should be quashed because, if the motion to dismiss were granted, the defendant could avoid discovery altogether. *Id.* at *3. The court rejected the defendant's argument, finding that it failed to demonstrate any particularized burden or expense as a result of the subpoena. *Id.* at *3, 5. It also found that the defendant lacked standing to move to quash. *Id.* at *5.

12

Here, Dr. Zafirov asks for leave to serve a subpoena on the Office of Inspector General to secure copies of audio and video recordings made while she was performing consensual monitoring as part of the Government's investigation into this case. Obtaining such recordings from the United States can be lengthy and complex, as can their transcription, so all parties are benefited by getting that process underway expeditiously.

Allowing limited discovery such as corporate relationship discovery and third-party subpoenas would not cause an undue burden on Defendants. Thus, permitting Relator to proceed with these discrete categories of discovery furthers judicial economy and allows progress to be made while the Court considers the pending motions.

## IV.    Conclusion

Relator respectfully requests that the Court deny Defendants' motions to stay discovery, or in the alternative, that the Court allow Relator to proceed with the limited discovery described above.


Respectfully submitted this 20th day of October, 2020,

 /s/ Jillian L. Estes
Frederick M. Morgan, Jr. (Ohio Bar No. 0027687)
Jillian L. Estes (Fla. Bar No. 0055774)
Jonathan Lischak (Ohio Bar No. 97669)
MORGAN VERKAMP LLC
35 East 7th Street, Suite 600
Cincinnati, OH 45202
Phone: (513) 651-4400
Fax: (513) 651-4405
rmorgan@morganverkamp.com
jillian.estes@morganverkamp.com
jonathan.lischak@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP

435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL 33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

***Counsel for Relator Dr. Clarissa Zafirov***

## <u>CERTIFICATE OF SERVICE</u>

I, Jillian Estes, hereby certify that the foregoing Notice was served on October 20, 2020, to all parties of record via the CM/ECF electronic filing system.

  /s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)