UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>Plaintiff/Relator,<br><br>v.<br><br>FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC, PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC; SUN LABS USA, INC.; ANION TECHNOLOGIES, LLC; ANTHEM, INC.; FREEDOM HEALTH, INC.; OPTIMUM HEALTHCARE, INC.; and SIDDHARTHA PAGIDIPATI,<br><br>Defendants. | Case No. 8:19-cv-01236-SDM-SPF |

**DEFENDANTS ANTHEM, INC., FREEDOM HEALTH, INC., AND OPTIMUM HEALTHCARE, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Anthem, Inc. ("Anthem"), Freedom Health, Inc. ("Freedom"), and Optimum HealthCare, Inc. ("Optimum") (collectively, the "MA Defendants"),[1] by and through undersigned counsel, respectfully move for leave to file a Reply to Relator's Response in Opposition to Anthem, Inc., Freedom Health, Inc., and Optimum Healthcare, Inc.'s Motion to Dismiss (Doc. 57, the "Opposition") pursuant to Local Rule 3.01(c) and (d). A reply brief is necessary here for the MA Defendants to address new facts and law that

---

[1] Relator's Complaint impermissibly groups together Defendants Anthem, Freedom, and Optimum as the "MA [Medicare Advantage] Defendants." *See* Doc. 41 at 14–15.  The MA Defendants adopt this terminology for the Court's convenience, but do not admit that Anthem, Freedom, and Optimum are a single entity.

-1-

Relator asserted for the first time in her Opposition.  Relator filed the Complaint (Doc. 1) more than a year ago, but waited until filing the Opposition to make substantial changes, including to the defendants,[2] time period,[3] and the factual and legal theories underpinning her allegations.[4]  MA Defendants seek a reply to identify the flaws in Relator's shifting factual and legal assertions.  The MA Defendants will limit their reply to these topics to assist the Court in the resolution of this matter.  *See In re Fiddler's Creek, LLC*, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015) ("[t]he purpose of a reply brief is to rebut any new law or facts contained in the opposition . . . .") (internal quotations and citations omitted); *Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP*, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014) (granting leave for a reply where the "response appears to raise new arguments and law").

On September 22, 2020, the MA Defendants filed a Motion to Dismiss (Doc. 41, "Motion to Dismiss"), and on October 20, 2020, Relator filed her Opposition.  Instead of using her Opposition to demonstrate where she had pled with particularity instances in which the MA Defendants knowingly submitted any false claims to the United States, Relator advances new alleged "facts" and new legal theories.  In the Opposition, Relator alleges for the first time that Freedom and Optimum participated in a "wheel conspiracy" alongside other defendants.  Doc. 57 at 8-11.  Relator also alleges for the first time that the MA Defendants made false claims through their annual risk adjustment data accuracy attestations.  *Id.* at 14–16.

---

[2] *See* Doc. 57 at 1 n.1 ("Relator has notified the United States of her intent not to pursue allegations against Anthem, Inc. at this time.").
[3] *See* Doc. 57 at 21 ("[T]o narrow the issues before the Court, Relator will not pursue pre-2014 claims against the MA Defendants.").
[4] *See infra*.

Relator suddenly introduces an unsubstantiated inference that the MA Defendants *must have* violated the False Claims Act ("FCA") by virtue of their general participation in the Medicare Advantage Program and their relationship with other entities she labels "PO [Provider Organization] Defendants." *See* Doc. 57 at 2-6, 10-14. Mere participation in the MA program—where the government is well aware of data errors[5] and does not expect 100 percent data accuracy[6]—simply cannot be enough by itself to state a claim under the FCA. Relator misstates the holdings of the mostly out-of-Circuit cases she cites in support of this argument, *id.* 57 at 3-6, 13, as well as cases she cites to support her "collective pleading" argument, *id.* at 7-10, and these cases remain otherwise distinguishable based on their facts.

Accordingly, the MA Defendants request that the Court grant 14 days from the date of its ruling on this motion to file a 7-page reply to address these issues raised by Relator. This limited reply will enable the MA Defendants to address the allegations and arguments raised by Relator for the first time in her opposition without burdening the Court.

WHEREFORE, the MA Defendants respectfully request that the Court enter an order granting leave to file a 7-page reply to respond within 14 days after the date that the Court enters its order granting this Motion.

## RULE 3.01(g) CERTIFICATION

Under Local Rule 3.01(g), MA Defendants' counsel conferred with Relator's counsel, who advised the MA Defendants' counsel that Relator does not oppose a 7-page reply.

---

[5] *See, e.g., UnitedHealthcare Ins. Co. v. Azar*, 330 F. Supp. 3d 173 (D.D.C. 2018); CMS, *MA RADV Fact Sheet*, *available at* https://www.cms.gov/Research-Statistics-Data-and-Systems/Monitoring-Programs/recovery-audit-program-parts-c-and-d/Other-Content-Types/RADV-Docs/RADV-Fact-Sheet-2013.pdf.
[6] Doc. 41 at 4.

Dated: October 28, 2020

Respectfully submitted,

By: /s/ David Leviss
David J. Leviss (Trial Counsel)*
Benjamin D. Singer*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com
bsinger@omm.com

David M. Deaton*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*

*admitted pro hac vice

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: /s/ David Leviss

David J. Leviss (Trial Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*

*admitted pro hac vice