**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>             Plaintiff/Relator,<br><br>v.<br><br>FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC, PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC; SUN LABS USA, INC.; ANION TECHNOLOGIES, LLC; ANTHEM, INC.; FREEDOM HEALTH, INC.; OPTIMUM HEALTHCARE, INC.; and SIDDHARTHA PAGIDIPATI,<br><br>             Defendants. | Case No. 8:19-cv-01236-SDM-SPF |

**DEFENDANTS ANTHEM, INC., FREEDOM HEALTH, INC., AND OPTIMUM HEALTHCARE, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendants Anthem, Inc. ("Anthem"), Freedom Health, Inc. ("Freedom"), and

Optimum HealthCare, Inc. ("Optimum") (collectively, the "MA Defendants"),[1] by and

through undersigned counsel, respectfully move for leave to file a Reply to Relator's

Consolidated Response in Opposition to Defendants' Motions to Stay Discovery (Doc. 58,

the "Opposition") pursuant to Local Rule 3.01(c) and (d).

On September 22, 2020, the MA Defendants filed a Motion to Dismiss the

---

[1] Relator's Complaint impermissibly groups together Defendants Anthem, Freedom, and Optimum as the "MA [Medicare Advantage] Defendants." *See* Doc. 41 at 14–15. The MA Defendants adopt this terminology for the Court's convenience, but do not admit that Anthem, Freedom, and Optimum are a single entity.

Complaint, Doc. 41 ("Motion to Dismiss"), and a Motion to Stay Discovery, Doc. 43 ("Motion to Stay").  On October 20, 2020, Relator filed an opposition to the Motion to Dismiss, Doc. 57, and the Opposition.  Relator agrees in the Opposition that it is within the Court's discretion to stay discovery and that courts make this determination by taking a "peek" at the motion to dismiss and balancing the harm of delay against the likelihood that the motion to dismiss will be successful.  *See* Doc. 58 at 3–4.  Relator's October 20th filings demonstrate the harms that will occur if discovery commences before the Motion to Dismiss is resolved: Relator has already changed the alleged entities,[2] years,[3] and factual and legal theories[4] at issue in her Complaint.  This shifting is not surprising given that she does not have a basis for her allegations against the MA Defendants and aims to use discovery as an impermissible fishing expedition to substantiate her legal theories.  *See* Doc. 43 at 7–8.  In fact, Relator essentially admits that she is fishing for additional information, as she requests additional discovery on "Defendants' corporate relationships" to rehabilitate her impermissible group pleading in the Complaint.  *See* Doc. 58 at 12.

The MA Defendants seek to file a reply to further address the implications of these concessions by Relator and to address new facts Relator raises for the first time in her Opposition.  *See In re Fiddler's Creek, LLC*, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015) ("[t]he purpose of a reply brief is to rebut any new law or facts contained in the

---

[2] *See* Doc. 57 at 1 n.1 ("Relator has notified the United States of her intent not to pursue allegations against Anthem, Inc. at this time.").  Relator offers no explanation as to why she filed suit against Anthem in the first place, and she has never alleged a single act by Anthem in violation of the FCA.  This omission alone highlights the risk of allowing discovery to proceed prior to resolution of the dispositive motions.

[3] *See* Doc. 57 at 21 ("[T]o narrow the issues before the Court, Relator will not pursue pre-2014 claims against the MA Defendants.").

[4] *See* Unopposed Motion for Leave to File Reply in Support of Motion to Dismiss (Doc. 66).

opposition's response to a request for relief before the Court . . . .") (internal quotations and citations omitted).  Specifically, Relator's Opposition volunteers new facts regarding the investigations by the United States into this case, presumably to impermissibly suggest that her Complaint has sufficient particularity, and therefore discovery should commence.  *See* Doc. 58 at 2.  However, Relator fails to mention that the United States concluded its civil and criminal investigations without making *a single* request to any MA Defendant.  The United States recently declined to intervene in this matter.  *See* Doc. 40, Doc. 60.

Accordingly, the MA Defendants request that the Court grant 14 days from the date of its ruling on this motion to file a 5-page reply to address these issues.  This limited reply will be sufficient to address the facts raised by Relator for the first time in the Opposition, but will not overly burden the Court.  As ongoing discovery will be costly and potentially dispositive motions are pending, further briefing will help save the Court and all parties from unnecessarily expending judicial resources to resolve discovery disputes before the years, entities, and allegations at issue in this matter are resolved.

WHEREFORE, the MA Defendants respectfully request that the Court enter an order granting leave to file a 5-page reply to respond within 14 days after the date that the Court enters its order granting this Motion.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), MA Defendants' counsel conferred with Relator's counsel in a good-faith effort to resolve the issues raised in this motion.  Relator's counsel advised the MA Defendants' counsel that Relator does not oppose a 5-page reply.

Dated:    October 28, 2020                        Respectfully submitted,

By: /s/ David Leviss

David J. Leviss (Trial Counsel)*
Benjamin D. Singer*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com
bsinger@omm.com

David M. Deaton*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Anthem, Inc.;
Freedom Health, Inc.; and Optimum
HealthCare, Inc.*

*admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By:  /s/ David Leviss

David J. Leviss (Trial Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com

*Counsel for Defendants Anthem, Inc.;
Freedom Health, Inc.; and Optimum
HealthCare, Inc.*

*admitted pro hac vice*