## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DR. CLARISSA ZAFIROV,<br><br>　　　　Plaintiff/Relator,<br><br>v.<br><br>FLORIDA MEDICAL ASSOCIATES, LLC,<br>d/b/a VIPCARE; PHYSICIAN PARTNERS,<br>LLC; PHYSICIAN PARTNERS<br>SPECIALTY SERVICES, LLC; SUN LABS<br>USA, INC.; ANION TECHNOLOGIES,<br>LLC; ANTHEM, INC.; FREEDOM<br>HEALTH, INC.; OPTIMUM<br>HEALTHCARE, INC.; and SIDDHARTHA<br>PAGIDIPATI,<br><br>　　　　Defendants. | Case No. 8:19-cv-01236-SDM-SPF |

### DEFENDANTS ANTHEM, INC., FREEDOM HEALTH, INC., AND OPTIMUM HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Anthem, Inc. ("Anthem"), Freedom Health, Inc. ("Freedom"), and

Optimum HealthCare, Inc. ("Optimum") (collectively, the "MA Defendants")[1] submit this

Reply Memorandum in support of their Motion to Dismiss ("Motion to Dismiss," Doc. 51).

For the reasons stated therein, Relator's vague and undifferentiated False Claims Act

("FCA")[2] allegations as to the MA Defendants (i) fail to meet Rule 9(b)'s particularity

requirement or Rule 8(a)'s plausibility requirement, and (ii) cannot survive the FCA's public

---

[1] Relator's Complaint impermissibly groups together Defendants Anthem, Freedom, and Optimum as the "MA [Medicare Advantage] Defendants." *See* Doc. 41 at 14–15. The MA Defendants adopt this terminology for the Court's convenience but do not admit that Anthem, Freedom, and Optimum are a single entity. Further, while Relator concedes that she is not pursuing allegations against Anthem, *see* Doc. 57 at 1 n.1, all three of the MA Defendants join in this reply as the Complaint has not been amended or dismissed.

[2] 31 U.S.C. § 3729 *et seq.*

disclosure bar[3] because Relator's allegations are substantially similar to allegations from a publicly disclosed prior FCA case: *United States ex rel. Sewell v. Freedom Health, Inc.*, *et al.*, Case No. 8:09-cv-1625-MSS-AEP (M.D. Fla.) ("*Sewell*"). Per the Court's Order (Doc. 72), this reply addresses Relator's Response to the Motion to Dismiss ("Response," Doc. 57) with respect to the public disclosure bar.

**A.    Relator's Causes of Action Should Be Dismissed Pursuant to the Statutory Public Disclosure Bar Because the Essential Allegations Are Substantially Similar to a Publicly Disclosed Prior FCA Case.**

Courts must dismiss *qui tam* actions where the allegations were "publicly disclosed…unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A).[4] Relator agrees that the public disclosure bar applies if (1) the allegations were previously disclosed to the public, (2) the previously disclosed allegations are substantially similar to the instant allegations, and (3) the relator is not an "original source" of the allegations. *See* Doc. 57 at 17; *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 565 n.4 (11th Cir. 1994). Relator's allegations are barred by each prong—she does not contest that the allegations were publicly disclosed; both sets of allegations substantially overlap with respect to the parties, conduct, and timeframe alleged; and she is not an original source because she has not materially added to the allegations.

**1.    Relator's Allegations Are Based on Previous, Public FCA Allegations.**

Relator argues that the first prong of the public disclosure bar does not apply because

---

[3] 31 U.S.C. § 3730(e)(4)(A).
[4] The Eleventh Circuit evaluates a motion to dismiss based on the public disclosure bar according to Rule 12(b)(6). *See United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 810–11 (11th Cir. 2015).

the *Sewell* disclosures do not "present any of the essential elements of the fraud scheme described by Dr. Zafirov."  Doc. 57 at 18.  Relator's argument is meritless and Relator attempts to apply a heightened standard for the first prong of the bar.

Two years prior to Relator filing this case in May 2019, Relator's allegations as to the MA Defendants were publicly disclosed in *Sewell* through a settlement agreement (Doc. 42, Exs. A–C), Corporate Integrity Agreement ("CIA") (Doc. 42, Ex. D), United States Department of Justice ("DOJ") press release (Doc. 42, Ex. E), and various news articles (Doc. 42, Exs. F–H) detailing the alleged FCA violations.  These disclosures easily satisfy the public disclosure bar's first prong.  31 U.S.C. § 3730(e)(4)(A)(i)–(iii); *see* Doc. 41 at 21 (citing *Osheroff*, 776 F.3d at 812, and *United States ex rel. Patel v. GE Healthcare, Inc.*, 2017 U.S. Dist. LEXIS 159562, at *10 (M.D. Fla. Sept. 28, 2017)).

Relator cannot reasonably argue that these disclosures were not public—admitting they are "undoubtedly" public—so instead she conflates the first and second prongs of the bar, arguing that meeting the first prong requires an extensive analysis of the allegations similarity.  *See* Doc. 57 at 18.  This is incorrect.  The district court case that Relator cites states that the first prong of the bar requires only a determination that allegations of the same "type" of wrongdoing were previously disclosed, meaning the disclosures "allege or describe transactions of fraud by the defendant."  *See United States ex rel. Compton v. Circle B Enters., Inc.*, 2010 U.S. Dist. LEXIS 22749, at *14 (M.D. Ga. Mar. 11, 2010).

The publicly disclosed allegations from *Sewell* are of the same *type* as alleged in the instant case—both relators broadly allege that Freedom and Optimum knowingly submitted false claims to the Centers for Medicare and Medicaid Services ("CMS") by using internal

coding auditors to adjust diagnoses, using an automated submission processing system

incapable of filtering out invalid data, and causing physicians to perform medically

unnecessary procedures to increase risk scores.  *Compare* Compl. ¶ 47 *with Sewell*, Doc. 44

¶¶ 9, 108–13.  And in many instances, both relators use the exact same language:

> [Freedom and/or Optimum] "upcoded" certain medical conditions by
> replacing codes chosen by doctors with higher-value codes that had no
> support in the medical records.  For example, for members with multiple,
> coexisting conditions, Freedom coded one condition as a complication of the
> other, when the medical records did not support a causal relationship between
> them.  Freedom coded in this manner because Medicare assigns a much more
> valuable HCC to conditions where a causal relationship exists.

*Compare* Compl. ¶ 52 *with Sewell*, Doc. 44 ¶ 126.

Further, the cases Relator cites to defeat dismissal based on public disclosure lend no

support to her argument.  In *Baklid-Kunz*, the defendant claimed the public disclosure bar

applied based on a prior DOJ settlement that resolved allegations that a company encouraged

healthcare providers to admit patients for a specific medical procedure without medical

necessity.  *United States ex rel. Baklid-Kunz v. Halifax Hosp. Med Ctr.*, 2011 U.S. Dist.

LEXIS 59949, at *2–3 (M.D. Fla. June 6, 2011).  The court, however, found the disclosures

did not form "the basis of the case" as they involved an entirely different entity's settlement

of a separate matter and a different medical procedure than those alleged by the relator.  *Id.* at

*18–20.  Here, the public disclosures cover the same parties—Freedom and Optimum—and

the same conduct is at issue.  *See supra* pp. 3–4.  And in *Compton*, the court found the cited

disclosures did not reveal fraudulent activity, "let alone the type" alleged in the complaint as

they did not describe "how [defendants] entered into unlawful oral agreements or made

payments pursuant to the unlawful oral agreements."  *Compton*, 2010 U.S. Dist. LEXIS

22749, at *16–17.  Here, the *Sewell* complaint, settlement agreement, CIA, DOJ press release, and related news articles disclosed allegations of fraud along with details of the alleged fraudulent practices and how they were allegedly carried out.  *See* Doc. 42, Exs. A– H.  Relator's allegations satisfy the first prong of the bar, as the publicly disclosed allegations address the same type of wrongdoing by the same entities.

> **2.    Relator's Allegations Are Based in Part on—and Are Substantially Similar to—the *Sewell* Allegations.**

Next, Relator argues that the second prong of the public disclosure bar does not apply as there is not "significant overlap" between the allegations of fraud in *Sewell* and the instant case.  Doc. 57 at 19–20.  But Relator misstates the law in this Circuit and ignores the substantial similarity and overlap between the allegations in both cases.

A relator "basing an FCA qui tam claim *in any part* on…publicly disclosed information must demonstrate that [she] is an original source of that information."  *Osheroff*, 776 F.3d at 814.  The "in any part" analysis does not require the deep-diving inquiry that Relator would prefer, but rather is a "quick trigger to get to the more exacting original source inquiry."  *See id*.  The Eleventh Circuit extends the reach of the public disclosure bar to encompass any allegations that are "substantially the same" as those contained in a public disclosure.  *Id.* at 812.  For this reason, allegations of new occurrences of ongoing conduct that do not allege an "entire new scheme" are insufficient to survive.  *United States ex rel. Payton v. Pediatric Servs. of Am., Inc.*, 2017 WL 3910434, at *7 (S.D. Ga. Sept. 6, 2017).

From the little detail Relator alleges as to the MA Defendants, it is apparent that Relator alleges a continuation of the same conduct from *Sewell*, wherein Freedom and Optimum allegedly submitted false claims to CMS through various fraudulent practices.  *See*

*supra* pp. 3–4.  Relator directly references the *Sewell* action, Compl. ¶¶ 46–47, 91, and acknowledges that she "recycles" some of this language.  Doc. 57 at 19; *compare* Compl. ¶¶ 49, 51–52 *with Sewell*, Doc. 44 ¶¶ 113, 125–26.  This undisputed overlap in language only highlights the overlap in substantive allegations.

Further, some of Relator's allegations cover not only the same conduct but also the same timeframe as *Sewell*.  Relator alleges violations of the FCA for the preceding 10 years (i.e., beginning in May 2009).[5]  Compl. ¶ 2.  But the 2017 Government settlement of the *Sewell* action covered conduct through 2013.  Thus, Relator's allegations from May 2009 through 2013 overlap.  The substantial overlap in both the substance and timing of the allegations is more than enough to satisfy the second prong's requirement that allegations be based "in any part" on the previous disclosures.  *See Jacobs v. Bank of Am. Corp.*, 2017 WL 2361943, at *6 (S.D. Fla. Mar. 21, 2017) (unpublished) (rejecting allegations based on conduct after a consent judgment "as the crux of Plaintiff's claims were already disclosed"); *Payton*, 2017 WL 3910434, at *7 (rejecting a "time, place, and manner" restriction on the public disclosure bar and finding allegations of fraudulent conduct occurring *after* a prior settlement were still based "in part" on prior allegations) (internal quotation omitted).

Unable to find controlling authority to support her argument, Relator tries to circumvent this Circuit's standard—but, even under the law she cites, Relator's argument fails.  First, Relator cites an out-of-circuit case applying the FCA's government action bar, 31 U.S.C. § 3730(e)(3), which is distinct from the public disclosure bar and prohibits actions

---

[5] While Relator's Complaint alleges FCA violations for the preceding 10 years, Relator concedes dismissal of the pre-2014 allegations against the MA Defendants.  Doc. 57 at 21.  Regardless, given Relator's bare allegations, the conduct she alleges in 2014 and beyond is no different in detail or substance from the pre-2014 period and should be evaluated as one continuous allegation.

"based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party." *See* Doc. 58 at 19–20 (citing *United States ex rel. Herman v. Coloplast Corp.*, 327 F. Supp. 3d 358, 362 (D. Mass. Aug. 17, 2018)).  And under that standard, the *Herman* court denied dismissal on inapposite grounds, finding the allegations insufficiently similar because they involved different companies and timeframes.  *See Herman*, 327 F. Supp. 3d at 363.

Second, Relator cites to a district court decision relying on an out-of-circuit standard. *See* Doc. 58 at 19 (citing *United States ex rel. Gilbert v. Va. Coll., LLC*, 305 F. Supp. 3d 1315, 1321 (N.D. Ala. 2018), citing *Bellevue v. Universal Health Servs. of Hartgrove, Inc.*, 867 F.3d 712, 718-19 (7th Cir. 2017)).  And even if the Court were to consider *Gilbert*, the result would not help Relator as the *Gilbert* court granted dismissal, finding that the publicly disclosed allegations *were* substantially the same as the relator's, even though the allegations covered different locations and partially different timeframes for the alleged fraud.  *Id.*

Finally, Relator cites to a factually distinguishable case from this Circuit where a district court declined to apply the public disclosure bar to new allegations against the same defendant that addressed entirely different types of practices.  *See* Doc. 58 at 20 (citing *United States ex rel. Chiba v. Guntersville Breathables, Inc.*, 421 F. Supp. 3d 1241, 1261 (N.D. Ala. 2019)).  The court found that the allegations in *Chiba* were not substantially the same as the publicly disclosed allegations because the disclosed allegations involved the *misclassification* of goods for tariff purposes, while the relator's allegations involved *undervaluation* of those goods.  *Id.*

But the Court need look no further than *Osheroff* to decide this motion.  776 F.3d at

808–13; *see also* Doc. 41 § IV.D.1.  There, the relator claimed that insurers and health clinics violated the FCA by offering free services to Medicare beneficiaries without regard for medical purpose or financial need.  *Id.*  The court found that the relator's allegations were substantially the same as allegations previously disclosed in news reports, newspaper advertisements, and the clinics' own website because of "significant overlap" and the fact that the "essential allegation" in both cases was that the defendants provided free services. *Id.* at 814.  As in *Osheroff*, although some of Relator's allegations may involve different details about individuals and timeframes, Relator's essential allegations are the same as those in *Sewell*: that Freedom and Optimum knowingly submitted false claims to CMS through various fraudulent practices.  *See supra* pp. 3–4.

### 3. Relator Is Not an Original Source Because She Does Not Materially Add to the Previous Public Disclosures.

Relator argues that even if the public disclosures in *Sewell* overlap with her allegations, she is a "consummate original source."  Doc. 57 at 20–21.  Not so, because she has nothing material to add to the previous allegations as to Freedom and Optimum.

To qualify as an original source, a relator must either voluntarily disclose the information to the Government prior to public disclosure or must have "knowledge that is independent of and materially adds to the publicly disclosed allegations."  31 U.S.C. § 3730(e)(4)(B).  Relator does not argue that she voluntarily disclosed information to the Government prior to public disclosure,[6] so the Court must determine whether Relator's

---

[6] Relator argues that she "voluntarily provided her information to the Government *before filing this case*."  Doc. 57 at 20 (emphasis added).  But she does not argue that she made her disclosure *prior to the public disclosures* that first occurred in May 2017.  *See* Doc. 42, Exs. A–H.  Nor can she, as she did not start working for Defendant VIPcare until 2018.  *See* Compl. ¶ 6.

allegations in the complaint materially add to the publicly disclosed information.  To materially add to public disclosures, a relator's allegations must be "specific" and amount to more than "background information."  *See Osheroff*, 776 F.3d at 815.  For instance, the identification of a particular wrongdoer may qualify as material.  *United States ex rel. McFarland v. Fla. Pharmacy Sols.*, 358 F. Supp. 3d 1316, 1323 (M.D. Fla. 2017) (Merryday, J.) (citing *Cooper*, 19 F.3d at 566).  Allegations of ongoing FCA violations, like Relator's, materially add to a public disclosure only if they describe "the who, what, when, where and how of the events at issue."  *Jacobs*, 2017 WL 2361943, at *7; *see also Payton*, 2017 WL 3910434, at *7–8 (rejecting *qui tam* suit based on ongoing violations of the FCA after a publicly disclosed settlement agreement because relator lacked firsthand knowledge).

While Relator argues that she identifies new Defendants and materially adds to her allegations against those Defendants, *see* Doc. 58 at 20, those allegations do not save her causes of action *against Freedom or Optimum*.[7]  Instead, Relator readily acknowledges that Dr. Pagidipati is the connective through line creating one continuous "scheme," in which he continued the same fraudulent activity under the guise of new companies after the *Sewell* settlement (*see id.*)—activity that the Government was in the best position to witness through its investigation that was ongoing until settlement in May 2017, *see* Doc. 42, Exs. B–C, and the still ongoing CIA.  *See* Doc. 42, Ex. D (which is in place, with annual reporting requirements, for "five years from" the May 11, 2017 "effective date" of the CIA).

The two cases that Relator cites in support of her argument are factually

---

[7] Relator also brings allegations against Anthem, but as previously discussed, she concedes that she is not pursuing these allegations further.  *See* Doc. 57 at 1 n.1.  Regardless, simply adding Anthem's name to the Complaint, without any further allegations, does not count as "material" under the public disclosure bar as the focus of her allegations remains the conduct of other Defendants.  *See Jacobs*, 2017 WL 2361943, at *7.

distinguishable.  *See* Doc. 58 at 20–21 (citing *Patel*, 2017 U.S. Dist. LEXIS 159562, at *11–12, and *McFarland*, 358 F. Supp. 3d at 1323).  In *Patel*, the relator's "firsthand" knowledge and "extensive" allegations of new practices satisfied the original source exception.  2017 U.S. Dist. LEXIS 159562, at *11–12.  But here, Relator does not have any firsthand knowledge of Freedom or Optimum's practices, and Relator does not describe extensive allegations of *new practices* relevant to *Freedom or Optimum*.  *See* Doc. 41 § IV.A.3.  Similarly in *McFarland*, the relator was able to identify specific defendants at issue.  358 F. Supp. 3d at 1323.  But here, the Government had prior knowledge of Relator's generalized allegations against Freedom and Optimum, and Relator has failed to properly distinguish between the actions of each Defendant or identify any individuals working for Freedom or Optimum.  *See* Doc. 41 § IV.A.2.  As such, Relator adds no new material information.

As discussed in the Motion to Dismiss, Relator does not identify the who, what, when, where, or how of the alleged fraudulent claim submissions by the MA Defendants.  *See* Doc. 41 § IV.A.  As she is a corporate outsider as to the MA Defendants, it is unsurprising that her allegations focus on the conduct of her former employer, VIPcare, and other direct medical providers she groups as the "PO Defendants."  *See* Compl. ¶¶ 6–7, 49.  While she may provide details as to the conduct of other Defendants, she does not provide details as to the MA Defendants' conduct that materially adds to the *Sewell* allegations because she cannot do so—therefore the Court should dismiss her Complaint with prejudice as to the MA Defendants.

WHEREFORE, the MA Defendants request the Court enter an order granting the Motion to Dismiss and dismissing the Complaint with prejudice as to the MA Defendants.

Dated:    December 16, 2020                    Respectfully submitted,

By: _/s/Ginger Barry Boyd_____

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS BROAD AND
CASSEL
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

David J. Leviss (Trial Counsel)*
Benjamin D. Singer*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com
bsinger@omm.com

David M. Deaton*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

*Counsel for Defendants Anthem, Inc.;
Freedom Health, Inc.; and Optimum
HealthCare, Inc.*

*admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By:  */s/Ginger Barry Boyd*

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS BROAD AND CASSEL
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Anthem, Inc.; Freedom Health, Inc.; and Optimum HealthCare, Inc.*