## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>        Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>        Defendants. | Case No. 8:19-cv-01236-KKM-SPF<br><br>MOTION |

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN <u>SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT</u>**

MA Defendants[1] move for leave to file a Reply to Relator's Response to MA Defendants' Motion to Dismiss (Doc. 107, "Opposition" or "Opp."). *See* Local Rule 3.01(d). The Court may grant leave to reply to allow a party to "rebut any new law or facts" contained in an opposition where "a reply would aid [the Court's] resolution of the underlying motion." *In re Fiddler's Creek, LLC*, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015). That standard is met here: MA Defendants seek to address (1) new legal arguments tied to the government's Notice of Opposition to Dismissal On the Basis of the Public Disclosure Bar (Doc. 105, "Notice"), (2) Relator's mischaracterizations of law, and (3) new facts untethered to Relator's Amended Complaint.

On January 14, 2022, MA Defendants moved to dismiss Relator's Amended Complaint. Doc. 97. On February 18, 2022, Relator moved for an extension of time to oppose MA Defendants' motion to dismiss, explaining that the government was considering submitting position papers to the Court on the Medicare Advantage program and the application of the public disclosure bar as grounds for dismissal. Doc. 103 at 2. Relator stated that if the government were to "take a position on one or both of those issues, it will significantly impact the arguments and issues to be addressed in Relator's response briefs." *Id.* (noting that extension could "avoid[] the need for supplemental briefs" that Relator might have to file to "fully and accurately address the issues before the Court"). The Court granted Relator's extension, Doc.

---

[1] This Motion employs the same naming conventions and abbreviations employed in MA Defendants' Motion to Dismiss Relator's Amended Complaint (Doc. 97, "MTD").

104, and Relator filed her Opposition on March 8, 2022, Doc. 107.  The government

filed its Notice on the same day, objecting to dismissal of the Amended Complaint

under the public disclosure bar, Doc. 105.  The government has not yet filed a

statement of interest, and on March 10, 2022, represented that it still was discussing

internally whether to proceed with one.  Declaration of Kimya Saied in Support of

Motion for Leave to File Reply in Support of Motion to Dismiss Amended

Complaint ("Saied Decl."), ¶ 11.

A reply is necessary to address Relator's new legal arguments on the

government action bar, which rely on the Notice.  *See* Opp. at 19–20.  MA

Defendants could not have addressed these arguments earlier, as the government had

previously acquiesced to the Court's dismissal of Relator's Complaint under the

public disclosure bar without any indication that it would later object to the same

outcome, *see* Doc. 81, at 15–21; *see* Saied Decl. ¶ 5.[2]  In opposing the application of

the government action bar, Relator now overreads the Notice and cites inapt

precedent, further highlighting the need for a reply.[3]  Opp. at 18–20.  Equitable

considerations likewise favor granting this Motion; after all, Relator prepared her

---

[2] Nor could MA Defendants have addressed any arguments that the government advances in a
future statement of interest, should it choose to file one.  Such a filing would likely contain new facts
and law, to which MA Defendants should have the opportunity to respond.

[3] Relator, for instance, relies on two cases to link the Notice to the government action bar: *Berntsen v.
Prime Healthcare Servs., Inc.*, 2014 U.S. Dist. LEXIS 188722, at *3 (C.D. Cal. Nov. 20, 2014), and
*U.S. ex rel. Herman v. Coloplast Corp.*, 327 F. Supp. 3d 358, 362 (D. Mass Aug. 17, 2018).  *See* Opp. at
19.  *Berntsen* does not discuss the government action bar, and the government's notice in *Herman*
explicitly referenced its authority to "inform the court that it does not view a particular *qui tam*
action as parasitic," 327 F. Supp. 3d at 364, which is a direct reference to the government action
bar's legal standard; in contrast, the Notice here contains no similar assessment of Relator's claims.
*Cf.* Notice, Doc. 105.

Opposition with the benefit of the government's position on the public disclosure bar. *See* Doc. 107 at 18. MA Defendants, meanwhile, devoted a significant portion of their briefing to an issue that is now moot. *See* MTD at 20–24.

MA Defendants also seek to address Relator's misapplication of Circuit precedent. For instance, relying on *United States ex rel. Mastej v. Health Management Associates, Inc.*, 591 F. App'x 693 (11th Cir. 2014), Relator seeks to benefit from a Rule 9(b) standard appropriate for corporate insiders, despite her outsider status. Opp. at 5; *but see Mastej*, 591 F. App'x at 703–04 ("a relator *with direct, first-hand knowledge* of the defendants' submission of false claims gained through her employment with the defendants" could likely allege false claims with particularity, while a relator "*without* first-hand knowledge of the defendants' billing practices" likely could not) (emphases added). Relator's mischaracterizations of her own allegations likewise merit a response. The Opposition, for instance, posits that her claim that MA Defendants paid claims to Provider Defendants "is synonymous to an allegation that the MA Defendants submitted the claim to the United States." Opp. at 4. The Amended Complaint contains no such allegation, and the case she cites does not establish (or even support) that proposition as a matter of law. *Id.* (citing *U.S. ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 672–73 (9th Cir. 2018)); *see U.S. v. Advocate Law Groups of Fla., P.A.*, 413 F. Supp. 3d 1225, 1227 (M.D. Fla. 2019). (courts may only consider "well-pleaded factual allegations" on motion to dismiss).

For these reasons, the Court should grant MA Defendants leave to file a 7-page reply within 21 days from the date on which the Court grants this Motion.

Dated:  March 15, 2022

Respectfully submitted,

By:  */s/ David J. Leviss*
    David J. Leviss (Trial Counsel)*
    Benjamin D. Singer*
    O'MELVENY & MYERS LLP
    1625 I Street NW
    Washington, DC 20006
    (202) 383-5300
    (202) 383-5414 (fax)
    dleviss@omm.com
    bsinger@omm.com

    David M. Deaton*
    O'MELVENY & MYERS LLP
    610 Newport Center Dr., 17th Floor
    Newport Beach, CA 92660
    (949) 823-6900
    (949) 823-6994 (fax)
    ddeaton@omm.com

    Elizabeth M. Bock*
    O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
    Los Angeles, CA 90071
    (213) 430-6000
    (213) 430-6407 (fax)
    ebock@omm.com

    Ginger Boyd
    Fla. Bar No. 294550
    NELSON MULLINS RILEY &
    SCARBOROUGH LLP
    215 South Monroe Street, Suite 400
    Tallahassee, FL 32301
    (850) 205-3356
    (850) 521-1472 (fax)
    Ginger.Boyd@nelsonmullins.com

    *Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

    *\*admitted pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for MA Defendants conferred with counsel for Relator via email regarding the relief sought in this Motion.  Relator opposed the relief sought.

By:  */s/ David J. Leviss*

David J. Leviss (Trial Counsel)*
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*
*\*admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ David J. Leviss*

David J. Leviss (Trial Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
dleviss@omm.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

*\*admitted pro hac vice*

-6-