UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States *ex rel.* Clarissa Zafirov,

    *Plaintiff/Relator*,

v.                                                                       CASE NO. 8:19-cv-01236-KMM-SPF

Physician Partners, LLC;
Florida Medical Associates, LLC
d/b/a VIPcare;
Anion Technologies, LLC;
Freedom Health, Inc.; and
Optimum Healthcare, Inc.,

    *Defendants*.
_____/

## PROVIDER DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE A STATEMENT OF INTEREST

Defendants Physician Partners, LLC, Florida Medical Associates, LLC, and Anion Technologies, LLC (the "Provider Defendants") oppose the Government's motion for leave to file a statement of interest (Doc. 115). Having forfeited its right to intervene in this case in Zafirov's favor, the Government cannot now try to save her case from dismissal. In any event, the Government has no good reason for seeking a statement of interest nearly two years after these issues were raised in the Provider Defendants' initial motion to dismiss. That is especially so when it offers no new authorities or argument not raised in Zafirov's briefing. The Court should deny the Government's motion.

### I. 28 U.S.C. § 517 does not permit the Government to file a statement of interest.

There is no "statement of interest" contemplated by 28 U.S.C. § 517. The statute allows the Attorney General to dispatch a DOJ attorney to "attend to the interest of the United States" in a pending suit. 28 U.S.C. § 517. But nothing about this provision "supports an intent to create in the Solicitor General the right to appear and submit argument in any case in which the United States articulates a generic interest in the 'development' and the 'correct application' of the law." *U.S. ex rel. Ruckh v. Salus Rehab.*, 2017 WL 1495862, at *1 (M.D. Fla. Apr. 26, 2017). *See also Oscar Ins. Co. of Fla. v. Blue Cross & Blue Shield of Fla., Inc.*, 413 F. Supp. 3d 1198, 1200 n.1 (M.D. Fla. 2019) ("28 U.S.C. § 517 does not create a right for the Government to appear and submit argument in any case in which the United States articulates an interest in the development and correct application of the law.").

Section 517 does not permit the Government to file a statement of interest here. The Government only offers "generic interest" in the "development" and "correct application of the law" without offering any new authorities or argument. Doc. 115, at 2; *Ruckh*, 2017 WL 1495862, at *1. The Government could have intervened in this case but chose not to. When it made that decision, it forever forfeited its right to be involved in this case absent good cause, which it has not shown. *See* 31 U.S.C. § 3730(c)(3). The government cannot circumvent § 3730(c)(3) and its declination decision by attempting to file a "statement of interest."

## II. There is no reason to permit a statement of interest here.

Even if a "statement of interest" was authorized by statute, there is no reason to allow the Government to file one here. "It is solely within the Court's discretion to permit or deny a statement of interest." *LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018). The court will consider "whether the information is timely, useful, or otherwise necessary to the administration of justice." *Id.* The Court may decline to permit a statement of interest that is untimely or merely expands on another party's arguments. *See U.S. ex rel. Kuriyan v. HSCS Ins. Servs. Co.*, 2021 WL 528332, at *1 (D.N.M. Jan. 29, 2021) (striking statement of interest filed over four years after case was filed that merely expanded on another party's arguments).

The Government's proffered statement of interest is neither timely nor useful. The two arguments concerning causation and materiality the Government wishes to address have already been briefed in Zafirov's opposition to the Provider Defendants' motion to dismiss the amended complaint (Docs. 106, at 1–2 n.1, 11–16). The Government offers no new authorities or argument on these issues. Nor does it say why Zafirov's briefing is inadequate. And it offers no explanation why it waited so late to address these arguments, both of which were raised in the Provider Defendants' motion to dismiss the original complaint, filed nearly two years ago (Doc. 44, at 12–15). Because the information the Government offers is neither useful nor timely, the Court should deny its motion for leave to file a statement of interest.

## CONCLUSION

WHEREFORE, the Provider Defendants ask the Court to deny the Government's motion for leave to file a statement of interest. Should the Court decide to allow the Government leave to file a statement of interest, the Provider Defendants ask the Court to allow them to respond to the Government's brief within 21 days of its filing.

Respectfully submitted,

/s/ A. Lee Bentley, III
A. Lee Bentley III
Florida Bar No. 1002269
Jason P. Mehta
Florida Bar No. 106110
Kyle W. Robisch
Florida Bar No. 113089
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Facsimile: (813) 229-5946
Primary E-mail: lbentley@bradley.com
Primary E-mail: jmehta@bradley.com
Primary E-Mail: krobisch@bradley.com
Secondary E-Mail: dmills@bradley.com

Counsel for Defendants Physician Partners, LLC, Florida Medical Associates, LLC, and Anion Technologies, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June __, 2022, I filed the foregoing with the Court's electronic filing system, which will cause a copy to be served upon all counsel of record.

/s/ *A. Lee Bentley, III*
A. Lee Bentley III
Florida Bar No. 1002269
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Facsimile: (813) 229-5946
Primary E-mail: lbentley@bradley.com