# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

        Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC, d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

        Defendants.

Case No. 8:19-cv-01236-KKM-SPF

## DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Freedom Health, Inc. ("Freedom") and Optimum Healthcare, Inc. ("Optimum") (collectively, "Freedom Defendants") hereby file their Answer and Affirmative Defenses ("Answer") to Dr. Clarissa Zafirov's ("Relator") First Amended Complaint ("FAC") (Doc. 86).  Each numbered response in this Answer is made subject to the following limitations.  First, unless specifically admitted, Freedom Defendants deny each and every averment in the FAC.  Second, to the extent Relator has included headings, a table of contents, or other impertinent material that is inappropriate under Federal Rule of Civil Procedure ("FRCP") 8 or FRCP 12(f), no response is necessary and such material should be stricken.  To the extent any headings, table of contents, or impertinent material is deemed to require a

response, Freedom Defendants deny each and every allegation.  Any headings from the FAC that are reproduced herein are reproduced for convenience of reading only.

## I.  INTRODUCTION

1.      Paragraph 1 contains Relator's characterization of this action, which requires no response.  To the extent any response is necessary, Freedom Defendants admit that Relator brings allegations related to the Medicare Advantage ("MA") program.  Freedom Defendants deny each and every other allegation.

2.      Paragraph 2 contains Relator's characterization of the MA program, which requires no response.  To the extent this paragraph references ¶¶ 48–54 of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

3.      Paragraph 3 contains Relator's characterization of the MA program and the False Claims Act ("FCA"), which requires no response.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### A.  Summary of Fraudulent Scheme

4.      The allegations in paragraph 4 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants admit upon information and belief that Physician Partners, LLC ("Physician Partners") is an independent physician association

located in Florida.  Freedom Defendants deny each and every other allegation.

5.     The allegations in paragraph 5 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

6.     Paragraph 6 contains legal conclusions or other conclusions or argument that require no response.  To the extent this paragraph references ¶¶ 26–29 of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants admit that they are MA organizations ("MAOs"); that Physician Partners entered into Group Participation Agreements with Freedom Defendants; that at some point in time before Elevance Health, Inc. ("Elevance Health") (formerly "Anthem, Inc.") acquired Freedom Defendants in 2018, Siddhartha Pagidipati was the Chief Operating Officer of Freedom Defendants; that under prior ownership Freedom Defendants entered into a settlement agreement in an FCA suit in 2017 (*see* Doc.42-3), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants admit upon information and belief that Siddhartha Pagidipati was a manager at Physician Partners.  Freedom Defendants deny each and every other allegation.

7.     Paragraph 7 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary,

Freedom Defendants deny each and every allegation.

8.      Paragraph 8 contains legal conclusions or other conclusions or argument that require no response.  To the extent this paragraph references other paragraphs in the FAC starting at ¶ 105, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

9.      The allegations in paragraph 9 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants admit upon information and belief that Relator is a family medicine physician; that Relator was previously employed by Florida Medical Associates, LLC d/b/a VIPcare ("VIPcare").  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

10.     The allegations in paragraph 10 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

11.     To the extent paragraph 11 references ¶¶ 125–94 of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein. To the extent any response is necessary, Freedom Defendants deny each and every allegation.

**B.      Resulting Claims and Retained Overpayments**

12.      Paragraph 12 contains Relator's characterization of the FAC, which requires no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

13.      Paragraph 13 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to the Centers for Medicare and Medicaid Services ("CMS"), Member Health Profiles, and Prospective Possible Condition Reports; that as a general practice, Freedom Defendants gave providers access to those portals; that Freedom Defendants signed Business Associate Agreements with Anion Technologies, LLC ("Anion"). Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

14.      To the extent paragraph 14 references factual allegations in Section VI of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

15.      Paragraph 15 contains legal conclusions or other conclusions or argument that require no response.  To the extent this paragraph references ¶¶ 202–71 of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are

incorporated herein.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

16.     Paragraph 16 contains legal conclusions or other conclusions or argument that require no response.  To the extent this paragraph references ¶¶ 272–95 of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

17.     Paragraph 17 contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains Relator's characterization of the FAC, which requires no response.   To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## II.   PARTIES

18.     Answering paragraph 18, Freedom Defendants admit that the United States is the real party in interest in this case; that the United States operates and administers the Medicare and Medicaid programs through CMS within the Department of Health and Human Services ("HHS"); that at all times relevant to the FAC, CMS administered the MA program and made payments to MAOs for MA beneficiaries pursuant to the CMS Hierarchical Condition Category ("CMS-HCC") risk adjustment model.  Freedom Defendants deny each and every other allegation.

19.     Answering paragraph 19, Freedom Defendants admit upon information and belief that Relator is a family medicine physician licensed in the State of Florida as of November 12, 2021.  Freedom Defendants lack information or knowledge

sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

20.     Answering paragraph 20, Freedom Defendants admit that as a general practice, they occasionally provided educational materials or conducted trainings for providers covering complete and proper documentation of diagnosis codes. Freedom Defendants admit upon information and belief that Relator was previously employed by VIPcare.  Due to the non-specific and vague nature of Relator's allegations, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

21.     Answering paragraph 21, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals.  Freedom Defendants deny each and every other allegation.

22.     Answering paragraph 22, Freedom Defendants admit upon information and belief that Physician Partners is a limited liability corporation; that Physician Partners is an independent physician association located in Florida; that Physician Partners' principal address is 601 S. Harbour Island Blvd., Suite 200, Tampa, Florida, 33602.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

23.     Answering paragraph 23, Freedom Defendants admit upon information and belief that Physician Partners is an independent physician association located in Florida; that Physician Partners has a business relationship with VIPcare.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

24.     Answering paragraph 24, Freedom Defendants admit upon information and belief that Anion is a limited liability corporation; that Anion's principal address is 1010 N. Florida Ave., Tampa, FL, 33602.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every other allegation.

25.     Answering paragraph 25, Freedom Defendants admit upon information and belief that Relator was previously employed by VIPcare; that VIPcare is a limited liability corporation; that VIPcare's principal address is 601 S. Harbour Island Blvd., Suite 200, Tampa, Florida, 33602.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

26.     Answering paragraph 26, Freedom Defendants admit that Freedom is an MAO; that Freedom is a subsidiary of Elevance Health as of 2018 (*see* Doc. 33); that Freedom is incorporated in Florida; that Freedom's principal address is 4200 W. Cypress Street, Suite 1000, Tampa, Florida, 33607; that Freedom operates in 24 Florida counties; that Freedom has over 65,000 members; that Freedom participates

in the MA program pursuant to Contract No. H5427 with CMS.  Freedom

Defendants deny each and every other allegation.

27.    Answering paragraph 27, Freedom Defendants admit that Optimum is

an MAO; that Optimum is a subsidiary of Elevance Health as of 2018 (*see* Doc. 33);

that Optimum is incorporated in Florida; that Optimum's principal address is 4200

W. Cypress Street, Suite 1000, Tampa, Florida, 33607; that Optimum operates in 24

Florida counties; that Optimum has over 50,000 members; that Optimum

participates in the MA program pursuant to Contract No. H5594 with CMS.

Freedom Defendants deny each and every other allegation.

28.    Paragraph 28 contains legal conclusions or other conclusions or

argument that require no response.  To the extent any response is necessary,

Freedom Defendants admit that they are both subsidiaries of Elevance Health as of

2018 (*see* Doc. 33); that they both have the same registered mailing address of 4200

W. Cypress Street, Suite 1000, Tampa, Florida, 33607; that at some point in time

before Elevance Health acquired Freedom Defendants in 2018, Siddhartha

Pagidipati was the Chief Operating Officer of Freedom Defendants; that as of

November 12, 2021, Freedom Defendants had the same Presidents, Chief Executive

Officer, Directors, Chief Medical Officer, Treasurer, Assistant Treasurer, Secretary,

and Assistant Secretary; that MA beneficiaries at both companies are directed to

contact Freedom Defendants at the same post office box, fax number, and use the

same TTY extension on their websites.  Freedom Defendants deny each and every

other allegation.

29.    Paragraph 29 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that they are both subsidiaries of Elevance Health as of 2018 (*see* Doc. 33).  Due to the non-specific and vague nature of Relator's allegations, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

## III.    JURISDICTION AND VENUE

30.    Paragraph 30 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that the United States is the real party in interest in this case and this Court has subject matter jurisdiction over this action.  Freedom Defendants deny each and every other allegation.

31.    Paragraph 31 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit for the purposes of jurisdiction that they transact business in the Middle District of Florida.  Freedom Defendants deny each and every other allegation.

32.    Paragraph 32 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit for the purposes of venue that they transact business in the Middle District of Florida.  Freedom Defendants deny each and every other

allegation.

### A.    Public Disclosure

33.    Paragraph 33 references an order from the Court dated Sept. 28, 2021 (Doc. 81), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit to each and every allegation.

34.    Paragraph 34 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references allegations from the complaint in *U.S. ex rel. Sewell v. Freedom Health, et al.*, Civil Action No. 8:09-CV-01625 (M.D. Fla.) ("*Sewell*") (Doc. 42-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that *Sewell* was filed in 2009; that the claims against the defendants in *Sewell* were dismissed in May 2017; that Relator makes allegations in the FAC that Relator alleges begin in January 2014; that none of the claims alleged to be false in *Sewell* are at issue in this case.  Freedom Defendants deny each and every other allegation.

35.    Paragraph 35 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references allegations from the complaint in *Sewell* (Doc. 42-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

36.    Paragraph 36 contains legal conclusions or other conclusions or

argument that require no response.  This paragraph references allegations from the complaint in *Sewell* (Doc. 42-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

37.     Paragraph 37 contains Relator's characterization of the FAC, which requires no response.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### B.     Original Source

38.     Paragraph 38 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

## IV.     PROCEDURAL POSTURE

39.     To the extent paragraph 39 references the procedural background of this case, Freedom Defendants respectfully refer the Court to the case docket for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit to each and every allegation.

40.     To the extent paragraph 40 references the procedural background of this case and the allegations in the FAC, Freedom Defendants respectfully refer the Court to the case docket and the FAC for their complete and accurate content.  To

the extent any response is necessary, Freedom Defendants admit that the Government requested additional time for the case to remain under seal on January 21, 2020 (*see* Docs. 9, 10); that the Court denied the request on January 28, 2020 (*see* Doc. 11).  Freedom Defendants admit upon information and belief that the Government was still investigating this matter as of February 21, 2020 (*see* Doc. 14).  Freedom Defendants deny each and every other allegation.

41.     To the extent paragraph 41 references the procedural background of this case, Freedom Defendants respectfully refer the Court to the case docket for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that the Government filed "Notice Of The United States That It Is Not Intervening At This Time" on January 21, 2020 (Doc. 14); that the Government filed "Government's Notice Of Election To Decline Intervention" on  September 21, 2020 (Doc. 40).  Freedom Defendants deny each and every other allegation.

42.     To the extent paragraph 42 references the procedural background of this case, Freedom Defendants respectfully refer the Court to the case docket for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that defendants filed motions to dismiss Relator's Complaint (Docs. 41, 50, 51); that briefing was closed on December 16, 2020, upon filing of specific replies permitted by the Court (Docs. 74, 75); and that on January 8, 2021, this case was reassigned to Judge Mizelle (Doc. 76).  Freedom Defendants deny each and every other allegation.

43.     To the extent paragraph 43 references the procedural background of this

case and a September 28, 2021 Order (Doc. 81), Freedom Defendants respectfully refer the Court to the case docket and that order for their complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that the Court dismissed Relator's Complaint in full and granted Relator leave to file an Amended Complaint (Docs. 81, 84).  Freedom Defendants deny each and every other allegation.

## V.   THE FEDERAL FALSE CLAIMS ACT

44.   Paragraph 44 contains Relator's characterization of the FCA, which requires no response.  This paragraph references and misquotes S. Rep. 99-345, at 1, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

45.   Paragraph 45 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants deny each and every other allegation.

## VI.   MEDICARE AND THE MEDICARE ADVANTAGE PROGRAM

46.   Paragraph 46 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that Medicare is a federally operated health insurance program administered by CMS.  This paragraph references 42 U.S.C. § 1395, *et seq.*,

to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants deny each and every other allegation.

47.     Answering paragraph 47, Freedom Defendants admit that there are four parts to the Medicare program; that Medicare Part A covers inpatient care; that Medicare Part B covers outpatient care; that Medicare Part C establishes the MA program; that Medicare Part D is prescription drug coverage; that Medicare Parts A and B are known as "traditional Medicare."  Freedom Defendants admit upon information and belief that under traditional Medicare CMS generally reimburses healthcare providers for services rendered via submission of claims for payment for each service provided known as a fee-for-service payment system.  Freedom Defendants deny each and every other allegation.

48.     Paragraph 48 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 U.S.C. § 1395w-21–28 and 42 C.F.R. §§ 422.2, 422.503(b)(2), to which Freedom Defendants respectfully refer the Court for their complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that Relator's allegations in this case involve Medicare Part C, through which MA beneficiaries receive their benefits through MA Plans that are administered by insurance companies, such as Freedom Defendants, called MAOs; that CMS does not compensate MAOs on a fee-for-service basis for specific medical services for an MA beneficiary.  Freedom Defendants deny each and every other allegation.

49.     Answering paragraph 49, Freedom Defendants admit that this

paragraph includes a graphic illustration.  As to the content of that illustration, Freedom Defendants admit that under Medicare Part C, MA beneficiaries receive Medicare benefits administered by insurance plans known as MAOs; that when a healthcare provider furnishes medical services to an MA beneficiary, the healthcare provider submits claims and encounter data to the MAO that operates the MA Plan. Freedom Defendants deny each and every other allegation.

50.     Paragraph 50 references the content of a graphic illustration in ¶ 49 of the FAC, that requires no response because the referenced image speaks for itself. To the extent any response is necessary, Freedom Defendants admit that CMS does not compensate MAOs on a fee-for-service basis for specific medical services for an MA beneficiary.  Freedom Defendants deny each and every other allegation.

51.     Paragraph 51 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. To the extent any response is necessary, Freedom Defendants admit that a Medicare Provider Manual is publicly available on their websites and provided to some providers contracted with Freedom Defendants.  Freedom Defendants deny each and every other allegation.

52.     Paragraph 52 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *Unitedhealthcare Ins. Co. v. Becerra* ("*Becerra*"), 9 F.4th 868, 890 (D.C. Cir. 2021), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every

allegation.

53.     Paragraph 53 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 79 Fed. Reg. 29,920–29,921, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

54.     Paragraph 54 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *U.S. ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 673 (9th Cir. 2018), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

**A.     The Medicare Advantage Risk-Adjustment System**

55.     Answering paragraph 55, Freedom Defendants admit that the payments CMS makes to MAOs under MA do not depend on the amount of services provided to a specific MA beneficiary; that a bid amount is determined through an annual bid submission process between CMS and each MA Plan; that CMS calculates, for applicable MA beneficiaries, risk scores that reflect expected risk and act as an adjustment to the bid amount for purposes of determining payment for each applicable MA beneficiary pursuant to the CMS-HCC risk adjustment model. Freedom Defendants deny each and every other allegation.

56.     Paragraph 56 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 U.S.C. § 1395w-23

and 42 CFR § 422, subparts F and G, to which Freedom Defendants respectfully refer the Court for their complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that the payments CMS makes to MAOs under MA do not depend on the amount of services provided to a specific MA beneficiary; that to determine payment under MA, CMS determines a bid amount through an annual bid submission process between CMS and each MA Plan; that CMS calculates, for applicable MA beneficiaries, risk scores that reflect expected risk and act as an adjustment to the bid amount for purposes of determining payment for each applicable MA beneficiary pursuant to the CMS-HCC risk adjustment model.  Freedom Defendants deny each and every other allegation.

57.    Answering paragraph 57, Freedom Defendants admit that since 2000, Congress has directed the agency now known as CMS to adjust payments to MA Plans for MA beneficiaries for age, gender, disability status, institutional status, and other factors CMS determines to be appropriate, including health status, in order to ensure actuarial equivalence and that this process is called "risk adjustment."  42 U.S.C. § 1395w-23(c); 42 C.F.R. § 422.308(c).  Freedom Defendants deny each and every other allegation.

58.    Answering paragraph 58, Freedom Defendants admit that risk adjustment pursuant to the CMS-HCC risk adjustment model results in a "risk score," sometimes referred to as the "risk adjustment factor" or "RAF," which is a multiplier that is applied to the bid amount for an applicable MA beneficiary and is a component of the payment amount for applicable MA beneficiaries.  Freedom

Defendants deny each and every other allegation.

59.     Answering paragraph 59, Freedom Defendants admit that CMS uses demographic factors and health status to calculate risk scores pursuant to the CMS-HCC risk adjustment model for MA beneficiaries enrolled in MA Plans, which is a multiplier that is applied to the bid amount for the relevant MA beneficiary and is a component of the payment amount for each MA member; that CMS employs an HCC model; that each HCC within the CMS-HCC risk adjustment model aims to correlate with the marginal predicted cost of medical expenditures for that set of medical disease groupings based on CMS's data from administering the traditional Medicare Fee-For-Service program.  Freedom Defendants deny each and every other allegation.

60.     Paragraph 60 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *Becerra*, 9 F.4th at 874, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that the CMS-HCC risk adjustment model allows for higher risk scores for certain conditions in combination with another disease status that CMS has determined is indicative of higher costs.  Freedom Defendants deny each and every other allegation.

61.     Paragraph 61 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 CFR § 422.2, to which Freedom Defendants respectfully refer the Court for its complete and accurate

content.  To the extent any response is necessary, Freedom Defendants admit that HCCs are disease groupings consisting of disease codes (currently ICD-10-CM codes and previously ICD-9-CM codes) that aim to correlate with the marginal predicted cost of medical expenditures for that set of medical disease groupings based on CMS's data from administering the traditional Medicare Fee-For-Service program and that HCCs are the basis of the disease component of the MA beneficiary risk score.  Freedom Defendants deny each and every other allegation.

62.     Answering paragraph 62, Freedom Defendants admit that not all ICD-9-CM or ICD-10-CM diagnosis codes are risk adjusting under the CMS-HCC risk adjustment model.  Freedom Defendants deny each and every other allegation.

63.     Answering paragraph 63, Freedom Defendants admit that CMS  relies on ICD-10-CM or ICD-9-CM diagnosis codes that are coded from MA beneficiary encounters with providers during dates of service in one year (the "DOS year" or "date of service year") to determine payments for each applicable MA beneficiary in a future year (the "payment year") pursuant to the CMS-HCC risk adjustment model.  Freedom Defendants deny each and every other allegation.

64.     Paragraph 64 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *Becerra*, 9 F.4th at 875–76, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants deny each and every other allegation.

65.     Paragraph 65 contains Relator's characterization of MA, which requires no response.  To the extent any response is necessary, Freedom Defendants deny

each and every allegation.

66.     Paragraph 66 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *Becerra*, 9 F.4th at 872–73, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants deny each and every other allegation.

**B.     The Role of Providers in the MA Risk Adjustment Process**

67.     Answering paragraph 67, Freedom Defendants admit that under Medicare Part C, MA beneficiaries receive Medicare benefits administered by MA Plans; that when a healthcare provider furnishes medical services to an MA beneficiary, the provider submits claims and encounter data to the MAO that operates the MA Plan.  Freedom Defendants deny each and every other allegation.

68.     Answering paragraph 68, Freedom Defendants admit upon information and belief that MAOs pay providers through a variety of arrangements, including through sharing percentages of payments received from CMS for MA beneficiaries with contracted providers.  Freedom Defendants deny each and every other allegation.

69.     Answering paragraph 69, Freedom Defendants deny each and every allegation.

70.     Paragraph 70 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 CFR §§ 422.2, 422.500, to which Freedom Defendants respectfully refer the Court for their complete and accurate content.  Freedom Defendants deny each and every other

allegation.

71.     Paragraph 71 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 CFR § 422.2, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants deny each and every other allegation.

72.     Paragraph 72 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 CFR § 422.500, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

73.     Paragraph 73 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 CFR §§ 422.503–422.504, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

74.     Paragraph 74 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 C.F.R. § 422.504(l)(1)–(4), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

75.     Paragraph 75 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary,

Freedom Defendants admit that Physician Partners entered into Group Participation Agreements with Freedom Defendants.  Freedom Defendants deny each and every other allegation.

76.     Paragraph 76 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *U.S. ex rel. Ormsby v. Sutter Health*, 444 F.Supp.3d 1010, 1025 (N.D. Cal. Mar. 16, 2020) ("*Ormsby*"), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

77.     Paragraph 77 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references *Ormsby*, 444 F.Supp.3d at 1021 n.1, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

78.     Paragraph 78 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 C.F.R. § 422(i)(1), which requires no response, as the referenced regulation does not exist.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### C.     Repayment Obligations Under the Medicare Advantage Program

79.     Paragraph 79 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 31 U.S.C. §

3729(a)(1)(G), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that 31 U.S.C. § 3729(a)(1)(G) is known as the "reverse false claims" provision; that for purposes of 31 U.S.C. § 3729, obligation is defined to "mean[] an established duty, whether or not fixed, arising from an express or implied contractual . . . relationship . . . , from statute or regulation, or from the retention of any overpayment." *Id.* § 3729(b)(3).  Freedom Defendants deny each and every other allegation.

80.     Paragraph 80 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 U.S.C. § 1320a-7k(d), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that under 42 U.S.C. § 1320a-7k(d)(2), "[a]n overpayment must be reported and returned . . . by the later of—(A) the date which is 60 days after the date on which the overpayment was identified; or (B) the date any corresponding cost report is due, if applicable."  Freedom Defendants deny each and every other allegation.

81.     Paragraph 81 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 U.S.C. § 1320a-7k(d)(4)(B), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

82.     Paragraph 82 contains legal conclusions or other conclusions or

argument that require no response.  This paragraph references 42 U.S.C. § 1320a-7k(d)(4)(C), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every other allegation.

83.     Paragraph 83 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 CFR § 422.326(a)–(b), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

84.     Paragraph 84 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 79 Fed. Reg. at 29,921, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every other allegation.

85.     Paragraph 85 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 42 U.S.C. § 1320a-7k(d)(3) and 42 CFR § 422.326(e), to which Freedom Defendants respectfully refer the Court for their complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that under 42 U.S.C. § 1320-7k(d)(2), "[a]n overpayment must be reported and returned . . . by the later of—(A) the date which is 60 days after the date on which the overpayment was identified; or (B) the date any corresponding cost report is due, if applicable."  Freedom Defendants deny each and

every other allegation.

86.     Paragraph 86 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. To the extent any response is necessary, Freedom Defendants admit that a Medicare Provider Manual is publicly available on their websites.  Freedom Defendants deny each and every other allegation.

## VII.   ALLEGATIONS OF DEFENDANTS' CONDUCT RESULTING IN THE SUBMISSION OF FALSE CLAIMS

87.     Paragraph 87 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

88.     Paragraph 88 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references an order from the Court dated Sept. 28, 2021 (Doc. 81), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that at some point in time before Elevance Health acquired Freedom Defendants in 2018, Siddhartha Pagidipati was the Chief Operating Officer of Freedom Defendants.  Freedom Defendants deny each and every other allegation.

89.     Paragraph 89 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that Physician Partners entered into Group Participation

Agreements with Freedom Defendants; that as a general practice, Freedom

Defendants occasionally provided educational materials or conducted trainings for

providers covering complete and proper documentation of diagnosis codes; that

Freedom Defendants each maintained a separate MRA/HEDIS portal through

which providers could view diagnosis codes previously submitted to CMS; that as a

general practice, Freedom Defendants gave providers access to those portals.  Due to

the non-specific and vague nature of Relator's allegations, Freedom Defendants lack

information or knowledge sufficient to form a belief as to the truth or falsity of the

other allegations and, on that basis, deny each and every other allegation.

## A.   ALLEGATIONS AGAINST PHYSICIAN PARTNERS, ANION, AND VIPCARE

90.    The allegations in paragraph 90 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

91.    The allegations in paragraph 91 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

92.    The allegations in paragraph 92 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

93.    The allegations in paragraph 93 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

94.    The allegations in paragraph 94 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references Section IX of the FAC, to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

95.    The allegations in paragraph 95 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

96.    The allegations in paragraph 96 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

### i. Overview of the Relationship between Physician Partners, Anion Technologies, and VIPcare

97.    The allegations in paragraph 97 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains reference to a webpage that requires no response because the referenced webpage is not in the record and speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

98.    The allegations in paragraph 98 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

99.    The allegations in paragraph 99 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants admit upon information and belief that Physician Partners has a business relationship with VIPcare.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the

other allegations and, on that basis, deny each and every other allegation.

100.     The allegations in paragraph 100 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  This paragraph contains

reference to a document that requires no response because the referenced document

is not in the record and speaks for itself.  To the extent any response is necessary,

Freedom Defendants admit upon information and belief that Relator is a family

medicine physician; that Relator was previously employed by VIPcare.  Freedom

Defendants lack information or knowledge sufficient to form a belief as to the truth

or falsity of the other allegations and, on that basis, deny each and every other

allegation.

101.     The allegations in paragraph 101 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants admit upon information and belief that Physician

Partners has a business relationship with VIPcare.  Freedom Defendants lack

information or knowledge sufficient to form a belief as to the truth or falsity of the

other allegations and, on that basis, deny each and every other allegation.

102.     The allegations in paragraph 102 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

103.     The allegations in paragraph 103 are not asserted against Freedom

Defendants, and, therefore, no response is necessary. To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

104.    The allegations in paragraph 104 are not asserted against Freedom Defendants, and, therefore, no response is necessary. To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

### ii.  Overview of the 5 Star Checklist

105.    The allegations in paragraph 105 are not asserted against Freedom Defendants, and, therefore, no response is necessary. To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

106.    The allegations in paragraph 106 are not asserted against Freedom Defendants, and, therefore, no response is necessary. To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

107.    The allegations in paragraph 107 are not asserted against Freedom Defendants, and, therefore, no response is necessary. To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

108.    The allegations in paragraph 108 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

109.    The allegations in paragraph 109 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

110.    The allegations in paragraph 110 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

111.    The allegations in paragraph 111 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains

reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

112.    The allegations in paragraph 112 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

113.    The allegations in paragraph 113 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

114.    The allegations in paragraph 114 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

115.    The allegations in paragraph 115 are not asserted against Freedom
Defendants, and, therefore, no response is necessary.  This paragraph contains
reference to a document that requires no response because the referenced document
is not in the record and speaks for itself.  To the extent any response is necessary,
Freedom Defendants lack information or knowledge sufficient to form a belief as to
the truth or falsity of the allegations and, on that basis, deny each and every
allegation.

116.    The allegations in paragraph 116 are not asserted against Freedom
Defendants, and, therefore, no response is necessary.  This paragraph contains
reference to a document that requires no response because the referenced document
is not in the record and speaks for itself.  To the extent any response is necessary,
Freedom Defendants lack information or knowledge sufficient to form a belief as to
the truth or falsity of the allegations and, on that basis, deny each and every
allegation.

117.    The allegations in paragraph 117 are not asserted against Freedom
Defendants, and, therefore, no response is necessary.  To the extent any response is
necessary, Freedom Defendants lack information or knowledge sufficient to form a
belief as to the truth or falsity of the allegations and, on that basis, deny each and
every allegation.

118.    The allegations in paragraph 118 are not asserted against Freedom
Defendants, and, therefore, no response is necessary.  This paragraph references the
content of an image that requires no response because the referenced image speaks

for itself.  To the extent any response is necessary, this paragraph contains allegations related to deidentified patients, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

118 n.1    Paragraph 118 n.1 contains Relator's description of her actions in preparing the FAC, which requires no response.  This paragraph contains reference to patient information that can be provided upon entry of a qualified protective order under the Health Insurance Portability and Accountability Act.  Such a protective order has not yet been submitted to the Court and entered in this matter, and Freedom Defendants have therefore not yet received the referenced complete patient information.  To the extent any response is necessary, Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

119.    The allegations in paragraph 119 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

120.    The allegations in paragraph 120 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

121.   The allegations in paragraph 121 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

122.   The allegations in paragraph 122 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants admit that chart reviews are not inherently improper.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

123.   The allegations in paragraph 123 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

124.   The allegations in paragraph 124 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

### iii.   Physician Partners Incentivized Employed Physicians to Increase the Risk Scores while Reducing Costs to Treat Freedom Patients.

125.   The allegations in paragraph 125 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

126.   The allegations in paragraph 126 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

127.   The allegations in paragraph 127 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

128.   The allegations in paragraph 128 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

129.   The allegations in paragraph 129 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

130.   The allegations in paragraph 130 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

131.   The allegations in paragraph 131 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

132.   The allegations in paragraph 132 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

133.    The allegations in paragraph 133 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

134.    The allegations in paragraph 134 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

135.    The allegations in paragraph 135 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

136.    The allegations in paragraph 136 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, this paragraph contains allegations related to deidentified patients, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the

allegations and, on that basis, deny each and every allegation.

137.    The allegations in paragraph 137 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

### iv.  Physician Partners Directed and Pressured Physicians to Use Risk Adjusting Scores

138.    The allegations in paragraph 138 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants admit that as a general practice, they occasionally provided educational materials or conducted trainings for Physician Partners providers covering complete and proper documentation of diagnosis codes. Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

139.    The allegations in paragraph 139 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

140.    The allegations in paragraph 140 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

141.    The allegations in paragraph 141 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

141 n.2    Paragraph 141 n.2 contains Relator's description of her actions in preparing the FAC, which requires no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

142.    The allegations in paragraph 142 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

143.    The allegations in paragraph 143 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

144.   The allegations in paragraph 144 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

145.   The allegations in paragraph 145 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

146.   The allegations in paragraph 146 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains reference to a webpage that requires no response because the referenced webpage is not in the record and speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

147.   The allegations in paragraph 147 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

148.   The allegations in paragraph 148 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

149.   The allegations in paragraph 149 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

150.   The allegations in paragraph 150 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, this paragraph contains allegations related to deidentified patients, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

151.   The allegations in paragraph 151 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the

content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

152.   The allegations in paragraph 152 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

153.   The allegations in paragraph 153 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

154.   The allegations in paragraph 154 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants lack

information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

155.   The allegations in paragraph 155 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

156.   The allegations in paragraph 156 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

157.   The allegations in paragraph 157 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  This paragraph contains reference to a webpage that requires no response because the referenced webpage is not in the record and speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every

other allegation.

158.     The allegations in paragraph 158 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

159.     The allegations in paragraph 159 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

160.     The allegations in paragraph 160 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

161.     The allegations in paragraph 161 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

162.   The allegations in paragraph 162 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

162 n.3    The allegations in paragraph 162 n.3 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

163.   The allegations in paragraph 163 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

164.   The allegations in paragraph 164 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

165.   The allegations in paragraph 165 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is

necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

166.    The allegations in paragraph 166 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

167.    The allegations in paragraph 167 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

167 n.4    The allegations in paragraph 167 n.4 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

168.    The allegations in paragraph 168 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and

every allegation.

169.   The allegations in paragraph 169 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

170.   The allegations in paragraph 170 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

171.   The allegations in paragraph 171 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

172.   The allegations in paragraph 172 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

173.   The allegations in paragraph 173 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

174.    The allegations in paragraph 174 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

175.    The allegations in paragraph 175 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

176.    The allegations in paragraph 176 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

177.    The allegations in paragraph 177 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

178.    The allegations in paragraph 178 are not asserted against Freedom Defendants, and, therefore, no response is necessary. To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

179.    The allegations in paragraph 179 are not asserted against Freedom Defendants, and, therefore, no response is necessary. To the extent any response is necessary, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

## B.    ALLEGATIONS AGAINST FREEDOM AND OPTIMUM.

180.    Paragraph 180 contains legal conclusions or other conclusions or argument that require no response. To the extent any response is necessary, Freedom Defendants admit to being MAOs who enter into contracts with CMS, whereby they provide benefits to their MA beneficiaries through various healthcare providers; that Physician Partners entered into Group Participation Agreements with Freedom Defendants; that Freedom Defendants signed Business Associate Agreements with Anion. Freedom Defendants deny each and every other allegation.

181.    Paragraph 181 contains legal conclusions or other conclusions or argument that require no response. This paragraph references 42 CFR 422.504(l)(1),

to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants admit that they receive a monthly payment from CMS for enrolled MA beneficiaries. Freedom Defendants deny each and every other allegation.

182.    Paragraph 182 contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  To the extent any response is necessary, Freedom Defendants admit that they are both subsidiaries of Elevance Health as of 2018 (*see* Doc. 33); that a Medicare Provider Manual is publicly available on their websites.  Freedom Defendants deny each and every other allegation.

183.    Paragraph 183 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that Physician Partners entered into Group Participation Agreements with Freedom Defendants; that at some point in time before Elevance Health acquired Freedom Defendants in 2018, Siddhartha Pagidipati was the Chief Operating Officer of Freedom Defendants; that under prior ownership Freedom Defendants entered into a settlement agreement in an FCA suit in 2017 (*see* Doc.42-3), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  Freedom Defendants deny each and every other allegation.

184.    Paragraph 184 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary,

Freedom Defendants admit that they do not provide care directly to MA beneficiaries and do not diagnose MA beneficiaries' conditions, but instead receive diagnosis information in the form of diagnosis codes generated by providers; that Freedom Defendants each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals; that as a general practice, Freedom Defendants occasionally provided educational materials or conducted trainings for Physician Partners providers covering complete and proper documentation of diagnosis codes; that Freedom Defendants would sometimes contact members to schedule certain types of visits.  Freedom Defendants deny each and every other allegation.

185.    Paragraph 185 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants admit that Dr. Dennis Mihale participated in a video discussing complete and proper documentation of diagnosis codes.  Freedom Defendants deny each and every other allegation.

186.    Paragraph 186 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court

for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

187.    Paragraph 187 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

188.    Paragraph 188  contains legal conclusions or other conclusions or argument that require no response.  This paragraph references the content of a video (*see* Docs. 92, 93, 97-1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

189.    Paragraph 189 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants admit that as a general practice, they occasionally provided educational materials covering complete and proper documentation of diagnosis codes; that these materials were sometimes mailed; that Freedom Defendants sent Relator educational materials consisting of a "case study" on "Alcohol Abuse v. Alcohol Independence" in May 2019 (*see* Doc. 97-1 at 7–9).  Freedom Defendants deny each and every other allegation.

190.    Answering paragraph 190, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, they gave providers access to those portals.  Freedom Defendants deny each and every other allegation.

191.    Answering paragraph 191, Freedom Defendants admit that as a general practice, Freedom Defendants' employees occasionally visited providers' offices; that Dennis Stearns or other employees of Freedom Defendants visited Relator's office. Freedom Defendants deny each and every other allegation.

192.    Answering paragraph 192, Freedom Defendants admit that as a general practice, Freedom Defendants' employees occasionally visited providers' offices; that Dennis Stearns or other employees of Freedom Defendants visited Relator's office. Freedom Defendants deny each and every other allegation as to Freedom Defendants.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

193.    Answering paragraph 193, Freedom Defendants admit that as a general practice, they contacted members occasionally to schedule certain types of visits. Freedom Defendants deny each and every allegation as to Freedom Defendants. Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

194.    Paragraph 194 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants admit that it was their practice to sometimes meet with VIPcare for administrative purposes or sometimes coordinate with VIPcare when addressing provider complaints.  Freedom Defendants deny each and every allegation as to Freedom Defendants.  Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

## VIII.  DEFENDANTS KNOWINGLY SUBMITTED OR CAUSED TO BE SUBMITTED FALSE OR FRAUDULENT CLAIMS

195.    Paragraph 195 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

196.    Paragraph 196 contains legal conclusions or other conclusions or argument that require no response.  This paragraph references 31 U.S.C. § 3729(b)(1), to which Freedom Defendants respectfully refer the Court for its complete and accurate content.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

197.    Paragraph 197 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

198.    Paragraph 198 contains legal conclusions or other conclusions or

argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

199.    Paragraph 199 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

200.    Paragraph 200 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

201.    Paragraph 201 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## IX.    EXAMPLES OF SPECIFIC FALSE OR FRAUDULENT CLAIMS SUBMITTED OR CAUSED TO BE SUBMITTED

### A.    Claims Submitted Where Source of Diagnosis Code was Changed to Anonymous "Physician"

202.    Paragraph 202 contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to deidentified patients, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every

allegation.

## **Patient H**

203.    Paragraph 203 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

204.    Paragraph 204 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

205.    Paragraph 205 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the

allegations and, on that basis, deny each and every allegation.

206.   Paragraph 206 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

207.   Paragraph 207 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

208.   Paragraph 208 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

209.   Paragraph 209 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

210.   Paragraph 210 contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals.  This paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

211.   Paragraph 211 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

212.   The allegations in paragraph 212 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## Patient I

213.   Paragraph 213 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

214.   Paragraph 214 contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

215.   Paragraph 215 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants

(*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

216.    Paragraph 216 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

217.    Paragraph 217 contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

218.    Paragraph 218 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

219.   Paragraph 219 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

220.   Paragraph 220 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

221.   The allegations in paragraph 221 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

**Patient J**

222.   Paragraph 222 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the

allegations and, on that basis, deny each and every allegation.

223.   Paragraph 223 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

224.   Paragraph 224 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

225.   Paragraph 225 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

226.    Paragraph 226 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

227.    Paragraph 227 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

228.    Paragraph 228 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

229.    The allegations in paragraph 229 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## **Patient K**

230.    Paragraph 230 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

231.    Paragraph 231 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

232.    Paragraph 232 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

233.    Paragraph 233 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

234.    Paragraph 234 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

235.    Paragraph 235 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

236.    Paragraph 236 contains reference to an exhibit attached to the FAC, to

which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

237.    Paragraph 237 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

238.    Paragraph 238 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals.  This paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or

falsity of the other allegations and, on that basis, deny each and every other allegation.

239.    Paragraph 239 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

240.    The allegations in paragraph 240 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

**B.    Codes Submitted in Relator's Name After She Said No or Expressly Notified of Inaccuracy**

241.    Paragraph 241 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, this paragraph contains allegations related to deidentified patients, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

<u>Patient L</u>

242.    Paragraph 242 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response

is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

243.    Paragraph 243 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

244.    Paragraph 244 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

245.    Paragraph 245 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and

Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

246.   Paragraph 246 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

247.   Paragraph 247 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

248.   Paragraph 248 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants

(*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

249.    Paragraph 249 contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

250.    Paragraph 250 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

251.    The allegations in paragraph 251 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## Patient M

252.    Paragraph 252 contains reference to exhibits attached to the FAC, to

which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

253.    Paragraph 253 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

253 n.5    Answering paragraph 253 n.5, Freedom Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

254.    Paragraph 254 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the

allegations and, on that basis, deny each and every allegation.

255.    Paragraph 255 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

256.    Paragraph 256 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

257.    Paragraph 257 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

258.    Paragraph 258 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

259.    Paragraph 259 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

260.    Paragraph 260 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals.  This paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants

therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

261.   Paragraph 261 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

262.   Paragraph 262 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

263.   Paragraph 263 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  This paragraph contains reference to a webpage that requires no response because the referenced webpage is not in the record and speaks for itself.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

264.   Paragraph 264 contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a

deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

265.    Paragraph 265 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

266.    Paragraph 266 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### Patient N

267.    Paragraph 267 contains reference to exhibits attached to the FAC to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

268.    Paragraph 268 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and

Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

269.    Paragraph 269 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

270.    Paragraph 270 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

270 n.6    Paragraph 270 n.6 contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations and, on that basis, deny each and every allegation.

271.    Paragraph 271 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### C.    Defendants' Failure to Return Overpayments

272.    The allegations in paragraph 272 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

273.    Paragraph 273 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

274.    Paragraph 274 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## Patient O

275.    Paragraph 275 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack

information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

276.   Paragraph 276 contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

277.   Paragraph 277 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

278.   Paragraph 278 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

279.   Paragraph 279 contains reference to exhibits attached to the FAC, to

which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

280.    Paragraph 280 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

281.    Paragraph 281 contains reference to exhibits attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals.  This paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or

falsity of the other allegations and, on that basis, deny each and every other allegation.

282.    Paragraph 282 contains reference to an exhibit attached to the FAC, to which Freedom Defendants respectfully refer the Court.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

283.    The allegations in paragraph 283 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### Additional Patient Examples

284.    Paragraph 284 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every

allegation.

285.    Paragraph 285 contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

286.    The allegations in paragraph 286 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

287.    Paragraph 287 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations and, on that basis, deny each and every allegation.

288.    Paragraph 288 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

289.    Paragraph 289 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

290.    The allegations in paragraph 290 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  This paragraph contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  To the extent any

response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

291.    Paragraph 291 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

292.    Paragraph 292 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

293.    To the extent paragraph 293 references ¶ 118 of the FAC, *see* Freedom Defendants' response to that paragraph, which is incorporated herein.  This paragraph contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  This paragraph references the content of an image that requires no response because the referenced image speaks for itself.  To the extent any response is necessary, Freedom Defendants admit that they each maintained a separate MRA/HEDIS portal

through which providers could view diagnosis codes previously submitted to CMS; that as a general practice, Freedom Defendants gave providers access to those portals.  This paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations and, on that basis, deny each and every other allegation.

294.    Paragraph 294 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny each and every allegation.

295.    Paragraph 295 contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself. This paragraph contains reference to a document that requires no response because the referenced document is not in the record and speaks for itself.  To the extent any response is necessary, this paragraph contains allegations related to a deidentified patient, and Relator has not yet provided complete patient information to Freedom Defendants (*see* Freedom Defendants' response to ¶ 118 n.1).  Freedom Defendants therefore lack information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations and, on that basis, deny each and every allegation.

## FIRST CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(A)
### Against Physician Partners, LLC ("Physician Partners")

296.   Answering paragraph 296, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

297.   The allegations in paragraph 297 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

298.   The allegations in paragraph 298 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

299.   The allegations in paragraph 299 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the

extent any response is necessary, Freedom Defendants deny each and every allegation.

## SECOND CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(B)
### Against Physician Partners, LLC ("Physician Partners")

300.    Answering paragraph 300, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

301.    The allegations in paragraph 301 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

302.    The allegations in paragraph 302 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

303.    The allegations in paragraph 303 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal

conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## THIRD CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(G)
### Against Physician Partners, LLC ("Physician Partners")

304.   Answering paragraph 304, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

305.   The allegations in paragraph 305 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

306.   The allegations in paragraph 306 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

307.   The allegations in paragraph 307 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### FOURTH CLAIM FOR RELIEF
**Violations of 31 U.S.C. § 3729(a)(1)(A)**
**Against Anion Technologies, LLC ("Anion")**

308.    Answering paragraph 308, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

309.    The allegations in paragraph 309 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

310.    The allegations in paragraph 310 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

311.    The allegations in paragraph 311 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## FIFTH CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(B)
### Against Anion Technologies, LLC ("Anion")

312.    Answering paragraph 312, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

313.    The allegations in paragraph 313 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

314.    The allegations in paragraph 314 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every

allegation.

315.   The allegations in paragraph 315 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

**SIXTH CLAIM FOR RELIEF**
**Violations of 31 U.S.C. § 3729(a)(1)(G)**
**Against Anion Technologies, LLC ("Anion")**

316.   Answering paragraph 316, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

317.   The allegations in paragraph 317 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

318.   The allegations in paragraph 318 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the

extent any response is necessary, Freedom Defendants deny each and every allegation.

319.   The allegations in paragraph 319 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## SEVENTH CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(A)
### Against Florida Medical Associates, LLC d/b/a VIPcare ("VIPcare")

320.   Answering paragraph 320, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

321.   The allegations in paragraph 321 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

322.   The allegations in paragraph 322 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal

conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

323.   The allegations in paragraph 323 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

**EIGHTH CLAIM FOR RELIEF**
**Violations of 31 U.S.C. § 3729(a)(1)(B)**
**Against Florida Medical Associates, LLC d/b/a VIPcare ("VIPcare")**

324.   Answering paragraph 324, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

325.   The allegations in paragraph 325 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

326.   The allegations in paragraph 326 are not asserted against Freedom

Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

327.   The allegations in paragraph 327 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## NINTH CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(G)
### Against Florida Medical Associates, LLC d/b/a VIPcare ("VIPcare")

328.   Answering paragraph 328, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  The allegations in this paragraph are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

329.   The allegations in paragraph 329 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

330.    The allegations in paragraph 330 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

331.    The allegations in paragraph 331 are not asserted against Freedom Defendants, and, therefore, no response is necessary.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

### TENTH CLAIM FOR RELIEF
**Violations of 31 U.S.C. § 3729(a)(1)(A)**
**Against Freedom Health, Inc. and Optimum Healthcare, Inc.**
**("Freedom and Optimum")**

332.    Answering paragraph 332, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

333.    Paragraph 333 contains legal conclusions or other conclusions or argument that require no response.  To the extent this paragraph references ¶¶ 26–29 of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants

admit that they are both subsidiaries of Elevance Health as of 2018 (*see* Doc. 33).
Freedom Defendants deny each and every other allegation.

334.    Paragraph 334 contains legal conclusions or other conclusions or
argument that require no response.  To the extent any response is necessary,
Freedom Defendants deny each and every allegation.

335.    Paragraph 335 contains legal conclusions or other conclusions or
argument that require no response.  To the extent any response is necessary,
Freedom Defendants deny each and every allegation.

336.    Paragraph 336 contains legal conclusions or other conclusions or
argument that require no response.  To the extent any response is necessary,
Freedom Defendants deny each and every allegation.

## ELEVENTH CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(B)
### Against Freedom Health, Inc. and Optimum Healthcare, Inc.
### ("Freedom and Optimum")

337.    Answering paragraph 337, Freedom Defendants reassert their answers
to the above paragraphs as if fully set forth herein.  This paragraph contains legal
conclusions or other conclusions or argument that require no response.  To the
extent any response is necessary, Freedom Defendants deny each and every
allegation.

338.    Paragraph 338 contains legal conclusions or other conclusions or
argument that require no response.  To the extent this paragraph references ¶¶ 26–29
of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are

incorporated herein.  To the extent any response is necessary, Freedom Defendants admit that they are both subsidiaries of Elevance Health as of 2018 (*see* Doc. 33). Freedom Defendants deny each and every other allegation.

339.   Paragraph 339 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

340.   Paragraph 340 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

341.   Paragraph 341 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## TWELFTH CLAIM FOR RELIEF
### Violations of 31 U.S.C. § 3729(a)(1)(G)
### Against Freedom Health, Inc. and Optimum Healthcare, Inc.
### ("Freedom and Optimum")

342.   Answering paragraph 342, Freedom Defendants reassert their answers to the above paragraphs as if fully set forth herein.  This paragraph contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

343.   Paragraph 343 contains legal conclusions or other conclusions or argument that require no response.  To the extent this paragraph references ¶¶ 26–29

of the FAC, *see* Freedom Defendants' responses to those paragraphs, which are incorporated herein.  To the extent any response is necessary, Freedom Defendants admit that they are both subsidiaries of Elevance Health as of 2018 (*see* Doc. 33). Freedom Defendants deny each and every other allegation.

344.   Paragraph 344 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

345.   Paragraph 345 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

346.   Paragraph 346 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## PLEA

347.   Answering paragraph 347, Freedom Defendants deny that Relator is entitled to the relief she seeks in this paragraph, including subparagraphs (a)–(f).

## JURY TRIAL DEMAND

348.   Paragraph 348 contains legal conclusions or other conclusions or argument that require no response.  To the extent any response is necessary, Freedom Defendants deny each and every allegation.

## AFFIRMATIVE DEFENSES

349.   Relator's claims are barred, in whole or in part, by the applicable statute

of limitations.

350.   Relator's claims are barred, in whole or in part, by the doctrine of laches.

351.   Relator's claims are barred, in whole or in part, by the doctrine of waiver.

352.   Relator's claims are barred, in whole or in part, by the doctrine of estoppel.

353.   Relator's claims are barred, in whole or in part, by her failure to mitigate damages.

354.   Relator's claims are barred, in whole or in part, by the doctrines of course of performance, course of dealing, and usage of trade, which govern the meaning of any contractual agreement under which Freedom Defendants received payment by the United States.

355.   Relator's claims are barred, in whole or in part, by failure to disclose to the United States "substantially all material evidence and information" that she possessed in violation of 31 U.S.C. § 3730(b)(2).

356.   Damages and claims for which Relator seeks relief in the FAC, if any, were caused and/or contributed to by the acts, errors, or omissions or otherwise the fault of third parties, for whose conduct Freedom Defendants are not responsible.

357.   The United States did not suffer actual injury as it ratified, or otherwise consented to, the transactions and occurrences that are the subject of this action, by continuing to pay MA Plans at a previously determined rate as long as the plans'

diagnosis coding error rates did not exceed CMS's own error rate, despite CMS's knowledge that some diagnosis codes were unsupported.

358.   The penalties and damages that Relator seeks would be an unconstitutionally excessive fine under the Eighth Amendment and Fourteenth Amendment to the United States Constitution because any award would be grossly disproportional to the gravity of Freedom Defendants' offense, if any.

359.   Freedom Defendants hereby give notice that they intend to rely upon such other defenses as may become available to them by operation of law or pursuant to statute or as a result of discovery within or without this proceeding, and hereby reserve the right to amend their answer accordingly and/or to present such additional defenses at trial, in accordance with applicable law, including, without limitation, the Federal Rules of Civil Procedure.

Dated:  October 24, 2022

Respectfully submitted,

By:  */s/ Benjamin D. Singer*

Benjamin D. Singer (Lead Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com

David M. Deaton*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc.
and Optimum HealthCare, Inc.*

* *admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Benjamin D. Singer*

Benjamin D. Singer (Lead Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

*\*admitted pro hac vice*