UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States *ex rel.* Clarissa Zafirov,

    Plaintiff/Relator,

v.                                Case No. 8:19-CV-01236-KMM-SPF

Florida Medical Associates, LLC, *et al.*,

    Defendants.

_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference telephonically on Oct. 13, 2022. Ben Singer, Elizabeth Bock, and Evan Hindman (O'Melveny & Myers LLP) attended on behalf of Freedom Health, Inc. ("Freedom") and Optimum HealthCare, Inc. ("Optimum"); Jason Mehta (Foley) and Lee Bentley (Bradley) attended on behalf of Florida Medical Associates, LLC, dba VIPCARE, Physician Partners, LLC, and Anion Technologies, LLC (collectively, "Provider Defendants"); and Frederick Morgan, Chandra Napora, Jillian Estes, and Jonathan Lischak attended on behalf of Relator Clarissa Zafirov.

2. **Deadlines and Dates**

   The parties agree that discovery will commence for all parties on the date of the filing of this Case Management Report (hereinafter, the "Discovery Commencement Date"). The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Supplementation of Rule 26(a) disclosures. *See* Fed. R. Civ. P. 26(a)(1), 26(e). | The parties agree to amend their Rule 26(a) initial disclosures originally served on October 5, 2020 by no later than December 5, 2022 (one month after the Discovery Commencement Date). |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | April 3, 2023 (five months after the Discovery Commencement Date). |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | March 15, 2024 (six weeks after the close of fact discovery). |
| Defendant's deadline for disclosing any expert report. | March 15, 2024 (six weeks after the close of fact discovery). |
| Deadline for disclosing any rebuttal expert report. | April 26, 2024 (six weeks after Plaintiffs' and Defendants' deadline for disclosing any expert report). |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | Fact Discovery to be complete on February 2, 2024 (fifteen months after the Discovery Commencement Date); Expert Discovery to be complete on August 2, 2024 (six months after the close of fact discovery). |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | October 2, 2024 (two months after the close of expert discovery). |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>The parties agree to select a mediator no later than one month before any scheduled mediation. | April 2, 2024 (two months after the close of fact discovery). |

| | |
|---|---|
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | Six weeks after the date of the Court's denying any dispositive motion. |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | Two months after the date of the final pretrial meeting. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | Three months after the date of the final pretrial meeting. |
| Month and year of the trial term. | Four months after the date of the final pretrial meeting. |

The trial will last approximately three weeks and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

This is a complex False Claims Act case currently involving five defendants and potentially complicated fact questions. Discovery will involve extensive document and witness discovery, and will involve reviewing—and protecting—protected health information and sensitive personal information, a painstaking and time-consuming process. For these reasons, the parties agree that discovery of this matter will take longer than twelve months to complete and propose a fact discovery period of fifteen months.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

3

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss, as needed, issues regarding the scope and timing for discovery.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: The parties served initial disclosures pursuant to Rule 26(a) on October 5, 2020 and agree to amend these initial disclosures by no later than December 5, 2022.

B. Discovery may be needed on these subjects: All matters within the scope of discovery as set forth in Rule 26, Fed. R. Civ. P.

C. Discovery should be conducted in phases:

☐ No.
☒ Yes; the parties propose the cutoff of fact discovery on February 2, 2024, fifteen months after the Discovery Commencement Date, followed by expert discovery.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; the parties agree that this case will require a protocol for the preservation, search, and production of electronically stored information.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). The parties agree that this case will require a HIPAA-compliant protective order.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; the parties agree that changes to the limitations on discovery will be necessary due to the complexity of the case and the number of witnesses. Because it is presently too premature to assess the number of depositions and interrogatories that will be needed, the parties agree that they will confer with one another and make good-faith efforts to negotiate

such changes as the case progresses, and will seek judicial intervention only when such efforts have reached an impasse.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

By: */s/ Elizabeth M. Bock*

Elizabeth M. Bock\*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Benjamin D. Singer (Trial Counsel)\*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com

David M. Deaton\*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900

(949) 823-6994 (fax)
ddeaton@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

\* *admitted pro hac vice*


By: */s/ Jillian L. Estes*\*\*

Jillian L. Estes (Fla. Bar No. 0055774)
Frederick M. Morgan, Jr. (OH Bar No. 27687)*
Chandra Napora (Ohio Bar No. 92886)
Jonathan Lischak (Ohio Bar No. 97669)*
MORGAN VERKAMP LLC
4410 Carver Woods Drive, Suite 200
Cincinnati, OH 45242
Phone: (513) 651-4400
Fax: (513) 651-4405
jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
Chandra.napora@morganverkamp.com
Jonathan.lischak@morganverkamp.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Clarissa Zafirov*

*\* admitted pro hac vice*
*\*\* signed with counsel's permission*


By: */s/ A. Lee Bentley, III\*\**

    A. Lee Bentley, III
    Florida Bar No. 1002269
    Kyle W. Robisch
    Florida Bar No. 113089
    Bradley Arant Boult Cummings LLP
    100 North Tampa Street, Suite 2200
    Tampa, Florida 33602
    Tel: (813) 559-5500
    Facsimile: (813) 229-5946
    Primary E-mail: lbentley@bradley.com
    Primary E-mail: krobisch@bradley.com
    Secondary E-mail: dmills@bradley.com

    *Counsel for Defendants Florida Medical Associates, LLC, dba VIPCARE, Physician Partners, LLC, and Anion Technologies, LLC*

    *\*\* signed with counsel's permission*


By: */s/ Jason P. Mehta\*\**

    Jason P. Mehta
    Florida Bar No. 106110
    FOLEY & LARDNER LLP
    100 North Tampa Street, Suite 2700
    Tampa, Florida 33602
    Tel: (813) 229-2300
    Facsimile: (813) 221-4210
    Primary E-mail: jmehta@foley.com
    Secondary E-Mail: jwilliams@foley.com

    *Counsel for Defendants Florida Medical Associates, LLC, dba VIPCARE, Physician Partners, LLC, and Anion Technologies, LLC*

*\*\* signed with counsel's permission*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Elizabeth M. Bock*

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

* admitted pro hac vice