## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

       Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC, d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

       Defendants.

Case No. 8:19-cv-01236-KMM-SPF

## STIPULATED PROTECTIVE ORDER

Pursuant to and governed by Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown and upon the Parties' Joint Motion to Enter a Stipulated Protective Order, it is HEREBY ORDERED AS FOLLOWS:

This Stipulated Protective Order ("Order") is agreed upon by (a) Dr. Clarissa Zafirov ("Relator"); (b) Defendants Physician Partners, LLC; Florida Medical Associates, LLC d/b/a VIPCare; Anion Technologies, LLC; Freedom Health, Inc.; and Optimum Healthcare, Inc. ("Defendants" together with Relator, the "Parties" and each individually a "Party"). The terms herein are binding on the Parties and any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto ("Declaration").

This Order is neither intended to broaden nor restrict the scope of discovery.

1

The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

## SCOPE OF ORDER

1.      This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the above-captioned action (the "Action"), either by a Party or a non-Party (each a "Producing Person") to any other Party or non-Party (each a "Receiving Person"), in response to or in connection with any discovery requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, documents, information and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.      This Order applies to all non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions with respect to this Action, and to the attorneys for all such non-Parties. All such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing the Declaration.

3.      Any Party or its counsel serving a discovery-related subpoena upon a non-Party for purposes of this Action shall serve a copy of this Order along with such

2

subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony produced pursuant to such subpoena according to the provisions herein.

4.      This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules").  This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

## DESIGNATING DISCOVERY MATERIAL

5.      Any Producing Person may designate Discovery Material as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," "Highly Confidential – AEO – Exclude Relator" or a combination thereof (collectively, "Designated Material"), in accordance with the following provisions:

   a.      Confidential – PHI:  A Producing Person may designate Discovery Material as "Confidential – PHI" if the Producing Person reasonably believes that the Discovery Material includes non-public personally identifying information about the medical condition or diagnosis of an

3

individual. "Confidential – PHI" shall include, but is not limited to, hospital admission forms, medical test forms, claims data, claims form, or other documents that contain any patient health information required to be kept pursuant to HIPAA, including information such as: (1) names; (2) all geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code; (3) birthdate; (4) telephone or fax numbers; (5) email addresses; (6) Social Security numbers; (7) health plan beneficiary numbers; (8) account numbers; (9) certificate/license numbers; (10) full face photographic or other comparable images; and (11) any other unique identifying numbers, characteristics or codes by which a member of the public could connect the information to an individual's health status.

b.   <u>Confidential – Business Information</u>:  A Producing Person may designate Discovery Material as "Confidential – Business Information" if such Discovery Material qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

c.   <u>Highly Confidential – Attorneys' Eyes Only</u>:  A Producing Person may designate Discovery Material as "Highly Confidential – AEO" if such Discovery Material contains financial and/or commercially sensitive data such as trade secrets, pricing proposals or projections, financial projections or modeling, profit figures, bid information, or similar categories of information that are so sensitive that the Producing Person

4

believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of such Discovery Material to persons other than those listed in Paragraph 13 would create a substantial risk of economic injury that could not be avoided by less restrictive means. The "Highly Confidential – AEO" designation does not apply to Relator and Relator is not foreclosed from viewing any Discovery Material so designated.

d.   <u>Highly Confidential – Attorneys' Eyes Only – Exclude Relator</u>:   A Producing Person may designate Discovery Material as "Highly Confidential – AEO – Exclude Relator" if the Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of particular Discovery Material to Relator would create a substantial risk of economic injury that could not be avoided by less restrictive means. In the event a Producing Person believes Discovery Material should be designated as "Highly Confidential – AEO – Exclude Relator," the Producing Person shall designate the Discovery Material and share that Discovery Material with Relator's counsel with an explanation of what the Discovery Material is and why the Producing Person believes it should be so designated, including an articulation of the unavoidable particular harm that would result of the Discovery Material were viewed by Relator.

5

e.   <u>Discovery Material With Two or More Designations</u>: A document or item which contains material subject to multiple designation should be marked with all applicable designations. For example, a document which is marked as "Confidential – PHI" will not be presumed to contain "Confidential – Business Information" or "Highly Confidential – AEO" material, and a document which is marked "Confidential – Business Information" will not be presumed to contain "Highly Confidential – AEO" material unless so designated in accordance with this Order.

f.   <u>Inquiring About Specific Designated Material:</u>  A Receiving Person may submit a request in writing for a Producing Person to identify which portions of a document are Designated Material, including what portions are subject to which designations if the document contains multiple designations, if it determines in good faith that the need for such specific information outweighs the burden of providing it.  Within fourteen (14) days, the Producing Person shall indicate which portions of the document are Designated Material and which portions are subject to which designation, if applicable.  The Parties specifically reserve the right to seek modification of this process if requests made pursuant to this Paragraph are unduly burdensome.

6.   <u>Deposition Testimony</u>: Counsel for any Party may designate any portion of any deposition as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO, " "Highly Confidential – AEO – Exclude Relator"  or

any combination thereof by stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated, or providing written notice within thirty (30) days of the Party's or non-Party's receipt of the transcript from the court reporter that the relevant portion(s) of such transcript is so designated.  If a deponent is represented by independent counsel at a deposition, that counsel may designate any portion of their client's testimony under the same as counsel for a Party as set forth in this Paragraph. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided herein. Until expiration of the 30-day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts in their entirety shall be considered and treated as though it was Designated Material unless otherwise agreed on the record at the deposition. If any deposition testimony is designated as Designated Material, the court reporter shall affix the appropriate legend on the face of the transcript (or on the face of the storage of any audio or video recordings) and shall indicate in a prominent place the specific pages and/or exhibits that have been so designated. Nothing in this Paragraph shall preclude the witness from reviewing their deposition transcript.  If a deposition or  a portion of a deposition is designated during the deposition, upon notice by the Designating Person, persons not entitled to receive the information shall be excluded from the portion of the deposition so designated.  In advance of any deposition, any counsel planning to rely on Designated

Material shall use best efforts to inform the other Parties of their intent to use such Designated Material.

7.     <u>Manner of Designation</u>:  Unless the form of a document or thing makes such marking impractical, any Designated Material shall be designated by the Producing Person as such by marking every such page "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," and/or "Highly Confidential – AEO – Exclude Relator."  Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" by putting the designation on a placeholder document.  Natively produced documents shall include the confidentiality designation on the slip-sheet and in the filename. Responses to Requests for Admission and Interrogatories shall be deemed protected under this order if the response starts with "This response is designated" and includes a confidentiality designation described in this Order.

8.     <u>Inadvertent Failure To Designate</u>:  In the event that a Producing Person inadvertently produces "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" material without being so designated ("<u>Misdesignated Material</u>"), the Producing Person may later correct the error by notifying the Receiving Person in writing and providing a replacement document with the proper designation. Upon the Producing

Person's identification of such Misdesignated Material to the Receiving Person, the Receiving Person shall return or destroy all previously produced copies of such Misdesignated Material and take reasonable steps to ensure that the information is treated with the proper designation from that time forward.  All parties are obligated to make a good faith effort to accurately designate all Discovery Material in the first instance, but a party shall not be required to prove inadvertence as part of any correction of any errors in designation.

9.    <u>Effect of Late Designation of Discovery Material</u>:   The failure to designate particular Discovery Material as "Confidential – PHI," "Confidential – Business Information,"  "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" at the time of production shall not operate to waive a Producing Person's right to later so designate such Discovery Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.

10.    <u>Designation of Previously Produced Discovery Material</u>:  To the extent that any Party has produced Discovery Material pursuant to an informal confidentiality agreement pending the entry of this Order, such Party shall have thirty (30) days following the entry of this Order to re-designate such material in compliance with this Order.

## **USE AND DISCLOSURE OF DESIGNATED MATERIAL**

11.    <u>General Limitations on Use and Disclosure of all Designated Material:</u>

All Designated Material shall be limited to use by the Receiving Person to this Action.

The Receiving Person shall not use, disclose or disseminate Designated Material for

any purpose beyond this Action, such as in any other litigation or judicial proceedings,

or for any business, competitive, governmental, commercial, or administrative

purpose or function, unless otherwise ordered by a Court as set forth in Paragraph 16.

"This Action" includes judicial and appellate proceedings related to this Action

and/or until expiration of time to commence such proceedings.  For purposes of this

Paragraph, "use" means more than the mere use of one's knowledge that documents

exist and instead requires the reliance on or utilization of the content within the

documents themselves.

12.    <u>Limits on Disclosure of "Confidential – PHI" and "Confidential – Business Information"</u>: Discovery Material designated as "Confidential – PHI" and

"Confidential – Business Information" shall be given, shown, made available, or

communicated only to the following:

a.    Parties;

b.   The United States Department of Justice and the United States Department of Health and Human Services for the purpose of those entities discharging their official duties and/or obligations[1];

c.   Employees of Defendants to whom disclosure is reasonably necessary for the prosecution or defense of this Action;

d.   Counsel for the Parties, both outside and inside counsel, and any staff working at the direction of counsel in this Action;

e.   Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically consulted or retained by the signatories to this Order as consultants or experts in this Action, and who have signed the Declaration;

f.   Any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, and outside counsel for any such person, in preparation for his or her noticed deposition, hearing, or trial testimony in this Action where such Designated Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony. The persons identified in this Paragraph will not be

---

[1] If the United States Department of Justice receives a request from a third party for Designated Material, it will use best efforts to notify the Producing Person seven (7) days before responding to any such request and to notify the third party that the documents were initially produced subject to this Order.

permitted to retain copies of such Designated Material and the Party taking the deposition will use best efforts to ensure that the witness or deponent signs the Declaration;

g.  Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with this Action;

h.  Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

i.  The Court, its officers and clerical staff in any judicial proceeding that are related to or may result from this Action;

j.  Any mediators or other alternative dispute resolution professionals who have been retained in connection to this Action and who have signed the Declaration; and

k.  Any other person or entity to whom disclosure is reasonably necessary for the prosecution or defense of this Action based on a good faith determination by the Receiving Person, to whom the Producing Person has consented (consent shall not be unreasonably withheld), and who has signed the Declaration.

13.  <u>Limits on Disclosure of "Highly Confidential – AEO"</u>: Discovery Material designated as "Highly Confidential – AEO" shall be given, shown, made available, or communicated only to the categories of individuals and entities identified in Paragraph 12 (b), (e), (g) – (j), along with:

12

a.   Relator;

b.   Outside counsel for the Parties retained for this Action, and staff working at the express direction of all such outside counsel;

c.   Any person who is the author, addressee or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who has or previously had access to such document during his or her employment as a result of the substantive nature of his or her employment position (unless the person indicates that he or she did not have access to the document);

d.   For purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, and outside counsel for any such person, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith (i) to be necessary to the anticipated subject matter of testimony and (ii) that doing so would not cause competitive harm provided, however; that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this Paragraph will not be permitted to retain copies of such Highly Confidential Material (however, outside counsel shall be permitted to retain a single copy of Designated Material as part of a working file that will be subject to the provisions of this Order governing destruction of

13

evidence at the conclusion of the litigation) and shall be required to sign the Declaration;

e.    Any adverse witness or non-Party witness during the course of a deposition, and outside counsel for any such person, where counsel questioning the witness reasonably and in good faith believes that (i) questioning the witness regarding the document is necessary for the subject matter of testimony; (ii) doing so would not cause competitive harm and (iii) if the witness is a non-Party, then such witness has signed the Declaration. Any party serving a subpoena for the deposition of a non-Party shall serve (1) a copy of this Order, with attached Declaration, and (2) a Notice that the witness may be shown and asked about one or more documents that are subject to the Order, and that if the witness has any objection to signing the Declaration, the witness or counsel for the witness is requested to so inform the party serving the subpoena within a reasonable time before the date of the deposition and to meet and confer in good faith to attempt to resolve any issue with regard thereto.

14.    <u>Limits on Disclosure of "Highly Confidential – AEO – Exclude Relator"</u>: Discovery Material designated as "Highly Confidential – AEO – Exclude Relator" shall be given, shown, made available, or communicated only to the categories of individuals entitled to review documents designated "Highly Confidential – AEO" except for Relator.

14

15.     <u>Prerequisite to Disclosure of Designated Material</u>:  Designated Material shall not be disclosed to any person required hereunder to execute the Declaration in order to receive Designated Material until such person or their representative shall be provided with a copy of this Order and shall execute the Declaration.  Each such Declaration shall be retained in the files of counsel for the Party who has given such access to the Designated Material.

16.     <u>Third Party Disclosure of Designated Material</u>:  Any Receiving Person may disclose Designated Material if such disclosure is pursuant to the requirement or request of a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order. If such a request is received, the Receiving Person shall give notice to the Producing Person of any such requirement or request as promptly as possible so that the Producing Person may seek a protective order or other appropriate remedy. Such notification shall include a copy of the subpoena or court order.  If the Producing Person seeks a protective order before the date on which the Receiving Person is required to respond, the Receiving Person served with the subpoena or court order shall not produce any Designated Material before a determination by the body from which the subpoena or order issued, unless the Receiving Person has obtained the Producing Person's permission. The Producing Person shall bear the burden and expense of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in this Action to disobey a lawful directive from

another court.  In the event that such protective order or other remedy is not obtained, or the Producing Person waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Designated Material which it is legally required to produce and will inform the party serving the subpoena that the Designated Material is confidential pursuant to this Order.  Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Person any notice of any anticipated disclosure if such notice is prohibited by law.

17.     <u>Use of Designated Material in Court Proceedings</u>:  Any Party may redact any material designated as "Confidential – PHI" and use that material in court proceedings without first seeking the Producing Person's consent or leave of court. Any Party seeking to disclose Discovery Material designated as "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" in any document or brief filed with the Court will either redact all such Designated Material, or if consideration of the Designated Material is necessary, then the filing Party will file a motion to file such Designated Material under seal ("<u>Motion to Seal</u>"). If the Designated Material is subject to a written objection under Paragraph 20 of this Order that has been made more than seven (7) days before the filing, then filing Party's Motion to Seal will state the basis for the objection and inform the Court that the Producing Person will file a supplemental motion to seal within five (5) days or the Court should deny the filing party's motion and not seal the Designated Material. If the Designated Material is subject to a written objection under Paragraph 20 of this Order that has been made seven (7) or less days before the filing, the filing

Party's Motion to Seal will state the basis for the objection and inform the Court that the Producing Person will file a supplemental motion to seal within ten (10) days or the Court should deny the filing Party's Motion to Seal and not seal the Designated Material. The filing Party shall serve this Court and counsel for all Parties with unredacted courtesy copies of the Motion to Seal. If the Court determines that any such documents filed under seal as described in this Paragraph were not properly designated as Designated Material and denies the Motion to Seal in part or in whole, the filing Party will file unredacted versions of the applicable documents as directed by the Court notwithstanding any other provisions of this Order.

## **GENERAL PROVISIONS**

18.     <u>Non-waiver:</u> Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

19.     <u>Unauthorized Disclosure of Designated Material:</u>   In the event of a disclosure by a Receiving Person of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, whether by inadvertence or otherwise, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this

Order and request the recipient to execute the Declaration;  (ii)  make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

20. <u>Manner of Objecting to Designated Material</u>:  The Receiving Person may, at any time, notify the Producing Person that the Receiving Person does not concur in the designation of a document or other material as "Confidential – PHI," "Confidential – Business Information," or  "Highly Confidential – AEO."

a. To make such an objection, the Receiving Person shall: (1) identify the specific Bates number for each Designated Material subject to the objection, or may identify a range of Bates numbers if all of the documents within that range are objected to for the same basis, and (2) describe in writing the basis for each challenge to the designation (the "<u>Objection Letter</u>") which such writing can be transmitted by electronic mail or in hard copy.

b. Upon receipt of an Objection Letter, the Producing Person shall provide a specific explanation within seven (7) days as to the basis for each designation (the "<u>Explanation Letter</u>").  If the Explanation Letter does not resolve the dispute, the Receiving Person and the Producing Person

18

shall meet and confer in good faith to attempt to resolve the issues no more than seven (7) days from the date of the Explanation Letter.

c. If the Parties cannot reach an agreement during the meet and confer, the Receiving Person may move the Court for an order declassifying those documents or materials. If the Receiving Person makes such a motion to the Court, the burden of proof justifying the need for the designation remains on the Producing Person; only the burden of raising the issue of confidentiality with respect to the individual documents is on the Receiving Person. At all times, the Producing Person bears the ultimate burden of proof with respect to any confidentiality designation. In deciding a motion seeking to declassify Designated Material, the Court shall determine whether the challenged information, under applicable law, is in fact entitled to confidential treatment and shall not be restricted by the definitions contained herein. The Parties specifically reserve the right to seek modification of this process if any Person unreasonably designates materials as Designated Material and/or does not meaningfully engage in the meet-and-confer process so as to abuse the burden placed on the Receiving Person.

d. Until the Court rules on such issue or the Producing Person agrees in writing to withdraw the challenged designation, the Designated Material shall continue to be treated as designated.

e.    With respect to any material that ceases to be designated by agreement or Court order, the Producing Person shall, at its expense, provide to each Party to whom the material has been produced additional copies of such material with the challenged confidentiality designations removed.

f.    If a Producing Person seeks to designate material as "Highly Confidential – AEO – Exclude Relator" as provided for in Paragraph 5(d), the Producing Person and Relator's counsel will confer in good faith about the propriety of and need for such designation. If, after completion of the meet-and-confer, Relator's counsel disagrees with the Producing Person's application of the "Highly Confidential – AEO – Exclude Relator" designation, the provisions of Sections (c) – (e) of this Paragraph shall apply; provisions (a) and (b) of this Paragraph do not apply. Relator's counsel shall withhold the document from Relator until the issue is resolved by the Court.

21.    <u>Timing of Objections to Designated Material</u>:  A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation of Discovery Material as Designated Material during the discovery period shall not be a waiver of that Person's right to object to the designation at trial.

22.    <u>Non-waiver of Privileged Discovery Material</u>:   The production of privileged or work-product protected documents, electronically stored information or

information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply. In the event that a Party asserts that it failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the Producing Person's intent to assert a claim of privilege or work product over such materials. Upon such notice, if the Receiving Person intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the Producing Person, the Receiving Person: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Party disclosed it before being notified. The Receiving Person must follow the same steps as set forth in Paragraph 20 for the procedure to challenge the designation of Designated Material. The burden of persuasion shall be on the party asserting the claim of privilege or other protection to show that the information is privileged or otherwise protected.

23. <u>Obligations Following Conclusion of This Action</u>: At the conclusion of litigation, any Designated Material and any copies thereof shall be promptly (and in no event later than ninety (90) days after entry of final judgment no longer subject to appeal) returned to the Producing Person or destroyed, except that the parties' counsel

shall be permitted to retain their working files. The term "working files" means a set of pleadings and documents filed with the Court, discovery requests and corresponding objections and responses sent by any Party as part of this litigation, transcripts of court proceedings for this litigation, transcripts of depositions taken by any Party in connection to this litigation, any retained expert report prepared for this litigation pursuant to Rule 26(a)(2)(B), and any Designated Material that has become embedded with the attorneys' work product. Counsel shall search and delete any Designated Material that are not otherwise part of the working file, but the unintentional failure to delete all Designated Material will not be a violation of this order. With respect to active email boxes, counsel's obligations under this Paragraph are satisfied by searching for the terms used to identify Designated Material as set forth in Paragraph 5 of this Order, and relying upon the results of those searches to delete Designated Material that is not part of the working file. This Paragraph does not require manual searching (meaning a document-by-document or email-by-email review) or searching of archived emails or back-up files. Nothing in this Paragraph requires a Receiving Person to locate and destroy information that may reside on their electronic disaster recovery systems. Nothing in this Paragraph shall require a Receiving Person to return or destroy Designated Material if the Receiving Person had rights independent of this Order to possess or use the Designated Material. All

Designated Material retained for any reason will continue to be subject to this Order after the termination of this case.[2]

24.     <u>Amendment of Stipulated Protective Order</u>:  This Order may be altered or modified only by written agreement of the Parties or by order of the Court.   Each of the Parties expressly reserves its right to seek further amendment to this Order to the extent that a Producing Person determines that information requires additional, different, or heightened protection.

25.     <u>Use of Designated Material by Producing Person</u>:  Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way; however, a Producing Person's use of Designated Material in a manner not consistent with the terms of this Order serves as a waiver of that designation and the Receiving Person may use the material in the same manner as the Producing Person. Nothing in this Order prevents the disclosure of Designated Material by any Party with the express written consent of the Producing Person that designated the material; a Producing Person's consent for one Party to disclose Designated Material serves as consent for any other Party to use the same Designated Material in the same manner.

---

[2] To the extent Designated Material was provided to the United States and the United States has signed the Declaration, the United States will return or destroy such materials pursuant to Paragraph 23 to the extent permissible by law.

26.    <u>Prior Agreements</u>:    The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

27.    <u>Severability</u>:  To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

28.    <u>Enforcement</u>:  Violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions.

29.    <u>Jurisdiction</u>:  By signing below, the signatories to this Order consent to jurisdiction in the Middle District of Florida for any action seeking to enforce the terms of this Order after the conclusion of this litigation.

30.    <u>Authority</u>:  By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

Dated:  06/16/2023                              Dated:

By: ___/s/ Jillian Estes_____                   By:___/s/ Benjamin D. Singer_

Frederick M. Morgan, Jr. (OH Bar No.           Benjamin D. Singer
0027687)                                        O'MELVENY & MYERS LLP
Jennifer M. Verkamp (OH Bar No.                1625 Eye Street NW
0067198)                                        Washington, DC 20006
Jillian L. Estes (FL Bar No. 0055774)          (202) 383-5300
MORGAN VERKAMP LLC                              (202) 383-5414 (fax)
4410 Carver Woods Dr., Suite 200               bsinger@omm.com
Cincinnati, OH 45242
Telephone: (513) 651-4400                       David Deaton*
Fax: (513) 651-4405                             O'MELVENY & MYERS LLP

24

Email: rmorgan@morganverkamp.com
jverkamp@morganverkamp.com
jillian.estes@morganverkamp.com

Kenneth J. Nolan (FL Bar No. 603406)
Marcella Auerbach (FL Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL   33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (FL Bar No. 985635)
Havan M. Clark (FL Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Dr. Clarissa Zafirov, M.D.*

610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc.; and Optimum HealthCare, Inc*

Dated: 06/16/2023

*/s/ Jason Mehta*
Jason Mehta (FBN: 106110)
Primary Email: jmehta@foley.com
Secondary Email: dmills@foley.com
Natalie Hirt Adams (FBN: 1030877)
Primary Email: nhadams@foley.com
Secondary Email: dmills@foley.com
**Foley & Lardner LLP**
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810

Telephone: (813) 229-2300
Facsimile: (813) 221-4210

*Attorneys for Defendants Florida Medical Associates, LLC d/b/a VIPcare; Physician Partners, LLC; and Anion Technologies, LLC*

Dated: _____, 2023          **SO ORDERED:**

                                       _____
                                       United States District Judge

## **Exhibit A**

## **DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this "Declaration") that:

I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order (the "Order") relating to this action.  I further certify that I will not use Designated Material for any purpose other than this Action and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material.  I agree to be bound by the terms and conditions of the Order.

I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

I acknowledge and agree that I am aware that by receiving Designated Material (a) I may be receiving material non-public information about companies that issue securities, and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of

such companies as a result of the receipt of such information.

I understand that my failure to abide by the terms of the Order entered in the Action may subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____          Signature: _____