UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV, <br><br> Plaintiff and Relator, <br><br> v. <br><br> PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC., <br><br> Defendants. | ) ) ) ) ) ) ) No. 8:19-cv-01236-KKM-SPF ) ) ) ) ) ) ) ) ) |

**RELATOR'S MOTION TO COMPEL DISCOVERY FOR THE FULL TEMPORAL SCOPE OF THE AMENDED COMPLAINT**

**I.     INTRODUCTION**

Relator Dr. Clarissa Zafirov alleges that, beginning in at least January 2014, Defendants Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC, Florida Medical Associates, LLC d/b/a VIPCare and Anion Technologies, LLC acted in concert to falsely increase the risk adjustment scores of thousands of Medicare Advantage patients for the purpose of obtaining more funding from the United States than was rightfully owed. ECF No. 86, "Amended Complaint." Relator was a family medicine physician employed by Defendant Physician Partners who refused to capitulate to financial and personal pressure to apply unsupported diagnosis codes.

1

In 2022, following this Court's denial of Defendants' motions to dismiss Relator's Amended Complaint (ECF No. 124), the parties began to engage in the discovery process – exchanging written requests and negotiating at great length the contours of a Stipulated Protective Order and an ESI Protocol Agreement. While the Parties have made headway on many issues in dispute, Defendants have refused to produce records which relate to the full temporal scope of Relator's allegations. Defendants instead unilaterally set temporal parameters which are not supported by case law nor the law of this case, bear no relation to the allegations of the Amended Complaint, and are internally inconsistent with one another. As a result, and for the reasons set forth herein, Relator respectfully moves this Court to compel Defendants to produce responsive discovery from January 1, 2014 through September 12, 2022.

## II.   DISCOVERY REQUESTS AT ISSUE

Virtually every discovery request propounded by all parties in this case is impacted by the temporal scope request. Specifically, Relator served Requests for Production on Defendants Freedom and Optimum jointly, and on Defendants Physician Partners, VIPCare and Anion on Dec. 15, 2022. Ex. A1-A4, Relator's First Requests for Production to Defendants. The Requests for Production ("RFPs") each included an identical instruction regarding temporal scope: "Except as otherwise expressly provided herein, the relevant time period for purposes of these document requests is January 1, 2014, to the present."

Defendants Physician Partners, VIPcare and Anion responded to Relator's RFPs on February 17, 2023. Each response included an identical objection regarding temporal scope, varying only with the name of the responding defendant:

> [Physician Partners] objects that the Requests seek documents from the time period going back to **January 1, 2014**, which is overly broad, irrelevant, and not proportional to the needs of the case, in that this time period extends both before and after the period of Relator's employment. Accordingly, [Physician Partners] objects to producing, and will not agree to produce, documents dated prior to October 2018 or after May 2019. When [Physician Partners] refers to the "relevant time period" or "relevant time frame" in its responses to Requests herein, it means the period between October 1, 2018 and May 31, 2019.

Ex. B, Physician Partners, LLC's Responses to Relator's First Requests for Production, at pg. 5 (emphasis in original); Ex. C, Florida Medical Associates, LLC d/b/a VIPCare's Responses to Relator's First Requests for Production; Ex. D, Defendant Anion Technologies, LLC's Responses to Relator's First Requests for Production.

Defendants Freedom and Optimum jointly responded to Relator's RFPs on February 23, 2023. Within 28 pages of general objections was the following objection regarding temporal scope:

> Freedom Defendants object to Instruction 11 as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent that it instructs that the relevant time period for the Requests is "from January 1, 2014, to the present." Specifically, this Instruction requires Freedom Defendants to produce documents from before January 24, 2018. Freedom Defendants further object to this Instruction as vague and ambiguous, as the Instruction does not define the term "present." For purposes of responding to the Requests, Freedom Defendants interpret the phrase "the present" to mean March 31, 2020. For purposes of responding to the Requests, Freedom Defendants will treat the relevant time period as January 24, 2018 to March 31, 2020.

Ex. E, Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Responses and Objections to Relator's First Requests for Production, at pg. 28.

Because each Defendant included their objections regarding temporal scope in their general objections, the dispute spans all included discovery requests. Relator and Defendants have met and conferred at length regarding Defendants' responses and objections to Relator's requests for production, and have narrowed the outstanding issues considerably. Some defendants have recently begun limited document production documents,[1] but most of the production – including the negotiation of search terms – has been waylaid by the temporal scope dispute.

Despite numerous phone conferences and the exchange of position and potential compromise letters, the parties have been unable to come to an agreement on the temporal scope of discovery in this matter. The parties reached a final impasse on this issue on August 1, 2023. This motion follows.

## III.   ARGUMENT

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, is construed broadly to include any matter that "bears on, or that reasonably could lead to other matter that could bear

---

[1] Defendant Freedom produced 138 documents consisting of 135 written internal policies and three compliance letters on July 6, 2023. Defendant Physician Partners produced 103 documents consisting of group participation agreements, training materials and patient records on August 1, 2023. Defendants VIPcare and Anion have not produced any documents as of the date of this motion. Relator anticipates that the parties will need to seek future guidance from the Court regarding a revised discovery schedule based on the pace of production.

4

on, any issue that is or may be in the case." *Gov't Emples. Ins. Co. v. Martineau*, No. 8:19-cv-1382, 2020 U.S. Dist. LEXIS 78816, at *2-3 (M.D. Fla. May 5, 2020), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). For the proportionality inquiry, the court considers factors enumerated by Rule 26(b)(1), Fed. R. Civ. P.: "the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The trial court "is given wide discretion in setting the limits of discovery" and "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). When a discovery request has been propounded, "the party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome." *Benavides v. Velocity IQ, Inc.*, No. 8:05-cv-1536, 2006 U.S. Dist. LEXIS 14777, at *6 (M.D. Fla. Mar. 15, 2006).

### A. This Court has already determined that Relator's Amended Complaint sufficiently alleged a fraudulent scheme beginning in January 2014.

On Nov. 11, 2021, Relator filed an Amended Complaint which alleged "manipulation of the Medicare Advantage program from **January 2014 through the present** by one of Florida's largest healthcare providers . . . and two insurance companies, Defendants Freedom Health, Inc. ('Freedom') and Optimum Healthcare, Inc. ('Optimum')" ECF No. 86 at ¶ 1, emphasis supplied. Defendants responded with

5

motions to dismiss, both of which acknowledged the scope of Relator's allegations and recognized that discovery would be permitted on the full span of the fraudulent scheme if the motions were denied. ECF No. 97 at 12 ("Relator seeks to sweep more than seven years of patient visits into a single lawsuit, and no doubt hopes to seek expansive, costly, and burdensome discovery of conduct she has insufficiently put at issue in the FAC"); ECF No. 98 at 26 ("Allowing Zafirov to sweep seven years of visits into a single lawsuit and impose costly and burdensome discovery on the Defendants based on sparse information would contravene the gatekeeping requirement of Rule 9(b)").

The Court denied Defendants' motions to dismiss in full and gave no credence to Defendants' assertion that allowing discovery on seven years of false claims would be unduly burdensome. ECF No. 124. Specifically, the Court found that Relator's allegations readily satisfied Rule 9(b):

> [Relator's] patient-specific allegations – and the others in the Amended Complaint – go far beyond a simple 'portrayal of the scheme' and a 'summary conclusion that the defendants submitted false claims to the government for reimbursement. Far from relying on bald statements, rumors or conjectures, Zafirov's detailed allegations derived from her personal knowledge of the Provider Defendants' medical records and her access to the MA Defendants online portal for physicians provide the requisite 'indicia of reliability.'

*Id*. at 13 (internal citations omitted). The Court also found that Dr. Zafirov pled reverse false claims allegations with specificity, noting, "the Amended Complaint also provides multiple specific patient examples, along with the surrounding factual context and documentation, where the Provider Defendants, the MA Defendants, or both 'had

6

knowledge of the falsity of their codes and failed to submit correct codes pursuant to their overpayment obligations.'" *Id.* at 16.

### B. Having pled her allegations with specificity, Relator is entitled to discovery on the entire fraudulent scheme.

Where, as here, "a relator pleads a complex and far-reaching fraudulent scheme with particularity, and provides examples of specific false claims submitted to the government pursuant to that scheme, a relator may proceed to discovery on the entire fraudulent scheme." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 510 (6th Cir. 2007). This is precisely the posture of this case: Defendants raised arguments in their respective motions to dismiss that the Amended Complaint was not sufficiently pled and that discovery would be unduly burdensome; the Court denied those motions *in toto.* Thus, Relator is entitled to conduct discovery which spans the full scope of the allegations of the complaint. *United States ex rel. Walker v. R & F Props. of Lake Cnty., Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005) (examining Amended Complaint to determine appropriate temporal scope limitations); *United States ex rel. Hinkle v. Caris Healthcare, L.P.*, No. 3:14-CV-212-TAV-HBG, 2017 U.S. Dist. LEXIS 130516, at *5 (E.D. Tenn. Aug. 16, 2017) (finding temporal scope of discovery to correspond to the allegations in the Complaint).

Moreover, the proper scope of discovery is not limited to the term of Relator's employment or by the years of the representative examples found in Relator's First Amended Complaint. *United States ex rel. McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133, 2013 U.S. Dist. LEXIS 136387, at *19 (S.D. Ind. Sept. 24, 2013) ("It is unreasonable…to impose a limit on discovery and recovery in *qui tam* cases to specific examples of

7

fraudulent behavior that relators were able to describe in their complaint when – as in this case – the complaint describes a general fact pattern of alleged fraudulent behavior supported by specific examples of that behavior. The court sees no good reason to prevent a relator from discovering other examples of behavior substantially similar to those described in the complaint and that similarly fit the pattern of conduct on which the complaint is focused"); *Walker*, 433 F.3d at 1358-59 (holding district court committed reversible error when it "misconstrued the False Claims Act" in "limit[ing] discovery to the term of Walker's employment").

### i. The appropriate start date is January 1, 2014.

As set forth herein, the Amended Complaint alleges conduct beginning on, at least, January 1, 2014. ECF No. 86 at ¶¶ 1, 34. This date is well within the statute of limitations on which Relator was permitted to bring False Claims Act allegations when she filed this case on May 20, 2019. 31 U.S.C. § 3731(b). Relator need not have set forth any specific claims which occurred in 2014 in order for discovery on the full date range to be appropriate. *Holland v. Davita, Inc.*, No. 6:17-cv-1592, 2020 U.S. Dist. LEXIS 257849, at *11-13 (M.D. Fla. Dec. 11, 2020) (permitting discovery for eight-year period beginning in 2011 where Relator's Second Amended Complaint alleged that the fraudulent conduct occurred since "at least 2011," even though the specific examples in the complaint began in 2015); *Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002, 2014 U.S. Dist. LEXIS 89357, at *19-20 and n.10 (M.D. Fla. July 1, 2014) (recognizing

that the defendants were compelled to produce discovery relating back to 2002 even though the relator's pleadings did not identify false claims that occurred prior to 2007).

Permitting discovery for the dates pled in the Amended Complaint, even if the representative examples do not extend to those dates, is particularly appropriate where the conduct "appears to have not changed substantially over time." *Sardis v. Home Depot U.S.A., Inc.*, No. 8:16-cv-739, 2017 U.S. Dist. LEXIS 215090, at *6 (M.D. Fla. Apr. 19, 2017)(allowing discovery for a period five years prior to the incident at issue where the underlying conduct); *United States ex rel. Fiederer v. Healing Hearts Care, Inc.*, No. 2:13-cv-1848, 2014 U.S. Dist. LEXIS 131176, at *14 (allowing discovery for six years because information about the defendants policies and procedures "provide[] a plausible allegation that the alleged illicit activity occurred in the past").

Here, there is no indication that Defendants' conduct has changed over time. Relator was in a position to review medical records which included billing and coding information from years prior, and nothing about her observations suggested that Defendants' efforts to manipulate risk adjustment scores were new or different than they had always been. For example, the Amended Complaint describes Patient R – a patient for whom Freedom repeatedly submitted codes reflecting chronic lymphocytic leukemia ("CLL") from 2015-2017, even though the patient did not receive any treatment or even receive a referral for CLL. ECF No. 86 at ¶ 295. The Amended Complaint also describes Patient A, whose medical records indicate that Physician Partners was paid by Freedom in 2016 for a "complete traumatic amputation of the foot," despite the patient still having

9

both feet when Dr. Zafirov treated her in 2019. *Id.* at ¶ 293. Accordingly, the allegations in the Amended Complaint reflect a consistent course of fraudulent conduct by Defendants, and Relator is entitled to discovery of the entire fraudulent scheme that she has alleged, beginning on January 1, 2014.

### ii. The appropriate end date is September 12, 2022.

This Court has recognized that the Amended Complaint alleges an ongoing scheme. *See* ECF No. 11 ("The relator alleges a widespread, fraudulent scheme in which managed-care entities and healthcare providers act in concert to bilk the public fisc and otherwise injure the public. If true, the activity presents an **ongoing** and serious injury to the public")(emphasis added). However, Relator recognizes the utility of setting a date-certain as the end date for the scope of discovery. Recent case law from this District supports closing the temporal scope on Sept. 12, 2022 – the date that this Court denied Defendants' motions to dismiss:

> Regarding the temporal scope of discovery, the Court finds that an appropriate end date is the date the Court denied Defendant's Motion to Dismiss Relator's Second Amended Complaint, December 7, 2020. As other Courts have noted in addressing discovery in cases brought under the False Claims Act, "[i]t is not manageable to permit the continued discovery of patient records, experts' reviews of them, and deposition testimony about them through trial." *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896, 906 (S.D. Ind. 2018). Thus, based on the allegations contained in the SAC, and having considered what is proportional to the needs of this case, the Court sets January 1, 2014 through December 7, 2020 as the relevant time period for discovery purposes at this time.

*Girling v. Specialist Doctors' Grp., LLC*, No. 8:17-cv-2647, 2021 U.S. Dist. LEXIS 258848, at *8-9 (M.D. Fla. Feb. 3, 2021).[2] C*onroy*, upon which *Girling* relies, further explains the rationale:

> The date the plaintiffs filed their sealed complaint is not appropriate because the nature of the allegations is that the scheme was ongoing, and the complaint was not even served on the defendants until years after it was filed. The dates that the plaintiffs left their employment at Evansville Hospital are not an appropriate touchstone; some courts have chosen that date because it marks the end period that a relator had "direct and independent" knowledge of the alleged fraud, harkening to the original source requirement under the FCA. But as explained above, grafting original source concepts onto discovery is not appropriate…
>
> The court finds that an appropriate end date is the date the court entered its ruling on the defendants' motion to dismiss and established the claims that survived Rules 12(b)(6) and 9(b). Although picking any end date is somewhat arbitrary, this end date is a proxy for establishing a reasonable period of overall time (about 6 1/2 years for claims from March 23, 2010, through September 30, 2016) that is manageable for discovering information about Evansville Hospital's alleged fraudulent Medicare claims.

*Conroy*, 307 F. Supp. 3d at 906-07.

*Girling* also relies upon *United States ex rel. Walker v. R & F Props. of Lake Cnty., Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005). In *Walker*, the relator was employed by the defendant for just over two years – February 1997 through May 1999. The *Walker* court noted that "the operative pleading in this case demonstrates that Walker alleged that

---

[2] Other relatively recent case law supports a later date – the date the defendants respond to the discovery requests. *Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Props.*, No. 2:16-cv-206, 2018 U.S. Dist. LEXIS 227860, at *3-4 (M.D. Fla. Aug. 21, 2018)(compelling production of responsive documents from one year before plaintiff became tenant of defendant through date of the defendants' responses to the document requests, resulting in thirteen-year period of discovery from 2005 through 2018). Because *Girling* is a False Claims Act case and therefore more akin to this case, Relator is not relying on *Wave Length Hair Salons*, but notes that such a time frame is well within the Court's discretion.

11

LFM submitted false claims from at least the time of Walker's hiring into the undefined future." *Walker*, 433 F.3d at 1359. Based on its review of the allegations of the complaint, the *Walker* court concluded that the appropriate end-date for discovery was through the date of the original complaint, creating a discovery span of roughly seven years. However, subsequent courts have noted that the *Walker* decision to limit discovery after filing of the complaint was made "without explanation" and that "courts have recognized that a party who alleges a continuing scheme may seek discovery past the filing of the original complaint, based upon the particular allegations and the factual circumstances of the case." *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F.Supp.3d 1340, 1354 n.15 (N.D. Ga. Nov. 25, 2015) (collecting cases).

Here, if the Court is inclined to look to the filing of a complaint after the end of employment as a parallel to *Walker*, the filing of Relator's Amended Complaint on November 12, 2021 is the equivalent date. Relator's original complaint is not analogous to the *Walker* complaint because, unlike in *Walker*, Relator was still employed at the time of filing her original complaint on May 20, 2019, and her Amended Complaint includes allegations describing the fraud scheme and providing specific examples of the scheme that post-date the original complaint. *See, e.g.*, ECF No. 86 at ¶ 96, describing Regional Director telling Relator to "do whatever needs to be done" to increase risk scores and lower costs" in Sept. 2019; ¶¶ 222-229, describing submissions of false claims for Patient J in 2019-2020.

Employing the fact-specific, case-by-case assessment required for making a temporal scope assessment, Relator asserts that the allegations and factual support underlying this case are more akin to the allegations and support in *Girling* than *Walker*. For this reason, the most appropriate date to end the temporal scope of discovery is September 12, 2022.

## IV.  CONCLUSION

For the reasons set forth herein, Relator respectfully requests that this Court compel the production of all discovery in this matter with a temporal scope of January 1, 2014, through September 12, 2022.

Respectfully submitted this 8th day of August, 2023,

/s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Frederick Morgan, Jr. (OH Bar No. 0027687)
Jennifer M. Verkamp (OH Bar No. 0067198)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
jverkamp@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL  33301
Phone: (954) 779-3943
Fax: (954) 779-3937

ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Dr. Clarissa Zafirov*

## LOCAL RULE 3.01(g) CERTIFICATION

I, Jillian Estes, hereby certify that, consistent with Local Rule 3.01(g), Relator has conferred with all defendants at length (both telephonically and in written position papers) in an effort to resolve this motion. The parties were unable to reach a resolution on the relief sought herein.

/s/ Jillian L. Estes
Jillian L. Estes

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that foregoing motion was served on August 8, 2023, to all parties of record via the CM/ECF electronic filing system.

/s/ Jillian L. Estes
Jillian L. Estes
