# EXHIBIT E

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

        Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC, d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

        Defendants.

Case No. 8:19-cv-01236-KKM-SPF

## DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S RESPONSES AND OBJECTIONS TO RELATOR'S FIRST REQUESTS FOR PRODUCTION

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Section III.A of the Handbook on Civil Discovery Practice of the United States District Court for the Middle District of Florida ("Handbook on Civil Discovery Practice"), Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, "Freedom Defendants"), by and through their undersigned counsel, hereby provide these Responses and Objections ("Responses") to Relator Dr. Clarissa Zafirov's ("Relator") First Set of Requests For Production to Freedom Defendants ("Requests").

## PRELIMINARY STATEMENT

        Freedom Defendants' Responses are made in good faith and based on the information and documents reasonably available to their counsel at this time. Freedom Defendants do not assume the obligation to preserve, collect, or produce

documents that are not reasonably available.  These Responses do not prejudice
Freedom Defendants' rights to conduct further investigation, nor do they waive
Freedom Defendants' rights to change, amend, or supplement these Responses
pursuant to the Federal Rules of Civil Procedure, the Handbook on Civil Discovery
Practice, and any scheduling or case management order that has been or may be
entered in this litigation by the Court.  In addition, Freedom Defendants reserve the
right to later use documents now known but whose relevance, significance, or
applicability has not yet been ascertained in the context of responding to the
Requests.

Where Freedom Defendants have provided information obtained from a third
party in order to respond to the Requests, Freedom Defendants do not admit or
represent that the third party is Freedom Defendants' agent, predecessor, successor,
affiliate, or other representative, or that Freedom Defendants exercise control over
that third party.  Nor do Freedom Defendants assume any obligation to produce
information or documents that are not in their possession, custody, or control.
Freedom Defendants reserve the right to change, amend, or supplement these
Responses if they learn that information or documents from third parties provided in
their Responses or document productions is incorrect or if they learn that
information or documents from these third parties has relevance, significance, or
applicability that has not yet been ascertained.

Freedom Defendants reserve the right to assert any and all applicable
privileges, doctrines, and protections and hereby expressly reserve their right to
withhold responsive information on the basis of any and all applicable privileges,
doctrines, and protections, including, but not limited to, information that (1) is
protected from disclosure under any confidentiality agreement, order, or stipulation,
(2) contains confidential or proprietary trade secret information, (3) constitutes

protected health information ("PHI") under federal law ("HIPAA"), (4) was prepared for or in anticipation of litigation, (5) contains or reflects the analysis, mental impressions, or work of counsel, (6) contains or reflects attorney-client communications, (7) is protected by common interest privilege, or (8) is otherwise privileged or protected.  No Response nor any inadvertent production of privileged or protected information shall constitute a waiver, in whole or in part, of any such privilege or protection in this or any other federal or state proceeding.  Freedom Defendants request that any produced information subject to a privilege or protection immediately be returned by Relator to Freedom Defendants.  Freedom Defendants further request that Relator not use any information derived from any produced privileged or protected information and provide Freedom Defendants with immediate notice if produced information appears to be privileged or protected, either on its face or in light of facts known to Relator.

Freedom Defendants reserve any additional rights without waiver, including: (1) the right to question or object on the basis of authenticity, foundation, relevance, materiality, privilege, and admissibility of any documents produced in response to the Requests in any subsequent proceeding in this or any action; (2) the right to object to the use of documents produced in response to the Requests in any subsequent proceeding in this or any other action on any grounds; (3) the right to object to the introduction of these Responses into evidence; and (4) the right to object on any ground at any time to other discovery involving the subject matter of the Requests or these Responses.

## GENERAL OBJECTIONS

The following General Objections apply to all Definitions, Instructions, and Requests, irrespective of whether they are specifically referenced in response to any particular Definition, Instruction, or Request.  The Specific Objections and

Responses to Definitions, Instructions, and Requests set forth below neither limit the applicability of any of the General Objections nor waive any additional objections which may apply to the individual Definitions, Instructions, or Requests.

1.      Freedom Defendants object to each and every Definition, Instruction, and Request to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Handbook on Civil Discovery Practice, or any case management order that has been or may be entered in this litigation.

2.      Freedom Defendants object to each and every Definition and Instruction to the extent that it purports to enlarge, expand, or alter in any way the plain meaning or scope of any specific Request, as well as where such enlargement, expansion, or alteration renders any specific Request vague, ambiguous, subject to varying interpretations, overly broad, unduly burdensome, or not relevant or proportional to the allegations at issue in this case.

3.      Freedom Defendants object to each and every Request to the extent it seeks information protected from disclosure under any confidentiality agreement, order, or stipulation entered in any past or present litigation or administrative proceeding, any other pre-existing prohibitions against disclosure, or any forthcoming orders or stipulations.

4.      Freedom Defendants object to each and every Request to the extent it seeks information reflecting, containing, or deriving from non-public, confidential, trade secret, proprietary, or commercially sensitive business information, including, but not limited to, proprietary information.

5.      Freedom Defendants object to each and every Request to the extent it seeks information that constitutes PHI, which is guaranteed confidentiality under federal law (HIPAA) and related state laws.

6.      Freedom Defendants object to each and every Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the settlement privilege, the common interest doctrine, or any other applicable privilege, including, but not limited to, documents that (1) were prepared for or in anticipation of litigation; (2) contain or reflect the analysis, mental impressions, or work of counsel; (3) contain or reflect attorney-client communications; (4) are protected by common interest privilege; or (5) are otherwise privileged.

7.      Freedom Defendants object to each and every Request to the extent it requires Freedom Defendants do more than use reasonable diligence to locate responsive information and documents based on an examination of those files that reasonably may be expected to yield responsive information and an inquiry of those persons who reasonably may be expected to know the location of responsive documents.

8.      Freedom Defendants object to each and every Request to the extent it calls for the production of information or documents that are not retained or archived in the ordinary course of business, or that are otherwise not within Freedom Defendants' possession, custody, or control.

9.      Freedom Defendants object to each and every Request to the extent it calls for the production of information and documents (1) in Relator's possession, custody, or control; (2) to which Relator has access; (3) that are publicly available; or (4) that are more conveniently available from Florida Medical Associates, LLC d/b/a VIPcare ("VIPcare"), Physician Partners, LLC, ("Physician Partners") or Anion Technologies, LLC ("Anion") (collectively, "Provider Defendants").

10.      Freedom Defendants object to each and every Request to the extent it requires the production of information and documents in the possession, custody, or

control of entities or individuals who are not parties to this action.  If Freedom Defendants do produce any information or documents that are in the possession, custody, or control of an entity or individual other than Freedom Defendants, Freedom Defendants hereby give notice that they do not intend to imply that the entity or individual is an agent, predecessor, successor, affiliate, or other representative of Freedom Defendants or that Freedom Defendants exercise control over that entity or individual.  Nor do Freedom Defendants intend to assume an obligation to produce documents not in their possession, custody, or control.

11.     Freedom Defendants object to each and every Definition, Instruction, or Request to the extent it mischaracterizes or improperly assumes that all Defendants or any subset of Defendants are effectively the same entity or otherwise related beyond what is supported by the facts in this case.  Freedom Defendants further object to each and every Request to the extent it seeks information or documents from Provider Defendants, Elevance Health, Inc., or any other entity or individual that is irrelevant to Relator's allegations against Freedom Defendants.

12.     Freedom Defendants object to each and every Request to the extent it seeks information that is either irrelevant to the claims or defenses of any party to this action or not proportional to the allegations at issue in this case.

13.     Freedom Defendants object to each and every Request to the extent that it is vague, ambiguous, subject to varying interpretations, overly broad, unduly burdensome, or seeks information or documents outside the scope of the relevant time period, defined as January 24, 2018 to March 31, 2020.  Where Freedom Defendants object to particular terms or phrases as vague, ambiguous, and subject to varying interpretations, Freedom Defendants will interpret Relator's Requests reasonably and in good faith in accordance with common English usage.

14.     Freedom Defendants object to each and every Request to the extent it assumes disputed facts or legal conclusions.  Accordingly, Freedom Defendants' production of information or documents pursuant to a Request does not constitute a waiver of any objection to disputed facts or legal conclusions.

15.     By stating in these Responses that Freedom Defendants will produce information or documents, are searching for information or documents, or will not produce information or documents, Freedom Defendants do not represent that any information or documents do or do not actually exist, but rather that Freedom Defendants will make a good-faith search and attempt to ascertain whether documents responsive to the Requests do exist.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFINITIONS

1.     Freedom Defendants object to Relator's Definition of "You," "Your," and "the Freedom Defendants" because the terms "facilities," "divisions," "groups," "operations," and "units" are not defined and subject to varying interpretations.  For example, it is not clear what individuals or entities constitute Freedom Defendants' "facilities," "divisions," "groups," "operations," or "units."  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because the terms "successors," "predecessors," "facilities," "affiliates," "divisions," "groups," "operations," "units," "officers," "directors," "consultants," "contractors," "agents," "other representatives," and "entities" are overly broad and seek information not relevant or proportional to the allegations at issue in this case.  These undefined entities have no bearing on the allegations by Relator in the Complaint related to the practices of Freedom Defendants and therefore on this litigation and are additionally outside Freedom Defendants' custody and control.  Freedom Defendants further object to this Definition as overly broad and not relevant or proportional to the allegations at issue in this case.  For example, by

requesting Documents from an undefined group of "contractors" or "consultants," this Definition could be read to request Documents and information from any entity or individual with which Freedom Defendants have ever conducted business, which are not reasonably calculated to lead to admissible evidence.  This Definition is further overly broad because it includes information that is not in the possession, custody, or control of Freedom Defendants.  Freedom Defendants further object to this Definition because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, settlement privilege, common interest doctrine, or any other rule of privilege, confidentiality, or immunity provided by law.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "You," "Your," and "the Freedom Defendants" to mean Freedom Health, Inc. and Optimum Healthcare, Inc. and any of their Employees acting or purporting to act on their behalf.

2.      Freedom Defendants object to Relator's Definition of "Freedom" and "Freedom Health" because the terms "facilities," "divisions," "groups," "operations," and "units" are not defined and subject to varying interpretations.  For example, it is not clear what individuals or entities constitute Freedom Health, Inc.'s "facilities," "divisions," "groups," "operations," or "units."  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because the terms "successors," "predecessors," "facilities," "affiliates," "divisions," "groups," "operations," "units," "consultants," 'agents," "other representatives," and "entities" are overly broad and seek information not relevant or proportional to the allegations at issue in this case.  These undefined entities have no bearing on the allegations by Relator in the Complaint related to the practices of Freedom Defendants and therefore on this litigation and are additionally outside

Freedom Defendants' custody and control.  Freedom Defendants further object to this Definition as overly broad and not relevant or proportional to the allegations at issue in this case.  For example, by requesting Documents from an undefined group of "contractors" or "consultants," this Definition could be read to request Documents and information from any entity or individual with which Freedom Defendants have ever conducted business, which are not reasonably calculated to lead to admissible evidence.  This Definition is further overly broad because it includes information that is not in the possession, custody, or control of Freedom Defendants.  Freedom Defendants further object to this Definition because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, settlement privilege, common interest doctrine, or any other rule of privilege, confidentiality, or immunity provided by law.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "Freedom" and "Freedom Health" to mean Freedom Health, Inc. and any of its Employees acting or purporting to act on its behalf.

3.     Freedom Defendants object to Relator's Definition of "Optimum" and "Optimum Healthcare" because the terms "facilities," "divisions," "groups," "operations," and "units" are not defined and subject to varying interpretations.  For example, it is not clear what individuals or entities constitute Optimum Healthcare, Inc.'s "facilities," "divisions," "groups," "operations," or "units."  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because the terms "successors," "predecessors," "facilities," "affiliates," "divisions," "groups," "operations," "units," "consultants," 'agents," "other representatives," and "entities" are overly broad and seek information not relevant or proportional to the allegations at issue in this case.  These undefined entities have no

bearing on the allegations by Relator in the Complaint related to the practices of Freedom Defendants and therefore on this litigation and are additionally outside Freedom Defendants' custody and control. Freedom Defendants further object to this Definition as overly broad and not relevant or proportional to the allegations at issue in this case. For example, by requesting Documents from an undefined group of "contractors" or "consultants," this Definition could be read to request Documents and information from any entity or individual with which Freedom Defendants have ever conducted business, which are not reasonably calculated to lead to admissible evidence. This Definition is further overly broad because it includes information that is not in the possession, custody, or control of Freedom Defendants. Freedom Defendants further object to this Definition because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, settlement privilege, common interest doctrine, or any other rule of privilege, confidentiality, or immunity provided by law. For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "Optimum" and "Optimum Healthcare" to mean Optimum Healthcare, Inc. and any of its Employees acting or purporting to act on its behalf.

4.      Freedom Defendants object to Relator's Definition of "Original Complaint" to the extent that it includes allegations that are no longer operative in this matter. For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term, Freedom Defendants interpret "Original Complaint" to mean the Complaint filed on May 20, 2019 (Doc. 1), as limited by the Court's September 28, 2021 Order (Doc. 81) and the Complaint (Doc. 86).

5.      Freedom Defendants object to Relator's Definition of "Document" and "Documents" to the extent it is not synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  Freedom Defendants further object to this Definition because it would require Freedom Defendants to produce both physical and electronically stored versions containing duplicative information, which is overly broad and unduly burdensome.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "Document," "Documents," and "Electronically Stored Information" as the terms are defined in Federal Rule of Civil Procedure 34(a)(1)(A).

6.      Freedom Defendants object to Relator's Definition of "Communication" and "Communications" because the terms "transmission," "conversation," "letter," and "e-mail message" are not defined and subject to varying interpretations.  For example, it is unclear whether "transmission," "conversation," "letter," and "e-mail message" include individual statements that do not receive a response or exchanges of information that occur over an extended rather than discrete period of time.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because it would require Freedom Defendants to produce both physical and electronically stored versions containing duplicative information, which is overly broad and unduly burdensome.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "Communication" and "Communications" to mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and refer to every manner or means of disclosure, transfer, or exchange of information orally or in writing, and to both actual and attempted Communications of any kind.

FREEDOM DEFS.' RESPS. AND OBJS. TO RELATOR'S FIRST
SET OF REQS. FOR PRODUC. OF DOCS.
CASE NO. 8:19-CV-01236-KKM-SPF

7.      Freedom Defendants object to Relator's Definition of "all" as "each and every," because it is overly broad, unduly burdensome, and would needlessly increase the cost of inquiry in violation of Federal Rule of Civil Procedure 26(b)(1) to the extent it requires Freedom Defendants to identify and produce multiple sets of identical Documents containing duplicative information.  Freedom Defendants are large companies with many Employees and entities that generate a significant number of identical Documents, the identification and production of which does not benefit Relator and significantly burdens Freedom Defendants.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term, Freedom Defendants interpret "all" to mean those Documents that were located using reasonable diligence and judgment concerning the location of such Documents and efforts proportional to the allegations at issue in this case.

8.      Freedom Defendants incorporate by reference the Specific Objections to the Definitions of "Complaint" and "Diagnosis Codes" as if fully set forth within their objections to Relator's Definition of "5 Star Checklist" and "5 Star Forms." Freedom Defendants object to Relator's Definition of "5 Star Checklist" and "5 Star Forms" to the extent that this Definition assumes that Freedom Defendants in fact provided Physician Partners forms "with suggested diagnoses codes."  Freedom Defendants further object to this Definition as overly broad and unduly burdensome to the extent it seeks information that is not in the possession, custody, or control of Freedom Defendants.  For example, by requesting 5 Star Checklists "provided to Physician Partner physicians," this Definition could be read to request Documents that only Physician Partners created and controls.  Freedom Defendants further object to this Definition because the phrase "in advance of" is not defined and subject to varying interpretations.  For example, "in advance of" could be defined to mean any time prior and therefore would encompass Documents from outside of the

relevant time period.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition as overly broad and not relevant or proportional to the allegations at issue in this case to the extent it requests Documents for individuals treated or otherwise seen by Physician Partners physicians who are not Beneficiaries of Freedom Defendants.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "5 Star Checklist" and "5 Star Forms" as "5 Star Check List(s)" as described in Paragraphs 105–24 of the Amended Complaint.

9.     Freedom Defendants object to Relator's Definition of "Chart" and "Patient Chart" because the term and phrase "patient's medical record" and "provider" are not defined and subject to varying interpretations.  For example, a "patient's medical record" could refer to the patient's entire medical history extending to years before and after the relevant time period for Relator's Requests. Additionally, "provider" could refer to any form or kind of health care professional or entity, including individuals who are not physicians or who are not contracted with Freedom Defendants.  This Definition is therefore vague and ambiguous. Freedom Defendants further object to this Definition as overly broad and unduly burdensome to the extent it seeks information that is not in the possession, custody, or control of Freedom Defendants. For example, this Definition could be interpreted to include Documents concerning individuals not insured by Freedom Defendants and health care providers not contracted with or otherwise relating to Freedom Defendants.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "Chart" and "Patient Chart" as any medical record in the possession, custody, or control of Freedom Defendants reflecting the provision of services on a

particular date of service by a healthcare provider contracted by Freedom Defendants to a Beneficiary receiving insurance under the Medicare Advantage program from Freedom Defendants.

10. Freedom Defendants incorporate by reference the Specific Objection to the term "Diagnosis Code" as if fully set forth within their objections to Relator's Definition of "Chart Review" and "Chart Review Program."  Because the defined terms "Chart Review" and "Chart Review Program" are used only in Relator's Definition of "Risk Adjustment Database," which is itself used nowhere else in Relator's Requests, Freedom Defendants object to Relator's Definition of "Chart Review" and "Chart Review Program" and their inclusion as defined terms. Freedom Defendants further object to Relator's Definition of "Chart Review" and "Chart Review Program" because the phrase "the process of reviewing a patient's chart with the purposes of identifying or abstracting diagnosis codes" is not defined and subject to varying interpretations.  For example, it is not clear whether "the process of reviewing a patient's chart with the purposes of identifying or abstracting diagnosis codes" refers to a healthcare provider's review of a Patient Chart to understand medical history and inform care, an audit of a Patient Chart, or something else.  This definition is therefore vague and ambiguous.

11. Freedom Defendants incorporate by reference the Specific Objections to the terms "Chart" and "Diagnosis Code" as if fully set forth within their objections to Relator's Definition of "Coder."  Because the defined term "Coder" is used nowhere else in Relator's Requests, Freedom Defendants object to Relator's Definition of "Coder" and its inclusion as a defined term.  Freedom Defendants further object to this Definition because the terms and phrase "an individual who reviews," "identify," "supported," "condition," and "determine" are not defined and subject to varying interpretations.  For example, it is not clear whether an "individual

who reviews a chart" should be read to include healthcare providers or even Beneficiaries themselves.  It is also unclear if "an individual who . . . reviews a chart to determine if a diagnosis code is supported" would include any individual who does so in the context of an audit, Diagnosis Coding education, or something else.  It also is unclear if the term "condition" refers to a specific diagnosis documented by a healthcare provider, the state of a patient's diagnosis, such as stable, or to any general assessment of a patient's health.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because it includes "any individual who reviews a chart to identify diagnosis codes," which is overly broad and seeks information not relevant or proportional to the allegations at issue in this case.  For example, this Definition would include individuals who review Charts for patients not insured by or otherwise relating to Freedom Defendants.

12.     Freedom Defendants incorporate by reference the Specific Objection to the term "Chart" as if fully set forth within their objections to Relator's Definition of "Deleted Code" and "Deletion."  Freedom Defendants object to Relator's Definition of "Deleted Code" and "Deletion" because the terms "identified," "unsupported," "invalid," and "not accurate or truthful" are not defined and subject to varying interpretations.  For example, it is not clear whether "identified" refers to determinations made by Freedom Defendants or determinations made by the Government.  It is also unclear what "unsupported," "invalid," and "not accurate or truthful" mean, as there can be—and are—disputes about the evidence sufficient for submitting a Diagnosis Code.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because the terms "unsupported," "invalid," and "otherwise not accurate or truthful" assume disputed factual and legal conclusions.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom

Defendants interpret "Deleted Code" and "Deletion" to mean a CMS Risk Adjustment Processing System ("RAPS") cluster (i.e., a Health Insurance Claim Number ("HICN") or Medicare Beneficiary Identifier ("MBI"), diagnosis code, date of service from, date of service to, and provider type combination) that is marked with a "D" in the delete indicator field, as reflected in RAPS returns data transmitted to Freedom Defendants by CMS.

    13.   Freedom Defendants object to Relator's Definition of "Diagnosis Code" and "Diagnosis Coding" because the terms "ICD-9," "ICD-10," "other documents associated with a patient encounter," "encounter," "assignment," and "addition" are not defined and subject to varying interpretations.  For example, it is unclear to what "other document associated with a patient encounter" a Diagnosis Code would be "assign[ed] or "add[ed]."  It is also unclear whether "encounter" refers to an inpatient medical visit only or also includes an outpatient medical visit. This Definition is therefore vague and ambiguous. Freedom Defendants further object to this Definition because "other documents associated with a patient encounter" is overly broad and seeks information not relevant or proportional to the allegations at issue in this case.  For example, it is not clear whether "other documents associated with a patient encounter" includes all Documents relating to billing the Beneficiary or otherwise informing the Beneficiary of the results of a medical visit, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "ICD-9" to mean the International Classification of Diseases, 9th Revision, Clinical Modification; "ICD-10" to mean the International Classification of Diseases, 10th Revision, Clinical Modification; and "Diagnosis Code" and "Diagnosis Coding" to mean, as a noun, an ICD-9-CM or ICD-10-CM

diagnosis code, and as a verb, the assignment of an ICD-9-CM or ICD-10-CM diagnosis code.

14.     Freedom Defendants object to Relator's Definition of "Employee" because the term "independent contractor" is not defined and subject to varying interpretations.  For example, "independent contractors" could be read to include any individual or entity that Freedom Defendants have done business with.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition because the phrase "who have acted at your direction, on Your behalf, or has performed any service for You or under Your name" is not defined and subject to varying interpretations.  For example, "any person . . . [who] has performed any service for You" could include services not solicited by Freedom Defendants performed by persons not relevant to the allegations in Relator's Complaint.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition as overly broad and not relevant or proportional to the allegations at issue in this case.  For example, by including an undefined group of "independent contractors," this Definition could be read to request Documents and information from any entity or individual with which Freedom Defendants have ever conducted business, which are not reasonably calculated to lead to admissible evidence.  This Definition is further overly broad because it includes information that is not in the possession, custody, or control of Freedom Defendants. Freedom Defendants further object to this Definition because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, settlement privilege, common interest doctrine, or any other rule of privilege, confidentiality, or immunity provided by law.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term,

Freedom Defendants interpret "Employee" to mean an individual directly employed by Freedom Defendants.

15.     Freedom Defendants incorporate by reference each of the above-stated Specific Objections to "Diagnosis Codes" and "Chart Review" as if fully set forth within their objections to Relator's Definition of  "Risk Adjustment Database." Because the defined term "Risk Adjustment Database" is used nowhere else in Relator's Requests, Freedom Defendants object to Relator's Definition of "Risk Adjustment Database" and its inclusion as a defined term.  Freedom Defendants further object to this Definition because the terms and phrases "database or other data submission systems or methods," "third-party risk adjustment tracking systems," "tracked," "claims and encounter data," "record," "analyze," "process," "prepare," and "other diagnosis information" are not defined and subject to varying interpretations.  For example, it is unclear whether "database or other data submission systems or methods" refers to computer-based applications or something else.  It is also unclear what "tracked," "record," "analyze," "process," and "prepare" mean as they could refer to a provider or patient merely reviewing a Chart or they could refer to a formal audit process.  It is also unclear whether "other diagnosis information" includes only information relating to the submission of a Diagnosis Code to CMS or something else.  This Definition is therefore vague and ambiguous.  Freedom Defendants further object to this Definition as overly broad and not proportional to the allegations at issue in this case to the extent it includes non-Medicare Advantage risk adjustment, which would yield information irrelevant to the case. Freedom Defendants further object to this Definition as overly broad and not relevant or proportional to the allegations at issue in this case to the extent it includes "third-party risk adjustment tracking systems used by providers" and

therefore seeks information that is not in the possession, custody, or control of Freedom Defendants.

16.      Freedom Defendants object to Relator's Definition of "Patient," "Beneficiary," and "Member" because "operate" and "manage" are not defined and subject to varying interpretations.  For example, it is unclear whether the terms "operate" and "manage" refer to the provision of health insurance via a Medicare Advantage health plan or the provision of medical services under a Medicare Advantage health plan.  This Definition is therefore vague and ambiguous. For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Freedom Defendants interpret "Patient," "Beneficiary," and "Member" to mean "beneficiary" or "beneficiaries" as those terms are used in Part C of Title XVIII of the Social Security Act, 42 U.S.C. § 1395w-21 et seq. as limited to those beneficiaries enrolled with Freedom Defendants.

## SPECIFIC OBJECTIONS AND RESPONSES TO INSTRUCTIONS

1.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definitions of "Freedom Health" and "Optimum Healthcare" as if fully set forth within their objections to Instruction 1.  Freedom Defendants object to Instruction 1 because the phrase "otherwise indicated" is not defined and subject to varying interpretations.  Specifically, it is unclear what language is sufficient for any difference in responses between Freedom Health and Optimum Healthcare to be "otherwise indicated."  This Instruction is therefore vague and ambiguous.  For the purpose of this Instruction, Freedom Defendants interpret "otherwise indicated" as indicated in any part of Freedom Defendants' Responses to Relator's Requests. Freedom Defendants further object to this Instruction to the extent it improperly mischaracterizes or improperly assumes that Freedom Defendants are effectively the same entity or otherwise related beyond what is supported by the facts.  For the

purpose of responding to the Requests, Freedom Defendants will respond collectively unless otherwise noted in the Response.

2.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definition of "You" as if fully set forth within their objections to Instruction 2.  Freedom Defendants object to Instruction 2 to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Handbook on Civil Discovery Practice, any case management order that has been or may be entered in this litigation, or any other law.  In particular, this Instruction's requirement that "[a]ny objections must state whether any responsive materials are being withheld on the basis of that objection" creates an unduly burdensome obligation to search for documents in response to objectionable requests that is not mandated by any of the previously listed sources.  Freedom Defendants further object to this Instruction as overly broad and not relevant or proportional to the allegations at issue in this case because it requires the identification of "responsive materials . . . being withheld on the basis of [an] objection" even where Freedom Defendants' Response otherwise notes or is premised upon uncertainty as to the scope of a particular Request or the responsiveness of particular Documents. For the purpose of responding to the Requests, Freedom Defendants will search for Documents in response to Requests to which they do not object, in whole or in part. Where Freedom Defendants object in part, they will specify what documents they agree to search for.  Further, for the purpose of responding to the Requests, Freedom Defendants agree to comply with the requirements of Rule 34(b).

3.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definitions of "You" and "Document" as if fully set forth within their objections to Instruction 3.  Freedom Defendants object to Instruction 3 to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of

Civil Procedure, the Handbook on Civil Discovery Practice, or any case management order that has been or may be entered in this litigation, or any other law.  Freedom Defendants further object to this Instruction because "Electronically Stored Information ('ESI') shall be produced in its native format" is not defined and subject to varying interpretations.  Specifically, it is unclear whether "Electronically Stored Information" includes emails, which can be forwarded, replied to, and altered when produced in native format.  This Instruction is therefore vague and ambiguous.  For the purpose of this Instruction, Freedom Defendants interpret "Electronically Stored Information ('ESI') shall be produced in its native format" as "Microsoft PowerPoint files, Microsoft Excel files, and media files shall be produced in their native format, and, consistent with industry practice, all other files shall be produced as single-page Tag Image File Format ('TIFF') files."   Freedom Defendants further object to this Instruction because it requires that "[a]ll ESI shall be produced with all associated metadata," which is overly broad and seeks information not relevant or proportional to the allegations at issue in this case.  For example, "all associated metadata" could include metadata that is not automatically generated in the regular course of Freedom Defendants' business, which is not relevant to the case and not reasonably calculated to lead to admissible evidence.  Freedom Defendants further object to this Instruction because it requires that "information . . . available in the form of both paper and ESI . . . shall be produced in ESI form, and the paper form shall be maintained during the pendency of the litigation," which is overly broad and unduly burdensome to the extent that it requires Freedom Defendants to maintain exact paper form duplicates of Documents produced in ESI form.  For the purpose of responding to the Requests, where Freedom Defendants produce ESI, Freedom Defendants will do so in accordance with any agreed-upon ESI Protocol once it is entered.  Absent an ESI Protocol, Freedom Defendants agree to the following: (1)

Freedom Defendants will produce Microsoft PowerPoint files, Microsoft Excel files, and media files in native format, and all other files in TIFF format; (2) Freedom Defendants will produce only metadata automatically generated in the regular course of Freedom Defendants' business; and (3) to the extent that the information is available in both paper and ESI form, Freedom Defendants will produce the information in ESI form and will separately retain paper and ESI materials during the pendency of this litigation consistent with their preservation obligations.

      4.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definition of "You" as if fully set forth within their objections to Instruction 4.  Freedom Defendants object to Instruction 4 as unreasonably burdensome because it imposes obligations beyond those set forth in the Federal Rules of Civil Procedure.  Freedom Defendants further object to this Instruction because it requires that "[i]f responsive ESI is contained in an electronic data storage system . . . you shall provide a complete and accurate description of the information . . . [and] a description of each file, specifying the scope and time period of the information contained therein."  This Instruction is therefore overly broad and seeks information not relevant or proportional to the allegations at issue in this case. Specifically, as written, it requires a description of each and every file pulled from a database, which is unreasonably burdensome and not reasonably calculated to lead to admissible evidence.  Freedom Defendants further object to this Instruction because "a complete and accurate description of the information . . . [and] a description of each file" is not defined and subject to varying interpretations.  This Instruction is therefore vague and ambiguous.  For the purpose of this Instruction, Freedom Defendants interpret "a complete and accurate description of the information . . . [and] a description of each file" as a description of any non-common fields for which the values are not publicly available or readily apparent.   Freedom

Defendants further object to this Instruction because it requires Freedom Defendants to "assign[] or grant[]" Relator "any license," which is overly broad and unduly burdensome and may be inconsistent with Freedom Defendants' own software agreements. For the purpose of responding to the Requests, if responsive ESI is contained in an electronic data storage system, Freedom Defendants will produce relevant structured data exports in accordance with any agreed-upon ESI Protocol once it is entered. Absent an ESI Protocol, Freedom Defendants will produce such information in a reasonably usable format such as a delimited text file and will provide a description of any non-common fields for which the values are not publicly available or readily apparent. Freedom Defendants agree to meet and confer regarding any additional information requested from relevant databases.

5.     Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definitions of "You" and "Document" as if fully set forth within their objections to Instruction 5. Freedom Defendants object to Instruction 5 because the phrases "other similar containers" and "other identifying information" are not defined and subject to varying interpretations. For example, it is unclear whether "similar containers" includes immobile or unwieldy containers, and it is further unclear what must be identified by "other identifying information." This Instruction is therefore vague and ambiguous. For the purpose of this Instruction, Freedom Defendants interpret "other similar containers that have labels or other identifying information" as other portable containers that have labels identifying or otherwise identify the current contents of the container. Freedom Defendants further object to this Instruction because "other means of attachment" is not defined and subject to varying interpretations. For example, "other means of attachment" could countenance Documents that are stuck or folded together without apparent purpose. This Instruction is therefore vague and ambiguous. For the purpose of this

Instruction, Freedom Defendants interpret "other means of attachment" as other conventional mechanisms for the grouping of similar documents.  For the purpose of responding to the Requests, Freedom Defendants will produce any responsive Documents to which this Instruction applies consistent with Freedom Defendants' above objections.  Further, Freedom Defendants agree to comply with the requirements of the Federal Rules of Civil Procedure and the Handbook on Civil Discovery Practice.

6.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definition of "Communications" as if fully set forth within their objections to Instruction 6.  Freedom Defendants object to Instruction 6 because it requires that "[a]ll text communications . . . be produced in a manner that indicates the dates of the communications, all recipients of the communication, any attachments to the communications, and with any condensed texts expanded to show the full message," which is overly broad and seeks information not relevant or proportional to the allegations at issue in this case.  Specifically, "[a]ll text communications" includes those text communications for which dates, recipients, attachments, and expanded messages may not be reasonably available to Freedom Defendants.  To the extent that such information is not reasonably available to Freedom Defendants, this Instruction is unreasonably burdensome and not reasonably calculated to lead to admissible evidence.  Freedom Defendants further object to this Instruction as overly broad and not relevant or proportional to the allegations at issue in this case to the extent it does not contain any modifier that Freedom Defendants produce the requested information "as completely as possible." For the purpose of responding to the Requests, Freedom Defendants will state the information requested in this Instruction as completely as possible.  For the purpose of responding to the Requests, Freedom Defendants will produce any text

communications in a manner that indicates dates, recipients, and attachments to the extent such information is reasonably available to Freedom Defendants.

7.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definition of "Document" as if fully set forth within their objections to Instruction 7.  Freedom Defendants object to Instruction 7 because it requires that "a field indicating the responsive request in the corresponding load file in a manner than enables the documents to be sorted by the request(s) to which each document is responsive," which imposes obligations beyond those set forth in the Federal Rules of Civil Procedure, the Handbook on Civil Discovery Practice, any case management order that has been or may be entered in this litigation, or any other law.  For the purpose of responding to the Requests, Freedom Defendants will produce Documents in a format consistent with Freedom Defendants' obligations under the Federal Rules of Civil Procedure, in particular Rule 34(b)(2)(E), and the Handbook on Civil Discovery Practice.

8.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definitions of "You" and "Document" as if fully set forth within their objections to Instruction 8.  Freedom Defendants object to Instruction 8 to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Handbook on Civil Discovery Practice, any case management order that has been or may be entered in this litigation, or any other law.  Freedom Defendants further object to this Instruction because the terms "description," "subject matter of the document," and "promptly" are not defined and subject to varying interpretations.  For example, the "subject matter of the document" can— and often does—mean different things to different readers.  Further, "promptly" could be interpreted to mean within hours, days, or weeks. This Instruction is therefore vague and ambiguous.  For the purpose of responding to this Instruction,

Freedom Defendants interpret "description of the subject matter of the document" as Freedom Defendants' understanding of the Document's contents, and "promptly" as within a reasonable time after completing Freedom Defendants' Responses and Document productions.  Freedom Defendants further object to this Instruction as overly broad and not relevant or proportional to the allegations at issue in this case to the extent that it purports to require Freedom Defendants to log any privileged or protected Document, information, or Communication and requires Freedom Defendants to produce a privilege log before they complete their Responses or Document production in response to the Requests.  Freedom Defendants further object to this Instruction as overly broad and not relevant or proportional to the allegations at issue in this case to the to the extent that it requires Freedom Defendants to list on a privilege log (1) communications between a Party and its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or testifying experts, or (2) privileged materials or work product, including attachments thereto, created or received by its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or testifying experts.  For the purpose of responding to the Requests, to the extent Freedom Defendants withhold any otherwise responsive Documents in response to the Requests on the basis of an applicable privilege or other protection, Freedom Defendants will produce a privilege log within a reasonable time after completing their Responses and Document productions.  Further, Freedom Defendants agree to comply with the requirements of Rule 26(b).

9.      Freedom Defendants incorporate by reference the above-stated Specific Objections to the Definition of "Document" as if fully set forth within their objections to Instruction 9.  Freedom Defendants object to Instruction 9 to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil

Procedure, the Handbook on Civil Discovery Practice, any case management order that has been or may be entered in this litigation, or any other law.  Freedom Defendants further object to this Instruction as overly broad and not relevant or proportional to the allegations at issue in this case to the extent it does not contain any modifier that Freedom Defendants state the requested information "as completely as possible."  For the purpose of responding to the Requests, Freedom Defendants will state the information requested in this Instruction as completely as possible.  Freedom Defendants further object to this Instruction because the terms "having knowledge of" and "last known location" are not defined and subject to varying interpretations.  In particular, it is unclear whose knowledge these terms encompass.  This Instruction is therefore vague and ambiguous.  For the purpose of this Instruction, Freedom Defendants interpret "having knowledge of" a Document's "last known location" as actually knowing both that a Document was destroyed and where the Document was stored immediately prior to destruction.  Freedom Defendants further object to this Instruction because the term "document destruction policy" is not defined and subject to varying interpretations.  For example, "document destruction policy" could refer to an entity's guidelines for the type of paper shredder to use for Documents containing protected health information.  For the purpose of this Instruction, Freedom Defendants interpret "document destruction policy" as a written policy that details rules and processes for destroying Documents. For the purpose of responding to the Requests, Freedom Defendants state that they have complied with their preservation obligations and will produce responsive, non-privileged Documents consistent with their responses to Relator's requests.

10.     Freedom Defendants object to Instruction 11 as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent that it instructs that the relevant time period for the Requests is "from

January 1, 2014, to the present." Specifically, this Instruction requires Freedom Defendants to produce Documents from before January 24, 2018. Freedom Defendants further object to this Instruction as vague and ambiguous, as the Instruction does not define the term "present." For the purpose of responding to the Requests, Freedom Defendants interpret the phrase "the present" to mean March 31, 2020. For the purpose of responding to the Requests, Freedom Defendants will treat the relevant time period as January 24, 2018 to March 31, 2020.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**Request No. 1:**

All documents received from or provided by You to the Government relating to any inquiry or investigation by the Government since the filing of the Original Complaint (Doc. 1) or relating to any of the allegations in the Original Complaint or the Complaint (Doc. 86). This request includes, but is not limited to, civil investigative demands ("CIDs"), correspondence pertaining to CIDs, and all responses to CIDs, including written interrogatory responses, all documents produced, and all transcripts of testimony obtained or provided. Responsive documents shall be produced in the same order and manner in which they were produced to the Government (and thus shall reflect any Bates numbers on such production to the Government).

**Objections and Response to Request No. 1:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

FREEDOM DEFS.' RESPS. AND OBJS. TO RELATOR'S FIRST
SET OF REQS. FOR PRODUC. OF DOCS.
CASE NO. 8:19-CV-01236-KKM-SPF

Freedom Defendants object to Request 1 because the term "correspondence" is not defined and subject to varying interpretations.  For example, it is unclear whether the "correspondence" includes individual statements that do not receive a response or exchanges of information that occur over an extended rather than discrete period of time.  For the purpose of this Request, Freedom Defendants interpret "correspondence" as emails to or from Freedom Defendants, as reflected in the email domains of the senders and recipients.

Freedom Defendants further object to this Request because the phrase "relating to any inquiry or investigation by the Government" is not defined and subject to varying interpretations.  For example, it is unclear whether "relating to any inquiry" includes Government inquiries, such as any tax audits, that are wholly unrelated to Relator's allegations.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests Documents "relating to any of the allegations in the Original Complaint."  The Original Complaint was dismissed by the Court and the Complaint is operative.  Allegations in the Original Complaint that were not repleaded in the Complaint are not at issue in this case.  Therefore, to the extent it requests Documents relating to allegations not in the Complaint, this Request is overly broad, seeks information not relevant or proportional to the allegations at

issue in this case, and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants interpret this Request to ask for Documents provided to the Government in response to any investigation into the Complaint, following the filing of the Complaint, and respond as follows: There are no Documents in response to this Request.

**Request No. 2:**

All documents identified in your Rule 26(a)(1) initial disclosures.

**Objections and Response to Request No. 2:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 2 because the phrase "your Rule 26(a)(1) initial disclosures" is not defined and subject to varying interpretations.  For example, it could be read to encompass all Rule 26(a)(1) initial disclosures in any matter that Freedom Defendants were a party to.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the

responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants will define "your Rule 26(a)(1) initial disclosures" to mean the Rule 26(a)(1) initial disclosures served by Freedom Defendants in the above-captioned matter on December 5, 2022.

Freedom Defendants object to this Request as vague and ambiguous because documents identified in Freedom Defendants' initial disclosures are described in the categorical terms required by Federal Rule of Civil Procedure 26(a)(l)(A)(ii) and Relator's broad reference to Freedom Defendants' initial disclosures therefore does not request documents with reasonable particularity as required by Federal Rule of Civil Procedure 34(b)(l)(A).

Freedom Defendants also object to this Request as unduly premature because Freedom Defendants' investigation of Relator's claims and defenses is ongoing and Freedom Defendants are consequently unable to respond fully to this Request at the present time.  For example, this Request is premature to the extent Relator has not identified the Medicare Advantage risk adjustment data submissions to CMS which she contends are false.  Without this information, Freedom Defendants cannot determine the subset of Medicare Advantage data submissions to CMS are responsive to this Request.

Freedom Defendants further object to this Request as unduly burdensome because it is duplicative of numerous other Requests, such as Requests 6 and 7.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows:  Freedom Defendants will comply with their obligations under

the Federal Rules of Civil Procedure to amend, supplement, or modify their initial disclosures at the appropriate time, if necessary. Freedom Defendants will not produce any Documents in response to this Request at this time. As discovery in this matter progresses, Freedom Defendants reserve the right to supplement their response to this Request.

**Request No. 3:**

All personnel files, performance evaluations or ratings, and materials related to the calculation of compensation (including bonuses) for any of the Freedom Defendants' employees identified in any party's original or amended Rule 26 disclosures.

**Objections and Response to Request No. 3:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 3 because the terms and phrases "personnel files," "performance evaluations or ratings," and "materials related to the calculation of compensation (including bonuses)" are not defined and subject to varying interpretations. For example, "personnel files," "performance evaluations or ratings," and "materials related to the calculation of compensation (including bonuses)" could include Documents shared with the Employee being reviewed or internal Documents not accessible by the Employee. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the

responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "personnel files," "performance evaluations or ratings," and "materials related to the calculation of compensation (including bonuses)" as any formal employment files related to individuals named in the Rule 26(a)(1) initial disclosures served by Freedom Defendants in the above-captioned matter on December 5, 2022.

Freedom Defendants further object to this Request because the phrase "in any party's original or amended Rule 26 disclosures" is not defined and subject to varying interpretations.  For example, "in any party's original or amended Rule 26 disclosures" could be read to encompass all Rule 26(a)(1) disclosures in any matter that Freedom Defendants were a party to.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "in any party's original or amended Rule 26 disclosures" to mean the Rule 26(a)(1) initial disclosures served by Freedom Defendants in the above-captioned matter on December 5, 2022, and the Rule 26(a)(1) initial disclosures served by Relator in the above-captioned matter on December 5, 2022.

Freedom Defendants further object to this Request because it seeks "all personnel files, performance evaluations or ratings, and materials related to the calculation of compensation (including bonuses)," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case.  For example, the personnel files may contain personal information

about an Employee that is not relevant to the case and not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 4:**

All documents which refer to or relate to each patient identified in the Complaint.

**Objections and Response to Request No. 4:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants further object to Request 4 as unduly burdensome because it is duplicative of numerous other Requests, such as Requests 9, 12, 17–19, and 26–29.

Freedom Defendants object to Request 4 because the phrase "documents which refer to or relate to each patient identified in the Complaint" is not defined and subject to varying interpretations. For example, "documents which refer to or relate to each patient identified in the Complaint" could include an email from a Beneficiary to a provider asking to reschedule an inpatient medical visit. Further, Relator does not identify any Beneficiary in the Complaint. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the

responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "documents which refer to or relate to each patient identified in the Complaint" as Documents that refer to the Beneficiaries identified in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP.

Freedom Defendants further object to this Request because it seeks "all documents which refer to or relate to each patient identified in the Complaint," which is overly broad and seeks information not relevant or proportional to the allegations at issue in this case.  For example, "all documents which refer to or relate to each patient" could include Documents relating to services performed before the individual became a Beneficiary or Documents otherwise not relevant to the case and not reasonably calculated to lead to admissible evidence.  This Request therefore does not provide reasonable criteria to determine the responsiveness of particular Documents.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will produce nonprivileged Documents, if any, referring to the Beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP that otherwise fall within one of the categories of Documents that Freedom Defendants have agreed to produce herein.

**Request No. 5**:

All contracts between You and the United States of America pursuant to which You act as Medicare Advantage Organizations.

**Objections and Response to Request No. 5**:

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 5 because the term "contracts" is not defined and subject to varying interpretations.  For example, "contracts" could be read to include drafts, incomplete agreements, or otherwise nonbinding agreements. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "contracts" as fully executed contracts.

Freedom Defendants further object to this Request because "the United States of America" is not defined and subject to varying interpretations.  For example, it is unclear which entities, agencies, and departments are included in "the United States of America."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "Medicare Advantage Organizations" is not defined and subject to varying interpretations.  For example, "Medicare Advantage Organizations" could be read to include all entities that provide administrative and information technology support to

insurers.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "contracts . . . pursuant to which You act as Medicare Advantage Organizations" is not defined and subject to varying interpretations.  For example, "contracts . . . pursuant to which You act as Medicare Advantage Organizations" could include every contract executed in the course of business, such as any leasing office space on federal land, which is not relevant to the allegations in Relator's Complaint.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "contracts . . . pursuant to which You act as Medicare Advantage Organizations" as fully executed contracts between Freedom Defendants and CMS governed by 42 U.S.C. § 1395w-27(a).

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will produce nonprivileged fully executed contracts between Freedom Defendants and CMS governed by 42 U.S.C. § 1395w-27(a) for the relevant time period.

**Request No. 6:**

All contracts between You and any provider organizations pursuant to which you act as a Medicare Advantage Organization to provide insurance coverage to the provider's patients.  This request specifically includes, but is not limited to,

agreements which are referred to as Group Participation Agreements as set forth in

Paragraphs 180 and 183 of your Answer to the Complaint (Doc. 130).

**Objections and Response to Request No. 6:**

Freedom Defendants incorporate by reference each of the above-stated

General Objections and Specific Objections to the Definitions and Instructions as if

fully set forth herein.

Freedom Defendants object to Request 6 because the terms "contracts" and

"agreements" are not defined and subject to varying interpretations.  For example,

"contracts" and "agreements" could be read to include drafts, incomplete

agreements, or otherwise nonbinding agreements.  This Request is therefore vague

and ambiguous and does not provide reasonable criteria to determine the

responsiveness of particular Documents.  For the purpose of this Request, Freedom

Defendants interpret "contracts" and "agreements" as fully executed contracts.

Freedom Defendants further object to this Request because the phrase

"provider organizations" is not defined and subject to varying interpretations.  For

example, "provider organizations" could be read to include organizations not

involved in the provision of Medicare Advantage benefits or other healthcare

providers not relevant to the allegations in Relator's Complaint.  This Request is

therefore vague and ambiguous and does not provide reasonable criteria to determine

the responsiveness of particular Documents.

Freedom Defendants further object to this Request as overly broad to the

extent it seeks information related to providers that are not identified in the

Complaint.  These providers are not relevant to Relator's claims and therefore are not relevant or proportional to the allegations at issue in this case.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will produce nonprivileged fully executed contracts, if any, with Physician Partners, LLC or Florida Medical Associates, LLC, d/b/a VIPcare, governing the provision of healthcare services to Freedom Defendants' Beneficiaries for the relevant time period.

**Request No. 7:**

All contracts between You and any entity pursuant to which You and the entity exchange remuneration for services related to Your obligations as a Medicare Advantage Organization.  This request specifically includes, but is not limited to, agreements which are referred to as Business Associate Agreements, as set forth in Paragraph 180 of your Answer to the Complaint (Doc. 130).

**Objections and Response to Request No. 7:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 7 because the terms "contracts" and "agreements" are not defined and subject to varying interpretations.  For example, "contracts" and "agreements" could be read to include drafts, incomplete agreements, or otherwise nonbinding agreements.  This Request is therefore vague

and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "contracts" and "agreements" as fully executed contracts.

Freedom Defendants further object to this Request because the phrase "contracts . . . pursuant to which You and the entity exchange remuneration for services" is not defined and subject to varying interpretations. For example, "contracts . . . pursuant to which You and the entity exchange remuneration for services" could be read to include a contract between Freedom Defendants and a catering service to cater a holiday party that Freedom Defendants' auditors attend. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because it seeks "all contracts . . . pursuant to which You and the entity exchange remuneration for services related to Your obligations as a Medicare Advantage Organization" which is overly broad and seeks information not relevant or proportional to the allegations at issue in this case. This Request is so broad as to provide no reasonable criteria for Freedom Defendants to identify for the purpose of conducting a search.

Freedom Defendants further object to this Request as overly broad to the extent it seeks information related to entities that are not implicated by the Complaint, including providers other than Provider Defendants. These entities are not relevant to Relator's claims and therefore are not relevant or proportional to the allegations at issue in this case.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Business Associate Agreements with Provider Defendants, if any, for the relevant time period.

**Request No. 8:**

All documents related to requirements, guidelines, rules, or standards for Your risk adjustment program and the submission of claims to the United States pursuant to Medicare Part C, or the Medicare Advantage Program.  This request includes but is not limited to medical standards for the usage of specific diagnosis codes; training or educational materials about how and under what circumstances any diagnosis codes can be submitted to CMS, including what support must be identified in a patient's chart for such a submission; and/or any documents related to the consequences of failure to adhere to any guidelines, rules, or standards related to risk adjustment and submissions to the United States.

**Objections and Response to Request No. 8:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 8 because the term "claim" assumes disputed factual and legal conclusions.

Freedom Defendants further object to this Request because the phrase "all documents related to requirements, guidelines, rules, or standards for Your risk adjustment program" is not defined and subject to varying interpretations.  For example, "all documents related to requirements, guidelines, rules, or standards for Your risk adjustment program" could be read to include Documents relating to internal office supply use policies that govern the printing of Documents.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the terms "requirements," "guidelines," "rules," and "standards" are not defined and subject to varying interpretations.  For example, "requirements," "guidelines," "rules," and "standards" could be interpreted to include draft and unimplemented guidance.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because "the United States of America" is not defined and subject to varying interpretations.  For example, it is unclear which entities, agencies, and departments are included in "the United States of America."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "the submission of claims to the United States pursuant to Medicare Part C, or the Medicare Advantage Program" is not defined and subject to varying interpretations.

For example, it could include the submission of bid information pursuant to 42 C.F.R. § 422.254, which is beyond the scope of Relator's allegations. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "Your risk adjustment program" is not defined and subject to varying interpretations. For example, it is not clear if this term is limited to Medicare Advantage risk adjustment or would cover any program that uses risk adjustment. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "the submission of claims to the United States pursuant to Medicare Part C, or the Medicare Advantage Program" is overly broad and not proportional to the allegations at issue in this case to the extent that it calls for any information that is submitted to any United States agency, entity, or department under any one of the many statues and regulations and guidance documents related in any way to the Medicare Advantage program.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law. Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged, formal guidance Documents created by Freedom Defendants or for Freedom Defendants' specific use relating to the submission of Diagnosis Codes in RAPS to CMS as part of the Medicare Advantage program for the relevant time period.

**Request No. 9:**

All documents sufficient to identify every payment that You have received from the United States of America for enrolled Medicare Advantage beneficiaries (often known as a capitation payment), including without limitation the monthly payments referenced in Paragraph 181 of your Answer to the Complaint (Doc. 130).

**Objections and Response to Request No. 9:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 9 because "all documents" and "documents sufficient to identify" are undefined and subject to varying interpretations. For example, "all documents" includes each and every Document, while "documents sufficient to identify" only includes those Documents necessary to identify each payment. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

For the purpose of this Request, Freedom Defendants interpret "documents sufficient to identify every payment" as Documents sufficient to show the amount of a completed payment made by CMS to Freedom Defendants for remuneration under 42 U.S.C. § 1395w-23(a)(1) for the insurance coverage Freedom Defendants provide to Medicare Advantage Beneficiaries.

Freedom Defendants further object to this Request because "the United States of America" is not defined and subject to varying interpretations.  For example, it is unclear which entities, agencies, and departments are included in "the United States of America."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "the United States of America" as the Centers for Medicare and Medicaid Services ("CMS").

Freedom Defendants further object to this Request as overly broad and not relevant or proportional to the allegations at issue in this case to the extent it seeks information about payments received for Beneficiaries outside of those named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP for the relevant time period.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will produce nonprivileged Documents sufficient to show payments Freedom Defendants received from CMS pursuant to 42 U.S.C. § 1395w-23(a)(1) for coverage of the Beneficiaries named in the crosswalk provided by Relator as an attachment to a

January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP for the relevant time period.

**Request No. 10:**

All documents sufficient to identify every claim which resulted in any payments produced in response to Request for Production No. 9.

**Objections and Response to Request No. 10:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants incorporate by reference the objections made in response to Request 9.

Freedom Defendants object to Request 10 because the term "claim" assumes disputed factual and legal conclusions.

Freedom Defendants further object to this Request because the phrase "resulted in" calls for a legal conclusion about causation.

Freedom Defendants further object to this Request because the phrase "every claim which resulted in any payments" is not defined and subject to varying interpretations.  For example, it is not clear whether "payments" refers to capitation payments as defined by 42 U.S.C. § 1395w-23 or some other payments.  Similarly, it is not clear if "resulted in" refers to any submission that includes information about any of the demographic factors used in the calculation of such capitation payments or only those submissions that resulted in a directly responsive payment.  This

Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 11:**

All documents sufficient to identify all claims which were submitted to the United States which were later resubmitted with a deletion to remove a diagnosis code which had been appended to the earlier claim.

**Objections and Response to Request No. 11:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 11 because the term "claim" assumes disputed factual and legal conclusions.

Freedom Defendants further object to this Request because "all documents" and "documents sufficient to identify" are undefined and appear to be contradictory. For example, "all documents" includes each and every Document, while "documents sufficient to identify" only includes those Documents necessary to identify each claim.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because "the United States of America" is not defined and subject to varying interpretations.  For example, it is unclear which entities, agencies, and departments are included in "the United States of America."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "the United States of America" as the Centers for Medicare and Medicaid Services ("CMS").

Freedom Defendants further object to this Request because the phrase "claims which were submitted . . . which were later resubmitted with a deletion to remove a diagnosis code which had been appended to the earlier claim" is not defined and subject to varying interpretations.  For example, it is not clear whether "the earlier claim" points to the singular claim that was "resubmitted" or a wholly different claim, or whether "appended" refers to a diagnosis code that was added to a pre-existing original claim.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 12:**

All documents sufficient to identify all diagnosis codes submitted to You by any provider. Any response to this request should provide information sufficient to identify, at least, the patient, the date of service on which the diagnosis was rendered,

the date that the code was submitted to You, and the provider who is identified as having submitted the diagnosis code, and any unique code identifier by which the code can be traced throughout Your risk management database.

**Objections and Response to Request No. 12:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 12 because the term "unique code identifier" assumes disputed factual conclusions.

Freedom Defendants further object to this Request because "all documents" and "documents sufficient to identify" are undefined and appear to be contradictory. For example, "all documents" includes each and every Document, while "documents sufficient to identify" only includes those Documents necessary to identify each Diagnosis Code. This Request is therefore vague and ambiguous and does provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of responding to this Request, Freedom Defendants interpret "all documents" and "documents sufficient to identify" as Documents sufficient to show.

Freedom Defendants further object to this Request because the phrase "documents sufficient to identify all diagnosis codes submitted to You by any provider" is not defined and subject to varying interpretations. For example, it is not clear whether "all diagnosis codes submitted to You by any provider" includes

Diagnosis Codes submitted to Freedom Defendants outside of the Medicare

Advantage risk adjustment process.  This Request is therefore vague and ambiguous

and does provide reasonable criteria to determine the responsiveness of particular

Documents.  For the purpose of this Request, Freedom Defendants interpret

"documents sufficient to identify all diagnosis codes submitted to You by any

provider" as Documents received from Provider Defendants that contain a Diagnosis

Code, the identity of the Beneficiary for whom the Diagnosis Code was submitted by

the healthcare provider, and the date the Diagnosis Code was submitted to Freedom

Defendants.

     Freedom Defendants further object to this Request as overly broad and not

relevant or proportional to the allegations at issue in this case to the extent it seeks

information about claims received for Beneficiaries not enrolled with Provider

Defendants.  Because physicians who are not employed by Provider Defendants are

not implicated by the Complaint, information about claims received by Freedom

Defendants for Beneficiaries who only received services from such physicians is not

relevant to the case and not reasonably calculated to lead to admissible evidence.

     Freedom Defendants further object to this Request as overly broad and not

relevant or proportional to the allegations at issue in this case to the extent it seeks

Documents relating to Diagnosis Codes submitted for individuals who are not

Medicare Advantage Beneficiaries, which are not relevant to the case and not

reasonably calculated to lead to admissible evidence.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will produce nonprivileged Documents sufficient to show Diagnosis Codes submitted to Freedom Defendants by the physicians employed by Provider Defendants with which the Beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP were enrolled during the relevant time period.

**Request No. 13:**

All documents sufficient to identify any claims identified in Request for Production No. 12 which You rejected, deleted, returned to the provider, or denied payment for any reason, including the basis for any such rejection, deletion, return, or denial.

**Objections and Response to Request No. 13:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants incorporate by reference the objections made in response to Request 12.

Freedom Defendants object to Request 13 because the term "claim" assumes disputed factual and legal conclusions.

Freedom Defendants further object to this Request because "all documents" and "documents sufficient to identify" are undefined and appear to be contradictory.

For example, "all documents" includes each and every Document, while "documents sufficient to identify" only includes those Documents necessary to identify each claim.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of responding to this Request, Freedom Defendants interpret "all documents" and "documents sufficient to identify" as Documents sufficient to show.

Freedom Defendants further object to this Request as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent it seeks information about claims received for Beneficiaries not enrolled with Provider Defendants.  Because physicians who are not employed by Provider Defendants are not implicated by the Complaint, information about claims received by Freedom Defendants for Beneficiaries who only received services from such physicians is not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent it seeks Documents relating to claims submitted for individuals who are not Medicare Advantage Beneficiaries, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 14**:

All documents sufficient to identify all diagnosis codes submitted by You to the United States.  Any response to this request shall provide information sufficient to identify, at least, the patient, the date on which the code was submitted by You to the United States, and any unique identifier by which the code can be traced throughout Your risk management database.

**Objections and Response to Request No. 14**:

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 14 because the term "unique identifier" assumes disputed factual conclusions.

Freedom Defendants further object to this Request because "all documents" and "documents sufficient to identify" are undefined and appear to be contradictory. For example, "all documents" includes each and every Document, while "documents sufficient to identify" only includes those Documents necessary to identify each Diagnosis Code.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of responding to this Request, Freedom Defendants interpret "all documents" and "documents sufficient to identify" as Documents sufficient to show.

Freedom Defendants further object to this Request because "the United States of America" is not defined and subject to varying interpretations. For example, it is unclear which entities, agencies, and departments are included in "the United States of America." This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "the United States of America" as the Centers for Medicare and Medicaid Services ("CMS").

Freedom Defendants further object to this Request because "the United States of America" is overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent that it includes entities, agencies, and departments not relevant to the allegations in Relator's Complaint.

Freedom Defendants further object to this Request as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent it seeks information about Diagnosis Codes received for Beneficiaries not enrolled with Provider Defendants. Because physicians who are not employed by Provider Defendants are not implicated by the Complaint, information about Diagnosis Codes received by Freedom Defendants for Beneficiaries who only received services from such physicians is not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent it seeks Diagnosis Codes submitted for individuals to whom Freedom

Defendants do not provide Medicare Advantage benefits as a Medicare Advantage Organization as defined by CMS in 42 C.F.R. § 422.2, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request on the grounds that it seeks Documents that are in the custody and control of CMS and which Relator can access from CMS.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 15:**

All documents sufficient to identify any claims identified in Request for Production No. 14 which the United States rejected, deleted, returned to You, or denied payment for any reason, including the basis for any such rejection, deletion, return, or denial.

**Objections and Response to Request No. 15:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants incorporate by reference the objections made in response to Request 14.

Freedom Defendants object to Request 15 because the term "claims" assumes disputed factual and legal conclusions.

Freedom Defendants further object to this Request to the extent it assumes the unsupported factual and legal conclusion that CMS bases any one payment to Freedom Defendants entirely on a single Diagnosis Code.

Freedom Defendants further object to this Request because "all documents" and "documents sufficient to identify" are undefined and subject to varying interpretations. For example, "all documents" includes each and every Document, while "documents sufficient to identify" only includes those Documents necessary to identify each claim. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of responding to this Request, Freedom Defendants interpret "all documents" and "documents sufficient to identify" as Documents sufficient to show.

Freedom Defendants further object to this Request because "rejected, deleted, returned to You" is undefined and subject to varying interpretations. For example, it is not clear what "returned to You" would mean in the context of a Diagnosis Code submission other than a rejection or deletion. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because "the United States of America" is not defined and subject to varying interpretations. For example, it is unclear which entities, agencies, and departments are included in "the United States of America." This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the

purpose of this Request, Freedom Defendants interpret "the United States of America" as the Centers for Medicare and Medicaid Services ("CMS").

Freedom Defendants further object to this Request because "the United States of America" is overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent that it includes entities, agencies, and departments not relevant to the allegations in Relator's Complaint.

Freedom Defendants further object to this Request as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent it seeks information about Diagnosis Codes of Beneficiaries not enrolled with Provider Defendants. Because those physicians are not implicated by the Complaint, information about Diagnosis Codes received from them is not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request as overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case to the extent it requests Diagnosis Codes submitted for individuals who are not Medicare Advantage Beneficiaries, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request on the grounds that it seeks Documents that are in the custody and control of CMS and which Relator can access from CMS.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 16:**

All documents related to any report, review, audit, or other document evaluating your Medicare risk adjustment program.  This request includes but is not limited to any corrective action plans that resulted from any such report, review, audit, or document.

**Objections and Response to Request No. 16:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 16 as overly broad and unduly burdensome to the extent it requests "all documents related to . . .  other documents."  This Request for Documents related to an undefined category of Documents is so broad as to provide no reasonable criteria for Freedom Defendants to identify for the purpose of conducting a search.

Freedom Defendants further object to this Request because the terms "report," "review," "audit," and "other document" are not defined and subject to varying interpretations.  For example, it is not clear what documents other than reports, review, and audits fall within the "other document" category.  Similarly, it is not clear whether this Request is limited to internal reviews and audits or includes

external review and audits as well.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "Medicare risk adjustment" is not defined and subject to varying interpretations.  For example, "Medicare risk adjustment" could mean risk adjustment activities outside of Medicare Advantage.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "Medicare risk adjustment" as Medicare Advantage risk adjustment.

Freedom Defendants further object to this Request because the phrase "document evaluating your Medicare risk adjustment program" is not defined and subject to varying interpretations.  For example, "document evaluating your Medicare risk adjustment program" could be read to include the personnel files of the Coders involved in Medicare Advantage risk adjustment.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "document evaluating your Medicare risk adjustment program" as a Document containing a business or operational assessment of Freedom Defendants' participation in the Medicare Advantage risk adjustment program.

Freedom Defendants further object to this Request as overly broad and not relevant or proportional to the allegations at issue in this case because it seeks "all documents related to any report, review, audit, or other document evaluating your Medicare risk adjustment program," which are not relevant to the case and not reasonably calculated to lead to admissible evidence.  This Request therefore does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will produce final versions of nonprivileged Medicare Advantage risk adjustment review reports for the relevant time period.

**Request No. 17:**

All documents related to any report, review, audit, or other document evaluating the financial impact of increasing or attempting to increase Your average risk adjustment scores for Medicare Advantage beneficiaries.

**Objections and Response to Request No. 17:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 17 to the extent that it assumes the disputed factual conclusion that Freedom Defendants "increas[ed]" or "attempt[ed] to increase [] average risk adjustment scores for Medicare Advantage beneficiaries."

Freedom Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents related to . . . other documents." This Request for all Documents in turn related to an undefined category of Documents is so broad as to provide no reasonable criteria for Freedom Defendants to identify for the purpose of conducting a search.

Freedom Defendants further object to this Request because the term "risk adjustment score[]" is not defined and subject to varying interpretations. For example, it is not clear if this term includes individual numerical values, total numerical values, average numerical values, or some qualitative assessment. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "risk adjustment score[]" as the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a).

Freedom Defendants further object to this Request because the terms "report," "review," "audit," and "other document" are not defined and subject to varying interpretations. For example, it is not clear what Documents other than reports, review, and audits fall within the "other document" category. Similarly, it is not clear whether this Request is limited to internal reviews and audits or includes external review and audits as well. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "document evaluating the financial impact of" is not defined and subject to varying interpretations. For example, it is unclear whether a Document must explicitly evaluate financial impacts on Freedom Defendants to qualify as a "document evaluating the financial impact of." This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request as overly broad and not relevant or proportional to the allegations in this case to the extent it seeks Documents relating to Freedom Defendants' Medicare Advantage risk adjustment program for providers other than Provider Defendants, or Documents relating to individuals to whom Freedom Defendants do not provide Medicare Advantage benefits as a Medicare Advantage Organization as defined by CMS in 42 C.F.R. §

422.2, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, that evaluate the financial impact on Freedom Defendants of any increase in average numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a) for the Beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP for the relevant time period.

**Request No. 18:**

All documents related to risk adjustment goals establishing minimum or target risk adjustment scores for Your beneficiaries, either individually, categorically, or in entirety.  This request includes, but is not limited to, risk adjustment score cards, employee bonus structures which include or contemplate risk adjustment scores,

training materials, compliance policies, and/or employee improvement plans related to risk scores.

**<u>Objections and Response to Request No. 18</u>:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 18 to the extent that it assumes the disputed factual conclusion that Freedom Defendants created "risk adjustment goals establishing minimum or target risk adjustment scores."

Freedom Defendants further object to this Request because the term "risk adjustment score" are not defined and subject to varying interpretations. For example, it is not clear if this term includes individual numerical values, total numerical values, average numerical values, or some qualitative assessment. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "risk adjustment score" as the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a).

Freedom Defendants further object to this Request because the phrase "risk adjustment goals establishing minimum or target risk adjustment scores" is not defined and subject to varying interpretations. For example, "documents related to risk adjustment goals establishing minimum or target risk adjustment scores" could

be read to mean Documents created by Freedom Defendants that project revenue based on varying models.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "all documents related to risk adjustment goals establishing minimum or target risk adjustment scores for Your beneficiaries, either individually, categorically, or in entirety," is not defined and subject to varying interpretations.  For example, it is not clear whether "in entirety" refers to targets that are set for all individuals who are insured by Freedom Defendants or only those individuals who receive coverage under the Medicare Advantage program or something else.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request as overly broad and not relevant or proportional to the allegations in Relator's Complaint to the extent it requests Documents relating to Freedom Defendants' Medicare Advantage risk adjustment program for providers other than Defendant Providers and for individuals who are not Medicare Advantage Beneficiaries.

Freedom Defendants further object to this Request because it seeks "all documents related to risk adjustment goals establishing minimum or target risk adjustment scores for Your beneficiaries, either individually, categorically, or in entirety," which is overly broad and not relevant or proportional to the allegations at

issue in this case to the extent that it includes information related to Medicare Advantage Beneficiaries not enrolled with Provider Defendants.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, establishing a goal for the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a) for physicians employed by Provider Defendants with which the Beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP were enrolled for the relevant time period.

**Request No. 19:**

All documents related to remuneration or incentives (including, but not limited to bonuses, monetary payments, gift cards, salary adjustments, or in-kind services) made available or paid to Your providers based on the number, rate, or other quality metric of diagnoses the provider enters into patients' medical records.

**Objections and Response to Request No. 19:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 19 to the extent that it assumes the disputed factual conclusion that "remuneration or incentives" were "made available or paid to [] providers based on the number, rate, or other quality metric of diagnoses the provider enters into patients' medical records."

Freedom Defendants further object to this Request because the terms "remuneration," "incentives," and "based on" are not defined and subject to varying interpretations.  For example, it is not clear what other "incentives" or "remuneration" would be included beyond the ones specifically listed.  Similarly, it is not clear if "based on" means based entirely on or based in part on.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "the number, rate, or other quality metric" is not defined and subject to varying interpretations.  For example, it is not clear if "rate" refers to the speed at which a provider enters diagnoses as compared to other providers or something else.  Similarly, it is not clear what metrics are included in "other quality metric."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because it seeks "all documents related to remuneration or incentives . . . made available or paid to Your providers based on the number, rate, or other quality metric of diagnoses the provider enters into patients' medical records," which is overly broad and not relevant or proportional to the allegations at issue in this case.  For example, this would include searches for providers that are not Provider Defendants and Beneficiaries that are not at issue in Relator's Complaint, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, sufficient to show any bonuses, monetary payments, gift cards, salary adjustments, or in-kind services tied to Diagnosis Codes and paid by Freedom Defendants to physicians employed by Provider Defendants with which the Beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP were enrolled for the relevant time period.

**Request No. 20:**

All documents related to the production of all "Five Star University" videos published on the Physician Partners intranet, including without limitation, any contracts to produce such videos, documents reflecting payments made for any persons involved in the production of such videos, scripts (including drafts),

documents used or referenced in the videos, and copies of all videos which have, at
any time, been published online or shown to providers during any meeting, training,
or boot camp session held, sponsored, co-sponsored, endorsed or attended by the
Freedom Defendants.

**Objections and Response to Request No. 20:**

Freedom Defendants incorporate by reference each of the above-stated
General Objections and Specific Objections to the Definitions and Instructions as if
fully set forth herein.

Freedom Defendants object to Request 20 to the extent that it calls for
Documents that Relator can more conveniently obtain from Provider Defendants.

Freedom Defendants further object to this Request because the phrase "'Five
Star University' video published on the Physician Partners intranet" is not defined
and subject to varying interpretations.  For example, it is unclear what makes a video
"published on the Physician Partners intranet" a "'Five Star University' video."  This
Request is therefore vague and ambiguous and does not provide reasonable criteria
to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the term
"contracts" is not defined and subject to varying interpretations.  For example,
"contracts" could be read to include drafts, incomplete agreements, or otherwise
nonbinding agreements.  This Request is therefore vague and ambiguous and does
not provide reasonable criteria to determine the responsiveness of particular

Documents.  For the purpose of this Request, Freedom Defendants interpret "contracts" as fully executed contracts.

Freedom Defendants further object to this Request because "any meeting, training, or boot camp session held, sponsored, co-sponsored, endorsed or attended by the Freedom Defendants" is not defined and subject to varying interpretations. For example, it could include external meetings attended by any Employee but in no way controlled or approved of by Freedom Defendants.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because it seeks "all documents related to the production of all 'Five Star University' videos published on the Physician Partners intranet," which is overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case.  For example, "all documents related to the production of all 'Five Star University' videos" could include a receipt from a lighting company that Provider Defendants employed to provide lighting during the production of any video, which is not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request because it seeks information that is not in the possession, custody, or control of Freedom Defendants.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 21**:

All documents related to the *Quality Training Manual* ("QTM") provided to Physician Partners physicians, including without limitation, any contracts to produce and publish such manual, a complete copy of each final version which has been produced and distributed, all drafts and revisions of all versions of the QTM, and all communications relating to the content, publication, or distribution of the QTM.

**Objections and Response to Request No. 21**:

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 21 to the extent that it calls for Documents that Relator can more conveniently obtain from Provider Defendants.

Freedom Defendants further object to this Request because "the Quality Training Manual ('QTM') provided to Physician Partners physicians" is not defined and subject to varying interpretations. For example, it is not clear what constitutes "provid[ing]" a Document to Physician Partners physicians and when such "provid[ing]" occurred. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the term "contracts" is not defined and subject to varying interpretations. For example, "contracts" could be read to include drafts, incomplete agreements, or otherwise nonbinding agreements. This Request is therefore vague and ambiguous and does

not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "contracts" as fully executed contracts.

Freedom Defendants further object to this Request because the terms "drafts" and "revisions" are not defined and subject to varying interpretations.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "drafts" and "revisions" as full or partial non-final versions of a document titled "Quality Training Manual" produced and published by Physician Partners, and currently in the possession of Freedom Defendants.

Freedom Defendants further object to this Request because it seeks information that is not in the possession, custody, or control of Freedom Defendants.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request.

**Request No. 22:**

All documents related to the *Medicare Provider Manual* available on Your websites, including without limitation, any contracts to produce and publish such manual, a complete copy of each final version which has been produced and distributed, all drafts and revisions of all versions of the Medicare Provider Manual,

and all communications relating to the content, publication, or distribution of the

Medicare Provider Manual.

**Objections and Response to Request No. 22:**

Freedom Defendants incorporate by reference each of the above-stated

General Objections and Specific Objections to the Definitions and Instructions as if

fully set forth herein.

Freedom Defendants object to Request 22 because the term "contracts" is not

defined and subject to varying interpretations.  For example, "contracts" could be

read to include drafts, incomplete agreements, or otherwise nonbinding agreements.

This Request is therefore vague and ambiguous and does not provide reasonable

criteria to determine the responsiveness of particular Documents.  For the purpose of

this Request, Freedom Defendants interpret "contracts" as fully executed contracts.

Freedom Defendants further object to this Request because "Your websites" is

not defined and subject to varying interpretations.  For example, it could mean a

public facing website, a restricted website available to providers, or something else.

This Request is therefore vague and ambiguous and does not provide reasonable

criteria to determine the responsiveness of particular Documents.  For the purpose of

this Request, Freedom Defendants interpret "Your website" to mean the following

web addresses: https://www.freedomhealth.com/dlsecure/?_id=3023299 and

www.youroptimumhealthcare.com/dlsecure/?_id=5763214.

Freedom Defendants further object to this Request because it seeks "contracts

to produce and publish such manual," which is overly broad and not relevant or

proportional to the allegations at issue in this case, and therefore not reasonably calculated to lead to the discovery of admissible evidence.

Freedom Defendants further object to this Request on the grounds that it seeks Documents to which Relator has equal access, particularly with respect to the version or versions of the Medicare Provider Manual available at https://www.freedomhealth.com/dlsecure/?_id=3023299, www.youroptimumhealthcare.com/dlsecure/?_id=5763214, and other publicly accessible pages.

Freedom Defendants further object to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged  final versions and drafts for all versions of the Medicare Provider Manual located at https://www.freedomhealth.com/dlsecure/?_id=3023299 and www.youroptimumhealthcare.com/dlsecure/?_id=5763214 used during  the relevant time period.

**Request No. 23**:

All communications sent by any employee of the Freedom Defendants to Dr. Clarissa Zafirov, received by any employee of the Freedom Defendants from Dr. Zafirov, or which relate in any way to Dr. Zafirov.

**Objections and Response to Request No. 23**:

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants further object to this Request because the phrase "which relate in any way to Dr. Zafirov" is undefined and subject to varying interpretations. For example, this phrase could include Communications generally relating to physicians employed by Provider Defendants but unrelated to the allegations in Relator's Complaint, which are not relevant to the case and not reasonably calculated to lead to admissible evidence. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "communications . . . which relate in any way to Dr. Zafirov" as those Communications that mention Dr. Zafirov by name.

Freedom Defendants further object to this Request because it seeks Documents to which Relator has equal access, particularly with respect to the Communications that Relator was a participant in and still has access to.

Freedom Defendants further object to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged emails to or from Freedom Defendants, as reflected in the email domains of the senders and recipients, if any, that are sent to, sent from, or refer directly to Dr. Clarissa Zafirov for the relevant time period, excluding emails that refer to Dr. Clarissa Zafirov only in the context of this litigation.

**Request No. 24:**

Documents sufficient to identify the officers, managers, employees, and contractors of the Freedom Defendants for each year of the relevant time frame, including without limitation, directories, rosters, and organizational charts.

**Objections and Response to Request No. 24:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 24 because the terms "officers," "managers," and "contractors" are not defined and subject to varying interpretations. For example, "contractors" could include any employee of any company or entity that had any sort of contract with Freedom Defendants at any time. Similarly, "officers" and "managers" are already included in the definition of "employees" so it is unclear what additional individuals are encompassed by the use of "managers" and "officers" here. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "officers, managers, employees, and contractors" as Employees.

Freedom Defendants further object to this Request as overly broad and not relevant or proportional to the allegations at issue in this case to the extent it seeks information about Employees whose work is unrelated to the allegations in Relator's Complaint.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files and will produce nonprivileged organizational documents, if any, that show Employees in Freedom Defendants' Government Business Division during the relevant time period.

**Request No. 25:**

All contracts or agreements between You and (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; and (3) Anion Technologies, LLC.

**Objections and Response to Request No. 25:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 25 as entirely duplicative of Requests 6 and 7.

Freedom Defendants further object to this Request because the phrase "contracts or agreements" is not defined and subject to varying interpretations.  For example, "contracts or agreements" could be read to include drafts, incomplete agreements, or otherwise nonbinding agreements.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "contracts or agreements" as fully executed contracts.

Freedom Defendants further object to this Request because the phrase "contracts . . . between You and (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; and (3) Anion Technologies, LLC," is not defined and subject to varying interpretations.  For example, those "contracts" could include every contract executed in the course of Freedom Defendants' business with

Provider Defendants, even those unrelated to Freedom Defendants' provision of Medicare Advantage benefits.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "contracts . . . between You and (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; and (3) Anion Technologies, LLC," as fully executed contracts between Freedom Defendants and Provider Defendants relating to Provider Defendants' provision of healthcare services to Freedom Defendants' Medicare Advantage Beneficiaries.

Freedom Defendants further object to this Request because it seeks "all contracts . . . between You and (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; and (3) Anion Technologies, LLC," which is overly broad, unduly burdensome, and not relevant or proportional to the allegations at issue in this case.  For example, "all contracts" could include contracts that are not related to Provider Defendants' provision of healthcare services to Freedom Defendants' Medicare Advantage Beneficiaries, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request on the grounds that it seeks Documents that are not in Freedom Defendants' possession or are more conveniently available from Provider Defendants.

Subject to and without waiving any of these objections, Freedom Defendants

respond as follows: Freedom Defendants will not produce any Documents in

response to this Request.

**Request No. 26:**

All communications regarding Medicare risk adjustment scores, diagnosis

codes, the Medicare risk adjustment system in general, or 5 Star Checklists between

You and any employee of (1) Florida Medical Associates, LLC d/b/a VIPcare; (2)

Physician Partners, LLC; and (3) Anion Technologies, LLC.

**Objections and Response to Request No. 26:**

Freedom Defendants incorporate by reference each of the above-stated

General Objections and Specific Objections to the Definitions and Instructions as if

fully set forth herein.

Freedom Defendants further object to this Request because the term

"Medicare risk adjustment score" is not defined and subject to varying

interpretations.  For example, it is not clear if this term includes individual numerical

values, total numerical values, average numerical values, or some qualitative

assessment.  This Request is therefore vague and ambiguous and does not provide

reasonable criteria to determine the responsiveness of particular Documents.  For the

purpose of this Request, Freedom Defendants interpret "Medicare risk adjustment

score" as the numerical value determined by the risk adjustment factors established

pursuant to 42 U.S.C. § 1395w-23(a).

Freedom Defendants further object to this Request because the term "the Medicare risk adjustment system in general" is not defined and subject to varying interpretations.  For example, it is not clear what would be encompassed by a request for Communications regarding "the Medicare risk adjustment system in general" beyond diagnosis data.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because it seeks Documents that are not in Freedom Defendants' possession or are more conveniently available from Provider Defendants.

Freedom Defendants further object to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged emails to or from Provider Defendants, as reflected in the email domains of senders and recipients, if any, directly referring to the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a), Diagnosis Codes, or 5 Star Checklists for the Beneficiaries

named in the crosswalk provided by Relator as an attachment to a January 10, 2023
email from Jillian Estes at Morgan Verkamp, LLP for the relevant time period.

**Request No. 27:**

All documents related to Your review, tracking, or assessment of the total
average Medicare Risk Adjustment Score of any patient or any physician's patient
panel, including without limitation, any reports generated which identified a patient
or patient panel's risk adjustment score, any communications between You and any
physician about their patient or patient panel's risk adjustment score.

**Objections and Response to Request No. 27:**

Freedom Defendants incorporate by reference each of the above-stated
General Objections and Specific Objections to the Definitions and Instructions as if
fully set forth herein.

Freedom Defendants object to Request 27 because the term "physician" is not
defined and subject to varying interpretations.  This Request is therefore vague and
ambiguous and does not provide reasonable criteria to determine the responsiveness
of particular Documents.  For the purpose of this Request, Freedom Defendants
interpret "physician" as a physician employed by Provider Defendants.

Freedom Defendants further object to this Request because the terms
"Medicare Risk Adjustment score" and "risk adjustment score" are not defined and
subject to varying interpretations.  For example, it is not clear if these terms include
individual numerical values, total numerical values, average numerical values, or
some qualitative assessment.  This Request is therefore vague and ambiguous and

does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "Medicare Risk Adjustment score" and "risk adjustment score" as the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a).

Freedom Defendants further object to this Request because the term "assessment" is not defined and subject to varying interpretations.  For example, it is not clear what would be included in an "assessment" that is not included in "review" and "tracking."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.

Freedom Defendants further object to this Request because the phrase "total average Medicare Risk Adjustment Score" is not defined and subject to varying interpretations.  For example, it is not clear what would comprise the "total average Medicare Risk Adjustment Score of [a] patient."  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "total average Medicare Risk Adjustment Score" as the average numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a)for all Beneficiaries assigned to a single provider or provider group.

Freedom Defendants further object to this Request because it seeks "all documents related to Your review, tracking, or assessment of the total average Medicare Risk Adjustment Score of any patient or any physician's patient panel,"

which is overly broad and not relevant or proportional to the allegations at issue in this case.  For example, "all documents related to . . .  the total average Medicare Risk Adjustment Score of any patient" could include Documents unrelated to Freedom Defendants' provision of Medicare Advantage benefits related to providers and Beneficiaries at issue in Relator's Complaint, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.   Such Documents  are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants object to this Request because it seeks "any communications between You and any physician about their patient," which is overly broad and not relevant or proportional to the allegations at issue in this case to the extent that it includes Documents unrelated to Freedom Defendants' provision of Medicare Advantage benefits in connection with the  providers and Beneficiaries at issue in Relator's Complaint.

Freedom Defendants further object to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, referring directly to

Freedom Defendants' review or tracking of the average the numerical value

determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-

23(a) for the Beneficiaries named in the crosswalk provided by Relator as an

attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP

for relevant time period.

**Request No. 28:**

      All documents related to any report, review, audit, or other document

provided to any physician which relates to trends in the physician's usage of any

diagnosis code.  This request includes but is not limited to any corrective action plans

that resulted from any such report, review, audit, or document.

**Objections and Response to Request No. 28:**

      Freedom Defendants incorporate by reference each of the above-stated

General Objections and Specific Objections to the Definitions and Instructions as if

fully set forth herein.

      Freedom Defendants object to Request 28 as overly broad and unduly

burdensome to the extent it requests "all documents related to . . .  other

document[s]."  This Request for Documents related to an undefined category of

Documents is so broad as to provide no reasonable criteria for Freedom Defendants

to identify for the purpose of conducting a search.

      Freedom Defendants further object to this Request because "documents

related to any report, review, audit, or other document provided to any physician

which relates to trends in the physician's usage of any diagnosis code" is not defined

and subject to varying interpretations.  For example, it could be read to encompass physicians not employed by Provider Defendants.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "documents related to any report, review, audit, or other document provided to any physician which relates to trends in the physician's usage of any diagnosis code" as Documents describing trends in the use of Diagnosis Codes by a physician employed by Provider Defendants.

Freedom Defendants further object to this Request as overly broad and not relevant or proportional to the allegations at issue in this case because it seeks "all documents related to any report, review, audit, or other document provided to any physician which relates to trends in the physician's usage of any diagnosis code," which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing

results and will produce nonprivileged Documents, if any, describing trends in the

use of Diagnosis Codes by any physician employed by Provider Defendants with

which the Beneficiaries named in the crosswalk provided by Relator as an

attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP

were enrolled for the relevant time period.

**Request No. 29:**

All audio or audiovisual recordings of any of Your meetings, training or boot

camp sessions which discussed, referenced, or related to Medicare risk adjustment

scores, diagnosis codes, the Medicare risk adjustment system in general, or 5 Star

Checklists.

**Objections and Response to Request No. 29:**

Freedom Defendants incorporate by reference each of the above-stated

General Objections and Specific Objections to the Definitions and Instructions as if

fully set forth herein.

Freedom Defendants object to Request 29 because "meetings, training or boot

camp sessions" is not defined and subject to varying interpretations.  For example, it

is unclear what qualifies as a "boot camp session."  This Request is therefore vague

and ambiguous and does not provide reasonable criteria to determine the

responsiveness of particular Documents.  For the purpose of this Request, Freedom

Defendants interpret "meetings, training or boot camp sessions" as official corporate

functions organized and led by Freedom Defendants as part of Freedom Defendants'

provision of Medicare Advantage coverage to Beneficiaries enrolled with Provider Defendants.

Freedom Defendants further object to this Request because the term "Medicare risk adjustment score" is not defined and subject to varying interpretations. For example, it is not clear if this term includes individual numerical values, total numerical values, average numerical values, or some qualitative assessment. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "Medicare risk adjustment score" as the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a).

Freedom Defendants further object to this Request because the term "the Medicare risk adjustment system in general" is not defined and subject to varying interpretations. This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents. For the purpose of this Request, Freedom Defendants interpret "the Medicare risk adjustment system in general" as Freedom Defendants' participation in the provision of Medicare Advantage benefits.

Freedom Defendants further object to this Request because it seeks "all audio or audiovisual recordings of any of Your meetings, training or boot camp sessions which discussed, referenced, or related to Medicare risk adjustment scores, diagnosis codes, the Medicare risk adjustment system in general, or 5 Star Checklists," which

is overly broad and not relevant or proportional to the allegations at issue in this case.  For example, it could include recordings of meetings referencing Diagnosis Codes unrelated to the allegations in Relator's Complaint, which are not relevant to the case and not reasonably calculated to lead to admissible evidence.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged recordings, if any, of official corporate functions organized and led by Freedom Defendants as part of Freedom Defendants' provision of Medicare Advantage coverage to Beneficiaries who were enrolled with Provider Defendants, and which refer directly to the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a), Diagnosis Codes, or 5 Star Checklists, for the relevant time period.

**Request No. 30:**

All documents related to Your affirmative defense that "Relator's claims are barred, in whole or in part, by the applicable statute of limitations."

**Objections and Response to Request No. 30:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 30 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege,

confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and supplement its response to this Request.

**Request No. 31:**

All documents related to Your affirmative defense that "Relator's claims are barred, in whole or in part, by the doctrine of laches."

**Objections and Response to Request No. 31:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 31 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and reserve the right to supplement their response to this Request.

**Request No. 32:**

All documents related to Your affirmative defense that "Relator's claims are barred, in whole or in part, by the doctrine of waiver."

**Objections and Response to Request No. 32:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 32 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege,

confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and supplement its response to this Request.

**Request No. 33:**

All documents related to Your affirmative defense that "Relator's claims are barred, in whole or in part, by the doctrine of estoppel."

**Objections and Response to Request No. 33:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 33 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and supplement its response to this Request.

**Request No. 34:**

All documents related to Your affirmative defense that "Relator's claims are barred, in whole or in part, by her failure to mitigate damages."

**Objections and Response to Request No. 34:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 34 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege,

confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and reserve the right to supplement their response to this Request.

**Request No. 35:**

All documents related to your affirmative defense that "Relator's claims are barred, in whole or in part, by the doctrines of course of performance, course of dealing, and usage of trade, which govern the meaning of any contractual agreement under which Freedom Defendants received payment by the United States."

**Objections and Response to Request No. 35:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 35 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance

potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and reserve the right to supplement their response to this Request.

**Request No. 36:**

All documents related to your affirmative defense that "Relator's claims are barred, in whole or in part, by failure to disclose to the United States 'substantially all

material evidence and information' that she possessed in violation of 31 U.S.C. § 3730(b)(2)."

**<u>Objections and Response to Request No. 36</u>:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 36 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work

product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and reserve the right to supplement their response to this Request.

**Request No. 37:**

All documents related to your affirmative defense that "Damages and claims for which Relator seeks relief in the FAC, if any, were caused and/or contributed to by the acts, errors, or omissions or otherwise the fault of third parties, for whose conduct Freedom Defendants are not responsible."

**Objections and Response to Request No. 37:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 37 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance

potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time.  As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and reserve the right to supplement their response to this Request.

**Request No. 38:**

All documents related to your affirmative defense that "The United States did not suffer actual injury as it ratified, or otherwise consented to, the transactions and

occurrences that are the subject of this action, by continuing to pay MA Plans as a previously determined rate as long as the plans' diagnosis coding error rates did not exceed CMS's own error rate, despite CMS's knowledge that some diagnosis codes were unsupported."

**Objections and Response to Request No. 38:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Freedom Defendants object to Request 38 because it seeks "all documents related to Your affirmative defense," which is overly broad, unduly burdensome, and seeks information not relevant or proportional to the allegations at issue in this case. Fulfilling this Request would require Freedom Defendants to search for and review large volumes of Documents at excessive expense, outweighing any relevance potentially associated with such Documents, and would yield Documents irrelevant to the case and not reasonably calculated to lead to admissible evidence.

Defendant objects to this Request as premature because discovery is in its early stages and Freedom Defendants continue to evaluate their affirmative defenses. This Request therefore seeks Documents that are not yet reasonably known.

Freedom Defendants further object to this Request because it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, the Handbook on Civil Discovery Practice, and other applicable law.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law. Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: Freedom Defendants will not produce any Documents in response to this Request at this time. As discovery in this matter progresses, Freedom Defendants may identify responsive Documents and reserve the right to supplement their response to this Request.

**Request No. 39:**

All documents establishing Your document retention policies, including Your policies for retaining electronic documents and emails, and Your policies for limiting or restricting access to documents after any set period of time (e.g. deleting or restricting user access to emails after a fixed period of months). This includes but is not limited to any Litigation Hold Notices or other changes in policies that were made related to this litigation.

**Objections and Response to Request No. 39:**

Freedom Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

FREEDOM DEFS.' RESPS. AND OBJS. TO RELATOR'S FIRST
SET OF REQS. FOR PRODUC. OF DOCS.
CASE NO. 8:19-CV-01236-KKM-SPF

Freedom Defendants object to Request 39 because the phrase "documents establishing Your document retention policies" is not defined and subject to varying interpretations.  For example, it is unclear whether it only includes documents "establishing," and not elaborating, document retention policies.  This Request is therefore vague and ambiguous and does not provide reasonable criteria to determine the responsiveness of particular Documents.  For the purpose of this Request, Freedom Defendants interpret "documents establishing Your document retention policies" as Documents enacting Freedom Defendants' formal policies for the retention of Documents.

Freedom Defendants further object to this Request because it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Freedom Defendants do not waive and hereby assert and preserve all such applicable privileges and protections.

Subject to and without waiving any of these objections, Freedom Defendants respond as follows: After entry of a Protective Order, Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents enacting Freedom Defendants' formal policies for the retention of Documents for the relevant time period.

Dated:  February 16, 2023      Respectfully submitted,

By:  */s/ Benjamin D. Singer*

    Benjamin D. Singer (Lead Counsel)*
    O'MELVENY & MYERS LLP
    1625 Eye Street NW
    Washington, DC 20006
    (202) 383-5300
    (202) 383-5414 (fax)
    bsinger@omm.com

    David M. Deaton*
    O'MELVENY & MYERS LLP
    610 Newport Center Dr., 17th Floor
    Newport Beach, CA 92660
    (949) 823-6900
    (949) 823-6994 (fax)
    ddeaton@omm.com

    Elizabeth M. Bock*
    O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
    Los Angeles, CA 90071
    (213) 430-6000
    (213) 430-6407 (fax)
    ebock@omm.com

    Ginger Boyd
    Fla. Bar No. 294550
    NELSON MULLINS RILEY &
    SCARBOROUGH LLP
    215 South Monroe Street, Suite 400
    Tallahassee, FL 32301
    (850) 205-3356
    (850) 521-1472 (fax)
    Ginger.Boyd@nelsonmullins.com

    *Counsel for Defendants Freedom Health, Inc.
    and Optimum HealthCare, Inc.*

    * admitted pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2023, I electronically caused a true and correct copy of the foregoing to be served by electronic mail to all counsel of record on the service list below.

By: */s/ Elizabeth A. Arias*

Elizabeth A. Arias
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
earias@omm.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

Service List:

A. Lee Bentley III                          Counsel for Defendants Florida Medical
Kyle W. Robisch                             Associates, LLC, Physician Partners,
BRADLEY ARANT BOULT                         LLC, and Anion Technologies, LLC
CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Phone: (813) 559-5500
lbentley@bradley.com
krobisch@bradley.com


Jason P. Mehta                              Counsel for Defendants Florida Medical
Natalie Hirt Adams                          Associates, LLC, Physician Partners,
FOLEY & LARDNER LLP                         LLC, and Anion Technologies, LLC
100 N. Tampa Street, Suite 2700
Tampa, FL 33602
Phone: (813) 225-5424
jmehta@foley.com
nhadams@foley.com


Jillian L. Estes                           Counsel for Relator Dr. Clarissa Zafirov
Frederick M. Morgan, Jr.
Chandra Napora
Jonathan Lischak
MORGAN VERKAMP LLC
4410 Carver Woods Drive, Suite 200
Cincinnati, OH 45242
Phone: (513) 651-4400
jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
Chandra.napora@morganverkamp.com
jonathan.lischak@morganverkamp.com


Adam T. Rabin                              Counsel for Relator Dr. Clarissa Zafirov
Havan M. Clark
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com

Kenneth J. Nolan                        Counsel for Relator Dr. Clarissa Zafirov
Marcella Auerbach
NOLAN & AUERBACH, PA
435 N Andrews Ave, Suite 401
Ft Lauderdale, FL 33301
Phone: (954) 779-3943
ken@whistleblowerfirm.com
marcella@whistleblowerfirm.com