UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DR. CLARISSA ZAFIROV,<br><br>　　Plaintiff and Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC, *et al.*<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 8:19-cv-01236-KKM-SPF<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF RELATOR'S MOTION TO COMPEL DISCOVERY**

Relator moved to compel Defendants' production of responsive discovery from January 1, 2014 through September 12, 2022. Doc. 143. Defendants opposed, attempting to limit discovery to a period of January 1, 2017 through December 31, 2020. Doc. 145. In support of their opposition, Defendants submitted a declaration by Emily Gallman, the Vice President of Healthcare Operations and Practice Administrator for Defendant VIPcare. Doc. 145-1. Gallman's declaration underscores, rather than refutes, the relevance and importance of documents and data in the range that Relator has proposed. Were the Court to adopt Defendants' proposed temporal scope, Relator would be prevented from receiving the very material that Defendants, through their reliance on Gallman's declaration, expressly recognized to be relevant and implicitly acknowledged would not be burdensome to produce.

To illustrate, Defendants offered Gallman's declaration for the assertion that "no

1

physician affiliated with Provider Defendants submitted" the false diagnosis codes related to Patient A (an amputation code marked as paid for a patient whose foot was not amputated), Patient P (an anencephaly code submitted for a patient without the fatal birth defect), or Patient Q (five codes for prostate cancer submitted for a patient with no record of treatment for such cancer). Doc. 145 at 4-5. Gallman represented that she personally reviewed "Physician Partners' and VIPcare's billing and claims records" and "historical claims data reflecting patient diagnosis codes provided to Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively 'Freedom Defendants') from 2015 to 2017." Doc. 145-1 at 2-3. Based on her review, she determined that "no physician employed by VIPcare or otherwise affiliated with Physician Partners submitted the diagnosis codes referenced in the Amended Complaint for Patients A, P, or Q." *Id.* at 3.

Gallman's statement is an express admission that diagnosis codes and related claims data which include 2015-2017 are relevant to claims and defenses at issue in this case, and that the records can be (and seemingly already have been) gathered and reviewed, so producing such material to Relator would not be a disproportionate burden. Further, Gallman's representations underscore the importance of permitting Relator to review the related records: Gallman asserts that "no physician" submitted the claims, but she does not state whether the claims were submitted by someone else at Physician Partners (like a non-physician chart reviewer), whether the claims were submitted by Freedom Defendants without an underlying physician claim, or whether the claims came from another source. Gallman does not refute Relator's allegations—she does not say

2

that Physician Partners was not paid for those claims or that Physician Partners was erroneously paid for claims and then returned the payments. Rather, Gallman's limited representation about the records leaves open the exact questions in this case—whether medically unsupported diagnosis codes were submitted by Defendants for payment by the United States, and whether Defendants retained payments to which they were not entitled. Gallman's declaration supports that the answer to those questions lies in records outside the limited scope that Defendants have proposed.

Further, Gallman asserts that she reviewed "records" (she does not define what records or assert any burden associated with her collection and review of such records) that show Physician Partners submitted an average of 450,813 claims per year for patients enrolled with Freedom Defendants from 2014 to 2022. Doc. 145-1 at 4. That number illustrates the importance of Relator's proposed timeframe, as any limit on the temporal scope of discovery potentially absolves Defendants of liability for hundreds of thousands of false claims. Further, while Defendants have failed to articulate any particularized burden associated with Relator's proposed temporal scope, Gallman's representations support that producing responsive discovery from Jan. 1, 2014 through Sept. 12, 2022 is proportional to the needs of the case and not unduly burdensome.

Relator respectfully requests that this Court compel the production of all discovery in this matter with a temporal scope of January 1, 2014, through September 12, 2022.

Respectfully submitted this 1st day of September, 2023,

3

/s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Frederick Morgan, Jr. (OH Bar No. 0027687)
Jennifer M. Verkamp (OH Bar No. 0067198)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
jverkamp@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL  33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

***Counsel for Relator Dr. Clarissa Zafirov***

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that foregoing motion was served on Sept. 1, 2023, to all parties of record via the CM/ECF electronic filing system.

/s/ Jillian L. Estes
Jillian L. Estes