UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff and Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 8:19-cv-01236-KKM-SPF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RELATOR'S MOTION TO QUASH NON-PARTY SUBPOENAS
AND TO ISSUE A PROTECTIVE ORDER**

Relator Dr. Clarissa Zafirov ("Relator"), through her undersigned counsel, respectfully moves the Court to issue an order quashing three non-party subpoenas served by Defendants Florida Medical Associates, LLC, Anion Technologies, LLC, and Physician Partners, LLC (collectively, "Provider Defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 45 and to issue a protective order pursuant to Rule 26.

**I.     Factual Background**

This action under the False Claims Act ("FCA") charges the Provider Defendants and two Medicare Advantage organizations with fraud on federal healthcare programs. The First Amended Complaint ("FAC") does not include any legal claim on behalf of

1

Relator arising out of her employment with her non-party employers, nor does the FAC contain any personal retaliation claim against any defendant, whether pursuant to 31 U.S.C. § 3730(h) or otherwise. (Doc. 86). Likewise, Defendants' Answers to the FAC contain no defenses relating to Relator's non-party employers or any other employment-related defense. (Docs. 129 and 130.) Rather, Relator alleges that, beginning in at least January 2014, Defendants Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC, Florida Medical Associates, LLC d/b/a VIPCare, and Anion Technologies, LLC acted in concert to falsely increase the risk adjustment scores of thousands of Medicare Advantage patients for the purpose of obtaining more funding from the United States than was rightfully owed. (Doc. 86.) More specifically, Relator alleges that Defendants fraudulently inflated patients' Medical Risk Adjustment scores in order to increase their capitated payments by making patients appear sicker than they actually were. (*Id.*) These practices included submitting patient diagnosis codes that physicians had expressly disavowed, pressuring physicians to falsify medical charts, and applying repeated and excessive pressure on physicians to accept suggested codes from coders who had never seen the patient (and were not even physicians). (*Id.*) Relator was a family medicine physician employed by Defendant Physician Partners who refused to capitulate to financial and personal pressure to apply unsupported diagnosis codes. (*Id.*)

Notwithstanding the lack of nexus between Relator's former employers and the claims and defenses at issue in this action, on September 19, 2023, counsel for the Provider Defendants notified counsel for Relator of the intent to serve non-parties SMH

Physician Service d/b/a First Physicians Group of Sarasota Memorial Health Care System ("First Physician Group"), Catholic Health Initiatives – Iowa, Corp. d/b/a Mercy Medical Center ("Mercy"), and Sarasota County Public Hospital District d/b/a Sarasota Memorial Hospital ("Sarasota Memorial") with third-party subpoenas under Rule 45.[1] Relator was employed by each of these entities at various times prior to her employment by Defendant Physician Partners. The Provider Defendants have no corporate or other known connection to First Physician Group, Mercy, or Sarasota Memorial, and thus Relator's work for Defendant Physician Partners was wholly separate from her work for those prior employers. As detailed below, the third-party subpoenas at issue seek documents related to Relator's prior employment that are wholly irrelevant to the issues before this Court, including the contents of her personnel files and thus serve no purpose other than to improperly invade Relator's privacy and harass her while engaging in a fishing expedition unmoored from the claims and defenses in this case.

Each of the subpoenas contains the following ten substantively identical document requests:

1. All contracts, agreements, or offers of contract or agreement between You and Dr. Zafirov.

2. All documents and communications relating to Dr. Zafirov's job performance including, without limitation, performance evaluations, disciplinary records, commendations, complaints, and grievances.

---

[1] The subpoenas to First Physician Group, Mercy, and Sarasota Memorial are attached hereto as Exhibits A, B, and C, respectively.

3. All documents and communications with any government agency referring or relating to Dr. Zafirov's coding or billing practices or the quality of Dr. Zafirov's patient care.

4. All documents and communications referring or relating to any review or audit of Dr. Zafirov's coding or billing practices or patient care.

5. All documents and communications reflecting, referring, or relating to any policy, guidance, protocol, or guideline provided to Dr. Zafirov relating to the documentation or coding of patient diagnoses.

6. All documents and communications reflecting, referring, or relating to any training or education programs attended by Dr. Zafirov relating to the documentation or coding of patient diagnoses.

7. All documents and communications referring or relating to any concerns or complaints regarding Dr. Zafirov's documentation or coding of patient diagnoses.

8. All documents and communications referring or relating to concerns or complaints regarding Dr. Zafirov's patient care.

9. All documents and communications referring or relating to any concerns or complaints raised by Dr. Zafirov about any of Your policies or practices.

10. All documents and communications referring or relating to Dr. Zafirov's termination or resignation, including but not limited to any investigations, proceedings, or reasons for such termination or resignation.

Counsel for Relator contacted counsel for the Provider Defendants on September 22, 2023 to express Relator's intent to challenge these subpoenas and to request a meet and confer on that topic. The Parties met and conferred on September 25, 2023. Despite meeting and conferring in good faith, the Parties were unable to resolve this dispute. Relator now brings this motion for a protective order and to quash these improper

subpoenas, which seek private information and are designed to harass Relator by unnecessarily involving Relator's former employers in this matter.

## II. Argument

Rule 26(b)(1) permits inquiry into "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." *Crossman v. Carrington Mortg. Servs., LLC*, No. 3:19-cv-1081-J-39PDB, 2020 U.S. Dist. LEXIS 77940, at *5 (M.D. Fla. May 4, 2020) (emphasis added). Courts determine relevance and proportionality based on "the existing claims and defenses in the litigation, not on unasserted claims and defenses." *Turco v. Ironshore Ins. Co.,* No. 2:18-cv-634-FtM-99MRM, 2019 U.S. Dist. LEXIS 89822, at *14-15 (M.D. Fla. Mar. 4, 2019) ("the scope of permissible discovery in this case is informed by and limited to the claims Plaintiffs have actually asserted and the Defendant's asserted defenses thereto"). "The scope of discovery under a Rule 45 subpoena is the same as the scope [of] discovery under Rule 26." *United States ex rel. Heesch v. Diagnostic Physicians Grp., P.C.*, No. 11-00364-KD-B, 2014 U.S. Dist. LEXIS 77892, at *6 (S.D. Ala. June 9, 2014). Thus, information sought by a Rule 45 subpoena must be relevant to the claims and defenses and proportional to the needs of the case.

Under the False Claims Act, Relator must show that Defendants "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval; [or] knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." *United States ex rel. Phalp v. Lincare*

5

*Holdings, Inc.*, 857 F.3d 1148, 1154-55 (11th Cir. 2017). None of those elements can be proved or disproved by Relator's prior employment. Nor can Defendants point to anything from Relator's prior employment to satisfy any defense set forth in their answer. Because the subpoenas seek irrelevant information, they serve no legitimate, permissible purpose and must be quashed, with a protective ordered entered to protect both Relator's personal information and the third parties from unnecessary expense and burden.

### A. The Court Should Quash These Subpoenas.

In the Eleventh Circuit, courts may quash subpoenas issued to non-parties if the challenging party alleges a personal right or privilege with respect to the subpoenas, and the information sought by the subpoenas issued by Provider Defendants is squarely personal. *Antoine v Sch. Bd.*, No. 2:16-cv-379-FtM-38MRM, 2018 U.S. Dist. LEXIS 231507, at *5 (M.D. Fla. Sep. 27, 2018) ("an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena"). "[C]ourts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Barrington v. MortgageIT, Inc.*, No. 07-61304-CIV-COHN/SELTZER, 2007 U.S. Dist. LEXIS 90555, at *7 (S.D. Fla. Dec. 10, 2007) (collecting cases); *see also Stevenson v. Johnson Bros Corp.*, No. 2:18-cv-1702-RDP, 2019 U.S. Dist. LEXIS 36340, at *6 (N.D. Ala. Mar. 7, 2019) (holding that, with regard to challenging a non-party subpoena, the plaintiff had "properly asserted a personal right in [his] employment records").

Nonparty subpoenas that seek wide-ranging records of a plaintiff's former employer are due to be quashed where they are "facially overboard and encompass potentially irrelevant information." *Maxwell v. Climate First Bank*, No. 8:23-cv-457-JSM-UAM, 2023 U.S. Dist. LEXIS 166767, at *3 (M.D. Fla. Sep. 19, 2023); *Premer v. Corestaff Servs., L.P.,* 232 F.R.D. 692, 693 (M.D. Fla. 2005) (quashing subpoenas served on the plaintiff's six former employers requesting the plaintiff's "entire personnel and benefit files, records relating to her hiring, termination, performance, any disciplinary action received by her in the course of her employment, compensation, and benefits" as overbroad). Indeed, even in employment-related cases, this Court has found that subpoenas directed at a party's former employers failed to pass muster under the relevancy standard. *Gonzalez v. Springs of Lady Lake Alf, L.L.C.*, No. 8:10-cv-1693-T-17AEP, 2011 U.S. Dist. LEXIS 172999, at *4-5 (M.D. Fla. Mar. 10, 2011).

Here, each request in Defendants' nonparty subpoenas seeks personal employment information that is wholly unrelated to the claims and defenses in this action. This is a *qui tam* action under the False Claims Act; as such, Relator initiated this matter on behalf of the United States, which is the real party in interest. *United States ex rel. Walker v. R & F Props. of Lake Cty., Inc.*, 433 F.3d 1349 (11th Cir. 2005) ("The United States is the real party in interest in a qui tam action under the FCA even if it is not controlling the litigation"). This is not a personal, employment-based matter, and the operative complaint contains no allegations relating to Relator's past employers, their claims submissions, their physician contracts or bonuses, or their representations to the

7

government, thus rendering information about Relator's employment history entirely irrelevant. Nor could anything regarding Relator's employment or engagement with any other entity provide Defendants with a defense to the allegations that Defendants violated the False Claims Act by using false medical codes to increase risk adjustment scores which resulted in fraudulently inflated Medicare Advantage payments from the United States. Simply put, nothing Relator could have done or not done, learned or not learned, or otherwise experienced with *other* provider groups has any bearing on whether *these* Defendants improperly billed federal health-payors.

Defendants have made no showing to the contrary. *Gonzalez,* No. 8:10-cv-1693-T-17AEP, 2011 U.S. Dist. LEXIS 172999, at *4-5 ("[t]he burden is on Defendant[s] to provide supporting documentation to substantiate such a broad search [of any and all records relating to the plaintiff's employment with prior employers], as the relevancy is not apparent on its face"). And the "vague possibility that loose and sweeping discovery might turn up something . . . does not show a particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry." *Id.* at *5 (internal citations omitted); *Woods v. Fresenius Med. Care Grp. of N. Am.*, No. 1:06-cv-1804-RLY-WTL, 2008 U.S. Dist. LEXIS 3756, at *7 (S.D. Ind. Jan. 16, 2008) ("the Defendant[s] simply [are] not entitled to amass a collection of documents in hopes of finding something useful"). Ignoring these clear admonitions, Defendants' subpoenas have no connection to any claim or defense, but rather appear to be a thinly veiled effort to unearth some means to attack Relator's background or credibility. This sort of fishing

8

expedition is far outside the bounds of Rule 45. *United States v. Handrup*, No. 13 C 7733, 2016 U.S. Dist. LEXIS 188443, at *5 (N.D. Ill. July 11, 2016) (granting relator's motion to quash Rule 45 subpoenas issued to former employers because the information sought had "little—if any—relevance" to the fraudulent billing False Claims Act case, claims that it might lead to information regarding the relator's truthfulness were unsupported, and the potential reputational harm imposed by the discovery sought would be substantial).

Further, even if any potentially relevant information could be gleaned from Defendants' subpoenas, the subpoenas are still improper and should be quashed because any relevant information can be obtained directly from Relator. *Maxwell*, 2023 U.S. Dist. LEXIS 166767, at *4; *Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019) ("Nor [have] Defendant[s] sufficiently explained why certain information, such as Plaintiff's current compensation, cannot be obtained directly from Plaintiff.") Defendants have already sought information from Relator regarding her education, her training, continuing medical education courses, and records of her employment as a physician.[2]

---

[2] Freedom and Optimum's First Set of Requests for Production to Relator included, *inter alia*, Request for Production No. 2 ("All Documents Concerning Your training and experience as a physician prior to October 1, 2018, including, without limitation, a transcript from Your medical school, records of any post-medical school training that You received, and records of Your employment as a physician, or as an intern, fellow, or resident") and Request for Production No. 8 ("All Documents Concerning Your investigation, research, or development of the allegations included in the Amended Complaint, including but not limited to notes, journals, summaries, analyses, reports, or any other similar Documents"), both of which would encompass any relevant training, education or research which inform Relator's allegations.

The parties have conferred on the requests and Relator has agreed to produce relevant, responsive records. Because Defendants can inquire directly of Relator for any other issues that have not already been covered, the subpoenas to Relator's former employers are unnecessary, burdensome and duplicative. *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at *15 (M.D. Fla. June 6, 2006) ("Defendant[s] should attempt to obtain as much of the evidence as possible directly from the Plaintiff.")

### B. A Protective Order Precluding Discovery On These Issues Is Also Warranted.

"Rule 26 'gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant.'" *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 U.S. Dist. LEXIS 111231, at *15 (M.D. Fla. July 18, 2017), *quoting Skyline Steel, LLC v. J.D. Fields & Co., Inc.*, No. 615CV528ORL41KRS, 2015 U.S. Dist. LEXIS 190548, at *2 (M.D. Fla. Nov. 24, 2015) (collecting cases). Indeed, Rule 26(c) specifically allows that a party may seek a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Rule 26, Fed. R. Civ. P.; *Cafra v. RLI Ins. Co.*, No. 8:14-CV-843-T-17EAJ, 2015 U.S. Dist. LEXIS 184097, at *4 (M.D. Fla. Feb 5, 2015).

When a discovery request, including a third-party subpoena, exceeds the bounds of relevancy, the Court has broad discretion to issue a protective order "forbidding the disclosure or discovery." *Paxton*, 332 F.R.D. at 369, *quoting* Rule 26(c)(1)(A). When moving for a protective order, the initial burden is on the party seeking to avoid discovery

10

by making a showing of "good cause." *Gov't Employees Ins. Co. v. Clear Vision Windshield Repair*, No. 6:16-cv-2077-Orl-28TBS, 2017 U.S. Dist. LEXIS 228379, at *7 (M.D. Fla. Mar. 20, 2017). Once such a showing has been made, "the burden then shifts to the non-moving party to show why relief should still not be granted, either because of undue prejudice or the importance of the discovery at issue." *Id.* Good cause is found where the information sought to be precluded from disclosure is irrelevant. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005).

Courts in this district have routinely granted protective orders in response to subpoenas to third-party former employers, finding them to be overbroad and seeking irrelevant information. *Alvarez v. Lakeland Area Mass Transit Dist.,* No. 8:19-cv-1044-T-33SPF, 2020 U.S. Dist. LEXIS 262384, at *3 (M.D. Fla. Feb. 24, 2020) (granting protective order regarding subpoenas to the plaintiff's past employers requesting the plaintiffs' "complete personnel file in the employer's care, possession, or control; any and all work evaluation reports or other data critiquing Plaintiff's performance while in the employer's employ; performance reviews; work evaluations; disciplinary reports; commendations; grievances; and grievance/disciplinary hearing records," finding the subpoenas overbroad and not proportional to the needs of the case); *Paxton*, 332 F.R.D. at 369 (granting protective order from non-party subpoena seeking "[a]ll documents related to your employment of [Plaintiff], including, but not limited to, her personnel file, employee records, payroll records, documents relating to absences and personal or medical leaves, performance evaluations, payroll/earnings, benefits, disciplinary actions,

11

workers' compensation claims, records related to her assignments, termination documentation, e-mail communication about her employment, compensation, performance, or assignments, and any other materials or documents concerning the employment of [Plaintiff]").

Here, for the same reasons set forth above with respect to quashing the subpoenas, there is simply no cognizable nexus between Relator's prior employment and whether Defendants fraudulently billed the United States. As such, the Court should issue a protective order preventing Defendants from obtaining the enumerated employment records from Relator's previous employers.

## III. Conclusion

For the reasons set forth herein, Relator respectfully requests that the Court issue an order quashing the Rule 45 subpoenas directed at First Physician Group, Mercy, and Sarasota Memorial and enter a protective order precluding Defendants from obtaining the information listed in their nonparty subpoenas from Relator's previous employers.

Respectfully submitted this 29th day of September, 2023,

/s/ *Jillian L. Estes*
Jillian L. Estes (Fla Bar No. 0055774)
Frederick Morgan, Jr. (OH Bar No. 0027687)
Jonathan M. Lischak (OH Bar No. 0097669)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com

jonathan.lischak@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL 33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

***Counsel for Relator Dr. Clarissa Zafirov***

### LOCAL RULE 3.01(g) CERTIFICATION

I, Jillian Estes, hereby certify that, consistent with Local Rule 3.01(g), Relator has conferred with the Provider Defendants by phone in an effort to resolve this motion. The parties were unable to reach a resolution on the relief sought herein.

/s/ *Jillian L. Estes*
Jillian L. Estes

13

## CERTIFICATE OF SERVICE

    I, Jillian Estes, hereby certify that foregoing motion was served on September 29, 2023, to all parties of record via the CM/ECF electronic filing system.

                                          */s/ Jillian L. Estes*
                                          Jillian L. Estes