# EXHIBIT B
Subpoena to Mercy Medical Center

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

United States of America
*ex rel.* Clarissa Zafirov,

      Relator,

v.                            CASE NO. 8:19-cv-01236-KKM-SPF

Physician Partners, LLC;
Florida Medical Associates, LLC
d/b/a VIPcare;
Anion Technologies, LLC;
Freedom Health, Inc.; and
Optimum Healthcare, Inc.,

      Defendants.

_____/

**NOTICE OF NON-PARTY SUBPOENA TO CATHOLIC HEALTH**
**INITIATIVES – IOWA, CORP. D/B/A MERCY MEDICAL CENTER**

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendants Florida Medical Associates, LLC, Anion Technologies

LLC, and Physician Partners LLC, intend to serve the attached subpoena to

produce documents directed to:

Catholic Health Initiatives – Iowa, Corp. d/b/a Mercy Medical Center
c/o Registered Agent: CT Corporation System
400 E. Court Ave.
Des Moines, IA 50309

1

who is not a party, to produce the items listed at the time and place specified in said subpoena.

Dated: September 19, 2023.

Respectfully submitted,

/s/ Jason P. Mehta
Jason P. Mehta
Florida Bar No. 106110
Primary E-mail: jmehta@foley.com
Secondary E-mail:  dmills@foley.com
Natalie Hirt Adams
Florida Bar No. 1030877
Primary E-mail: nhadams@foley.com
Secondary E-mail: dmills@foley.com
Lauren L. Valiente
Florida Bar No. 034775
Primary E-mail: lvaliente@foley.com
Secondary E-mail: dguillen@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, Florida 33602
Tel: (813) 229-2300
Facsimile: (813) 221-4210

*Counsel for Defendants Florida Medical Associates, LLC, dba VIPCARE, and Physician Partners, LLC, and Anion Technologies, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 19, 2023, I electronically caused a true and correct copy of the foregoing to be served by electronic mail to all counsel of record on the service list below.

*/s/ Jason Mehta*
Jason P. Mehta

<u>Service List:</u>

| | |
|---|---|
| A. Lee Bentley III<br>Giovanni P. Giarratana<br>Kyle W. Robisch<br>BRADLEY ARANT BOULT<br>CUMMINGS LLP<br>100 North Tampa Street, Suite 2200<br>Tampa, Florida 33602<br>(813) 559-5500<br>lbentley@bradley.com<br>ggiarratana@bradley.com<br>krobisch@bradley.com | Counsel for Defendants Florida Medical Associates LLC, Physician Partners LLC, and Anion Technologies LLC |
| Benjamin D. Singer<br>Amanda M. Santella<br>O'MELVENY & MYERS LLP<br>1625 Eye Street NW<br>Washington, DC 20006<br>(202) 383-5300<br>(202) 383-5414 (fax)<br>bsinger@omm.com<br>asantella@omm.com | Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc. |
| David M. Deaton<br>O'MELVENY & MYERS LLP<br>610 Newport Center Dr., 17th Floor<br>Newport Beach, CA 92660<br>(949) 823-6900 | Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc. |

(949) 823-6994 (fax)
ddeaton@omm.com

| | |
|---|---|
| Elizabeth M. Bock | Counsel for Defendants Freedom |
| Elizabeth A. Arias | Health, Inc. and Optimum |
| O'MELVENY & MYERS LLP | HealthCare, Inc. |
| 400 South Hope Street, 18th Floor | |
| Los Angeles, CA 90071 | |
| (213) 430-6000 | |
| (213) 430-6407 (fax) | |
| ebock@omm.com | |
| earias@omm.com | |

| | |
|---|---|
| Scott P. Drake | Counsel for Defendants Freedom |
| O'MELVENY & MYERS LLP | Health, Inc. and Optimum |
| 2501 North Harwood Street, Suite 1700 | HealthCare, Inc. |
| Dallas, TX 75201 | |
| (972) 360-1915 | |
| sdrake@omm.com | |

| | |
|---|---|
| Ginger Boyd | Counsel for Defendants Freedom |
| NELSON MULLINS RILEY & | Health, Inc. and Optimum |
| SCARBOROUGH LLP | HealthCare, Inc. |
| 215 South Monroe Street, Suite 400 | |
| Tallahassee, FL 32301 | |
| (850) 205-3356 | |
| (850) 521-1472 (fax) | |
| Ginger.Boyd@nelsonmullins.com | |

| | |
|---|---|
| Frederick M. Morgan, Jr. | Counsel for Relator Dr. Clarissa |
| MORGAN VERKAMP LLC | Zafirov |
| 35 E. 7th Street, Suite 600 | |
| Cincinnati, OH 45002 | |
| (513) 651-4400 | |
| rick.morgan@morganverkamp.com | |

| | |
|---|---|
| Jillian L. Estes | Counsel for Relator Dr. Clarissa |
| Chandra Napora | Zafirov |
| Jennifer M. Verkamp | |
| Jonathan Lischak | |

MORGAN VERKAMP LLC
4410 Carver Woods Drive, Suite 200
Cincinnati, OH 45242
(513) 651-4400
jillian.estes@morganverkamp.com
chandra.napora@morganverkamp.com
jverkamp@morganverkamp.com
jonathan.lischak@morganverkamp.com

| | |
|---|---|
| Adam T. Rabin | Counsel for Relator Dr. Clarissa Zafirov |
| Havan M. Clark | |
| RABIN KAMMERER JOHNSON, P.A. | |
| 1601 Forum Place, Suite 201 | |
| West Palm Beach, FL 33401 | |
| (561) 659-7878 | |
| arabin@rkjlawgroup.com | |
| hclark@rkjlawgroup.com | |

| | |
|---|---|
| Kenneth J. Nolan | Counsel for Relator Dr. Clarissa Zafirov |
| Marcella Auerbach | |
| NOLAN & AUERBACH, PA | |
| 435 N Andrews Ave, Suite 401 | |
| Ft Lauderdale, FL 33301 | |
| (954) 779-3943 | |
| ken@whistleblowerfirm.com | |
| marcella@whistleblowerfirm.com | |

4878-4446-1440.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America ex rel. Dr. Clarissa Zafirov | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  8:19-cv-01236-KMM-SPF |
| Physician Partners, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Catholic Health Initiatives - Iowa, Corp. d/b/a Mercy Medical Center, c/o Reg. Agent: CT Corporation System,
400 E. Court Ave., Des Moines, IA 50309

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: See Attachment A.

| Place: Foley & Lardner LLP, ATTN: Jason Mehta<br>100 N. Tampa Street, Suite 2800<br>Tampa, Florida 33602 | Date and Time:<br><br>10/04/2023 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:    09/19/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Jason Mehta |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Physician Partners
LLC, Florida Medical Associates, and Anion Technologies LLC    , who issues or requests this subpoena, are:
Jason Mehta, 100 N. Tampa Street, Suite 2800, Tampa, Florida, jmehta@foley.com, 813.225.5424.

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:19-cv-01236-KMM-SPF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Documents for Production by Mercy Medical Center**

**DEFINITIONS**

1.      The terms "Mercy," "You," "Your," or "Yourself" shall refer to Catholic Health Initiatives – Iowa, Corp. d/b/a Mercy Medical Center, as well as to any of its predecessors, divisions, branches, subsidiaries, affiliates, parent companies, and any of its past or present directors, boards of directors, committees, officers, agents, employees, representatives, attorneys, contractors, and any other person purporting to act on its behalf.

2.      The term "Dr. Zafirov" shall refer to Relator in this action, Dr. Clarissa Zafirov, M.D., as well as to any agents, employees, representatives, attorneys, contractors, and any other person purporting to act on her behalf.

3.      The term "patient" shall refer to any individual to whom You have provided medical services.

4.      The term "condition" shall refer broadly to any health status.

5.      The terms "documentation" or "documenting" shall refer to any recording of a patient's health status and the services provided to a patient.

6.      The term "chart" shall refer to any systematically maintained documentation of an individual patient's medical history and clinical data.

7.      The term "code" shall refer to any codes from the Centers for Medicare & Medicaid Services' list of Current Procedural Terminology (CPT) or Healthcare Common Procedure Coding System (HCPCS) codes or the World Health Organization's International Classification of Diseases (ICD) codes.

8.      The term "coding" shall refer to the act of documenting a code in a patient's chart.

1

9.     The term "Document(s)" shall have the broadest possible meaning pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and includes without limitation the original and all copies of all written, printed, typed, or otherwise recorded matter however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft version), including, but not limited to, all writings, contracts, policy statements, manuals, spreadsheets, power point presentations, telephone messages, voice mails, checks, notes, correspondence, letters, electronic mail, email messages, instant messages, any other electronically-stored information stored on any media for digital data storage or transmittal, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, project analyses, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of accounts, calendars, appointment books, diaries, drawings, graphs, charts, photographs, videos sound recordings, telephone bills, telephone records, material stored on electronic media such as computer discs or hard drives, or any other tangible things that constitute or contain matters within the scope of Federal Rule of Civil Procedure 34.  The term "document" also includes originals and copies of all of the above upon which notations in writing, print, or otherwise have been made which do not appear in the originals.

10.     The term "Communication(s)" means any form of communication whereby information of any nature is transmitted or transferred, including without limitation, a single person seeing or hearing any information by any means, oral conversations, letters, memoranda, electronic mail, voice mail, telephone messages, text messages, instant messages, transcriptions or recordings of messages or calls, notes, and interoffice communications.

11.     Documents that "refer or relate to" a specified topic or topics shall include all documents that mention, describe, discuss, memorialize, concern, constitute, contain, evidence, reflect, depict, support, regard, consist of, relate to, or refer to, in any way, whether or not on the face of the document, directly or indirectly, the specified topic or topics.

## <u>INSTRUCTIONS</u>

1.     When responding to these document requests, You are asked to furnish all information in Your possession, custody, or control, or in that of Your attorneys, employees, agents, or any other person acting on Your behalf or on whose behalf You are acting.

2.     In construing these requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neuter term shall include all other genders.

3.     The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of each of the following documents that might otherwise be construed to be outside of their scope.

4.     The term "any" includes the word "all" and vice versa.

5.     If any document requested was, but is no longer in Your possession or subject to Your control or in existence:

   a.  state whether each such document is missing, or lost or has been destroyed or otherwise disposed of;

   b.  explain the circumstances surrounding, and the authorization for, each such disposition;

   c.  state the date or approximate date of such disposition; and

   d.  describe the document, they type(s) of information contained therein, and the identity of all persons having knowledge of the contents and disposition thereof.

6.     In responding to these requests, You must make a diligent search of Your records and of other papers and material in Your possession or available to You or Your representatives.

3

7.     You are hereby requested to supplement each and every response as new information is discovered or becomes available from now until trial.  You are also under a continuing duty to correct any incorrect responses.

8.     The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure or any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Civil Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

9.     In making a production, electronically stored information ("ESI") is to be produced in a single-page TIFF format, with load files demarcating document breaks, providing parent-child information, OCR, and relevant metadata (defined in the following Instruction), except that Excel or other spreadsheets are to be produced in native format.  Responsive non-ESI documents are to be produced: (i) in a single-page TIFF format, with load files demarcating document breaks, and containing searchable document text (that is, OCR data), (ii) in a manner that reflects physical boundaries such as boxes, folders, tabs, etc., and (iii) in a manner which reflects the document custodian.

10.    Unless stated otherwise, the relevant time period for these Requests for Production is from the date that Dr. Zafirov applied to Your residency program to the date Dr. Zafirov left Your residency program.

11.    You must provide the following metadata for all ESI produced, to the extent such metadata exists:  Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Parent Date, Date Received, Time Received, Subject, Comments, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number

Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or equivalent thereof).

12.     The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure, the Local Rules for the Middle District of Florida, or under any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of fewer documents than otherwise would be required by the Federal Rules of Civil Procedure, the Local Rules for the Middle District of Florida, or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

## DOCUMENT REQUESTS

1.     All employment contracts, employment agreements, or offers of employment between You and Dr. Zafirov.

2.     All documents and communications relating to Dr. Zafirov's job performance including, without limitation, performance evaluations, disciplinary records, commendations, complaints, and grievances.

3.     All documents and communications with any government agency referring or relating to Dr. Zafirov's coding or billing practices or the quality of Dr. Zafirov's patient care.

4.     All documents and communications referring or relating to any review or audit of Dr. Zafirov's coding or billing practices or patient care.

5.     All documents and communications reflecting, referring, or relating to any policy, guidance, protocol, or guideline provided to Dr. Zafirov relating to the documentation or coding of patient diagnoses.

6.       All documents and communications reflecting, referring, or relating to any training or education programs attended by Dr. Zafirov relating to the documentation or coding of patient diagnoses.

7.       All documents and communications referring or relating to any concerns or complaints regarding Dr. Zafirov's documentation or coding of patient diagnoses.

8.       All documents and communications referring or relating to any concerns or complaints regarding Dr. Zafirov's patient care.

9.       All documents and communications referring or relating to any concerns or complaints raised by Dr. Zafirov about any of Your policies or practices.

10.       All documents and communications referring or relating to Dr. Zafirov's termination or resignation, including but not limited to any investigations, proceedings, or reasons for such termination or resignation.

6

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

      Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC, d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

      Defendants.

Case No. 8:19-cv-01236-KMM-SPF

## STIPULATED PROTECTIVE ORDER

Pursuant to and governed by Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown and upon the Parties' Joint Motion to Enter a Stipulated Protective Order, it is HEREBY ORDERED AS FOLLOWS:

This Stipulated Protective Order ("Order") is agreed upon by (a) Dr. Clarissa Zafirov ("Relator"); (b) Defendants Physician Partners, LLC; Florida Medical Associates, LLC d/b/a VIPCare; Anion Technologies, LLC; Freedom Health, Inc.; and Optimum Healthcare, Inc. ("Defendants" together with Relator, the "Parties" and each individually a "Party"). The terms herein are binding on the Parties and any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto ("Declaration").

This Order is neither intended to broaden nor restrict the scope of discovery.

1

The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

## SCOPE OF ORDER

1.      This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the above-captioned action (the "Action"), either by a Party or a non-Party (each a "Producing Person") to any other Party or non-Party (each a "Receiving Person"), in response to or in connection with any discovery requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, documents, information and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.      This Order applies to all non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions with respect to this Action, and to the attorneys for all such non-Parties. All such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing the Declaration.

3.      Any Party or its counsel serving a discovery-related subpoena upon a non-Party for purposes of this Action shall serve a copy of this Order along with such

subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony produced pursuant to such subpoena according to the provisions herein.

4.    This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules").  This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

## DESIGNATING DISCOVERY MATERIAL

5.    Any Producing Person may designate Discovery Material as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," "Highly Confidential – AEO – Exclude Relator" or a combination thereof (collectively, "Designated Material"), in accordance with the following provisions:

    a.    Confidential – PHI:  A Producing Person may designate Discovery Material as "Confidential – PHI" if the Producing Person reasonably believes that the Discovery Material includes non-public personally identifying information about the medical condition or diagnosis of an

3

individual. "Confidential – PHI" shall include, but is not limited to, hospital admission forms, medical test forms, claims data, claims form, or other documents that contain any patient health information required to be kept pursuant to HIPAA, including information such as: (1) names; (2) all geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code; (3) birthdate; (4) telephone or fax numbers; (5) email addresses; (6) Social Security numbers; (7) health plan beneficiary numbers; (8) account numbers; (9) certificate/license numbers; (10) full face photographic or other comparable images; and (11) any other unique identifying numbers, characteristics or codes by which a member of the public could connect the information to an individual's health status.

b.  <u>Confidential – Business Information</u>:  A Producing Person may designate Discovery Material as "Confidential – Business Information" if such Discovery Material qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

c.  <u>Highly Confidential – Attorneys' Eyes Only</u>:  A Producing Person may designate Discovery Material as "Highly Confidential – AEO" if such Discovery Material contains financial and/or commercially sensitive data such as trade secrets, pricing proposals or projections, financial projections or modeling, profit figures, bid information, or similar categories of information that are so sensitive that the Producing Person

4

believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of such Discovery Material to persons other than those listed in Paragraph 13 would create a substantial risk of economic injury that could not be avoided by less restrictive means. The "Highly Confidential – AEO" designation does not apply to Relator and Relator is not foreclosed from viewing any Discovery Material so designated.

d. <u>Highly Confidential – Attorneys' Eyes Only – Exclude Relator</u>:  A Producing Person may designate Discovery Material as "Highly Confidential – AEO – Exclude Relator" if the Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of particular Discovery Material to Relator would create a substantial risk of economic injury that could not be avoided by less restrictive means. In the event a Producing Person believes Discovery Material should be designated as "Highly Confidential – AEO – Exclude Relator," the Producing Person shall designate the Discovery Material and share that Discovery Material with Relator's counsel with an explanation of what the Discovery Material is and why the Producing Person believes it should be so designated, including an articulation of the unavoidable particular harm that would result of the Discovery Material were viewed by Relator.

e.  <u>Discovery Material With Two or More Designations</u>: A document or item which contains material subject to multiple designation should be marked with all applicable designations. For example, a document which is marked as "Confidential – PHI" will not be presumed to contain "Confidential – Business Information" or "Highly Confidential – AEO" material, and a document which is marked "Confidential – Business Information" will not be presumed to contain "Highly Confidential – AEO" material unless so designated in accordance with this Order.

f.  <u>Inquiring About Specific Designated Material:</u>  A Receiving Person may submit a request in writing for a Producing Person to identify which portions of a document are Designated Material, including what portions are subject to which designations if the document contains multiple designations, if it determines in good faith that the need for such specific information outweighs the burden of providing it.  Within fourteen (14) days, the Producing Person shall indicate which portions of the document are Designated Material and which portions are subject to which designation, if applicable.  The Parties specifically reserve the right to seek modification of this process if requests made pursuant to this Paragraph are unduly burdensome.

6.  <u>Deposition Testimony</u>: Counsel for any Party may designate any portion of any deposition as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO, " "Highly Confidential – AEO – Exclude Relator"  or

any combination thereof by stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated, or providing written notice within thirty (30) days of the Party's or non-Party's receipt of the transcript from the court reporter that the relevant portion(s) of such transcript is so designated.  If a deponent is represented by independent counsel at a deposition, that counsel may designate any portion of their client's testimony under the same as counsel for a Party as set forth in this Paragraph. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided herein. Until expiration of the 30-day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts in their entirety shall be considered and treated as though it was Designated Material unless otherwise agreed on the record at the deposition. If any deposition testimony is designated as Designated Material, the court reporter shall affix the appropriate legend on the face of the transcript (or on the face of the storage of any audio or video recordings) and shall indicate in a prominent place the specific pages and/or exhibits that have been so designated. Nothing in this Paragraph shall preclude the witness from reviewing their deposition transcript.  If a deposition or  a portion of a deposition is designated during the deposition, upon notice by the Designating Person, persons not entitled to receive the information shall be excluded from the portion of the deposition so designated.  In advance of any deposition, any counsel planning to rely on Designated

Material shall use best efforts to inform the other Parties of their intent to use such Designated Material.

7.      <u>Manner of Designation</u>:  Unless the form of a document or thing makes such marking impractical, any Designated Material shall be designated by the Producing Person as such by marking every such page "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," and/or "Highly Confidential – AEO – Exclude Relator."  Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" by putting the designation on a placeholder document.  Natively produced documents shall include the confidentiality designation on the slip-sheet and in the filename. Responses to Requests for Admission and Interrogatories shall be deemed protected under this order if the response starts with "This response is designated" and includes a confidentiality designation described in this Order.

8.      <u>Inadvertent Failure To Designate</u>:  In the event that a Producing Person inadvertently produces "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" material without being so designated ("<u>Misdesignated Material</u>"), the Producing Person may later correct the error by notifying the Receiving Person in writing and providing a replacement document with the proper designation. Upon the Producing

8

Person's identification of such Misdesignated Material to the Receiving Person, the Receiving Person shall return or destroy all previously produced copies of such Misdesignated Material and take reasonable steps to ensure that the information is treated with the proper designation from that time forward.  All parties are obligated to make a good faith effort to accurately designate all Discovery Material in the first instance, but a party shall not be required to prove inadvertence as part of any correction of any errors in designation.

9.     <u>Effect of Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential – PHI," "Confidential – Business Information,"  "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" at the time of production shall not operate to waive a Producing Person's right to later so designate such Discovery Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.

10.     <u>Designation of Previously Produced Discovery Material</u>:  To the extent that any Party has produced Discovery Material pursuant to an informal confidentiality agreement pending the entry of this Order, such Party shall have thirty (30) days following the entry of this Order to re-designate such material in compliance with this Order.

## USE AND DISCLOSURE OF DESIGNATED MATERIAL

11.    <u>General Limitations on Use and Disclosure of all Designated Material:</u> All Designated Material shall be limited to use by the Receiving Person to this Action. The Receiving Person shall not use, disclose or disseminate Designated Material for any purpose beyond this Action, such as in any other litigation or judicial proceedings, or for any business, competitive, governmental, commercial, or administrative purpose or function, unless otherwise ordered by a Court as set forth in Paragraph 16. "This Action" includes judicial and appellate proceedings related to this Action and/or until expiration of time to commence such proceedings.  For purposes of this Paragraph, "use" means more than the mere use of one's knowledge that documents exist and instead requires the reliance on or utilization of the content within the documents themselves.

12.    <u>Limits on Disclosure of "Confidential – PHI" and "Confidential – Business Information":</u> Discovery Material designated as "Confidential – PHI" and "Confidential – Business Information" shall be given, shown, made available, or communicated only to the following:

a.    Parties;

10

b.    The United States Department of Justice and the United States Department of Health and Human Services for the purpose of those entities discharging their official duties and/or obligations[1];

c.    Employees of Defendants to whom disclosure is reasonably necessary for the prosecution or defense of this Action;

d.    Counsel for the Parties, both outside and inside counsel, and any staff working at the direction of counsel in this Action;

e.    Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically consulted or retained by the signatories to this Order as consultants or experts in this Action, and who have signed the Declaration;

f.    Any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, and outside counsel for any such person, in preparation for his or her noticed deposition, hearing, or trial testimony in this Action where such Designated Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony. The persons identified in this Paragraph will not be

---

[1] If the United States Department of Justice receives a request from a third party for Designated Material, it will use best efforts to notify the Producing Person seven (7) days before responding to any such request and to notify the third party that the documents were initially produced subject to this Order.

permitted to retain copies of such Designated Material and the Party taking the deposition will use best efforts to ensure that the witness or deponent signs the Declaration;

g.    Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with this Action;

h.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

i.    The Court, its officers and clerical staff in any judicial proceeding that are related to or may result from this Action;

j.    Any mediators or other alternative dispute resolution professionals who have been retained in connection to this Action and who have signed the Declaration; and

k.    Any other person or entity to whom disclosure is reasonably necessary for the prosecution or defense of this Action based on a good faith determination by the Receiving Person, to whom the Producing Person has consented (consent shall not be unreasonably withheld), and who has signed the Declaration.

13.    <u>Limits on Disclosure of "Highly Confidential – AEO"</u>: Discovery Material designated as "Highly Confidential – AEO" shall be given, shown, made available, or communicated only to the categories of individuals and entities identified in Paragraph 12 (b), (e), (g) – (j), along with:

12

a.   Relator;

b.   Outside counsel for the Parties retained for this Action, and staff working at the express direction of all such outside counsel;

c.   Any person who is the author, addressee or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who has or previously had access to such document during his or her employment as a result of the substantive nature of his or her employment position (unless the person indicates that he or she did not have access to the document);

d.   For purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, and outside counsel for any such person, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith (i) to be necessary to the anticipated subject matter of testimony and (ii) that doing so would not cause competitive harm provided, however; that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this Paragraph will not be permitted to retain copies of such Highly Confidential Material (however, outside counsel shall be permitted to retain a single copy of Designated Material as part of a working file that will be subject to the provisions of this Order governing destruction of

13

evidence at the conclusion of the litigation) and shall be required to sign the Declaration;

e.    Any adverse witness or non-Party witness during the course of a deposition, and outside counsel for any such person, where counsel questioning the witness reasonably and in good faith believes that (i) questioning the witness regarding the document is necessary for the subject matter of testimony; (ii) doing so would not cause competitive harm and (iii) if the witness is a non-Party, then such witness has signed the Declaration. Any party serving a subpoena for the deposition of a non-Party shall serve (1) a copy of this Order, with attached Declaration, and (2) a Notice that the witness may be shown and asked about one or more documents that are subject to the Order, and that if the witness has any objection to signing the Declaration, the witness or counsel for the witness is requested to so inform the party serving the subpoena within a reasonable time before the date of the deposition and to meet and confer in good faith to attempt to resolve any issue with regard thereto.

14.    <u>Limits on Disclosure of "Highly Confidential – AEO – Exclude Relator"</u>: Discovery Material designated as "Highly Confidential – AEO – Exclude Relator" shall be given, shown, made available, or communicated only to the categories of individuals entitled to review documents designated "Highly Confidential – AEO" except for Relator.

15.     <u>Prerequisite to Disclosure of Designated Material</u>:  Designated Material shall not be disclosed to any person required hereunder to execute the Declaration in order to receive Designated Material until such person or their representative shall be provided with a copy of this Order and shall execute the Declaration.  Each such Declaration shall be retained in the files of counsel for the Party who has given such access to the Designated Material.

16.     <u>Third Party Disclosure of Designated Material</u>:  Any Receiving Person may disclose Designated Material if such disclosure is pursuant to the requirement or request of a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order. If such a request is received, the Receiving Person shall give notice to the Producing Person of any such requirement or request as promptly as possible so that the Producing Person may seek a protective order or other appropriate remedy. Such notification shall include a copy of the subpoena or court order.  If the Producing Person seeks a protective order before the date on which the Receiving Person is required to respond, the Receiving Person served with the subpoena or court order shall not produce any Designated Material before a determination by the body from which the subpoena or order issued, unless the Receiving Person has obtained the Producing Person's permission. The Producing Person shall bear the burden and expense of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in this Action to disobey a lawful directive from

15

another court.  In the event that such protective order or other remedy is not obtained, or the Producing Person waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Designated Material which it is legally required to produce and will inform the party serving the subpoena that the Designated Material is confidential pursuant to this Order.  Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Person any notice of any anticipated disclosure if such notice is prohibited by law.

17.    <u>Use of Designated Material in Court Proceedings</u>:  Any Party may redact any material designated as "Confidential – PHI" and use that material in court proceedings without first seeking the Producing Person's consent or leave of court. Any Party seeking to disclose Discovery Material designated as "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" in any document or brief filed with the Court will either redact all such Designated Material, or if consideration of the Designated Material is necessary, then the filing Party will file a motion to file such Designated Material under seal ("<u>Motion to Seal</u>"). If the Designated Material is subject to a written objection under Paragraph 20 of this Order that has been made more than seven (7) days before the filing, then filing Party's Motion to Seal will state the basis for the objection and inform the Court that the Producing Person will file a supplemental motion to seal within five (5) days or the Court should deny the filing party's motion and not seal the Designated Material. If the Designated Material is subject to a written objection under Paragraph 20 of this Order that has been made seven (7) or less days before the filing, the filing

Party's Motion to Seal will state the basis for the objection and inform the Court that the Producing Person will file a supplemental motion to seal within ten (10) days or the Court should deny the filing Party's Motion to Seal and not seal the Designated Material. The filing Party shall serve this Court and counsel for all Parties with unredacted courtesy copies of the Motion to Seal. If the Court determines that any such documents filed under seal as described in this Paragraph were not properly designated as Designated Material and denies the Motion to Seal in part or in whole, the filing Party will file unredacted versions of the applicable documents as directed by the Court notwithstanding any other provisions of this Order.

## **GENERAL PROVISIONS**

18.    <u>Non-waiver:</u> Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

19.    <u>Unauthorized Disclosure of Designated Material:</u>  In the event of a disclosure by a Receiving Person of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, whether by inadvertence or otherwise, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this

Order and request the recipient to execute the Declaration;  (ii)  make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

20.   <u>Manner of Objecting to Designated Material</u>:   The Receiving Person may, at any time, notify the Producing Person that the Receiving Person does not concur in the designation of a document or other material as "Confidential – PHI," "Confidential – Business Information," or  "Highly Confidential – AEO."

a.   To make such an objection, the Receiving Person shall: (1) identify the specific Bates number for each Designated Material subject to the objection, or may identify a range of Bates numbers if all of the documents within that range are objected to for the same basis, and (2) describe in writing the basis for each challenge to the designation (the "<u>Objection Letter</u>") which such writing can be transmitted by electronic mail or in hard copy.

b.   Upon receipt of an Objection Letter, the Producing Person shall provide a specific explanation within seven (7) days as to the basis for each designation (the "<u>Explanation Letter</u>").  If the Explanation Letter does not resolve the dispute, the Receiving Person and the Producing Person

18

shall meet and confer in good faith to attempt to resolve the issues no more than seven (7) days from the date of the Explanation Letter.

c.  If the Parties cannot reach an agreement during the meet and confer, the Receiving Person may move the Court for an order declassifying those documents or materials. If the Receiving Person makes such a motion to the Court, the burden of proof justifying the need for the designation remains on the Producing Person; only the burden of raising the issue of confidentiality with respect to the individual documents is on the Receiving Person. At all times, the Producing Person bears the ultimate burden of proof with respect to any confidentiality designation. In deciding a motion seeking to declassify Designated Material, the Court shall determine whether the challenged information, under applicable law, is in fact entitled to confidential treatment and shall not be restricted by the definitions contained herein. The Parties specifically reserve the right to seek modification of this process if any Person unreasonably designates materials as Designated Material and/or does not meaningfully engage in the meet-and-confer process so as to abuse the burden placed on the Receiving Person.

d.  Until the Court rules on such issue or the Producing Person agrees in writing to withdraw the challenged designation, the Designated Material shall continue to be treated as designated.

e.    With respect to any material that ceases to be designated by agreement or Court order, the Producing Person shall, at its expense, provide to each Party to whom the material has been produced additional copies of such material with the challenged confidentiality designations removed.

f.    If a Producing Person seeks to designate material as "Highly Confidential – AEO – Exclude Relator" as provided for in Paragraph 5(d), the Producing Person and Relator's counsel will confer in good faith about the propriety of and need for such designation. If, after completion of the meet-and-confer, Relator's counsel disagrees with the Producing Person's application of the "Highly Confidential – AEO – Exclude Relator" designation, the provisions of Sections (c) – (e) of this Paragraph shall apply; provisions (a) and (b) of this Paragraph do not apply. Relator's counsel shall withhold the document from Relator until the issue is resolved by the Court.

21.    <u>Timing of Objections to Designated Material</u>:  A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation of Discovery Material as Designated Material during the discovery period shall not be a waiver of that Person's right to object to the designation at trial.

22.    <u>Non-waiver of Privileged Discovery Material</u>:    The production of privileged or work-product protected documents, electronically stored information or

20

information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Rule 502(b) do not apply.  In the event that a Party asserts that it failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the Producing Person's intent to assert a claim of privilege or work product over such materials. Upon such notice, if the Receiving Person intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the Producing Person, the Receiving Person: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Party disclosed it before being notified. The Receiving Person must follow the same steps as set forth in Paragraph 20 for the procedure to challenge the designation of Designated Material. The burden of persuasion shall be on the party asserting the claim of privilege or other protection to show that the information is privileged or otherwise protected.

23.    <u>Obligations Following Conclusion of This Action</u>:   At the conclusion of litigation, any Designated Material and any copies thereof shall be promptly (and in no event later than ninety (90) days after entry of final judgment no longer subject to appeal) returned to the Producing Person or destroyed, except that the parties' counsel

shall be permitted to retain their working files. The term "working files" means a set of pleadings and documents filed with the Court, discovery requests and corresponding objections and responses sent by any Party as part of this litigation, transcripts of court proceedings for this litigation, transcripts of depositions taken by any Party in connection to this litigation, any retained expert report prepared for this litigation pursuant to Rule 26(a)(2)(B), and any Designated Material that has become embedded with the attorneys' work product. Counsel shall search and delete any Designated Material that are not otherwise part of the working file, but the unintentional failure to delete all Designated Material will not be a violation of this order. With respect to active email boxes, counsel's obligations under this Paragraph are satisfied by searching for the terms used to identify Designated Material as set forth in Paragraph 5 of this Order, and relying upon the results of those searches to delete Designated Material that is not part of the working file. This Paragraph does not require manual searching (meaning a document-by-document or email-by-email review) or searching of archived emails or back-up files. Nothing in this Paragraph requires a Receiving Person to locate and destroy information that may reside on their electronic disaster recovery systems. Nothing in this Paragraph shall require a Receiving Person to return or destroy Designated Material if the Receiving Person had rights independent of this Order to possess or use the Designated Material. All

Designated Material retained for any reason will continue to be subject to this Order after the termination of this case.[2]

24.     <u>Amendment of Stipulated Protective Order</u>:  This Order may be altered or modified only by written agreement of the Parties or by order of the Court.   Each of the Parties expressly reserves its right to seek further amendment to this Order to the extent that a Producing Person determines that information requires additional, different, or heightened protection.

25.     <u>Use of Designated Material by Producing Person</u>:  Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way; however, a Producing Person's use of Designated Material in a manner not consistent with the terms of this Order serves as a waiver of that designation and the Receiving Person may use the material in the same manner as the Producing Person. Nothing in this Order prevents the disclosure of Designated Material by any Party with the express written consent of the Producing Person that designated the material; a Producing Person's consent for one Party to disclose Designated Material serves as consent for any other Party to use the same Designated Material in the same manner.

---

[2] To the extent Designated Material was provided to the United States and the United States has signed the Declaration, the United States will return or destroy such materials pursuant to Paragraph 23 to the extent permissible by law.

26.    <u>Prior Agreements</u>:    The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

27.    <u>Severability</u>:  To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

28.    <u>Enforcement</u>:  Violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions.

29.    <u>Jurisdiction</u>:  By signing below, the signatories to this Order consent to jurisdiction in the Middle District of Florida for any action seeking to enforce the terms of this Order after the conclusion of this litigation.

30.    <u>Authority</u>:  By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

Dated:  06/16/2023                          Dated:

By: ___/s/ Jillian Estes_____          By:___/s/ Benjamin D. Singer_

Frederick M. Morgan, Jr. (OH Bar No.          Benjamin D. Singer
0027687)                                      O'MELVENY & MYERS LLP
Jennifer M. Verkamp (OH Bar No.               1625 Eye Street NW
0067198)                                      Washington, DC 20006
Jillian L. Estes (FL Bar No. 0055774)         (202) 383-5300
MORGAN VERKAMP LLC                            (202) 383-5414 (fax)
4410 Carver Woods Dr., Suite 200              bsinger@omm.com
Cincinnati, OH 45242
Telephone: (513) 651-4400                     David Deaton*
Fax: (513) 651-4405                           O'MELVENY & MYERS LLP

Email: rmorgan@morganverkamp.com
jverkamp@morganverkamp.com
jillian.estes@morganverkamp.com

Kenneth J. Nolan (FL Bar No. 603406)
Marcella Auerbach (FL Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL   33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (FL Bar No. 985635)
Havan M. Clark (FL Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Dr. Clarissa Zafirov, M.D.*

610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc.; and Optimum HealthCare, Inc*

Dated: 06/16/2023

*/s/ Jason Mehta*
Jason Mehta (FBN: 106110)
Primary Email: jmehta@foley.com
Secondary Email: dmills@foley.com
Natalie Hirt Adams (FBN: 1030877)
Primary Email: nhadams@foley.com
Secondary Email: dmills@foley.com
**Foley & Lardner LLP**
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810

Telephone: (813) 229-2300
Facsimile: (813) 221-4210

*Attorneys for Defendants Florida Medical*
*Associates, LLC d/b/a VIPcare; Physician*
*Partners, LLC; and Anion Technologies,*
*LLC*

Dated: _____, 2023          **SO ORDERED:**

                                     _____
                                     United States District Judge

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO
BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty

of perjury (this "Declaration") that:

I hereby certify and agree that I have read and understand the terms of

the Stipulated Protective Order (the "Order") relating to this action.  I further

certify that I will not use Designated Material for any purpose other than this

Action and will not disclose or cause Designated Material to be disclosed to

anyone not expressly permitted by the Order to receive Designated Material.  I

agree to be bound by the terms and conditions of the Order.

I understand that I am to retain in confidence from all individuals not

expressly permitted to receive Designated Material, all copies of any Designated

Materials, and that I will carefully maintain such materials in a manner

consistent with the Order.  I acknowledge that the return or destruction of

Designated Material shall not relieve me from any other continuing obligations

imposed upon me by the Order.

I acknowledge and agree that I am aware that by receiving Designated

Material (a) I may be receiving material non-public information about

companies that issue securities, and (b) there exist laws, including federal

securities laws, that may restrict or prohibit the sale or purchase of securities of

such companies as a result of the receipt of such information.

I understand that my failure to abide by the terms of the Order entered in the Action may subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____          Signature: _____