UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

    Relator/Plaintiff,

v.                                                   CASE NO. 8:19-cv-1236-KKM-SPF

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

    Defendants.
_____/

## ORDER

        Before the Court is Relator's Motion to Compel Discovery for the Full Temporal Scope of the Amended Complaint (Doc. 143), Defendants' Opposition to Motion to Compel (Doc. 145), and Relator's Reply in Support of Relator's Motion to Compel (Doc. 149). Upon consideration, the Court finds that Relator's Motion to Compel is due to be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

        On May 20, 2019, Relator/Plaintiff Clarissa Zafirov ("Relator"), a board-certified family care physician, brought this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Defendants (Doc. 1). Relator was employed as a primary care physician by Defendant Florida Medical Associates, LLC d/b/a VIPcare from October 2018 through March 2020. In her Amended Complaint (Doc. 86), Relator alleges that, beginning in at least January 2014, Defendants acted in concert to falsely increase the risk adjustment

scores of thousands of Medicare Advantage patients for the purpose of obtaining more funding from the United States than was rightfully owed.

On December 15, 2022, Relator served Defendants with her First Requests for Production (Doc. 143-1). The parties thereafter met and conferred at length regarding Defendants' objections to Relator's requests and have narrowed the issues considerably (Doc. 143 at 4). Now, the parties' sole dispute as to these requests is the relevant time period or temporal scope of discovery in this case.

## ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

Relator asks the Court to compel Defendants to produce responsive discovery from January 1, 2014 through September 12, 2022 (Doc. 143). Defendants, in response, ask the

Court to impose a discovery period beginning no earlier than January 1, 2017 and ending no later than December 31, 2020 (Doc. 145).  Relator argues that she is entitled to discovery dating back to 2014 because the Court has already determined that the allegations in the Amended Complaint satisfied Rule 9(b) of the Federal Rules of Civil Procedure and, as a result, Relator is entitled to discovery of the entire fraudulent scheme.  Defendants respond that the temporal scope of discovery in FCA actions are limited by facts pleaded with particularity, and Relator's proposed timeframe is disproportional to the needs of the case and unduly burdensome.  For the reasons explained below, the Court finds that the proper temporal scope of discovery in this case is between January 1, 2015 and December 31, 2020 for the Freedom Defendants, and between January 1, 2017 and December 31, 2020 for the Provider Defendants.

*Qui Tam* complaints filed by relators in FCA actions must comply with Rule 9(b).  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) ("This Court has held that complaints alleging violations of the False Claims Act are governed by Rule 9(b)."); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Thus, for FCA cases, the actual submission of the claim must be pleaded with particularity.  *Corsello*, 428 F.3d at 1013; *see also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) ("The public policy underpinnings of Rule 9(b), the FCA, and *qui tam* actions mandate this conclusion."); *United States ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007) ("Specifically, we hold that the examples that a relator provides will support more generalized allegations of fraud only to the extent that the relator's examples are *representative samples* of the broader class of claims.") (citations omitted) (emphasis in original).  As a result, "discovery in *qui tam*

3

actions must be limited and tailored to the specificity in the complaint." *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-40-T-24MAP, 2008 WL 4057549, at *1 (M.D. Fla. Aug. 27, 2008) (citations omitted); *see also Atkins*, 470 F.3d at 1359 ("The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim.").

The parties dispute whether allegations in the Amended Complaint related to Patients A, R, P, and Q are specific allegations of fraudulent conduct occurring before 2018. With respect to the allegations regarding Patients P and Q, the Court finds that the Amended Complaint alleges the fraudulent scheme with particularity. While Defendants represent that the "Provider Defendants' records reveal that no physician associated with Provider Defendants submitted either of these diagnosis codes for Patients P and Q in 2017," (Doc. 145 at 5), a party cannot unilaterally fact check allegations in a complaint to justify narrowing the scope of discovery. In other words, Relator is entitled to discovery to test the veracity of the Provider Defendants' assertion. Because the allegations about Patients P and Q are pleaded with particularity, the Court finds that the temporal scope of discovery should certainly include 2017.

With respect to Patients A and R, the Amended Complaint makes clear that the allegations of failure to return overpayments from treatment of Patients A and R occurring in 2015 through 2017 apply only to the Freedom Defendants (Doc. 86, ¶¶ 292–95). In other words, Relator does not allege that any physician associated with the Provider Defendants submitted the allegedly false claims. Defendants argue that, because Relator's claims center on the scheme between the Provider Defendants and Freedom Defendants, Relator cannot rely on two isolated allegations against the Freedom Defendants to justify expanding the

4

scope of discovery against all Defendants. The Court agrees that the Provider Defendants should not have to produce documents dating back to 2015 because of these allegations, but disagrees with Defendants' characterization of Relator's allegations as only detailing a scheme between the Provider Defendants and the Freedom Defendants. Indeed, Count 12 of the Amended Complaint is brought only against the Freedom Defendants and incorporates the allegations about Patients A and R from 2015 through 2017 (Doc. 86, ¶ 342). As such, the Court finds it appropriate for the scope of discovery against the Freedom Defendants to date back to January 1, 2015.

The parties also dispute the end date of the discovery timeframe. Relator argues that, because she alleges an ongoing scheme, the discovery should extend to September 12, 2022, the date this Court denied Defendants' motions to dismiss. Defendants respond that because the latest alleged false diagnosis code submitted by a Provider Defendant to a Freedom Defendant is January 31, 2020, the discovery timeframe should end no later than December 31, 2020. Because the Court agrees that discovery should be "limited and tailored to the specificity of the complaint," *Bane*, 2008 WL 4057549, at *1, and superficial allegations of "ongoing" misconduct do not meet the particularity requirement of Rule 9(b), the Court finds that the proper end date should be December 31, 2020.

Though the Amended Complaint generally alleges an ongoing fraudulent scheme beginning in 2014, the Court finds that the specific allegations in the Amended Complaint are limited to conduct occurring between 2015 and 2020 (Doc. 86, ¶¶ 202–95). Accordingly, the specific examples Relator provides in the Amended Complaint are not "representative examples" of a scheme dating back to 2014 and continuing past 2020. *Bledsoe*, 501 F.3d at 510. Thus, Relator's proposed temporal scope "runs counter to the public policy

underpinnings of Rule 9(b), the FCA, and qui tam actions." *United States ex rel. Rosen v. Exact Sciences Corp.*, No. 8:19-cv-1526-MSS-AAS, 2023 WL 1798258, at *2 (M.D. Fla. Feb. 7, 2023) (quotations omitted).

Considering the foregoing, the Court finds that the proper temporal scope of discovery in this action should be January 1, 2015 through December 31, 2020 for the Freedom Defendants and January 1, 2017 through December 31, 2020 for the Provider Defendants. Accordingly, it is hereby **ORDERED** that Relator's Motion to Compel Discovery for the Full Temporal Scope of the Amended Complaint (Doc. 143) is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

**ORDERED** in Tampa, Florida, November 29, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE