# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV, | )<br>)<br>) |
| Plaintiff and Relator, | )<br>) |
| v. | ) No. 8:19-cv-01236-KKM-SPF<br>) |
| PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## RELATOR'S UNOPPOSED MOTION FOR MODIFICATION OF CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Relator Dr. Clarissa Zafirov ("Relator"), by and through the undersigned counsel, respectfully moves the Court for a modification of the operative Case Management Order ("CMO", Doc. 133) for good cause identified herein. Specifically, Relator seeks to extend the Court's current February 2, 2024 deadline for the conclusion of fact discovery and fact discovery-related motions (the "Fact Discovery Deadline"), and to make all other subsequent dates commensurate with the modified date.[1] For the reasons described

---

[1] Courts in this District will extend discovery deadlines, even if such an extension impacts other deadlines. *Sprague v. Indep. Bank*, No. 2:16-cv-88-FtM-29CM, 2016 U.S. Dist. LEXIS 158354, at *21 (M.D. Fla. Nov. 16, 2016); *Blue Heron Commer. Grp., Inc. v. Webber*, No. 2:18-cv-467-FtM-29CM, 2018 U.S. Dist. LEXIS 196365, at *15-16 (M.D. Fla. Nov. 19, 2018).

1

herein, Relator requests that the Court extend the Fact Discovery Deadline to Wednesday, May 29, 2024, which is six months from the date that the Court ruled on Relator's Motion to Compel Discovery for the Full Temporal Scope of the Amended Complaint (Doc. 143). Counsel for the parties have met and conferred regarding this request, and this motion is unopposed.

## I. CURRENT STATUS OF DISCOVERY

The Court entered the operative CMO on November 21, 2022, setting the following remaining deadlines:

| | |
|---|---|
| Fact Discovery Cut-Off and Fact Discovery-Related Motions Deadline | February 2, 2024 |
| Plaintiff Expert Disclosure | March 15, 2024 |
| Defendant Expert Disclosure | March 15, 2024 |
| Mediation Deadline | April 2, 2024 |
| Rebuttal Expert Disclosure | April 26, 2024 |
| Expert Discovery Cut-Off and Expert Discovery-Related Motions Deadline | August 2, 2024 |
| Dispositive and *Daubert* Motions | October 2, 2024 |
| Final Pretrial Meeting | February 10, 2025 |
| Motions *In Limine* | March 5, 2025 |
| Joint Pretrial Statement | March 12, 2025 |
| Pretrial Conference | April 2, 2025 |
| Trial Briefs | April 15, 2025 |
| Trial Term | May 2025 |

Discovery began shortly after the entry of the CMO. On December 15, 2022, Relator served her first Requests for Production upon Anion Technologies, LLC, Florida Medical Associates, LLC d/b/a/ VIPCare, and Physician Partners, LLC (collectively, the "Provider Defendants") and Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, the "Freedom Defendants"). The Freedom Defendants responded on February 16, 2023; the Provider Defendants responded on February 17, 2023. The Freedom Defendants served their first Requests for Production on Relator on December 23, 2022. Relator responded on February 21, 2023. The Parties have met and conferred extensively to resolve the objections made by the responding parties and to resolve related disputes where possible. To date, Relator has produced 5,499 documents (Relator0000001 through Relator0013187); she estimates her production to be 95% complete. The Freedom Defendants have produced 142 documents (FRDM-00000001 through FRDM-00000629), and the Provider Defendants have produced 129 documents (PHYSPART_0000001 through PHYSPART_0004449). Several outstanding discussions and disputes remain to be resolved, as they were impacted by the temporal scope issue, including, for example, search terms to be employed for certain requests and a final set of custodians.

In addition to conferring about the requests for production, the parties have conferred about the Freedom Defendants' First Set of Interrogatories (served on January 31, 2023) and Defendant Physician Partners' First Set of Interrogatories, (served on January 27, 2023). The parties reached an agreement that Relator's

3

response to both sets of interrogatories would be due two weeks after the temporal scope of discovery is finalized, so those responses are now due on December 13, 2023.[2]

Relator moved on August 8, 2023, to compel Defendants' production for the temporal scope pled in the Relator's Amended Complaint (Doc. 143), and the Court ruled on the same on November 29, 2023 (Doc. 169), setting the temporal scope of discovery for the Provider Defendants from January 1, 2017 through December 31, 2020, and from January 1, 2015 through December 31, 2020 for the Freedom Defendants.

## II.     LEGAL STANDARD AND ARGUMANT

District courts are afforded broad discretion to manage their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009). Rule 16 allows district courts to modify scheduling orders, including discovery dates, upon a showing of good cause by the moving party. *Curley v. Stewart Title Guar. Co.*, No. 2:18-cv-9-FtM-99CM, 2018 U.S. Dist. LEXIS 183615, at *1 (M.D. Fla. Oct. 26, 2018) *citing* Fed. R. Civ. P. 16(b)(4). Good cause includes a consideration of whether the moving party could not meet the deadline despite its diligent efforts. *Jozwiak v. Stryker Corp.,* No. 6:09-cv-1985-Orl-19GJK, 2010 U.S. Dist. LEXIS 17221, at *5 (M.D. Fla. Feb. 26, 2010); *Sosa v.*

---

[2] In addition, the Freedom Defendants served their First Set of Requests for Admission upon Relator on June 1, 2023. As answers to those requests were not dependent on the temporal scope of discovery, Relator responded on July 3, 2023.

*Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.,* No. 8:07-CV-1024-T-17EAJ, 2009 U.S. Dist. LEXIS 18617, at *4 (M.D. Fla. Feb. 18, 2009).

Discovery extensions are especially common in complex litigation, including cases brought under the False Claims Act ("FCA"). *United States v. Omnicare, Inc.*, No. 1:11-cv-1326-NLH-AMD, 2022 U.S. Dist. LEXIS 169473, at *2-3 (D.N.J. Sept. 20, 2022)(multiple extensions of fact discovery deadline were granted totaling over five years); *United States ex rel. Walker v. R & F Props. of Lake Cty., Inc.*, No. 5:02-cv-131-Oc-10GRJ, 2008 U.S. Dist. LEXIS 29174, at *3-4 (M.D. Fla. Apr. 9, 2008)(court granted multiple extensions of fact discovery totaling over four years); *Rodriguez v. Miami Dade Cty.*, No. 8:15-cv-1621-T-23AAS, 2017 U.S. Dist. LEXIS 179817, at *2 (M.D. Fla. Oct. 31, 2017)(in FCA retaliation case, court granted multiple extensions of fact discovery totaling nine months); *United States ex rel Norris v. Florence*, No. 2:13-cv-00035 (M.D. Tenn. Sep. 29, 2020)(court granting multiple extensions of fact discovery totaling over eight months).

  A. **Good cause for an extension exists.**

As evidenced by the exchange and the meet-and-confers to date, Relator does not seek this extension because of a lack of diligence. Rather, among other issues, the parties' dispute regarding the temporal scope of discovery proved an impediment to the ability to complete fact discovery under the current CMO. Because the parties could not move certain parts of discovery forward while awaiting resolution of the temporal scope motion, there is good cause to extend the deadlines to provide

approximately the same window of time to complete discovery as would have occurred but for the temporal scope dispute.

### B. This extension will serve the interests of judicial efficiency.

Until document production is complete (or nearly so), the parties cannot meaningfully conduct depositions or provide records to their experts, let alone file or respond to summary judgment motions as no argument regarding the existence vel non of a dispute over material facts could be entertained until the full universe of discovery has been produced. Of course, Rule 56(d) "permits a court to 'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Emcyte Corp. v. Xlmedica, Inc.*, No. 2:19-cv-769-JES-NPM, 2022 U.S. Dist. LEXIS 202592, at *4 (M.D. Fla. Nov. 7, 2022); *see also Marengo at Fiddler's Creek Condo. Ass'n v. Empire Indem. Ins. Co.*, No. 2:20-cv-973-JLB-NPM, 2021 U.S. Dist. LEXIS 154567, at *4 (M.D. Fla. Aug. 17, 2021) ("Such continuance of a motion for summary judgment for purposes of discovery should be granted a*lmost as a matter of course* unless the non-moving party has not diligently pursued discovery of the evidence") (emphasis added). Thus, judicial efficiency is best served by granting an extension in order to allow for the needed discovery at this time, rather than wait until summary judgment to address the impact of any discovery delays.

III. **MEET AND CONFER**

Because the temporal scope of discovery is a foundational issue, Relator approached Defendants to seek an extension of the current discovery schedule while the motion was pending. The parties met and conferred via video-conference on November 16, 2023, where counsel for Relator proposed adjusting the close of fact discovery to eight months after the Court's ruling on the pending motion to compel. The parties conducted additional meet-and-confer and, on November 28, 2023, Defendants confirmed they would not oppose a six-month extension from the date of the Court's order. As it would be, the Court ruled on the motion the following day, thus moving the motion from a contingent motion to the date-specific motion set forth herein.

Relator is hopeful that a six-month extension can meet the needs of the case, provided that all parties will work diligently to complete document production in sufficient time for the parties to meaningfully review it and conduct depositions, as well as allowing sufficient time for designated experts to conduct statistical sampling (including data analytics and a medical chart review). The parties have committed to working cooperatively to this end.

IV. **CONCLUSION**

For the reasons herein, Relator respectfully requests that the Court enter an amended Case Management Order, setting the "Fact Discovery Cut-Off and Fact Discovery-Related Motions Deadline" to May 29, 2024 and modifying all subsequent dates to be commensurate to that date. The following chart reflects the dates in the

7

current case management order, and the commensurate dates if the close of fact discovery is set for May 29, 2024:

|  | Current CMO | **Proposed Dates** |
|---|---|---|
| Fact Discovery Cut-Off and Fact Discovery-Related Motions Deadline | February 2, 2024 | **May 29, 2024** |
| Plaintiff Expert Disclosure | March 15, 2024 | **July 10, 2024** |
| Defendant Expert Disclosure | March 15, 2024 | **July 10, 2024** |
| Mediation Deadline | April 2, 2024 | **July 29, 2024** |
| Rebuttal Expert Disclosure | April 26, 2024 | **Aug. 21, 2024** |
| Expert Discovery Cut-Off and Expert Discovery-Related Motions Deadline | August 2, 2024 | **Nov. 27, 2024** |
| Dispositive and *Daubert* Motions | October 2, 2024 | **Jan. 27, 2025** |
| Final Pretrial Meeting | February 10, 2025 | **June 7, 2025** |
| Motions *In Limine* | March 5, 2025 | **June 30, 2025** |
| Joint Pretrial Statement | March 12, 2025 | **July 7, 2025** |
| Pretrial Conference | April 2, 2025 | **July 28, 2025** |
| Trial Briefs | April 15, 2025 | **Aug. 10, 2025** |
| Trial Term | May 2025 | **September 2025** |

Respectfully submitted this 7th day of December, 2023,

     /s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Frederick Morgan, Jr. (OH Bar No. 0027687)
Jonathan M. Lischak (OH Bar No. 0097669)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200

        Cincinnati, Ohio 45242
        Telephone: (513) 651-4400
        Fax: (513) 651-4405
        Email: jillian.estes@morganverkamp.com
        rmorgan@morganverkamp.com
        jverkamp@morganverkamp.com

        Kenneth J. Nolan (Fla. Bar No. 603406)
        Marcella Auerbach (Fla. Bar No. 249335)
        NOLAN, AUERBACH & WHITE, LLP
        435 N. Andrews Ave., Suite 401
        Fort Lauderdale, FL 33301
        Phone: (954) 779-3943
        Fax: (954) 779-3937
        ken@whistleblowerfirm.com
        marcellla@whistleblowerfirm.com

        Adam T. Rabin (Fla. Bar No. 985635)
        Havan M. Clark (Fla. Bar No. 1026390)
        RABIN KAMMERER JOHNSON
        1601 Forum Place, Suite 201
        West Palm Beach, FL 33401
        Phone: (561) 659-7878
        Fax: (561) 242-4848
        arabin@rkjlawgroup.com
        hclark@rkjlawgroup.com
        e-filing@rkjlawgroup.com

        ***Counsel for Relator Dr. Clarissa Zafirov***

## LOCAL RULE 3.01(g) CERTIFICATION

I, Jillian Estes, hereby certify that counsel for Relator has conferred with counsel for Defendants, both telephonically and by electronic mail. This motion is unopposed.

        /s/ Jillian L. Estes
        Jillian L. Estes (Fla. Bar No. 0055774)

9

## **CERTIFICATE OF SERVICE**

I, Jillian Estes, hereby certify that the foregoing motion was served on December 7th, 2023, to all parties of record via the CM/ECF electronic filing system.

/s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)
