# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV, | ) ) ) |
| Plaintiff/Relator | ) ) |
| v. | ) ) ) CASE NO. 8:19-cv-01236 |
| FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC., | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**RELATOR'S FIRST SET OF INTERROGATORIES TO PHYSICIAN PARTNERS, LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Clarissa Zafirov ("Relator" or "Dr. Zafirov"), through the undersigned counsel, hereby propounds and serves her first set of interrogatories ("RFPs") on Defendant Physician Partners, LLC ("Physician Partners") to be answered in writing under oath, in accordance with the definition and instructions set forth herein, within the time period prescribed by Rule 33.

**DEFINITIONS AND INSTRUCTIONS**

1. The definitions as set forth, and as agreed upon in subsequent negotiations by counsel, in Relator's First Request for Production served on December 15, 2022, are incorporated by reference in their entirety.

2. "Identify" or "describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct means to set forth the event or events consisting of each act, its location, the date and persons participating, present, or involved, and the documents relating or referring in any way thereto.

3. "Identify" or "describe," when used in reference to an oral communication or conversation, means to state the date of the conversation, the place where it occurred, the names and addresses of the persons involved in the conversation and their business or governmental affiliation, and the name and address of any other person who possesses information concerning the existence of the nature of such communications.

4. "Identify" or "describe," when used in reference to any individual or entity, means to give the individual or entity's name and information necessary to identify the individual or entity. If the individual has not been identified on any party's Rule 26 disclosures or if the entity is not a party to the case, then "identify" or "describe" shall also include sufficient information for the individual or entity to be contacted, including without limitation, name, last known phone number, last known physical address, or last known email address.

5. "Physician Partners physician" means any provider who has been listed in a Physician Partners Provider Directory.

6. The singular form of a word is intended to include the plural and the plural form to include the singular to give each interrogatory the broadest meaning possible under applicable law.

7. The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the interrogatory to be more inclusive.

8. Unless otherwise specified, the relevant time period for these interrogatories is January 1, 2017 through December 31, 2020.

9. If you assert that any part of an interrogatory is objectionable, respond to those remaining parts to which you do not object, state your objection clearly, and specifically identify which part of the request or the response it requires is objectionable and why.

10. If you assert that any responsive information is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, then you must respond to the interrogatory to the extent not privileged and include in your answer the privilege asserted and the basis for the assertion of that privilege.

11. If you cannot answer an interrogatory in full after exercising due diligence to secure the information to do so, then you must describe the specific efforts made to ascertain the information and respond to the extent possible, including whatever information or knowledge you have relating to the unanswered portion.

12. Pursuant to Rule 26(e), these interrogatories are continuing in nature and must be supplemented promptly if you obtain or identify additional responsive information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe the relationship between You, Florida Medical Associates, Inc. d/b/a VIPcare, Anion Technologies, SunLabs USA, Inc. and any other entity with respect to the employment of Dr. Clarissa Zafirov. This interrogatory specifically seeks, but is not limited to, the role of each entity in the decision to hire Dr. Zafirov and the role of each entity in determining her compensation (including bonus payments).

**RESPONSE:**

**INTERROGATORY NO. 2:** Describe how compensation is determined for all Physician Partners physicians, including base pay, bonuses, and any other forms of remuneration available to a physician in relation to their employment as a healthcare provider.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify all persons responsible for creating, drafting, editing, revising, and approving all language included in the Physician Partners "Quality Training Manual," including what specific sections of the document the individual created, drafted, edited, revised, or approved and the year(s) in which the individual held that role.

**RESPONSE:**

4

**INTERROGATORY NO. 4:** Identify all persons responsible for creating, drafting, editing, revising, and approving all non-patient specific language included on the 5 Star Checklist, to include but not limited to the disclaimer that "This 5 Star checklist is not intended to be part of the patient's medical record" and the attestation immediately preceding the physician signature.

**RESPONSE:**

**INTERROGATORY NO. 5:** Describe each step in the lifecycle of a 5 Star checklist, from the time the checklist is generated through the disposition of the checklist, including the corporate entity which and any individual(s) who are responsible for each step of the process. This interrogatory specifically seeks, but is not limited to, how the determination is made that a 5 Star checklist should be generated, the means of distribution to a provider, the receipt of a completed checklist from a provider, and the storage or destruction of the completed checklist.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify and describe all communications You have had with any representative or employee of the United States regarding the 5 Star checklist.

**RESPONSE:**

**INTERROGATORY NO. 7:**   Identify and describe all communications You have had with any representative or employee of the United States regarding this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 8:**   Identify and describe all "training sessions" hosted or put on by You which provided advice, directions, instructions, guidance, or other information related to the use of 5 Star Checklists. This interrogatory specifically seeks, but is not limited to, the content of the training session, the date, the location, the presenter(s), the attendees, and a description of any documents provided in such sessions.

**RESPONSE:**

**INTERROGATORY NO. 9:**   Identify and describe all "training sessions" hosted or put on by You which provided advice, directions, instructions, guidance, or other information related to the role of diagnosis codes in the Medicare Advantage program, specific diagnosis codes to consider for a medical condition, or any other form of coding guidance. This interrogatory specifically seeks, but is not limited to, the content of the training session, the date, the location, the presenter(s), the attendees, and a description of any documents provided in such sessions.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe all processes by which You receive compensation from the United States, either directly or through an intermediary using funds provided by the United States (such as a managed care organization).

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe each step in the process by which diagnosis codes related to Medicare Advantage beneficiaries are transmitted from a Physician Partners physician to the United States, including the corporate entity which is responsible for each step of the process and any intermediary entity involved in the process.

**RESPONSE:**

**INTERROGATORY NO. 12:** State Your understanding of the role of diagnosis codes in the Medicare Advantage program, including how risk-adjusting diagnosis codes impact the amount of money that You receive on monthly and/or annual basis.

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify and describe all complaints made to You by any provider, patient, patient representative or other individual related to services rendered (or failed to be rendered) by a Physician Partners physician, including but not limited to complaints related to diagnosis codes submitted to the

7

United States (directly or through a Medicare Advantage organization) for any Medicare Advantage beneficiary. This interrogatory specifically seeks, but is not limited to, the content of the complaint, the date, the method by which the complaint was conveyed (phone call, electronic mail, internet submission, etc.), the person(s) to whom the complaint was made, the efforts You undertook to investigate the complaint (if any), and the steps taken to resolve or close out the complaint (if any).

**RESPONSE:**

**INTERROGATORY NO. 14:** Describe the circumstances in which you allege that the United States gained "prior knowledge of the facts underlying the allegedly false claims" as asserted in Your Eighth Affirmative Defense.

RESPONSE:

**INTERROGATORY NO. 15:** Describe the circumstances in which you allege that the United States "ratified or otherwise consented to the transactions, occurrences, conduct and submissions that are the subject of this action including by continuing to pay Medicare Advantage plans at previously determined rate as long as the plans' and their providers' coding errors did not exceed CMS's own error rate or some other error rate, despite CMS's knowledge that some diagnosis codes are, as a general matter, mistaken or otherwise unsupported" as asserted in your Eighteenth Affirmative Defense.

**RESPONSE:**

Served this 22nd day of December, 2023,

    /s/ Jillian L. Estes

Frederick M. Morgan, Jr. (OH 0027687)
Jillian L. Estes (FL 0055774)
MORGAN VERKAMP LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, OH 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: rmorgan@morganverkamp.com
jillian.estes@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL   33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Dr. Clarissa Zafirov, M.D.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Relator's First Set of Interrogatories was served via electronic mail on counsel for all parties of record on this 22nd day of December, 2023.

                                                  /s/ Jillian L. Estes
                                                  Jillian L. Estes