# Exhibit E

| | |
|---|---|
| **From:** | Jillian Estes |
| **Sent:** | Saturday, January 27, 2024 7:54 AM |
| **To:** | Mehta, Jason; Valiente, Lauren L.; Joseph, Jessica E.; Patel, Parth Y. |
| **Cc:** | Chandra Napora; Jonathan Lischak; Traci Ann Smith; Rick Morgan; Adam Rabin; Havan Clark; Marcella Auerbach |
| **Subject:** | [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians |

Good morning,

I write with respect to the Provider Defendants' recent attempt to unilaterally narrow the scope of discovery in this case from all Physician Partners' physicians to only physicians employed by Physician Partners. Such a position is, as we have discussed, unsupported by the allegations of the case. It is also wholly inconsistent with the Provider Defendants' previous positions regarding scope of discovery.

First, Relator's amended complaint plainly alleges that the conduct giving rise to false claims is universal to both employed and affiliated physicians. (See, Para 199/200 – "[E]ach Defendant acted with actual knowledge/deliberate ignorance that the diagnoses codes submitted by Physician Partners, through Anion on behalf of VIPcare and other contracted and affiliated providers, to Freedom and Optimum, and from Freedom and Optimum to the United States, were not accurate, complete and truthful and were, in fact, factually false.")

Second, on February 17, 2023, Physician Partners responded to Relator's First Requests for Production with a series of objections to the definitions in Relator's request, including the definition of the term "Physician Partners physician." Therein, Physician Partners stated, "For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term, Physician Partners interprets 'Physician Partners physician' to mean a physician either directly employed by Physician Partners or associated with Physician Partners though a practice management contract." Anion and FMA responded identically.

In or around November 2023, Provider Defendants raised the intention to depart completely from the definition ***that they created*** and instead assert that "Physician Partners physicians" should not include affiliate providers. In several different conversations and contexts, Relator's counsel has disputed such an artificial narrowing of the scope of discovery and maintained that the Provider Defendants are obligated to produce responsive records related to all Physician Partners' physicians, whether employed or affiliated.

Notwithstanding this, Para. 7 of the General Objections in the unverified responses to Relator's First Set of Interrogatories to Physician Partners and Anion* sets forth a lengthy explanation of both employed and affiliate physicians and concludes that there are "significant differences between employed physicians on one hand and affiliated physicians on the other" and that there are "significant variations among the affiliated physicians" which "make discovery regarding affiliated physicians not relevant to Dr. Zafirov's claims." This objection is entirely inappropriate. In addition to the about-face from Physician Partners' own definition in response to requests for production, and the failure to secure agreement on this unilateral revision, the objection sets forth many assertions that Relator must be able to test against actual facts, which is, of course, the point of discovery. Specifically, statements are couched in generalities that are critical to the allegations of this case (e.g. "affiliated physicians *typically* manage their own coding, billing and referrals" – emphasis added). While the objection subjectively asserts that the role of Physician Partners in the affiliated physician practices is not significant enough to "make discovery regarding affiliated physicians [ ] relevant to Dr. Zafirov's claims," it is abjectly not Provider Defendants' prerogative to unilaterally determine this, and Relator is entitled to test such representations through discovery, which necessarily must include discovery of both employed and non-employed providers.

1

Please let us know your soonest availability to meet-and-confer as to Objection No. 7 to Physician Partners and Anion's Objections to Relator's First Set of Interrogatories.

Thank you,

Jill

\* Verified responses have not been served, rendering the substantive responses impermissible and complete interrogatory responses overdue. However, as counsel signed as to the objections, the objections are ripe for discussion.

_____
Jillian L. Estes   |   513-448-1251   |   [jillian.estes@morganverkamp.com](mailto:jillian.estes@morganverkamp.com)
**MORGAN VERKAMP, LLC**