# EXHIBIT F

| | |
|---|---|
| **From:** | Mehta, Jason <jmehta@foley.com> |
| **Sent:** | Wednesday, January 31, 2024 8:13 PM |
| **To:** | Jillian Estes; Valiente, Lauren L.; Matthews, Mike; Swanson, Joe |
| **Cc:** | Chandra Napora; Jonathan Lischak; Traci Ann Smith; Rick Morgan; Adam Rabin; Havan Clark; Marcella Auerbach; Gerencir, Samantha M. |
| **Subject:** | RE: [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians |
| **Attachments:** | Letter re Affiliate and Employed Physicians - 2024-01-31.pdf |

---

**-- External Email --**

Jill—as promised, please see attached.  We look forward to discussing on Friday.

Many thanks—
Jason


**Jason Mehta**
*Partner*

**Foley & Lardner LLP**
100 N Tampa St, Suite 2700, Tampa, FL 33602-5810
Phone 813.225.5424
View My Bio | Visit Foley.com | jmehta@foley.com



**From:** Mehta, Jason
**Sent:** Wednesday, January 31, 2024 7:51 PM
**To:** 'Jillian Estes' <Jillian.Estes@morganverkamp.com>; Valiente, Lauren L. <LValiente@foley.com>; Matthews, Mike <MMatthews@foley.com>; Swanson, Joe <joe.swanson@foley.com>
**Cc:** Chandra Napora <Chandra.Napora@morganverkamp.com>; Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>; Traci Ann Smith <tsmith@morganverkamp.com>; Rick Morgan <rmorgan@morganverkamp.com>; Adam Rabin <arabin@rkjlawgroup.com>; Havan Clark <hclark@rkjlawgroup.com>; Marcella Auerbach <marcella@whistleblowerfirm.com>
**Subject:** RE: [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians

Thanks, Jill.  How's Friday morning?  To throw out a time—how's 10am?  I expect to get you our letter later this evening—or, worst case, tomorrow morning.

Jason


**Jason Mehta**
*Partner*

**Foley & Lardner LLP**

1

100 N Tampa St, Suite 2700, Tampa, FL 33602-5810
Phone 813.225.5424
View My Bio | Visit Foley.com | jmehta@foley.com



**From:** Jillian Estes <Jillian.Estes@morganverkamp.com>
**Sent:** Wednesday, January 31, 2024 5:18 PM
**To:** Mehta, Jason <jmehta@foley.com>; Valiente, Lauren L. <LValiente@foley.com>; Matthews, Mike <MMatthews@foley.com>; Swanson, Joe <joe.swanson@foley.com>
**Cc:** Chandra Napora <Chandra.Napora@morganverkamp.com>; Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>; Traci Ann Smith <tsmith@morganverkamp.com>; Rick Morgan <rmorgan@morganverkamp.com>; Adam Rabin <arabin@rkjlawgroup.com>; Havan Clark <hclark@rkjlawgroup.com>; Marcella Auerbach <marcella@whistleblowerfirm.com>
**Subject:** Re: [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians

** EXTERNAL EMAIL MESSAGE **
Jason,

Given the update that the deposition will not occur on Friday, and that we have not received the position paper yet, Friday will be a better day for us to meet and confer. My day is generally open, so please suggest an available time for you.

Thanks,

Jill

_____
Jillian L. Estes   |   513-448-1251   |   jillian.estes@morganverkamp.com
**MORGAN VERKAMP, LLC**

**From:** Jillian Estes <Jillian.Estes@morganverkamp.com>
**Date:** Wednesday, January 31, 2024 at 11:15 AM
**To:** "Mehta, Jason" <jmehta@foley.com>, "Valiente, Lauren L." <LValiente@foley.com>, "Matthews, Mike" <MMatthews@foley.com>, "Swanson, Joe" <joe.swanson@foley.com>
**Cc:** Chandra Napora <Chandra.Napora@morganverkamp.com>, Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>, Traci Ann Smith <tsmith@morganverkamp.com>, Rick Morgan <rmorgan@morganverkamp.com>, Adam Rabin <arabin@rkjlawgroup.com>, Havan Clark <hclark@rkjlawgroup.com>, Marcella Auerbach <marcella@whistleblowerfirm.com>
**Subject:** Re: [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians

Good morning, Jason.

Yes, we will copy Mike and Joe, taking off Jessica and Parth. (Nice to meet you both, Mike and Joe.)

Given the timing, I think Friday would be better if you'd like us to review the forthcoming letter before we discuss. However,  the Freedom defendants noticed Raquel Garrido's deposition for Friday, 2/2/24. I have not heard any update yet if that has been delayed or rescheduled, so if you know more of that than I do, please let me know. Otherwise, I'm

2

planning to be at that on Friday. I'm generally available Thursday between 10:00-2:00 if there is time then that works, but we would need the letter relatively soon today so we can review and have a substantive discussion at the meeting.

Thanks,

Jill

_____

Jillian L. Estes   |   513-448-1251   |   jillian.estes@morganverkamp.com
**MORGAN VERKAMP, LLC**

**From:** "Mehta, Jason" <jmehta@foley.com>
**Date:** Wednesday, January 31, 2024 at 12:04 AM
**To:** Jillian Estes <Jillian.Estes@morganverkamp.com>, "Valiente, Lauren L." <LValiente@foley.com>, "Matthews, Mike" <MMatthews@foley.com>, "Swanson, Joe" <joe.swanson@foley.com>
**Cc:** Chandra Napora <Chandra.Napora@morganverkamp.com>, Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>, Traci Ann Smith <tsmith@morganverkamp.com>, Rick Morgan <rmorgan@morganverkamp.com>, Adam Rabin <arabin@rkjlawgroup.com>, Havan Clark <hclark@rkjlawgroup.com>, Marcella Auerbach <marcella@whistleblowerfirm.com>
**Subject:** RE: [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians

**-- External Email --**

Thanks, Jill, and sorry for the delay in responding here.  Can I trouble you to please include my colleagues Joe Swanson and Mike Matthews in future correspondence?  They are CC'ed on this email.  Moving forward, there's no need to copy Jessica or Parth (although thank you for doing so previously!).

We'd be happy to arrange a time to discuss, although we have a forthcoming letter to you that lays out our position.  Would you like to schedule some time for Thursday or Friday of this week to discuss?

Many thanks—
Jason


**Jason Mehta**
*Partner*

**Foley & Lardner LLP**
100 N Tampa St, Suite 2700, Tampa, FL 33602-5810
Phone 813.225.5424
View My Bio | Visit Foley.com | jmehta@foley.com



**From:** Jillian Estes <Jillian.Estes@morganverkamp.com>
**Sent:** Saturday, January 27, 2024 7:54 AM
**To:** Mehta, Jason <jmehta@foley.com>; Valiente, Lauren L. <LValiente@foley.com>; Joseph, Jessica E. <JJoseph@foley.com>; Patel, Parth Y. <PPatel@foley.com>
**Cc:** Chandra Napora <Chandra.Napora@morganverkamp.com>; Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>; Traci Ann Smith <tsmith@morganverkamp.com>; Rick Morgan

<rmorgan@morganverkamp.com>; Adam Rabin <arabin@rkjlawgroup.com>; Havan Clark <hclark@rkjlawgroup.com>; Marcella Auerbach <marcella@whistleblowerfirm.com>
**Subject:** [U.S. ex rel. Zafirov v. Physician Partners et al] Objection to Scope of Discovery as to Physician Partners' Physicians

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Good morning,

I write with respect to the Provider Defendants' recent attempt to unilaterally narrow the scope of discovery in this case from all Physician Partners' physicians to only physicians employed by Physician Partners. Such a position is, as we have discussed, unsupported by the allegations of the case. It is also wholly inconsistent with the Provider Defendants' previous positions regarding scope of discovery.

First, Relator's amended complaint plainly alleges that the conduct giving rise to false claims is universal to both employed and affiliated physicians. (See, Para 199/200 – "[E]ach Defendant acted with actual knowledge/deliberate ignorance that the diagnoses codes submitted by Physician Partners, through Anion on behalf of VIPcare and other contracted and affiliated providers, to Freedom and Optimum, and from Freedom and Optimum to the United States, were not accurate, complete and truthful and were, in fact, factually false.")

Second, on February 17, 2023, Physician Partners responded to Relator's First Requests for Production with a series of objections to the definitions in Relator's request, including the definition of the term "Physician Partners physician." Therein, Physician Partners stated, "For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term, Physician Partners interprets 'Physician Partners physician' to mean a physician either directly employed by Physician Partners or associated with Physician Partners though a practice management contract." Anion and FMA responded identically.

In or around November 2023, Provider Defendants raised the intention to depart completely from the definition **that they created** and instead assert that "Physician Partners physicians" should not include affiliate providers. In several different conversations and contexts, Relator's counsel has disputed such an artificial narrowing of the scope of discovery and maintained that the Provider Defendants are obligated to produce responsive records related to all Physician Partners' physicians, whether employed or affiliated.

Notwithstanding this, Para. 7 of the General Objections in the unverified responses to Relator's First Set of Interrogatories to Physician Partners and Anion\* sets forth a lengthy explanation of both employed and affiliate physicians and concludes that there are "significant differences between employed physicians on one hand and affiliated physicians on the other" and that there are "significant variations among the affiliated physicians" which "make discovery regarding affiliated physicians not relevant to Dr. Zafirov's claims." This objection is entirely inappropriate. In addition to the about-face from Physician Partners' own definition in response to requests for production, and the failure to secure agreement on this unilateral revision, the objection sets forth many assertions that Relator must be able to test against actual facts, which is, of course, the point of discovery. Specifically, statements are couched in generalities that are critical to the allegations of this case (e.g. "affiliated physicians *typically* manage their own coding, billing and referrals" – emphasis added). While the objection subjectively asserts that the role of Physician Partners in the affiliated physician practices is not significant enough to "make discovery regarding affiliated physicians [ ] relevant to Dr. Zafirov's claims," it is abjectly not Provider Defendants' prerogative to unilaterally determine this, and Relator is entitled to test such representations through discovery, which necessarily must include discovery of both employed and non-employed providers.

Please let us know your soonest availability to meet-and-confer as to Objection No. 7 to Physician Partners and Anion's Objections to Relator's First Set of Interrogatories.

Thank you,

Jill

* Verified responses have not been served, rendering the substantive responses impermissible and complete interrogatory responses overdue. However, as counsel signed as to the objections, the objections are ripe for discussion.

_____

Jillian L. Estes   |   513-448-1251   |   jillian.estes@morganverkamp.com
**MORGAN VERKAMP, LLC**

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

100 NORTH TAMPA STREET, SUITE 2700
TAMPA, FL  33602
813.229.2300 TEL
WWW.FOLEY.COM

WRITER'S DIRECT LINE
813.225.5424
jmehta@foley.com

January 31, 2024

**<u>VIA ELECTRONIC MAIL</u>**
Jillian Estes
Morgan Verkamp LLC
4410 Carver Woods Drive, Suite 200
Cincinnati, Ohio 45242

    Re: Scope of Discovery in *U.S. ex rel Zafirov v. Physician Partners, et. al.*

Dear Jill,

   We write this letter on behalf of our client, Physician Partners, LLC ("Physician Partners"). This letter responds to your December 22, 2023 request for an explanation regarding the distinctions between physicians employed by Florida Medical Associates, LLC, d/b/a VIPcare ("VIPcare") (which has a management services agreement with Physician Partners), and physicians who are affiliates of Physician Partners.  As explained below, Physician Partners' relationship with each of those constituencies differs significantly.  Those significant differences justify our position in this litigation that Dr. Clarissa Zafirov, who was employed by VIPcare and never affiliated or provided services as an affiliate with Physician Partners, is not entitled to discovery involving affiliated physicians.

   Employed physicians, such as Dr. Zafirov, are W-2 employees who work exclusively for VIPcare.  As employees, those physicians receive most, if not all, of their income and benefits from VIPcare.  Employed physicians have an employment agreement with VIPcare, and their compensation is comprised mostly of a base salary, with the possibility of additional incentives. All of the employed physicians have insurance contracts through VIPcare as a group entity.

   In contrast to VIPcare, affiliated physicians are independent business owners and operators of their respective practices.  These affiliated providers have no employer-employee relationship with VIPCare and VIPCare exercises no direct control over affiliates' activities.  In general, affiliated physicians' income derives from several sources, only one of which is Physician Partners.  That is because those physicians typically have contractual relationships with insurance plans for a variety of insurance programs, including but not limited to, commercial, traditional Medicare, health care exchange, Tri-care, workers compensation and many other such programs.  Further, many of those physicians also may contract with other Medicare Advantage plans directly or through other independent physician associations competitive to Physician Partners.  Physician Partners' contracts with affiliates also vary whereby some affiliates are paid on a fee-for-service basis, while others have chosen a capitation payment model (with varying capitation payments across affiliates), for services rendered to Members.  Affiliates have different bonus programs including HEDIS bonuses usually paid directly by the health plan to the affiliates, quality program bonuses paid for comprehensively

| | | | | |
|---|---|---|---|---|
| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TALLAHASSEE |
| BOSTON | HOUSTON | MIAMI | SALT LAKE CITY | TAMPA |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN DIEGO | WASHINGTON, D.C. |
| DALLAS | LOS ANGELES | NEW YORK | SAN FRANCISCO | BRUSSELS |
| DENVER | MADISON | ORLANDO | SILICON VALLEY | TOKYO |

4889-3696-1178.3



**FOLEY & LARDNER LLP**

January 31, 2024

Page 2

evaluating and treating members, and a performance bonus as defined in their agreements.  In other words, there may be stark differences even among Physician Partners' affiliated physicians.

Moreover, as independent business owners, affiliated physicians have full and complete ownership and responsibility over every aspect of their practice, including their facilities and patient scheduling.  Employed physicians, such as Dr. Zafirov, do not.  Rather, VIPcare takes complete ownership of the facilities, and employed physicians' selection of insurance programs, patient scheduling and other practice operational aspects are determined by VIPcare.  In addition, affiliated physicians hire and manage their own staff; employed physicians do not.

Affiliated physicians select their own EMR or use paper charts, but employed physicians must use the eClinicalWorks EMR provided by VIPcare.  Further, affiliated physicians typically manage their own coding, billing, referrals, etc.  Employed physicians, on the other hand, have their billing, referrals, and similar services processed by VIPcare, with support from Anion Technologies, LLC ("Anion").

Although Physician Partners may have the ability to remotely view medical records in certain affiliated physician EMRs, affiliated physicians control, oversee and administer their own separate EMR systems (which are as numerous and varied as publicly available EMRs), which would greatly increase the burden on the parties in having to deal with multiple different EMR systems on all these issues if affiliated physicians were included in discovery.  Physician Partners does not edit or alter an affiliated physicians EMR medical record information or other data.

The bottom line is that there are significant differences between employed physicians on the one hand and affiliated physicians on the other.  Also, there are significant variations between different affiliated physicians, such as how they are paid by Physician Partners and how those affiliated physicians manage their practices.  These differences make discovery regarding affiliated physicians not relevant to Dr. Zafirov's claims.  For these reasons, along with the other objections noted in Physician Partners' written objections to Dr. Zafirov's discovery requests in this matter, Physician Partners will not provide discovery regarding affiliated physicians.

Sincerely,

Jason Mehta

4889-3696-1178.3