# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO RELATOR DR. CLARISSA ZAFIROV**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Freedom Health, Inc., and Optimum HealthCare, Inc. (collectively, "Freedom Defendants"), by and through their attorneys, request that Relator Dr. Clarissa Zafirov ("Relator") respond to each of the following Requests for Production ("Requests") and produce to the undersigned attorneys all Documents responsive to such Requests within thirty (30) days of service thereof. Any responsive documents that are available only in hard copy form may be produced to O'Melveny & Myers, LLP, c/o Benjamin D. Singer, at 1625 Eye Street NW, Washington, DC 20006.

## **DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in these Requests.

1.      "Agreement" or "Agreements" refers to any contract, arrangement, or agreement of any kind, whether formal or informal.

2.      "Amended Complaint" refers to Relator's Amended Complaint, filed on November 12, 2021 (Doc. 86) in the above-captioned action.

3.      "Anion" refers to the medical services office located at 601 S. Harbour Island Blvd., Suite 200, Tampa, Florida.

4.      "Clinical Diagnosis" or "Clinical Diagnoses" means medical conditions determined by a licensed medical practitioner based on signs, symptoms, health records, or other relevant information Concerning a patient's health, as set forth in Stedman's Medical Dictionary 474 (28th Ed. 2005).

5.      "Communicate" or "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and refers to every manner or means of disclosure, transfer, or exchange of information orally or in writing, and to both actual and attempted communications of any kind.

6.      "Concerning" means relating to, referring to, received from, addressed to, sent to, alluding to, responding to, announcing, identifying, explaining, evaluating, discussing, showing, supporting, describing, studying, reflecting, analyzing, or consulting.

7. The terms "Diagnosis Code" or "Diagnosis Codes" means ICD-9 Diagnosis Codes or ICD-10 Diagnosis Codes.

8. The terms "Document" and "Documents" shall have the meaning attributed in Federal Rule of Civil Procedure 34(a) to the term "documents," and includes, without limitation, electronic data and recordings. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Freedom" refers to Freedom Health, Inc., one of the defendants in the above-captioned action, and any of its employees, representatives, or subsidiaries, acting or purporting to act on its behalf.

10. "Government" means the United States, any State, any territory or possession of the United States, any political subdivision, or any agency, department, or unit, including but not limited to the Centers for Medicare & Medicaid Services, the Department of Health & Human Services, the Department of Health & Human Services Office of Inspector General, and the Department of Justice, and any employee, agent, or representative thereof, including but not limited to United States Attorney Roger B. Handberg, Assistant United States Attorney Sean P. Keefe, Deputy Director Andy J. Mao, Assistant Director Patricia L. Hanower, Trial Attorney J. Jennifer Koh, and Special Agent Raquel Garrido.

11. "ICD-9 Diagnosis Codes" refers to the numeric codes that are assigned to Clinical Diagnoses pursuant to the International Classification of Diseases, 9th Revision, Clinical Modification.

12. "ICD-10 Diagnosis Codes" refers to the numeric codes that are assigned to Clinical Diagnoses pursuant to the International Classification of Diseases, 10th Revision, Clinical Modification.

13. "Including" shall be construed as "including, without limitation" or "including, but not limited to," so that each Request shall be construed broadly, rather than narrowly.

14. Medicare Part C refers to the Medicare+Choice Program established by 42 United States Code Sections 1395w–21 through 1395w–29 and the regulations promulgated thereunder.

15. "Optimum" refers to Optimum HealthCare, Inc., one of the defendants in the above-captioned action, and any of its employees, representatives, or subsidiaries, acting or purporting to act on its behalf.

16. "Person(s)" means any natural person acting in any capacity, and/or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, union, any government and/or governmental body, including, but not limited to, any commission, board, bureau, and/or agency.

17. "Physician Partners" refers to the medical services office located at 601 S. Harbour Island Blvd., Suite 200, Tampa, Florida.

18. "Physician Partners Specialty Services" refers to the medical services office located at 1714 SW 17th St., Ocala, Florida.

19. "PO Defendants" refers to the provider organization defendants identified in Paragraphs 22 through 25 of the Amended Complaint, including Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, Physician Partners Specialty Services, and Anion.

20. "Risk Adjustment Data" has the meaning defined in 42 C.F.R. § 422.310 ("all data that are used in the development and application of a risk adjustment payment model.").

21. "Sun Labs" refers to the laboratory services and information technologies office located at 1010 N. Florida Ave., Tampa, Florida.

22. "VIPcare" refers to the medical services office located at 601 S. Harbour Island Blvd., Suite 213A, Tampa, Florida.

23. "PO Defendant Member" or "PO Defendant Members" means members of a Freedom or Optimum Medicare Advantage plan who were assigned to VIPcare, Physician Partners, Physician Partners Specialty Services, and/or Sun Labs for primary care medical services.

24. "You" or "Your" means Dr. Clarissa Zafirov, the relator in the above-captioned action, and any representatives, employees, agents, consultants, contractors, or other Persons acting or purporting to act on her behalf.

25. "5 Star Checklist(s)" refers to the "5 Star Checklist(s)" described in Paragraphs 105-124 of the Amended Complaint.

26. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Request any response or Document that might otherwise be construed to be outside its scope.

27. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

## INSTRUCTIONS

1. These Requests cover all Documents in Your possession, custody, or control. A Document is in Your possession, custody, or control if it is in Your physical possession, or if You have the right to obtain possession of the Document or a copy of the Document.

2. If any Documents requested herein have been lost, discarded, or destroyed, each such Document shall be identified as completely as possible by stating the following information: the nature of the Document, the author and addressee of the Document, the date of the Document, a brief description of the Document, the date of disposal or destruction, the manner of disposal or destruction, the reason for disposal or destruction, the name of the individual authorizing the disposal or destruction or having responsibility for the loss of the Document, the name of the individual disposing of or destroying the Document, and the paragraph number(s) of the Request(s) in response to which the Document otherwise would have been produced.

3. With respect to each document that You contend is privileged or otherwise may be excluded from discovery, please state the basis for the privilege or

other grounds for exclusion as well as the name and address of the author, the date of the privileged information, the general subject matter, and the name and address of every recipient of the original or any copy of the document.

4. Documents are to be produced in full; redacted Documents will not constitute compliance with these Requests. If any requested Document or thing cannot be produced in full, produce it to the extent possible, indicating which Document, or portion of the Document, is being withheld, and the reason that the Document or portion thereof is being withheld.

5. Documents attached to each other shall not be separated and shall be produced as they exist in Your files.

6. All non-identical versions of a Document responsive to a Request must be produced.

7. These requests are continuing in nature and You shall promptly supplement its responses and production whenever You create, receive, discover or otherwise learn of any additional document that is responsive to the requests prior to resolution or final disposition of the instant civil action pursuant to the provisions of Federal Rule of Civil Procedure 26(e).

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

All Documents that support, evidence, or otherwise establish the allegations in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2**

All Documents Concerning Your training and experience as a physician prior to October 1, 2018, including, without limitation, a transcript from Your medical school, records of any post-medical school training that You received, and records of any of Your employment as a physician, or as an intern, fellow, or resident physician.

**REQUEST FOR PRODUCTION NO. 3**

All Documents Concerning Your allegation in Paragraphs 299, 303, 307, 311, 315, 319, 323, 327, 331, 336, 341, and 346 of the Amended Complaint that the United States suffered damages, including but not limited to any data, records, studies, or other similar Documents.

**REQUEST FOR PRODUCTION NO. 4**

All Documents You provided to the Government Concerning any of the allegations in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5**

All Documents the Government provided to You Concerning any of the allegations in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 6**

All Communications between You and the Government Concerning any of the allegations in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 7**

All Documents the Government provided to You through any Communication with the Government related to this matter, including, without limitation, in response to Your Communication with the United States Attorney's Office described in Jillian Estes's December 16, 2022 email to Elizabeth Bock.

**REQUEST FOR PRODUCTION NO. 8**

All Documents Concerning Your investigation, research, or development of the allegations included in the Amended Complaint, including but not limited to notes, journals, summaries, analyses, reports, or any other similar Documents.

**REQUEST FOR PRODUCTION NO. 9**

All Communications between You and Keith Fernandez.

**REQUEST FOR PRODUCTION NO. 10**

All Communications between You and Dr. George Mansour.

**REQUEST FOR PRODUCTION NO. 11**

All Agreements between You and Dr. George Mansour.

**REQUEST FOR PRODUCTION NO. 12**

All Communications between You and Dr. Esenbike Bek.

**REQUEST FOR PRODUCTION NO. 13**

All Communications between You and Dr. Suzanne Johnson.

**REQUEST FOR PRODUCTION NO. 14**

All Communications between You and Dr. Claudine Fredericks.

**REQUEST FOR PRODUCTION NO. 15**

All Communications between You and Dr. Anit Ford.

**REQUEST FOR PRODUCTION NO. 16**

All Communications between You and Dr. Beth Oliver.

**REQUEST FOR PRODUCTION NO. 17**

All Communications between You and Dr. Wendy Worsely.

**REQUEST FOR PRODUCTION NO. 18**

All Communications between You and Dr. Thomas Smith.

**REQUEST FOR PRODUCTION NO. 19**

All Communications between You and Catherine Davis.

**REQUEST FOR PRODUCTION NO. 20**

All Communications between You and Cody DeGross.

**REQUEST FOR PRODUCTION NO. 21**

All Communications between You and Alex Lavin.

**REQUEST FOR PRODUCTION NO. 22**

All Communications between You and Emily Gallman.

**REQUEST FOR PRODUCTION NO. 23**

All Communications between You and Sajitha Johnson.

**REQUEST FOR PRODUCTION NO. 24**

All Communications between You and Jan Morsey.

**REQUEST FOR PRODUCTION NO. 25**

All Communications between You and Cassidy Cooper.

**REQUEST FOR PRODUCTION NO. 26**

All Communications between You and Sawan Kothari.

**REQUEST FOR PRODUCTION NO. 27**

All Communications between You and Dr. Rajiv Patel.

**REQUEST FOR PRODUCTION NO. 28**

All Communications between You and Dr. Sangeeta Hans.

**REQUEST FOR PRODUCTION NO. 29**

All Communications between You and Ratnakar Mekala

**REQUEST FOR PRODUCTION NO. 30**

All Communications between You and Syed Dastagir.

**REQUEST FOR PRODUCTION NO. 31**

All Communications between You and Siddhartha Pagidipati.

**REQUEST FOR PRODUCTION NO. 32**

All Communications between You and Dan Kolefrath.

**REQUEST FOR PRODUCTION NO. 33**

All Communications between You and Darren D. Sewell.

**REQUEST FOR PRODUCTION NO. 34**

All Communications between You and any patient described in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 35**

All Communications between You and any patient listed in the "Amended Complaint Patient Crosswalk" that was provided to counsel for Freedom and Optimum on November 29, 2021.

**REQUEST FOR PRODUCTION NO. 36**

All Communications between You and Freedom or Optimum during your employment at VIPcare.

**REQUEST FOR PRODUCTION NO. 37**

All Communications between You and any other Person, including but not limited to Freedom, Optimum, PO Defendants, or any PO Defendant Member, Concerning the allegations in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 38**

All Agreements Concerning your employment at VIPcare.

**REQUEST FOR PRODUCTION NO. 39**

All Communications Concerning your employment at VIPcare, including but not limited to any Communication regarding Your compensation and bonuses and Your performance.

**REQUEST FOR PRODUCTION NO. 40**

All Documents Concerning your employment at VIPcare, including but not limited to any Documents regarding your compensation and bonuses and Your performance.

**REQUEST FOR PRODUCTION NO. 41**

All 5 Star Checklists You allege in Paragraph 13 of the Amended Complaint to have retained.

**REQUEST FOR PRODUCTION NO. 42**

All Documents Concerning the 5 Star Checklists described in Paragraph 8 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 43**

All Documents Concerning the Quality Training Manual described in Paragraph 111 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 44**

All Documents Concerning the Medicare Provider Manual described in Paragraph 182 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 45**

All Documents Concerning Freedom or Optimum.

**REQUEST FOR PRODUCTION NO. 46**

All Communications with any Person employed by, associated with or affiliated with Freedom or Optimum.

**REQUEST FOR PRODUCTION NO. 47**

All Documents Concerning Your Clinical Diagnosis of any PO Defendant Member.

**REQUEST FOR PRODUCTION NO. 48**

All Documents, including but not limited to notes, calendars, diaries, schedules, journals, or reports reflecting Your consultations with or health examinations of any PO Defendant Member.

**REQUEST FOR PRODUCTION NO. 49**

All Documents Concerning any education, whether formal or informal, that You have received Concerning the coding of medical conditions contained in patient medical charts using Diagnosis Codes, including but not limited to training, instruction, seminars, conferences, presentations, conventions, workshops, and symposiums.

**REQUEST FOR PRODUCTION NO. 50**

All Documents Concerning any education, whether formal or informal, that You received after attending medical school Concerning the method, manner, technique, or practice for medically diagnosing any of the conditions referenced in the Amended Complaint, including but not limited to training, instruction, seminars, conferences, presentations, conventions, workshops, and symposiums.

**REQUEST FOR PRODUCTION NO. 51**

All Documents You received from Freedom or Optimum Concerning the method, manner, technique, or practice for medically diagnosing any condition.

**REQUEST FOR PRODUCTION NO. 52**

All Documents Concerning any standard, guideline, custom, or generally accepted practice for the documentation of patient medical conditions for the

purpose of submitting Diagnosis Codes as Risk Adjustment Data for Medicare Part C that You employed, used, referenced, consulted, or otherwise relied upon while practicing at VIPcare, including but not limited to policies, procedures, training manuals, or educational materials.

**REQUEST FOR PRODUCTION NO. 53**

All documents identified in Your Rule 26(a)(1) initial disclosures served on counsel for Defendants in the above-captioned action on December 5, 2022.

Dated: December 23, 2022

Respectfully submitted,

By: /s/ *Benjamin D. Singer*

Benjamin D. Singer (Lead Counsel)*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com

David M. Deaton*
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900
(949) 823-6994 (fax)
ddeaton@omm.com

Elizabeth M. Bock*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum HealthCare, Inc.*

*\* admitted pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2022, I electronically caused a true and correct copy of the foregoing to be served by electronic mail to all counsel of record on the service list below.

By: */s/ Elizabeth A. Arias*

Elizabeth A. Arias
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
earias@omm.com

Service List:

| | |
|---|---|
| A. Lee Bentley III<br>Kyle W. Robisch<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>100 North Tampa Street, Suite 2200<br>Tampa, Florida 33602<br>Phone: (813) 559-5500<br>lbentley@bradley.com<br>krobisch@bradley.com | Counsel for Defendants Florida Medical Associates, LLC, Physician Partners, LLC, and Anion Technologies, LLC |
| Jason P. Mehta<br>Natalie Hirt Adams<br>FOLEY & LARDNER LLP<br>100 N. Tampa Street, Suite 2700<br>Tampa, FL 33602<br>Phone: (813) 225-5424<br>jmehta@foley.com<br>nhadams@foley.com | Counsel for Defendants Florida Medical Associates, LLC, Physician Partners, LLC, and Anion Technologies, LLC |
| Jillian L. Estes | Counsel for Relator Dr. Clarissa Zafirov |

| | |
|---|---|
| Frederick M. Morgan, Jr.<br>Chandra Napora<br>Jonathan Lischak<br>MORGAN VERKAMP LLC<br>4410 Carver Woods Drive, Suite 200<br>Cincinnati, OH 45242<br>Phone: (513) 651-4400<br>jillian.estes@morganverkamp.com<br>rmorgan@morganverkamp.com<br>Chandra.napora@morganverkamp.com<br>jonathan.lischak@morganverkamp.com | |
| Adam T. Rabin<br>Havan M. Clark<br>RABIN KAMMERER JOHNSON<br>1601 Forum Place, Suite 201<br>West Palm Beach, FL 33401<br>Phone: (561) 659-7878<br>arabin@rkjlawgroup.com<br>hclark@rkjlawgroup.com | Counsel for Relator Dr. Clarissa Zafirov |
| Kenneth J. Nolan<br>Marcella Auerbach<br>NOLAN & AUERBACH, PA<br>435 N Andrews Ave, Suite 401<br>Ft Lauderdale, FL 33301<br>Phone: (954) 779-3943<br>ken@whistleblowerfirm.com<br>marcella@whistleblowerfirm.com | Counsel for Relator Dr. Clarissa Zafirov |