# EXHIBIT D



June 16, 2023

Ben Singer
Elizabeth Bock
Elizabeth Arias
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006

Re: *U.S. ex rel. Zafirov v. Florida Medical Associates, LLC, et al.* – Position Letter Regarding Relator and Relator's Counsel's Communications with the Government

Dear Counsel,

This letter is in response to your request for more information regarding Relator's position on the production and/or logging of Dr. Zafirov's and her counsel's communications with the United States. This issue has arisen in response to Freedom and Optimum's Requests for Production ("RFP") Nos. 4-7. Although we articulate Relator's position in an effort to reach a compromise, this letter is not intended to be a complete legal nor factual recitation of the issues as would be presented to the Court if the parties cannot reach an agreement.

First, in response to your requests, Relator agrees to: (1) provide a privilege log which categorically logs all common interest privileged communications, by identifying the date range of such communications, the date that the prefiling disclosure was made to the Government, and the date that any written disclosure statement was provided to the Government; (2) produce the non-work product documents provided to the Government; and (3) produce any records we received in response to our *Touhy* request.

Relator does not agree to: (1) provide a privilege log which details every communication between Relator or Relator's counsel and the Government after the pre-filing disclosure of the complaint; or (2) produce a copy of the Written Disclosure Statement or any subsequent disclosures made to the Government after the filing of the complaint. As described herein, we maintain our position that such communications with the Government are not relevant, are protected by the joint prosecution privilege, common interest doctrine, and work product privilege; and that preparing a log of such communications is unduly burdensome.

1

Second, in support of our response, we provide the following:

The "common interest doctrine" creates an exception to waiver by disclosure of otherwise privileged material—either attorney-client communication or work product—that would occur when the privileged material is communicated between parties whose interests are aligned in litigation or anticipated litigation, where, in essence, there is such a unity of interest and purpose that it is as though one party is talking to itself. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997); Restatement (Third) of the Law Governing Lawyers § 76 (2000). Cf. Restatement § 76 cmt. b; *United States v. BDO Seidman, LLP*, 492 F.3d 806, 816 (7th Cir. 2007).

The doctrine applies to protect privileged and work-product communications between relators and the United States for both actual and contemplated litigation, both during the Government's investigation and after its intervention decision. *In re Uehling Millennium Lab., Inc.*, 2014 U.S. Dist. LEXIS 54284, at *18 (E.D. Cal. April 17, 2014) ("Courts universally agree that the work product and attorney client privileges are not waived when a relator produces documents to the DOJ"); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 685-87 (S.D. Cal. 1996) (joint prosecution privilege not waived in non-intervened case).

In FCA cases, once the unity of interest has been established, the common interest doctrine attaches and subsequent communications are protected. Here, that includes communications between Relator, Relator's counsel, and the United States after the date of the pre-filing disclosure. Information about the nature and pace of Relator's protected communications with the United States is not necessary to enable Defendants to evaluate the privilege, but conversely would significantly invade it.

The written disclosure required by 31 U.S.C. §3730(b)(2) is also subject to the common-interest doctrine and is not discoverable. *In re Uehling*, 2014 U.S. Dist. LEXIS 54284, at *17; *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73, 2016 U.S. Dist. LEXIS 50940, at *12 (M.D. Fla. Apr. 15, 2016) ("[T]he majority of courts have found that the written disclosure statement provided in compliance with the FCA falls under the work-product doctrine as a document prepared in anticipation of litigation, or have applied the principles of ordinary work product when analyzing whether the disclosure statement is discoverable")(collecting cases). The body of caselaw is vast in this space. Relator agrees to log this document but will not agree to produce it.

To the extent that Freedom seeks to pierce the work product assertion under Fed R. Civ. P. 26(b)(3)(C), there is no basis to argue for a substantial factual need for such records because the underlying non-work product documents are being produced.[1]

In sum, Defendants' requests that all communications withheld under the common interest privilege be itemized on a privilege log is unnecessary to assess the privilege, counter to the purpose of the Rule, and is unduly burdensome. As the Advisory Committee Note to Rule 26 explains, "[d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 U.S. Dist. LEXIS 153497, at *53 (M.D. Fla. Oct. 25, 2013) (*citing* F.R.C.P. 26).

Relator will agree to provide a privilege log which categorically logs all common interest privileged communications, by identifying the date range of such communications, the date that the prefiling disclosure was made to the Government and the date that any written disclosure statement was provided to the Government. Likewise, if any Defendant is withholding documents on the basis of a categorical privilege, the same sort of information should be provided on a log to Relator. We suggest that the parties exchange such categorical privilege logs by July 15, 2023.

As always, we remain available to discuss further.

Sincerely,

*Jillian Estes*
Jillian Estes

CC: All counsel of record

---

[1] To date, the only basis that Freedom has provided to Relator for seeking any communications is to know more about the circumstances related to recordings Relator made as a confidential informant for the United States. Relator objects that such information is discoverable at all because it's not relevant to any claim or defense in the case. But even if it were, there is no substantial need for the communications around the recordings when the recordings themselves are being produced.

3