# EXHIBIT E



O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

August 21, 2023

**Benjamin D. Singer**
D: +1 202 383 5201
bsinger@omm.com

**SENT VIA EMAIL**

Jillian L. Estes
Frederick M. Morgan, Jr.
Chandra Napora
Jonathan Lischak
Morgan Verkamp LLC
4410 Carver Woods Drive, Suite 200
Cincinnati, OH 45242

Kenneth J. Nolan
Marcella Auerbach
Nolan, Auerbach, & White, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL 33301

Adam T. Rabin
Havan M. Clark
Rabin Kammerer Johnson
1601 Forum Place, Suite 201
West Palm Beach, FL 33401

    Re: *United States ex rel. Zafirov v. Florida Medical Associates, LLC, et al.*
       **Case No. 8:19-cv-01236-KKM-SPF (M.D. Fla.)**

Counsel,

We write regarding Relator's June 16, 2023 letter (the "June 16 Letter") concerning the logging of Relator's communications with the government in connection with the above-captioned matter. In that letter, Relator (1) continues to assert a "categorical privilege" applicable to *all* communications with the government post-dating Relator's pre-filing disclosure, regardless of the substance of those conversations, and (2) refuses to log any particular communications with the government post-dating the pre-filing disclosure. Relator's "offer" to produce only a "categorical" privilege log is a non-starter. Relator continues to misapprehend the purpose and operation of privilege law, and the application of the common interest doctrine.

Freedom Defendants continue to insist that Relator individually log her[1] communications with the government, regardless of whether they pre-date or post-date the pre-filing disclosure. Relator appears to concede that the common-interest doctrine applies only *after* the pre-filing disclosure, *see United States v. Cameron-Ehlen Grp.*, 2019 WL 6875354, at *1 (D. Minn. Dec. 17, 2019), but even once a common interest has been established, the common interest serves only to "create[] an exception to waiver by disclosure of *otherwise privileged material*." June 16

---

[1] References to Relator's communications in this letter encompass both Relator Zafirov's personal communications and communications by others when acting or purporting to act on her behalf or in furtherance of her allegations, including her counsel.

Austin • Century City • Dallas • Houston • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

Letter at 2 (emphasis added).  Thus, as Relator recognizes in the June 16 Letter, the common-interest doctrine "does not confer an additional layer of privilege" over common-interest documents, but rather, simply "protects the transmission of *otherwise* privileged material." *United States ex rel. Scott v. Humana Inc.*, 2021 U.S. Dist. LEXIS 165776, at *11 (W.D. Ky. Aug. 31, 2021) (emphasis added).

Despite recognizing the foundational principle that any documents must be *independently* privileged in order to justify withholding, Relator argues that *all* communications post-dating the establishment of a "common interest" are *necessarily* privileged.  Relator argues that "once the unity of interest has been established, the common interest doctrine attaches *and subsequent communications are protected*."  June 16 Letter at 2 (emphasis added).  But Relator cites no authority for the leap from "whether the common interest doctrine applies" to "whether the communications are protected."  Relator skips over the integral factor for determining whether the communications are protected that she conceded only two paragraphs prior: the communications are only "protected" if they are "*otherwise privileged*."  *Id.*

Freedom Defendants do not doubt that some of Relator's communications with the government are immune from disclosure, but Relator's bare assertion that *every* communication involving the government is privileged is unsupported and unreasonable.  First, courts have consistently rejected these sorts of blanket assertions.   In *Franchitti v. Cognizant Tech. Sols. Corp.*, 2023 U.S. Dist. LEXIS 58007, at *19 (D.N.J. Mar. 31, 2023), for instance, the court found the government's blanket assertion of privilege "arbitrary and capricious" when it was unsupported by a privilege log or any specific document-by-document privilege claim.  And second, many types of communications plainly *do not* merit protection, such as communications concerning a relator's direct communications with non-attorney government agents, *see, e.g.*, *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 424 (D.D.C. 2014), or purely factual communications that involve no legal advice and are not reflective of attorney thought processes, *see, e.g.*, *In re Sealed Case*, 124 F.3d 230, 236 (D.C. Cir. 1997).

Relator's proposed "categorical privilege log" would not contain information sufficient for Freedom Defendants to ascertain the viability of Relator's claims to privilege or work-product protection.  Relator proposes to provide only the "date range" of any communications between Relator and the government.  Relator's offered "compromise" would not, apparently, involve the disclosure of dates on which *specific* communications took place; the identification of the parties to the communications (including whether any communications were made by or in the presence of attorneys, a necessary prerequisite to privilege protection); the purpose of the communications (including whether the communications involved legal advice); or any description of the content of the communications (including whether the communications involved protected work product, or whether the communications contained only *facts*—which are not subject to any protection, *see U.S. ex rel. Locey v. Drew Med., Inc.*, 2009 WL 88481, at *2 (M.D. Fla. Jan. 12, 2009) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981))).

Privilege logs, in this district and elsewhere, typically require the inclusion of such details because they are necessary to evaluate claims of privilege.  *See, e.g.*, M.D. Fla. Civil Discovery Handbook, § VI.A.1 (requiring a description of assertedly privileged materials that "will enable other parties to assess the applicability of the privilege or protection"); *id.* § VI.A.2.b.i (listing 12 descriptive categories to be disclosed about each document for which a party asserts privilege protection, including the date of the document, the purpose of the document, and the subject of the document, among other categories); *see also* Fed. R. Civ. P. 26(b)(5) (a privilege log must



adequately "describe the nature of the documents, communications, or tangible things not produced" to "enable other parties to assess the claim").

Relator's proposed "categorical" log falls far short of satisfying these foundational requirements. The case Relator selectively quotes in support of her position, *Teledyne Instruments, Inc. v. Cairns*, 2013 U.S. Dist. LEXIS 153497, at *53 (M.D. Fla. Oct. 25, 2013), in fact confirms the lack of legal foundation underlaying Relator's offered "compromise." *Teledyne* explains that a "categorical log" is proper only where "(a) a document-by-document listing would be unduly burdensome and (b) *the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the claim is well-grounded*." *Id.* at *54 (citing *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 87 (S.D.N.Y. 2006)) (emphasis added). As the court went on to explain, the "sufficiency of a categorical privilege log turns on whether the categories of information are sufficiently articulated to permit the opposing party to assess the claims of privilege or work product protection." *Id.* at *54-55.

Relator's proposed "categorical" log would offer *no* information sufficient to assess the viability of Relator's claims for work-product and/or privilege protection for individual communications and therefore Freedom Defendants insist that the communications be individually logged. Freedom Defendants are, of course, open to negotiating mutually agreeable means of limiting the burden of logging these communications while still permitting a reasonable assessment of the validity of Relator's claims.

As to Relator's position concerning the pre-filing disclosure, Freedom Defendants agree that some courts have deemed pre-filing disclosures non-discoverable. As Relator is surely aware, though, other courts have determined that the disclosures—or discrete portions thereof—need to be disclosed. *See, e.g., Franchitti*, 2023 U.S. Dist. LEXIS 58007, at *4 (citing Dkt. No. 113 at p. 9). Since work-product protection is a qualified privilege that may be overcome, the discoverability of the pre-filing disclosure is a necessarily fact-bound determination turning on what *type* of work product the document discloses, and on the defendants' need for the materials. For now, Freedom Defendants accept Relator's offer to log the pre-filing disclosure provided to the government. However, Freedom Defendants reserve the right to ask for additional information about the disclosure if the log entry discloses information insufficient to assess the viability of Relator's privilege or work-product claims, or challenge Relator's claims of privilege or work-product protection over these documents.

Freedom Defendants hope to reach agreement with Relator on these issues, but if Relator cannot agree to individually log the communications she claims are protected by common interest privilege, then we will be at an impasse and Freedom Defendants will seek direction from the Court regarding the parties' discovery obligations. We look forward to your response.

Sincerely,

*/s/ Benjamin D. Singer*
Benjamin D. Singer
O'Melveny & Myers LLP

CC (*via Electronic Mail*):

3

Arthur Lee Bentley, III, Bradley Arant Boult Cummings LLP, Provider Defendants' Counsel

Kyle W. Robisch, Bradley Arant Boult Cummings LLP, Provider Defendants' Counsel

Jason Paul Mehta, Foley & Lardner LLP, Provider Defendants' Counsel

Natalie Hirt Adams, Foley & Lardner LLP, Provider Defendants' Counsel

Jessica Joseph, Foley & Lardner LLP, Provider Defendants' Counsel

Ginger Barry Boyd, Nelson Mullins Riley & Scarborough LLP, Freedom Defendants' Counsel