# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CLARISSA ZAFIROV,<br>　　　　Plaintiff,<br>　　v.<br>FLORIDA MEDICAL ASSOCIATES, LLC; PHYSICIAN PARTNERS, LLC; PHYSICIAN PARTNERS SPECIALTY SERVICES, LLC; SUN LABS USA, INC.; ANION TECHNOLOGIES, LLC; ANTHEM, INC.; FREEDOM HEALTH, INC.; OPTIMUM HEALTHCARE, INC.; and SIDDHARTHA PAGIDIPATI,<br>　　　　Defendants. | Civil Action No.<br>8:19-cv-01236-KKM-SPF |

## UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS OR TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Steven A. Engel
　(*pro hac vice* application forthcoming)
Michael H. McGinley
　(*pro hac vice* application forthcoming)
Dechert LLP
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202) 261-3369
Facsimile: (202) 261-3333
steven.engel@dechert.com
michael.mcginley@dechert.com

J. Carter Andersen
Harold Douglas Holder III
Bush Ross, P.A.
1801 North Highland Ave.
Tampa, FL 33602
Telephone: (813) 204-6405
Facsimile: (813) 223-9620
candersen@bushross.com
hholder@bushross.com

*Counsel for* Amicus Curiae
*The Chamber of Commerce of the United States of America*

February 23, 2024

The Chamber of Commerce of the United States of America ("Chamber") respectfully seeks leave to file a brief as *amicus curiae* in support of Defendants' Motion for Judgment on the Pleadings or to Dismiss for Lack of Subject-Matter Jurisdiction. *See* ECF 180.  No counsel for any party authored the attached brief in whole or in part and no entity or person, aside from *amicus curiae*, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.  All parties consent to the filing of this brief.

The Chamber is the world's largest business federation.  It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country.  An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts.  To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

The False Claims Act ("FCA") affects nearly every sector of the economy, from defense, construction, and technology, to education, banking, and healthcare.  The FCA is meant to promote the worthy goal of protecting the federal fisc against fraud.  But the Chamber believes that its *qui tam* mechanism has been abused, particularly over the past few decades, by profit-driven relators who pursue cases that do not involve genuine fraud against the United States.

As explained in the attached brief, the *qui tam* device is unusual. It deputizes individual relators to exercise executive power and pursue litigation on behalf of the United States. And that transfer of core executive power to private hands has exacted a substantial economic toll. Companies frequently spend millions of dollars conducting investigations, fielding discovery demands, and engaging in motions practice—all to defend against baseless allegations that the government has deemed unworthy of prosecution. Those litigation costs quickly add up, and the FCA's prospect of punitive liability always looms large. As a result, even meritless cases can be used to extract enormous settlements.

Neither the Supreme Court nor the Eleventh Circuit has determined whether the FCA's *qui tam* provisions violate Article II of the Constitution. But this past term, Justice Thomas explained that "there is good reason to suspect that Article II does not permit private relators to represent the United States' interests in FCA suits." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 451 (2023) (Thomas, J., dissenting). Justices Kavanaugh and Barrett agreed that there are "substantial arguments" to support that view. *Id.* at 442 (Kavanaugh, J., joined by Barrett, J., concurring) (citation omitted).

This case squarely tees up those issues, and the Chamber believes that its brief will assist the Court in deciding these "complex" matters. *Id.* at 452 (Thomas, J., dissenting). The Chamber has frequently participated in the past as *amicus curiae* in FCA cases across the country. And it has extensive experience litigating separation-of-powers issues. In the attached brief, the Chamber explains why the historical

2

evidence and binding precedent compel the conclusion that this *qui tam* lawsuit transgresses Article II limitations. The Constitution was originally understood not to permit an unharmed private party—like the relator here—to appoint herself as a special prosecutor to litigate on behalf of the United States.

The Chamber's brief is also timely. No Federal Rule of Civil Procedure or Local Rule governs the timing for filing *amicus* briefs in this Court. But, consistent with the standard practice in the federal appellate courts, the Chamber has submitted its brief within seven days of the principal brief of the party being supported. *See* Fed. R. App. P. 29(a)(6); Sup. Ct. R. 37.3.

The Chamber therefore respectfully requests that the Court grant its Unopposed Motion for Leave to file the attached *Amicus Curiae* Brief.

Respectfully Submitted,

/s/ *J. Carter Andersen*

| | |
|---|---|
| Steven A. Engel | J. Carter Andersen |
| (*pro hac vice* application forthcoming) | Harold Douglas Holder III |
| Michael H. McGinley | Bush Ross, P.A. |
| (*pro hac vice* application forthcoming) | 1801 North Highland Ave. |
| Dechert LLP | Tampa, FL 33602 |
| 1900 K Street, NW | Telephone: (813) 204-6405 |
| Washington, D.C. 20006 | Facsimile: (813) 223-9620 |
| Telephone: (202) 261-3369 | candersen@bushross.com |
| Facsimile: (202) 261-3333 | hholder@bushross.com |
| steven.engel@dechert.com | |
| michael.mcginley@dechert.com | |

*Counsel for* Amicus Curiae
*The Chamber of Commerce of the United States of America*

February 23, 2024

## LOCAL RULE 3.01(g) CERTIFICATION

The Chamber of Commerce of the United States of America has conferred with the parties regarding the filing of this motion. All parties consent to the filing of this motion and the attached *Amicus Curiae* Brief, though Plaintiff opposes the Defendants' Motion for Judgment on the Pleadings or to Dismiss for Lack of Subject-Matter Jurisdiction in its entirety.

/s/ *J. Carter Andersen*
J. Carter Andersen
Bush Ross, P.A.
1801 North Highland Ave.
Tampa, FL 33602
Telephone: (813) 204-6405
Facsimile: (813) 223-9620
candersen@bushross.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, I electronically filed the foregoing motion and accompanying *Amicus Curiae* Brief with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ *J. Carter Andersen*
J. Carter Andersen
Bush Ross, P.A.
1801 North Highland Ave.
Tampa, FL 33602
Telephone: (813) 204-6405
Facsimile: (813) 223-9620
candersen@bushross.com
