# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF<br><br>UNOPPOSED MOTION |

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO <u>REQUESTS FOR PRODUCTION NOS. 4–7</u>**

Freedom Defendants[1] move for leave to file a five-page reply to Relator's Response to Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Motion to Compel (ECF 202, "Opposition" or "Opp."), to be filed within seven days of an order granting leave to reply. *See* Local Rule 3.01(d). Relator does not oppose.

The Court may grant leave to reply to allow a party to "rebut any new law or facts" contained in an opposition where "a reply would aid [the Court's] resolution of the underlying motion." *In re Fiddler's Creek, LLC*, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015). That standard is met here: Freedom Defendants seek to (1) address new factual allegations introduced via an attorney declaration attached to Relator's Opposition (*See* Declaration of Jillian E. Estes, ECF 202-1, "Declaration," or "Decl."), (2) correct Relator's mischaracterizations of the function of the "common interest" doctrine, and (3) rebut Relator's contention that all post-filing communications between Relator and any government agent—regardless of the identity of the participants or the nature and purpose of the communications—are necessarily privileged or subject to the work-product doctrine. Freedom Defendants' reply would also (4) clarify the relief sought in the Motion, given Relator's argument that Freedom Defendants have not "articulated substantial need or undue hardship," Opp. 15 (cleaned up), which Freedom Defendants cannot establish without an adequate privilege log.

---

[1] This Motion employs the same naming conventions and abbreviations employed in Freedom Defendants' Motion to Compel Responses to Requests for Production Nos. 4-7 (ECF 184, "Motion," or "Mot").

Relator's counsel's declaration introduces new factual assertions that Freedom Defendants did not previously have an opportunity to address in their Motion.  For instance, the Declaration discloses (for the first time) the dates on which Relator sent a written disclosure statement to the United States, Decl. ¶ 4, and the timing of certain communications Relator had with an HHS-OIG agent, *id.* ¶ 7.  Beyond the Declaration, Relator's Opposition contains additional factual representations.  *See, e.g.*, Opp. 13 (representing that Relator's pre-filing disclosure, filed May 16, 2019, was the "first communication between Relator and the United States").  The new factual information provided in the Opposition and Declaration bears on the legal questions presented in Freedom Defendants' Motion.  Permitting leave to reply will assist the Court by allowing Freedom Defendants to explain the legal significance of these new factual representations, and potentially narrow the scope of the dispute between the parties.  And since Relator's new factual assertions disclose the entirety of the information that would be included in Relator's proposed "categorical privilege log," *see* Opp. 16-18, Freedom Defendants request the opportunity to highlight the insufficiency of Relator's proposed log with reference to this newly-disclosed factual information.[2]

Beyond addressing this new factual information, Freedom Defendants' proposed reply would address various mischaracterizations in Relator's Opposition,

---

[2] This Court recently granted Relator leave to reply to an opposition containing a declaration providing new factual assertions.  *See* ECF 196 (Relator's Motion for Leave to File Reply); ECF 200 (granting leave to reply).

such as Relator's apparent suggestion that materials can be "protected by the common interest doctrine" even in the absence of some underlying privilege, *see* Opp. 14, or Relator's assertion that all "communications between represented individuals—even in the absence of their attorneys—made pursuant to [a] shared interest are privileged," *id.*  As Freedom Defendants' reply would establish, neither of these propositions finds support in the law.  *See, e.g.*, *Lane Constr. Corp. v. Skanska USA Civ. Se., Inc.*, 2022 WL 18773723, at *1 (M.D. Fla. Nov. 7, 2022) (establishing that common interest doctrine does not constitute an "independent source of privilege").  And Relator's Opposition also mischaracterizes the relief that Freedom Defendants seek.  Contrary to Relator's suggestion, Opp. 15, Freedom Defendants did not attempt to *establish* that any fact work product should be produced based on Freedom Defendants' "substantial need for the materials" and the absence of "undue hardship" to Relator; Freedom Defendants sought the production of an adequate privilege log, which Freedom Defendants need in order to even *assess* their "need" for the information withheld, and any hardship to Relator that would result.

Dated: March 11, 2024                   Respectfully submitted,

                                        By:   */s/ Amanda M. Santella*

Amanda M. Santella*
Benjamin D. Singer*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
asantella@omm.com
bsinger@omm.com

Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
(972) 360-1915
(972) 360-1901 (fax)
sdrake@omm.com

Elizabeth M. Bock*
Elizabeth A. Arias*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com
earias@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Freedom Defendants*
*\* admitted pro hac vice*

-5-

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for Relator and counsel for the Provider Defendants—Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC—regarding the relief sought in this Motion.  Neither Relator nor the Provider Defendants oppose the relief sought.

By: */s/ Amanda M. Santella*

Amanda M. Santella*

*Counsel for Freedom Defendants*
* admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Amanda M. Santella*

Amanda M. Santella*

*Counsel for Freedom Defendants*
\* *admitted pro hac vice*