UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S SUPPLEMENTAL MOTION TO SEAL UNDER FEDERAL RULE 5.2(D)-(E), LOCAL RULE 1.11, AND ECF NO. 140-1**

    Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, "Freedom Defendants") hereby move the Court pursuant to Federal Rule of Civil Procedure 5.2(d) and (e), M.D. Fla. L.R. 1.11, and the operative Protective Order in this case (ECF No. 140-1) for entry of an Order permitting the continued sealing of Exhibit A (the "Sealed Exhibit," ECF No. 204-1) to Relator's Reply in Support of Motion to Compel Discovery from Provider Defendants Regarding Affiliate Providers ("Reply," ECF No. 204).[1]

---

[1] Freedom Defendants do not move for the continued sealing of the currently redacted portions of Relator's Reply. Freedom Defendants have no objection to Relator filing an unredacted Reply.

-1-

This relief is warranted because the Sealed Exhibit contains confidential and commercially sensitive contractual terms between Freedom Defendants and Provider Defendant Physician Partners, LLC, and personally identifiable information of non-parties. Freedom Defendants have narrowly tailored this request for sealing to only the Sealed Exhibit. There is good cause for continued sealing, as explained below.

## MEMORANDUM OF LAW

### A. Freedom Defendants Have Good Cause to Keep the Sealed Exhibit Under Seal to Protect Their Confidential Information, and the Confidential Information of Third Parties.

First, Freedom Defendants seek to keep the Sealed Exhibit under seal because it contains contractual terms and pricing information between Freedom and Physician Partners, LLC. This information is confidential and proprietary and its public release could result in competitive harm. Second, Freedom Defendants seek continued sealing of the exhibit because it contains the social security numbers and personally identifiable information of non-parties to this litigation.

#### 1. Contractual Information Clears the Bar for Sealing in this District.

The Eleventh Circuit recognizes that sealing is appropriate upon a showing of "good cause." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). This standard requires the court to "balance[] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1309. Good cause to seal generally exists when the materials at issue contain confidential and proprietary information that is normally kept secret from the public. *See Mobile*

*Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 2011 WL 5357843, at *3 (M.D. Fla. Nov. 1, 2011); *see also Chi. Tribune*, 263 F.3d at 1313-14. Indeed, it is well established that confidential contractual information clears the bar for sealing. *See Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, 2018 WL 3599002, at *2 (M.D. Fla. Jul. 26, 2018) (sealing documents based on representation that "the documents sought to be sealed contain emails, agreements, *confidential contract terms*, and information about customers and other confidential business information" such that "the parties' interests in the privacy of their business records outweigh the public's right of access" (emphasis added)); *Local Access, LLC v. Peerless Network, Inc.*, 2023 WL 7551794, at *1 (M.D. Fla. Nov. 14, 2023) (sealing information related to "parties' confidential or highly confidential contracts," and noting that "[c]ourts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view").

Confidential business information is properly subject to sealing where the business establishes that "[it has] consistently treated the information as closely guarded secrets, the information represents substantial value to [the party], that it would be valuable to [the party's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Chi. Tribune*, 263 F.3d at 1313-14. Courts in this Circuit have thus permitted parties to file their own commercially sensitive financial or business information under seal because a party's privacy interest in its confidential business information outweighs the public's interest in judicial access. *See Local Access, LLC v. Peerless Network, Inc.*, 2015 U.S. Dist. LEXIS 137038,

at *3 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and terms of confidential agreements oftentimes outweighs the public's right of access."). A party's pricing information and contractual terms are consistently treated as sufficiently sensitive such that any public interest in access to the document is outweighed by the need for confidentiality. *See, e.g.*, *Carraway v. BBC Sys., Inc.*, 2018 WL 7267876, at *2 (M.D. Fla. Oct. 30, 2018) (finding good cause to file unredacted financial information under seal).

Here, Freedom Defendants seek to protect confidential contractual information (subject to a non-disclosure agreement), which they have consistently treated as confidential. *See* Decl. of Michelle Molina ISO Motion to Seal ("Molina Decl."), ¶ 4. Disclosure could potentially harm Freedom Defendants' business operations by enabling contractual counter-parties and competitors to gain valuable insight into their pricing and contract strategies. *Id.* ¶¶ 6-7. The information in this exhibit represents substantial value to the Freedom Defendants and they have consistently treated this information as closely guarded secrets and have subjected it to a non-disclosure agreement. *Id.* ¶¶ 4-5.

Disclosure of the confidential agreement in the Sealed Exhibit could cause serious harm to Freedom. *Id.* ¶¶ 5-7. For example, the agreement provides insight into the factors Freedom may consider when entering into agreements with providers, which competitors could use to gain an advantage over Freedom in commercial negotiations. *Id.* ¶ 6. Those competitors could use knowledge of these confidential contractual terms to gain an upper hand in negotiations with Physician Partners or

other entities, all of which could cause Freedom Defendants competitive harm. *Id.*

Similarly, disclosure of the terms of the Sealed Exhibit could cause Freedom Defendants harm flowing from their negotiations of similar contracts with other provider organizations. *Id.* ¶ 7. Other provider organizations could leverage their knowledge of the terms of Freedom Defendants' contract with Physician Partners to gain an upper hand in negotiations with Freedom Defendants, to Freedom Defendants' detriment. *Id.*

Finally, the public has little legitimate interest in disclosure of the Sealed Exhibit. Relator's Reply excerpts narrow provision of the Sealed Exhibit, *see* ECF 204 at 2-3, which Freedom Defendants agree can be released without causing undue harm to Freedom Defendants. Those provisions are ancillary to the claims and defenses at issue in Relator's False Claims Act suit, and were placed before the Court in the context of a discovery motion rather than any motions practice related to the merits of Relator's claims. Nonetheless, because the public interest is at its height for the portions of the Sealed Exhibit that Relator excerpted in her Reply, Freedom Defendants agree that the excerpts in Relator's reply can be released. But releasing the remainder of the Sealed Exhibit will cause the harm feared, *id.* ¶¶ 5-9, with little countervailing benefit to the public.

### 2. The Sealed Exhibit Includes the Personal Information of Third Parties that Must Be Sealed.

The confidential interest in the Sealed Exhibit is particularly strong here where Freedom Defendants seek to protect the personally identifiable information of non-

parties, including social security numbers and addresses. Rule 5.2(a) requires the redaction of all but the last four digits of an individual's social security number in a filing unless the filing is made under seal pursuant to Rule 5.2(d). Fed. R. Civ. P. 5.2. Courts in this Circuit routinely seal exhibits containing personally identifiable information. *See Hausburg v. McDonough*, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) ("Upon consideration, the court finds that Defendant has shown good cause to seal the identified exhibits, as they contain personally identifiable information, including Plaintiff's social security number and home address and the names of non-party medical patients."); *Shamblin v. Obama for Am.*, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 21, 2014) ("the personal identifying information of third parties deserves protection").

Permitting the continued sealing of the Sealed Exhibit is appropriate because the interests of non-parties in protecting their confidential information significantly outweighs any possible public interest in access. *Durrah v. Bowling Green Inn of Pensacola, LLC*, 2020 WL 8910886, at *6 (N.D. Fla. June 10, 2020) ("The court easily concludes that the rights of these non-party patients to privacy and confidentiality are far greater than Plaintiff's asserted—and importantly, speculative—need to obtain their identities."). Indeed, as noted above, the public interest is minor given the fact that the overwhelming majority of the Sealed Exhibit has no bearing on the issues raised in Relator's Reply.

> B.   **The Sealed Exhibit Should Be Sealed in its Entirety.**

Redacting the Sealed Exhibit—rather than sealing it in full—would not

adequately protect Freedom Defendants' business interests. Molina Decl. ¶ 9. Freedom Defendants have complied with the stipulated Protective Order in making their initial designations of confidential materials. The Sealed Exhibit, as described above, is properly confidential; the disclosure of many of its terms, even in isolation, could cause competitive harm. Read in connection with the agreement as a unified whole, though, the collection of contractual terms contained in the Sealed Exhibit would cause serious competitive harm if disclosed. *Id.* Disclosure of voluminous portions of the agreement could permit non-parties to gain insight into Freedom Defendants' confidential business practices, and their business objectives in negotiating similar agreements. *Id.* ¶¶ 6-7, 9. Redactions would be insufficient to prevent this competitive harm. *Id.* ¶ 9.[2]

\*   \*   \*

Because the disclosure of information in the Sealed Exhibit would likely harm the Freedom Defendants and third-parties, Freedom Defendants respectfully request that the Sealed Exhibit remain under seal. Therefore, Freedom Defendants request that the Court grant this Motion and seal Exhibit A to Relator's Reply in Support of Motion to Compel Discovery from Provider Defendants Regarding Affiliate Providers until the final judgment (and any appeal from that judgment) is concluded. At that

---

[2] The portions of the Sealed Exhibit referenced in Relator's Reply are also properly considered confidential, but the excerpted provisions are not voluminous and would disclose only a few terms of Freedom Defendants' confidential agreement. The public interest is greater with respect to those excerpted portions because they are (in Relator's view) germane to the briefing before the Court, so Freedom Defendants agrees that those provisions need not be redacted in Relator's Reply.

time, counsel for Freedom Defendants will retrieve the documents filed under seal. *See Allgood v. Paperlesspay Corp.*, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (endorsing this approach).

| | |
|---|---|
| Dated: March 18, 2024 | Respectfully submitted, |
| | By: __/s/ *Amanda M. Santella*__ |

Amanda M. Santella*
Benjamin D. Singer*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com
asantella@omm.com

Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
(972) 360-1915
(972) 360-1901 (fax)
sdrake@omm.com

Elizabeth M. Bock*
Elizabeth A. Arias*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com
earias@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Freedom Defendants*
*\* admitted pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for the Provider Defendants—Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC—who do not oppose. Counsel for Freedom Defendants attempted to confer with counsel for Relator prior to the filing of this Motion, but have not yet received a response. Freedom Defendants will comply with Local Rule 3.01(g)(3) and promptly file a supplement upon either contact with Relator's counsel or the expiration of three days.

By: /s/ Amanda M. Santella

Amanda M. Santella*

*Counsel for Freedom Defendants*
* admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Amanda M. Santella*

Amanda M. Santella*

*Counsel for Freedom Defendants*
\* *admitted pro hac vice*