**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV, <br><br> Plaintiff/Relator, <br><br> v. <br><br> PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC., <br><br> Defendants. | Case No. 8:19-cv-01236-KKM-SPF <br><br> DECLARATION |

**DECLARATION OF MICHELLE MOLINA IN SUPPORT OF DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S SUPPLEMENTAL MOTION TO SEAL UNDER FEDERAL RULE 5.2(D)-(E), LOCAL <u>RULE 1.11, AND ECF NO. 140-1</u>**

In accordance with 28 U.S.C. § 1746, I, Michelle Molina, declare and state as follows:

1. I am the Director of Network Management in the Provider Relations Department of Freedom Health, Inc. and Optimum Healthcare, Inc. ("Freedom" and "Optimum," or collectively "Freedom Defendants").

2. This Declaration is submitted in support of Freedom Defendants' Supplemental Motion to Seal Under Federal Rule 5.2(d)-(e), Local Rule 1.11, and ECF No. 140-1, in the above-referenced matter. I have personal knowledge of the matters set forth in this Declaration, and if called to testify to the facts stated herein, I could and would do so competently.

3. Freedom Defendants request the entry of an Order permitting the continued sealing of Exhibit A (the "Sealed Exhibit," ECF No. 204-1) to Relator's Reply in Support of Motion to Compel Discovery from Provider Defendants Regarding Affiliate Providers (ECF No. 204).

4. I am familiar with the above-referenced Exhibit, and to my best knowledge and belief, the information the Freedom Defendants request to seal has never been shared with their competitors or the general public.

5. The Sealed Exhibit contains sensitive commercial information whose public disclosure would cause significant competitive harm to Freedom Defendants. The Sealed Exhibit consists of a contract between Freedom Defendants and provider Physician Partners, LLC., which itself contains a confidentiality clause and an agreement to "not disclose or release any confidential or proprietary business information … including, but not limited to, … [the] terms of [the] Agreement." *See* Sealed Exhibit, Clause 5.14.2.

6. Disclosure of the Sealed Exhibit could harm Freedom Defendants' business operations by enabling competitors to gain insight into their pricing and contract strategies. The Sealed Exhibit lists several restrictions and allowances negotiated between Freedom Defendants and Physician Partners, LLC. Freedom Defendants negotiate similar agreements with other counterparties, with different terms, which are the subject of separate negotiations. I understand that Freedom Defendants' competitors negotiate similar agreements with Physician Partners and other provider organizations, and could gain a competitive advantage from the disclosure of the terms outlined in the Sealed Exhibit.

7. Disclosure of the Sealed Exhibit could also harm Freedom Defendants by providing confidential information to other provider organizations with which Freedom Defendants contract. Freedom Defendants have carefully negotiated the terms in this Exhibit and spent significant

resources determining the restrictions and allowances to which they were willing to agree. If Freedom Defendants' confidential agreement with Physician Partners were disclosed, other potential contracting parties could gain a competitive advantage from the information it contains, and employ that advantage to Freedom Defendants' detriment in these negotiations.

8. The Sealed Exhibit also contains confidential personally identifiable information of non-parties to this litigation, disclosure of which could cause significant harm to those individuals. The Sealed Exhibit contains the name, date of birth, full social security number, address, and financial stake of four individuals who are not parties to this litigation. Freedom Defendants have a strong interest in protecting the confidential personal information contained in the Sealed Exhibit.

9. Redacting the Sealed Exhibit would not adequately protect the confidential information Freedom Defendants seek to protect, unless the Sealed Exhibit were redacted nearly in its entirety. The individual terms that make up the contract relate to each other, and the contract is negotiated as a unified whole. Disclosure of voluminous portions of the contract would thus result in the disclosure of confidential information that could harm Freedom Defendants. Furthermore, given the breadth of any redactions, redactions would be unduly burdensome and time-consuming and would require Freedom Defendants to incur substantial legal costs, with little benefit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 18th day of March, 2024 in _____Orlando_____, Florida.

_____
Michelle Molina