## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA )
*ex rel.* DR. CLARISSA ZAFIROV, )
                         )
      Plaintiff and Relator, )
                         )
v. ) NO. 8:19-cv-01236-KMM-SPF
                         )
FLORIDA MEDICAL ASSOCIATES, )
LLC, d/b/a VIPCARE; PHYSICIAN )
PARTNERS, LLC; ANION )
TECHNOLOGIES, LLC; FREEDOM )
HEALTH, INC.; and OPTIMUM )
HEALTHCARE, INC.; )
                         )
      Defendants. )

## RESPONSE TO DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S STATEMENT OF COMPLIANCE WITH LOCAL RULE 3.01(G)(3) CONCERNING MOTION TO SEAL

Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. have filed a supplemental motion to seal Exhibit A to Relator's Reply in Support of Motion to Compel Discovery from Provider Defendants Regarding Affiliate Providers, Doc. 204-1 (the "Proposed Sealed Document") to Relator's Reply in Support of Relator's Motion to Compel. Doc. 210. Defendants' Statement of Compliance with Local Rule 3.01(G)(3) Concerning Motion to Seal (Doc. 211) is an incomplete reflection of Relator's position on Defendants' motion. Relator's complete position, as set forth by email to Defendants on March 20, 2024, is,

1

> Relator does not oppose redacting the portions of the document which represent confidential business information or personal information like social security numbers, but does oppose sealing the document writ large.

Relator's consent to redactions, but not to sealing of the entire document, is consistent with the Local Rule 1.11 of the Middle District of Florida, which emphasizes the need for a "compelling justification" to seal a document, and with the Middle District of Florida Civil Discovery Handbook Section I(C)(2), which acknowledges that the Court "wishes to minimize the number of documents filed under seal" and that documents may be filed under seal "only in certain limited circumstances."

The Middle District's directives align with well-established case law which provides that, even when documents contain sensitive information such that there is good cause to overcome the common law right of access, courts employ the "least restrictive means to protect this information from the public." *Wood v. Life Ins. Co. of N. Am. & Floor & Decor Outlets of Am.*, No. L19-CV-3013-MHC, 2021 U.S. Dist. LEXIS 203676, at *2-6 (N.D. Ga. June 15, 2021)(noting that the defendants did "not seek to seal the entirety of the documents" and maintaining the seal as to the redactions identified by the moving party); *see also Ecolab, Inc. v. Int'l Chem. Corp.*, No. 6:18-cv-1910, 2020 U.S. Dist. LEXIS 22529, at *4 (M.D. Fla. Feb. 10, 2020)(directing that versions of the documents from which confidential information has been redacted may be filed on the public docket).

On its face, there are portions of the Proposed Sealed Document which do not

present personal or commercially sensitive information. Indeed, Defendants agreed that portions of the Proposed Sealed Document cited in Relator's reply brief can be unsealed. Doc. 210 at 1 n.1.[1] Yet, the complete relief sought in Defendants' motion would have those same portions, as well as many other innocuous provisions, be sealed entirely. Where a document contains both confidential and non-confidential terms, a complete seal is unnecessary: "An obvious, viable alternative to sealing every single page of movants' evidentiary submission would be for defendants to file an additional, unsealed, redacted copy of [the exhibit], and thereby to facilitate public access to all portions of the [document] that do not truly contain proprietary or competitively sensitive information." *Diehl v. Money Source, Inc.*, No. 17-0125-SWS-B, 2018 U.S. Dist. LEXIS 41487, at *7-8 (S.D. Ala. Mar. 14, 2018)(also recognizing "that this process may be time-consuming; however, the concerns expressed herein are important. The presumption of public access matters, and will not be cavalierly set aside for the sake of convenience")[2]; *Pledger v. Reliance Trust Co.*, No. 1:15-cv-4444-MHC, 2019 U.S. Dist. LEXIS 45668, at *63-64 (N.D. Ga. Feb. 25, 2019)(denying a motion to seal because "Defendants could sufficiently protect Defendants' financial information with limited redactions").

---

[1] Defendants for Physician Partners made the same concession for a materially identical contract produced with a Confidential-Business Information designation by the Provider Defendants and quoted in Relator's motion to compel. *See* Doc. 178 at 12, n.10.

[2] Relator notes a particular similarity between this case and the circumstances of *Diehl,* in which the court noted the moving party's "seal-everything" approach and the overuse of designations from the outset of discovery. As of the date of this filing, the Freedom Defendants have produced 11,958 documents to Relator in this case; only 64 were not designated as confidential – 0.53% of their production.

As reflected in Relator's statement to Defendants, Relator does not oppose the redacting of personal information, such as social security numbers (there appear to be only four such numbers in the 50-page document). Further, Relator does not oppose redacting specific confidential business information that would represent a competitive harm to Defendants, if the Court determines that the Proposed Sealed Document contains any such information. However, for the reasons set forth herein, and in accordance with the Local Rules and Civil Discovery Handbook of the Middle District of Florida, the Proposed Sealed Document should not be sealed in its entirety.

Respectfully submitted this 22nd day of March, 2024,

/s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Frederick Morgan, Jr.*
Jonathan M. Lischak*
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
jonathan.lischak@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL 33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcella@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)

RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

***Counsel for Relator Dr. Clarissa Zafirov***

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that the foregoing was served on March 22, 2024,

to all parties of record via the CM-ECF electronic filing system.

/s/ *Jillian L. Estes*
Jillian L. Estes (Fla Bar No. 0055774)