# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,
    Plaintiff,

v.    NO. 8:19-CV-01236-KKM-SPF

PHYSICIAN PARTNERS, LLC,
FLORIDA MEDICAL ASSOCIATES, LLC
d/b/a
ANION TECHNOLOGIES, LLC
FREEDOM HEALTH, Inc.
and OPTIMUM HEALHCARE, INC.
    Defendants.

## UNOPPOSED MOTION TO PARTICIPATE IN ORAL ARGUMENT AS *AMICUS CURIAE*

The Anti-Fraud Coalition ("TAF Coalition") respectfully seeks leave to participate as *amicus curiae* in this Court's scheduled oral argument for the above-captioned matter. Specifically, TAF Coalition requests that it receive 10 minutes of the scheduled 40 minutes allotted to Plaintiff-Relator for oral argument. Plaintiff-Relator has consented to TAF Coalition's motion. Defendants do not oppose the request.

1. On February 16, 2024, defendants Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., and

Physician Partners, LLC ("Defendants") moved for judgment on the pleadings or to dismiss for lack of subject-matter jurisdiction. *See* ECF 180. In that motion, Defendants argued that the False Claims Act's ("FCA") *qui tam* provisions violate Article II of the Constitution.

2. Shortly after Defendants filed their motion, the Chamber requested leave to file an *amicus curiae* brief in support of Defendants' position. *See* ECF 187. The Court granted that motion on February 26, 2024. *See* ECF 191.

3. The Court subsequently granted the United States leave to file a Statement of Interest and invited a motion for *amicus* participation from The Anti-Fraud Coalition in support of the Plaintiff-Relator, Clarissa Zafirov. *See* ECF 203.

4. On March 15, 2024, the Chamber moved to enlarge the permitted time for oral argument to 40 minutes per side and to take 10 minutes of time for oral argument. *See* ECF 207.

5. On March 18, 2024, the Court granted that motion. *See* ECF 208.

6. TAF Coalition is today filing a motion for leave to file an *amicus* brief defending the FCA's constitutionality. Among other arguments, TAF Coalition's brief explains how the FCA's *qui tam* provisions do not usurp, and in fact enhance, the Executive Branch's power and ability to enforce the law. TAF Coalition does this by explaining both the venerable and the modern history of the FCA's *qui tam* provisions, including by providing references to specific examples where *qui tam*

relators have enabled the government to detect fraud that it otherwise would not, and to pursue frauds without using precious government resources.

7. TAF Coalition requests permission to participate in oral argument to provide the Court with a broader perspective about the role that *qui tam* whistleblowers play vis-à-vis the Executive Branch. As TAF Coalition's brief explains, this relationship is, at its core, the same public-private partnership that Congress envisioned in 1863, modernized to deal with contemporary fraud. As the nation's foremost advocacy organization for *qui tam* relators, TAF Coalition is uniquely well-suited to present this perspective, and can supplement the narrower perspective of the parties to this case.

8. TAF Coalition can also help the Court understand why it should reject the characterizations of both the FCA and of *qui tam* relators offered by Defendants and the Chamber. While Defendants and the Chamber would have the Court believe that relators routinely pursue meritless and harmful cases, the opposite is in fact true. *Qui tam* relators are bringing novel and complex frauds to the government's attention, thus enabling meritorious enforcement actions—and, when the government deems it appropriate to allow their actions to proceed, relators are litigating socially valuable cases that not only help the government recover billions of dollars for taxpayers, but also produce positive externalities—including saving the lives of vulnerable government beneficiaries, first responders, and soldiers.

9. Finally, TAF Coalition can speak in depth about the intent and purposes of the FCA and its historical endorsement by all branches of the government as constitutionally sound. As an organization entrenched in these issues since shortly after the 1986 amendments to the FCA were passed, TAF Coalition has witnessed and been deeply involved in the FCA's evolution, including the steps Congress took to increase the government's control over *qui tam* actions.

10. For these reasons, TAF Coalition requests that the Court grant TAF Coalition 10 minutes of the Plaintiff-Relator's allotted time for oral argument.

Respectfully submitted,

March 29, 2024

Tejinder Singh
  (*pro hac vice* application forthcoming)
Sparacino PLLC
1920 L St. NW
Suite 835
Washington, DC 20036
202-629-3530
tejinder.singh@sparacinopllc.com

Jacklyn N. DeMar
  (pro hac vice application forthcoming)
The Anti-Fraud Coalition
1220 19th St. NW
Suite 501
Washington, DC 20036
Telephone: 202-296-4826
jdemar@taf.org

Jonathan Kroner
Jonathan Kroner Law Office
6001 N. Ocean Dr., Suite 806
Hollywood, FL 33019
305-310-6046
jk@floridafalseclaim.com

*/s/ Steven F. Grover*
Steven F. Grover
Steven F. Grover PA
5075 Regency Isles Way
Cooper City, FL 33330
954-290-8826
stevenfgrover@gmail.com

Counsel for Amicus Curiae
The Anti-Fraud Coalition