UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,  Plaintiff and Relator,  v.  PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,  Defendants. | No. 8:19-cv-01236-KKM-SPF |

**RELATOR'S TIME-SENSITIVE MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION**

Pursuant to Local Rule 3.01(e), Relator files this Time-Sensitive Motion to Stay Discovery Pending Resolution of Dispositive Motion and respectfully seeks a response from the Court by Monday, April 29, 2024.[1]

This motion is necessitated by Defendants' Motion for Judgment on the Pleadings or to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 180) (the

---

[1] Relator requests April 29, 2024 for two reasons: (1) If not extended, discovery currently closes on May 29, 2024, meaning that any remaining written discovery requests must be served on April 29, 2024, so this would allow discovery to be stayed before the parties serve one another with additional requests and incur those associated expenses; and (2) Depositions are scheduled throughout May and that would allow one week of notice to a third-party deponent and his counsel that the deposition (scheduled for May 6, 2024) would be stayed so they do not incur additional costs in preparation at this time. Two party-depositions are scheduled for that week as well.

1

"MJOP/SMJ"), on which oral arguments were heard on April 22, 2024 (Doc. 239). On April 23, 2024, the Court invited supplemental briefing by May 21, 2024, on the founding-era historical evidence regarding federal *qui tam* enforcement (Doc. 240).

Oral arguments on the MJOP/SMJ were, of course, the parties' first opportunity to hear the Court's considerations of the motion and to engage in a discussion with the Court as to how those issues are being weighed in the Court's determination of the False Claims Act's Article II constitutionality. As the Court indicated that it finds merit to both sides of the argument, a discovery stay pending the resolution of the dispositive motion is appropriate and wholly consistent with Middle District of Florida caselaw supporting discovery stays to avoid potentially unnecessary costs while dispositive motions are pending. *Morris v. Bailo*, No. 2:17-cv-224-FtM-99CM, 2017 U.S. Dist. LEXIS 111912, at *3 (M.D. Fla. July 19, 2017) (holding that there would be "little harm" in granting a motion to stay discovery pending resolution of a motion for judgment on the pleadings where the court determined the dispositive motion had some "merit[]").

Further, as was discussed at argument, Relator asserts that Defendants' motion was filed far out of time. Defendants' decision to file at nearly the end of the discovery period smacks of litigation gamesmanship, as the arguments and additional briefing collide directly with the busiest and most cost- and time-intensive part of discovery. As a result, Relator is in an intractable Catch-22: Time-consuming and financially expensive litigation is an expected part of discovery in a case of this nature, but Defendants insist that Relator press forward with such discovery and incur what could

2

be unrecoverable costs while the Court is carefully considering a dispositive motion. When Defendants moved to stay discovery after they filed their (then timely) motions to dismiss in 2020, the Court granted the stay, pending resolution of those motions. (Doc. 52.) The exigencies present now counsel even stronger in favor of a stay, as the case will move into a wholly different posture should the Court grant Defendants' motion, and the expenses incurred by Relator if discovery is not stayed will have been extensive and unnecessary at this time. And, should the Court deny Defendants' motion, Defendants will have suffered no undue burden, as discovery will recommence at that point. The balance of harms weighs in favor of a stay pending resolution of Defendants' MJOP/SMJ, and Relator urges the Court to grant this motion.

I.  **ARGUMENT**

District courts are afforded broad discretion to manage their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009). This includes the substantial discretion to stay discovery pending dispositive motion practice. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting that a "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (recognizing that district courts have "broad discretion to stay discovery pending decision on a dispositive motion"); *Torres v. Zingale*, No. 6:22-cv-1298-WWB-LHP, 2023 U.S. Dist.

3

LEXIS 190410, at *5 (M.D. Fla. Oct. 24, 2023). Indeed, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover & Co. Commc'ns Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

Additionally, for good cause, a court may stay discovery to protect parties from expense. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) *citing* Fed. R. Civ. P. 26(c). Courts recognize the importance of staying discovery when necessary to avoid "unnecessary costs to the litigants and to the court system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997). Indeed, this Court has exercised this very discretion, having found good cause to stay discovery pending Defendants' first dispositive motions in this case. *United States ex rel. Zafirov v. Fla. Med. Assocs. LLC*, No. 8:19-cv-1236-T-KKM-SPF, 2021 U.S. Dist. LEXIS 109712, at *3 (M.D. Fla. June 11, 2021) ("the Court finds good cause to stay discovery until an order on the defendants' motions to dismiss is entered. Staying discovery will avoid expending the parties' resources and judicial resources on possible discovery disputes while the Court decides the motions to dismiss").

Here, there is no "possible" as to the parties' resources needed to be expended while the Court decides the pending dispositive motion. The costs are immediate, substantial, and irreducible. For example, at least twenty depositions remain and are proceeding imminently, many of the which will be taken remotely (incurring higher costs for court reporters and videographer services), some in other states which will likely involve counsel travelling, and at least three in which the witnesses are outside

the United States and either require international travel or very complicated logistics to proceed remotely while accounting for time differences.[2] In addition, costly expert discovery is well under way, as Relator's experts assess the data produced by Defendants during fact discovery in order to meet expert discovery deadlines.[3]

The requested stay also conserves judicial resources. The parties have discovery motions pending before the Court (Doc. 178, Relator's Motion to Compel Discovery from Provider Defendants Regarding Affiliate Providers; Doc. 184, Defendant Freedom and Optimum's Motion to Compel Responses to Requests for Production Nos. 4-7). The motions are fully briefed and awaiting review and decision by the Magistrate Judge, to whom discovery motions in this case have been referred. In addition, Provider Defendants notified Relator on the morning of this filing that they intend to seek "international judicial assistance" to effectuate a subpoena on Dr. Zafirov's current medical practice in Canada – a request which Relator will strongly oppose as, among other things, irrelevant, burdensome, and harassing. If Defendants

---

[2] The parties have been in negotiations regarding the time needed to complete discovery. Those negotiations are on-going, but if an agreement cannot be reached, the need for a discovery extension will also be subject of motions practice before this Court while the dispositive motion is pending. A discovery stay does not resolve the scheduling dispute in favor of either side, as the negotiations and scheduling needs could pick up from the same place when the stay is lifted if the Court denies Defendants' MJOP/SMJ.

[3] The current costs of this process are substantial, and are the beginning of a lengthier process for the subsequent medical chart review which will involve production and analysis of medical records for the identified sample. Given representations from Defendants regarding the use of statistical sampling, the expert process is likely to draw additional legal challenges before the Court.

persist with their request, this Court will have additional motions to resolve, and international courts will also be burdened by this process while the dispositive motion is pending.[4]

Finally, the requested stay facilitates the heavy lift the Court described at the hearing to evaluate the historical evidence of *qui tam* statutes. Given the importance of the Court's decision to both to the outcome of this case and to the False Claims Act itself, Relator appreciates the Court's invitation to provide the most fulsome analysis possible to the Court.

## II.     DEFENDANTS' OPPOSITION

Counsel for Relator reached out to counsel for Defendants by phone and email on April 23, 2024, to confer on this motion. Given that Defendants brought the dispositive motion asserting that this case should be dismissed, the stay seems wholly in line with their position asserted to the Court, so Relator assumed the request would have been uncontroversial. Nevertheless, both sets of Defendants oppose the request, citing a desire to press forward with discovery because it is a "train now at full speed," to quote Freedom Defendants' counsel. But, of course, the train would be at a very different speed had Defendants not waited four years to bring a dispositive motion three months before the close of discovery.

---

[4] This also incurs additional time and financial costs for the parties as well as burdening the Court, because all parties will be required to locate and retain international counsel to address the subpoena enforcement in the Canadian court system.

Despite opposing this motion, neither Defendant group identified any *actual* harm in staying discovery. That is because none exists. *Morris*, No. 2:17-cv-224-FtM-99CM, 2017 U.S. Dist. LEXIS 111912, at *3. If the Court denies the MJOP/SMJ, then time and expenses already incurred in discovery and deposition preparation will be equally as valuable several weeks or months from now as they are today, and the parties can evaluate the witnesses' availability at that time to work out a schedule which does not burden any witness. If the Court grants Defendants' MJOP/SMJ, then there would be no harm in the stay at all; in fact, it would work a benefit to all parties to have avoided significant, additional, unnecessary expenses at this time, it would benefit the witnesses in avoiding using their time to prepare and sit for depositions which would not be needed at this time, and it would benefit the Court by not using its time to resolve motions for a dismissed case. This balancing act is routinely conducted by this Court in assessing motions to stay, and here, the scale tips heavily to a brief stay in discovery pending the outcome of Defendants' MJOP/SMJ. *See, e.g.*, *McCabe v. Foley*, 233 F.R.D. 683, 686 (M.D. Fla. Mar. 6, 2006), *quoting Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)("In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery").

Defendants' opposition cites no prejudice that outweighs the reality of significant resources being expended while the Court considers their motion. Defendants either believe their motion is meritorious and thus concede that

7

unnecessary and significant expenses will be expended by the "train" continuing at full speed, or they believe their motion is not meritorious, but filed within the busiest parts of discovery so that Relator is prejudiced to complete discovery while opposing a substantive motion. Either way, their opposition to the requested stay smacks of litigation gamesmanship, as the harm wrought by Defendants' choice to file an untimely dispositive motion at this point in discovery falls on Relator and on this Court's resources.

### III. CONCLUSION

For the reasons herein, Relator respectfully requests that the Court enter a stay of discovery pending resolution of Defendants' Motion for Judgment on the Pleadings or to Dismiss for Lack of Subject-Matter Jurisdiction, and direct the parties to meet and confer at that time to discuss how to approach the Court regarding setting a schedule for the completion of discovery. Consistent with Local Rule 3.01(e), Relator respectfully requests that the Court rule on this motion by Monday, April 29, 2024.

Respectfully submitted this 25th day of April 2024,

/s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Jonathan M. Lischak*
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
jonathan.lischak@morganverkamp.com

*Counsel for Relator Dr. Clarissa Zafirov*

8

\* appearing *pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

I, Jillian Estes, hereby certify that counsel for Relator has conferred with counsel for Defendants, both telephonically and by electronic mail, and Defendants oppose this request.

/s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that the foregoing motion was served on April 25, 2024, to all parties of record via the CM/ECF electronic filing system.

/s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)