# **Exhibit F**




**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

**OFFICE OF INSPECTOR GENERAL**

WASHINGTON, DC 20201

Benjamin D. Singer
O'Melveny & Meyers LLP
1625 Eye St. NW
Washington, DC 20006

      Re:    United States ex rel. Zafirov
                  No. 8:19-cv-01236–KKM-SPF (M.D. Fla.)

Dear Mr. Singer:

This letter is in response to your Request for Testimony Pursuant to 45 C.F.R. §§ 2.1–2.6, dated January 18, 2024, seeking testimony from Special Agent Raquel Garrido (SA Garrido) in connection with the above-referenced case, a private litigation to which the federal government is not a party. You have requested SA Garrido's testimony as an employee of the Office of the Inspector for the United States Department of Health and Human Services (the Department).

As you know, requests for non-party testimony are subject to the Department's regulations at 45 C.F.R. Part 2. These regulations govern the availability of employees of the Department to testify in proceedings in which the federal government is not a party. The regulations prohibit any Department employee from providing testimony concerning information acquired in the course of performing official duties, unless the Agency head, after consultation with the Office of the General Counsel, determines "that compliance with the request would promote the objectives of the Department." 45 C.F.R. § 2.3.

We do not believe that compliance with your deposition request would be in the best interest of the Department, and you have provided no convincing evidence to the contrary. The deposition request would be a significant burden on OIG and would disrupt the official functions of the agency because of the time and effort necessary to prepare for a deposition concerning events that occurred nearly 5 years ago. Given the witness's lack of recollection of these old events, SA Garrido would have to substantially reduce her official duties to spend a significant amount of time preparing for the deposition. Further, we disagree with your assessment that the requested testimony is unavailable by any other means. Therefore, we have concluded authorizing SA Garrido's testimony would substantially disrupt her official duties and thus her deposition neither promotes the objectives nor is in the interest of the Department or OIG.

OIG has already spent considerable time to search for and produce documents responsive to your revised *Touhy* request received on March 7, 2024. OIG will produce responsive nonprivileged documents in its possession but requires an additional 3 weeks to search and process this request. The contents of any responsive documents are admissible in the underlying litigation, undermining the usefulness of the deposition testimony.

Page 2 – Benjamin D. Singer

Based on the foregoing, the request for testimony from SA Garrido is denied. If you have any further questions, please feel free to contact Candace Ashford in the Office of Counsel, at Candace.Ashford@oig.hhs.gov.

Sincerely,

SUSAN EDWARDS
Digitally signed by SUSAN EDWARDS
Date: 2024.04.01 16:46:39 -04'00'

Susan A. Edwards
Acting Chief Counsel to the Inspector General