UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>　　Plaintiff and Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>　　Defendants. | No. 8:19-cv-01236-KKM-SPF |

**RELATOR'S TIME-SENSITIVE MOTION FOR STATUS CONFERENCE**

Pursuant to Local Rule 3.01(e), Relator files this Time-Sensitive Motion for Status Conference seeking a remote video or telephonic status conference to be held at the Court's earliest convenience to address just-discovered production deficiencies impacting the remaining discovery schedule. Relator respectfully seeks a response from the Court by Wednesday, May 22, 2024. Relator requests this date because there are four days before Friday, May 24, 2024, on which the parties begin a stretch of fifteen weekdays in which sixteen depositions have been scheduled or requested. Allowing the Parties to weigh in on the discovery deficiencies set forth below is critical:

1

both for managing the timing needed to resolve the production issues and so the Parties approach the depositions with a common understanding of the scope of discovery.[1]

The discovery cut-off in this matter is May 29, 2024, with depositions occurring through June 14, 2024. The Court recently reaffirmed that schedule in an order addressing the pending dispositive motion related to Article II constitutionality of the False Claims Act. Doc. 254. The issues described herein were not known at the time of the briefing on that motion and were not part of the Court's consideration. As set forth below, Relator seeks a status conference at the soonest availability to address issues which came to light last week, indicating that document production by the Defendants is incomplete.

**I.  DEFENDANTS FAILED TO PRODUCE A KEY COMMUNICATION BETWEEN THE CHIEF OPERATAING OFFICERS OF FREEDOM HEALTH AND PHYSICIAN PARTNERS, AND OFFERED SWORN TESTIMONY IN DIRECT CONFLICT TO THE DOCUMENTARY EVIDENCE.**

Consistent with the ESI Protocol entered into between the Parties in this matter, Relator has relied on Defendants' identification of custodians in possession of relevant, responsive documents. Relator also relied on Defendants to tailor search terms which would be most inclusive of relevant, responsive documents. Relator has been clear throughout discovery that known, responsive documents are due to be produced

---

[1] In addition to the discovery deficiencies identified herein, there are numerous other discovery disputes at various stages of discussion and meet-and-confer. The parties would benefit from the Court's guidance as to whether any of those that cannot be resolved by counsel could be addressed through short-form letter briefing or simple argument in a discovery conference rather than motion practice.

irrespective of whether they were hit on by search terms or not, consistent with standard Rule 26 discovery obligations.

Until last week, Relator has had no basis to challenge the custodians or search terms identified by Defendants. However, on Friday, May 17, 2024, former Physician Partners' affiliate provider Dr. George Mansour produced documents to all parties in response to a third-party subpoena from Freedom Defendants.[2] Included among that production was a letter from Dr. Mansour dated April 3, 2019, to the President and COO of Defendant Physician Partners, Dan Kollefrath, and the then-COO of Freedom Health, Nancy Gareau, which discussed, *inter alia*, the "Five Star Form Program" and his concerns that the "forms" associated with that program implicated upcoding and steering. Most significantly, the production also included a response letter from Kollefrath to Mansour and Gareau dated April 12, 2019, in which Kollefrath described the "5 Star Checklist," including the statement that "[o]ur 5 Star Checklist provides you with historical diagnosis code that have been reported by hospitals, other providers and yourself along with correlative data points that indicate the possible presence of a condition (i.e. a prescription for insulin filled without determination of diabetes, etc.)."

---

[2] Dr. Mansour is represented in employment-related litigation by Adam Rabin and Havan Clark, who also represent Dr. Zafirov in this matter, and Dr. Mansour and Dr. Zafirov also have a common interest agreement regarding aspects of this case. However, as Relator has stated to Defendants, Relator and Dr. Mansour did not exchange records in their possession underlying this case and counsel acting for Dr. Mansour is not under an obligation to review records related to one case for possible relation to facts at issue in another case. Any relationship between Mansour and Zafirov does not absolve Freedom of the obligation to produce relevant, responsive documents.

3

This document is significant for two reasons. First, it is a document between the COOs of two Defendants during the relevant time period discussing the document at the heart of this case which was not produced by either Defendant, reflecting that the custodians and search terms were insufficient and/or Defendants failed to produce knowingly responsive records even absent ESI returns. Second, the failure to produce relevant, responsive documents would be problematic under any terms, but particularly here where Freedom has provided sworn testimony that it had no knowledge of Provider Defendants' 5 Star Checklists, which is directly controverted by the unproduced records.[3]

## II. A TIME-SENSITIVE STATUS CONFERENCE IS NECESSARY TO PROTECT RELATOR'S INTERESTS IN THE REMAINING DISCOVERY WINDOW.

In light of the third-party production of these previously-undisclosed documents, Relator seeks a status conference with the Court to get immediate guidance on the remaining window for discovery. For example, the parties need to resolve any objections to Defendants making subsequent document productions, including any objections that may relate to the Mansour-produced documents as well as objections already before the Court on the scope of discovery. For all additional production which the Court finds appropriate, Relator seeks the Court's guidance in

---

[3] Freedom has made this representation several times, most recently in Freedom's 30(b)(6) deposition through the testimony of designee Radha Rai on Wednesday, May 15, 2024. Freedom reserved its rights to designate portions of the deposition as confidential, so the transcript is not quoted herein. Counsel can provide a copy of the rough transcript (the final is still pending) in camera to the Court if so requested.

balancing that production schedule with the time left in discovery and for the additional depositions.

While some production issues may be addressed through traditional briefing (and others already have been briefed and are awaiting judicial review), the need for more immediate guidance counsels heavily in favor of a status conference. There are less than two weeks remaining in the primary discovery period, and there are at least fifteen depositions scheduled over the next three weeks. Beginning on Friday, May 24 (on which two depositions are scheduled – one in Tampa and one in Atlanta), there are depositions scheduled or requested for every single business day through June 14, 2024. Complete document production as to key issues in the case is, of course, necessary for all depositions, but the deficiencies most immediately relevant to the withheld documents are the scheduled depositions of Nancy Gareau on May 31, Physician Partner's 30(b)(6) witness Chris Barber on June 7, and Dan Kollefrath on June 14. While Relator can take portions of any deposition with only the records in her possession, she is unduly prejudiced if she is not able to inquire about all the relevant records, or unable to challenge the witnesses if their testimony is controverted by the documents (a disadvantage Relator unknowingly experienced in the depositions which have already taken place in this case, which may now need to be revisited depending on the scope of any subsequent document production).

### III.  CONCLUSION

For the reasons herein, Relator respectfully requests that the Court schedule a

remote or telephonic status conference[4] at the earliest availability to address the newly-discovered production deficiencies and the impact on the remining fact discovery. Consistent with Local Rule 3.01(e), Relator respectfully requests that the Court rule on this motion by Wednesday, May 22, 2024.

Respectfully submitted this 20th day of May 2024,

/s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Jonathan M. Lischak*
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
jonathan.lischak@morganverkamp.com

***Counsel for Relator Dr. Clarissa Zafirov***

* appearing *pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

I, Jillian Estes, hereby certify that counsel for Relator has endeavored to confer with counsel for Defendants as to the relief sought herein. Relator's counsel conferred by email with all parties on Friday, May 17, and spoke by phone with counsel for Provider Defendants shortly thereafter as well. Provider Defendants oppose the request. Counsel for Freedom Defendants determined the issue not to be emergent or time-sensitive and therefore elected not to make themselves available by phone on Friday afternoon or over the weekend at Relator's request (though continued to exchange emails on the subject at that time) but indicated by email opposition to any judicial intervention sought by Relator. Relator will continue to confer with Freedom

---

[4] Relator suggests remote or telephonic status conference because most of Relator's counsel is out of state this week, and much of Defendants' counsel is based out of state. If the Court prefers an in-person status conference, Relator will, of course, make the necessary accommodations for that as well.

Defendants if so requested, and will modify this certification if there are any changes to Freedom's opposition to this motion.

/s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that the foregoing motion was served on May 20, 2024, to all parties of record via the CM/ECF electronic filing system.

/s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)