UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

    Plaintiffs,

v.                                    Case No.: 8:19-cv-1236-T-23SPF

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

    Defendants.
_____/

**NON-PARTY UNITED STATES' TIME-SENSITIVE MOTION FOR STAY OF *TOUHY* DISCOVERY UNTIL DETERMINATION OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Local Rule 3.01(e), the United States files this Motion to Stay Non-Party *Touhy* Discovery Pending Resolution of Defendants' Motion for Judgment on the Pleadings or to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 180) (the "MJOP"), on which oral arguments were heard on April 22, 2024 (Doc. 239). On May 15, 2024, Defendants filed a motion to compel the deposition testimony of an employee of the United States Department of Health and Human Services, Office of the Inspector General. (Doc. 253) ("Motion to Compel"). As the United States' opposition brief will be do on May 29, 2024, the United States respectfully requests a ruling from the Court by May 24, 2024.

The United States seeks a stay of all *Touhy* discovery while the Court considers its ruling on the pending dispositive motion. A stay furthers the interest of

judicial economy and will spare the parties from incurring unnecessary litigation expenses.

## ARGUMENT

District courts are vested with broad discretion to stay proceedings. *Gibson v. Comm'r of Soc. Sec.*, No. 6:21-cv-810-GKS-LRH, 2021 WL 5926348, at *1 (M.D. Fla. July 14, 2021) (staying entire case because of a backlog caused by COVID-19); *Murdock v. Santander Consumer USA Inc.*, No. 2:15-cv-268-SPC CM, 2016 WL 3913135, at *2 (M.D. Fla. July 20, 2016) (finding that "a stay of the entire case will promote judicial economy and efficiency"). Pursuant to their authority, district courts may stay proceedings as a means of managing their dockets. *Lewis v. Abbott Labs., Inc.*, No. 6:19-cv-909-GAP-LHP, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Additionally, in appropriate circumstances, courts may enter a stay to promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *Terec v. Reg'l Acceptance Corp.*, No. 8:16-cv-2615-JSM-MAP, 2017 WL 662181, at *1 (M.D. Fla. Feb. 17, 2017) (citing *Rodriguez v. DFS Servs., LLC*, No. 8:15–cv–2601-JSM-TBM, 2016 WL 369052, at *2 (M.D. Fla. Feb. 1, 2016)). So long as the scope of a stay is limited and a reasonable justification is

provided, courts do not abuse their discretion by granting a stay. *Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

While the United States remains a real party of interest in this action, it is also a non-party[1]. Defendants have served numerous *Touhy* requests on the Unites States, including the Department of Health and Human Services ("HHS"), seeking documents, materials, and deposition testimony. (*See* Doc. 253).

A *Touhy* request seeks any official information for litigation purposes, including witnesses and documents, when the Government is not a party to the litigation. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Pursuant to 5 U.S.C. § 301[2], HHS promulgated regulations restricting employee testimony in private litigation. The regulations read in part:

> No Department of Health and Human Services employee may provide testimony or produce documents in any proceedings to which this part applies concerning information acquired in the course of performing official duties or because of the employee's official relationship with the Department of Health and Human Services unless authorized by the agency head pursuant to this part based on a determination by the agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department of Health and Human Services[3].

---

[1] The United States intends to intervene pursuant to 28 U.S. Code § 2403(a) which permits United States to intervene in any action where it is not a party where the constitutionality of a statute is challenged. Such an intervention is strictly for the purposes of defending the constitutionality of the False Claims Act and does not make it a party for discovery not related to defending the constitutionality of the False Claims Act. *See Tennessee v. Garner,* 471 U.S. 1, 22 (1985) ("The State is a party only by virtue of 28 U. S. C. § 2403(b) and is not subject to liability"); *see also Freed v. Thomas*, 81 F.4th 655, 661 (6th Cir. 2023), *Comfort ex rel. Neumyer v. Lynn School*, 131 F.Supp. 2d 253, 254 n.2 (D.Mass. 2001).

[2] Also, known as the Federal Housekeeping Act, 5 U.S.C. § 301, "authorizes the head of an executive department to place limits on how employees can disseminate information gained in the performance of their official duties." *Moore v. Armour Pharm. Co*., 927 F.2d 1194, 1197 (11th Cir. 1991).

[3] *See* 45 CFR § 2.3.

Due to the jurisdictional nature of the pending MJOP, a stay of *Touhy* discovery would conserve judicial, federal, and private resources while the Court has a chance to review Defendants' MJOP. The Court should not require the United States to bear the effort and resources of engaging in contested litigation before this case-dispositive motion has been resolved.  *See* Doc. 243 (The Court finding "much merit to Relator's Motion to Stay" because of the pending MJOP); *see also* Doc. 254 (granting the Parties' joint motion to stay discovery pending resolution of MJOP).

For the foregoing reasons, the United States requests that its motion for stay of *Touhy* discovery be granted until the Court determines the MJOP.

### Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), the undersigned certifies that he has consulted with counsel for the parties and can represent that Relator does not oppose the requests relief, but the Defendants do oppose.

Respectfully submitted,

**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ROGER B. HANDBERG**
United States Attorney

JAMIE A. YAVELBERG
PATRICIA L. HANOWER
J. JENNIFER KOH
Attorneys, Civil Division
United States Department of Justice

Dated:  May 21, 2024         By:   *s/ Sean P. Keefe*
                                    SEAN P. KEEFE
                                    Assistant United States Attorney

4

Florida Bar No. 0413828<br>
400 North Tampa Street, Suite 3200<br>
Tampa, FL 33602<br>
Telephone: (813) 274-6000<br>
Facsimile: (813) 274-6200<br>
E-mail: sean.keefe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide electronic service to all counsel of record.

      */s/ Sean P. Keefe*
SEAN P. KEEFE
Assistant United States Attorney