# CHAPTER X.

OF THE DIFFERENT STEPS PRESCRIBED BY THE LAW,
FOR APPREHENDING, DETAINING, TRYING, AND PU-
NISHING OFFENDERS.

I NOW proceed to the different steps which the law
prescribes for apprehending, detaining, trying, and pu-
nishing criminals.

A warrant is the first step usually taken for their ap-
prehension.

A warrant is a precept from a judicial to a ministerial
officer of justice, commanding him to bring the person
mentioned in it, before him who issues it, or before some
other officer having judicial authority in the cause. [a] This
warrant should be under the hand and seal of the ma-
gistrate issuing it: it should mention the time and place
of making it, and the cause for which it is granted. It

[a] Wood. Ins. 81, 1. Bl. Com. 137. 4. Bl. Com. 287.

may be either to bring the party generally before any magistrate, or specially to bring him before the magistrate only who grants it. It may be directed to the sheriff, constable, or to a private person; for the warrant constitutes him, for this purpose, an authorized officer.[b]

By the constitution of Pennsylvania,[c] no warrant to seize persons shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation. Such warrant may be granted, even by any justice of the peace, for treason, felony, or any other offence against the peace.[d]

When the warrant is received by the person to whom it is directed, he is authorized, and, if a publick officer, obliged to execute it, so far as the jurisdiction of the magistrate and himself extends.[e]  A sheriff may depute others; but every other person is obliged himself to execute it; though others may lawfully assist him. A warrant directed to all constables generally can be executed by each only in his own precinct: but a warrant directed to a particular constable by name, may be executed by him any where within the jurisdiction of the magistrate.[f]

The execution of the warrant is commenced by an arrest; which is the apprehending or restraining of the person, whom it mentions or describes.[g]  But, besides those arrests which are made in the execution of warrants, there are others enjoined or justified by the law.

b 2. Haw. 85.          c Art. 9. s. 8.          d 2. Haw. 84.

e 4. Bl. Com. 288.      f 2. Haw. 86.          g 4. Bl. Com. 286.

All, of age, who are present when a felony is committed, or when a dangerous wound is given, are, on pain of fine and imprisonment, bound to apprehend the person who has done the mischief. [h]  If the crime has been committed out of their view, they are, upon a hue and cry, obliged to pursue with the utmost diligence, and endeavour to apprehend him who has committed it. Hue and cry is the pursuit of an offender from place to place, till he is taken: all who are present when he commits the crime, are bound to raise it against him on his flying for it.   Every one is obliged to assist an officer demanding his assistance, in order to apprehend a felon, to suppress an affray, or to secure the persons of affrayers. [i]  In all these cases, the doors of houses may, if necessary, be broken open for the apprehension of the offenders, if admittance is refused on signifying the cause of demanding it. [j]

It is a general rule, that, at any time, and in any place, every private person is justified in arresting a traitor or a felon; and, if a treason or a felony has been committed, he is justified in arresting even an innocent person, upon his reasonable suspicion that by such person it has been committed. [k]  If one see another upon the point of committing a treason or a felony, or doing any act which would manifestly endanger the life of another; he may lay hold on him, and detain him till it may be presumed reasonably that he has altered his design. [l] In the case of a mere breach of the peace, no private person can arrest one for it after it is over. [m]

---

[h] 2. Haw. 74.      [i] Id. 75.      [j] Id. 86. 4. Bl. Com. 289.

[k] 2. Haw. 76.      [l] Id. 77.      [m] Id. ibid.

Whenever an arrest may be justified by a private person, it may *a fortiori* be justified by an officer of justice.[n] In addition to their own personal exertions, they have a right to demand the assistance of others.[o] A constable may not only arrest affrayers, but may also detain them till they find security for the peace.[p] A justice of the peace may, by parol, authorize any one to arrest another, who, in his presence, is guilty of an actual breach of the peace, or, in his absence, is engaged in a riot.[q]

Whenever a person is arrested for a crime, he ought to be brought before a justice of the peace, or other judicial magistrate. This magistrate is obliged immediately to examine into the circumstances of the crime alleged; and according to the result of this examination, the person accused should be either discharged, or bailed, or committed to prison.

If it clearly appear that no crime was committed, or, if committed, that the suspicion conceived against the prisoner is entirely unfounded; he should be restored to his liberty.[r]

To bail a person is to deliver him to his sureties, who give sufficient security for his appearance: he is intrusted to their friendly custody, instead of being committed to the confinement of the gaol. At the common law, every man accused or even indicted of treason or of any felony whatever, might be bailed upon good surety: for at the common law, says my Lord Coke,[s] the gaol was

---

[n] 2. Haw. 80.      [o] Id. 81.      [p] Id. ibid.

[q] Id. 83.      [r] Id. 87.      [s] 2. Ins. 189.

his pledge, who could find no other : he could be bailed, till he was convicted.

This part of the common law, however, is, in England, greatly altered by parliamentary provisions, which restrict, in numerous instances, the power of admitting to bail.   Indeed it is obvious, that between the law of capital punishments and that of commitments, the connexion must be intimate and inseparable.   In capital offences,   no bail can be a security equal to the actual custody of the person : for what is there, which a man may not be induced to forfeit to save his life?[t]   One court in England, and only one—the court of king's bench, or, in the time of the vacation, any judge of that court—still possesses the discretionary power of bailing in any case, according to its circumstances; excepting only such persons as are committed by either house of parliament, while the session lasts, and such as are committed for contempts by any of the superiour courts of justice.[u]

To refuse or to delay bail, where it ought to be granted, is a misdemeanor at the common law,[v] and may be punished on an indictment.   By the constitution of Pennsylvania,[w] it is declared, as an inviolable rule, " that excessive bail shall not be required ;" and " that all prisoners shall be bailable by sufficient sureties ; unless for capital offences, when the proof is evident or presumption great."

If the crime is not bailable, or if the prisoner cannot find sureties, the magistrate is under the disagreea-

[t] 4. Bl. Com. 294.                     [u] Id. 296.

[v] 2. Haw. 90.                     [w] Art. 9. s. 13, 14.

ble necessity of ordering, by a warrant under his hand and seal and containing the cause of the order, that he shall be imprisoned in the publick gaol, till he be thence delivered by the due course of law.[x] This is a commitment.

This imprisonment, it ought to be remembered, is for the purpose only of keeping, not for that of punishing the prisoner: he ought, for this reason, to be treated with every degree of tenderness, of which his safe custody will possibly admit. In particular, a gaoler is not justified, by the law, in fettering a prisoner, unless where he is unruly, or where it is absolutely necessary to prevent an escape.[y] "Solent præsides in carcere continendos damnare ut in vinculis contineantur; sed hujusmodi interdicta sunt a lege, quia carcer ad continendos, et non puniendos, haberi debeat."[z] "Custodes vero gaolarum pænam sibi commissis non augeant, nec eos torqueant; sed, omni sævitia remota, pietateque adhibita, judicia in ipsos promulgata debite exequantur."[a] Such is the law of imprisonment, ancient and approved.

When the party is taken, and bailed or imprisoned; the next step in order is, to institute a prosecution against him. This may be done by four different methods—by appeal; by information; by presentment; by indictment.

1. An appeal is an accusation by one private person against another for some crime: it is a private action of

[x] 4. Bl. Com. 297.  [y] 3. Ins. 34.

[z] Bract. 105. a.  [a] Fleta. l. 1. c. 26.

the party injured, demanding punishment for the injury which he has suffered: it is also a prosecution for the state, on account of the crime committed against the publick. [b]

In ancient times there were appeals for a breach of the peace, for a battery, and for false imprisonment, as well as for more aggravated injuries and crimes; but they have been out of use, and converted into actions of trespass, for many hundred years. [c]

An appeal lies for mayhem, for larceny, for arson, for rape, for death. It is brought by the party ravished, robbed, maimed, or whose house was burned; or by the wife, or, if no wife, by the heir, of the person killed. [d] An appeal may be brought previous to an indictment; and if the defendant be acquitted, he cannot afterwards be indicted for the same crime: if he is found guilty, he shall suffer the same punishment as if he had been convicted on a prosecution by an indictment. [e] An appeal may be discharged by the concurrence of all the parties interested—by a pardon of the crown, and by the release of the appellant. [f]

The appeal can be traced to the ancient forests of Germany. "Luitur homicidium," says Tacitus, [g] "certo armentorum ac pecorum numero; recipitque satisfactionem universa domus."

[b] 4. Bl. Com. 308.   2. Haw. 155.        [c] 2. Haw. 157.

[d] 2. Haw. 164.   4. Bl. Com. 310.        [e] 4. Bl. Com. 311.

[f] 1. Hale. P. C. 9.        [g] De mor. Ger. c. 21.

On this subject there is, in our law books, an immense profusion of professional learning. As the appeal is now but little used, I decline any minute inquiry concerning it: as it is still in force, it would have been improper wholly to have omitted it.

2. A second mode of prosecuting crimes and offences is by information. Some informations are brought partly at the suit of the state, and partly at the suit of a citizen. These are a species of *qui tam*[h] actions; and will be considered when we treat concerning civil suits.

Informations in the name of the state or of the crown alone are of two kinds: those which are filed *ex officio* by the publick prosecutor, and are properly at the suit of the publick; and those which are carried on in the name, indeed, of the commonwealth or crown, but, in fact, at the instance of some private person or common informer. The first have been the source of much; the second have been the source of intolerable vexation: both were the ready tools, by using which Empson and Dudley, and an arbitrary star chamber, fashioned the proceedings of the law into a thousand tyrannical forms. Neither, indeed, extended to capital crimes: but ingenious tyranny can torture in a thousand shapes, without depriving the person tortured of his life.

Restraints have, in England, been imposed upon the last species: but the first—those at the king's own suit, filed by his attorney general—are still unrestrained.[i] By the constitution of Pennsylvania, both kinds are effec-

h 4. Bl. Com. 303.                    i Id. 307.

Wilson, James, 1742-1798. The Works of the Honourable James Wilson, L.L.D. late one of the Associate Justices of the Supreme Court of the United States, and professor of law in the College of Philadelphia / published under the direction of Bird Wilson. Vol. 3, Lorenzo Press, 1804. The Making of Modern Law: Legal Treatises, 1800–1926, link.gale.com/apps/doc/F0105018528/ MOML?u=camb55135&sid=bookmark-MOML&pg=141. Accessed 6 May 2024.