270848



CITY HALL
at Wall and Broad streets
e were held the New York City terms of the Supreme Court of Judicature
opper engraving by Cornelius Tiebout; Edward W. C. Arnold Collection;
nt by the Metropolitan Museum of Art; photograph courtesy Museum of
the City of New York

# THE LAW PRACTICE OF
# *Alexander Hamilton*

## DOCUMENTS AND COMMENTARY

### VOLUME II

JULIUS GOEBEL JR., *Editor*
SCHOOL OF LAW, COLUMBIA UNIVERSITY

Associate Editors

WINNIFRED BOWERS     RHYS EVANS
ROBERT L. CRAWFORD     DOROTHY BURNE GOEBEL
FRANCIS K. DECKER JR.     DAVID A. NOURSE
BETTY J. THOMAS



*Published under the Auspices of the*
WILLIAM NELSON CROMWELL FOUNDATION
*by* COLUMBIA UNIVERSITY PRESS
*New York and London, 1969*

*common Law Remedy*, where the Common Law is competent to give it"

If we attend to this Passage it appears evident that the Congress meant to include all such Seizures as are therein described in the Description of Causes of Admiralty & maritime Jurisdiction. The only Difficulty arises from the latter Part of the Clause "saving to Suitors their common Law Remedy."—But neither the United States, nor their Attorney could properly be called Suitors, & there could be no Reason why any Thing should be saved to them—Again, Defendants, who might perhaps be considered as Suitors instead of having a Trial by Jury, have a common Law Remedy, saved to them, which implies some Wrong or Injury that they must have previously sustained—Now the Fact of their having sustained an Injury can never be known until after the Trial upon the Seizure; & consequently the Remedy contemplated must be something to take Place after such Trial. Now, the Common Law Remedy for unjust Seisures was by Action of Trespass; and the Act seems to have had it in View to exclude the Inference that might be derived (whether justly or not) from the Case of Le Caux & Eden in Douglass, and those there cited, that where an Admiralty Court has Cognizance of the principal Question, it shall also have Cognizance of the Incidents, and that no Suit at Common Law could be sustained for an Injury where the Admy Court might have given Compensation to the injured Party.

In the Case of the La Vengeance (reported in the third Volume of Dallas, but very imperfectly) the Cause was determined in the District, Circuit and Supreme Court, to be of Admiralty Jurisdiction; though it must be confessed that the Act upon which that Case depended expressly referred to the Mode of Proceeding under the Collection Act; which Circumstance does not appear to have been noticed by the Judges of the Supreme Court.—The Case however (independent of that Circumstance) does not appear to have been less properly a Case for a Common Law Trial than the one now under consideration.

Upon the whole, though I consider this Case as by no Means free from Doubt, I am of Opinion

1st. that the regular Mode of proceeding is by Libel and the Cause of Admiralty Jurisdiction—but

2dly. that as the Admiralty Jurisdiction depends upon the Seizure for the Breach of a Law of Trade "upon Waters navigable from the

Sea by Vessels of ten or more Tons Burthen" this Fact ought to have been alledged.

## ISAAC SHERMAN QUI TAM v. THE SCHOONER EXCHANGE, OTHERWISE CALLED THE EL CAMBIO OR NEUSTRA SIGNORA DELOS DOLORES, JOHN DE LA VILLA, CLAIMANT

### US District Court for NY, 1803

The case involved Section 1 of the Slave Trade Act of 1800, which prohibited United States citizens from having any property interest in a vessel employed in the transportation of slaves from a foreign country.[41] Edward Livingston and Rudolph Bunner were counsel for the libellant; David A. Ogden, Samuel Boyd, and Hamilton represented the claimant.

The libel of Sherman was filed (date unknown) per Livingston against the schooner *Exchange*.[42] Sherman alleged that Daniel Edes, a United States citizen, was owner of the vessel; he charged that on December 1, 1802, said schooner had been used for the transport of slaves from Africa to Havana, and therefore had become forfeit. The answer and claim of de la Villa, master, filed September 1, 1803, by Ogden, denied that Edes was presently the owner of the vessel or had been such at the time of the alleged violation.[43] Instead he averred that the schooner belonged to a Spanish citizen and had never been used in the slave trade. Restoration was prayed.

At that time Ogden read an affidavit of de la Villa, stating that the schooner was loaded and ready to sail within three days' time but was detained by the process of the court.[44] The court thereon ordered the libellant to enter a stipulation with sureties to pay the damages and costs that accrued if he failed to sustain his libel. On September 8 the libellant made the stipulation and it was recorded that the *Exchange*

---

41. Case Papers: RG 21, US District Court for NY, Admiralty Case Files, Box 6 (NA).
42. The Libel was not found among the case papers, nor is its filing date given in the minute book entries. For allegations of libel, see Monition, returned Sep 8, 1803, in Admiralty Case Files, *supra* n. 41.
43. Answer and Claim, in Admiralty Case Files, *supra* n. 41.
44. *Ms. Mins US Dist Ct for NY* 1802–1807, 101 *sub* Sep 1, 1803 (NA).

had been attached.[45] Then on motion of Hamilton the cause was ordered to be heard September 19. On that date the court examined the witnesses of the parties and twelve depositions were introduced.[46] Hamilton twice made motions to read into evidence the deposition of Edes, but each time was overruled. After each side had introduced its evidence, Livingston and Bunner argued for the libellant. The court, finding it unnecessary to hear arguments for the claimants, dismissed the libel. It later awarded the claimant $812 damages, and counsel fees of $100 for Hamilton, $100 for Boyd, and $50 for Ogden.[47] Additional costs brought the judgment against the libellants to $1,287.39.

## Trade with France

### THE UNITED STATES v. THE BRIGANTINE HARRIOTT OTHERWISE THE JOHN, GEORGE TOPHAM, CLAIMANT

US District Court for NY, 1799
US Circuit Court for NY, 1799
US Supreme Court, 1800

This case arose under the June 13, 1798, act prohibiting trade between the United States and the territories of France.[48] Richard Harison, Robert Troup, and Hamilton prosecuted the action for the United States at the district court; Brockholst Livingston, William Cutting, and Aaron Burr represented claimant Topham. Although the case reached the Supreme Court, Hamilton's participation was limited to that at the district court level.

The brigantine *Harriott*, owned and duly registered by John Vanneman of Philadelphia, sailed in September, 1798, under the command of Topham from Virginia to St. Thomas in the West Indies. At that time trade with France and her possessions was prohibited. Before the sailing, bond was given to the United States conditioned upon the vessel's not sailing to French territories.[49] Upon arrival of the *Harriott* at St. Thomas, her cargo was landed and new cargo taken aboard. Thereafter, the vessel proceeded in January, 1799, to Port Liberty on the French island of Hispaniola where the cargo was again sold and a new cargo laden. The vessel, still commanded by Topham, then set sail for the United States and put into the port of New York where she was seized.

On March 14, the libel of the United States was filed per Harison alleging that the *Harriott* proceeded to a French possession in violation of the above statute; forfeiture of the vessel was prayed.[50] The following month Topham filed his answer and claim (no attorney was denominated).[51] He stated that upon arrival in St. Thomas the vessel was sold to John Imlay Jr., a Danish resident of the island. With Danish papers, under Danish colors, and carrying a cargo of dry goods owned by Imlay, the *Harriott* proceeded to Hispaniola. There Topham sold the dry goods and purchased sugar and coffee with the proceeds; laden with such cargo, the brigantine returned to the United States. Since the vessel had become Danish, he averred that no violation had occurred and prayed the return of the brigantine. On April 23 the court, John Sloss Hobart J., ordered the cause to be heard at the next term in May.[52]

Meanwhile, a second libel had been filed on April 9 per Cutting for Robert Thurston *et al.*, seven mariners who had served on the above voyage.[53] Libellants stated that their wages had not been paid, and requested the condemnation and sale of the brigantine to satisfy the amounts due them. The answer and claim was filed by Harison in behalf of the United States on May 8;[54] he stated that a libel had previously been filed by the United States in this case, and prayed that the court dismiss this second libel. That same day, on motion of Livingston, advocate for the libellants, and by consent of Harison, the court ordered the *Harriott* to be sold upon fifteen days' notice, the

---

45. *Id.* at 104 *sub* Sep 8, 1803.
46. *Id.* at 112–113 *sub* Sep 19, 1803. One of these depositions, that of James Anderson, then sailing master of the schooner, has Hamilton's "pointing hand" in the margin. Deposition, filed Sep 19, 1803, in Admiralty Case Files, *supra* n. 41.
47. *Ms. Mins US Dist Ct for NY 1802–1807*, 140–141 *sub* Dec 3, 1803 (NA).
48. Case Papers: A complete record of the case is contained in RG 267, US Supreme Court Case Papers, Case No. 75 (NA). See also RG 21, US District Court for NY, Admiralty Case Files, Box 3 (NA).
49. Such bond was required by the above statute in order to obtain a clearance for a foreign voyage. See 1 *US Stats at Large* 565.
50. Libel, in US Supreme Court Case Papers, *supra* n. 48.
51. Answer and Claim, filed Apr 4, 1799, in US Supreme Court Case Papers, also in Admiralty Case Files, *supra* n. 48.
52. *Ms. Mins US Dist Ct for NY 1798–1800*, 111 *sub* Apr 23, 1799 (NA).
53. Libel, in US Supreme Court Case Papers, also in Admiralty Case Files, *supra* n. 48.
54. Answer and Claim, *id.*

U.S. District Court.

Isaac Shearman

vs

The Schooner Exchange

Libel

Livingston Proc

Filed this Twenty Second day of August 1803

Dunscomb
Clerk

Returnable the 8th Sept 1803

To the Honorable John Sloss
Hobart Judge of the District Court
of the United States for the District
of New York.

Humbly sheweth your libellant, Isaac Shearman of Boston in the State of Massachusetts, and giveth the said Court now here to understand.

First, that a certain Daniel Edes being a citizen of the United States and residing within the same before the day of the filing of this libel, and after the tenth day of May in the Year of our Lord one thousand eight hundred, to wit on the first day of December in the Year of our Lord one thousand eight hundred and two had, and now has, a right or property in a certain Schooner or vessel called the Exchange her tackle apparrel and furniture now lying in the port of New York and within the Jurisdiction of this Court and sometimes known by the name of the Excambio or by the name of Nuestra Signora delos Dolores of the burthen of one hundred and eighty tons or thereabouts.

Second, that the said Vessel was on the day and year aforesaid employed and made use of in the transportation of Slaves from one foreign place to another, to wit, from Africa to the Havanna in the Island of Cuba contrary to the form of the Act in such case made and provided by reason whereof and also by force of the said Statute and the filing of this libel the said Schooner or vessel became forfeited to the use of the said Libellant.

Lastly, that all and singular the premises were and are true public and notorious of which due proof being made he humbly prays the usual process and monition of this Court in this behalf to be made and that all persons interested in the said Schooner by whatever name she may be known be cited in general and special to answer the premises and all

proceedings being had, that the said Schooner or Vessel or the interest or property of the said Daniel Edes therein at the time aforesaid may for the causes aforesaid and others ap= =pearing be condemned by the definitive Sentence and Decree of this honorable Court as forfeited to the use of the said Libellant according to the form of the Statute in such case made & provided.

And he will ever pray &c

Edw Livingston
Proctor & of Council
for Libellant

U.S. District Court

Isaac Shearman
vs
The Schooner Exchange
Libel
Livingston Proc.

Filed this Twenty Second day of August 1805

Dismissed

Returnable the 8th Sept 1805

District Court.

John de la Villa
Claimant &c
vs
Isaac Shearman
Libellant

} Claim
&c

David A Ogden J. Blair

Filed Sept 1st 1803.
Duncomb
Clerk

To the Honorable John Ross Hobart Esq.
Judge of the District Court of the United
States for the New York District

The answer and claim of John de la
Villa the Master of the Schooner or Vessel
called Elembio Nuestra Signora Delos
Dolores, formerly known by the Name
of the Exchange, now lying in the
Port of New York and within the
Jurisdiction of this Court, of the
Burthen of One Hundred & Eighty
Tons or thereabouts, in behalf of Don
Joseph Maria de Ormabegal of the
Havannah in the Island of Cuba, the
sole owner of the said Schooner or
Vessel, to the libel filed by John
Shearman of Boston against the said
Schooner or Vessel—

    Respectfully Sheweth—

First— That Daniel Edes Named in the
said Libel is not, neither was he
on the first day of December
in the Year of our Lord One Thousand
Eight Hundred and Two the
owner of the said Schooner or
Vessel called the Elembio Nuestra
Signora Delos Dolores, formerly called
the Exchange, but the said Schooner
or Vessel was really and truly the sole
property of the said Don Joseph Maria

Majesty the King of Spain, residing in the Havannah in the said Island of Cuba.—

Second. That the said Schooner or Vessel was not on the said day and year last aforesaid, or at any other period, employed or made use of in the transportation of slaves from one foreign place to another, to wit, from Africa to the Havannah in the said Island of Cuba, contrary to the tone of the acts of the Congress of the United States in such case made and provided.

Wherefore the said John de la Villa the Master of the said Schooner or vessel called the Bluembio in behalf of the said Don Joseph Maria de Ormazabal, submits himself to the judgment of this Honorable Court, and prays that the said Schooner or vessel may be restored to him, together with his reasonable & other costs sustained by him by reason of the Premises — Juan de la Villa

From the first day

At a Special District Court of the United States held for the District of New York at the City of New York on Thursday the first day of September 1803 at 11 O'Clock, A. M. —

Present

The Honorable John Sloss Hobart Esquire
Judge of the District

The Schooner Elcambio Nustra Signora Delos Dolores, lately called the Exchange her Tackle Apparel &c, John De la Villa in behalf of Don Joseph Maria de Ormabazel Claimant

ads

Isaac Shearman, Libellant

John De La Villa Master of the said Schooner or Vessel this day came into Court and in behalf of Don Joseph Maria de Ormabazel of the Havannah in the Island of Cuba the sole owner of the said Schooner or Vessel filed an Answer and Claim to the Libel filed in this Cause and the said Answer and Claim being read thereupon and on Motion of Mr. David A Ogden Proctor for the Claimant in this Cause and on Reading and filing the affidavit of the said John De la Villa the Claimant above named Stating "that the "above named Schooner Elcambio Nustra Signora Delos Dolores "is now nearly laded and ready for Sea, that her laden can be "Compleated in the course of one Day, and that she would be ready "to Sail to Teneriffe in the Course of three days at furtherest "if not detained by the Process of this Honorable Court and this "Deponent further saith that he is informed and believes
the

"the Libellant resides out of the Jurisdiction of this Court
"to wit at Boston in the State of Massachusetts"

It is ordered by the Court that the Libellant in this Cause enter into Stipulation with two Sufficient Sureties to be approved of by the Court on or before the eighth day of September Instant to pay all such Damages and Costs as shall accrue to the Claimant in this Cause by reason of the filing of the Libel in this Cause in case the said Libellant shall fail to sustain his said Libel.

(A true Abstract from the Minutes)

Edward Dunscomb
Clerk

State of New York } We the undersigned do hereby report to the Honorable District Court of the United States of America for the New York District——

That we have appraised the Spanish Schooner Nostra Seniora Delores Cambia with her Tackle Furniture and Apparel at Three Thousand Two Hundred and Fifty Dollars——

In Testimony whereof we have hereunto subscribed our names this first day of September in the Year of our Lord One Thousand Eight Hundred and Three——

James Farquhar

B Lagge

G Bunker

New York District Court United States —

The Schooner Elizambia Neustra ⎫
Signora Delos Dolores, otherwise ⎪
called the Exchange her tackle ⎪
apparel &c John de la Villa in ⎬ notice
behalf of Claimant ⎪
adsm ⎪
Isaac Shearman Libellant ⎭

&c

You will be pleased to take notice
that Edward Dunscomb Esqr the Clerk of the District Court of the
United States, in and for the District of New York, will pursuant to a
Rule of the said Court, on Saturday the Twelfth day of November
Next, at ten O'Clock in the forenoon of that day at his Chambers,
No. 49 Dey Street, assess the Damages sustained by the Claimant
in the above Cause, by reason of the Seisure and detention of the
above named Vessel, on the Libel filed by the above named Isaac
Shearman in this Court, against the said Vessel her Tackle apparel
& furniture — Dated Octr 29th 1803 —

To Edward Livingston Esqr                     Yours &c
Proctor for Libellant                David A Ogden Proctor
                                         for Claimant

Isaac Sherman
vs
Schooner Exchange
on Chambis on
&c &c &c &c

Clerk's
Report

12/3

Isaac Sherman, Libellant

vs.

The Schooner Exchange, her Tackle, Apparel and furniture, otherwise called the Elcumbio, or the Nuestra Signora Delos Dolores, John De la Villa Master of the said Schooner; in behalf of Don Joseph Maria De Ormazabel of the Havannah in the Island of Cuba sole Owner of the said Schooner her Tackle, apparel and furniture, Claimant.

Clerks Report.

I Edward Dunscomb Clerk of the District Court of the United States for the New York District in pursuance of the Decree and Order of the said Court made and pronounced in this cause on the nineteenth day of September last, do most respectfully Report To this Honorable Court, That I have enquired into the Damages sustained by the Claimant in the above Cause, by reason of the Seizure and Detention of the said Vessel on the Libel filed in this Cause, and for the purpose of ascertaining the same, have duly affirmed Samuel Hicks, Jacob Barker and Silvanus F Jenkins all of the City of New York Merchants witnesses produced to me on the part of the said Claimant, and that from the affirmations of the said Witnesses it has appeared to me that there is due to the said Claimant for Twenty nine Days Demurage of the said Schooner at Twenty eight dollars per day, the sum of eight hundred and twelve dollars, and that he has paid to Alexander Hamilton Esqr. for fees as Counsel one hundred dollars and to Samuel Boyd Esqr. fees as Counsel the like sum of one hundred dollars, and to David A Ogden Esquire as his fees fifty dollars, and for the Costs and Charges of the Marshal of the District one hundred and forty two Dollars and Twenty Cents, and to B Fee for his services as interpreter when attending his Counsel fifty dollars, making the sum of Twelve hundred and fifty four Dollars and Twenty Cents, and do also Report, that there is due to me for my Costs in this Cause the sum of thirty three Dollars and nineteen Cents, making together the Sum of Twelve hundred and eighty seven dollars and thirty nine Cents. All which

is most respectfully submitted to this Honorable Court.
Dated this 2nd day of December 1803 —

Edward Dunscomb
Clerk

At a Special District Court of the United States, held for the District of New York at the City of New York on Saturday the third day of December 1803 at 12 O'Clock M,

Present

The Honorable John Sloss Hobart Esquire Judge of the District,

Isaac Norman Libellant

vs

The Schooner Exchange, her Tackle apparel and furniture, otherwise called the Eleambio or the Nuestra Signora, Delos Dolores, John Dela Villa, Master of the said Schooner, in behalf of Don Joseph Maria De Ormazabel of the Havanah in the Island of Cuba, Sole Owner of the said Schooner, her tackle, apparel and furniture, Claimant

On motion of Mr. Boyd in behalf of Mr. D. A. Ogden Proctor for the Claimant, It is ordered that the Report of the Clerk filed in this Cause, stand Confirmed unless the Libellant shew cause to the contrary, on the eighth Instant, at the Opening of the Court on that day, or as soon thereafter as Counsel can be heard; and it is also

Ordered, that the parties in this cause be heard at the same time, on the Claim made by the Claimant for an Increase of Damages in the same

A true Abstract from the minutes

Edward Dunscomb
Clerk

[recto?]

The Schooner Exchange
vs
Isaac Thurman Libellt -

The court having confirmed the Report made by Edward Dunscomb Esqr. the Clerk of this court in this above cause, whereby he Reports that the Claimant by reason of the Libel filed in this cause hath sustained Damages to the Amount of Twelve Hundred and Eighty Seven Dollars and Thirty Nine Cents — Thereupon and on Motion of Mr. David A Ogden Proctor for Claimant it is ordered by the court that John Murray Junior and William Fillinghast Slocum of the C. of N.Y. Brewers of said C. shew cause on the 26th day of December next — at Eleven o'clock in the forenoon of that day, why Execution should not Issue against them according to the Terms of The respective Stipulations entered into by them respectively in the above cause

Dated the 8th of Decemr 1803

At a Special District Court of the United States held for the District of New York at the City of New York on Thursday the eighth day of December 1803 at 11 O'Clock A.M. –

Present

    The Honorable John Sloss Hobart Esquire
    Judge of the District.

Isaac Sherman Libellant
vs.
The Schooner Exchange, otherwise called the Eleanor, otherwise called Neustra Signora Delos Dolores, her Tackle, apparel and furniture John De la Villa, Master of the said Schooner, in behalf of Don Joseph Maria De Armazabel of the Havannah in the Island of Cuba sole owner of the said Schooner her Tackle, apparel and furniture Claimant.

The Court having confirmed the Report made by the Clerk of this Court in this Cause, whereby he Reports that the Claimant hath sustained damages by Reason of the Libel filed in this Cause to the Amount of Twelve hundred and eighty Seven dollars and thirty nine Cents. Thereupon and on Motion of Mr. David A Ogden Proctor for Claimant

It is ordered by the Court, that John Murray Junior of the City of New York Brewer and William Tillinghast Slocum of said City, Merchant shew cause on the twenty sixth day of December Instant at eleven O'Clock in the forenoon of that day why execution should not issue against them, according to the terms of the Stipulation entered into by them respectively in the above Cause

A true Abstract from the Minutes
    Edward Dunscomb
        Clerk