UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

    Relator/Plaintiff,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

    Defendants.
_____/

CASE NO. 8:19-cv-1236-KKM-SPF

**ORDER**

    Before the Court is Relator's Time-Sensitive Motion for Status Conference (Doc. 255), Freedom Defendants' Opposition to Relator's Motion (Doc. 263), and Provider Defendants' Response in Opposition to Relator's Motion (Doc. 265). Upon consideration, the Court finds that Relator's motion is due to be DENIED.

    On May 20, 2024, Relator filed her Time-Sensitive Motion for Status Conference, requesting that a remote video or telephonic status conference be held at the Court's earliest convenience to "address just-discovered production deficiencies impacting the remaining discovery schedule" (Doc. 255 at 1). The discovery deadline in this case is May 29, 2024, though the parties have agreed to a series of depositions occurring through June 14, 2024. The primary point of contention in Relator's motion involves an April 3, 2019 email from Dr. Mansour to Dan Kollefrath and Nancy Gareau regarding the "Five Star Form Program" and

an April 12, 2019 response email from Mr. Kollefrath (*Id.* at 3).[1] These documents were produced to all parties by Dr. Mansour on May 17, 2024 pursuant to a third-party subpoena issued by the Freedom Defendants. Relator argues that these documents reveal that either (1) Defendants' selection of custodians and search terms were insufficient or (2) Defendants knowingly failed to produce responsive documents. As such, and considering the impending discovery deadline, Relator seeks guidance from the Court on the remaining window for discovery, including any objections to Defendants making subsequent document productions.

The Freedom Defendants respond that an emergency status conference is not required because (1) the Freedom Defendants themselves produced the subject emails to Dr. Mansour in the related litigation on February 23, 2024;[2] (2) the parties' selection of ESI custodians was the result of extensive negotiations with Relator, and Relator approved the Freedom Defendants' selection of custodians on June 13, 2023; and (3) the Freedom Defendants have since performed a search of Ms. Gareau's ESI file and found no new documents outside of what has already been produced in the Mansour litigation (Doc. 263).[3] The Freedom

---

[1] Dr. Mansour is a former *qui tam* relator who has also brought claims against Defendants. *See Mansour v. Freedom Health, Inc.*, No. 8:22-cv-595-WFJ-SPF (M.D. Fla.). Relator and Dr. Mansour share a common interest agreement in this litigation and are both represented by the same counsel. Dan Kollefrath is the former COO of Defendant Physician Partners, LLC and Nancy Gareau is the former COO of Defendant Freedom Health, Inc. (Doc. 255 at 3).

[2] As such, the Freedom Defendants argue that Relator's counsel cannot manufacture an emergency by essentially producing these same documents already in their possession to themselves.

[3] The parties agreed for Ms. Gareau to be a custodian in the Mansour case because, as the individual responsible for provider relations, she likely had responsive documents in that case (which "concerned Dr. Mansour's termination as a provider from Provider Defendants' network") (Doc. 263 at 3 n.1). The parties apparently did not anticipate that she would possess responsive documents in this litigation (which "generally concerns Defendants' risk adjustment activities and the Freedom Defendants' diagnosis code submissions to the government") (*Id.*).

2

Defendants have provided the Declaration of Lucile H. Cohen, their enterprise e-discovery counsel, in support of their opposition (Doc. 263-1). The Provider Defendants further respond that Relator's motion should be denied because Mr. Kollefrath, like Ms. Gareau, was not a custodian in this case (Doc. 265).[4]

Given Defendants' representations, the Court is not persuaded that the April 2019 emails reveal any production deficiencies. As such, an emergency status conference is not necessary at this time. The Court is aware of the parties' ambitious discovery schedule, and to the extent additional issues arise, the Court invites the parties to confer on whether those issues can be resolved through short-form letter briefing or discovery conferences, as suggested by Relator (Doc. 255 at 2 n.1). The undersigned will endeavor to accommodate the parties' preferred method of resolving any such issues.

Accordingly, it is **ORDERED** that Relator's Time-Sensitive Motion for Status Conference (Doc. 255) is **DENIED**.

**ORDERED** in Tampa, Florida, May 22, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes Ms. Gareau is scheduled to be deposed on May 31, 2024 and Mr. Kollefrath is scheduled to be deposed on June 14, 2024.

3