UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

**FREEDOM DEFENDANTS' OPPOSITION TO UNITED STATES' TIME SENSITIVE MOTION FOR STAY OF *TOUHY* DISCOVERY UNTIL DETERMINATION OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Freedom Health, Inc., and Optimum Healthcare, Inc. (collectively, "Freedom Defendants") hereby oppose the United States' Motion to Stay Non-Party *Touhy* Discovery Pending Resolution of Defendants' Motion for Judgment on the Pleadings ("Motion," or "Mot.," ECF 256). As with Relator's prior motion to stay (ECF 242), which this Court denied (ECF 245), the government's motion to stay would needlessly delay the completion of fact discovery based on the government's refusal to allow the deposition of a single witness, and prejudice Defendants' ability to litigate this action.

Although characterized as a motion to stay "all *Touhy* discovery," Mot. 1, the motion was ostensibly precipitated by just one specific request—Freedom Defendants'

request for the deposition of Special Agent Raquel Garrido ("Agent Garrido"). For months, the United States Department of Health and Human Services, Office of Inspector General ("HHS-OIG") has resisted Agent Garrido's deposition, needlessly delaying a deposition that could have occurred weeks ago. Now, just days before the close of fact discovery, and only after forcing Freedom Defendants to move to compel Agent Garrido's deposition, the government asks the Court to grant a stay of discovery so that it does not have to "bear the effort and resources" of responding to Freedom Defendants' motion to compel while Defendants' dispositive motion is pending. Mot. 4.

Freedom Defendants are entitled to depose Agent Garrido and, subject to resolution of Freedom Defendants' pending motion to compel Agent Garrido's testimony (ECF 253), this deposition could occur before the existing fact discovery deadline. *See* ECF 254. Allowing the government to further prolong this deposition would unduly prejudice Freedom Defendants' ability to obtain evidence critical to its defenses. As the Court recognized in denying Relator's request for similar relief, there is simply no basis to delay fact discovery in this matter any further. The Court should deny the government's Motion and allow Agent Garrido's deposition to move forward (subject to resolution of Freedom Defendants' motion to compel).

## I. FACTUAL AND PROCEDURAL HISTORY

This Motion arises principally from Freedom Defendants' January 18, 2024 *Touhy* request to HHS-OIG seeking deposition testimony from Agent Garrido. *See* ECF 253, ECF 253-4. For months, the parties have met and conferred concerning

Freedom Defendants' request, which seeks testimony on a narrow set of topics regarding Agent Garrido's communications with Relator. ECF 253-4 at 2. During this time, HHS-OIG has asserted varying and contradictory objections to the request—none of which hold water. *See* ECF 253 at 13-24. The agency has also refused to produce any documents related to these topics, notwithstanding its initial claim that forthcoming document productions would undermine the need for Agent Garrido's testimony. ECF 253 at 14, ECF 253-7.

After many months of negotiations failed, Freedom Defendants resorted to judicial intervention. ECF 253 (moving to compel Agent Garrido's deposition).[1] HHS-OIG's response is due on May 29, 2024, but the government now seeks to avoid the "effort and resources" of responding to Freedom Defendants' motion to compel on its merits, seeking instead to stay all third-party discovery of the government. Mot. 4. In moving for the stay, the government quotes the Court's *preliminary* Order on Relator's motion to stay (where the Court initially saw "much merit" to Relator's motion to stay before any opposition had been filed), Mot. 4 (citing ECF 243), but does not explain that the Court ultimately *denied* Relator's motion, holding that "the potential harm of imposing a blanket stay of the Court's fact discovery deadline at this late date outweighs the potential benefit." ECF 245.

---

[1] Freedom Defendants direct the Court to their May 15, 2024 motion to compel for additional background regarding the underlying dispute related to Freedom Defendants' request for Agent Garrido's deposition. *See* ECF 253.

## II. ARGUMENT

While a stay pending the resolution of a dispositive motion may be proper when (as here) the dispositive motion "appears to be clearly meritorious and truly case dispositive," *see* ECF 244 at 3-4 (quotation omitted), in deciding a motion to stay, a court must still "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," including by "weighing the likely costs and burdens of proceeding with discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (quotation omitted). The "moving party bears the burden." *Feldman,* 176 F.R.D. at 652.

Setting aside the two pages of generally applicable rule statements unmoored from any factual analysis, the government's Motion contains just one operative sentence purporting to establish the burden it claims justifies a stay.[2] Mot. 4. The government's Motion thus stands or falls based on the sufficiency of the government's assertion that it should not have to "bear the effort and resources of engaging in contested litigation" before Defendants' dispositive motion is resolved. *Id.* The government does not explain what those "efforts" would entail, or estimate the

---

[2] The government does not argue that the absence of a stay would cause it any prejudice, nor does the government argue that a stay would *not* prejudice Defendants.

"resources" necessary to complete those tasks. The government does not even assert that those "efforts" or "resources" would be substantial. The government says nothing at all beyond reflecting its desire to relieve itself of the obligation of responding to Freedom Defendants' motion to compel—a motion made necessary by HHS-OIG's arbitrary denial of Agent Garrido's deposition. When weighed against the substantial burdens of further delay, the government's request for a stay is plainly unwarranted. *McCabe*, 233 F.R.D. at 685.

First, a stay under these circumstances would clearly prejudice Freedom Defendants, given the costs that Freedom Defendants have already expended in pursuit of this discovery and the substantial risk that Agent Garrido's fading recollection could inhibit Freedom Defendants' ability to obtain the requested evidence. *See Nat'l Med. Imaging, LLC v. U.S. Bank, N.A.*, 2022 WL 16836968, at *2 (E.D. Pa. Nov. 9, 2022) (recognizing that "[h]uman recollection is not infinite"); *see also Whitaker v. Miami-Dade Cnty.*, 2014 WL 12513590, at *3 (S.D. Fla. Apr. 23, 2014) (recognizing that memories could begin to fade after just "fifteen months"). An indefinite stay in this litigation could cause significant delays, *see* ECF 244 at 4-5, which could impact Agent Garrido's recollection and Freedom Defendants' ability to obtain critical testimony necessary to defend itself against Relator's allegations.

The government first interviewed Relator over four years ago. ECF 5 at 3. As time passes, it will only get more difficult to refresh Agent Garrido's recollection as to her discussions with Relator—a task already complicated by HHS-OIG's refusal to search for and produce documents that could aid in that project, and the destruction

of other documents that could have served that same purpose. *See* ECF 253 at 14, 23-24; ECF 253-9. HHS-OIG's representations regarding Agent Garrido's "lack of recollection" only heighten this concern. *See e.g.,* ECF 253-8 at 1. While the record makes clear that Agent Garrido *does* in fact currently recall at least some of the events and conversations in question, *see* ECF 253 at 17-18, prolonging her deposition by months or even years will only worsen her ability to recall. Granting a stay of Agent Garrido's deposition would effectively reward the government for its months of delay in responding to this request, while eroding the value of Agent Garrido's testimony—evidence critical to Freedom Defendants' defenses.

Second, a stay runs counter to the interests of judicial economy. The government's "Time-Sensitive Motion" is a case in point—the government's conduct has again caused the parties (and the Court) to expend resources on ancillary motions practice instead of conducting discovery critical to the merits of this litigation. Had the government complied with its discovery obligations from the outset, the "burdens" on the government would have been substantially reduced. Freedom Defendants' motion to compel is already before the Court, and the Court is familiar with the factual setting of this dispute. The parties have teams in place who are familiar with the relevant allegations, and the relevant discovery needed to test those allegations. HHS-OIG is in contact with Agent Garrido about this litigation, and has already begun the process of probing her recollection. *See* ECF 253-1 ¶¶ 27-30. Suffice it to say, there is no better time than now to adjudicate this dispute, and obtain the requested discovery. Judicial economy is best served by moving expeditiously.

### III.  CONCLUSION

The government's conclusory assertion of burden is outweighed by the prejudice and inefficiency that a lengthy stay could inflict.  While Freedom Defendants continue to maintain that the Court should grant their motion to dismiss this action, the Government's motion to stay is unwarranted and should be denied.

Dated: May 22, 2024	Respectfully submitted,

By: /s/ *Benjamin D. Singer*

    Benjamin D. Singer*
    Amanda M. Santella*
    William Buffaloe*
    Kelly McDonnell*
    O'MELVENY & MYERS LLP
    1625 Eye Street NW
    Washington, DC 20006
    (202) 383-5300
    bsinger@omm.com
    asantella@omm.com
    wbuffaloe@omm.com
    kmcdonnell@omm.com

    Scott Drake (Lead Counsel)*
    O'MELVENY & MYERS LLP
    2801 North Harwood Street, Suite 1600
    Dallas, TX 75201
    (972) 360-1915
    sdrake@omm.com

    Catherine Nagle*
    O'MELVENY & MYERS LLP
    7 Times Square
    New York, NY 10036
    (212) 326-2000
    cnagle@omm.com

    Ginger Boyd
    Fla. Bar No. 294550
    NELSON MULLINS RILEY & SCARBOROUGH LLP
    215 South Monroe Street, Suite 400
    Tallahassee, FL 32301
    (850) 205-3356
    Ginger.Boyd@nelsonmullins.com
    *Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*
    * admitted pro hac vice

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Benjamin Singer*

Benjamin D. Singer

*Counsel for Freedom Defendants*
*\* admitted pro hac vice*