UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

    Relator/Plaintiff,

v.

CASE NO. 8:19-cv-1236-KKM-SPF

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Relator's Motion to File Exhibit Under Seal Pursuant to the Stipulated Protective Order (Doc. 205), Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal Under Federal Rule 5.2(D)-(E), Local Rule 1.11, and ECF No. 140-1 (Doc. 210), and Relator's Response to Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Statement of Compliance with Local Rule 3.01(g)(3) Concerning Motion to Seal (Doc. 215). This Court's Local Rule 1.11(b) sets forth the requirements for filing an item under seal, if not authorized by a statute, rule, or order, and states that the motion:

1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

2) must describe the item;

3) must establish:

    (A) that filing the item is necessary,

    (B) that sealing the item is necessary, and

    (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

4) must include a legal memorandum;

5) must propose a duration for the seal;

6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

8) must include the item, which is sealed pending an order resolving the motion.

L.R. 1.11(b)(1)-(8), M.D. Fla. (2024).

    Relator's Motion (Doc. 205) seeks entry of a court order allowing the sealed filing of Exhibit A to Relator's Reply in Support of Motion to Compel Discovery (Docs. 204, 214) (the "Sealed Document").[1] Although Relator disputes that the entirety of the Sealed Document contains information that is "Confidential – Business Information" as defined by the parties' Protective Order (Doc. 140-1), Relator filed the motion consistent with the Protective Order's requirement that a party intending to use material designated as confidential in a court proceeding file a motion to seal that informs the Court that the

---

[1] Relator initially redacted portions of her Reply (Doc. 204), but has since filed an unredacted Reply (Doc. 214) given the Freedom Defendants' lack of objection to an unredacted Reply (Doc. 210 at 1 n.1).

party who produced the confidential information will be filing a supplemental motion (Doc. 140-1, ¶ 17). Consistent with Local Rule 1.11(b)(8), Relator has filed the Sealed Document (Doc. 241).

The Freedom Defendants seek to keep the Sealed Document under seal because it contains contractual terms and pricing information between Defendants Freedom Health, Inc. and Physician Partners, LLC (Doc. 210 at 2). The Freedom Defendants represent that this information is confidential and proprietary, and its public release could result in competitive harm. In addition, the Sealed Document contains social security numbers and personally identifiable information of non-parties (*Id.*). According to Michelle Molina, the Freedom Defendants' Director of Network Management in the Provider Relations Department, disclosure of the Sealed Document could potentially harm the Freedom Defendants' business operations by enabling contractual counter-parties and competitors to gain valuable insight into their pricing and contract strategies (Doc. 210-1). The Freedom Defendants have consistently treated the Sealed Document as confidential, and the Sealed Document itself contains a confidentiality clause (*Id.* at ¶ 5).

The Freedom Defendants have satisfied the requirements of Local Rule 1.11(b) and have shown good cause for sealing, *i.e.*, the Sealed Document contains confidential business information, including several restrictions and allowances negotiated between the Freedom Defendants and Physician Partners, LLC. *See United States v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 8:13-cv-206-T-23AEP, 2015 WL 12856778, at *1 (M.D. Fla. June 18, 2015) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to

discovery, is subject to the common law right of access . . . . The common law right of access may be overcome by a showing of good cause.")).

Accordingly, it is **ORDERED**:

(1) Relator's Motion to File Exhibit Under Seal Pursuant to the Stipulated Protective Order (Doc. 205) is **GRANTED**.

(2) Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal Under Federal Rule 5.2(D)-(E), Local Rule 1.11, and ECF No. 140-1 (Doc. 210) is **GRANTED**.

(3) The Sealed Document (Doc. 241) shall remain under seal.

(4) The seal shall expire ninety days after the case is closed and all appeals have been exhausted.

**ORDERED** in Tampa, Florida, on May 22, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4