UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

      Plaintiffs,

v.   Case No.: 8:19-cv-1236-T-23SPF

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

      Defendants.
_____/

# DECLARATION OF CANDACE ASHFORD

In accordance with 28 U.S.C. § 1746, I, Candace Ashford, hereby state and declare as follows:

1. I am counsel with the Department of Health and Human Services ("Department"), Office of the Inspector General ("HHS-OIG"). I am over the age of 18, am capable of making this Declaration, and know all of the following facts of my own personal knowledge. I declare under the penalty of perjury that the foregoing is true and correct.

2. On February 10, 2023, the Defendants served the Department of Justice ("DOJ") and HHS-OIG *Touhy* requests seeking six categories of materials, including "[a]ll audio and/or visual recordings made using the Relator."

3. The United States Attorney's Office for the Middle District of Florida produced the responsive recordings. HHS-OIG objected to the remaining requests.

4. On January 18, 2024, the Defendants served HHS with a subpoena for the testimony of HHS-OIG Special Agent Raquel Garrido ("Agent Garrido"). In the request, the Defendants acknowledged that the "Department of Justice and HHS-OIG previously agreed to produce and produced recordings made by Relator as part of the government's investigation of Relator's allegations" and that they were now seeking "testimony from Garrido regarding her communications with Relator regarding Relator's allegations against Defendants and the audio and video recordings made by Relator, including with respect to Garrido's communications with Relator on how to make the recordings or what should be recorded and Relator's statements about what was captured on the recordings."

5. I received the request for the testimony of Agent Garrido, reviewed the request, reviewed the Department's *Touhy* relegations at 45 C.F.R. §§ 2.1–2.6, and consulted with Agent Garrido, my supervisors, and other HHS-OIG managers, including within the Office of Counsel and the Office of Investigations. Applying 45 C.F.R. § 2.4, HHS-OIG considered whether the

information sought was unavailable by any other means and whether providing the testimony would promote the objective of the Department.

6.  In an effort to gain a better understanding of the Defendants' request, I participated in phone a conference with defense counsel on February 13, 2024. In this call, DOJ communicated HHS-OIG's view that the information sought through the request for testimony was otherwise available from the Relator.

7.  On April 1, 2024, HHS-OIG issued a letter, signed by Acting Chief Counsel to the Inspector General, Susan Edwards, denying the request.

8.  The denial letter was written after reviewing the request, considering Agent Garrido's involvement in and memory of the case, and applying the standards in the applicable *Touhy* regulations. The purpose of the letter was to address HHS-OIG's determination as to this specific request.

9.  In its denial letter, HHS-OIG cited to the applicable *Touhy* regulations and noted that they "prohibit any Department employee from providing testimony concerning information acquired in the course of performing official duties, unless the Agency head, after consultation with the Office of the General Counsel, determines 'that compliance with the request would promote the objectives of the Department,'" citing 45 C.F.R. § 2.3.

10. The letter further stated:

> We do not believe that compliance with your deposition request would be in the best interest of the Department, and you have provided no convincing evidence to the contrary. The deposition request would be a significant burden on OIG and would disrupt the official functions of the agency because of the time and effort necessary to prepare for a deposition concerning events that occurred nearly 5 years ago. Given the witness's lack of recollection of these old events, SA Garrido would have to substantially reduce her official duties to spend a significant amount of time preparing for the deposition. Further, we disagree with your assessment that the requested testimony is unavailable by any other means. Therefore, we have concluded authorizing SA Garrido's testimony would substantially disrupt her official duties and thus her deposition neither promotes the objectives nor is in the interest of the Department or OIG.

11. In an effort to reach a resolution, HHS-OIG participated in further phone conversations with defense counsel on May 10, 2024 and May 15, 2024, but HHS-OIG's position, as stated in the denial letter, did not change. HHS-OIG reiterated to defense counsel in these calls that the request would not promote the objective of the Department and the information sought in the requested testimony is available from the Relator.

12. Although the information defendants seek though the testimony of Agent Garrido is available from the Relator, Relator's deposition was not noticed until May 14, 2024. The deposition is currently scheduled for May 30, 2024.

Executed this 29th day of May, 2024 in Dallas, Texas.

*/s/ Candace Ashford*
Candace Ashford
Senior Counsel, HHS-OIG