# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* DR. CLARISSA ZAFIROV, | ) | |
| | ) | |
| Plaintiff and Relator, | ) | |
| | ) | |
| v. | ) | NO. 8:19-cv-01236-KMM-SPF |
| | ) | |
| FLORIDA MEDICAL ASSOCIATES, | ) | |
| LLC, d/b/a VIPCARE; PHYSICIAN | ) | |
| PARTNERS, LLC; ANION | ) | |
| TECHNOLOGIES, LLC; FREEDOM | ) | |
| HEALTH, INC.; and OPTIMUM | ) | |
| HEALTHCARE, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

**RELATOR'S RESPONSES AND OBJECTIONS TO DEFENDANTS
FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION**

### PRELIMINARY STATEMENT

The following responses and objections are based upon the facts and
information presently known and available to Relator, and will be supplemented if and
when appropriate pursuant to the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1.      Relator objects to the definitions of "clinical diagnosis" and "clinical
diagnoses" as vague and ambiguous, as they purportedly incorporate a definition set
forth in Stedman's Medical Dictionary 474 (28th Ed. 2005), a proprietary reference
which is not publicly accessible. For purposes of these responses, Relator will define

1

"clinical diagnosis/diagnoses" as the determination of a medical condition (such as a disease) by physical examination or based on signs, symptoms and laboratory tests.

2.      Relator objects to the definition of "PO Defendants" to the extent it includes Physician Partners Specialty Services, which is no longer a defendant in this case and is not included in Paragraphs 22 through 25 of Relator's Amended Complaint. For purposes of these responses and objections, Relator will define "PO Defendants" to include Florida Medical Associates, Inc. d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC.

3.      Relator objects to the definition of "You" or "Your" insofar as it purports to broadly include Dr. Clarissa Zafirov's counsel, whether such counsel were acting independently or in their capacity as the representative of Dr. Zafirov. For Requests No. 1 through 8, 40 through 45, and 47 through 53, Relator will define "You" or "Your" to mean Dr. Zafirov and any other person acting at the direction of or on behalf of Dr. Zafirov in relation to this case. For Requests No. 9 through 39 and Request No. 46, which seek communications, Relator will define "You" or "Your" to mean Dr. Zafirov individually.

4.      Relator objects to the instruction to produce all documents in their unredacted form. Relator will produce documents subject to applicable privileges, and consistent with any Protective Order entered in this case.

## <u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

**<u>Request No. 1:</u>**    All Documents that support, evidence, or otherwise establish the allegations in the Amended Complaint.

    **<u>Response to Request No. 1:</u>** Relator objects to this Request to the extent it is premature as discovery has just commenced, is duplicative to other Requests for Production, and is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Based on these objections, Relator cannot respond to this Request.

 

**<u>Request No. 2:</u>**    All Documents Concerning Your training and experience as a physician prior to October 1, 2018, including, without limitation, a transcript from Your medical school, records of any post-medical school training that You received, and records of any of Your employment as a physician, or as an intern, fellow, or resident physician.

    **<u>Response to Request No. 2:</u>**    Relator objects to this Request to the extent it is vague and undefined as to the meaning of "all documents concerning Your training and experience as a physician prior to October 1, 2018" which potentially encompasses every document Relator reviewed in her schooling and every record related to every patient Relator treated in her capacity as a physician. Accordingly, Relator also objects to this Request because it encompasses communications that are not material to any parties' claims or defenses in this case and are not proportional to

3

the needs of the case. Based on these objections, Relator cannot respond to that portion of this Request.

Relator does not object and will produce records responsive to the portions of this Request which seek a transcript from her medical school, records of post-medical school training, and records which establish her employment as a physician, intern, fellow, or resident physician.

**Request No. 3:**     All Documents Concerning Your allegation in Paragraphs 299, 303, 307, 311, 315, 319, 323, 327, 331, 336, 341, and 346 of the Amended Complaint that the United States suffered damages, including but not limited to any data, records, studies, or other similar Documents.

**Response to Request No. 3:** Relator objects to this Request to the extent it is premature as discovery has just commenced, is duplicative to other Requests for Production, seeks privileged documents, and because it is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Based on these objections, Relator cannot respond to this Request.

**Request No. 4:**     All Documents You provided to the Government Concerning any of the allegations in the Amended Complaint.

**Response to Request No. 4:**    Relator objects to this Request to the extent it

that it seeks the production of communications between Relator and the Government

or production of other documents subject to the attorney-client privilege, joint

prosecution privilege, common interest privilege, the attorney work-product doctrine,

and other applicable privilege or protection. E.g., *Bingham v. Baycare Health Sys.*, No.

8:14-cv-73-T-23JSS, 2016 WL 1546504, at *6 (M.D. Fla. Apr. 15, 2016); *U.S. ex rel.*

*Heesch v. Diagnostic Physicians Group, P.C.*, No. 11-00364, 2014 WL 12603138, at *3

(S.D. Ala. June 4, 2014). Relator will not provide her disclosure statements, or any of

her communications with the Government.

Relator does not object to this request to the extent it seeks non-privileged

records that Relator provided to the Government concerning allegations in the

Amended Complaint and will produce responsive non-privileged records in her

possession, custody and control.


**Request No. 5:**    All Documents the Government provided to You concerning any

of the allegations in the Amended Complaint.

**Response to Request No. 5:**    Relator objects to this Request to the extent it

that it seeks the production of communications between Relator and the Government

or production of other documents subject to the attorney-client privilege, joint

prosecution privilege, common interest privilege, the attorney work-product doctrine,

and other applicable privilege or protection. E.g., *Bingham v. Baycare Health Sys.*, No.

8:14-cv-73-T-23JSS, 2016 WL 1546504, at *6 (M.D. Fla. Apr. 15, 2016); *U.S. ex rel. Heesch v. Diagnostic Physicians Group, P.C.*, No. 11-00364, 2014 WL 12603138, at *3 (S.D. Ala. June 4, 2014). Relator will not provide her communications with the Government.

There are presently no non-privileged records in Relator's possession, custody or control responsive to this Request. Relator has submitted a Touhy request to the United States to obtain copies of recordings that Relator made in conjunction with the United States Department of Health and Human Services – Office of Inspector General during the investigation of this case. Relator will produce recordings that she receives in response to that request.

**Request No. 6:**    All Communications between You and the Government concerning any of the allegations in the Amended Complaint.

**Response to Request No. 6:**    Relator objects to this Request as duplicative of Requests No. 4 and 5. Relator incorporates her objections and responses to those requests as though fully set forth herein.

**Request No. 7:**    All Documents the Government provided to You through any Communication with the Government related to this matter, including, without limitation, in response to Your Communication with the United States Attorney's Office described in Jillian Estes's December 16, 2022 email to Elizabeth Bock.

**Response to Request No. 7:**     Relator objects to this Request as duplicative of Requests No. 5 and 6. Relator incorporates her objections and responses to those requests as though fully set forth herein.

**Request No. 8:**     All Documents Concerning Your investigation, research, or development of the allegations included in the Amended Complaint, including but not limited to notes, journals, summaries, analyses, reports, or any other similar Documents.

**Response to Request No. 8:**     Relator objects to the portion of this Request which seeks "all documents concerning your investigation, research , or development of the allegations included in the Amended Complaint" because it is premature as discovery has just commenced, is duplicative to other Requests for Production, seeks privileged documents, and because it is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Further, Relator objects to this portion of the Request because it encompasses every document and record Relator has reviewed in her education, training and career which led her to the conclusion that the conduct alleged in the Amended Complaint constituted fraud. Based on these objections, Relator cannot respond to that portion of this Request.

Relator does not object and will produce non-privileged records responsive to the portion of this Request which specifically seeks notes, journals, summaries,

analyses, reports, or any other similar documents which Relator reviewed in development of the Amended Complaint.

**Request No. 9:**     All Communications between You and Keith Fernandez.

**Response to Request No. 9:**     Relator has no documents responsive to this Request.

**Request No. 10:**     All Communications between You and Dr. George Mansour.

**Response to Request No. 10:**     Relator will produce non-privileged communications responsive to this Request.

**Request No. 11:**     All Agreements between You and Dr. George Mansour.

**Response to Request No. 11:**     Relator will produce non-privileged documents responsive to this Request.

**Request No. 12:**     All Communications between You and Dr. Esenbike Bek.

**Response to Request No. 12:**     Relator will produce communications responsive to this request.

**Request No. 13:**   All Communications between You and Dr. Suzanne Johnson.

   **Response to Request No. 13:**   Relator will produce communications responsive to this request.

**Request No. 14:**   All Communications between You and Dr. Claudine Fredericks.

   **Response to Request No. 14:**   Relator will produce communications responsive to this request.

**Request No. 15:**   All Communications between You and Dr. Anit Ford.

   **Response to Request No. 15:**   Relator will produce communications responsive to this request.

**Request No. 16:**   All Communications between You and Dr. Beth Oliver.

   **Response to Request No. 16:**   Relator will produce communications responsive to this request.

**Request No. 17:**   All Communications between You and Dr. Wendy Worsely.

   **Response to Request No. 17:**   Relator will produce communications responsive to this request.

**Request No. 18:**    All Communications between You and Dr. Thomas Smith.

**Response to Request No. 18:**    Relator will produce communications responsive to this request.

**Request No. 19:**    All Communications between You and Catherine Davis.

**Response to Request No. 19:**    Relator will produce communications responsive to this request.

**Request No. 20:**    All Communications between You and Cody DeGross.

**Response to Request No. 20:**    Relator will produce communications responsive to this request.

**Request No. 21:**    All Communications between You and Alex Lavin.

**Response to Request No. 21:**    Relator will produce communications responsive to this request.

**Request No. 22:**    All Communications between You and Emily Gallman.

**Response to Request No. 22:**    Relator will produce communications responsive to this request.

**Request No. 23:**    All Communications between You and Sajitha Johnson.

    **Response to Request No. 23:**    Relator will produce communications responsive to this request.


**Request No. 24:**    All Communications between You and Jan Morsey.

    **Response to Request No. 24:**    Relator will produce communications responsive to this request.


**Request No. 25:**    All Communications between You and Cassidy Cooper.

    **Response to Request No. 25:**    Relator will produce communications responsive to this request.


**Request No. 26:**    All Communications between You and Sawan Kothari.

    **Response to Request No. 26:**    Relator will produce communications responsive to this request.


**Request No. 27:**    All Communications between You and Dr. Rajiv Patel.

    **Response to Request No. 27:**    Relator will produce communications responsive to this request.

**Request No. 28:**   All Communications between You and Dr. Sangeeta Hans.

    **Response to Request No. 28:**   Relator will produce communications responsive to this request.

**Request No. 29:**   All Communications between You and Ratnakar Mekala.

    **Response to Request No. 29:**   Relator will produce communications responsive to this request.

**Request No. 30:**   All Communications between You and Syed Dastagir.

    **Response to Request No. 30:**   Relator will produce communications responsive to this request.

**Request No. 31:**   All Communications between You and Siddhartha Pagidipati.

    **Response to Request No. 31:**   Relator will produce communications responsive to this request.

**Request No. 32:**   All Communications between You and Dan Kolefrath.

    **Response to Request No. 32:**   Relator will produce communications responsive to this request.

**Request No. 33:**   All Communications between You and Darren D. Sewell.

    **Response to Request No. 33:**   Relator has no documents responsive to this Request.

**Request No. 34:**   All Communications between You and any patient described in the Amended Complaint.

    **Response to Request No. 34:**   Relator has no documents responsive to this Request.

**Request No. 35:** All Communications between You and any patient listed in the "Amended Complaint Patient Crosswalk" that was provided to counsel for Freedom and Optimum on November 29, 2021.

    **Response to Request No. 35:**   Relator has no documents responsive to this Request.

**Request No. 36:**   All Communications between You and Freedom or Optimum during your employment at VIPcare.

    **Response to Request No. 36:**   Relator will produce communications responsive to this request.

**Request No. 37:**   All Communications between You and any other Person, including but not limited to Freedom, Optimum, PO Defendants, or any PO Defendant Member, Concerning the allegations in the Amended Complaint.

   **Response to Request No. 37:**   Relator will produce non-privileged communications responsive to this request.

**Request No. 38:**   All Agreements Concerning your employment at VIPcare.

   **Response to Request No. 38:**   Relator will produce non-privileged documents responsive to this request.

**Request No. 39:**   All Communications concerning your employment at VIPcare, including but not limited to any Communication regarding Your compensation and bonuses and Your performance.

   **Response to Request No. 39:**   Relator will produce non-privileged documents responsive to this request.

**Request No. 40:**   All Documents Concerning your employment at VIPcare, including but not limited to any Documents regarding your compensation and bonuses and Your performance.

   **Response to Request No. 40:**   Relator will produce non-privileged documents responsive to this request.

14

**Request No. 41:**    All 5 Star Checklists You allege in Paragraph 13 of the Amended Complaint to have retained.

    **Response to Request No. 41:**    Relator will produce documents responsive to this request.

**Request No. 42:** All Documents Concerning the 5 Star Checklists described in Paragraph 8 of the Amended Complaint.

    **Response to Request No. 42:**    Relator will produce non-privileged documents responsive to this request.

**Request No. 43:** All Documents Concerning the Quality Training Manual described in Paragraph 111 of the Amended Complaint.

    **Response to Request No. 43:**    Relator will produce non-privileged documents responsive to this request.

**Request No. 44:**    All Documents Concerning the Medicare Provider Manual described in Paragraph 182 of the Amended Complaint.

    **Response to Request No. 44:**    Relator will produce non-privileged documents responsive to this request.

**Request No. 45:** All Documents Concerning Freedom or Optimum.

**Response to Request No. 45:**    Relator objects to this Request to the extent it is premature as discovery has just commenced, is duplicative to other Requests for Production, seeks privileged documents, and is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Based on these objections, Relator cannot respond to this Request.

**Request No. 46:**    All Communications with any Person employed by, associated with or affiliated with Freedom or Optimum.

**Response to Request No. 46:**    Relator objects to this Request to the extent it is duplicative to other Requests set forth herein, seeks privileged documents, and is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Relator also objects to this Request to the extent it is vague and undefined as to the meaning of "associated with or affiliated with Freedom or Optimum," which potentially encompasses any communication with any person who has any relationship with Freedom or Optimum (including, inter alia, more than 120,000 insured beneficiaries) on any topic. Accordingly, Relator also objects to this Request because it encompasses communications that are not material to any parties' claims

16

or defenses in this case and are not proportional to the needs of the case. Based on these objections, Relator cannot respond to this request.

**Request No. 47:**   All Documents Concerning Your Clinical Diagnosis of any PO Defendant Member.

**Response to Request No. 47:**   Relator objects to this Request to the extent it is premature as discovery has just commenced, is duplicative to other Requests for Production, seeks privileged documents, and is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Based on these objections, Relator cannot respond to this Request.

**Request No. 48:**   All Documents, including but not limited to notes, calendars, diaries, schedules, journals, or reports reflecting Your consultations with or health examinations of any PO Defendant Member.

**Response to Request No. 48:**   Relator objects to this Request to the extent it is premature as discovery has just commenced, is duplicative to other Requests for Production, seeks privileged documents, and is overly broad and unduly burdensome as set forth in the MDFL Civil Discovery Handbook, Section III(A)(1) as it is not clear, concise or reasonably particularized. Based on these objections, Relator cannot respond to this Request.

**Request No. 49:**   All Documents Concerning any education, whether formal or informal, that You have received Concerning the coding of medical conditions contained in patient medical charts using Diagnosis Codes, including but not limited to training, instruction, seminars, conferences, presentations, conventions, workshops, and symposiums.

**Response to Request No. 49:**   Relator will produce non-privileged documents responsive to this request.

**Request No. 50:**   All Documents concerning any education, whether formal or informal, that You received after attending medical school concerning the method, manner, technique, or practice for medically diagnosing any of the conditions referenced in the Amended Complaint, including but not limited to training, instruction, seminars, conferences, presentations, conventions, workshops, and symposiums.

**Response to Request No. 50:**   Relator will produce non-privileged documents responsive to this request.

**Request No. 51:** All Documents You received from Freedom or Optimum Concerning the method, manner, technique, or practice for medically diagnosing any condition.

**Response to Request No. 51:**   Relator will produce documents responsive to this request.

**Request No. 52:**   All Documents Concerning any standard, guideline, custom, or generally accepted practice for the documentation of patient medical conditions for the purpose of submitting Diagnosis Codes as Risk Adjustment Data for Medicare Part C that You employed, used, referenced, consulted, or otherwise relied upon while practicing at VIPcare, including but not limited to policies, procedures, training manuals, or educational materials.

**Response to Request No. 52:**   Relator will produce non-privileged documents responsive to this request.

**Request No. 53:**   All documents identified in Your Rule 26(a)(1) initial disclosures served on counsel for Defendants in the above-captioned action on December 5, 2022.

**Response to Request No. 53:**   Relator will produce documents responsive to this request.

Respectfully submitted this 21st day of February, 2023,

/s/ Jillian L. Estes
Frederick M. Morgan, Jr. (Ohio Bar No. 0027687)
Jillian L. Estes (Fla. Bar No. 0055774)
Jonathan Lischak (Ohio Bar No. 97669)
MORGAN VERKAMP LLC

4410 Carver Woods Drive, Suite 200
Cincinnati, OH 45242
Phone: (513) 651-4400
Fax: (513) 651-4405
rmorgan@morganverkamp.com
jillian.estes@morganverkamp.com
jonathan.lischak@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL   33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com

***Counsel for Relator Dr. Clarissa Zafirov***

## <u>CERTIFICATE OF SERVICE</u>

I, Jillian Estes, hereby certify that on February 21, 2023, the foregoing Relator's Responses and Objections to Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s First Set of Requests for Production was served via electronic mail on all counsel of record.

/s/ Jillian L. Estes
Jillian L. Estes

***Counsel for Relator Dr. Clarissa Zafirov***