# EXHIBIT D

| | |
|---|---|
| **From:** | Jillian Estes |
| **To:** | Nagle, Catherine; Chandra Napora; Jonathan Lischak; Traci Ann Smith; Adam Rabin; Havan Clark; Jason Mehta; Joe Swanson; Mike Matthews; Lauren Valiente; Lee Bentley; Samantha Gerencir; e-filing@rkjlawgroup.com; Anne Hayes Hartman |
| **Cc:** | Drake, Scott; Santella, Amanda M.; McDonnell, Kelly; Kohli, Rahul; Hindman, Evan; Tschepik, Nathan; Ginger.Boyd@nelsonmullins.com |
| **Subject:** | Re: Zafirov | Relator"s Privilege and Redaction Log |
| **Date:** | Tuesday, May 21, 2024 11:17:39 AM |

**[EXTERNAL MESSAGE]**

Cade,

I am responding both to the email below and to your email of 5/8 which covered several of the same topics. We responded in part to that on 5/16, and the rest of the topics are addressed herein.

Relator will reproduce her privilege log in Excel format with the fields requested where appropriate. Given that neither Relator0000483 nor Relator016767 contain redactions placed by Relator (as discussed below), if the metadata inadvertently reflected as such, we will reproduce the load file for those two documents. And although we think it unnecessary given the privilege at issue, we will add specific entries for the spousal privilege documents.

Further, in follow-up to the 5/8 email and the part of #3 below regarding metadata/filenames, we have discussed this issue at length but I will try my best to set it forth as clearly as possible once again. The documents which we have in native form, such that the metadata is relevant to the document itself, have been produced with that metadata. For the rest of the documents produced by Relator, the documents were either (1) hard copies which were scanned for production, or (2) screenshots which were taken on Dr. Zafirov's cell phone and transmitted to her counsel for investigation of this case. For either of those two, there is no metadata available for the underlying document; Defendants are exclusively in possession of that for their respective documents. The only metadata in Relator's possession would be from the screenshots that Dr. Zafirov took. But it is not the fact of those photographs which is it at issue – if it were, then metadata of the photographs might be necessary for review. But here, it is the content of the screen that was captured in the photograph which is the relevant and responsive production. The metadata of the *photographs* invades Relator's attorney-client and work product privileges with her counsel as which documents she selected at which time speaks directly to both her and her counsels' mental impressions. Likewise, the filepaths which have been redacted are not related to the content of the underlying information, but rather would reveal only how Relator's counsel categorized and stored records internally. The information which has been withheld for attorney-client privilege or work product privilege need not appear on a privilege log, as set forth in Sections II(a) and II(b) of the Privilege Log Protocol.

With respect to the portion of the 5/8 email about specific documents and the first part of #3 below, those records are properly not on Relator's privilege log: Relator0002440 is not a document that was "received" by Relator – it is (as evident on its face) a 5 Star form that she filled out, signed, and submitted to Provider Defendants. The white-out mark appears to have been made by her at the time of completing and submitting the checklist (Relator has no independent recollection of this 5 Star Checklist out of the hundreds she was required to complete, but that would be consistent with her practice). Of note, the exact

document with the exact marking was produced by Physician Partners at PHYSPART_0004530. As to the boxes on Relator0001960, as stated, Relator did not place the markings on the top of that progress note. The document appears to be consistent with how Provider Defendant redacted records for Provider Committee meetings sample records, though it does not appear these records were produced by Provider Defendants, raising another concern of incomplete production. Similarly, Relator0016767 contains redacted information but Relator did not place those redactions and they appear consistent with Provider Defendants training materials.

With respect to Dr. Mansour, Relator objected to the relevance of the agreement that has been requested, which is why it does not appear on the privilege log. We have provided the relevant parts of it in response to interrogatories, but the remainder of the agreement is not produced or logged based on relevance objections. Even if the whole of the agreement were to be relevant, it is well protected by attorney work product. *Adp v. Ultimate Software Group*, No. 17-cv-61274-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 231004, at *5 (S.D. Fla. Dec. 18, 2017) ("Having reviewed the Common Interest Agreement, I find that it was 'produced in anticipation of litigation' and is therefore protectable as work product."); *Axon Enter. Inc. v. Venjuris PC*, No. 6:22-mc-36-PGB-LHP, 2023 U.S. Dist. LEXIS 20629, at *15 (M.D. Fla. Feb. 7, 2023)(privilege objection to production of common interest agreement is well-taken, and only logged when there is no attendant relevance objection). We're available to meet and confer on this further if needed. Please let us know your availability if you would like to do so.

If you have any other issues with respect to the privilege log not discussed or resolved herein, please let us know so we can address them in the forthcoming amended log.

Thank you,

Jill

_____

Jillian L. Estes   |   513-448-1251   |   [jillian.estes@morganverkamp.com](jillian.estes@morganverkamp.com)
**MORGAN VERKAMP, LLC**

---

**From:** Catherine Nagle <cnagle@omm.com>
**Date:** Friday, May 17, 2024 at 7:13 AM
**To:** Jillian Estes <Jillian.Estes@morganverkamp.com>, Chandra Napora <Chandra.Napora@morganverkamp.com>, Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>, Traci Ann Smith <tsmith@morganverkamp.com>, Adam Rabin <arabin@rkjlawgroup.com>, Havan Clark <hclark@rkjlawgroup.com>, Jason Mehta <jmehta@foley.com>, Joe Swanson <joe.swanson@foley.com>, Mike Matthews <MMatthews@foley.com>, Lauren Valiente <LValiente@foley.com>, Lee Bentley <lbentley@bradley.com>, Samantha Gerencir <samantha.gerencir@foley.com>, "e-filing@rkjlawgroup.com" <e-filing@rkjlawgroup.com>
**Cc:** Scott Drake <sdrake@omm.com>, Amanda Santella <asantella@omm.com>, Kelly

McDonnell <kmcdonnell@omm.com>, Rahul Kohli <rkohli@omm.com>, Evan Hindman <ehindman@omm.com>, Nathan Tschepik <ntschepik@omm.com>, "Ginger.Boyd@nelsonmullins.com" <Ginger.Boyd@nelsonmullins.com>
**Subject:** RE: Zafirov | Relator's Privilege and Redaction Log

-- External Email --

Jill,

I'm following up on the below.  Please let us know when we can expect a response and/or updated privilege log.

Cade

Catherine D. Nagle
O: +1-212-326-2131
cnagle@omm.com

**From:** Jillian Estes <Jillian.Estes@morganverkamp.com>
**Sent:** Friday, May 10, 2024 4:24 PM
**To:** Nagle, Catherine <cnagle@omm.com>; Chandra Napora <Chandra.Napora@morganverkamp.com>; Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>; Traci Ann Smith <tsmith@morganverkamp.com>; Adam Rabin <arabin@rkjlawgroup.com>; Havan Clark <hclark@rkjlawgroup.com>; Jason Mehta <jmehta@foley.com>; Joe Swanson <joe.swanson@foley.com>; Mike Matthews <MMatthews@foley.com>; Lauren Valiente <LValiente@foley.com>; Lee Bentley <lbentley@bradley.com>; Samantha Gerencir <samantha.gerencir@foley.com>; e-filing@rkjlawgroup.com
**Cc:** Drake, Scott <sdrake@omm.com>; Santella, Amanda M. <asantella@omm.com>; McDonnell, Kelly <kmcdonnell@omm.com>; Kohli, Rahul <rkohli@omm.com>; Hindman, Evan <ehindman@omm.com>; Tschepik, Nathan <ntschepik@omm.com>; Ginger.Boyd@nelsonmullins.com
**Subject:** RE: Zafirov | Relator's Privilege and Redaction Log

[EXTERNAL MESSAGE]

Cade,

We are in receipt of this email and looking at the issues you've identified, but won't have a response today. We'll complete the review and amend the privilege log (if we determine it is so-needed) early next week.

Thanks,

Jill

Jillian L. Estes   |   513-448-1251   |   jillian.estes@morganverkamp.com

**MORGAN VERKAMP, LLC**

---

**From:** Nagle, Catherine <cnagle@omm.com>
**Sent:** Monday, May 6, 2024 12:19 PM
**To:** Chandra Napora <Chandra.Napora@morganverkamp.com>; Jillian Estes <Jillian.Estes@morganverkamp.com>; Jonathan Lischak <Jonathan.Lischak@morganverkamp.com>; Traci Ann Smith <tsmith@morganverkamp.com>; Adam Rabin <arabin@rkjlawgroup.com>; Havan Clark <hclark@rkjlawgroup.com>; Jason Mehta <jmehta@foley.com>; Joe Swanson <joe.swanson@foley.com>; Mike Matthews <MMatthews@foley.com>; Lauren Valiente <LValiente@foley.com>; Lee Bentley <lbentley@bradley.com>; Samantha Gerencir <samantha.gerencir@foley.com>; e-filing@rkjlawgroup.com
**Cc:** Scott Drake <sdrake@omm.com>; Amanda Santella <asantella@omm.com>; Kelly McDonnell <kmcdonnell@omm.com>; Rahul Kohli <rkohli@omm.com>; Evan Hindman <ehindman@omm.com>; Nathan Tschepik <ntschepik@omm.com>; Ginger.Boyd@nelsonmullins.com
**Subject:** Zafirov | Relator's Privilege and Redaction Log

-- External Email --

Jill,

We are writing regarding a number of deficiencies identified in Relator's privilege and redaction log ("Relator's log").

As an initial matter, Freedom Defendants have already detailed the issues with Relator's claims of privilege over Relator's communications with the government in the February 20, 2024 Motion to Compel Responses to Requests for Production Nos. 4-7.  To the extent the pending motion does not resolve these issues, Freedom Defendants reserve the right to seek relief from the Court regarding the deficiencies in Relator's log, including those detailed below.

1. Relator's log does not comply with the "Protocol Relating to Privileged Responsive Materials" agreed upon by the parties ("the Protocol").  For example, Relator's log is not in "electronic spreadsheet format" as required by Section I.a. of the Protocol and does not include the fields enumerated in Section I.b. of the Protocol, such as Bates number, file name, date, etc.
2. Relator's log does not individually identify any withheld documents, and instead provides only vague, categorical descriptions of the withheld documents with years-long date ranges (e.g., "Communications between Relator and her spouse, Delian Zafirov, from 2018 to the present.").  Because Relator's log is so generalized and incomplete, it is not even possible for Freedom Defendants to request additional information about or challenge Relator's decision to withhold a particular document.  The Federal Rules require Relator to describe withheld documents in a way that enables other parties to assess the claim of privilege.
3. Relator's log does not identify all redacted documents.  For example, the metadata for Relator0000483 and Relator0016767 indicates that those documents are redacted, but they do not appear on Relator's log.  In addition, over 700 documents in Relator's productions list "File Name Redacted" as the file name value.  These redactions are not accounted for on Relator's log.

4. Your assertion of privilege as to agreements between Relator and Dr. George Mansour is improper and we renew our request that you produce "All Agreements between You and Dr. George Mansour" (Freedom Defendants' RFP No. 11).  The fact that you have claimed privilege over this document, but failed to include it in Relator's log causes us to question what other documents Relator may be withholding without disclosing them.

Please provide us with a revised privilege and redaction log that addresses these deficiencies as soon as possible, and no later than May 10.

Best,
Cade

## O'Melveny

**Catherine D. Nagle**
Counsel
cnagle@omm.com
O: +1-212-326-2131

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*