# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV, <br><br>  Plaintiff and Relator, <br><br> v. <br><br> FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.; <br><br>  Defendants. | ) ) ) ) ) ) ) NO. 8:19-cv-01236-KMM-SPF ) ) ) ) ) ) ) ) ) ) |

**RELATOR'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT PHYSICIAN PARTNERS, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26(e), Relator Dr. Clarissa Zafirov, through undersigned counsel, hereby submits this first supplemental response to Defendant Physician Partners, LLC's First Set of Interrogatories. Relator hereby incorporates the preliminary statement and general objections set forth in Relator's Responses and Objections to Defendant Physician Partners, LLC's First Set of Interrogatories, served on December 13, 2023 and responds further as follows.

**INTERROGATORY NO. 8:** Describe in detail every fact concerning the nature of your relationship with Dr. George Mansour, including, without limitation,

1

any agreements or contracts between you and Dr. George Mansour related to the Amended Complaint or this litigation.

**INITIAL RESPONSE:**

Relator objects to this Interrogatory because it calls for information that is subject to the attorney-client privilege and work product protection, and the communication of such information between Relator and the Government is protected by the common interest doctrine. Without waiving those protections and privileges, Relator responds that she and Dr. Mansour have a contractual relationship related to this case, which such contract will be produced in relevant and non-privileged part.

While Relator was employed at VIPcare, she does not recall ever communicating with Dr. Mansour directly. To the extent it could be considered constituting a "relationship" between Relator and Dr. Mansour, Relator treated a patient at VIPcare who had previously been treated by Dr. Mansour. The patient, who is identified in the Amended Complaint as Patient A, stated to Relator in July 2019 that Dr. Mansour had told her that he suspected Freedom had been billing fraudulently and that he had reported his concerns to Freedom. Patient A stated to Relator that Dr. Mansour told her that Freedom told Dr. Mansour that "if he wasn't happy with them, he would not be associated with them anymore" and then "they [Freedom] took his patients away." The patient understood that Dr. Mansour had initiated some sort of legal proceeding as a result.

**SUPERSEDING RESPONSE**:

Relator objects to this Interrogatory because it calls for information that is subject to the attorney-client privilege and protected by the work product doctrine and is not relevant to the claims or defenses in this matter. Relator further objects to the relevance and admissibility of any evidence related to the mandatory monetary provisions of the False Claims Act including the statutory framework set forth at 31 U.S.C. 3730 (d) and concedes nothing with respect to admissibility or relevance at trial. Without waiving those protections and privileges and subject to these objections, Relator responds that she and Dr. Mansour have a contractual relationship related to this case. The nonprivileged information that is not protected by work product related to that relationship is the following:

Relator is represented in this matter by counsel who also represent Dr. Mansour in the case captioned *U.S. ex rel. Mansour v. Freedom Health, et al.*, Case No. 8:19-cv-02877 (the "Mansour Matter"). Specifically, the law firm of Rabin Kammerer Johnson represents Dr. Zafirov in the instant matter and Dr. Mansour in the Mansour Matter.

Relator and Dr. Mansour have an agreement that establishes the division of any relator's share resulting from the instant matter. Specifically, should a relator's share result from this action, Relator shall retain 70% of such share, and Dr. Mansour shall receive 30%.

Answering further, while Relator was employed at VIPcare, she does not recall ever communicating with Dr. Mansour directly. To the extent it could be considered constituting a "relationship" between Relator and Dr. Mansour, Relator treated a patient at VIPcare who had previously been treated by Dr. Mansour. The patient, who is identified in the Amended Complaint as Patient A, stated to Relator in July 2019 that Dr. Mansour had told her that he suspected Freedom had been billing fraudulently and that he had reported his concerns to Freedom. Patient A stated to Relator that Dr. Mansour told her that Freedom told Dr. Mansour that "if he wasn't happy with them, he would not be associated with them anymore" and then "they [Freedom] took his patients away." The patient understood that Dr. Mansour had initiated some sort of legal proceeding as a result.

This supplemental response supersedes and replaces Relator's initial response in its entirety.

Dated this 27th day of February, 2024,

    /s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)
Frederick Morgan, Jr. (OH Bar No. 0027687)
Jonathan M. Lischak (OH Bar No. 0097669)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
jonathan.lischak@morganverkamp.com

4

        Kenneth J. Nolan (Fla. Bar No. 603406)
        Marcella Auerbach (Fla. Bar No. 249335)
        NOLAN, AUERBACH & WHITE, LLP
        435 N. Andrews Ave., Suite 401
        Fort Lauderdale, FL 33301
        Phone: (954) 779-3943
        Fax: (954) 779-3937
        ken@whistleblowerfirm.com
        marcella@whistleblowerfirm.com

        Adam T. Rabin (Fla. Bar No. 985635)
        Havan M. Clark (Fla. Bar No. 1026390)
        RABIN KAMMERER JOHNSON
        1601 Forum Place, Suite 201
        West Palm Beach, FL 33401
        Phone: (561) 659-7878
        Fax: (561) 242-4848
        arabin@rkjlawgroup.com
        hclark@rkjlawgroup.com
        e-filing@rkjlawgroup.com

        ***Counsel for Relator Dr. Clarissa Zafirov***

## VERIFICATION

    I, Clarissa A. Zafirov, state under penalty of perjury that the facts contained in the responses set forth herein are true and correct to the best of my knowledge and belief.

    Executed this 26th day of February 2024,

        /s/ Clarissa A. Zafirov
        Clarissa A. Zafirov

## CERTIFICATE OF SERVICE

    I, Jillian Estes, hereby certify that the foregoing Relator's First Supplemental Responses and Objections to Defendant Physician Partner's First Set of Interrogatories was served on February 27, 2024, to all parties of record via electronic mail.

                                        /s/ Jillian L. Estes
                                        Jillian L. Estes (Fla Bar No. 0055774)