# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>   Plaintiff and Relator,<br><br>v.<br><br>FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.;<br><br>   Defendants. | NO. 8:19-cv-01236-KMM-SPF |

**RELATOR'S SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANT PHYSICIAN PARTNERS, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26(e), Relator Dr. Clarissa Zafirov, through undersigned counsel, hereby submits this first supplemental response to Defendant Physician Partners, LLC's First Set of Interrogatories. Relator hereby incorporates the preliminary statement and general objections set forth in Relator's Responses and Objections to Defendant Physician Partners, LLC's First Set of Interrogatories, served on December 13, 2023 and responds further as follows.

**INTERROGATORY NO. 8:** Describe in detail every fact concerning the nature of your relationship with Dr. George Mansour, including, without limitation,

1

any agreements or contracts between you and Dr. George Mansour related to the Amended Complaint or this litigation.

**INITIAL RESPONSE:** Relator objects to this Interrogatory because it calls for information that is subject to the attorney-client privilege and work product protection, and the communication of such information between Relator and the Government is protected by the common interest doctrine. Without waiving those protections and privileges, Relator responds that she and Dr. Mansour have a contractual relationship related to this case, which such contract will be produced in relevant and non-privileged part.

While Relator was employed at VIPcare, she does not recall ever communicating with Dr. Mansour directly. To the extent it could be considered constituting a "relationship" between Relator and Dr. Mansour, Relator treated a patient at VIPcare who had previously been treated by Dr. Mansour. The patient, who is identified in the Amended Complaint as Patient A, stated to Relator in July 2019 that Dr. Mansour had told her that he suspected Freedom had been billing fraudulently and that he had reported his concerns to Freedom. Patient A stated to Relator that Dr. Mansour told her that Freedom told Dr. Mansour that "if he wasn't happy with them, he would not be associated with them anymore" and then "they [Freedom] took his patients away." The patient understood that Dr. Mansour had initiated some sort of legal proceeding as a result.

2

**SUPERSEDING RESPONSE**:

Relator objects to this Interrogatory because it calls for information that is subject to the attorney-client privilege and protected by the work product doctrine and is not relevant to the claims or defenses in this matter. Relator further objects to the relevance and admissibility of any evidence related to the mandatory monetary provisions of the False Claims Act including the statutory framework set forth at 31 U.S.C. 3730 (d) and concedes nothing with respect to admissibility or relevance at trial. Without waiving those protections and privileges and subject to these objections, Relator responds that she and Dr. Mansour have a contractual relationship related to this case. The nonprivileged information that is not protected by work product related to that relationship is the following:

Relator is represented in this matter by counsel who also represent Dr. Mansour in the case captioned *U.S. ex rel. Mansour v. Freedom Health, et al.*, Case No. 8:19-cv-02877 (the "Mansour Matter"). Specifically, the law firm of Rabin Kammerer Johnson represents Dr. Zafirov in the instant matter and Dr. Mansour in the Mansour Matter.

Relator and Dr. Mansour have an agreement that establishes the division of any relator's share resulting from the instant matter. Specifically, should a relator's share result from this action, Relator shall retain 70% of such share, and Dr. Mansour shall receive 30%.

Answering further, while Relator was employed at VIPcare, she does not recall ever communicating with Dr. Mansour directly. To the extent it could be considered constituting a "relationship" between Relator and Dr. Mansour, Relator treated a patient at VIPcare who had previously been treated by Dr. Mansour. The patient, who is identified in the Amended Complaint as Patient A, stated to Relator in July 2019 that Dr. Mansour had told her that he suspected Freedom had been billing fraudulently and that he had reported his concerns to Freedom. Patient A stated to Relator that Dr. Mansour told her that Freedom told Dr. Mansour that "if he wasn't happy with them, he would not be associated with them anymore" and then "they [Freedom] took his patients away." The patient understood that Dr. Mansour had initiated some sort of legal proceeding as a result.

This supplemental response supersedes and replaces Relator's initial response in its entirety.

**SUPPLEMENTAL RESPONSE:**

Relator supplements the Superseding Response served on Feb. 27, 2024, to clarify information already articulated by Relator by email and during meet-and-confers. The following supplemental response supersedes and replaces Relator's prior response.

Relator objects to this Interrogatory because it calls for information that is subject to the attorney-client privilege and protected by the work product doctrine and is not relevant to the claims or defenses in this matter. Because

4

attorney work product is not required to be logged subject to the terms of our Protocol Related to Privileged Responsive Materials, Para. II(a) and (b), the common interest agreement identified below is not logged. Moreover, even though work product materials are expressly excluded from the privilege log per the agreed-upon protocol, Relator notes that the information she has provided in response to the interrogatory properly identifies the nature of the document sufficient for Defendants to assess the claim of privilege, in satisfaction of Rule 26(b)(5)(A), Fed. R. Civ. P.

Relator further objects to the relevance and admissibility of any evidence related to the mandatory monetary provisions of the False Claims Act including the statutory framework set forth at 31 U.S.C. 3730 (d) and concedes nothing with respect to admissibility or relevance at trial. Without waiving those protections and privileges and subject to these objections, Relator responds as follows:

Relator is represented in this matter by counsel at the law firms of Morgan Verkamp, LLC, Nolan Auerbach and White, LLC and Rabin Kammerer Johnson. The counsel who represent Relator at Rabin Kammerer Johnson also represent Dr. George Mansour in the case captioned *U.S. ex rel. Mansour v. Freedom Health, et al.*, Case No. 8:19-cv-02877 (the "Mansour Matter"). Relator and Dr. Mansour entered into an agreement, collectively with the counsel identified above, for the joint prosecution of this matter. The agreement between Relator, Dr. Mansour, and counsel, was drafted by counsel

5

in the anticipation of litigation, and was executed by Relator, Dr. Mansour, and by counsel of record in this matter. The agreement was entered into solely for the purposes of litigation and is a protected communication under the attorney-client privilege and the attorney work product doctrine. *ADP v. Ultimate Software Group*, No. 17-cv-61274-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 231004, at *5 (S.D. Fla. Dec. 18, 2017) ("Having reviewed the Common Interest Agreement, I find that it was 'produced in anticipation of litigation' and is therefore protectable as work product.").

The agreement between Relator, Dr. Mansour, and counsel to jointly litigate this matter also reflects an agreement on the division of any relator's share resulting from the instant matter. While the document with their counsel is not discoverable, the relevant facts pertaining to the division of Relator's share in this matter are: Should a relator's share result, Relator shall retain 70% of such share, and Dr. Mansour shall receive 30%.

Finally, in further answer to this Interrogatory, Relator does not recall ever communicating with Dr. Mansour directly while Relator was employed at VIPcare. To the extent it could be considered constituting a "relationship" between Relator and Dr. Mansour as described in the Interrogatory request, Relator treated a patient at VIPcare who had previously been treated by Dr. Mansour. The patient, who is identified in the Amended Complaint as Patient A, stated to Relator in July 2019 that Dr. Mansour had told her that he suspected Freedom had been billing fraudulently and that he had reported his

6

concerns to Freedom. Patient A stated to Relator that Dr. Mansour told her that Freedom told Dr. Mansour that "if he wasn't happy with them, he would not be associated with them anymore" and then "they [Freedom] took his patients away." The patient understood that Dr. Mansour had initiated some sort of legal proceeding as a result.

Dated this 29th day of May, 2024,

/s/ Jonathan M. Lischak
Jillian L. Estes (Fla Bar No. 0055774)
Jonathan M. Lischak (OH Bar No. 0097669)
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405
Email: jillian.estes@morganverkamp.com
jonathan.lischak@morganverkamp.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Dr. Clarissa Zafirov*

## VERIFICATION

I, Clarissa A. Zafirov, state under penalty of perjury that the facts contained in the responses set forth herein are true and correct to the best of my knowledge and belief.

Executed this 29th day of May 2024,

/s/ Clarissa A. Zafirov
Clarissa A. Zafirov

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that the foregoing Second Supplemental Response and Objections to Defendant Physician Partner's First Set of Interrogatories was served on May 29, 2024, to all parties of record via electronic mail.

/s/ Jillian L. Estes
Jillian L. Estes (Fla Bar No. 0055774)