# Exhibit F

## Anion Technologies Response and Objections to Relator's First RFP

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA )
*ex rel.* DR. CLARISSA ZAFIROV, )
 )
     Plaintiff/Relator, )
 )
v. )
 )
 ) CASE NO. 8:19-cv-01236
FLORIDA MEDICAL ASSOCIATES, LLC, )
d/b/a VIPCARE; PHYSICIAN PARTNERS, )
LLC; ANION TECHNOLOGIES, LLC; )
FREEDOM HEALTH, INC.; and OPTIMUM )
HEALTHCARE, INC., )
 )
     Defendants. )
 )

## DEFENDANT ANION TECHNOLOGIES, LLC'S RESPONSES TO RELATOR'S FIRST REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Section III.A of the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida (the "Handbook on Civil Discovery Practice"), Defendant Anion Technologies, LLC ("Anion Technologies") by and through its undersigned counsel, hereby serves its objections and responses to Relator's ("Relator" or "Dr. Zafirov") First Requests for Production to Anion Technologies, LLC (the "Requests").

## PRELIMINARY STATEMENT

This response represents Anion Technologies' diligent and best efforts to respond to discovery based upon the investigation which thus far has been carried out. Therefore, this response is given without prejudice to Anion Technologies' right to produce evidence of any additional or subsequently discovered facts, or otherwise assert factual and legal contentions as further facts are ascertained, analyses are made, and legal research is completed. The following is

based solely upon such information and documents as are presently available and specifically known to Anion Technologies.  They disclose or set forth documents and information based upon Anion Technologies' current contemplation, information, and understanding of the issues involved in this matter.  Any production of documents by Anion Technologies in response to Relator's Requests is subject to Anion Technologies' right to object to the admission in evidence of any and all such documents on grounds, including but not limited to, that they are not relevant to any claim or defense in this action, are otherwise inadmissible, or were produced inadvertently, any and all of which objections Anion Technologies reserves and does not waive.

## GENERAL OBJECTIONS

1. Anion Technologies incorporates the following objections into each of the responses and objections to each request for documents ("Request") as though fully set forth therein. The assertion of the same, similar, or additional objections or the provision of partial answers and/or individual responses to individual requests does not waive any of Anion Technologies' objections as set forth below.  Anion Technologies expressly reserves the right to amend or supplement their objections and responses for any reason.

2. Anion Technologies objects to the Request to the extent that it purports to impose obligations that are in excess of, and/or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Middle District of Florida (the "Local Rules"), the Handbook on Civil Discovery Practice, or any other applicable law, statute, rule or decision. Anion Technologies will produce documents and assert objections consistent with their obligations under these rules and applicable law and expressly decline to undertake any broader obligations.

3. Anion Technologies' responses herein are based on a reasonably diligent and good faith inquiry and represent Anion Technologies' current knowledge as of the date these responses and objections are made. Further investigation may reveal additional facts, information, or

documents that could lead to additions to, changes in, and/or variations from the production or responses herein. Accordingly, Anion Technologies reserves the right, but does not assume any obligation, except as required by law, to supplement, amend, correct, clarify, or modify their production, or the responses or objections herein, as further information becomes available.

4.      Anion Technologies objects to the instructions contained in the Requests (the "Instructions") to the extent they are overly broad and unduly burdensome, and disproportional to the needs of the case.

5.      Anion Technologies objects to the Requests and Instructions to the extent they purport to impose an obligation on Anion Technologies to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Subject to the objections stated, Anion Technologies will conduct a search of its reasonably accessible hard-copy and active-system electronic files.  Any requests that seek to require Anion Technologies to go beyond such a search are overbroad, unduly burdensome, disproportionate to the needs of this case, and therefore objectionable. Further, by indicating that it will produce non-privileged, responsive documents, Anion Technologies does not make a representation that such documents exist or are in Anion Technologies' possession, but only that Anion Technologies will conduct the reasonable searches indicated for the documents or information sought.

6.      Anion Technologies' production of documents is not a waiver of any of the objections set forth herein or an admission or acknowledgment that such material is relevant to the subject matter of this action or admissible in evidence, nor shall such production be construed as adopting a legal position. Further, the production and these responses are without prejudice to and not a waiver of (i) Anion Technologies' right to contend at trial or any other proceeding in this

action that such material is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (ii) any objection by Anion Technologies to future use of such documents that Relator may attempt to make. In addition, the production and these responses are made solely for the purposes of this action.

7.      Anion Technologies objects to the Requests to the extent that they seek information that is confidential, proprietary, commercially sensitive or that constitutes private, personal or financial information of Anion Technologies' employees, partners, clients, or patients; protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); information protected under Federal Rule of Civil Procedure 26(c), the attorney-client privilege, the attorney work-product doctrine, or other applicable law; and information that has been provided to Anion Technologies on a confidential basis or that is subject to the terms of any confidentiality order or agreement ("Confidential Information").  The inadvertent production of any document subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity shall not constitute a waiver of the privilege or immunity.  Anion Technologies will produce non-privileged Confidential Information responsive to otherwise non-objectionable requests only upon the Court's entry of a Confidentiality and Protective Order.

8.      To the extent that the Requests seek production of electronically stored documents ("ESI"), Anion Technologies states that, if it is in possession, custody, or control of any non-privileged responsive ESI, to which it does not otherwise object to producing, Anion Technologies will produce the ESI in a format and manner to be agreed upon by the parties, at a mutually agreeable time, contingent upon the execution of a mutually-agreeable ESI protocol.

9.      Anion Technologies objects to the Requests as unreasonable, unduly burdensome, overly broad and contrary to the rules applicable to this proceeding to the extent they call for the

production of documents that cannot be obtained through a reasonable email search of the Anion Technologies files possessed by relevant custodians and within Anion Technologies' custody or control.

10.     Anion Technologies objects to the Requests to the extent they seek information and documents that are (a) not in Anion Technologies' possession, custody or control; (b) in Relator's possession; (c) publicly available or otherwise equally available to Relator; or (d) more appropriately obtained from sources other than Anion Technologies.

11.     Anion Technologies objects to the Requests to the extent they purport to require Anion Technologies to produce both physical and electronically stored versions containing duplicative information, which is overly broad and unduly burdensome.

12.     Anion Technologies objects that the Requests seek documents from the time period going back to **January 1, 2014**, which is overly broad, irrelevant, and not proportional to the needs of the case, in that this time period extends both before and after the period of Relator's employment. Accordingly, Anion Technologies objects to producing, and will not agree to produce, documents dated prior to October 2018 or after May 2019. When Anion Technologies refers to the "relevant time period" or "relevant time frame" in its responses to Requests herein, it means the period between October 1, 2018 and May 31, 2019.

13.     Anion Technologies reserves the right to produce documents on a rolling basis.

14.     Anion Technologies objects to each Request to the extent that it seeks "any," "all," or "each and every" document(s) on a subject as overbroad, unduly burdensome, and not proportional to the needs of this case in that the collection of potentially responsive documents would require a burdensome search for documents in numerous different places and files, including potentially the files of several hundred employees. In responding to these Requests,

Anion Technologies will conduct searches that are reasonable in scope, of reasonably accessible sources, reasonably designed to locate responsive documents, if any.

15.     Anion Technologies objects to Relator's Definition of "You," "your," and "Anion" as overly broad, unduly burdensome, lacking relevance to any party's claim or defense, and disproportional to the needs of the case as it purports to include numerous unspecified entities who have no relevance to this case.   Moreover, the terms "facilities," "divisions," "groups," "operations," and "units," are not defined and susceptible to varying interpretations, and this Definition is therefore vague and ambiguous.   Anion Technologies further objects to this Definition to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, settlement privilege, common interest doctrine, or any other rule of privilege, confidentiality, or immunity provided by law.   For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Anion Technologies interprets "You," "your," and "Anion" to mean Anion Technologies, LLC and any of its Employees acting or purporting to act on its behalf.

16.     Anion Technologies objects to Relator's Definition of "Document" and "documents" to the extent it is not synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).   For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Anion Technologies interprets "Document," and "documents" as the terms are defined in Federal Rule of Civil Procedure 34(a)(1)(A).

17.     Anion Technologies objects to Relator's Definition of "5 Star Checklist" and "5 Star Forms" to the extent this Definition assumes that any such form was in fact provided to Physician Partners physicians "with suggested diagnosis code[s]."

6

18.     Anion Technologies objects to Relator's Definition of "Chart" or "patient chart" as the terms "medical record" and "provider" are vague and ambiguous and susceptible to multiple interpretations; such terms could encompass documents and health care providers unrelated to Anion Technologies.

19.     Anion Technologies objects to Relator's Definition of "Chart review" or "chart review program" as the phrase "the process of reviewing a patient's chart with the purposes of identifying or abstracting diagnosis codes" is vague and ambiguous and susceptible to multiple interpretations; this phrase could refer to a health care provider's review of a Patient Chart in connection with providing care, an audit of a Patient Chart, or another process entirely.

20.     Anion Technologies objects to Relator's Definition of "Coder" as vague and ambiguous to the extent it purports to include any "individual" reviewing a chart to "identify diagnosis codes, if any, supported by information about the patient's medical condition(s). . . and/or who reviews a chart to determine if a diagnosis code is supported . . ." as this would include any person reviewing a patient's chart and analyzing the diagnosis codes in connection with providing patient care, coding education, or an audit, among other activities unrelated to coding.

21.     Anion Technologies objects to Relator's Definition of "Deleted code" or "deletion" as the terms "identified," "unsupported," "invalid," "not accurate" and "truthful" are vague and ambiguous and susceptible to multiple interpretations.  Moreover, Anion Technologies objects to this Definition to the extent that it assumes disputed factual and legal conclusions regarding whether a diagnosis is "unsupported," "invalid, or otherwise not accurate or truthful."  Anion Technologies further objects to this Definition to the extent it improperly implies that any given diagnosis was in fact "deleted."  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Anion Technologies interprets

7

"deleted code" and "deletion" to mean a Centers for Medicare & Medicaid Services ("CMS") Risk Adjustment Processing System ("RAPS") cluster that is marked with a "D" in the delete indicator field in the most recent processing transaction for the given cluster, as reflected in RAPS returns data transmitted by CMS.

22.      Anion Technologies objects to Relator's Definition of "Diagnosis code" or "diagnosis coding" as the phrase "other documents associated with a patient encounter" is overly broad and seeks information that is not relevant or proportional to the needs of this case, as it purports to include all Documents relating to patient billing, for example, which are not relevant to the claims and defenses in this matter.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Anion Technologies interprets "diagnosis code" and "diagnosis coding" to mean the assignment of an ICD-9 or ICD-10 diagnosis code to a patient's clinical medical record.

23.      Anion Technologies objects to Relator's Definition of "Employee" to the extent it includes independent contractors and any other individuals who possess information that is not in the possession, custody, or control of Anion Technologies.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate these terms, Anion Technologies interprets "Employee" to mean an individual directly employed by Anion Technologies.

24.      Anion Technologies objects to Relator's Definition of "Risk Adjustment Database" as overly broad and seeking information that is not relevant or proportional to the needs of this case to the extent it purports to include non-Medicare Advantage risk adjustment databases or data, which is not relevant to the claims and defenses in this matter.

25.     Anion Technologies objects to Relator's Definition of "Patient" as overly broad and seeking information that is not relevant or proportional to the needs of this case, as it purports to include all individuals who have received medical care from any provider.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term, Anion Technologies interprets "patient" to mean an individual who received care from a Physician Partners physician.

26.     Anion Technologies objects to Relator's Definition of "Physician Partners physician" as the phrase "any other similar relationship" is vague and ambiguous and susceptible to multiple interpretations.  For the purpose of responding to the Requests and interpreting any Definitions or Instructions that incorporate this term, Anion Technologies interprets "Physician Partners physician" to mean a physician either directly employed by Physician Partners or associated with Physician Partners through a practice management contract.

## RESPONSES

**Request for Production No. 1:**  All documents received from or provided by you to the Government relating to any inquiry or investigation by the Government since the filing of the Original Complaint (Doc. 1) or relating to any of the allegations in the Original Complaint or the Complaint (Doc. 86).  This request includes, but is not limited to, civil investigative demands ("CIDs"), correspondence pertaining to CIDs, and all responses to CIDs, including written interrogatory responses, all documents produced, and all transcripts of testimony obtained or provided.  Responsive documents shall be produced in the same order and manner in which they were produced to the Government (and thus shall reflect any Bates numbers on such production to the Government).

**RESPONSE:**    Anion Technologies objects to this Request as overly broad and seeking information that is not relevant to the allegations in Relator's Amended Complaint to the extent it

9

purports to seek information relating to "any inquiry or investigation by the Government" since the filing of the Original Complaint, which is irrelevant to the claims and defenses in this matter, as well as information relating to allegations in Relator's May 20, 2019 Complaint that are no longer operative in this matter.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will produce non-privileged documents relating to any inquiry or investigation by the Government since the filing of the Original Complaint (Doc. 1), relating to any of the allegations in the Complaint (Doc. 86) ("Amended Complaint"), to the extent they exist, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 2**:  All documents identified in your Rule 26(a)(1) initial disclosures.

**RESPONSE:**  Anion Technologies objects to this Request as premature because its investigation of Relator's claims and its defenses is ongoing.  Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide non-privileged documents responsive to Request No. 2 on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 3**:  All personnel files, performance evaluations or ratings, and materials related to the calculation of compensation (including bonuses) for any Anion employees identified in any party's original or amended Rule 26 disclosures.

**RESPONSE:**  Anion Technologies objects to this Request as vague and ambiguous to the extent it seeks "materials," which is an undefined term that is susceptible to multiple interpretations. Anion Technologies further objects to this Request as overly broad and seeking information that is not relevant to the allegations in Relator's Amended Complaint to the extent it seeks "all

10

personnel files, performance evaluations or ratings, and materials related to the calculation of compensation (including bonuses)" for the Anion Technologies employees in question.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will not produce documents in response to Request No 3.

**Request for Production No. 4:**  All documents which refer to or relate to each patient identified in the Complaint.

**RESPONSE:**   Anion Technologies objects to this Request as overly broad and seeking information that is not relevant to the allegations in Relator's Amended Complaint to the extent it seeks "all documents which refer to or relate to" certain patients, which could potentially include numerous documents with no bearing on the claims and defenses at issue in this matter.  Moreover, Anion Technologies further objects to this Request as vague and ambiguous as Relator does not sufficiently identify patients in its Amended Complaint and thus Anion Technologies does not have sufficient information to identify the patients to which this Request refers.  Further, because Relator has indicated in her initial disclosures that she is in possession of these records, Relator is in equal possession of responsive records.   As such, Anion Technologies will not produce documents in response to Request No. 4.

**Request for Production No. 5:**  All documents sufficient to identify the claims submitted, or caused to be submitted, by Anion to any Government health care program, whether the claims were submitted directly to the United States or to any other entity acting on behalf of or at the direction of the United States.

**RESPONSE:**   Anion Technologies objects to this Request as the term "claims" is vague and ambiguous and susceptible to multiple interpretations.  Anion Technologies further objects to this Request as overly broad and seeking information that is not relevant or proportional to the needs

of this case to the extent it purports to include non-Medicare Advantage Government health care programs.  Anion Technologies also objects to this request to the extent it assumes the legal conclusion that diagnosis codes or related data submitted to the Government in connection with the Medicare Advantage program constitute "claims" within the meaning of the False Claims Act, 31 U.S.C. §§ 3729, et seq.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide non-privileged documents sufficient to show diagnosis codes relating to Medicare Advantage submitted by physicians employed by Physician Partners, LLC with which the beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP were enrolled, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 6:**  All documents sufficient to identify the payments received by Anion from any Government health care program.

**RESPONSE:**  Anion Technologies objects to this Request as overly broad and seeking information that is not relevant or proportional to the needs of this case to the extent it purports to include non-Medicare Advantage Government health care programs.  Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide non-privileged documents responsive to Request No. 6, for the period between October 1, 2018 and May 31, 2019, relating to Medicare Advantage, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 7:**  All documents sufficient to identify all claims which were submitted to the United States, or to a Medicare Advantage organization, and which were later resubmitted to correct a diagnosis code which had been appended to the earlier claim.

**RESPONSE:**  Anion Technologies objects to this Request as the term "claims" is vague and ambiguous and susceptible to multiple interpretations.  Anion Technologies further objects to this Request as overly broad and seeking information that is not relevant or proportional to the needs of this case to the extent it purports to include non-Medicare Advantage Government health care programs.  Anion Technologies also objects to this request to the extent it assumes the legal conclusion that diagnosis codes or related data submitted to the Government in connection with the Medicare Advantage program constitute "claims" within the meaning of the False Claims Act, 31 U.S.C. §§ 3729, et seq.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide non-privileged documents sufficient to show appended diagnosis codes relating to Medicare Advantage submitted by physicians employed by Physician Partners, LLC with which the beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP were enrolled, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 8:**  All documents sufficient to identify all claims which include diagnosis codes that were added, deleted, or otherwise amended as part of a chart review after a medical record was submitted to Anion following a patient visit.

**RESPONSE:**  Anion Technologies objects to this Request as the term "claims" is vague and ambiguous and susceptible to multiple interpretations.  Anion Technologies further objects to this

13

Request as overly broad and seeking information that is not relevant or proportional to the needs of this case to the extent it purports to include non-Medicare Advantage Government health care programs.  Anion Technologies also objects to this request to the extent it assumes the legal conclusion that diagnosis codes or related data submitted to the Government in connection with the Medicare Advantage program constitute "claims" within the meaning of the False Claims Act, 31 U.S.C. §§ 3729, et seq.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide non-privileged documents sufficient to show diagnosis codes relating to Medicare Advantage that were added, deleted, or otherwise amended as part of a chart review after initially being added to a medical record by physicians employed by Physician Partners, LLC with which the beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP were enrolled, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 9:**   All communications or writings sent by any Anion employee to Dr. Clarissa Zafirov, received by any Anion employee from Dr. Zafirov, or which relate in any way to Dr. Zafirov.

**RESPONSE:**   Anion Technologies objects to this Request as the phrase "relate in any way to Dr. Zafirov" is vague and ambiguous and susceptible to multiple interpretations.  Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide copies of communications or writings sent by any Anion employee to Dr. Clarissa Zafirov or received by any Anion employee from Dr. Zafirov, for the period between October 1, 2018 and

May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 10:** Documents sufficient to identify the officers, managers, employees, and contractors of Anion for each year of the relevant time frame, including without limitation directories, rosters, and organizational charts.

**RESPONSE:** Anion Technologies objects to this Request to the extent that it purports to call for "directories, rosters, and organizational charts," while also seeking only "documents sufficient" to identify the enumerated individuals, which may not encompass all of these document categories. Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide non-privileged documents sufficient to identify the officers, managers, employees, and contractors of Anion Technologies for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 11:** All contracts or agreements between Anion and (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; (3) Freedom Health, Inc.; (4) Optimum Health, Inc.; (5) any other Medicare Advantage Organization; and (6) any other entity for which Anion provides chart review, billing, payroll, or other financial services.

**RESPONSE:** Anion Technologies objects to this Request as the phrase "chart review, billing, payroll, or other financial services" is vague and ambiguous and susceptible to multiple interpretations. Anion Technologies also objects to this Request as overly broad and seeking information that is not relevant or proportional to the needs of this case to the extent it seeks contracts or agreements between Anion Technologies and "any other Medicare Advantage Organization . . . [or] any other entity for which Anion provides chart review, billing, payroll, or

15

other financial services."  Anion Technologies further objects to this Request to the extent it purports to seek drafts or unexecuted versions of contracts or agreements, which are irrelevant to the allegations in Relator's Amended Complaint.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide non-privileged, fully executed contracts between Anion Technologies and Florida Medical Associates, LLC d/b/a VIPcare, Physician Partners, LLC, Freedom Health, Inc., or Optimum Health, Inc., effective during the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 12:**  All communications regarding Medicare risk adjustment scores between Anion and any employee of (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; (3) Freedom Health, Inc.; (4) Optimum Health, Inc.; (5) any other Medicare Advantage Organization; and (6) any other entity which for Anion provides chart review, billing, payroll, or other financial services.

**RESPONSE:**  Anion Technologies objects to this Request as the phrase "chart review, billing, payroll, or other financial services" is vague and ambiguous and susceptible to multiple interpretations.  Anion Technologies also objects to this Request as overly broad and seeking information that is not relevant or proportional to the needs of this case to the extent it seeks contracts or agreements between Anion Technologies and "any other Medicare Advantage Organization . . . [or] any other entity which for Anion provides chart review, billing, payroll, or other financial services."  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide non-privileged communications regarding Medicare Advantage risk adjustment scores between Anion Technologies and Florida Medical Associates,

LLC d/b/a VIPcare, Physician Partners, LLC, Freedom Health, Inc., or Optimum Health, Inc., for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 13:** All documents relating to the compensation structure for all current and former Anion employees, including but not limited to base compensation rates and bonus structure. To the extent there are various compensation structures for different employees or across the time period, this request includes documents sufficient to identify each iteration of any compensation structure which has been employed for Anion employees.

**RESPONSE:** Anion Technologies objects to this Request as overly broad and seeking information that is not relevant to the allegations in Relator's Amended Complaint to the extent it seeks "all documents relating to" the compensation structure for current and former Anion Technologies employees. Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide non-privileged documents sufficient to show the compensation structure for its employed physicians, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 14:** All 5 Star Checklists provided to Dr. Zafirov or to any member of Dr. Zafirov's office staff, whether provided by email, fax, Google drive, or any other means of transmission. This request specifically includes but is not limited to all communications to Dr. Zafirov or any member of Dr. Zafirov's staff indicating that 5 Star Checklists are available to be downloaded or accessed from any online repository.

17

**RESPONSE:**  Subject to and without waiving its General Objections, Anion Technologies will provide copies of 5 Star Checklists provided to Dr. Zafirov or any member of Dr. Zafirov's office staff, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

   **Request for Production No. 15:**  All documents related to Anion's review, tracking, or assessment of the total average Medicare Risk Adjustment Score of any patient or any physician's patient panel, including without limitation, any reports generated which identified a patient or patient panel's risk adjustment score, any communications between Anion and any physician about their patient or patient panel's risk adjustment score.

**RESPONSE:**  Anion Technologies objects to this Request as the terms "review," "tracking," and "assessment" are vague and ambiguous and susceptible to multiple interpretations.   Anion Technologies further objects to this Request as overly broad and seeking information that is not relevant to the allegations in Relator's Amended Complaint to the extent it seeks "all documents" relating to Anion Technologies' review, tracking or assessment of total average Medicare Risk Adjustment Scores or "any communications" between Anion Technologies and "any physician" about numerous topics.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide records about the patient panel risk adjustment scores for any physician named in the Amended Complaint, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 16:**   Any report, memorandum, review, audit, communication, or other document provided to any physician which relates to trends in the physician's usage of any diagnosis code.

**RESPONSE:**   Anion Technologies objects to this Request as the terms "review," "trends," and "usage" are vague and ambiguous and susceptible to multiple interpretations.   Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide information about the usage of any diagnosis code by any physician named in the Amended Complaint for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 17:**   All descriptions, rules, instructions, guidance, or other information provided to Anion employees regarding 5 Star Checklists, including without limitation how the 5 Star Checklists are made, how they are used, how often they must be used, and how they are to be processed and retained after a patient visit, including without limitation whether they are part of the patient's medical record.

**RESPONSE:**   Anion Technologies objects to this Request as the phrase "other information" is vague and ambiguous and susceptible to multiple interpretations.   Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide documents responsive to Request No. 17, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 18:**   All audio or audiovisual recordings of any Anion meeting, training or boot camp session which discussed, referenced, or related to Medicare risk

adjustment scores, diagnosis codes, the Medicare risk adjustment system in general, or 5 Star Checklists.

**RESPONSE:**  Anion Technologies objects to this Request as overly broad and unduly burdensome to the extent it seeks all audio or audiovisual recordings which "referenced" Medicare risk adjustment scores, diagnosis codes, the Medicare risk adjustment system, or 5 Star Checklists. Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide audio or audiovisual recordings of Anion Technologies meetings, trainings, or boot camp sessions that focused on Medicare Advantage risk adjustment, diagnosis coding for Medicare Advantage beneficiaries, or 5 Star Checklists, for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 19:**  All communications between each of the following persons or groups of people and any physician which discussed, referenced, or related to Medicare risk adjustment scores, diagnosis codes, "care gaps," 5 Star Checklists, or any variable compensation (including but not limited to bonus payments):

        A.     Ratnakar Mekala;

        B.     Syed Dastagir;

        C.     Sajitha Johnson;

        D.     Any Anion employee whose job title is Quality Analyst, or who works at the direction, instruction, or oversight of an employee whose job title is Quality Analyst;

        E.     Any Anion employee whose job title is Process Associate, or who works at the direction, instruction, or oversight of an employee whose job title is Process Associate;

        F.     Any Anion employee whose job description includes medical chart reviews;

        G.     Any Anion employee who is a member of the "review team" referenced in the Physician Partners *Quality Training Manual* as described in Paragraph 113 of the Complaint.

**RESPONSE:**  Anion Technologies objects to this Request as overly broad and unduly burdensome to the extent it seeks all communications which "referenced" Medicare risk adjustment scores, diagnosis codes, "care gaps," or 5 Star Checklists.  Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide communications between the above identified individuals and any physician named in the amended complaint for the period between October 1, 2018 and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 20:**  All documents related to your third affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, by the applicable statute of limitations."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 21:**  All documents related to your fourth affirmative defense that "Plaintiff Relator's claims for damages are barred by the fact that the United States has suffered no actual damages."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the

4872-5893-5621.3

attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 22**:  All documents related to your fifth affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, as a result of set-off due to monies previously paid by the Provider Defendants."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 23**:  All documents related to your sixth affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, to the extent that they have been released, settled, resolved through an accord and satisfaction, waived, or otherwise compromised."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given

that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 24**:  All documents related to your seventh affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, under the doctrine of estoppel."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 25**:  All documents related to your eighth affirmative defense that "Plaintiff Relator's claims are barred by the Government's prior knowledge of the facts underlying the allegedly false claims."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process

of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 26:**  All documents related to your eleventh affirmative defense that "Plaintiff Relator's claims are barred by the jurisdictional requirements of 31 U.S.C. § 3730."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 27:**  All documents related to your twelfth affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, by the doctrine of waiver."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents,

to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 28:** All documents related to your thirteenth affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, by the doctrine of laches."

**RESPONSE:** Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege. Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses. Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 29:** All documents related to your fourteenth affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, by her failure to mitigate damages."

**RESPONSE:** Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege. Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses. Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 30:**   All documents related to your fifteenth affirmative defense that "Plaintiff Relator's claims, damages, and relief, to the extent Plaintiff Relator is entitled to any damages or relief, were caused or contributed to by the acts, errors, or omissions of third-parties and nonparties for which the Provider Defendants were not responsible or lacked control."

**RESPONSE:**   Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order

**Request for Production No. 31:**   All documents related to your sixteenth affirmative defense that "Plaintiff Relator's claims are governed by the doctrines of course of performance, course of dealing, and usage of trade, which govern the meaning of any contractual agreement or course of conduct between the United States and Defendants."

**RESPONSE:**   Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged

26

documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 32:**  All documents related to your seventeenth affirmative defense that "Plaintiff Relator's claims are barred, in whole or in part, by failure to disclose to the United States substantially all material evidence and information that she possessed in violation of 31 U.S.C. § 3730(b)(2)."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 33:**  All documents related to your eighteenth affirmative defense that "Plaintiff Relator's claims and relief are barred, in whole or in part, because the United States ratified or otherwise consented to the transactions, occurrences, conduct, and submissions that are the subject of this action including by continuing to pay Medicare Advantage plans at a previously determined rate as long as the plans' and their providers' coding error rates did not exceed CMS's own error rate or some other error rate, despite CMS's knowledge that some diagnosis codes are, as a general matter, mistaken or otherwise unsupported."

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that reflect attorney mental impressions, contain attorney work product, and/or are protected by the

4872-5893-5621.3

attorney-client privilege.  Anion Technologies further objects to this Request as premature given that this case is within the early stages of discovery and Anion Technologies is still in the process of evaluating its affirmative defenses.  Subject to and without waiving the foregoing objections and its General Objections, Anion Technologies will provide responsive, non-privileged documents, to the extent they exist, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

**Request for Production No. 34:**  All documents establishing Your document retention policies, including Your policies for retaining electronic documents and emails, and Your policies for limiting or restricting access to documents after any set period of time (e.g. deleting or restricting user access to emails after a fixed period of months).  This includes but is not limited to any Litigation Hold Notices or other changes in policies that were made related to this litigation.

**RESPONSE:**  Anion Technologies objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiving the foregoing objection and its General Objections, Anion Technologies will provide copies of its document retention policies for the period between October 1, 2018, and May 31, 2019, on a rolling basis, contingent upon the execution of a mutually-agreeable ESI protocol and the Court's entry of a Confidentiality and Protective Order.

Dated: February 17, 2023.

*/s/      Jason Mehta*_____
Jason Mehta (FBN: 106110)
Primary Email: jmehta@foley.com
Secondary Email: dmills@foley.com
Natalie Hirt Adams (FBN: 1030877)
Primary Email: nhadams@foley.com
Secondary Email: dmills@foley.com
**Foley & Lardner LLP**
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone: (813) 229-2300
Facsimile: (813) 221-4210

*Attorney for Defendants Florida Medical
Associates, LLC d/b/a VIPcare; Physician
Partners, LLC; and Anion Technologies, LLC*

29

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on February 17, 2023, a copy of the foregoing was served by email to all counsel of record using the email addresses they have registered with the CM/ECF system for the U.S. District Court for the Middle District of Florida (Tampa Division).


     */s/    Jason Mehta*
Jason Mehta

1