# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

**FREEDOM DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO COMPEL NONPARTY—THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF INSPECTOR GENERAL—TO COMPLY WITH SUBPOENA**

Pursuant to Local Rule 3.01(d), Freedom Defendants,[1] by and through undersigned counsel, respectfully move for leave to file a 5-page reply to HHS-OIG's Opposition to Freedom Defendants' Motion to Comply with Subpoena. ECF 278 (the "Opposition," or "Opp."). Freedom Defendants' reply will rebut factual misrepresentations and legal errors in the Opposition, and highlight testimony from Relator's completed deposition that further establishes the arbitrariness of HHS-OIG's refusal to permit Agent Garrido's deposition.

The party moving for a reply brief must show good cause, *McDonald v. United States*, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013), and district courts have broad discretion in managing their cases, *Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Courts in this district routinely permit reply briefs where doing so would benefit the Court's resolution of the pending motion.[2] *See, e.g., Weiss v. AT&T Inc.*, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023); *Short v. Immokalee Water & Sewage District*, 2019 WL 8370778, at *1 (M.D. Fla. Jan. 23, 2019); *Allied Portables, LLC v. Youmans*, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016). That is the case here.

First, the Opposition focuses almost exclusively on HHS-OIG's argument that the information requested from Agent Garrido is available from Relator herself. Yet during her deposition on May 30-31, 2024, Relator admitted to "lots" of text and in-person interactions with Agent Garrido during the key time period concerning her

---

[1] This motion for leave adopts the naming conventions of the underlying Motion to Compel, ECF 253 (the "Motion," or "Mot.").
[2] Reply briefs have also been granted multiple times in this case. *See, e.g.*, ECF 148, 200, 209, 271.

allegations**, but repeatedly testified in response to questions about the substance of those communications that Agent Garrido would be a better source for the answers**, claimed to lack recollection, or refused to answer altogether.[3]  Relator's testimony underscores the absurdity of HHS-OIG's new argument that Freedom Defendants "prefer" to ask Agent Garrido about the recordings and her conversations with Relator (Opp. 9-11)—as if Defendants didn't *always* intend to depose Relator, the key witness in this case.  HHS-OIG's initial and *unsupported* assumption that Relator could serve as an alternate source of the information Freedom Defendants seek has now been proven false.

Second, HHS-OIG (correctly) recites numerous times in its Opposition that the Court's review be limited to the administrative record as it existed at the time of HHS-OIG's April 1, 2024 denial of the request for deposition, Opp. at 8, but entirely abandons its initial justification for the denial in the first place: that the burden on HHS-OIG to prepare Agent Garrido for her deposition would be too great because of her "lack of recollection of these old events," *see* Mot. 8-9.  A reply brief will permit Freedom Defendants to explain how HHS-OIG's *post hoc* abandonment of a key basis for its denial further shows the arbitrary and capricious nature of its initial decision.  *See*, *e.g.*, *DiRocco v. Victory Marketing Agency, LLC*, 2015 WL 13802200, at *1-2 (M.D. Fla. Nov. 4, 2015) (granting leave to file a reply where defendants averred they did not "anticipate" the argument raised by plaintiff's opposition); *Bank, N.A. v. Alico Rd. Bus.*

---

[3] Freedom Defendants anticipate that at least a rough, if not the final, transcript of Relator's deposition will be available in time for inclusion in the Reply.

*Park, LP*, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014) (granting leave to file reply where the "response appears to raise new arguments and law").

Finally, a reply brief will allow Freedom Defendants the opportunity to address HHS-OIG's mischaracterization of Freedom Defendants' motion and the governing legal standard in the Eleventh Circuit. *PK Studios, Inc. v. R.L.R. Investments, Inc.*, 2:15–cv–389–FtM–99CM, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015) (finding that "a brief reply would benefit its review of the pending Motion" and that defendants "have shown good cause for its filing" where defendants sought to "address arguments in Plaintiff's response in opposition that Defendants believe are inaccurate and unsupported").

For the reasons explained above, the Court should grant leave for Freedom Defendants to file a 5-page reply to the HHS-OIG's Opposition.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for HHS-OIG via videoconference and email regarding the relief requested in this Motion, and counsel for HHS-OIG does not oppose the relief sought provided that Freedom Defendants also agree not to oppose any motion by HHS-OIG seeking leave to file a Sur-Reply of 5 pages or less, which Freedom Defendants have agreed to.

Respectfully submitted, this 5th day of June, 2024,

/s/ Scott Drake
Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
sdrake@omm.com

Benjamin D. Singer*
Amanda M. Santella*
William Buffaloe*
Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
ginger.boyd@nelsonmullins.com
*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

* admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record. I also certify that I caused the foregoing document to be served via USPS and electronic mail on:

    Candace Ashford
    Senior Counsel
    Office of Counsel to the Inspector General
    United States Department of Health and Human Services
    Cohen Building, Room 5527
    330 Independence Avenue, S.W.
    Washington, D.C. 20201
    Candace.Ashford@oig.hhs.gov

By: */s/ Scott Drake*

Scott Drake*

*Counsel for Freedom Defendants*
* admitted pro hac vice