# Exhibit C



O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

File Number:

June 30, 2023

**Elizabeth M. Bock**
D: +1 213 430 6267
ebock@omm.com

**SENT VIA EMAIL**

Jillian Estes
Morgan Verkamp LLC
4410 Carver Woods Dr.
Suite 200
Cincinnati, Ohio 45242

cc: Counsel of Record

> **Re:** *United States ex rel. Zafirov v. Florida Medical Assocs., LLC, et al.*
> No. 2019-cv-01236-KKM-SPF (M.D. Fla.)

Counsel,

We write to continue our efforts to reach compromise on Freedom Defendants' Responses and Objections to Relator's First Set of Requests for Production ("Responses & Objections"). Based on the email from Jill Estes dated May 18, 2023 ("May 18 Email"), we have revised the compromise positions reflected in the appendix to our April 28, 2023 letter. The revised positions are reflected in the attached appendix.

As with the initial set of compromise positions, any compromise should be read in connection with the instructions and definitions in the Requests for Production along with any objections and clarifying definitions in the Responses & Objections. For example, "Freedom Defendants" should be read to mean "Freedom Health, Inc. and Optimum Healthcare, Inc. and any of their Employees acting or purporting to act on their behalf." Similarly, any compromise should be read in connection with the date range of January 24, 2018 to March 31, 2020, as specified in the Responses & Objections, unless and until the parties agree on or the Court orders an alternative date range.

In addition to the compromise positions listed in the appendix, we would like to specifically address a few points made in the May 18 Email.

In the May 18 Email, when addressing Request for Production 10, you stated that "Defendants represented in the prior phone calls that there are no other claims submitted to the United States which resulted in payments from the United States for MA beneficiaries." To be clear, Freedom Defendants have not represented that diagnosis codes are claims that resulted in payments to the United States. Nor have they represented that there are no other submissions to the United States. As you are aware, payments under Medicare Advantage are complex and impacted in different ways by many different factors. As we have repeatedly explained,



Freedom Defendants will not be producing any documents in response to Request for Production 10 given that (1) it calls for a legal conclusion about whether something is a claim and (2) it calls for a legal conclusion and expert opinion about what resulted in payment.

While Freedom Defendants will be producing documents sufficient to show certain diagnosis codes submitted to the Centers for Medicare & Medicaid Services in response to Request for Production 14, which is what we understand you believe Request for Production 10 calls for, we do not concede that every such diagnosis codes is a claim under the meaning of the False Claims Act or results in payment from the United States.

We would also like to address Request for Production 20 and 21 and reiterate yet again that the Five Star University video is not Freedom Defendants' video and that the Quality Training Manual is not Freedom Defendants' document.  And though you previously represented that you were in possession of a copy of the Quality Training Manual with a logo from Freedom Defendants, the May 18 Email suggests that may not actually be the case.  While we will agree in the interest of compromise to search documents otherwise collected for narrow terms related to those subjects, the reasonableness of any terms will be informed by the fact that the document and video are not Freedom Defendants'—making broad terms related to those topics unduly burdensome.

Finally, with respect to Request for Production 39, we maintain that legal hold notices are protected work product.  "The prevailing view is that litigation hold notices are discoverable only if there is a preliminary showing of spoliation." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 1321522, at *8 (N.D. Fla. Mar. 20, 2020). Relator has not attempted to make such a showing, so we see no reason why the court should diverge from the "prevailing view" in this matter. *Id.*; *cf. Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, 2015 WL 12838175, at *6 (M.D. Fla. May 4, 2015) (holding that the "discoverability of document retention policies" "hinges upon whether spoliation is at issue").  We have already agreed to log legal hold notices pursuant to our separate discussions over the privilege log protocol.

Sincerely,


*/s/ Elizabeth M. Bock*
Elizabeth M. Bock
O'Melveny & Myers LLP



CC (*via Electronic Mail*):

    Frederick M. Morgan, Jr., Morgan Verkamp LLC, Relator's Counsel

    Chandra Napora, Morgan Verkamp LLC, Relator's Counsel

    Jonathan Lischak, Morgan Verkamp LLC, Relator's Counsel

    Kenneth J. Nolan, Nolan & Auerbach, PA, Relator's Counsel

    Marcela Auerbach, Nolan & Auerbach, PA, Relator's Counsel

    Adam T. Rabin, Rabin Kammerer Johnson, Relator's Counsel

    Havan M. Clark, Rabin Kammerer Johnson, Relator's Counsel

    Arthur Lee Bentley, III, Bradley Arant Boult Cummings LLP, Provider Defendants' Counsel

    Jason Paul Mehta, Foley & Lardner LLP, Provider Defendants' Counsel

    Natalie Hirt Adams, Foley & Lardner LLP, Provider Defendants' Counsel

    Jessica Joseph, Foley & Lardner LLP, Provider Defendants' Counsel

    Ginger Barry Boyd, Nelson Mullins Riley & Scarborough LLP, Freedom Defendants' Counsel

Appendix A:
Freedom Defendants' Proposed Compromises to Relator's Requests for Production

|  | **Request for Production** | **Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1]** |
|---|---|---|
| 1. | All documents received from or provided by You to the Government relating to any inquiry or investigation by the Government since the filing of the Original Complaint (Doc. 1) or relating to any of the allegations in the Original Complaint or the Complaint (Doc. 86). This request includes, but is not limited to, civil investigative demands ("CIDs"), correspondence pertaining to CIDs, and all responses to CIDs, including written interrogatory responses, all documents produced, and all transcripts of testimony obtained or provided. Responsive documents shall be produced in the same order and manner in which they were produced to the Government (and thus shall reflect any Bates numbers on such production to the Government). | Freedom Defendants interpret this Request to ask for a CID investigating the allegations in the Complaint or Amended Complaint from the U.S. Government or Documents provided to the Government in response to any investigation into the Complaint or Original Complaint, and respond as follows: There are no Documents in response to this Request. |
| 2. | All documents identified in your Rule 26(a)(1) initial disclosures. | Freedom Defendants will produce Freedom Defendant's attestations pursuant to 42 C.F.R. § 422.504(l) submitted to CMS during the relevant time period within category 2(g)(iii-iv) of Freedom Defendants' Amended Initial Rule 26 Disclosures ("Disclosures").

Freedom Defendants will produce Documents that fall within the "contract" categories 2(a)-(f) of the Disclosures in response to Requests 5-7 and 25. Freedom Defendants will produce Documents that fall within the "data" categories 2(g)(i-ii) of the Disclosures in response to Requests 9, 11, 12 , and 14. Freedom Defendants will produce Documents that fall within the "compliance documents" category 2(h) of the Disclosures in response to Requests 8, 16, 22, and 26. |
| 3. | All personnel files, performance evaluations or ratings, and materials related to the calculation of compensation (including bonuses) for any of the Freedom Defendants' employees identified in any party's original or amended Rule 26 disclosures. | Freedom Defendants will produce any performance evaluations that indicate that any Employee identified in the Disclosures or identified as a custodian was compensated, evaluated, disciplined or rewarded based on an increase or decrease in the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a). |

---

[1] Any compromise should be read in connection with the instructions and definitions in the Requests for Production along with any objections and clarifying definitions in the Responses & Objections. For example, "Freedom Defendants" should be read to mean "Freedom Health, Inc. and Optimum Healthcare, Inc. and any of their Employees acting or purporting to act on their behalf." Similarly, any compromise should be read in connection with the date range of January 24, 2018 to March 31, 2020, as specified in the Responses & Objections, unless and until the parties agree on or the Court orders an alternative date range.

| | **Request for Production** | **Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1]** |
|---|---|---|
| 4. | All documents which refer to or relate to each patient identified in the Complaint | As part of Freedom Defendants' production in response to other requests, for the Beneficiaries named in the crosswalk provided by Relator as an attachment to a January 10, 2023 email from Jillian Estes at Morgan Verkamp, LLP, Freedom Defendants will produce:<br>• Documents sufficient to show Diagnosis Codes submitted to Freedom Defendants by Provider Defendant providers for those Beneficiaries;<br>• Documents sufficient to show Diagnosis Codes submitted to CMS by Freedom Defendants for those Beneficiaries;<br>• Communications that refer directly to Dr. Zafirov's treatment of or interactions with those Beneficiaries;<br>• Communications with Provider Defendants that refer to the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a), Diagnosis Codes, or 5 Star Checklists for those Beneficiaries;<br>• Contracts with Provider Defendants related to the care of those Beneficiaries;<br>• Contracts with CMS related to the care of those Beneficiaries;<br>• Documents reflecting tracking of the Beneficiaries' providers on various metrics.<br><br>Additionally, Freedom Defendants will search for and produce Communications to or from the email addresses on file with Freedom Defendants, if any, for the Beneficiaries listed in the crosswalk within the custodial data otherwise being collected and searched. Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged medical records received from Provider Defendants for the Beneficiaries listed in the crosswalk. |
| 5. | All contracts between You and the United States of America pursuant to which You act as Medicare Advantage Organizations. | The parties agreed to Freedom Defendants' original response to this request subject to a further meet and confer regarding the relevant time period:<br><br>Freedom Defendants will produce nonprivileged fully executed contracts between Freedom Defendants and CMS governed by 42 U.S.C. § 1395w-27(a) for the relevant time period. |

| | Request for Production | Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1] |
|---|---|---|
| 6. | All contracts between You and any provider organizations pursuant to which you act as a Medicare Advantage Organization to provide insurance coverage to the provider's patients. This request specifically includes, but is not limited to, agreements which are referred to as Group Participation Agreements as set forth in Paragraphs 180 and 183 of your Answer to the Complaint (Doc. 130). | Freedom Defendants will produce nonprivileged fully executed contracts, if any, with Physician Partners, LLC or Florida Medical Associates, LLC, d/b/a VIPcare, governing the provision of healthcare services to Freedom Defendants' Beneficiaries for the relevant time period. |
| 7. | All contracts between You and any entity pursuant to which You and the entity exchange remuneration for services related to Your obligations as a Medicare Advantage Organization. This request specifically includes, but is not limited to, agreements which are referred to as Business Associate Agreements, as set forth in Paragraph 180 of your Answer to the Complaint (Doc. 130). | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Business Associate Agreements with Provider Defendants, if any, for the relevant time period. |
| 8. | All documents related to requirements, guidelines, rules, or standards for Your risk adjustment program and the submission of claims to the United States pursuant to Medicare Part C, or the Medicare Advantage Program. This request includes but is not limited to medical standards for the usage of specific diagnosis codes; training or educational materials about how and under what circumstances any diagnosis codes can be submitted to CMS, including what support must be identified in a patient's chart for such a submission; and/or any documents related to the consequences of failure to adhere to any guidelines, rules, or standards related to risk adjustment and submissions to the United States. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged policies, procedures and educational materials created and distributed by Freedom Defendants relating to the submission of Diagnosis Codes to CMS as part of the Medicare Advantage program. Freedom Defendants will also produce communications with Provider Defendants regarding such policies, procedures and educational materials. |
| 9. | All documents sufficient to identify every payment that You have received from the United States of America for enrolled Medicare Advantage beneficiaries (often known as a capitation payment), including without limitation the monthly payments referenced in Paragraph 181 of your Answer to the Complaint (Doc. 130). | Freedom Defendants will produce nonprivileged Documents sufficient to show payments Freedom Defendants received from CMS pursuant to 42 U.S.C. § 1395w-23(a)(1) for coverage of the Beneficiaries enrolled with a provider employed by or affiliated with Provider Defendants. |
| 10. | All documents sufficient to identify every claim which resulted in any payments produced in response to Request for Production No. 9. | Freedom Defendants will not produce any Documents in response to this request. |
| 11. | All documents sufficient to identify all claims which were submitted to the United States which were later resubmitted with a deletion to remove a diagnosis code which had been appended to the earlier claim. | This information will be included in the documents and material produced in response to Request for Production 14.[2] |

---

[2] Freedom Defendants reiterate that the determination of what is a claim for payment calls for a legal conclusion. By producing Documents in response to any request, Freedom Defendants do not concede that any such Documents are claims for payment within the meaning of the False Claims Act.

| | **Request for Production** | **Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1]** |
|---|---|---|
| 12. | All documents sufficient to identify all diagnosis codes submitted to You by any provider. Any response to this request should provide information sufficient to identify, at least, the patient, the date of service on which the diagnosis was rendered, the date that the code was submitted to You, and the provider who is identified as having submitted the diagnosis code, and any unique code identifier by which the code can be traced throughout Your risk management database. | During the May 15, 2023 meet-and-confer between Freedom Defendants, Provider Defendants, and Relator, Jillian Estes (counsel for Relator) agreed to Freedom Defendants' and Providers Defendants' proposal that Freedom Defendants produce data that was submitted to CMS and Provider Defendants produce data that was sent to Freedom Defendants by Provider Defendants. And, on May 18, 2023, Jessica Joseph (counsel for Provider Defendants) emailed Jillian Estes and stated that "the Defendants have agreed to divide the data production, with Freedom Defendants producing data that was submitted to CMS and Provider Defendants producing data that was sent to Freedom Defendants by Provider Defendants. With respect to the discussion about data discovery, we propose that Provider Defendants' counsel take lead on negotiations regarding the data submitted to Freedom Defendants by Physician Partners, while counsel for Freedom Defendants will negotiate with you regarding the data submitted to CMS from Freedom Defendants." Accordingly, Freedom Defendants will not produce Documents in response to this request. |
| 13. | All documents sufficient to identify any claims identified in Request for Production No. 12 which You rejected, deleted, returned to the provider, or denied payment for any reason, including the basis for any such rejection, deletion, return, or denial. | During the May 15, 2023 meet-and-confer between Freedom Defendants, Provider Defendants, and Relator, Jillian Estes (counsel for Relator) agreed to Freedom Defendants' and Providers Defendants' proposal that Freedom Defendants produce data that was submitted to CMS and Provider Defendants produce data that was sent to Freedom Defendants by Provider Defendants. And, on May 18, 2023, Jessica Joseph (counsel for Provider Defendants) emailed Jillian Estes and stated that "the Defendants have agreed to divide the data production, with Freedom Defendants producing data that was submitted to CMS and Provider Defendants producing data that was sent to Freedom Defendants by Provider Defendants. With respect to the discussion about data discovery, we propose that Provider Defendants' counsel take lead on negotiations regarding the data submitted to Freedom Defendants by Physician Partners, while counsel for Freedom Defendants will negotiate with you regarding the data submitted to CMS from Freedom Defendants." Accordingly, Freedom Defendants will not produce Documents in response to this request. |
| 14. | All documents sufficient to identify all diagnosis codes submitted by You to the United States. Any response to this request shall provide information sufficient to identify, at least, the patient, the date on which the code was submitted by You to the United States, and any unique | Freedom Defendants will produce nonprivileged Documents sufficient to show Diagnosis Codes submitted to CMS by Freedom Defendants for Beneficiaries enrolled with any provider employed by or affiliated with Provider Defendants. |

| | Request for Production | Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1] |
|---|---|---|
| | identifier by which the code can be traced throughout Your risk management database. | . |
| 15. | All documents sufficient to identify any claims identified in Request for Production No. 14 which the United States rejected, deleted, returned to You, or denied payment for any reason, including the basis for any such rejection, deletion, return, or denial. | On April 28, 2023, Freedom Defendants provided the list of CMS's error codes so that Relator can identify with greater specificity the Documents she seeks. |
| 16. | All documents related to any report, review, audit, or other document evaluating your Medicare risk adjustment program. This request includes but is not limited to any corrective action plans that resulted from any such report, review, audit, or document. | The parties agreed to Freedom Defendants' original response to this Request subject to a further meet and confer regarding the relevant time period:<br><br>Freedom Defendants will produce final versions of nonprivileged Medicare Advantage risk adjustment review reports for the relevant time period. |
| 17. | All documents related to any report, review, audit, or other document evaluating the financial impact of increasing or attempting to increase Your average risk adjustment scores for Medicare Advantage beneficiaries. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, that evaluate the financial impact on Freedom Defendants of any increase in average numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a) for all Freedom Defendants' Beneficiaries. Freedom Defendants will not collect and analyze materials prepared for submissions made to CMS pursuant to 42 U.S.C. § 1395w-24 and 42 C.F.R. § Subpart F. |
| 18. | All documents related to risk adjustment goals establishing minimum or target risk adjustment scores for Your beneficiaries, either individually, categorically, or in entirety. This request includes, but is not limited to, risk adjustment score cards, employee bonus structures which include or contemplate risk adjustment scores, training materials, compliance policies, and/or employee improvement plans related to risk scores. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, establishing a goal for the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a) for providers employed by or affiliated with Provider Defendants. |
| 19. | All documents related to remuneration or incentives (including, but not limited to bonuses, monetary payments, gift cards, salary adjustments, or in-kind services) made available or paid to Your providers based on the number, rate, or other quality metric of diagnoses the provider enters into patients' medical records. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, sufficient to show any bonuses, monetary payments, gift cards, salary adjustments, or in-kind services tied to Diagnosis Codes and paid by Freedom Defendants to providers employed by or affiliated with Provider Defendants. |
| 20. | All documents related to the production of all "Five Star University" videos published on the Physician Partners intranet, including without limitation, any contracts to produce such videos, documents reflecting | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents that refer to "Five Star University video." |

|  | **Request for Production** | **Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1]** |
|---|---|---|
|  | payments made for any persons involved in the production of such videos, scripts (including drafts), documents used or referenced in the videos, and copies of all videos which have, at any time, been published online or shown to providers during any meeting, training, or boot camp session held, sponsored, co-sponsored, endorsed or attended by the Freedom Defendants. |  |
| 21. | All documents related to the Quality Training Manual ("QTM") provided to Physician Partners physicians, including without limitation, any contracts to produce and publish such manual, a complete copy of each final version which has been produced and distributed, all drafts and revisions of all versions of the QTM, and all communications relating to the content, publication, or distribution of the QTM. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents that refer to "Quality Training Manual" or "QTM." |
| 22. | All documents related to the Medicare Provider Manual available on Your websites, including without limitation, any contracts to produce and publish such manual, a complete copy of each final version which has been produced and distributed, all drafts and revisions of all versions of the Medicare Provider Manual, and all communications relating to the content, publication, or distribution of the Medicare Provider Manual. | The parties agreed to Freedom Defendants' original response to this request subject to a further meet and confer regarding the relevant time period:<br><br>Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged final versions and drafts for all versions of the Medicare Provider Manual located at https://www.freedomhealth.com/dlsecure/?_id=3023299 and www.youroptimumhealthcare.com/dlsecure/?_id=5763214 used during the relevant time period. |
| 23. | All communications sent by any employee of the Freedom Defendants to Dr. Clarissa Zafirov, received by any employee of the Freedom Defendants from Dr. Zafirov, or which relate in any way to Dr. Zafirov. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged emails to or from Freedom Defendants, as reflected in the email domains of the senders and recipients, if any, that are sent to, sent from, or refer directly to Dr. Clarissa Zafirov, the individual, except for any Documents enacting any litigation hold issued in connection with this litigation. |
| 24. | Documents sufficient to identify the officers, managers, employees, and contractors of the Freedom Defendants for each year of the relevant time frame, including without limitation, directories, rosters, and organizational charts. | The parties agreed to Freedom Defendants' original response to this Request subject to a further meet and confer regarding the relevant time period:<br><br>Freedom Defendants will conduct a reasonable search of relevant files and will produce nonprivileged organizational documents, if any, that show Employees in Freedom Defendants' Government Business Division during the relevant time period. |

| | **Request for Production** | **Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1]** |
|---|---|---|
| 25. | All contracts or agreements between You and (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; and (3) Anion Technologies, LLC. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged fully executed contracts between Freedom Defendants and any Provider Defendant. |
| 26. | All communications regarding Medicare risk adjustment scores, diagnosis codes, the Medicare risk adjustment system in general, or 5 Star Checklists between You and any employee of (1) Florida Medical Associates, LLC d/b/a VIPcare; (2) Physician Partners, LLC; and (3) Anion Technologies, LLC. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged emails to or from Provider Defendants, as reflected in the email domains of senders and recipients, if any, directly referring to the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a), Diagnosis Codes, or 5 Star Checklists. |
| 27. | All documents related to Your review, tracking, or assessment of the total average Medicare Risk Adjustment Score of any patient or any physician's patient panel, including without limitation, any reports generated which identified a patient or patient panel's risk adjustment score, any communications between You and any physician about their patient or patient panel's risk adjustment score. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, referring directly to Freedom Defendants' review or tracking of the average numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a) for Beneficiaries enrolled with a Provider Defendant provider. |
| 28. | All documents related to any report, review, audit, or other document provided to any physician which relates to trends in the physician's usage of any diagnosis code. This request includes but is not limited to any corrective action plans that resulted from any such report, review, audit, or document. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents, if any, describing trends in the use of Diagnosis Codes by any provider employed by or affiliated with Provider Defendants. |
| 29. | All audio or audiovisual recordings of any of Your meetings, training or boot camp sessions which discussed, referenced, or related to Medicare risk adjustment scores, diagnosis codes, the Medicare risk adjustment system in general, or 5 Star Checklists. | If there is a reasonable volume of audio and audiovisual recordings within the custodial collection, Freedom Defendants will review all audio or audiovisual recordings in the custodial collection and will produce any that refer to the numerical value determined by the risk adjustment factors established pursuant to 42 U.S.C. § 1395w-23(a), Diagnosis Codes, or 5 Star Checklists.<br><br>Additionally, while Freedom Defendants do not believe that there is any non-custodial repository of such recordings, Freedom Defendants will investigate whether such a repository exists and include it as a custodian if we identify one. |
| 30-38 | Documents related to affirmative defenses | Freedom Defendants will produce Documents responsive to this Request and reserve the right to supplement as they identify additional responsive Documents. |

|  | **Request for Production** | **Freedom Defendants' Revised Compromise Responses per April 10, 11, and 27, 2023 Meet and Confers and in Response to May 18, 2023 Email from Jillian Estes[1]** |
|---|---|---|
| 39. | All documents establishing Your document retention policies, including Your policies for retaining electronic documents and emails, and Your policies for limiting or restricting access to documents after any set period of time (e.g. deleting or restricting user access to emails after a fixed period of months). This includes but is not limited to any Litigation Hold Notices or other changes in policies that were made related to this litigation. | Freedom Defendants will conduct a reasonable search of relevant files by applying search terms and reviewing results and will produce nonprivileged Documents enacting Freedom Defendants' formal policies for the retention of Documents. |