# Exhibit D



O'Melveny & Myers LLP  
1625 Eye Street, NW  
Washington, DC 20006-4061  

T: +1 202 383 5300  
F: +1 202 383 5414  
omm.com  

File Number:

August 24, 2023

**Benjamin D. Singer**  
D: +1 202 383 5201  
bsinger@omm.com

**SENT VIA EMAIL**

Jillian Estes  
Morgan Verkamp LLC  
4410 Carver Woods Dr.  
Suite 200  
Cincinnati, Ohio 45242

cc: Counsel of Record

**Re:** *United States ex rel. Zafirov v. Florida Medical Assocs., LLC, et al.*  
No. 2019-cv-01236-KKM-SPF (M.D. Fla.)

Counsel,

We write to continue our efforts to reach compromise on Freedom Defendants' Responses and Objections to Relator's First Set of Requests for Production ("Responses & Objections") and in response to the August 15, 2023 email from Jillian Estes.

### Date Range

As we explained in our June 30, 2023 letter, all compromise positions should be read in connection with the applicable date range limitation. Until the Court resolves the pending Motion to Compel, we will rely on the January 1, 2017 to December 31, 2020 date range Defendants have advocated for in the opposition. This limitation applies to all requests. If the Court resolves the Motion and indicates that another date range is applicable, we will update our productions accordingly.

### Request No. 7

We will search for and produce any BAAs with Physician Partners and have already produced the BAA with Anion.

### Request No. 15

The codes we provided are CMS codes that are assigned by CMS—not Freedom Defendants. RFP 15 seeks "documents sufficient to identify any claims identified in Request for Production No. 14 which the United States rejected, deleted, returned to You, or denied payment for any reason, including the basis for any such rejection, deletion, return, or denial." On the April 11, 2023 meet and confer, we explained to you that CMS rejects diagnosis code submissions for



many, many reasons, including many administrative reasons not relevant to this litigation. You agreed that you would review the categories of error codes, and we subsequently provided the publicly available codes for you to review and determine what you were interested in. We subsequently provided the codes and explained during our April 28, 2023 letter that "Freedom Defendants have included the publicly available list of error codes used by CMS with this letter. Please let us know which error codes you believe are relevant." We remain willing to hear which codes you believe are relevant.

**Request No. 17**

Based on our rereview of both compromise charts, the language is consistent across both the April 28, 2023 version and the June 30, 2023 version–*i.e.*, this has been our clear position on this issue for the past 4 months. It would be helpful to understand the difference you are referring to more specifically. The reference to 42 U.S.C. 1395w-24 or 42 C.F.R. 422 Subpart F excludes production of data complied as part of the annual bid process. The reference to 42 U.S.C. 1395w-23(a) more specifically defines "risk adjustment scores," which was used in your request could be subject to multiple meanings. We assumed that by using that term, you intended to capture the numerical value determined by the factors outlined at 42 U.S.C. 1395w-23(a), so in our response we were specific about what we determined to be relevant and responsive to the request. We are happy to discuss further.

**Requests Nos. 20 & 21**

As reflected in my email of August 21, 2023 (and other emails), Freedom Defendants have never taken the position that we "would not negotiate search terms until the temporal scope was resolved" and in fact have taken the opposite position. Putting that inaccuracy aside, the statements written in the compromise chart on Requests 20 and 21 were not a start of negotiations of search terms. They were an attempt to offer a compromise so that the parties could move past their disagreement on these requests. As we have repeatedly explained, the QTM is not a Freedom Defendant document and the 5 Star University Video is not a Freedom Defendant video. While Relator initially asserted that she had a copy of the QTM with a Freedom Defendant logo, thereby indicating Freedom Defendants were somehow associated with the document, upon further review you stated there was in fact no Freedom Defendants logo on any copy you had. Because these are not Freedom documents, but rather documents from our co-defendants that you have also requested from them, and because you have offered no evidence that they would be maintained in Freedom Defendants' files, the requests to search comprehensively for them are unduly burdensome on their face. In an attempt to resolve the parties dispute on this issue, we offered a compromise: to run a narrow search of the terms so that Relator could confirm herself that these are not Freedom documents. If Relator would like to decline that compromise, we will stand on our objections. Of course, if you have some new facts about these documents you can share with us, we will consider those facts.

**Request No. 25**

Request 25 seeks all contracts without limitation or specification. On our April 11, 2023 meet and confer, we explained the burden associated with the request. We noted that the request was overbroad given that Freedom Defendants already agreed to produce contracts governing the provision of healthcare services to Freedom beneficiaries (and have already produced such contracts). When we asked, you were unable to identify what other contracts were likely to be relevant. As a compromise position, on our April 27, 2023 meet and confer we offered to use to

search for any additional contracts using search terms. Relator agreed to that approach on the call, noting only that you reserved the right to seek drafts. We subsequently memorialized the language in our April 28, 2023 chart. Given the size of Freedom and Optimum, using search terms in our custodial to identify contracts beyond those governing the provision of healthcare services is a reasonable compromise, particularly because two of our custodians—Michelle Molina and David Caruso—have information about Freedom and Optimum's contracts.

**Request No. 29**
We have confirmed that there is no central repository of all recordings.


Sincerely,


*/s/* Benjamin D. Singer
Benjamin D. Singer
O'Melveny & Myers LLP

CC (*via Electronic Mail*):

      Frederick M. Morgan, Jr., Morgan Verkamp LLC, Relator's Counsel

      Chandra Napora, Morgan Verkamp LLC, Relator's Counsel

      Jonathan Lischak, Morgan Verkamp LLC, Relator's Counsel

      Kenneth J. Nolan, Nolan & Auerbach, PA, Relator's Counsel

      Marcela Auerbach, Nolan & Auerbach, PA, Relator's Counsel

      Adam T. Rabin, Rabin Kammerer Johnson, Relator's Counsel

      Havan M. Clark, Rabin Kammerer Johnson, Relator's Counsel

      Ginger Barry Boyd, Nelson Mullins Riley & Scarborough LLP, Freedom Defendants' Counsel