# Exhibit F



# MORGAN VERKAMP LLC

May 26, 2024

Scott Drake
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
Via email: sdrake@omm.com

Amanda M. Santella
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Via email: asantella@omm.com

Counsel,

We write to follow up on several deficiencies in the Freedom Defendants' discovery responses which have been identified by recent deposition testimony and through late productions. Relator has exhaustively sought complete responsive document production, Freedom Defendants' failure to identify and produce the records described by deponents is highly prejudicial to Relator.

## I.      Defendants' Document Production

The failure to provide plainly responsive documents in a timely manner or at all is highly prejudicial. *Sunrise of Coral Gables Propco*, LLC v. Current Builders, Inc., No. 1:22-CV-21456-MORE, 2023 U.S. Dist. LEXIS 183512, at *25 (S.D. Fla. Oct. 12, 2023) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."), citing *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015); *Debose v. Broward Health*, No. 08-61411-CIV-MOORE/SIMONTON, 2009 U.S. Dist. LEXIS 45546, at *14 (S.D. Fla. May 20, 2009) (holding "Defendant may not use the withheld documents objected to by Plaintiffs").

MORGAN VERKAMP LLC

A. <u>Inappropriately Delayed Discovery</u>

Per agreement, Freedom Defendants stated their document production was substantially complete on March 15, 2024. Notwithstanding that statement, and notwithstanding the planning done in reliance on that statement and the previous meet-and-confer discussions, Defendants have made six substantive productions since then (in addition to various other reproductions of past productions). While we have endeavored to review these documents to be able to ascertain their value for scheduled depositions, Relator has been prejudiced by this tactic and requires redress.

Specifically, on May 8, 2024, Freedom Defendants produced more than 4,000 pages of records with a password at 11:53 pm – more than 600 of which were direct hits for Dianne Kortsch, whose deposition was taken on May 9, 2024. By way of email on May 9, Relator's counsel Jillian Estes advised that the production was well past due as the records were responsive, at a minimum, to RFPs 2, 16 and 28. Scott Drake responded, asserting that the documents produced had not needed to be produced until Relator served her April 29 request for documents from third-parties. This is plainly wrong. As Relator's counsel pointed out, those documents were responsive to prior RFPs and most had been in Freedom's possession for more than two months before they were produced to Relator.

Relator asked on May 9 for identification of exactly how many other documents remain in Freedom Defendants possession which are responsive to RFPs 1-39 and have not yet been produced. To date, Freedom Defendants have not responded to that inquiry; a response is necessary.

Compounding the concern that relevant, responsive documents have been withheld, third-party Dr. George Mansour made a production on May 17, 2024, in response to a subpoena served by Freedom Defendants. As set forth in an email from Relator's counsel on that same date, documents in that production are immediately relevant to this case and to Freedom's oft-asserted position that it has no knowledge of the Provider Defendants' 5 Star Checklists. Freedom's explanation that Ms. Gareau was not a custodian misses the mark, as the production makes plain, she should have been. The custodians and search terms were intensely negotiated on the premise that each party is best suited in the first instance to identify relevant, responsive repositories of information, Relator reasonably acted in reliance on representations by the Freedom Defendants about custodians and search terms. Now, however, we learned from Lucie Cohen's declaration that some searching of Ms. Gareau's email box was only conducted following the May 17, 2024 production – not at the time when search terms and custodians were being negotiated; no explanation for this deficiency was provided. And still, there is no indication that all of the search terms in this case were

**MORGAN**VERKAMP LLC

run across Ms. Gareau's mailbox or the mailboxes of any other individuals with whom she corresponded on relevant topics.

Thus, Relator requires that Ms. Gareau's mailbox, all other repositories where Ms. Gareau stored information, and all mailboxes or storage sites for individuals with whom Ms. Gareau corresponded in any communications hit on in the aforementioned search, be thoroughly reviewed for all relevant, responsive records. To the extent any depositions are necessary based on documents revealed during that search, Relator seeks the opportunity to conduct such depositions at the convenience of the witness and counsel.

B. <u>Unproduced Responsive Records</u>

On May 15, 2024, the Rule 30(b)(6) deposition testimony of Ms. Radha Rai as the corporate representative of Freedom Health made clear that there are many additional tranches of responsive documents that Defendants have not produced. Specifically, she testified that Freedom:

- stores the underlying data regarding error rates, including as monthly Excel files, on a shared drive;
- has a source that can be queried to generate a list of every provider who has ever been subject to QIP2;
- stores retrieved medical records used for its audits of providers in a system call DMS;
- records the results of its audits of providers in its QIP app, from which Freedom runs reports to see what has been approved and denied and that Freedom uses that as an informational tool for its auditors;
- regularly posts reports that show the IPA, the number of members, and their current risk score (Ms. Rai specifically referenced the MRA 004 and the MODD files, which come from CMS); and
- runs reports that show Medicare Advantage revenue broken out between providers groups.

Each of these reports or repositories are responsive to outstanding requests, including without limitation RFPs 2 (with respect to "Freedom and Optimum compliance documents for the relevant time period"), 16, 26, 27 and 28. They are overdue and must be produced forthwith.

Further, Ms. Kortsch testified that Freedom uses the Microsoft Teams messaging platform to communicate and was unsure what messaging platform was used prior to Teams. We have not seen any production from Teams or other similar platform, so we do not believe those were searched. We cannot imagine those

MORGAN VERKAMP LLC

repositories would not contain responsive communications, so we need to understand the disconnect here or need a production of all responsive Teams documents, including any chats or other messaging mechanisms used through the Teams site.

In addition, Ms. Kortsch testified that Freedom keeps minutes and PowerPoint presentations for quarterly Medicare compliance meetings and for the delegation oversight committee. We cannot find a complete set of quarterly meeting minutes and presentations for either the compliance meetings or the delegation oversight committee meetings in Freedom's production. Ms. Kortsch also testified that Freedom produces a yearly risk register, which is an Excel document that contains identified risks and quarterly updates as to those risks. She further testified that for the quarterly updates she would either reach out to the business department or update herself based on her own reviews. We do not find the yearly or the updated versions of Freedom's risk register in Defendants' production, or documents reflecting the regular preparation and revision of such a risk register. Please either direct us to the Bates numbers for the minutes, presentations, and registers (including the updates) or immediately produce those documents. These documents are or may be responsive to, at least, RFP 2, 8, 16, 17, 18, 26, 27 and 28.

Finally, Relator requested medical records on Feb. 19, 2024, at RFP No. 41. Freedom Defendants refused to produce responsive records at all. Responding to Freedom Defendants' assertions (however unsupported) of burden, Relator subsequently offered to narrow the request to a subset of records identified by Relator's expert for statistical sampling. Although the parties discussed this subject during the meet-and-confer held on Friday, May 24, 2024, Freedom Defendants have to-date refused to produce *any* medical records. However, Freedom's cries of burden land particularly hollow amid both Ms. Rai and Ms. English's deposition testimony that Freedom regularly retrieves and audits provider medical records, and tracks and monitors providers' error rates. While the parties continue to negotiate (or reach loggerheads as to) the overall production of medical records, Relator demands production of every audit, including the audited records and resulting report, associated with a Physician Partners physician that Freedom conducted between 2015 and 2020.

C. Deficient Privilege Log That Requires Immediate Remedy.

In response to Relator's requests for production, Defendants asserted a slew of general objections and then incorporated each of them by reference into each specific response. The caselaw is clear on this point, and those objections purported to be incorporated are, in fact, null. *See e.g., United States EEOC v. Qualtool, Inc.*, No. 5:21-cv-229-ACC-PRL, 2022 U.S. Dist. LEXIS 200752 (M.D. Fla. Nov. 3, 2022) (granting plaintiff's motion to compel where plaintiff argued defendants raised boilerplate

MORGAN VERKAMP LLC

objections); *United States v. Pac. Dermatology Inst., Inc.*, No. 5:20-cv-01906-JGB-SHK, 2024 U.S. Dist. LEXIS 18216, at *10 (C.D. Cal. Feb. 1, 2024) ("absent an appropriate and specific assertion of an objection, an objecting party waives it."); *Duffy v. Lawrence Mem'l Hosp.*, No. 2:14-cv-2256-SAC-TJJ, 2016 U.S. Dist. LEXIS 176848, at *8 (D. Kan. Dec. 21, 2016) ("To the extent the boilerplate objections lack specificity, Defendant has not met its burden to show why the discovery requests are improper"); *see also* Middle District Florida Discovery Handbook Sec. III (A)(6).

One of those was an unmoored, generic objection on the basis of privilege. *See* General Objection Number 6.[1] Objections such as this are flatly impermissible and ineffective. Because it was purported to be incorporated by reference, and because Defendants wholesale failed to identify whether any documents were being withheld on the basis of any specific objection, Relator cannot ascertain the completeness of Defendants' production or the appropriateness *vel non* of any particular objection. To avoid any continuing prejudice to Relator, Defendants must immediately identify whether they have withheld any documents on the basis of any particular objection, as required by Rule 34(b)(2)(c), Fed. R. Civ. P.

Given the ubiquity of Defendants' assertion of the "privilege" objection, we were surprised to receive what we believe to be the sparsest privilege log we have ever received in decades of this work. We expect that Freedom Defendants will supplement their responses to Relator's requests for production to accurately reflect what was actually withheld on the basis of privilege and supplement their log forthwith.

Further, even the few items on the privilege log do not currently contain enough information to assess whether the claimed privilege is appropriate. Specifically, we cannot ascertain whether the advice sought or given was legal in nature or business-related. For example, there are multiple entries that appear to relate to versions of the Provider Manual, over which Defendants claim privilege. Though we cannot definitively ascertain from the log, we assume that the attorney involved was Ms. Papoulis, from Anthem, and that she provided some edits to the Manual. However, the log provides no way for us to ascertain whether those edits contained or responded to the request for legal advice. Similarly, Defendants included an entry over which they claim privilege but the only person identified on the entry is Ms. Kortsch, who

[1] "Freedom Defendants object to each and every Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the settlement privilege, the common interest doctrine, or any other applicable privilege, including, but not limited to, documents that (1) were prepared for or in anticipation of litigation; (2) contain or reflect the analysis, mental impressions, or work of counsel; (3) contain or reflect attorney-client communications; (4) are protected by common interest privilege; or (5) are otherwise privileged"

5

MORGAN VERKAMP LLC

testified that, while she has a law degree, she has never functioned in a legal capacity for Defendants. We cannot see the basis for a privilege claim over FRDM-00168812.

D. <u>Interrogatory Responses</u>

Relator and Defendants met-and-conferred on May 13, 2024. As a result of that discussion, Freedom agreed to take back requests for modifications to several interrogatory responses. For example, with respect to Interrogatory No. 13, Freedom counsel was reviewing whether information about the specific individuals trained by Freedom could be identified. With respect to Interrogatory No. 16, Relator identified that there is no basis to withhold any information between Freedom and Defendants, so the communications logged on the appendix need to be described rather than just enumerated. Please identify forthwith if there are any areas of discussion that Freedom *will not* be amending and we will consider the meet-and-confer complete on those issues.

## II. **Availability to Meet and Confer**

Given the impending deadline, we anticipate need to seek judicial assistance given that the responsive records and complete privilege information have been withheld to this date. However, Relator will be available to meet-and-confer over the weekend or Monday through Wednesday to determine if there are areas that Freedom will agree to produce absent judicial intervention. Please let us know your availability or if you do not believe a meet-and-confer will be productive in short order.

Thank you,

Jillian Estes

CC: Freedom Counsel Distribution List as requested