# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

       Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC; FLORIDA
MEDICAL ASSOCIATES, LLC, d/b/a
VIPCARE; ANION TECHNOLOGIES, LLC;
FREEDOM HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

       Defendants.

Case No. 8:19-cv-01236-KKM-SPF

## PROTOCOL RELATING TO PRIVILEGED RESPONSIVE MATERIALS

The Parties[1] to this matter agree to the following concerning any materials over which any Party asserts privilege or protection as a basis for withholding material which would otherwise be produced in response to a discovery request.

### I.     Privilege Log Format and Timing.

      a.   Aside from the exclusions outlined in Section II, the Parties shall generate a log of all other withheld or redacted documents, ESI, and other materials in electronic spreadsheet format in compliance with Federal Rules of Civil Procedure Rule 26(b)(5).

      b.   Each Party may choose to satisfy Section I.a. by producing a privilege log containing only objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted ("Metadata Log").  A Metadata Log shall include, at a minimum, the fields below.  To the extent

---

[1] For purposes of this Protocol, the "Parties" are Dr. Clarissa Zafirov; Florida Medical Associates, LLC d/b/a VIPCare; Physician Partners, LLC; Anion Technologies, LLC; Freedom Health, Inc.; and Optimum Healthcare, Inc.

privileged or otherwise protected information is contained in these fields, the information may be redacted in the Metadata Log and the accompanying load file for production.

    i.   Bates Number or Privilege Log ID

    ii.   File name

    iii.   Email subject

    iv.   Email to

    v.   Email from

    vi.   Email cc

    vii.   Email bcc

    viii.   Date last sent (for emails)

    ix.   Date last modified (non-emails)

    x.   Privilege Asserted

    xi.   All custodians

c.   A Party may request additional information for any specific privilege log entry and the Producing Party will not unreasonably refuse to provide more information about the subject matter of the logged material and the basis of the asserted privilege in compliance with Fed. R. Civ. P. 26(b)(5), and as set forth in the Middle District of Florida's Civil Discovery Handbook, Sections III(B)(9), VI(A)(1), and VI(A)(2)(b)(i), to the extent the requested information is readily obtainable.

d.   Privilege logs need not be served concurrently with written objections to discovery requests or each production of documents, however, the Parties will endeavor to produce privilege logs as early as possible, but in any event, no later than either 30 days after the final document production or 60 days before the close of discovery, whichever is earlier.  To the extent a Producing

Party produces documents within 60 days of the close of discovery, the Producing Party shall take reasonable efforts to serve any privilege logs for documents contained in or withheld from those productions as soon as practicable following production.  The close of discovery will not be a bar to producing any document identified on a privilege log if a Receiving Party has initiated a challenge to a privilege designation pursuant to Section III of this Protocol prior to the close of discovery or within 30 days of receiving the privilege log on which the document appears, whichever is later.

**II.    Privilege Log Exclusions.**

a.    <u>Communications with Outside Counsel.</u>  No Party is required to list on a privilege log communications seeking or providing legal advice related to this litigation between the Party and its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or testifying experts.  This provision extends to the attachments to the privileged emails if disclosure of the attachment reveals confidential communications; however, an attached document does not become privileged simply by being attached to a communication excluded by this subsection.

b.    <u>Outside Counsel Work-Product.</u> No Party is required to list on a privilege log privileged materials or work product created or received in relation to this litigation by its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or testifying experts.  This provision extends to attachments to work product emails if disclosure of the attachment reveals confidential communications; however, an attached document does not become privileged simply by being attached to a communication excluded by this subsection.

c.    <u>Litigation Holds</u>.  Litigation holds issued in relation to this litigation shall be included in any privilege log to the extent such document or communication is withheld from

production on the basis of any claim of attorney-client privilege or attorney work product protection.

      d.  <u>Communications Exclusively Between a Party and Its In-House Counsel Principally Involved in Litigation Matters</u>.  Communications exclusively between a Party and its in-house counsel related to this litigation need not be disclosed or included in any privilege log. This provision extends to the attachments to the privileged emails if disclosure of the attachment reveals confidential communications; however, an attached document does not become privileged simply by being attached to a communication excluded by this subsection.

      e.  This Protocol expressly does not address the logging vel non of communications or documents exchanged between Relator, or any representative acting on behalf of Relator, and the United States in relation to this litigation.

      f.  <u>Suppressed Emails Due to Threading.</u>  E-mails suppressed under Section II(e) of the Protocol Relating to the Discovery of Electronically Stored Information ("ESI") dated March 27, 2023 need not be produced or reflected on the Producing Party's privilege log.  In other words, a Party need only log the top-line email of an email chain on its privilege log.

      g.  <u>Redacted Documents.</u>  Redacted documents need not be logged if:

        i.  The reason for the redaction (e.g., "REDACTED – PRIVILEGED") and any other information that would otherwise appear on a log is noted on the face of the document; and

        ii.  the bibliographic information (to, from, CC, author, date, subject etc.) is not redacted.

### III.   Privilege Challenges.

a.   If, after a Producing Party has provided additional information pursuant to Section I.c., a Requesting Party, in good faith, believes a specific redacted or withheld document is responsive and does not reflect privileged or protected information, the Requesting Party shall provide, in writing, the Producing Party with its reasoning for believing each redacted or withheld document at issue is responsive and not privileged or protected.  To the extent the privilege or work product doctrine claim is not withdrawn, the Parties shall meet and confer to try to reach a mutually agreeable solution before elevating the dispute to the Court.

### IV.   Modification

a.   To the extent compliance with this Protocol imposes an undue burden, the Parties shall promptly confer in an effort to resolve the issue.  Any practice or procedure set forth herein may be varied by agreement of the Parties, which will be confirmed in writing.  Any Party that seeks to deviate from the procedure set forth herein must obtain leave of the Court to do so unless all Parties otherwise consent in writing.

Dated:                                                          Dated: February 20, 2024

By: ___ /s/ Jillian L. Estes ___                    By: ___ /s/ Scott Drake _____

Jillian L. Estes (Lead Counsel)                    Scott Drake (Lead Counsel)*
Fla. Bar No. 0055774                                   O'MELVENY & MYERS LLP
Frederick M. Morgan, Jr.*                           2801 North Harwood Street, Suite
Jonathan M. Lischak*                                   1600
Morgan Verkamp LLC                                 Dallas, TX 75201
4410 Carver Woods Dr.                                (972) 360-1915
Suite 200                                                      (972) 360-1901 (fax)
Cincinnati, Ohio 45242                                sdrake@omm.com
Telephone: (513) 651-4400
Fax: (513) 651-4405                                     Benjamin D. Singer*
                                                                     Amanda M. Santella*
                                                                     O'MELVENY & MYERS LLP

Email:jillian.estes@morganverkamp.com
rmorgan@morganverkamp.com
jonathan.lischak@morganverkamp.com

Kenneth J. Nolan (Fla. Bar No. 603406)
Marcella Auerbach (Fla. Bar No. 249335)
NOLAN, AUERBACH & WHITE, LLP
435 N. Andrews Ave., Suite 401
Fort Lauderdale, FL  33301
Phone: (954) 779-3943
Fax: (954) 779-3937
ken@whistleblowerfirm.com
marcellla@whistleblowerfirm.com

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

*Counsel for Relator Dr. Clarissa Zafirov, M.D.*

1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com
asantella@omm.com

Elizabeth M. Bock*
Elizabeth A. Arias*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (fax)
ebock@omm.com
earias@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc.; and Optimum HealthCare, Inc*

Dated:

By: _____/s/ Jason Mehta_____

   Jason Mehta (Lead Counsel)
   Fla. Bar No. 106110
   FOLEY & LARDNER LLP
   100 N. Tampa St., Suite 2650
   Tampa, FL 33602
   Telephone: (813) 229-2300
   Facsimile: (813) 221-4210
   jmehta@foley.com
   dmills@foley.com

*Counsel for Defendants Physician Partners, LLC; Florida Medical Associates, LLC; and Anion Technologies, LLC*

*\*Admitted pro hac vice*