**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV, <br><br> Plaintiff/Relator, <br><br> v. <br><br> PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC., <br><br> Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S MOTION TO SEAL UNDER FEDERAL RULE 5.2(D)-(E), LOCAL RULE 1.11, AND ECF NO. 140-1**

Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, "Freedom Defendants") hereby move the Court pursuant to Federal Rule of Civil Procedure 5.2(d) and (e), M.D. Fla. L.R. 1.11, and the operative Protective Order in this case (ECF No. 140-1) for entry of an Order permitting the continued sealing of the Declaration of Radha Rai in Support of Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Opposition to Relator's Motion to Compel Discovery from Freedom Defendants (the "Sealed Declaration").[1]

This relief is warranted because the Sealed Declaration contains confidential

---

[1] For the sake of clarity, this Motion references the Declaration of Radha Rai filed in support of the opposition as the "Sealed Declaration," and elsewhere refers to a *separate* declaration from Radha Rai in support of *this* Motion to Seal. The Rai Declaration in support of *this* Motion is not itself confidential (and has not been filed under seal), and simply discusses why the Sealed Declaration contains confidential information, the disclosure of which could cause harm to Freedom Defendants.

and commercially sensitive information, including details regarding Freedom Defendants' Quality Improvement Program ("QIP"), Freedom Defendants' medical record collection processes, and Freedom Defendants' internal procedures for conducting internal QIP audits, CMS Risk Adjustment Data Validation ("RADV") audits, and Independent Review Officer ("IRO") audits. Freedom Defendants have narrowly tailored this request for sealing to only the Sealed Declaration. There is good cause for continued sealing, as explained below.

## MEMORANDUM OF LAW

**A.  Freedom Defendants Have Good Cause to Keep the Sealed Declaration Under Seal to Protect Confidential Information of Litigants.**

Freedom Defendants seek to keep the Sealed Declaration under seal because it contains proprietary and commercially sensitive information regarding Freedom Defendants' business operations, whose public disclosure could result in significant competitive harm.

The Eleventh Circuit recognizes that sealing is appropriate upon a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Good cause to seal exists when the materials at issue contain highly confidential and proprietary information that is normally kept secret from the public. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 2011 WL 5357843, at *3 (M.D. Fla. Nov. 1, 2011); *see also Chicago Tribune*, 263 F.3d at 1313-14. Confidential business information is properly subject to sealing where the business establishes that

"[it has] consistently treated the information as closely guarded secrets, that the information represents substantial value to [the party], that it would be valuable to [the party's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Chicago Tribune*, 263 F.3d at 1313-14.  Courts in this Circuit have thus permitted parties to file their own commercially sensitive financial or business information under seal because a party's privacy interest in its confidential business information outweighs the public's interest in judicial access.  *See Local Access, LLC v. Peerless Network, Inc.*, 2015 WL 5897743, at *3 (M.D. Fla. Oct. 7, 2015); *see also Declan Flight, Inc. v. Textron Eaviation, Inc.*, 2024 WL 22018, at *1 (M.D. Fla. Jan. 2, 2024) ("[C]ourts in this District have routinely recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." (citing *Deltona Transformer Corp. v. Noco Co.*, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021))).

More specifically, courts in the Middle District of Florida have readily granted motions to seal documents that contain "competitively sensitive" business information, *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817 (M.D. Fla. Oct. 8, 2015), such as "information concerning [a party's] internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process," *Deltona Transformer Corp.*, 2021 WL 4443999, at *1 (quoting defendants' motion to seal).  Where a party's confidential business information is "particularly valuable" to competitors such that it "would injure [the party] if made public," courts will find good cause "for keeping [those]

documents from the public view." *CVS Pharm., Inc. v. Labuhn*, 2024 WL 2702074, at *2 (M.D. Fla. May 24, 2024); *see, e.g.*, *Toms v. State Farm Life Ins. Co.,* 2022 WL 2953523, at *8 (M.D. Fla. July 26, 2022) (sealing documents "because of the serious harm to Defendant's business and competitive position that would result if this information were public"); *Action Nissan, Inc. v. Hyundai Motor Am. Corp.*, 2023 WL 7017348, at *1 (M.D. Fla. Oct. 25, 2023) (sealing deposition excerpts that discuss defendants' "internal allocation processes and procedures for making business decisions"). Trial courts have consistently found that internal documents regarding a party's auditing processes and compliance programs fall comfortably within the category of competitively sensitive business information that must be protected from disclosure. *See, e.g.*, *Conservation L. Found., Inc. v. Shell Oil Co.*, 2023 WL 5567614, at *5 (D. Conn. May 16, 2023) (ordering continued sealing of document that "details internal audit processes and procedures that are unique to the Defendants"); *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 8648962, at *7 (W.D. Wash. Dec. 14, 2023) (granting motion to seal exhibit that "reflects competitively sensitive business information regarding audits performed on [defendant's] business operations and regulatory compliance efforts").

      The Sealed Declaration at issue contains proprietary business information that would benefit competitors, and thus cause serious harm to Freedom, if released to the public. Specifically, the Sealed Declaration contains a detailed description of Freedom's auditing practices, including "extensive information regarding Freedom Defendants' procedures for interfacing with hospitals and providers to obtain records

for quality-control and auditing purposes; details regarding Freedom Defendants' vendors and their payment; and step-by-step descriptions of Freedom Defendants' quality-control and internal-audit processes." Decl. of Radha Rai ISO Motion to Seal, ¶ 6. Freedom Defendants have consistently treated this information as confidential, and the public disclosure of this information would give competitors undue access to the inner workings of Freedom Defendants' auditing and quality-improvement strategies and procedures. *Id.* ¶¶ 4–6. Given the substantial role that auditing practices and quality-improvement strategies play in Freedom Defendants' success in the competitive Medicare Advantage landscape, disclosure of this sensitive information would give an unfair advantage to competitors by allowing them to adopt similar compliance and auditing programs informed by Freedom Defendants' own proprietary systems. *Id.* ¶¶ 5–6.

Finally, the public has little legitimate interest in disclosure of the Sealed Declaration. The Sealed Declaration addresses a narrow set of issues raised in Relator's Motion to Compel (ECF 279) and Freedom Defendants' subsequent brief in opposition. As was the case for the documents subject to Freedom Defendants' first Supplemental Motion to Seal, *see* ECF 210, the information contained in the Sealed Declaration is ancillary to the claims and defenses at issue in Relator's False Claims Act suit, and is being placed before the Court in the context of a discovery motion rather than any motions practice related to the merits of Relator's claims.

**B.     The Sealed Declaration Should Be Sealed in Their Entirety.**

Redacting the Sealed Declaration—rather than sealing it in full—would not

adequately protect Freedom Defendants' business interests. *See* Decl. of Radha Rai ISO Motion to Seal ¶ 7. Freedom Defendants have complied with the stipulated Protective Order in making their initial designations of confidential materials. The Sealed Declaration, as described above, contains properly confidential information; the disclosure of detailed discussions of Freedom's interrelated business strategies, including its quality-improvement program and auditing procedures, even in isolation, would cause serious competitive harm by permitting non-parties to gain insight into Freedom Defendants' confidential business practices. *Id.* ¶¶ 5–7. Redactions would be insufficient to prevent this competitive harm. *Id.* ¶ 7.

\* \* \*

Because the disclosure of information in the Sealed Declaration would likely harm the Freedom Defendants, Freedom Defendants respectfully request that the Sealed Declaration remain under seal.[2] Therefore, Freedom Defendants request that the Court grant this Motion and seal the Sealed Declaration until the final judgment (and any appeal from that judgment) is concluded. At that time, counsel for the Freedom Defendants will retrieve the documents filed under seal. *See Allgood v. Paperlesspay Corp.*, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (endorsing this

---

[2] The declaration filed in support of this Motion also refers to confidential information in excerpts to deposition testimony from a former employee of Freedom Defendants, Karen Kelly. *See, e.g.*, Decl. of Radha Rai ISO Motion to Seal ¶ 3. After meeting and conferring with counsel for Relator—who opposed the sealing of a *broader* excerpt from Ms. Kelly's deposition testimony than what Freedom Defendants ultimately filed—Freedom Defendants modified the referenced excerpt by citing fewer pages of Ms. Kelly's testimony, and filed it *publicly* on the docket as Exhibit H to the Declaration of Amanda Santella in support of Freedom Defendants' opposition to Relator's motion to compel. Ms. Rai executed her declaration in support of this Motion to Seal before those changes were made.

approach).

Dated: June 12, 2024

Respectfully submitted,

By: /s/ *Scott Drake*
Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
(972) 360-1901 (fax)
sdrake@omm.com

Benjamin D. Singer*
Amanda M. Santella*
William Buffaloe*
Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas,
Suite 1700
New York, NY 10019
(212) 326-2000
(212) 326-2061 (fax)
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite

400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
ginger.boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

*\* admitted pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for Relator and counsel for the Provider Defendants—Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC—regarding the relief sought in this Motion.  Provider Defendants do not oppose the relief sought.

Given the proximity of the timing of the relevant filings, Relator has not yet been able to review the Sealed Declaration in advance of its filing under seal, and thus has not provided a position on Freedom Defendants' Motion to Seal.  In accordance with Local Rule 3.01(g)(3), Freedom Defendants have indicated to counsel for Relator that they will continue to meet and confer with Relator following the filing of this Motion and timely file the required supplement.

By: */s/ Scott Drake*
Scott Drake*

*Counsel for Freedom Defendants*
*\* admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Scott Drake*
Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*