# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DR. CLARISSA ZAFIROV,<br><br>　　Plaintiff and Relator,<br><br>v.<br><br>FLORIDA MEDICAL ASSOCIATES,<br>LLC, d/b/a VIPCARE; PHYSICIAN<br>PARTNERS, LLC; ANION<br>TECHNOLOGIES, LLC; FREEDOM<br>HEALTH, INC.; and OPTIMUM<br>HEALTHCARE, INC.;<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>) NO. 8:19-cv-01236-KMM-SPF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RELATOR'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Relator identifies the recent supplemental authority of *Vidal v. Elster*, No. 22-704, 2024 U.S. LEXIS 2605 (U.S. June 13, 2024) ("*Vidal*") in support of Doc. 264, Relator's Supplemental Brief on Founding-era Historical Evidence regarding *Qui Tam* Enforcement.

In a unanimous decision delivered by Justice Thomas, the Court examined whether a content-based—but viewpoint-neutral—trademark restriction under the Lanham Act's names clause was constitutional by conducting a historical inquiry into the relationship between trademark rights and the First Amendment. *Id.*[1] The Court conducted an analysis of English, Colonial, and State trademark statutes implemented both before and after the codification of the Constitution. *Id.* at 16-22. The Court found that "[m]uch of early American trademark law 'was lifted essentially from that of England.'" *Vidal* at 15-16 *citing* 78 Trademark Reporter 456, 457-459 (1988). Different than the history of *qui tam*, the "first reported American decision" in trademark did not occur until 1837 and the first federal trademark law was not enacted until 1870. *Vidal.* at 18-19 (citations omitted). Notwithstanding that "no such law[s] [were] enacted during our country's infancy" and that "trademark law fell largely within 'the province of the States' for the 18th and most of the 19th century" (*id.* at 17), the Court

---

[1] The respondent sought to secure trademark protection for a moniker which involved the name of President Donald J. Trump for use on merchandise to be sold. *Vidal* at 1. An examiner from the Patent and Trademark Office rejected this request on the grounds that the "names clause" of the Lanham Act prohibited the registration of a mark that "consists of or compromises a name . . . identifying a particular living individual except by his written consent." *Id. citing* 15 U.S.C. §1052(c). The Federal Circuit reversed. *Id.*

2

concluded that "trademark law has existed alongside the First Amendment from the beginning" (*Vidal* at 21) and has "deep roots in our legal tradition" (*id*. at 23).

The Court's opinion also addressed concerns raised in Justice Barrett's concurrence regarding whether historical analogues were sufficiently similar to the "names clause," explaining that "history-focused approaches to constitutional scrutiny do not typically require a historical twin." *Vidal*. at 32 n.4. Because the "names clause is of a piece with a common-law tradition regarding the trademarking of names" the Court "s[aw] no reason to disturb the longstanding tradition" of such laws and upheld the Constitutionality of the "name clause." *Id*. at 32-33. The Court's observation that the nature and scope of trademark regulation had changed over time did not dissuade the majority from their holding that "trademark law has existed alongside the First Amendment from the beginning." *Id.* at 19-21. The Court held that "the names clause is grounded in a historical tradition sufficient to demonstrate that it does not run afoul of the First Amendment." *Id.* at 35.

Respectfully submitted, this 14th day of June 2024,

/s/ *Jennifer M. Verkamp*
Jennifer M. Verkamp*
Jillian L. Estes (Fla Bar No. 0055774)
Chandra Napora*
Anne Hayes Hartman*
Jonathan M. Lischak*
Morgan Verkamp LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, Ohio 45242
Telephone: (513) 651-4400
Fax: (513) 651-4405

Email:
jverkamp@morganverkamp.com
jillian.estes@morganverkamp.com
cnapora@morganverkamp.com
ahartman@morganverkamp.com
jonathan.lischak@morganverkamp.com

Counsel for Relator Dr. Clarissa Zafirov

*admitted pro hac vice*

Adam T. Rabin (Fla. Bar No. 985635)
Havan M. Clark (Fla. Bar No. 1026390)
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Phone: (561) 659-7878
Fax: (561) 242-4848
arabin@rkjlawgroup.com
hclark@rkjlawgroup.com
e-filing@rkjlawgroup.com

***Counsel for Relator Dr. Clarissa Zafirov***

### CERTIFICATE OF SERVICE

I, Jennifer Verkamp, hereby certify that the foregoing was served on June 14, 2024, to all parties of record via the CM/ECF Electronic Filing System.

/s/ Jennifer M. Verkamp
Jennifer M. Verkamp

4