**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,

Defendants.

Case No. 8:19-cv-01236-KKM-SPF

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S SUPPLEMENTAL MOTION TO SEAL UNDER FEDERAL RULE 5.2(D)-(E), LOCAL RULE 1.11, AND ECF 140-1**

Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, "Freedom Defendants") hereby move the Court pursuant to Federal Rule of Civil Procedure 5.2(d) and (e), M.D. Fla. L.R. 1.11, and the operative Protective Order in this case (ECF 140-1) for entry of an Order permitting the continued sealing of Exhibit C (ECF 277-3) and Exhibit D (ECF 277-4) (collectively, the "Sealed Exhibits") to Relator's Motion to File Exhibits Under Seal Pursuant to the Stipulated Protective Order (ECF 277, "Relator's Motion"), as well as the excerpts from these Sealed Exhibits quoted in Relator's Sur-Reply in Support of Motion to Compel Discovery Regarding Affiliate Providers (ECF 276, the "Sur-Reply").

This relief is warranted because the Sealed Exhibits and the redacted portions

of the Sur-Reply contain confidential and commercially sensitive information, including terms of the contractual arrangements between Freedom Defendants and its consultants; details regarding Freedom Defendants' physician-education and provider-training programs; information regarding Freedom Defendants' provider-relations operations; and information regarding Freedom Defendants' finances and business strategies. Freedom Defendants have narrowly tailored this request for sealing to only the Sealed Exhibits and excerpts from those exhibits. There is good cause for continued sealing, as explained below.

## MEMORANDUM OF LAW

### A. Freedom Defendants Have Good Cause to Keep the Sealed Exhibits Under Seal to Protect Confidential Information of Litigants.

First, Freedom Defendants seek to keep these exhibits under seal because they contain detailed information regarding Freedom Defendants' contractual relationships with provider organizations and consultants. Second, the exhibits contain proprietary and commercially sensitive information regarding Freedom Defendants' business operations, whose public disclosure could result in significant competitive harm.

#### 1. Contractual Information Clears the Bar for Sealing in this District.

The Eleventh Circuit recognizes that sealing is appropriate upon a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Good cause to seal exists when the materials at issue contain highly confidential and proprietary information that is normally kept secret from the public. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 2011 WL 5357843, at *3

(M.D. Fla. Nov. 1, 2011); *see also Chicago Tribune*, 263 F.3d at 1313-14. Confidential contractual information clears the bar for sealing. *See Advice Interactive Gr., LLC v. Web.com Grp., Inc.*, 2018 WL 3599002, at *2 (M.D. Fla. Jul. 26, 2018) (sealing documents based on representation that "the documents sought to be sealed contain emails, agreements, *confidential contract terms*, and information about customers and other confidential business information" such that "the parties' interests in the privacy of their business records outweigh the public's right of access" (emphasis added)); *Local Access, LLC v. Peerless Network, Inc.*, 2023 WL 7551794, at *1 (M.D. Fla. Nov. 14, 2023) (sealing information related to "parties' confidential or highly confidential contracts," and noting that "[c]ourts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view"); *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (sealing "confidential and competitively sensitive information" regarding litigant's third-party consulting arrangement).

Confidential business information is properly subject to sealing where the business establishes that "[it has] consistently treated the information as closely guarded secrets, that the information represents substantial value to [the party], that it would be valuable to [the party's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Chicago Tribune*, 263 F.3d at 1313-14. Courts in this Circuit have thus permitted parties to file their own commercially sensitive financial or business information under seal because a party's privacy interest in its confidential business information outweighs the public's interest

in judicial access. *See Local Access, LLC v. Peerless Network, Inc.*, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.").

Here, Freedom Defendants seek to protect confidential information regarding their contractual arrangements with provider organizations and medical consultants, which they have consistently treated as confidential. *See* Decl. of Michelle Molina ISO Motion to Seal ¶ 6. Disclosure could potentially harm Freedom Defendants' business operations by enabling contractual counter-parties and competitors to gain valuable insight into their revenue streams, consulting agreements, and contractual arrangements with providers and affiliates. *Id.* ¶¶ 6–7. The information in these exhibits represent substantial value to the Freedom Defendants, and they have consistently treated this information as closely guarded secrets. *Id.*

Disclosure of information regarding the confidential agreements discussed in the Sealed Exhibits could cause serious harm to Freedom. *Id.* ¶ 7. For example, the exhibits provide insight into the factors Freedom may consider when entering into agreements with providers and consultants, which competitors could use to gain an advantage over Freedom in commercial negotiations. *Id.* ¶¶ 6–7. Those competitors could use knowledge of these confidential contractual terms to gain an upper hand in negotiations with Physician Partners, independent consultants, and other entities, all of which could cause Freedom Defendants competitive harm. *Id.* Similarly, disclosure of the contractual arrangements discussed in the Sealed Exhibits could

cause Freedom Defendants harm flowing from their negotiations of similar contracts with other provider organizations and medical consultants. *Id.* ¶ 7. Other provider organizations or prospective consultants could leverage their knowledge of the terms of Freedom Defendants' contractual arrangements with Physician Partners or Dr. Mihale to gain an upper hand in negotiations with Freedom Defendants, to Freedom Defendants' detriment. *Id.*

Finally, the public has little legitimate interest in disclosure of the Sealed Exhibits. Relator's Motion excerpts narrow portions of the Sealed Exhibits. *See* ECF 276. As was the case in Freedom Defendants' first Supplemental Motion to Seal, *see* ECF 210, these excerpts are ancillary to the claims and defenses at issue in Relator's False Claims Act suit, and were placed before the Court in the context of a discovery motion rather than any motions practice related to the merits of Relator's claims.

**2. The Sealed Exhibits Contain Other Competitively Sensitive Business Information that Must Be Sealed.**

More broadly, courts in the Middle District of Florida have readily granted motions to seal exhibits that contain "confidential and sensitive business records," including "information concerning [a party's] internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process," all of which are implicated in the exhibits subject to Freedom Defendants' instant motion to seal. *Deltona Transformer Corp. v. Noco Co.*, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021) (quoting defendants' motion to seal); *see also Declan Flight, Inc. v. Textron Eaviation, Inc.*, 2024 WL 22018, at *1 (M.D.

Fla. Jan. 2, 2024) ("[C]ourts in this District have routinely recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." (citing *Deltona Transformer Corp.*, 2024 WL 22018, at *1)); *Action Nissan, Inc. v. Hyundai Motor Am. Corp.*, 2023 WL 7017348, at *1 (M.D. Fla. Oct. 25, 2023) (sealing deposition excerpts that discuss defendants' "internal allocation processes and procedures for making business decisions"). Where a party's confidential business information is "particularly valuable" to competitors such that it "would injure [the party] if made public," courts will find good cause "for keeping [those] documents from the public view." *CVS Pharm., Inc. v. Labuhn*, 2024 WL 2702074, at *2 (M.D. Fla. May 24, 2024); *see, e.g.*, *Toms v. State Farm Life Ins. Co.*, 2022 WL 2953523, at *8 (M.D. Fla. July 26, 2022) (sealing documents "because of the serious harm to Defendant's business and competitive position that would result if this information were public").

The Sealed Exhibits at issue contain proprietary business information that would benefit competitors if released to the public. Both exhibits feature detailed discussions of Freedom's provider-relations strategies, a fundamental pillar of Freedom Defendants' business model. Decl. ¶ 8. Public disclosure of these exhibits would give competitors undue access to the inner workings of Freedom Defendants' provider-relations regime. *Id.* Further, the Sealed Exhibits contains extensive information regarding Freedom Defendants' provider-education and risk-adjustment-training programs, which are also essential elements of Freedom Defendants' business model. *Id.* Given the substantial role that provider education plays in Freedom

Defendants' operations in the competitive Medicare Advantage landscape, disclosure of this sensitive information would give an unfair advantage to competitors by allowing them to adopt similar programs informed by Freedom Defendants' own proprietary systems. *Id.*

**B. The Sealed Exhibits Should Be Sealed in Their Entirety.**

Redacting the Sealed Exhibits—rather than sealing them in full—would not adequately protect Freedom Defendants' business interests. Decl. ¶ 9. Freedom Defendants have complied with the stipulated Protective Order in making their initial designations of confidential materials. The Sealed Exhibits, as described above, contain properly confidential information; the disclosure of many aspects of Freedom's interrelated business strategies, financial data, and contractual arrangements with providers and consultants, even in isolation, would cause serious competitive harm. Further, the Sur-Reply is already narrowly redacted, and any narrower redactions to the excerpts from the Sealed Exhibits would disclose confidential information. Disclosure of this information could permit non-parties to gain insight into Freedom Defendants' confidential business practices and their business objectives in negotiating agreements with providers and consultants. *Id.* ¶¶ 6–9. Redactions would be insufficient to prevent this competitive harm. *Id.* ¶ 9.

* * *

Because the disclosure of information in these exhibits would likely harm the Freedom Defendants, Freedom Defendants respectfully request that the Sealed Exhibits remain under seal. Therefore, Freedom Defendants request that the Court

grant this Motion and seal Exhibits C and D to Relator's Motion, including the excerpts of these exhibits in Relator's Sur-Reply, until the final judgment (and any appeal from that judgment) is concluded. At that time, counsel for the Freedom Defendants will retrieve the documents filed under seal. *See Allgood v. Paperlesspay Corp.*, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (endorsing this approach).

Dated: June 14, 2024

Respectfully submitted,

By: */s/ Scott Drake*
Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
(972) 360-1901 (fax)
sdrake@omm.com

Benjamin D. Singer*
Amanda M. Santella*
William Buffaloe*
Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas,
Suite 1700
New York, NY 10019
(212) 326-2000

(212) 326-2061 (fax)
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
ginger.boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

** admitted pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for Relator and counsel for the Provider Defendants—Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC—regarding the relief sought in this Motion. Provider Defendants do not oppose the relief sought. Relator opposes the relief sought.

By: */s/ Scott Drake*
Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Scott Drake*
Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*