# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF<br><br>DECLARATION |

### DECLARATION OF MICHELLE MOLINA IN SUPPORT OF DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S SUPPLEMENTAL MOTION TO SEAL UNDER FEDERAL RULE 5.2(D)-(E), LOCAL RULE 1.11, AND ECF NO. 140-1

In accordance with 28 U.S.C. § 1746, I, Michelle Molina, declare and state as follows:

1. I am the Director of Network Management in the Provider Relations Department of Freedom Health, Inc. and Optimum Healthcare, Inc. ("Freedom" and "Optimum," or collectively "Freedom Defendants").

2. This Declaration is submitted in support of Freedom Defendants' Supplemental Motion to Seal Under Federal Rule 5.2(d)-(e), Local Rule 1.11, and ECF No. 140-1, in the above-referenced matter. I have personal knowledge of the matters set forth in this Declaration, and if called to testify to the facts stated herein, I could and would do so competently.

1

3. Freedom Defendants request the entry of an Order permitting the continued sealing of Exhibit C (ECF No. 277-3) and Exhibit D (ECF No. 277-4) (collectively, the "Sealed Exhibits") to Relator's Motion to File Exhibits Under Seal Pursuant to the Stipulated Protective Order (ECF No. 277, "Relator's Motion"), as well as the excerpts from these Sealed Exhibits in Relator's Sur-Reply in Support of Motion to Compel Discovery Regarding Affiliate Providers (ECF No. 276, the "Sur-Reply").

4. I am familiar with the above-referenced Exhibits, and to my best knowledge and belief, the information the Freedom Defendants request to seal has never been shared with their competitors or the general public.

5. The Sealed Exhibits contain sensitive commercial information whose public disclosure would cause significant competitive harm to Freedom Defendants. The Sealed Exhibits contain excerpts from the transcripts of the deposition of former Freedom consultant Dr. Dennis Mihale (Exhibit C), and Radha Rai's deposition as a current Freedom employee and 30(b)(6) corporate designee (Exhibit D).

6. Disclosure of the Sealed Exhibits could harm Freedom Defendants' business operations by enabling competitors to gain insight into their pricing and contract strategies. Specifically, the Sealed Exhibits contain extensive information regarding the contractual arrangements between Freedom Defendants and Physician Partners and between Freedom Defendants and Dr. Mihale, who served as an independent medical consultant. Freedom Defendants negotiate similar agreements with other counterparties, with different terms, which are the subject of separate

negotiations and are typically kept confidential given their significant competitive importance. I understand that Freedom Defendants' competitors negotiate similar agreements with Physician Partners, other provider organizations, and medical consultants, and could gain a competitive advantage from the disclosure of the third-party business arrangements outlined in the Sealed Exhibits.

7. Disclosure of the Sealed Exhibits could also harm Freedom Defendants by providing confidential information to other provider organizations and consultants with which Freedom Defendants contract. Freedom Defendants have carefully negotiated the contractual arrangements described in the Sealed Exhibits and expended resources determining the restrictions and allowances to which Physician Partners and Dr. Mihale were willing to agree. If confidential aspects of Freedom Defendants' arrangements with Physician Partners and Dr. Mihale were disclosed, other potential contracting parties could gain a competitive advantage from the information these exhibits contain, and employ that advantage to Freedom Defendants' detriment in these negotiations.

8. Further, the Sealed Exhibits feature lengthy examinations of Freedom Defendants' core business strategies and operations, including those related to physician education, risk-adjustment training, and provider relations. Disclosure of confidential business information on these topics would provide Freedom Defendants' competitors with insight into Freedom Defendants' essential business operations, which are vital to Freedom's competitive positioning in the Medicare Advantage market.

9. Redacting the Sealed Exhibits would not adequately protect the confidential information Freedom Defendants seek to protect, unless the Sealed Exhibits were redacted nearly in their entirety. Disclosure of details regarding the contractual arrangements discussed in the Sealed Exhibit would thus result in the disclosure of confidential information that could harm Freedom Defendants. Furthermore, given the breadth of any redactions, redactions would be unduly burdensome and time-consuming, and would require Freedom Defendants to incur substantial legal costs, with little benefit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this  14th  day of  June , 2024 in        Orlando        , Florida.

_____

Michelle Molina