**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DR. CLARISSA ZAFIROV,<br><br>        Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>        Defendants. | Case No. 8:19-cv-01236-KMM-SPF |

**FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S
REPLY IN SUPPORT OF MOTION TO COMPEL NONPARTY—THE
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
OFFICE OF INSPECTOR GENERAL—TO COMPLY WITH SUBPOENA**

Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. ("Freedom Defendants") submit this Reply in support of their Motion to Compel the United States Department of Health and Human Services, Office of Inspector General ("HHS-OIG") to comply with Freedom Defendants' subpoena for testimony (ECF 253, the "Motion," or "Mot."). Testimony from Relator's deposition further establishes the arbitrariness of HHS-OIG's refusal to permit Agent Garrido's deposition, contrary to the assertions in HHS-OIG's Opposition (ECF 278, the "Opposition" or "Opp.").

HHS-OIG's Opposition rests almost entirely on its claim that Agent Garrido's testimony is available from Relator Dr. Clarissa Zafirov ("Relator"). But Relator's recent deposition confirms what Freedom Defendants already knew, and already represented to HHS-OIG: this testimony is not available from Relator, *it never was*, and HHS-OIG's denial of Agent Garrido's deposition on this basis was arbitrary and capricious. *See* Mot. 19-24.

In response to questions about her recordings and her interactions with Agent Garrido during her May 30-31 deposition, Relator repeatedly stated that ***Agent Garrido would be a better source for the answers***, or otherwise claimed to lack recollection. *See* Ex. A, Excerpts from the Rough Transcripts of the May 30 and May 31, 2024 Deposition of Dr. Zafirov.[1] For example, when asked what directions Agent Garrido gave Relator about how to make her recordings, including whether to avoid asking leading questions, Relator replied "I can't tell you … you'd have to ask [Agent

---

[1] Citations to the first day of Relator's testimony will take the form of "Zafirov Dep. 1 at [pincite]," while citations to the second day of testimony will appear as "Zafirov Dep. 2 at [pincite]."

1

Garrido]." Zafirov Dep. 1 at 106:1-14.  When asked about how long her meetings were with Agent Garrido, Relator testified that they would meet for twenty minutes or more, but that "[Y]ou'd want to ask them that … if you want to know exactly, I think [the government] would be more familiar with that…." Zafirov Dep. 1 at 100:13-20.  Relator also repeatedly refused to answer questions about the substance of her communications with Agent Garrido.  *See e.g.* Zafirov Dep. 1 at 106:15-25; Zafirov Dep. 2 at 115:13-25.  Even if HHS-OIG was not aware of Relator's testimony at the time of its initial denial, the fact remains this testimony has *never* been available from Relator or any other source, and Relator's deposition is simply further evidence that HHS-OIG's denial of Freedom Defendants' request on this basis was arbitrary and capricious.  Freedom Defendants have consistently identified Agent Garrido as a "*unique* source" of discovery, because Relator could never have been expected to adequately testify as to her own credibility (which discovery to date has called into question).  *See* Mot. 21-22 (emphasis added).

Relator's deposition also highlights the absurdity of HHS-OIG's new argument that Freedom Defendants "prefer" to depose Agent Garrido over Relator.  Opp. 11, 16-17.  This is a *qui tam* action based on Relator's factual allegations regarding Defendants' practices.  Relator is a pivotal witness in this case and was always going to be deposed.  HHS-OIG's suggestion to the contrary is baseless and mischaracterizes Freedom Defendants' Motion, and the meet-and-confers that preceded it.  Freedom Defendants have always maintained that Agent Garrido's testimony is relevant and proper, *in addition to* Relator's.  And HHS-OIG's assertion that Freedom Defendants

noticed Relator's deposition only after the denial of the *Touhy* request mistakes correlation for causation—setting aside the formalities of "noticing" the deposition, the defendants negotiated for months about the timing of Relator's deposition, and never once represented (to anyone) that Relator's deposition would be unnecessary if Agent Garrido agreed to testify. HHS-OIG's contrary assertion is baffling.

HHS-OIG correctly notes that the Court must focus its review on the administrative record, Opp. 8, which includes the agency's original stated bases for denying the request. And yet, in its Opposition, HHS-OIG silently abandons key justifications for its initial denial—that the burden on HHS-OIG to prepare Agent Garrido for the deposition would be too great because of her "lack of recollection of these old events" Mot. 8-9 (internal quotation omitted), and that a forthcoming document production would "undermin[e] the usefulness of the deposition testimony." Mot at 9 (internal quotation omitted). Given that the statement regarding Agent Garrido's recollection in HHS-OIG's April 1 denial letter was apparently "form language" and did not reflect an individualized factual analysis, Mot. 10 (citing ECF 253-1 ¶¶ 21-25), *and* that HHS-OIG never produced any documents, Mot. 14 (citing ECF 253-8), it is perhaps unsurprising that the agency has stepped away from the initial justifications in its Opposition. Still, HHS-OIG's *post hoc* abandonment of key bases for its denial of Freedom Defendants' request—bases that were unsupported by the facts—is further evidence of the clear errors in HHS-OIG's original decision-making. *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168 (1962) (in reviewing an agency decision, courts look for a "rational connection between the facts

3

found and the choice made."). And HHS-OIG's *post hoc* rationalizations may not be considered, as HHS-OIG properly conceded. Opp. 8 (citing, *inter alia*, *Preserve Endangered Areas of Cobb's History, Inc., v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996)).

HHS-OIG's reliance on an unpublished Eleventh Circuit opinion does nothing to salvage the fatal errors of its initial denial. Opp. 9-16 (discussing *Westchester Gen. Hosp., Inc. v. Dep't of Health & Hum. Servs.*, 443 F. App'x 407 (11th Cir. 2011) (*"Westchester II"*). In *Westchester II*, the Eleventh Circuit rejected an "arbitrary and capricious" challenge because the requested evidence was *actually* available from another source, and the plaintiff did not explain why the evidence was not available from other sources. *Id.* at 410-11. Unlike the plaintiff in *Westchester II*, Freedom Defendants have repeatedly explained why this evidence is not otherwise available, and the factual record unequivocally supports this position. Mot. 19-24; *see also infra* at 1-2. HHS-OIG's dogged insistence that this information is otherwise unavailable— in the face of clear evidence to the contrary—is exactly the type of irrational decision-making that courts in this circuit have rejected as arbitrary and capricious. Mot. 19, 24.

HHS-OIG's reliance on the lower court's decision in *Westchester* to support its claim that Freedom Defendants did not adequately explain why the requested testimony would promote the agency's objections is also unavailing. Opp at 12-16 (discussing *Westchester Gen. Hosp., Inc. v. Dep't of Health & Hum. Servs., Ctr. for Medicare*

4

*& Medicaid Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla.) ("*Westchester I*")). This is not, as was the case in *Westchester I*, "a private lawsuit against another private party." *Id.* at 1298. This is a federal *qui tam* False Claims Act action brought on behalf of the United States, Mot. 16, in which Relator relies on evidence from the government's now-closed investigation to support the allegations in her complaint. Mot. 4. Freedom Defendants adequately explained in their initial *Touhy* request why the requested evidence would promote the objectives of the agency, Mot. 6 (citing ECF 253-2, at 2-4), and this Court should reject the agency's generic and unsupported justifications to the contrary, *see* Mot. 16.

For months, HHS-OIG has needlessly delayed a deposition that could have, and should have, occurred weeks ago. Agent Garrido possesses relevant evidence, for which she is the only source, and Freedom Defendants are entitled to depose her. Freedom Defendants respectfully ask that the Court grant their Motion and allow Agent Garrido's deposition to proceed.

Dated: June 14, 2024                                        Respectfully submitted,

By: */s/ Benjamin D. Singer*
    Benjamin D. Singer*
    Amanda M. Santella*
    William Buffaloe*
    Kelly McDonnell*
    O'MELVENY & MYERS LLP
    1625 Eye Street NW
    Washington, DC 20006
    (202) 383-5300
    bsinger@omm.com
    asantella@omm.com

5

wbuffaloe@omm.com
kmcdonnell@omm.com

Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
sdrake@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
ginger.boyd@nelsonmullins.com
*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

*\* admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record. I also certify that I caused the foregoing document to be served via USPS and electronic mail on:

Candace Ashford
Senior Counsel
Office of Counsel to the Inspector General
United States Department of Health and Human Services
Cohen Building, Room 5527
330 Independence Avenue, S.W.
Washington, D.C. 20201
Candace.Ashford@oig.hhs.gov

By: */s/ Benjamin D. Singer*

Benjamin D. Singer*

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

* admitted pro hac vice

7