# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DR. CLARISSA ZAFIROV, <br><br> Plaintiff/Relator, <br><br> v. <br><br> FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; PHYSICIAN PARTNERS, LLC; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC., <br><br> Defendants. | Case No. 8:19-cv-01236 |

## DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

On June 14, 2024, Relator filed a notice of supplemental authority in support of her opposition to Defendants' motion for judgment on the pleadings. *See* ECF No. 295. Relator contends that the Supreme Court's recent First Amendment decision in *Vidal v. Elster*, No. 22-704, 2024 WL 2964139 (U.S. June 13, 2024), provides supplemental authority in support of her opposition to Defendants' motion for judgment on the pleadings, ECF No. 180. With leave of Court, Defendants submit this response to show that (1) *Vidal* is at best cumulative on any point relevant to this case; and (2) to the extent *Vidal* offers anything new, it has no bearing here and therefore is not supplemental authority.[1]

First, *Vidal* is at best "merely cumulative" and therefore should not have been submitted as "a supplemental authority." Local Rule 3.01(i). In *Vidal*, the Court applied history, tradition, and analogical reasoning when setting the appropriate level of scrutiny and when interpreting the First Amendment. *Vidal*, 2024 WL 2964139, at 6-12. But these interpretative tools were already well established in prior cases already cited to this Court. *See, e.g.*, *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). *Vidal*'s invocation of history adds nothing new to Supreme Court precedent or the parties' briefing in this matter. Under settled law, which *Vidal* merely applied, history and tradition do not support the constitutionality of the False Claims Act's *qui*

---

[1] Relator's notice also violates Local Rule 3.01(i) on procedural grounds. Relator fails to specify which issue or argument that *Vidal* purportedly supplements in her earlier filing "by page, paragraph, and line" in the earlier filing. *Id.* And rather than provide a "succinct quotation from the authority," Relator spends two pages characterizing and commenting on the opinion in violation of Local Rule 3.01(i), including her argument that the history of trademark rights is "[d]ifferent than the history of *qui tam*." ECF No. 295 at 2.

1

*tam* provisions because, as Defendants' briefing showed, they lack true historical analogues and the unambiguous, unbroken tradition required to settle constitutional meaning.

Second, the areas in which *Vidal* provides guidance are irrelevant to this case. *Vidal* called for the Supreme Court to harmonize the First Amendment's constraints on content-based speech restrictions and the content-based nature of trademark law, specifically its names clause. "[T]rademark rights have always coexisted with the First Amendment, despite the fact that trademark protection necessarily requires content-based distinctions." *Vidal*, 2024 WL at *6. History and tradition specifically confirmed that "trademarks containing names may be restricted," and "these name restrictions served established principles." *Id.* at *8. The Supreme Court's "narrow" decision on an idiosyncratic First Amendment issue—a distinct area in which content-based restrictions are inevitable—says nothing about whether the *qui tam* provisions pass constitutional muster. Thus, *Vidal* is not supplemental authority here.

Dated this 24th day of June, 2024

/s/ Scott Drake
Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
(972) 360-1900
sdrake@omm.com

Benjamin D. Singer*
Amanda M. Santella*
William Buffaloe*
Kelly McDonnell*

Respectfully submitted,

/s/ Jason P. Mehta
Jason P. Mehta (FBN: 106110)
Lauren L. Valiente (FBN: 034775)
Joseph W. Swanson (FBN: 29618)
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602-5810
Telephone:  813-229-2300
Facsimile:  813-221-4210
Primary Email:  jmehta@foley.com
Secondary Email:  dmills@foley.com
Primary Email: lvaliente@foley.com

2

O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
Ginger.Boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

Secondary Email: dguillen@foley.com
Primary Email: joe.swanson@foley.com
Secondary Email: dmills@foley.com

Matthew D. Krueger*
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI  53202
Telephone:  414-297-4587
Primary Email:  mkrueger@foley.com

*Counsel for Defendants Physician Partners, LLC; Florida Medical Associates, LLC d/b/a VIPcare; and Anion Technologies, LLC*

\* admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I filed the foregoing with the Court's electronic filing system, which will cause a copy to be served upon all counsel of record.

                                             */s/ Jason P. Mehta*
                                             Jason P. Mehta