**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

    Plaintiff/Relator,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC, d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

    Defendants.

Case No. 8:19-cv-01236-KKM-SPF

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S MOTION TO QUASH RELATOR'S THIRD-PARTY SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, "Freedom Defendants") hereby move the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 45, for entry of an Order quashing the third-party subpoena served by Relator on Mital Panara and, pursuant to Rule 26, for entry of a Protective Order.

This Motion concerns a deposition subpoena that Relator served on a nonparty witness twenty days after the close of fact discovery, four days after the date on which the parties agreed to complete certain "agreed-to" depositions, and just ten days before the date on which Relator demanded compliance. Relator's subpoena came weeks after the close of fact discovery because she apparently neglected to make any contact with the witness or his counsel during discovery, let alone serve a valid subpoena. The facts are clear: Relator's subpoena is untimely, and should be quashed. And because fact discovery is done, a protective order should issue.

## FACTUAL BACKGROUND

Fact discovery closed on May 29, 2024, after over 19 months of discovery had been conducted. ECF 254. The only exception to the close of fact discovery was that certain already-agreed-to depositions could take place between May 29 and June 14.[1] *See id.* The May 29, 2024 fact discovery deadline was set in December 2023, *see* ECF

---

[1] While Mr. Panara was one of the deponents Relator indicated she wanted to depose between May 29 and June 14, he was never subpoenaed.

172, then reaffirmed in the Court's May 17, 2024 order granting the parties' joint motion to stay aspects of the case *other* than fact discovery, *see* ECF 254.

On April 3, 2024, Relator first requested to depose Mr. Panara. Decl. of Catherine Nagle ISO Mot. to Quash ("Nagle Decl.") ¶ 4. On April 11, 2024, counsel for Freedom Defendants notified counsel for Relator that Mr. Panara was no longer employed by Freedom Defendants, and informed Relator that they were working to obtain contact information for Mr. Panara that they could provide to Ryan Stumphauzer—outside counsel who was representing various other former-employee witnesses as pool counsel.[2] *Id.* ¶ 5. On April 12, Freedom Defendants provided Mr. Panara's contact information to Mr. Stumphauzer. *Id.*[3] On May 3, Relator requested that Freedom Defendants confirm their availability to attend a June 10 deposition of Mr. Panara. *Id.* ¶ 6. Freedom Defendants confirmed ***their availability*** for a deposition on that day and assumed, as Relator had done with other non-party witnesses, that Relator had confirmed Mr. Panara's availability for that date. At no time did Freedom Defendants make any representation regarding ***Mr. Panara's availability*** or willingness to appear for a deposition. *Id.*

During a June 5 deposition, Relator asked counsel for Freedom Defendants whether the start time for Mr. Panara's deposition could be moved. *Id.* ¶ 7. Freedom

---

[2] Counsel for Freedom Defendants has not represented any former-employee witness in this action; all have been represented by separate counsel. Nagle Decl. ¶ 5. Relator communicated directly with Mr. Stumphauzer for all other former-employee witnesses that he has represented in this litigation. *Id.* As a general matter, Freedom Defendants have not been involved in those discussions. *Id.*
[3] The address located and provided to Mr. Stumphauzer is the same address at which Mr. Panara was served the subpoena. Nagle Decl. ¶ 5.

Defendants' counsel replied that this new time worked for Freedom Defendants, but asked whether Relator had checked with Mr. Panara's counsel to see if it worked for him as well. *Id.* Relator's response indicated that she did not know who was representing Mr. Panara at his deposition. *Id.*

On Friday, June 7, 2024—ten days after the close of fact discovery—counsel for Relator notified Freedom Defendants that Mr. Panara's deposition was "off the schedule for Monday," as the witness was "nonresponsive to counsel" (i.e., Mr. Stumphauzer). *Id.* ¶ 8. Counsel for Relator stated her expectation that Mr. Stumphauzer would "continue to make efforts to reach Mr. Panara" and that the deposition would "be reset when [Mr. Stumphauzer] is able to make contact." *Id.* At this point, however, Mr. Stumphauzer had never spoken to Mr. Panara, and was not representing him. *Id.* It appears that no one ever confirmed the June 10 date with the witness at any point. *Id.* ¶ 6. On June 8, counsel for Freedom Defendants requested a copy of the subpoena compelling Mr. Panara's attendance. *Id.* ¶ 9.

On June 11, 2024, counsel for Relator explained that no such subpoena had yet been issued despite the fact that all of the other former Freedom employees who were deposed were subpoenaed. *Id.* On June 14, Relator's counsel served on counsel for Freedom Defendants a Notice of Third Party Subpoena for Mr. Panara's remote deposition on June 28, 2024, at 9:00 AM. *Id.* ¶ 10. On June 18, Mr. Panara was served with the subpoena, which purported to compel his attendance at a remote deposition

ten days later.  *See* Ex. A (the "Subpoena").[4]

## MEMORANDUM OF LAW

The requested relief is warranted because the Subpoena was served after the close of fact discovery, and with insufficient time for compliance.

### I. Relator's Subpoena Was Untimely

#### A. Relator's Subpoena Was Served After the Close of Fact Discovery

Courts in the Eleventh Circuit "routinely deny" discovery requests made after the close of discovery. *SOS Furniture Co. v. Salem*, 2019 WL 12536568, at *2 (M.D. Fla. Dec. 11, 2019) (citing *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009)); *see also Eli Research, LLC v. Must Have Info Inc.*, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015) (denying a motion to compel discovery filed one day after the discovery deadline). This mandate applies with equal force to Rule 45 subpoenas, which are "subject to the same time constraints that apply to all of the other methods of formal discovery." *Woods v. On Baldwin Pond, LLC*, 2014 WL 12625079, at *1 (M.D. Fla. May 13, 2014) (quoting *Pushko v. Klebener*, 2007 WL 2671263, at *3 (M.D. Fla. Sept. 7, 2007)).[5]

This Court "follows the rule that the completion date means that all discovery must be completed by that date." *Rodriguez v. Walmart Stores E., L.P.*, 2021 WL

---

[4] In order to avoid filing a time-sensitive motion, the parties and counsel for Mr. Panara have agreed that Relator will withdraw the deposition notice for the deposition of June 28 pending resolution of this Motion, and negotiate the timing of a future deposition if the Court denies this Motion.
[5] Freedom Defendants have standing to raise the objections presented here, as "a party has standing to move to enforce the Court's orders and rules." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005).

-4-

5505378, at *3 (M.D. Fla. Nov. 24, 2021) (emphasis removed) (quoting M.D. Fla. Handbook on Civil Discovery § I.F); *see also id.* ("Untimely discovery requests are subject to objection on that basis."). Time and again, this Court has reiterated that "the discovery deadline means what it suggests; namely, all discovery must be completed by that date." *PB Legacy, Inc. v. Am. Penaeid, Inc.*, 2021 WL 4942429, at *3 (M.D. Fla. Oct. 22, 2021); *see, e.g., Rodriguez*, 2021 WL 5505378, at *3; *Mount Vernon Fire Ins. v. Nat'l Fire Ins. Co. of Hartford*, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008)); *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017).

Fact Discovery in this case closed on May 29, 2024, "with a limited exception to allow an additional 16 days to complete certain agreed-to depositions." ECF 252. Relator served the Subpoena at issue on June 18, 2024, more than two weeks after the deadline for fact discovery.[6] The subpoena is plainly untimely, and should be quashed.

**B. Relator Cannot Establish Good Cause or Excusable Neglect for Her Untimely Subpoena**

Adherence to the Subpoena "would require an implicit extension of the discovery period." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, 2020 WL 9439380 (M.D. Fla. Feb. 26, 2020) (quashing subpoena issued 25 days *before* close of fact discovery). Since the fact discovery period has already closed, Relator would have to

---

[6] The subpoena also did not demand compliance until 10 days *after that*, on June 28. *See* Ex. A. So Relator's subpoena was (at least) *four weeks late*, not just two. And, as shown *infra*, Section II, Relator failed even to provide reasonable notice, further establishing the untimeliness of Relator's demand.

"show both good cause and excusable neglect" to overcome a motion to quash and obtain relief after the close of discovery, *Simmons v. USI Ins. Servs. LLC*, 2023 WL 8280963, at *1 (M.D. Fla. Nov. 30, 2023) (quoting *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015)) (quashing subpoena served eleven days after the close of discovery); *see also* Fed. R. Civ. P. 6(b)(1) ("[T]he court may, for good cause, extend the time … if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Relator can make neither showing.

Relator's case for good cause does not get off the ground—"A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Barnette v. Fed. Exp. Corp.*, 2011 WL 2413437, at *2 (M.D. Fla. June 14, 2011) (quoting *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002)). And a "party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *Id.* at *1 (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-42 n. 3 (11th Cir. 2009)). For similar reasons, Relator cannot make a showing of excusable neglect. "[R]elevant factors in evaluating excusable neglect include the length of the delay and whether the delay was within control of the movant." *Inman v. Richman Prop. Servs., Inc.*, 2014 WL 4639131, at *4 (M.D. Fla. Sept. 16, 2014) (alteration in original) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, (11th Cir. 1998)).

Relator could have subpoenaed Mr. Panara at any time during discovery, and certainly could have done so at least as of April 3, 2024, when Relator first indicated to Freedom Defendants that she wished to depose him. *See* Nagle Decl. ¶ 4. Indeed, Relator timely served *other* third-party witnesses that sat for depositions in this case. Relator's notice was weeks late, and Relator has no legitimate excuse.

Relator may point the finger at Freedom Defendants in opposition, but Relator's own lack of diligence is clear from the face of the record. It is plain from the record that Relator's counsel scheduled a witness's deposition but failed to contact the witness or his counsel until more than two weeks after the close of fact discovery. It was only on June 6, 2024, four days before the scheduled deposition, that Relator informed defendants' counsel that Mr. Panara could not be contacted (and therefore had not been served with a subpoena). Nagle Decl. ¶ 8. To the extent Relator believes that Freedom Defendants had undertaken some sort of obligation to ensure Mr. Panara's attendance at a deposition, Relator is mistaken on both the law and the facts.

First, Freedom Defendants had no legal obligation to coordinate Mr. Panara's attendance at a deposition, and certainly had no obligation to accept service of a subpoena on his behalf. *See, e.g.*, *Azzarmi v. Market*, 2022 U.S. Dist. LEXIS 149791, at *3 (S.D.N.Y. Aug. 17, 2022). Freedom Defendants neither confirmed Mr. Panara's attendance nor were they asked to accept service on his behalf.

Second, Freedom Defendants made no promises as a factual matter that they would do anything other than provide Mr. Panara's contact information to pool counsel who had represented other former employees in this action. *See* Nagle

-7-

Decl. ¶ 5. Relator had the responsibility—and the means—to take it from there (as is evidenced by the fact that Relator served the witness shortly after realizing her mistake). Relator was not prevented from diligently following up with Mr. Stumphauzer to, first, confirm whether Mr. Stumphauzer *even represented* Mr. Panara—which he did not—or, second, timely serve Mr. Panara with a subpoena. And to the extent difficulties arose in locating and serving Mr. Panara, Relator had many avenues to timely seek adequate relief. But Relator did not so much as mention to Freedom Defendants that she was having any difficulty locating or serving Mr. Panara at any time between April 11 and June 6. *See id*. ¶¶ 4-8. Instead, Relator permitted the fact discovery deadline to pass, then informed Freedom Defendants *after* the close of fact discovery (and one day after Relator had intended to take the deposition) that she would begin the process of "undertak[ing] to serve him individually and in-person." *Id* ¶ 9. Neglecting to begin the process of serving Mr. Panara until after fact discovery had closed is not "excusable," and this Court should not excuse it. *See, e.g.*, *Simmons*, 2023 WL 8280963, at *1; *Arch Specialty*, 2020 WL 9439380, at *2.

## II.     Relator's Subpoena Failed to Provide Reasonable Notice

The Subpoena is also deficient because it failed to provide Mr. Panara reasonable notice. A subpoena issued under Rule 45 must be quashed if it does not "allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3). And in this Court, "[a] deposition by oral examination … require[s] fourteen days' written notice." L.R. 3.04.

Relator notified *Freedom Defendants* of her intent to depose Mr. Panara on June 28 fourteen days in advance (i.e. on June 14), but Relator did not notify *Mr. Panara* (or serve him with a subpoena) until June 18.  Nagle Decl. ¶ 10.  Ten days is not sufficient time for Mr. Panara to clear his schedule, retain counsel, get counsel up to speed on this litigation, and prepare for his deposition.

Relator's deposition subpoena thus failed to provide reasonable notice to Mr. Panara, and should be quashed on that additional ground.

\* \* \*

The Court should reject Relator's latest attempt to reopen a fact discovery window that closed weeks ago.  Relator's subpoena was untimely, and improper on its face given it was served without the required fourteen days' notice mandated by the Local Rules.  The Court should quash the subpoena, and issue a protective order preventing the deposition of Mr. Panara.

Dated: June 24, 2024

Respectfully submitted,

By: */s/ Scott Drake*
Scott Drake (Lead Counsel)\*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
sdrake@omm.com

Benjamin D. Singer\*
Amanda M. Santella\*
William Buffaloe\*

Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
ginger.boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

*\* admitted pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for Relator and counsel for the Provider Defendants—Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC—regarding the relief sought in this Motion. Provider Defendants do not oppose the relief sought. Relator opposes.

By: */s/ Scott Drake*
Scott Drake*

*Counsel for Freedom Defendants*
*\* admitted pro hac vice*

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on June 24 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: */s/ Scott Drake*
Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*