**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF<br><br>DECLARATION |

**DECLARATION OF CATHERINE NAGLE IN SUPPORT OF FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S MOTION TO QUASH RELATOR'S THIRD-PARTY SUBPOENA AND <u>MOTION FOR PROTECTIVE ORDER</u>**

In accordance with 28 U.S.C. § 1746, I, Catherine Nagle, declare and state as follows:

1. I am a counsel of O'Melveny & Myers LLP ("O'Melveny"). I am licensed to practice law in the State of New York. I am over the age of 18, am capable of making this Declaration, know all of the following facts of my own personal knowledge, and if called and sworn as a witness, could and would testify competently thereto.

2. I am counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. ("Freedom Defendants") in the above-captioned case, *United States of America, ex rel. Clarissa Zafirov v. Florida Medical Associates, LLC*, et al., No. 8:19-cv-

01236-KKM-SPF (M.D. Fla.). I submit this declaration in support of Freedom Defendants' Motion to Quash Relator's Third-Party Subpoena and Motion for Protective Order.

3. Attached as **Exhibit A** is a true and correct copy of Relator's Notice of Third Party Subpoena and return of service form evidencing service on June 18, 2024 (the "Subpoena"), redacted to hide certain identifying information for the non-party witness.

4. On April 3, 2024, counsel for Relator first notified Freedom Defendants of Relator's intent to depose Mital Panara.

5. On April 11, 2024, counsel for Freedom Defendants informed counsel for Relator that Mr. Panara was no longer employed by Freedom Defendants. Freedom Defendants stated via email that they would work to obtain Mr. Panara's contact information, which they would then relay to Ryan Stumphauzer, who has served as outside pool counsel for a number of former Freedom employee witnesses.[1] On April 12, 2024, Freedom Defendants relayed Mr. Panara's contact information to Mr. Stumphauzer, including the address at which Mr. Panara was ultimately served with the Subpoena.

6. On May 3, 2024, counsel for Relator requested that counsel for Freedom Defendants confirm their availability to attend a deposition of Mr. Panara on June 10,

---

[1] Counsel for Freedom has not represented any former Freedom employees in this matter. Relator has typically communicated directly with counsel for these former-employee witnesses, and has not generally included counsel for Freedom Defendants in these communications.

2024. Freedom Defendants subsequently agreed that they were available for a deposition on this date but made no representations regarding Mr. Panara or his availability. Undersigned counsel understands that Relator's counsel never confirmed the June 10 date with Mr. Panara.

7. On June 5, 2024, Relator inquired during a deposition whether Freedom Defendants would agree to move the start time for Mr. Panara's June 10 deposition. Counsel for Freedom Defendants agreed but asked whether Relator had also brought their proposal to the attention of Mr. Panara's counsel. Counsel for Relator responded indicating that they did not know who was representing Mr. Panara at the deposition.

8. During a June 6, 2024 deposition, Relator told counsel for Freedom Defendants that she had spoken to Mr. Stumphauzer, and that Mr. Stumphauzer informed her that he had not been in contact with Mr. Panara. On June 7, 2024, counsel for Relator informed Freedom Defendants that Mr. Panara's deposition would be "off the schedule for Monday" because he was "nonresponsive to counsel." Counsel for Relator explained that they expected Mr. Stumphauzer would "continue to make efforts to reach Mr. Panara" and that the deposition would "be reset when [Mr. Stumphauzer] is able to make contact." It is my understanding based on this correspondence that, at this time, Relator had not yet confirmed whether Mr. Panara was being represented by Mr. Stumphauzer (which he was not). It is also my understanding that Mr. Panara had never been in contact with Mr. Stumphauzer.

9. On June 8, 2024, counsel for Freedom Defendants requested from Relator a copy of the subpoena compelling Mr. Panara's deposition attendance. On

June 11, 2024, counsel for Relator explained that no subpoena had been issued—despite the fact that a subpoena had been issued for all other former Freedom employees who were previously deposed. Counsel for Relator noted that since they had "just learned that Mr. Panara will not be represented by Mr. Stumphauzer," only then would they subsequently "undertake to serve him individually and in-person."

10. On June 14, 2024, counsel for Relator served on Freedom Defendants a Notice of Third Party Subpoena to compel Mr. Panara's attendance at a remote deposition on June 28, 2024, at 9:00 AM. According to the proof of service attached hereto as Exhibit A, Mr. Panara was served with the Subpoena on June 18, 2024. At no time did Freedom Defendants ever agree to make Mr. Panara available for deposition, nor were they asked to accept service of a subpoena on Mr. Panara's behalf.

11. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed 24th day of June, 2024, in New York, New York.

By: /s/ Catherine Nagle

Catherine Nagle
(signed by Scott Drake, with permission of Catherine Nagle

/s/ Scott Drake
Scott Drake