# Exhibit A

## RETURN OF SERVICE

**State of Florida**                    **County of Hillsborough**          **United States District Court**
                                                                                           **Court**

Case Number: 8:19-CV-01236

Plaintiff: **UNITED STATES OF AMERICA ex rel. DR. CLARISSA ZAFIROV**
vs.
Defendant: **FLORIDA MEDICAL ASSOCIATES, LLC d/b/a VIPCARE;
PHYSICIAN PARTNERS, LLC; ANION TECHNOLOGIES, LLC;
FREEDOM HEALTH, INC; AND OPTIMUM HEALTHCARE INC.**

For:
TRACI A. SMITH
MORGAN VERKAMP
4410 COVER WOODS DRIVE
SUITE 200
BLUE ASH, OH 45242

Received by Vollmar Process Service LLC on the 17th day of June, 2024 at 3:15 pm to be served on **MITAL
PANARA,**

I, JOHN STOCKMAN, do hereby affirm that on the **18th day of June, 2024** at **10:35 am, I:**

**SUBSTITUTE** served by delivering a true copy of the **Notice of Third Party Subpoena and Subpoena
to Testify at a Deposition in a Civil Action** with the date and hour of service endorsed thereon by me,
to: **Liladhar N PANARA** as **Father** at the address of:                                        the
within named person's usual place of **Abode**, who resides therein, who is fifteen (15) years of age or older
and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United
States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process
Server and Private Process Server in good standing, in the judicial circuit in which the process was
served.

**JOHN STOCKMAN**
14-712392

**Vollmar Process Service LLC**
13432 Pimberton Dr
Hudson, FL 34669
(727) 277-0182

Our Job Serial Number: VOL-2024000705

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* DR. CLARISSA ZAFIROV,

    Plaintiff/Relator

v.

FLORIDA MEDICAL ASSOCIATES, LLC,
d/b/a VIPCARE; PHYSICIAN PARTNERS,
LLC; ANION TECHNOLOGIES, LLC;
FREEDOM HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DATE EFFECTED 6/18/24
TIME SERVED 10:30 AM
ID# _____

CASE NO. 8:19-cv-01236

## NOTICE OF THIRD PARTY SUBPOENA

Please take notice that, Pursuant to Rules 30 and 45, Fed. R. Civ. P., Plaintiff-

Relator Dr. Clarissa Zafirov ("Relator"), by and through her attorneys, will serve the

attached subpoena to testify at a deposition on Mital Panara.

                Respectfully submitted,

                /s/ Jillian L. Estes
                Jillian L. Estes (FL 0055774)
                Jonathan M. Lischak (OH 0097669)
                MORGAN VERKAMP LLC
                4410 Carver Woods Dr., Suite 200
                Cincinnati, OH 45242
                Telephone: (513) 651-4400
                Fax: (513) 651-4405
                Email: jillian.estes@morganverkamp.com
                jonathan.lischak@morganverkamp.com

                Adam T. Rabin (FL 985635)
                Havan M. Clark (FL 1026390)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Third Party Subpoena was served

via electronic mail on counsel for all parties of record on this 14th day of June, 2024.

/s/ Jillian L. Estes
Jillian L. Estes

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| United States ex rel. Dr. Clarissa Zafirov | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   8:19-cv-01236-KKM-SPF |
| Florida Medical Associates, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               Mital Panara,

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote via Zoom | Date and Time: 06/28/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically and/or by video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All documents in your possession (1) related to Freedom Health or Optimum Healthcare's operation as Medicare Advantage organizations, and (2) related in any way to Defendants Physician Partners, VIPcare and/or Anion. This request does not seek attorney-client privileged documents, or personal health records of the witness. Protective Order attached here.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        06/17/2024

|   CLERK OF COURT | OR | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Relator, Dr. Clarissa Zafirov
, who issues or requests this subpoena, are:

Jillian Estes, 4410 Carver Woods Dr., Ste. 200, Cincinnati, OH 45242, jestes@morganverkamp.com, 513-651-4400

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

**SCOPE OF ORDER**

1.      This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the above-captioned action (the "Action"), either by a Party or a non-Party (each a "Producing Person") to any other Party or non-Party (each a "Receiving Person"), in response to or in connection with any discovery requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, documents, information and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.      This Order applies to all non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions with respect to this Action, and to the attorneys for all such non-Parties. All such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing the Declaration.

3.      Any Party or its counsel serving a discovery-related subpoena upon a non-Party for purposes of this Action shall serve a copy of this Order along with such

2

individual. "Confidential – PHI" shall include, but is not limited to, hospital admission forms, medical test forms, claims data, claims form, or other documents that contain any patient health information required to be kept pursuant to HIPAA, including information such as: (1) names; (2) all geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code; (3) birthdate; (4) telephone or fax numbers; (5) email addresses; (6) Social Security numbers; (7) health plan beneficiary numbers; (8) account numbers; (9) certificate/license numbers; (10) full face photographic or other comparable images; and (11) any other unique identifying numbers, characteristics or codes by which a member of the public could connect the information to an individual's health status.

b.    Confidential – Business Information:  A Producing Person may designate Discovery Material as "Confidential – Business Information" if such Discovery Material qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

c.    Highly Confidential – Attorneys' Eyes Only:  A Producing Person may designate Discovery Material as "Highly Confidential – AEO" if such Discovery Material contains financial and/or commercially sensitive data such as trade secrets, pricing proposals or projections, financial projections or modeling, profit figures, bid information, or similar categories of information that are so sensitive that the Producing Person

4

e.   Discovery Material With Two or More Designations: A document or item which contains material subject to multiple designation should be marked with all applicable designations. For example, a document which is marked as "Confidential – PHI" will not be presumed to contain "Confidential – Business Information" or "Highly Confidential – AEO" material, and a document which is marked "Confidential – Business Information" will not be presumed to contain "Highly Confidential – AEO" material unless so designated in accordance with this Order.

f.   Inquiring About Specific Designated Material: A Receiving Person may submit a request in writing for a Producing Person to identify which portions of a document are Designated Material, including what portions are subject to which designations if the document contains multiple designations, if it determines in good faith that the need for such specific information outweighs the burden of providing it. Within fourteen (14) days, the Producing Person shall indicate which portions of the document are Designated Material and which portions are subject to which designation, if applicable. The Parties specifically reserve the right to seek modification of this process if requests made pursuant to this Paragraph are unduly burdensome.

6.   Deposition Testimony: Counsel for any Party may designate any portion of any deposition as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO, " "Highly Confidential – AEO – Exclude Relator" or

Material shall use best efforts to inform the other Parties of their intent to use such Designated Material.

7.   Manner of Designation: Unless the form of a document or thing makes such marking impractical, any Designated Material shall be designated by the Producing Person as such by marking every such page "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," and/or "Highly Confidential – AEO – Exclude Relator." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" by putting the designation on a placeholder document. Natively produced documents shall include the confidentiality designation on the slip-sheet and in the filename. Responses to Requests for Admission and Interrogatories shall be deemed protected under this order if the response starts with "This response is designated" and includes a confidentiality designation described in this Order.

8.   Inadvertent Failure To Designate: In the event that a Producing Person inadvertently produces "Confidential – PHI," "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" material without being so designated ("Misdesignated Material"), the Producing Person may later correct the error by notifying the Receiving Person in writing and providing a replacement document with the proper designation. Upon the Producing

8

## USE AND DISCLOSURE OF DESIGNATED MATERIAL

11.　General Limitations on Use and Disclosure of all Designated Material:
All Designated Material shall be limited to use by the Receiving Person to this Action.
The Receiving Person shall not use, disclose or disseminate Designated Material for
any purpose beyond this Action, such as in any other litigation or judicial proceedings,
or for any business, competitive, governmental, commercial, or administrative
purpose or function, unless otherwise ordered by a Court as set forth in Paragraph 16.
"This Action" includes judicial and appellate proceedings related to this Action
and/or until expiration of time to commence such proceedings. For purposes of this
Paragraph, "use" means more than the mere use of one's knowledge that documents
exist and instead requires the reliance on or utilization of the content within the
documents themselves.

12.　Limits on Disclosure of "Confidential – PHI" and "Confidential –
Business Information": Discovery Material designated as "Confidential – PHI" and
"Confidential – Business Information" shall be given, shown, made available, or
communicated only to the following:

a.　Parties;

10

permitted to retain copies of such Designated Material and the Party taking the deposition will use best efforts to ensure that the witness or deponent signs the Declaration;

g.    Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with this Action;

h.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

i.    The Court, its officers and clerical staff in any judicial proceeding that are related to or may result from this Action;

j.    Any mediators or other alternative dispute resolution professionals who have been retained in connection to this Action and who have signed the Declaration; and

k.    Any other person or entity to whom disclosure is reasonably necessary for the prosecution or defense of this Action based on a good faith determination by the Receiving Person, to whom the Producing Person has consented (consent shall not be unreasonably withheld), and who has signed the Declaration.

13.    Limits on Disclosure of "Highly Confidential – AEO": Discovery Material designated as "Highly Confidential – AEO" shall be given, shown, made available, or communicated only to the categories of individuals and entities identified in Paragraph 12 (b), (e), (g) – (j), along with:

12

evidence at the conclusion of the litigation) and shall be required to sign the Declaration;

e.  Any adverse witness or non-Party witness during the course of a deposition, and outside counsel for any such person, where counsel questioning the witness reasonably and in good faith believes that (i) questioning the witness regarding the document is necessary for the subject matter of testimony; (ii) doing so would not cause competitive harm and (iii) if the witness is a non-Party, then such witness has signed the Declaration. Any party serving a subpoena for the deposition of a non-Party shall serve (1) a copy of this Order, with attached Declaration, and (2) a Notice that the witness may be shown and asked about one or more documents that are subject to the Order, and that if the witness has any objection to signing the Declaration, the witness or counsel for the witness is requested to so inform the party serving the subpoena within a reasonable time before the date of the deposition and to meet and confer in good faith to attempt to resolve any issue with regard thereto.

14. Limits on Disclosure of "Highly Confidential – AEO – Exclude Relator": Discovery Material designated as "Highly Confidential – AEO – Exclude Relator" shall be given, shown, made available, or communicated only to the categories of individuals entitled to review documents designated "Highly Confidential – AEO" except for Relator.

14

another court. In the event that such protective order or other remedy is not obtained, or the Producing Person waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Designated Material which it is legally required to produce and will inform the party serving the subpoena that the Designated Material is confidential pursuant to this Order. Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Person any notice of any anticipated disclosure if such notice is prohibited by law.

    17.   Use of Designated Material in Court Proceedings: Any Party may redact any material designated as "Confidential – PHI" and use that material in court proceedings without first seeking the Producing Person's consent or leave of court. Any Party seeking to disclose Discovery Material designated as "Confidential – Business Information," "Highly Confidential – AEO," or "Highly Confidential – AEO – Exclude Relator" in any document or brief filed with the Court will either redact all such Designated Material, or if consideration of the Designated Material is necessary, then the filing Party will file a motion to file such Designated Material under seal ("Motion to Seal"). If the Designated Material is subject to a written objection under Paragraph 20 of this Order that has been made more than seven (7) days before the filing, then filing Party's Motion to Seal will state the basis for the objection and inform the Court that the Producing Person will file a supplemental motion to seal within five (5) days or the Court should deny the filing party's motion and not seal the Designated Material. If the Designated Material is subject to a written objection under Paragraph 20 of this Order that has been made seven (7) or less days before the filing, the filing

16

Order and request the recipient to execute the Declaration; (ii) make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

20.     Manner of Objecting to Designated Material: The Receiving Person may, at any time, notify the Producing Person that the Receiving Person does not concur in the designation of a document or other material as "Confidential – PHI," "Confidential – Business Information," or "Highly Confidential – AEO."

a.     To make such an objection, the Receiving Person shall: (1) identify the specific Bates number for each Designated Material subject to the objection, or may identify a range of Bates numbers if all of the documents within that range are objected to for the same basis, and (2) describe in writing the basis for each challenge to the designation (the "Objection Letter") which such writing can be transmitted by electronic mail or in hard copy.

b.     Upon receipt of an Objection Letter, the Producing Person shall provide a specific explanation within seven (7) days as to the basis for each designation (the "Explanation Letter"). If the Explanation Letter does not resolve the dispute, the Receiving Person and the Producing Person

18

e.  With respect to any material that ceases to be designated by agreement or Court order, the Producing Person shall, at its expense, provide to each Party to whom the material has been produced additional copies of such material with the challenged confidentiality designations removed.

f.  If a Producing Person seeks to designate material as "Highly Confidential – AEO – Exclude Relator" as provided for in Paragraph 5(d), the Producing Person and Relator's counsel will confer in good faith about the propriety of and need for such designation. If, after completion of the meet-and-confer, Relator's counsel disagrees with the Producing Person's application of the "Highly Confidential – AEO – Exclude Relator" designation, the provisions of Sections (c) – (e) of this Paragraph shall apply; provisions (a) and (b) of this Paragraph do not apply. Relator's counsel shall withhold the document from Relator until the issue is resolved by the Court.

21.  Timing of Objections to Designated Material: A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation of Discovery Material as Designated Material during the discovery period shall not be a waiver of that Person's right to object to the designation at trial.

22.  Non-waiver of Privileged Discovery Material: The production of privileged or work-product protected documents, electronically stored information or

shall be permitted to retain their working files. The term "working files" means a set of pleadings and documents filed with the Court, discovery requests and corresponding objections and responses sent by any Party as part of this litigation, transcripts of court proceedings for this litigation, transcripts of depositions taken by any Party in connection to this litigation, any retained expert report prepared for this litigation pursuant to Rule 26(a)(2)(B), and any Designated Material that has become embedded with the attorneys' work product. Counsel shall search and delete any Designated Material that are not otherwise part of the working file, but the unintentional failure to delete all Designated Material will not be a violation of this order. With respect to active email boxes, counsel's obligations under this Paragraph are satisfied by searching for the terms used to identify Designated Material as set forth in Paragraph 5 of this Order, and relying upon the results of those searches to delete Designated Material that is not part of the working file. This Paragraph does not require manual searching (meaning a document-by-document or email-by-email review) or searching of archived emails or back-up files. Nothing in this Paragraph requires a Receiving Person to locate and destroy information that may reside on their electronic disaster recovery systems. Nothing in this Paragraph shall require a Receiving Person to return or destroy Designated Material if the Receiving Person had rights independent of this Order to possess or use the Designated Material. All

26.   Prior Agreements:   The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

27.   Severability:   To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

28.   Enforcement:   Violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions.

29.   Jurisdiction:   By signing below, the signatories to this Order consent to jurisdiction in the Middle District of Florida for any action seeking to enforce the terms of this Order after the conclusion of this litigation.

30.   Authority:   By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

Dated: 06/16/2023                    Dated:

By: ___/s/ Jillian Estes___          By:___/s/Benjamin D. Singer___

Frederick M. Morgan, Jr. (OH Bar No.          Benjamin D. Singer
0027687)                                       O'MELVENY & MYERS LLP
Jennifer M. Verkamp (OH Bar No.                1625 Eye Street NW
0067198)                                       Washington, DC 20006
Jillian L. Estes (FL Bar No. 0055774)          (202) 383-5300
MORGAN VERKAMP LLC                             (202) 383-5414 (fax)
4410 Carver Woods Dr., Suite 200               bsinger@omm.com
Cincinnati, OH 45242
Telephone: (513) 651-4400                       David Deaton*
Fax: (513) 651-4405                             O'MELVENY & MYERS LLP

24

Telephone: (813) 229-2300
Facsimile: (813) 221-4210

*Attorneys for Defendants Florida Medical*
*Associates, LLC d/b/a VIPcare; Physician*
*Partners, LLC; and Anion Technologies,*
*LLC*

Dated: _____, 2023          **SO ORDERED:**

                                        _____
                                        United States District Judge

26

such companies as a result of the receipt of such information.

I understand that my failure to abide by the terms of the Order entered in the Action may subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____          Signature: _____

## Traci Ann Smith

| | |
|---|---|
| **From:** | cmecf_flmd_notification@flmd.uscourts.gov |
| **Sent:** | Wednesday, June 28, 2023 5:12 PM |
| **To:** | cmecf_flmd_notices@flmd.uscourts.gov |
| **Subject:** | Activity in Case 8:19-cv-01236-KKM-SPF Zafirov v. Florida Medical Associates, LLC et al Order on Motion for Protective Order |

---

-- **External Email** --

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Middle District of Florida

## Notice of Electronic Filing

The following transaction was entered on 6/28/2023 at 5:12 PM EDT and filed on 6/28/2023

**Case Name:**      Zafirov v. Florida Medical Associates, LLC et al

**Case Number:**   8:19-cv-01236-KKM-SPF

**Filer:**

**Document Number:** 141(No document attached)

**Docket Text:**
**ENDORSED ORDER granting [140] Motion for Protective Order. Signed by Magistrate Judge Sean P. Flynn on 6/28/2023. (Flynn, Sean)**

**8:19-cv-01236-KKM-SPF Notice has been electronically mailed to:**

Latour Rey Lafferty    ltlafferty@gunster.com, kblocker@gunster.com

Adam T. Rabin    arabin@rkjlawgroup.com, e-filing@rkjlawgroup.com

Kenneth J. Nolan    ken@whistleblowerfirm.com

Arthur Lee Bentley, III    lbentley@bradley.com, kmilliken@bradley.com, kmilliken@ecf.pacerpro.com, lee-bentley-1971@ecf.pacerpro.com

Frederick M. Morgan, Jr    rick.morgan@morganverkamp.com, tsmith@morganverkamp.com

Ginger Barry Boyd    ginger.boyd@nelsonmullins.com, tonia.mcknight@nelsonmullins.com

1