UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| United States ex rel. Dr. Clarissa Zafirov,<br><br>    Plaintiff,<br><br>vs.<br><br>Florida Medical Associates, LLC d/b/a VIPcare; Physician Partners, LLC; Physician Partners Specialty Services, LLC; Sun Labs USA, Inc.; Anion Technologies, LLC; Anthem Inc.; Freedom Health, Inc.; Optimum Healthcare, Inc.; and Siddhartha Pagidipati,<br><br>    Defendants. | Case No:  8:19-cv-01236-SDM |

**PROPOSED FACT WITNESS MITAL PANARA'S
JOINDER IN DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM
HEALTHCARE, INC.'S MOTION TO QUASH RELATOR'S THIRD-PARTY
SUBPOENA [DOC 306]**

COMES NOW, Mital Panara, a proposed fact witness, by and through counsel and hereby joins Defendants Freedom Health Inc. and Optimum Healthcare Inc. in moving this Honorable Court, pursuant to Rule 45 of the Federal Rules of Civil Procedure for an Order quashing the third-party subpoena served on Mital Panara and requesting a protective order to prevent his deposition.  In support of this Joinder Motion, we proffer the following arguments.

**ARGUMENT**

Mital Panara was served with the Third-Party Subpoena (Doc 306, Exhibit A) on June 18, 2024 (the "Subpoena").  The Subpoena directed Mr. Panara to attend a deposition to be held on June 28, 2024 at 9:00 a.m. and further directed Mr. Panara to bring:

> All documents in your possession (1) related to Freedom Health or Optimum Healthcare's operation as Medicare Advantage organizations, and (2) related in any way to Defendants Physician Partners, VIPcare and/or Anion.  This request does not seek attorney-client privileged related documents, or personal health records of the witness.

Rule 45 of the Federal Rule of Civil procedures allows a subpoena to be quashed if it does not "allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3).  The Middle District Court for Florida has further adopted a local rule requiring depositions by oral examination to have "fourteen days' written notice to the deponent or responding person."  L.R. 3.04.  In this case, Mr. Panara was never contacted by counsel for Relator in any manner to coordinate or schedule any deposition times.  Panara Decl. ¶ 3.   The first time Mr. Panara was informed of the pending June 28, 2024 deposition was when he received the service of the Subpoena on June 18, 2024.  Id. ¶ 4.

WHEREFORE, Mr. Panara joins in the Defendants Motion [Doc 306] and requests this Court to quash the subpoena for being untimely.

Dated:   June 26, 2024.

*/s/ Shane K. Warner*
Shane K. Warner, Attorney for Defendant
FSB# 92131
**Warner Legal**
3401 W. Cypress St., Suite 204
Tampa, FL 33607
Ph: (813) 470-6341
Fax: (888) 900-2630
Notice of Jud. R. Ad. 2.516 designated emails
Email: swarner@swarnerlaw.com
Counsel for proposed fact witness Mital Panara

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of June 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which automatically sends e-mail notifications of such filing to the attorneys of record.

*/s/ Shane K. Warner*
Shane K. Warner