UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

      Plaintiffs,

    v.                                Case No.: 8:19-cv-01236-KMM-SPF

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

      Defendants.
_____/

**NON-PARTY[1] UNITED STATES OF AMERICA'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S MOTION TO COMPEL THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF INSPECTOR GENERAL TO COMPLY WITH SUBPOENA**

The Freedom Defendants misunderstand the proper standard for review of an agency action. It is well-established that judicial review of agency action, such as the *Touhy* denial at issue here, is based on the administrative record **at the time the agency made its decision**, not on the result of events that occurred after the denial, such as subsequent deposition testimony. *See, e.g., Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) ("The focal point for judicial review of an administrative agency's action should be the

---

[1] The United States intervened pursuant to 28 U.S. Code § 2403 (Doc. 259); however, such intervention is solely for the purposes of defending the constitutionality of the False Claims Act's *qui tam* provisions and does not make it a party for discovery not related to defending the constitutionality of the False Claims Act.

administrative record.") The reviewing court does not "conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Id*.

Accordingly, this Court's review is limited to the administrative record as it existed at the time of HHS-OIG's April 1, 2024 denial letter. The Freedom Defendants' reply (Doc. 298) misses this point and their complaints about the result of their deposition of the Relator, which occurred well after the *Touhy* denial, are not relevant to the Court's review.

The Freedom Defendants made a tactical decision to depose the Relator at the close of discovery, several months after they submitted their *Touhy* request seeking the deposition testimony of Agent Garrido and HHS's denial of that request. Now, they must live with the ramifications of this litigation strategy. Whatever happened during the May 30-31 deposition of the Relator is not relevant to this Court's determination of whether HHS-OIG's April 1st denial was arbitrary and capricious or contrary to law. *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."); *see also Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("In applying this standard, we focus on "the administrative record already in existence, not some new record made initially in the reviewing court.'") (quoting *Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct. 1241, 36 L.Ed. 2d 106 (1973)). "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706,

2

to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44, 105 S. Ct. 1598, 84 L.Ed. 2d 643 (1985).

In addition to ignoring the applicable legal standard, the Freedom Defendants also misrepresent the administrative record.[2] Specifically, the reply brief's assertion that "HHS-OIG silently abandons key justifications for its initial denial" elides that the agency always anchored its reasoning to the fact that the information sought was readily available from the Relator, and that Agent Garrido should not be burdened with deposition testimony when the Freedom Defendants had failed to first depose the Relator. *See* 278-1 at ¶¶ 6, 10. Moreover, HHS-OIG has always maintained that the requested deposition would not promote the objectives of HHS-OIG or be in the interest of the agency. *Id.* at ¶¶ 5, 9-10; *see also Westchester Gen. Hosp., Inc. v. Dep't of Health & Human Servs.*, 770 F.Supp.2d 1286, 1298-99 (S.D. Fla. 2011) (Affirming denial of *Touhy* request because it "identified no specific reason why it was in the Department's interest to grant the request" but merely stated that "the testimony is in the interest of DHHS and the Federal Government because it involves the proper administration of the Medicare program.").

---

[2] The Freedom Defendants accuse the United States of misrepresenting the meet-and-confer process and state they always intended to depose the Relator. (Doc. 298 at p.2). The United States disputes this characterization and relies on the administrative record, which establishes that the Freedom Defendants did not notice the Relator's deposition until May 14, 2024, well after HHS-OIG issued its denial letter.

Finally, the transcript of the Zafirov's deposition supports the United States' position that the proposed testimony of Agent Garrido is not proportionate to the needs of the case. Out of two days of testimony, the Freedom Defendants can cite to only three areas of inquiry they believe supports their argument that they are entitled to depose Agent Garrido because Zafirov could not answer the questions: (1) the duration of Agent Garrido's meetings with the Relator; (2) instructions or directions that Agent Garrido gave to the Relator; and (3) what the Relator said to Agent Garrido about the recorded meetings.[3] As previously argued, these questions seek irrelevant information and requiring a non-party to testify at deposition as to these matters would be disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

The record is clear: HHS-OIG examined "the relevant data" and articulated "a satisfactory explanation" for its decision, "including a rational connection between the facts found and the choice made." *Dep't of Commerce*, 139 S. Ct. at 2569 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). As such, the Freedom Defendants' motion should be denied.

---

[3] Relator's counsel instructed her not to answer this question, presumably on privilege grounds. The United States does not know whether this privilege assertion will be challenged.

4

                    Respectfully submitted,

                    **BRIAN M. BOYNTON**
                    Principal Deputy Assistant Attorney General
                    **ROGER B. HANDBERG**
                    United States Attorney
                    JAMIE A. YAVELBERG
                    PATRICIA L. HANOWER
                    J. JENNIFER KOH
                    Attorneys, Civil Division
                    United States Department of Justice

Dated:  June 26, 2024      By:    *s/ Sean P. Keefe*
                                        SEAN P. KEEFE
                                        Assistant United States Attorney
                                        Florida Bar No. 0413828
                                        400 North Tampa Street, Suite 3200
                                        Tampa, FL 33602
                                        Telephone: (813) 274-6000
                                        Facsimile: (813) 274-6200
                                        E-mail: sean.keefe@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide electronic service to all counsel of record.

                                            */s/ Sean P. Keefe*
                                            SEAN P. KEEFE
                                            Assistant United States Attorney