# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

## DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S MOTION TO REDACT TRANSCRIPT

Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. (collectively, "Freedom Defendants") hereby move the Court pursuant to Federal Rule of Civil Procedure 5.2(d) and (e), M.D. Fla. L.R. 1.11, and the operative Protective Order in this case (ECF 140-1) for entry of an Order partially redacting the transcript of the June 18, 2024 hearing ("Transcript"), ECF 317. The excerpts of the Transcript that Freedom Defendants wish to seal (the "Transcript Excerpts") contain confidential and commercially sensitive information that would cause harm to Freedom Defendants if disseminated, without any countervailing benefit to the public.

Redaction is warranted because the Transcript Excerpts contain confidential and commercially sensitive information, including discussion of the contractual arrangements between Freedom Defendants and provider groups; details regarding

-1-

Freedom Defendants' physician-education, provider-training, and auditing programs; and information regarding Freedom Defendants' provider-relations operations. Freedom Defendants have narrowly tailored this request for sealing to narrow excerpts of the Transcript. There is good cause for continued sealing, as explained below.

## MEMORANDUM OF LAW

### I. Legal Standard

The Eleventh Circuit recognizes that sealing is appropriate upon a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Good cause to seal exists when the materials at issue contain highly confidential and proprietary information that is normally kept secret from the public. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 2011 WL 5357843, at *3 (M.D. Fla. Nov. 1, 2011); *see also Chicago Tribune*, 263 F.3d at 1313-14.

Courts in the Middle District of Florida have granted motions to seal "information concerning [a party's] internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process," which are implicated in the Transcript Excerpts. *Deltona Transformer Corp. v. Noco Co.*, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021) (quoting plaintiff's motion to seal); *see also Declan Flight, Inc. v. Textron Eaviation, Inc.*, 2024 WL 22018, at *1 (M.D. Fla. Jan. 2, 2024) ("[C]ourts in this District have routinely recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." (citing *Deltona Transformer Corp.*, 2024 WL 22018, at *1)). Where a party's confidential business

information is "particularly valuable" to competitors such that it "would injure [the party] if made public," courts will find good cause "for keeping [those] documents from the public view." *CVS Pharm., Inc. v. Labuhn*, 2024 WL 2702074, at *2 (M.D. Fla. May 24, 2024); *see, e.g.*, *Toms v. State Farm Life Ins. Co.*, 2022 WL 2953523, at *8 (M.D. Fla. July 26, 2022) (sealing documents "because of the serious harm to Defendant's business and competitive position that would result if this information were public").

## II. The Transcript Excerpts Contain Competitively Sensitive Business Information that Should Remain Sealed.

Freedom Defendants seek to redact the Transcript Excerpts because they contain information regarding Freedom Defendants' contractual relationships with provider organizations and proprietary and commercially sensitive information regarding Freedom Defendants' business operations. Public disclosure of this information could result in significant competitive harm.

The Transcript Excerpts contain proprietary business information that would benefit competitors if released to the public, including discussions of Freedom Defendants' provider-relations strategies and audit processes, each fundamental pillars of Freedom Defendants' business models. *See* ECF 294-1 (Decl. of Radha Rai In Support of Motion to Seal), ¶¶ 6-7 (discussing confidential nature of information concerning Freedom Defendants' auditing processes and other business processes); *see also* ECF 210-1 (Decl. of Michelle Molina In Support of Supplemental Motion to Seal), ¶¶ 6-7 (discussing confidential nature of Freedom Defendants' contracting processes);

ECF 296-1 (Decl. of Michelle Molina In Support of Supplemental Motion to Seal), at ¶ 8 (similar).  Public disclosure of the Transcript Excerpts would give competitors undue access to the inner workings of Freedom Defendants' provider-relations and auditing processes.  *See generally* ECF 294-1, 210-1, 296-1.[1]  And the public has little countervailing interest in disclosure of the Transcript Excerpts, which are ancillary to the claims and defenses at issue in Relator's False Claims Act suit, and arise in the context of discovery motions rather than any motions practice related to the merits of Relator's claims.

### III.  Freedom Defendants' Request Is Narrowly Tailored.

Redacting the Transcript as outlined below will adequately protect Freedom Defendants' legitimate interests in confidentiality while minimizing any potential harm to the public.  Freedom Defendants have complied with this Court's instructions by offering the narrowly tailored redactions described below—none of which Provider Defendants oppose, and some of which Relator likewise does not oppose.  Freedom Defendants therefore respectfully request the redaction of the below Transcript Excerpts, such that they may remain under seal:

---

[1] The Court has already granted Freedom Defendants' Motion to Seal certain information implicated in this Motion to Redact—confidential information concerning Freedom Defendants' contracting processes and strategies.  *See* ECF 272.  Two additional Motions to Seal—concerning similar information about contracting and provider relations and Freedom Defendants' audit processes—remain pending.  *See* ECF 294, 296.

| Starting Page:Line | Ending Page:Line | Description | Relator's Position[2] |
|---|---|---|---|
| 26:5 | 26:6 | Freedom Defendants' Auditing Processes | Opposed |
| 26:13, starting at "as is" | 26:23 | Freedom Defendants' Auditing Processes | Opposed |
| 27:6, starting at "the Freedom" | 27:23 | Freedom Defendants' Auditing Processes | Not opposed as to "55 to 60" in 27:10; 27:17–27:20, ending at "members"; and 27:22, beginning at "So" to 27:23<br><br>Opposed to the remainder |
| 29:5, starting at "3,342" | 29:6 | Freedom Defendants' Auditing Processes | Not opposed |
| 43:1 | 43:9, ending at "target" | Freedom Defendants' Auditing Processes | Opposed |
| 43:13 | 43:18, ending at "condition" | Freedom Defendants' Auditing Processes | Opposed |
| 43:22, starting at "identifying" | 43:24 | Freedom Defendants' Auditing Processes | Opposed |
| 45:24, starting at "under" | 46:3 | Freedom Defendants' Contract with Provider Defendants | Opposed |
| 46:5, starting at "but" | 46:9 | Freedom Defendants' Contract with Provider Defendants | Opposed |
| 46:12, starting at "a right" | 46:14 | Freedom Defendants' Contract with Provider Defendants | Opposed |
| 46:15, starting at "Freedom's" | 46:17, ending at "RFP" | Freedom Defendants' Contract with Provider Defendants | Opposed |
| 46:22, starting at "you have" | 46:24 | Freedom Defendants' Contract with Provider Defendants | Opposed |

---

[2] Freedom Defendants conferred with Relator regarding the redactions, and Relator is opposed to some, but not all, of the redactions. Relator's opposition or non-opposition to the redactions is listed in the "Relator's Position" column.

| | | | |
|---|---|---|---|
| 47:1, starting at "Is it" | 47:3 | Freedom Defendants' Contract with Provider Defendants | Opposed |
| 47:11, starting at "we have" | 47:23 | Freedom Defendants' Contract with Provider Defendants | Opposed |
| 57:4, starting at "for our" | 57:11, ending at "them" | Freedom Defendants' Auditing Processes | Opposed |
| 57:16, starting at "I think" | 57:25 | Freedom Defendants' Auditing Processes | Opposed |
| 58:12, starting at "She hasn't" | 58:13, ending at "audit" | Freedom Defendants' Auditing Processes | Opposed |
| 59:8, starting at "we collect" | 59:16 | Freedom Defendants' Auditing Processes | Opposed |
| 72:9 | 72:17 | Freedom Defendants' Auditing Processes | Opposed |
| 73:3, starting at "there is" | 73:3, ending at "app data" | Freedom Defendants' Auditing Processes | Opposed |
| 73:12, starting at "QIP app" | 73:3, ending at "process" | Freedom Defendants' Auditing Processes | Opposed |
| 73:17, starting at "So" | 73:17, ending at "documents" | Freedom Defendants' Auditing Processes | Opposed |
| 73:19, starting at "compliance" | 73:22, ending at "meetings" | Freedom Defendants' Auditing Processes | Opposed |
| 78:12, starting at "QIP process" | 78:13 | Freedom Defendants' Auditing Processes | Opposed |
| 78:18, starting at "QIP audits" | 78:20, ending at "QIP-3" | Freedom Defendants' Auditing Processes | Opposed |
| 79:25, starting at "the compliance" | 80:2, ending at "QIP" | Freedom Defendants' Auditing Processes | Opposed |
| 80:5, starting at "QIP" | 80:5, ending at "meeting" | Freedom Defendants' Auditing Processes | Opposed |
| 80:8, standing at "in one" | 80:8, ending at "charts" | Freedom Defendants' Auditing Processes | Not opposed |
| 80:16, starting at "compliance" | 80:16, ending at "meetings" | Freedom Defendants' Auditing Processes | Opposed |
| 107:17, starting at "MRA" | 107:18, ending at "committee" | Freedom Defendants' Auditing Processes | Opposed |

Specifically, Freedom Defendants request that the Transcript Excerpts remain permanently under seal. *See United States ex rel. Isabell v. Kindred Healthcare*, No. 8:16-

cv-2076-T-27TBM, 2018 WL 11651223, at *2 (M.D. Fla. Dec. 12, 2018) (granting permanent seal); *see also* L.R. 1.11(e) (implicitly permitting permanent sealing by order of the Court).[3]

Dated: July 24, 2024

Respectfully submitted,

By: */s/ Amanda Santella*
Amanda M. Santella*
Benjamin D. Singer*
William Buffaloe*
Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 (fax)
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street,
Suite 1600
Dallas, TX 75201
(972) 360-1900
(972) 360-1901 (fax)
sdrake@omm.com

---

[3] Whereas a prior iteration of the Middle District's Local Rules mandated that "[n]o seal under [L.R. 1.11] extends beyond ninety days after a case is closed and all appeals exhausted," L.R. 1.11(f) (Feb. 1, 2021), the operative Local Rules state only that a sealing order generally expires 90 days after the exhaustion of all appeals "[u]nless an order states another time," L.R. 1.11(e) (Apr. 1, 2024).

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas,
Suite 1700
New York, NY 10019
(212) 326-2000
(212) 326-2061 (fax)
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
(850) 521-1472 (fax)
ginger.boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

*\* admitted pro hac vice*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for Relator and counsel for the Provider Defendants—Florida Medical Associates, LLC, d/b/a VIPcare, Physician Partners, LLC, and Anion Technologies, LLC—regarding the relief sought in this Motion. Provider Defendants do not oppose the relief sought. Relator opposes the relief sought as to some, but not all, of the redactions, as indicated in the above chart.

By: /s/ *Amanda Santella*
Amanda Santella*

*Counsel for Freedom Defendants*
* admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: /s/ *Amanda Santella*
Amanda Santella*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*