UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

    Relator/Plaintiff,

v.                                  CASE NO. 8:19-cv-1236-KKM-SPF

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

    Defendants.
_____/

## **ORDER**

    Before the Court is Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Motion to Seal Under Federal Rule 5.2(D)-(E), Local Rule 1.11, and ECF No. 140-1 (Doc. 294). While Freedom Defendants represent that Relator opposes the relief sought in the motion (Doc. 297), Relator has not responded to the motion, and the time to do so has expired. *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the motion is deemed unopposed. *See id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

This Court's Local Rule 1.11(b) sets forth the requirements for filing an item under seal, if not authorized by a statute, rule, or order, and states that the motion:

1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

2) must describe the item;

3) must establish:

   (A) that filing the item is necessary,

   (B) that sealing the item is necessary, and

   (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

4) must include a legal memorandum;

5) must propose a duration for the seal;

6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

8) must include the item, which is sealed pending an order resolving the motion.

L.R. 1.11(b)(1)-(8), M.D. Fla. (2024).

The Freedom Defendants' Motion (Doc. 294) seeks entry of a court order allowing the sealed filing of the Declaration of Radha Rai in Support of the Freedom Defendants' Opposition to Relator's Motion to Compel Discovery (Doc. 294-2) (the "Sealed Document").

The Freedom Defendants seek to keep the Sealed Document under seal because it contains confidential and commercially sensitive information, including details regarding Freedom Defendants' Quality Improvement Program ("QIP"), Freedom Defendants' medical record collection processes, and Freedom Defendants' internal procedures for conducting internal QIP audits, CMS Risk Adjustment Data Validation ("RADV") audits, and Independent Review Officer ("IRO") audits (Doc. 294 at 2). The Freedom Defendants represent that this information is confidential and proprietary, and its public release could result in competitive harm. According to Radha Rai, the Freedom Defendants' Director of Risk Adjustment Programs in the Medicare Risk Advantage Department, disclosure of the Sealed Document could potentially harm the Freedom Defendants' business operations by enabling competitors to gain insight into quality-improvement strategies and procedures for conducting internal QIP audits, RADV audits, and IRO audits (Doc. 294-1 at ¶ 6). The Freedom Defendants have consistently treated the Sealed Documents as confidential (*Id.* at ¶ 4).

The Freedom Defendants have satisfied the requirements of Local Rule 1.11(b) and have shown good cause for sealing, *i.e.*, the Sealed Document contains confidential business information, including step-by-step descriptions of Freedom Defendants' quality-control and internal-audit processes. *See United States v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 8:13-cv-206-T-23AEP, 2015 WL 12856778, at *1 (M.D. Fla. June 18, 2015) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to

discovery, is subject to the common law right of access . . . . The common law right of access may be overcome by a showing of good cause.")).

Accordingly, it is **ORDERED**:

(1) Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Motion to Seal Under Federal Rule 5.2(D)-(E), Local Rule 1.11, and ECF No. 140-1 (Doc. 294) is **GRANTED**.

(2) The Sealed Document (Doc. 294-2) shall remain under seal.

(3) The seal shall expire ninety days after the case is closed and all appeals have been exhausted.

**ORDERED** in Tampa, Florida, on August 20, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE