UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

      Relator/Plaintiff,

v.

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

      Defendants.

_____/

CASE NO. 8:19-cv-1236-KKM-SPF

## ORDER

Before the Court is Relator's Motion to File Exhibit Under Seal Pursuant to the Stipulated Protective Order (Doc. 277) and Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal Under Federal Rule 5.2(D)-(E), Local Rule 1.11, and ECF No. 140-1 (Doc. 296). This Court's Local Rule 1.11(b) sets forth the requirements for filing an item under seal, if not authorized by a statute, rule, or order, and states that the motion:

1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

2) must describe the item;

3) must establish:

    (A) that filing the item is necessary,

    (B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

4) must include a legal memorandum;

5) must propose a duration for the seal;

6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

8) must include the item, which is sealed pending an order resolving the motion.

L.R. 1.11(b)(1)-(8), M.D. Fla. (2024).

Relator's Motion (Doc. 277) seeks entry of a court order allowing the sealed filing of Exhibits A, B, C, and D to Relator's Sur-Reply in Support of Motion to Compel Discovery, as well as portions of the Sur-Reply which refer to those exhibits (Docs. 276, 277-1, 277-2, 277-3, 277-4).   Although Relator disputes that the entirety of these documents contain information that is "Confidential – Business Information" as defined by the parties' Protective Order (Doc. 140-1), Relator filed the motion consistent with the Protective Order's requirement that a party intending to use material designated as confidential in a court proceeding file a motion to seal that informs the Court that the party who produced the confidential information will be filing a supplemental motion (Doc. 140-1, ¶ 17).

The Freedom Defendants seek to keep only Exhibits C and D to Relator's Sur-Reply under seal, as well as the excerpts from these exhibits that are quoted in Relator's

Sur-Reply (the "Sealed Documents") (Doc. 296 at 1).[1]  The Sealed Documents are excerpts of deposition transcripts.

The Freedom Defendants seek to keep the Sealed Documents under seal because they contain confidential and commercially sensitive information, including terms of the contractual arrangements between Freedom Defendants and its consultants; details regarding Freedom Defendants' physician-education and provider-training programs; information regarding Freedom Defendants' provider-relations operations; and information regarding Freedom Defendants' finances and business strategies (*Id.* at 2). The Freedom Defendants represent that this information is confidential and proprietary, and its public release could result in competitive harm.   According to Michelle Molina, the Freedom Defendants' Director of Network Management in the Provider Relations Department, disclosure of the Sealed Documents could potentially harm the Freedom Defendants' business operations by enabling competitors to gain insight into their pricing and contract strategies (Doc. 296-1 at ¶ 6).  The Freedom Defendants have consistently treated the Sealed Documents as confidential (*Id.* at ¶ 4).

The Freedom Defendants have satisfied the requirements of Local Rule 1.11(b), and as a result, the motion should be granted.   *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001) (stating that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution

---

[1] As a result, Relator's motion is due to be denied with respect to Exhibits A and B (Docs. 277-1, 277-2).

of the merits is subject to the common-law right").   In addition, the Freedom Defendants have shown good cause for sealing, *i.e.*, the Sealed Documents contain confidential business information, including contractual arrangements with provider organizations and medical consultants.   *See United States v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 8:13-cv-206-T-23AEP, 2015 WL 12856778, at *1 (M.D. Fla. June 18, 2015) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access . . . . The common law right of access may be overcome by a showing of good cause.")).

Accordingly, it is **ORDERED**:

(1) Relator's Motion to File Exhibit Under Seal Pursuant to the Stipulated Protective Order (Doc. 277) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

(2) Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal Under Federal Rule 5.2(D)-(E), Local Rule 1.11, and ECF No. 140-1 (Doc. 296) is **GRANTED**.

(3) The Sealed Documents (Docs. 277-3, 277-4) shall remain under seal.

(4) The seal shall expire ninety days after the case is closed and all appeals have been exhausted.

**ORDERED** in Tampa, Florida, on August 20, 2024.

4

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE