UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

      Relator/Plaintiff,

v.                                                    CASE NO. 8:19-cv-1236-KKM-SPF

PHYSICIAN PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATES,
LLC d/b/a VIPCARE; ANION
TECHNOLOGIES, LLC; FREEDOM
HEALTH, INC.; and OPTIMUM
HEALTHCARE, INC.,

      Defendants.
_____/

**ORDER**

Before the Court is Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Motion to Redact Transcript (Doc. 322) and Relator's Response in Opposition to Freedom Defendants' Motion to Redact Transcript (Doc. 327).

The Freedom Defendants' Motion seeks entry of a court order partially redacting the transcript of the June 18, 2024 discovery hearing (Doc. 317). The Freedom Defendants seek to redact portions of the transcript because the excerpts contain confidential and commercially sensitive information, including discussion of the contractual arrangements between Freedom Defendants and provider groups; details regarding Freedom Defendants' physician-education, provider-training, and auditing programs; and information relating to Freedom Defendants' provider-relations operations (Doc. 322 at 1–2). The Freedom Defendants represent that this information is confidential

and proprietary, and its public release could result in competitive harm.  According to the Freedom Defendants, disclosure of the transcript excerpts could potentially harm the Freedom Defendants' business operations by giving competitors undue access to the inner workings of Freedom Defendants' provider-relations and auditing processes (Doc. 294-1 at ¶ 6).

Relator opposes the redactions as overly broad and covering portions of the transcript which do not contain confidential or commercially sensitive information. Relator argues that the transcript of the hearing is a public record (as opposed to a discovery document) and the Freedom Defendants' have not overcome the presumption of public access that applies to public records.

While the Court recognizes that this information was discussed at a public hearing, the Court is also mindful that, had this information only been included in exhibits to the parties' filings, no public right of access would apply.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001) ("The better rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right, and so we hold."); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *cf. Rondini v. Bunn*, No. 7:17-cv-1114-RDP, 2019 WL 9786085, at *1 (N.D. Ala. May 22, 2018) ("Since the oral argument concerned motions

to dismiss that required the court to address the merits of the action, the court finds that the oral argument is subject to the right of access.").

Even assuming the public right of access applies, however, the Court finds that the Freedom Defendants have shown good cause for redacting certain portions of the transcript, *i.e.*, it contains discussion of confidential business information, including discussions of Freedom Defendants' provider-relations and auditing processes. *See Romero*, 480 F.3d at 1246 ("The common law right of access may be overcome by a showing of good cause."). As Relator points out, however, some of the information Freedom Defendants seek to redact is otherwise public or available on the public docket. For example, the portions of the transcript discussing the auditing processes and requirements of the United States as opposed to business-specific processes uniquely used by Freedom Defendants (Doc. 317 at 26:5–6). As a result, Freedom Defendants' motion is due to be granted with respect to the confidential business information and denied with respect to that information which is otherwise publicly available.

Accordingly, it is **ORDERED**:

(1) Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Motion to Redact Transcript (Doc. 322) is **GRANTED in part and DENIED in part**.

(2) The Clerk or Court Reporter shall REDACT the following lines from the publicly available transcript:

   a. 27:6–23;

   b. 29:5–6 (beginning at "3,342");

   c. 45:24–46:3 (beginning at "under");

d.   46:5–9 (beginning at "but");

e.   46:12–14 (beginning at "a right");

f.   46:15–17 (beginning at "Freedom's" and ending at "RFP");

g.   46:22–24 (beginning at "you have");

h.   47:1–3 (beginning at "Is it");

i.   47:11–23 (beginning at "we have");

j.   72:9–17;

k.   73:3 (beginning at "there" and ending at "data");

l.   73:12–13 (ending at "process");

m.   73:17;

n.   73:19–22 (ending at "meetings");

o.   78:12–13 (beginning at the second-to-last word);

p.   78:18–20 (beginning at the sixth word);

q.   79:25–80:2 (beginning at "the compliance" and ending at the first word on line 2);

r.   80:5 (first two words);

s.   80:8 (beginning at "in" and ending at "charts");

t.   80:16 (last three words); and

u.   107:17–18.

**ORDERED** in Tampa, Florida, on August 20, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE