# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

**DEFENDANTS FREEDOM HEALTH, INC. AND OPTIMUM HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF COMMUNICATIONS IN RESPONSE TO REQUEST FOR <u>PRODUCTION NO. 6</u>**

Relator's Opposition, ECF 323 ("Opposition" or "Opp."),[1] repeats legal and factual mischaracterizations that Freedom Defendants already rebutted at length in prior briefing.[2] But the Opposition goes further, relying on a *new* mischaracterization that Freedom Defendants must now address. Seeking to remediate her own indefensible privilege claims, Relator claims that the government "asserted privilege" over the Communications. Opp. at 4-5. Not so. Neither HHS-OIG nor the United States Attorney's Office for the Middle District of Florida (the "USAO") asserted privilege over the Communications, a fact ultimately fatal to Relator. Nor has the government weighed in on this Motion, despite intervening in this litigation for other limited purposes, *see* ECF 259, 120. The government's silence speaks volumes.

First, HHS-OIG stated that it found (a) "No documents" responsive to a request for certain *direct* communications between Agent Garrido and Relator, and (b) "No non-privileged documents" responsive to a request for certain communications between Agent Garrido and Relator's *counsel*. ECF 253-9 at 1. As to the direct communications between Agent Garrido and Relator—the vast majority of the documents at issue in this Motion—HHS-OIG could not have asserted privilege over them because it failed to preserve them, and does not *have* them. *See id.* at 2. As to the communications involving Relator's counsel, HHS-OIG did not assert privilege over

---

[1] This Reply adopts the naming conventions of the underlying Motion to Compel, ECF 318 ("Mot.").
[2] Relator's Opposition repeats her earlier arguments that the Communications are protected by work-product and common-interest privilege and that Freedom Defendants have not shown "substantial need." This Reply does not rehash those arguments here, but rather points the Court to the existing record: For rebuttals of Relator's work-product arguments, *see, e.g.*, ECF 216 at 3-4, Mot. at 5-10; for rebuttals of Relator's common-interest arguments, *see, e.g.*, ECF 184 at 14-17, ECF 216 at 17-2; and for rebuttals of Relator's arguments that "substantial need" does not exist, *see, e.g.*, Mot. at 10-15.

any documents and did not serve a privilege log.  *See generally id.*  Relator misconstrues HHS-OIG's statements as an assertion of privilege, but the record shows otherwise.

Relator similarly misconstrues the USAO's statements.  The USAO's response to Defendants' *Touhy* request included the catch-all statement that, "to the extent you seek non-public documents and information relating to the details of the USAO-MDFL's investigation and the internal or intra-governmental deliberations (such as attorney notes or communications)[,] these materials fall well within [various privileges]."  Opp. 4-5.  This sentence cannot bear the weight of Relator's reliance on it.  The sentence reflects no privilege assertion over Relator's text-message communications with Agent Garrido; again, the government does not even possess those communications.  And it reflects no privilege assertion over any other Communications, either, as the Motion does not seek "internal or intra-governmental deliberations."  *See id.*  Nor did the USAO serve a privilege log, which would have been necessary if the USAO was asserting privilege over any documents.

Relator's misrepresentation is critical, because the remainder of her Opposition rests on the false premise that the United States asserted privilege.  Relator cannot assert any privilege on the government's behalf, *see* Mot. at 6, so Relator must explain how the Communications implicate *Relator's* (or her counsel's) work product.  She cannot.  The Communications were neither "by or for" Relator, nor in anticipation of *Relator's* litigation.  *See* Mot. at 6-10.  And even if the work-product doctrine applies to certain documents, that privilege is overcome by Freedom Defendants' substantial need.  *See* Mot. at 10-15.  Relator must produce the Communications.

Respectfully submitted, this 22nd day of August, 2024,

/s/ *Scott Drake*
Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
sdrake@omm.com

Benjamin D. Singer*
Amanda M. Santella*
William Buffaloe*
Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY & SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
(850) 205-3356
ginger.boyd@nelsonmullins.com

*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

* *admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: /s/ *Scott Drake*

Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*