UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* DR. CLARISSA ZAFIROV,

       Plaintiffs,

       v.                           Case No.: 8:19-cv-1236-T-23SPF

FLORIDA MEDICAL ASSOCIATES, LLC, *et al.*,

       Defendants.

_____/

## UNITED STATES' STATEMENT OF INTEREST

The United States respectfully submits this Statement of Interest, in
accordance with 28 U.S.C. § 517 and with the Court's leave (Doc. 340), to respond
to certain arguments raised in the Freedom Defendants' Reply In Support of Motion
to Compel Production of Communications in Response to Request for Production
No. 6. ("Reply Brief") (Doc. 336).

The United States files this Statement of Interest to clarify its position
regarding the communications between Relator and HHS-OIG that are the subject of
the Freedom Defendants' Motion to Compel. In their Motion, the Freedom
Defendants state "Neither HHS-OIG nor the United States Attorney's Office for the
Middle District of Florida (the "USAO") asserted privilege over the
Communications, a fact ultimately fatal to Relator. Nor has the government weighed

in on this Motion, despite intervening in this litigation for other limited purposes, *see* ECF 259, 120. The government's silence speaks volumes."

To the extent the Freedom Defendants are implying that the United States believes the communications at issue are not privileged, this is erroneous. As to the direct text message communications between Agent Garrido and Relator, HHS-OIG did not state that these communications are not privileged. Rather, it stated that it does not have any responsive communications. The United States asserts these communications nonetheless may be subject to privilege, for the reasons aptly stated by the Relator. (Doc. 323 at pp. 5-10).

As to the communications involving Relator's counsel and HHS-OIG, the Freedom Defendants state "HHS-OIG did not assert privilege over any documents and did not serve a privilege log." This is incorrect. In response to this request, HHS-OIG stated it did not have any *non-privileged* documents responsive to the request. The obvious implication of this response is that it does have communications protected by privilege. Moreover, courts have confirmed that a nonparty's failure to prepare a privilege log in response to a subpoena does not waive any privilege. *See Aspen Am. Ins. Co. v. Tasal*, 2020 U.S. Dist. LEXIS 256371 at *10 (M.D. Fla. Sept. 11, 2020)."

Respectfully submitted,

**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ROGER B. HANDBERG**
United States Attorney


JAMIE A. YAVELBERG
PATRICIA L. HANOWER
J. JENNIFER KOH
Attorneys, Civil Division
United States Department of Justice

Dated:  September 16, 2024     By:     *s/ Sean P. Keefe*
                                        SEAN P. KEEFE
                                        Assistant United States Attorney
                                        Florida Bar No. 0413828
                                        400 North Tampa Street, Suite 3200
                                        Tampa, FL 33602
                                        Telephone: (813) 274-6000
                                        Facsimile: (813) 274-6200
                                        E-mail: sean.keefe@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will provide electronic service to

all counsel of record.


                        */s/ Sean P. Keefe*
                        SEAN P. KEEFE
                        Assistant United States Attorney