# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DR. CLARISSA ZAFIROV,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>PHYSICIAN PARTNERS, LLC; FLORIDA MEDICAL ASSOCIATES, LLC, d/b/a VIPCARE; ANION TECHNOLOGIES, LLC; FREEDOM HEALTH, INC.; and OPTIMUM HEALTHCARE, INC.,<br><br>    Defendants. | Case No. 8:19-cv-01236-KKM-SPF |

## FREEDOM DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO GOVERNMENT'S STATEMENT OF INTEREST

Pursuant to Local Rule 3.01(d), Freedom Defendants,[1] by and through undersigned counsel, respectfully move for leave to file a short response to the government's Statement of Interest, ECF 343 (the "Statement," or "SOI"). The government sought leave to file its Statement to "clarify its position regarding the communications at issue" and the "privilege issues" implicated by the parties' dispute. ECF 339 at 2, but the government has still not clearly asserted privilege over any of the Communications at issue in the Motion. Because the Statement purported to "clarify" factual circumstances relevant to the Motion, but did not clarify any of the operative facts, Freedom Defendants seek leave to file a short response or, in the alternative, request a hearing on the Motion.

A party moving to respond to a Statement of Interest must show good cause, *McDonald v. United States*, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013), and district courts have broad discretion to grant such relief, *Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). This Court has routinely permitted reply briefs when additional briefing may assist the Court in resolving issues. S*ee, e.g.*, *Weiss v. AT&T Inc.*, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023); *Short v. Immokalee Water & Sewage District*, 2019 WL 8370778, at *1 (M.D. Fla. Jan. 23, 2019); *Allied Portables, LLC v. Youmans*, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016). Multiple reply briefs (and sur-replies) have also been filed in this case. *See, e.g.*, ECF 148, 200, 209, 271, 288, 301, 326.

---

[1] This motion for leave adopts the naming conventions of the underlying Motion to Compel, ECF 318 (the "Motion," or "Mot.").

With respect to the text messages (419 of the 447 Communications at issue), the government asserts no privilege. Rather, the government explains that it believes that the text messages (which the government has not seen) *might be* privileged. But the only "privilege" Relator has claimed over the Communications is work-product protection, and the government (as a nonparty) cannot withhold documents based on the work-product doctrine, *see* Mot. 6. The government's recharacterization of its prior statements about the text messages therefore adds nothing.

And with respect to the email communications including Relator's counsel (the other 28 Communications at issue in the Motion), the government has not asserted any privilege over any of those at-issue Communications, either. The government now explains that it is "obvious[]" that it possesses some non-privileged communications, SOI at 2, but the government does not assert whether those are the responsive "capital-C" Communications sought by Freedom Defendants' Motion, does nothing to describe the particular documents or even the *number* of documents subject to any privilege claim, and does not even say which privilege might apply. *Cf.* Middle District Discovery § VI.A.1 (mandating that privilege assertions be made "expressly," and requiring descriptions of documents withheld to be sufficient to "enable other parties to assess the applicability of the privilege or protection"). And again, even Relator claims only "work-product" protection over the Communications—a "privilege" that the government (a nonparty) may not assert in this litigation, Mot. 6.

Freedom Defendants therefore wish to file a brief response to the Statement, to reiterate that the government *has not* asserted privilege over the Communications, and

to explain the implications of the government's non-assertion. In the alternative, Freedom Defendants request a hearing to resolve any remaining factual issues impacting the Motion.

Respectfully submitted, this 19th day of September, 2024,

/s/ Scott Drake
Scott Drake (Lead Counsel)*
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
(972) 360-1900
sdrake@omm.com

Benjamin D. Singer*
Amanda M. Santella*
William Buffaloe*
Kelly McDonnell*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bsinger@omm.com
asantella@omm.com
wbuffaloe@omm.com
kmcdonnell@omm.com

Catherine Nagle*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
(212) 326-2000
cnagle@omm.com

Ginger Boyd
Fla. Bar No. 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400

Tallahassee, FL 32301
(850) 205-3356
ginger.boyd@nelsonmullins.com
*Counsel for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.*

*\* admitted pro hac vice*

-5-

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Freedom Defendants conferred with counsel for the parties and counsel for the government regarding this Motion.  The government and Provider Defendants do not oppose this Motion.  Relator takes no position on the Motion.

By: /s/ Scott Drake

Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic service to all counsel of record.

By: /s/ Scott Drake

Scott Drake*

*Counsel for Freedom Defendants*
* *admitted pro hac vice*