# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Golden-Collum Memorial Federal Building & U.S. Courthouse
207 NW Second Street
Ocala, Florida 34475
(352) 369-4860

Elizabeth M. Warren                                      Lisa Fannin
Clerk of Court                                      Division Manager

**DATE:** October 30, 2024

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**CLARISSA ZAFIROV and THE
CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, ex
rel; Dr.**

     **Plaintiffs,**

**v.**                                      **Case No: 8:19-cv-1236-KKM-SPF**

**FLORIDA MEDICAL ASSOCIATES,
LLC, PHYSICIAN PARTNERS, LLC,
ANION TECHNOLOGIES, LLC,
FREEDOM HEALTH, INC. and
OPTIMUM HEALTHCARE, INC.**

     **Defendants.**

---

**U.S.C.A. Case No:**           **NEW APPEAL**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Kathryn Kimball Mizelle, United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

     ELIZABETH M. WARREN, CLERK

     By:     s/M. Bean, Deputy Cler

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA              )
*ex rel.* DR. CLARISSA ZAFIROV,       )
                                      )
    Plaintiff and Relator,         )
                                      )
v.                                    ) No. 8:19-cv-01236-KKM-SPF
                                      )
PHYSICIAN PARTNERS, LLC; FLORIDA      )
MEDICAL ASSOCIATES, LLC, d/b/a        )
VIPCARE; ANION TECHNOLOGIES, LLC;     )
FREEDOM HEALTH, INC.; and OPTIMUM     )
HEALTHCARE, INC.,                     )
                                      )
    Defendants.                    )
_____  )

## <u>RELATOR'S NOTICE OF APPEAL</u>

Notice is hereby given that Relator Dr. Clarissa Zafirov appeals to the United

States Court of Appeals for the Eleventh Circuit from the order and final judgment of

the Court entered on September 30, 2024 (Docs. 346 and 347) granting Defendants'

Joint Motion for Judgment on the Pleadings (Doc. 180) and dismissing the case with

prejudice.

Dated: October 29, 2024             Respectfully submitted,

                                    /s/ Jillian L. Estes
                                    Jillian L. Estes (Fla Bar No. 0055774)
                                    Jennifer M. Verkamp*
                                    Jonathan M. Lischak*
                                    Morgan Verkamp LLC
                                    4410 Carver Woods Dr., Suite 200
                                    Cincinnati, Ohio 45242
                                    Telephone: (513) 651-4400
                                    Fax: (513) 651-4405

Email: jillian.estes@morganverkamp.com
jennifer.verkamp@morganverkamp.com
jonathan.lischak@morganverkamp.com

**Counsel for Relator Dr. Clarissa Zafirov**

* appearing *pro hac vice*

## CERTIFICATE OF SERVICE

I, Jillian Estes, hereby certify that a copy of this Notice of Appeal was served on October 29, 2024, to all parties of record via the CM/ECF electronic filing system.

/s/ Jillian L. Estes
Jillian L. Estes (Fla. Bar No. 0055774)

APPEAL, CLOSED, MEDIATION, SL DOC

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: <u>8:19–cv–01236–KKM–SPF</u>

Zafirov v. Florida Medical Associates, LLC et al

Assigned to: Judge Kathryn Kimball Mizelle

Referred to: Magistrate Judge Sean P. Flynn

Cause: 31:3730 Qui Tam False Claims Act

Date Filed: 05/20/2019

Date Terminated: 09/30/2024

Jury Demand: Both

Nature of Suit: 376 Qui Tam (31 U.S.C. § 3729(a))

Jurisdiction: Federal Question

**Plaintiff**

**Clarissa Zafirov**
*ex rel; Dr.*

represented by **Frederick M. Morgan , Jr.**
Morgan Verkamp, LLC
4410 Carver Woods Dr.
Suite 200
Blue Ash, OH 45242
513–651–4400
Email: <u>rick.morgan@morganverkamp.com</u>
*TERMINATED: 07/30/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jillian Levy Estes**
Morgan Verkamp, LLC
4410 Carver Woods Dr.
Suite 200
Blue Ash, OH 45242
513–651–4400
Email: <u>jestes@morganverkamp.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth J. Nolan**
Nolan & Auerbach, PA
Suite 401
435 N Andrews Ave
Ft Lauderdale, FL 33301
954/779–3943
Fax: 954/779–3937
Email: <u>ken@whistleblowerfirm.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcella Auerbach**
Nolan & Auerbach, PA
Suite 401
435 N Andrews Ave

Ft Lauderdale, FL 33301
954/779–3943
Fax: 954/779–3937
Email: marcella@whistleblowerfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryon M. McCabe**
McCabe Rabin, PA
1601 Forum Pl Ste 201
West Palm Beach, FL 33401
561/659–7878
Fax: 561–242–4848
Email: rmccabe@mccaberabin.com
*TERMINATED: 12/30/2021*
*LEAD ATTORNEY*

**Adam T. Rabin**
Rabin Kammerer Johnson, P.A.
FL
1601 Forum Place.
Suite 201
West Palm Beach, FL 33401
561–659–7878
Email: arabin@rkjlawgroup.com
*ATTORNEY TO BE NOTICED*

**Anne Hayes Hartman**
Morgan Verkamp
4410 Carver Woods Drive
Suite 200
Cincinnati, OH 45242
513–651–4400
Email: Anne.Hartman@morganverkamp.com
*ATTORNEY TO BE NOTICED*

**Chandra Napora**
Morgan Verkamp LLC
4410 Carver Woods Drive
Suite 200
Cincinnati, OH 45242
513–651–4400
Email: cnapora@morganverkamp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Havan M Clark**
Rabin Kammerer Johnson, P.A.
1601 Forum Place
Suite 201
West Palm Beach, FL 33401
561–659–7878

Fax: 561–242–4848
Email: hclark@rkjlawgroup.com
*ATTORNEY TO BE NOTICED*

**Jennifer M. Verkamp**
Morgan Verkamp LLC
4410 Carver Woods Drive
Suite 200
Cincinnati, OH 45242
513–651–4400
Fax: 513–651–4405
Email: jverkamp@morganverkamp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan M. Lischak**
Morgan Verkamp LLC
4410 Carver Woods Drive
Suite 200
Cincinnati, OH 45242
513–651–4400
Email: Jonathan.Lischak@morganverkamp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Appellant</u>**

**The Chamber of Commerce of the**
**United States of America**

represented by **Jeffrey Carter Andersen**
Bush Ross, PA
1801 N Highland Ave
Tampa, FL 33602–2656
813/224–9255
Fax: 813/223–9620
Email: candersen@bushross.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael H McGinley**
Dechert, LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215–994–4000
Fax: 215–994–2222
Email: Michael.McGinley@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven A. Engel**
Dechert, LLP

1900 K St NW
Washington, DC 20006–1110
202–261–3300
Fax: 202–261–3143
Email: steven.engel@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Florida Medical Associates, LLC**<br>*doing business as*<br>VIPCARE | represented by | **Arthur Lee Bentley , III**<br>Bradley Arant Boult Cummings LLP<br>1001 Water Street<br>Suite 1000<br>Tampa, FL 33602<br>813–559–5500<br>Fax: 813–229–5946<br>Email: lbentley@bradley.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Giovanni P. Giarratana**
Bradley Arant Boult Cummings LLP
1001 Water Street
Suite 1000
Tampa, FL 33602
813–559–5500
Fax: 813–229–5946
Email: ggiarratana@bradley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Paul Mehta**
Foley & Lardner LLP
100 N. Tampa Street, Suite 2700
Tampa, FL 33602–5810
813–225–5424
Fax: 813–221–4210
Email: jmehta@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Robisch**
Bradley Arant Boult Cummings LLP
100 N. Tampa St., Suite 2200
Tampa, FL 33602
813–559–5500
Email: krobisch@bradley.com
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Latour Rey Lafferty**
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street
Suite 1500
Tampa, FL 33602
813–228–9080
Fax: 813–228–6739
Email: ltlafferty@gunster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Elizabeth Joseph**
Foley & Lardner, LLP
111 Huntington Ave, Suite 2500
Boston, MA 02199
407/244–3276
Fax: 407/648–1743
Email: jjoseph@foley.com
*TERMINATED: 03/21/2024*
*ATTORNEY TO BE NOTICED*

**Joseph Warren Swanson**
Foley & Lardner LLP
100 N Tampa Street
Suite 2700
Tampa, FL 33602
813–229–2300
Fax: 813–221–4210
Email: joe.swanson@foley.com
*ATTORNEY TO BE NOTICED*

**Lauren Lisette Valiente**
Foley & Lardner, LLP
100 N Tampa St Ste 2700
Tampa, FL 33602
813/225–5443
Email: lvaliente@foley.com
*ATTORNEY TO BE NOTICED*

**Matthew D. Krueger**
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
414–297–4987
Email: mkrueger@foley.com
*ATTORNEY TO BE NOTICED*

**Michael P Matthews**
Foley & Lardner, LLP
100 N Tampa St Ste 2700

Tampa, FL 33602
813/225–4131
Fax: 813/221–4210
Email: mmatthews@foley.com
*ATTORNEY TO BE NOTICED*

**Natalie Adams**
Foley & Lardner LLP
100 N. Tampa Street
Suite 2700
Tampa, FL 33602–5810
813–225–5422
Email: nhirt@aol.com
*TERMINATED: 10/20/2023*
*ATTORNEY TO BE NOTICED*

**Parth Y. Patel**
Benesch, Friedlander, Coplan & Aronoff
LLP
127 Public Sq
Suite 4900
Cleveland, OH 44114–1284
576–606–7312
Email: ppatel@beneschlaw.com
*TERMINATED: 02/28/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priyanka Ghosh–Murthy**
4825 Algonquin Ave.
Jacksonville, FL 32210–7607
305–812–4986
Email: priyanka.ghosh@gmail.com
*ATTORNEY TO BE NOTICED*

**Samantha Marie Gerencir**
Foley & Lardner LLP
100 N Tampa Street
Suite 2700
Tampa, FL 33602
813–229–2300
Fax: 813–221–4210
Email: samantha.gerencir@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Physician Partners, LLC**                    represented by **Arthur Lee Bentley , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanni P. Giarratana**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Paul Mehta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Robisch**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Elizabeth Joseph**
(See above for address)
*TERMINATED: 03/21/2024*
*ATTORNEY TO BE NOTICED*

**Joseph Warren Swanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Lisette Valiente**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew D. Krueger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P Matthews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adams**
(See above for address)
*TERMINATED: 10/20/2023*
*ATTORNEY TO BE NOTICED*

**Parth Y. Patel**
(See above for address)
*TERMINATED: 02/28/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priyanka Ghosh–Murthy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha Marie Gerencir**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Physician Partners Speciality Services, LLC**
*TERMINATED: 11/12/2021*

represented by **Arthur Lee Bentley , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanni P. Giarratana**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Paul Mehta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Robisch**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sun Labs USA, Inc.**
*TERMINATED: 11/12/2021*

represented by **Arthur Lee Bentley , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanni P. Giarratana**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Paul Mehta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Robisch**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anion Technologies, LLC**

represented by **Arthur Lee Bentley , III**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Giovanni P. Giarratana**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Paul Mehta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Robisch**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Elizabeth Joseph**
(See above for address)
*TERMINATED: 03/21/2024*
*ATTORNEY TO BE NOTICED*

**Joseph Warren Swanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Lisette Valiente**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew D. Krueger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P Matthews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adams**
(See above for address)
*TERMINATED: 10/20/2023*
*ATTORNEY TO BE NOTICED*

**Parth Y. Patel**
(See above for address)
*TERMINATED: 02/28/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priyanka Ghosh–Murthy**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Samantha Marie Gerencir**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthem, Inc.**                    represented by    **Benjamin D. Singer**
*TERMINATED: 11/12/2021*                              O'Melveny & Myers LLP
                                                      1625 Eye St., NW
                                                      Washington, DC 20006
                                                      202/383–5300
                                                      Fax: 202–383–5414
                                                      Email: bsinger@omm.com
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David M. Deaton**
                                                      O'Melveny & Myers LLP
                                                      610 Newport Center Dr., 17th Floor
                                                      Newport Beach, CA 92660
                                                      949/823–6900
                                                      Fax: 949–823–6994
                                                      Email: ddeaton@omm.com
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David J. Leviss**
                                                      O'Melveny & Myers LLP
                                                      1625 Eye St., NW
                                                      Washington, DC 20006
                                                      202–383–5300
                                                      Fax: 202–383–5414
                                                      Email: dleviss@omm.com
                                                      *TERMINATED: 06/22/2022*
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Elizabeth M. Bock**
                                                      O'Melveny & Myers LLP
                                                      400 South Hope St., 18th Floor
                                                      Los Angeles, CA 90071–2899
                                                      213/430–6000
                                                      Fax: 213–430–6407
                                                      Email: ebock@omm.com
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

**Ginger Barry Boyd**
Nelson Mullins Riley & Scarborough LLP
SunTrust Building
215 South Monroe Street
Suite 400
Tallahassee, FL 32301
850–907–2556
Fax: 850–681–9792
Email: ginger.boyd@nelsonmullins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Freedom Health, Inc.**                represented by   **Benjamin D. Singer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David M. Deaton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David J. Leviss**
(See above for address)
*TERMINATED: 06/22/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth M. Bock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ginger Barry Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott P. Drake**
O'Melveny & Myers LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
972–360–1915
Email: sdrake@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Amanda M. Santella**
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
202–383–5300
Email: asantella@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Nagle**
O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
212–326–2000
Email: cnagle@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Arias**
O'Melveny & Myers, LP
400 South Hope Street
19th Floor
Los Angeles, CA 90071
213–430–8372
Email: earias@omm.com
*ATTORNEY TO BE NOTICED*

**Kelly A. McDonnell**
O'Melveny & Myers LLP
1625 Eye Street, NW
10th Floor
Washington, DC 20006
202–383–5328
Email: kmcdonnell@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William T. Buffaloe**
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
202–383–5300
Email: wbuffaloe@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Optimum Healthcare, Inc.**                    represented by   **Benjamin D. Singer**
                                                                (See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David M. Deaton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David J. Leviss**
(See above for address)
*TERMINATED: 06/22/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth M. Bock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ginger Barry Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott P. Drake**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amanda M. Santella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Nagle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Arias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly A. McDonnell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Siddhartha Pagidipati**<br>*TERMINATED: 11/12/2021* | represented by | **Arthur Lee Bentley , III**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Giovanni P. Giarratana**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Paul Mehta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Robisch**
(See above for address)
*TERMINATED: 02/23/2024*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Anti–Fraud Coalition** | represented by | **Jonathan Kroner**<br>Jonathan Kroner Law Office<br>6001 N Ocean Dr<br>Suite 806<br>Hollywood, FL 33019<br>305–310–6046<br>Email: JK@FloridaFalseClaim.com<br>*LEAD ATTORNEY* |

**Steven F. Grover**
Steven F Grover PA
507 SE 11 Ct.
Ft Lauderdale, FL 33316
954–290–8826
Fax: 954/356–0010
Email: stevenfgrover@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacklyn DeMar**
The Anti–Fraud Coalition
1220 19th Street, N.W.
Suite 501
Washington, DC 20036
202–296–4826
Email: jdemar@taf.org
*ATTORNEY TO BE NOTICED*

**Tejinder Singh**

Sparacino PLLC
Suite 835
1920 L Street, NW
Suite 835
Washington, DC 20036
202–629–3530
Email: tejinder.singh@sparacinopllc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Mediator**

**Stephen D. Altman**                    represented by  **Stephen D. Altman**
US Department of Justice – Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530
202/307–0188
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**United States of America**             represented by  **Sean P. Keefe**
US Attorney's Office – FLM
Suite 3200
400 N Tampa St
Tampa, FL 33602–4798
813/274–6135
Fax: 813/274–6198
Email: sean.keefe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2019 | 1 | COMPLAINT against Anion Technologies, LLC, Anthem, Inc., Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Siddhartha Pagidipati, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. Filing fee $ 400, receipt number TPA056653 filed by Clarissa Zafirov. (Attachments: # 1 Civil Cover Sheet)(CTR) (Entered: 05/21/2019) |
| 05/20/2019 | 2 | MOTION for leave to file Complaint and Related Documents in camera and under seal by Clarissa Zafirov. (Attachments: # 1 Text of Proposed Order)(CTR) (Entered: 05/21/2019) |
| 05/23/2019 | 3 | **ORDER granting 2––motion to seal. Signed by Judge Steven D. Merryday on 5/23/2019. (BK)** (Entered: 05/23/2019) |
| 07/22/2019 | 4 | Ex Parte Consent Application to extend time to Consider Election to Intervene by United States of America. (CTR) (Entered: 07/23/2019) |

| 07/22/2019 | 5 | MEMORANDUM in support re 4 Ex Parte Consent Application to extend time to Consider Election to Intervene filed by United States of America. (CTR) (Entered: 07/23/2019) |
|---|---|---|
| 07/26/2019 | 6 | **ORDER granting 4––motion for an extension of time; extending through 1/22/2020 the time within which the United States must decide whether to intervene. Signed by Judge Steven D. Merryday on 7/26/2019. (BK)** (Entered: 07/26/2019) |
| 10/23/2019 | 7 | EXPARTE CONSENT APPLICATION for a Partial Lifting of the Seal and Supporting Legal Memeorandum by United States of America. (CTR) (Entered: 10/24/2019) |
| 10/24/2019 | 8 | **ORDER granting 7––*ex parte* motion for miscellaneous relief; directing the clerk to SEND a copy of this order to the United States. Signed by Judge Steven D. Merryday on 10/24/2019. (BK)** (Entered: 10/24/2019) |
| 01/21/2020 | 9 | EXPARTE Consent Application for an Extension of Time to Consider Election to Intervene by United States of America. (CTR) (Entered: 01/22/2020) |
| 01/21/2020 | 10 | MEMORANDUM in support re 9 Exparte Consent Application for an Extension of Time to Consider Election to Intervene filed by United States of America. (CTR) (Entered: 01/22/2020) |
| 01/28/2020 | 11 | **ORDER denying 9––*ex parte* motion for an extension of time; United States must decide by 2/21/2020 whether to intervene; directing the clerk to MAIL a copy of this order to counsel for the United States and to counsel for the relator. Signed by Judge Steven D. Merryday on 1/28/2020. (BK)** (Entered: 01/28/2020) |
| 02/10/2020 | 12 | UNOPPOSED MOTION for miscellaneous relief, specifically to Maintain the Seal Until April 1, 2020 by Clarissa Zafirov. (Attachments: # 1 Proposed Order)(CTR) (Entered: 02/11/2020) |
| 02/12/2020 | 13 | **ORDER granting 12––motion to extend the seal; extending the seal to 4/1/2020; intervention deadline is 2/21/2020; directing the clerk to EMAIL a copy of this order to counsel for the relator and to counsel for the United States. Signed by Judge Steven D. Merryday on 2/12/2020. (BK)** (Entered: 02/12/2020) |
| 02/21/2020 | 14 | NOTICE of the United States of America that it is not Intervening at this time. (CTR) (Entered: 02/24/2020) |
| 02/21/2020 | 15 | EXPARTE CONSENT MOTION for Leave to File Partilly Redacted Documents by United States of America. (CTR) (Entered: 02/24/2020) |
| 06/11/2020 | 17 | **ORDER granting 15––United States' motion to file a redacted version of certain documents; directing the clerk to FILE separately each of the redacted documents appended to Doc. 16; directing the clerk to PUBLISH the docket sheet to CM/ECF and to unseal each item except for Doc. 16 and theunredacted versions of Docs. 7 and 10; directing the clerk to e–mail acopy of this order to counsel for the United States and to counsel for the relator. Signed by Judge Steven D. Merryday on 6/11/2020. (BK)** (Entered: 06/11/2020) |
| 06/11/2020 | 18 | REDACTED VERSION EXPARTE MOTION/ Consent Application for a Partial Lifting of the Seal by United States of America. (DG) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 6/12/2020 (DG). (Entered: 06/12/2020) |

| 06/11/2020 | 19 | ***REDACTED VERSION EX PARTE MEMORANDUM OF LAW in support of Ex Parte Consent Application for an extension of time to consider election to intervene by United States of America. (DG) Modified on 6/12/2020 (DG). Modified on 6/12/2020 (DG). (Entered: 06/12/2020) |
|---|---|---|
| 06/12/2020 | 20 | **ENDORSED ORDER finding as moot 18 Ex Parte Motion for Miscellaneous Relief. Pursuant to the Court's order 17, the Clerk docketed a redacted version of the motion filed under seal 7 and previously granted 8. Signed by Magistrate Judge Sean P. Flynn on 6/12/2020. (Flynn, Sean)** (Entered: 06/12/2020) |
| 07/01/2020 | 21 | Unopposed MOTION for Miscellaneous Relief, specifically Unseal Documents Pursuant to Court's Order Unsealing Documents by Florida Medical Associates, LLC. (Lafferty, Latour) (Entered: 07/01/2020) |
| 07/01/2020 | 22 | NOTICE of designation under Local Rule 3.05 – Track 2. (GSO) (Entered: 07/01/2020) |
| 07/01/2020 | 23 | **ORDER re 22––notice of designation of track. See document for details. Signed by Judge Steven D. Merryday on 7/1/2020. (GSO)** (Entered: 07/01/2020) |
| 07/02/2020 | 24 | SUPPLEMENT re 21 Unopposed MOTION for Miscellaneous Relief, specifically Unseal Documents Pursuant to Court's Order Unsealing Documents by Florida Medical Associates, LLC. (Lafferty, Latour) (Entered: 07/02/2020) |
| 07/07/2020 | 25 | **ORDER granting 21––motion requesting unsealing; directing the clerk to unseal documents 8, 9, 11, 18, 19, and 20. Signed by Judge Steven D. Merryday on 7/7/2020. (BK)** (Entered: 07/07/2020) |
| 07/15/2020 | 26 | Unopposed MOTION to Stay *Track Two Deadlines* by Clarissa Zafirov. (Estes, Jillian) (Entered: 07/15/2020) |
| 07/15/2020 | 27 | NOTICE of pendency of related cases per Local Rule 1.04(d) by Florida Medical Associates, LLC. Related case(s): no (Lafferty, Latour) (Entered: 07/15/2020) |
| 07/22/2020 | 28 | **ORDER granting 26––motion for an extension of time; extending through 8/31/2020 the time within which the parties must conduct the case management conference; case management report due 9/14/2020. Signed by Judge Steven D. Merryday on 7/22/2020. (BK)** (Entered: 07/22/2020) |
| 09/14/2020 | 29 | Consent MOTION for David J. Leviss to appear pro hac vice, Special Admission fee paid, Receipt No. 113A–17302273 for $150 *Written Designation and Consent to Act and Request to Receive Notices or Electronic Filing* by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Exhibit)(Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 9/14/2020 (DG). (Entered: 09/14/2020) |
| 09/14/2020 | 30 | Consent MOTION for Elizabeth M. Bock to appear pro hac vice, Special Admission fee paid, Receipt No. 113A–17302301 for $150 *Written Designation and Consent to Act, and Request to Receive Notices of Electronic Filing* by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Exhibit)(Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 9/14/2020 (DG). (Entered: 09/14/2020) |
| 09/14/2020 | 31 | Consent MOTION for David M. Deaton to appear pro hac vice, Special Admission fee paid, Receipt No. 113A–17302335 for $150 *Written Designation and Consent to Act, and Request to Receive Notices of Electronic Filing* by Anthem, Inc., Freedom |

| | | |
|---|---|---|
| | | Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Exhibit)(Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 9/14/2020 (DG). (Entered: 09/14/2020) |
| 09/14/2020 | 32 | Consent MOTION for Benjamin D. Singer to appear pro hac vice, Special Admission fee paid, Receipt No. 113A−17302375 for $150 *Written Designation and Consent to Act, and Request to Receive Notices of Electronic Filing* by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Exhibit)(Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 9/14/2020 (DG). (Entered: 09/14/2020) |
| 09/14/2020 | 33 | CORPORATE Disclosure Statement by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. identifying Corporate Parent Anthem, Inc. for Freedom Health, Inc., Optimum Healthcare, Inc. (Boyd, Ginger) Modified on 9/14/2020 (DG). (Entered: 09/14/2020) |
| 09/14/2020 | 34 | **ENDORSED ORDER granting 29 Motion to Appear Pro Hac Vice; granting 30 Motion to Appear Pro Hac Vice; granting 31 Motion to Appear Pro Hac Vice; granting 32 Motion to Appear Pro Hac Vice. Attorneys David J. Leviss, Elizabeth M. Bock, David M. Deaton, and Benjamin D. Singer may appear pro hac vice on behalf of Defendants Anthem, Inc., Freedom Health, Inc., and Optimum HealthCare, Inc., with Attorney Ginger Barry Boyd designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Sean P. Flynn on 9/14/2020. (CKR)** (Entered: 09/14/2020) |
| 09/14/2020 | 35 | CASE MANAGEMENT REPORT. (Estes, Jillian) (Entered: 09/14/2020) |
| 09/14/2020 | 36 | NOTICE of Appearance by Arthur Lee Bentley, III on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Siddhartha Pagidipati, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Bentley, Arthur) (Entered: 09/14/2020) |
| 09/14/2020 | 37 | NOTICE of Appearance by Jason Paul Mehta on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Siddhartha Pagidipati, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Mehta, Jason) (Entered: 09/14/2020) |
| 09/14/2020 | 38 | NOTICE of Appearance by Giovanni P. Giarratana on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Siddhartha Pagidipati, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Giarratana, Giovanni) (Entered: 09/14/2020) |
| 09/21/2020 | 39 | CORPORATE Disclosure Statement by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Bentley, Arthur) Modified on 9/21/2020 (DG). (Entered: 09/21/2020) |
| 09/21/2020 | 40 | NOTICE by United States of America *of Election to Decline Intervention* (Keefe, Sean) (Entered: 09/21/2020) |
| 09/22/2020 | 41 | MOTION to Dismiss for Failure to State a Claim by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Modified on 9/23/2020 (DG). (Entered: 09/22/2020) |

| 09/22/2020 | 42 | Unopposed MOTION for Miscellaneous Relief, specifically For Judicial Notice by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Leviss, David) Modified on 9/23/2020 (DG). (Entered: 09/22/2020) |
|---|---|---|
| 09/22/2020 | 43 | MOTION to Stay Discovery by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 9/23/2020 (DG). (Entered: 09/22/2020) |
| 09/22/2020 | 44 | MOTION to Dismiss the Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc.. (Attachments: # 1 Exhibit Exhibit A)(Robisch, Kyle) COUNSEL WHO ELECTRONICALLY SIGNED ITEM TO REFILE ITEM USING HIS/HER OWN PERSONAL ECF LOGIN/PASSWORD. Modified on 9/23/2020 (DG). (Entered: 09/22/2020) |
| 09/22/2020 | 45 | NOTICE of compliance re 34 Order on Motion to Appear Pro Hac Vice by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Bock, Elizabeth) (Entered: 09/22/2020) |
| 09/22/2020 | 46 | NOTICE of compliance re 34 Order on Motion to Appear Pro Hac Vice by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) (Entered: 09/22/2020) |
| 09/22/2020 | 47 | NOTICE of compliance re 34 Order on Motion to Appear Pro Hac Vice by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Singer, Benjamin) (Entered: 09/22/2020) |
| 09/22/2020 | 48 | NOTICE of compliance re 34 Order on Motion to Appear Pro Hac Vice by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Deaton, David) (Entered: 09/22/2020) |
| 09/22/2020 | 49 | MOTION to Dismiss the Complaint by Siddhartha Pagidipati. (Robisch, Kyle) COUNSEL WHO ELECTRONICALLY SIGNED ITEM TO REFILE SAME USING HIS/HER OWN PERSONAL ECF LOGIN/PASSWORD. Modified on 9/23/2020 (DG). (Entered: 09/22/2020) |
| 09/23/2020 | 50 | MOTION to Dismiss Complaint *(this motion is re−filed only to use correct login credentials)* by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc.. (Attachments: # 1 Exhibit A − Agreement)(Bentley, Arthur) (Entered: 09/23/2020) |
| 09/23/2020 | 51 | MOTION to Dismiss Complaint *(this motion is re−filed only to use correct login credentials)* by Siddhartha Pagidipati. (Bentley, Arthur) (Entered: 09/23/2020) |
| 09/25/2020 | 52 | MOTION to Stay Discovery by Anion Technologies, LLC, Florida Medical Associates, LLC, Siddhartha Pagidipati, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Bentley, Arthur) Motions referred to Magistrate Judge Sean P. Flynn. Modified on 9/25/2020 (DG). (Entered: 09/25/2020) |
| 10/01/2020 | 53 | NOTICE of pendency of related cases per Local Rule 1.04(d) by Clarissa Zafirov. Related case(s): yes. (Estes, Jillian) Modified on 10/2/2020 (DG). (Entered: 10/01/2020) |

| 10/02/2020 | 54 | Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Stay Discovery , 41 MOTION to Dismiss for Failure to State a Claim , 43 MOTION to Stay Discovery *Relator's Unopposed Motion to Extend Time to Respond to Defendants' Motions to Dismiss and Motions to Stay* by Clarissa Zafirov. (Estes, Jillian) (Entered: 10/02/2020) |
|---|---|---|
| 10/05/2020 | 55 | **ORDER granting 54––motion for an extension of time; extending through 10/20/2020 the time within which the relator must respond to 41––motion to dismiss and 52–––motion to stay discovery. Signed by Judge Steven D. Merryday on 10/5/2020. (BK)** (Entered: 10/05/2020) |
| 10/20/2020 | 56 | RESPONSE in Opposition re 44 MOTION to Dismiss the Complaint filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 10/20/2020) |
| 10/20/2020 | 57 | RESPONSE in Opposition re 41 MOTION to Dismiss for Failure to State a Claim filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 10/20/2020) |
| 10/20/2020 | 58 | RESPONSE in Opposition re 52 MOTION to Stay Discovery , 43 MOTION to Stay Discovery filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 10/20/2020) |
| 10/20/2020 | 59 | RESPONSE in Opposition re 49 MOTION to Dismiss the Complaint filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 10/20/2020) |
| 10/23/2020 | 60 | Consent MOTION for Miscellaneous Relief, specifically for Leave to File Unredacted Documents by United States of America. (Keefe, Sean) (Entered: 10/23/2020) |
| 10/26/2020 | 61 | **ORDER granting 60––motion by the United States to publish unredacted versions of S–7 and S–10; directing the clerk to publish the unredacted versions of S–7 and S–10. Signed by Judge Steven D. Merryday on 10/26/2020. (BK)** (Entered: 10/26/2020) |
| 10/27/2020 | 62 | Unopposed MOTION for Frederick M. Morgan, Jr. to appear pro hac vice, Special Admission fee paid, Receipt No. 113A–17475565 for $150 by Clarissa Zafirov. (Attachments: # 1 Special Admission Attorney Certification, # 2 Certificate of Good Standing)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 10/27/2020) |
| 10/27/2020 | 63 | **ENDORSED ORDER granting 62 Motion to Appear Pro Hac Vice. Attorney Frederick M. Morgan, Jr. may appear pro hac vice on behalf of Plaintiff/Relator, with Attorney Jillian L. Estes designated as local counsel pursuant to Local Rule 2.02(a). Signed by Magistrate Judge Sean P. Flynn on 10/27/2020. (CKR)** (Entered: 10/27/2020) |
| 10/28/2020 | 64 | Unopposed MOTION for Leave to File Other Document :Reply in Support of His Motion to Dismiss Complaint by Siddhartha Pagidipati. (Mehta, Jason) (Entered: 10/28/2020) |
| 10/28/2020 | 65 | Unopposed MOTION for Leave to File Other Document :Reply in Support of Their Motion to Dismiss Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Mehta, Jason) Modified on 10/28/2020 (DG). (Entered: 10/28/2020) |
| 10/28/2020 | 66 | Unopposed MOTION for Leave to File Other Document :Reply in Support of Motion to Dismiss by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, |

| | | |
|---|---|---|
| | | David) Modified on 10/29/2020 (DG). (Entered: 10/28/2020) |
| 10/28/2020 | 67 | Unopposed MOTION for Leave to File Other Document :Reply in Support of Motion to Stay Discovery by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Modified on 10/29/2020 (DG). (Entered: 10/28/2020) |
| 11/03/2020 | 68 | **ORDER denying 64, 65, 66, and 67—motions by the defendants for leave to reply. Signed by Judge Steven D. Merryday on 11/3/2020. (BK)** (Entered: 11/03/2020) |
| 11/05/2020 | 69 | MOTION for Jonathan Michael Lischak to appear pro hac vice, Special Admission fee paid, Receipt No. 113A−17515102 for $150 by Clarissa Zafirov. (Attachments: # 1 Special Admission Attorney Certification, # 2 Certificate of Good Standing)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 11/05/2020) |
| 11/05/2020 | 70 | **ENDORSED ORDER granting 69 Unopposed Motion for Pro Hac Vice Admission. Attorney Jonathan M. Lischak may appear pro hac vice on behalf of Plaintiff/Relator, with Attorney Jillian L. Estes designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Sean P. Flynn on 11/5/2020. (CKR)** (Entered: 11/05/2020) |
| 12/02/2020 | 71 | **ORDER: On or before Wednesday, December 16, 2020, the affected defendants may file a consolidated reply not exceeding ten pages to Points III, IV, and V of the plaintiff's response (Doc. 56) to those defendants' motion to dismiss. No sur−reply is permitted unless invited by a later order. Signed by Judge Steven D. Merryday on 12/2/2020.** (Entered: 12/02/2020) |
| 12/02/2020 | 72 | **ORDER: On or before Wednesday, December 16, 2020, the affected defendants may file a consolidated reply not exceeding ten pages to Point IV of the plaintiff's response (Doc. 57) to those defendants' motion to dismiss. No sur−reply is permitted unless invited by a later order. Signed by Judge Steven D. Merryday on 12/2/2020. Signed by Judge Steven D. Merryday on 12/2/2020.** (Entered: 12/02/2020) |
| 12/10/2020 | 73 | NOTICE of compliance re 70 Order on Motion to Appear Pro Hac Vice by Clarissa Zafirov (Lischak, Jonathan) (Entered: 12/10/2020) |
| 12/16/2020 | 74 | MEMORANDUM in support re 51 Motion to Dismiss *Defendants Anthem, Inc., Freedom Health, Inc., and Optimum Healthcare, Inc's Reply in Support of Motion to Dismiss* filed by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc.. (Boyd, Ginger) (Entered: 12/16/2020) |
| 12/16/2020 | 75 | MEMORANDUM in support re 50 Motion to Dismiss filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc.. (Attachments: # 1 Exhibit A)(Bentley, Arthur) (Entered: 12/16/2020) |
| 01/08/2021 | 76 | Case Reassigned to Judge Kathryn K. Mizelle. New case number: 8:19−cv−1236−T−210SPF. Judge Steven D. Merryday no longer assigned to the case. (JNB) (Entered: 01/08/2021) |
| 01/19/2021 | 77 | NOTICE of pendency of related cases per Local Rule 1.04(d) by Anthem, Inc., Freedom Health, Inc., Optimum Healthcare, Inc. Related case(s): yes (Leviss, David) (Entered: 01/19/2021) |

| 01/21/2021 | 78 | NOTICE of pendency of related cases per Local Rule 1.04(d) by Physician Partners, LLC. Related case(s): yes (Mehta, Jason) (Entered: 01/21/2021) |
|---|---|---|
| 06/11/2021 | 79 | **ENDORSED ORDER granting 42 unopposed motion for judicial notice. The Court takes judicial notice of the items described in and attached to the defendants' motion. Signed by Judge Kathryn Kimball Mizelle on 6/11/2021. (DMP)** (Entered: 06/11/2021) |
| 06/11/2021 | 80 | **ORDER granting 43 and 52 motions to stay discovery. Discovery is stayed pending an order on the defendants' motions to dismiss. Signed by Judge Kathryn Kimball Mizelle on 6/11/2021. (DMP)** (Entered: 06/11/2021) |
| 09/28/2021 | 81 | **ORDER granting 41 50 51 Motions to Dismiss. By 10/22/2021, Zafirov may file an amended complaint. Signed by Judge Kathryn Kimball Mizelle on 9/28/2021. (JMB)** (Entered: 09/28/2021) |
| 10/05/2021 | 82 | **ENDORSED ORDER: In light of the Court's 81 Order granting Motions to Dismiss, the Court's 80 previous direction that the parties meet and confer and file an amended Case Management Report is mooted if and until the Plaintiff chooses to file an Amended Complaint and the Defendants file an Answer to the Amended Complaint. If that occurs and within ten days of the new Answer being filed, the parties must file an amended Case Management Report. Signed by Judge Kathryn Kimball Mizelle on 10/5/2021. (JMB)** (Entered: 10/05/2021) |
| 10/07/2021 | 83 | Unopposed MOTION for Extension of Time to File Amended Complaint by Clarissa Zafirov. (Estes, Jillian) (Entered: 10/07/2021) |
| 10/08/2021 | 84 | **ENDORSED ORDER granting 83 Motion for Extension of Time. By 11/12/2021, Plaintiff Zafirov may file an Amended Complaint. If Plaintiff Zafirov chooses to file an Amended Complaint, Defendants must respond by 12/17/2021. Signed by Judge Kathryn Kimball Mizelle on 10/8/2021. (JMB)** (Entered: 10/08/2021) |
| 11/12/2021 | 85 | NOTICE of voluntary dismissal by Clarissa Zafirov. (Estes, Jillian) Modified text on 11/15/2021 (JLD). (Entered: 11/12/2021) |
| 11/12/2021 | 86 | AMENDED COMPLAINT *Alleging Violations of the Federal False Claims Act and Demand for a Jury Trial* against Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC with Jury Demand filed by Clarissa Zafirov. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Estes, Jillian) Modified text on 11/15/2021 (JLD). (Entered: 11/12/2021) |
| 11/16/2021 | 87 | NOTICE of Consent by United States of America re 85 Notice of voluntary dismissal. (Keefe, Sean) Modified text on 11/16/2021 (JLD). (Entered: 11/16/2021) |
| 11/23/2021 | 88 | Unopposed MOTION for Extension of Time to File Answer 86 Amended Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Bentley, Arthur) Corrected event type and notified counsel on 11/23/2021. (JLD) (Entered: 11/23/2021) |
| 11/23/2021 | 89 | **ENDORSED ORDER granting 88 Motion for Extension of Time to Answer. By January 14, 2022, Defendants must respond to Plaintiff's Amended Complaint. Within ten days of the new Answer being filed, the parties must file an amended Case Management Report. Signed by Judge Kathryn Kimball Mizelle on 11/23/2021. (JMB)** (Entered: 11/23/2021) |

| 11/29/2021 | 90 | Unopposed MOTION for Miscellaneous Relief, specifically for Clarification *or, in the Alternative,* MOTION for Extension of Time to File Answer re 86 Amended Complaint by Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Modified text on 11/29/2021 (JLD). (Entered: 11/29/2021) |
|---|---|---|
| 11/30/2021 | 91 | **ENDORSED ORDER granting 90 Motion to Clarify that 89 Order granting Extension of Time to Answer applies to all Defendants. Signed by Judge Kathryn Kimball Mizelle on 11/30/2021. (JMB)** (Entered: 11/30/2021) |
| 12/27/2021 | 92 | Unopposed MOTION for Miscellaneous Relief, specifically *Leave to Submit Video Exhibit in Connection with Motion to Dismiss Amended Complaint* by Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Modified text on 12/28/2021 (JLD). (Entered: 12/27/2021) |
| 12/28/2021 | 93 | **ENDORSED ORDER granting 92 Motion to File USB Drive in Support of Motion to Dismiss. Defendants must submit the USB drive to the clerk's office no later than January 18, 2022. Signed by Judge Kathryn Kimball Mizelle on 12/28/2021. (Mizelle, Kathryn)** (Entered: 12/28/2021) |
| 12/30/2021 | 94 | MOTION for Ryon M. McCabe; Havan M. Clark to Withdraw as Attorney by Clarissa Zafirov. (McCabe, Ryon) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 12/30/2021) |
| 12/30/2021 | 95 | **ENDORSED ORDER granting 94 Motion for Withdrawal of Counsel. Attorney Ryon M. McCabe terminated. Signed by Magistrate Judge Sean P. Flynn on 12/30/2021. (CKR)** (Entered: 12/30/2021) |
| 01/14/2022 | 96 | MOTION to Dismiss Amended Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners Speciality Services, LLC, Physician Partners, LLC, Sun Labs USA, Inc. (Bentley, Arthur) Modified on 1/18/2022 to edit text (CRK). (Entered: 01/14/2022) |
| 01/14/2022 | 97 | Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Declaration of David Leviss in support)(Leviss, David) Modified on 1/18/2022 to edit text (CRK). (Entered: 01/14/2022) |
| 01/18/2022 | 98 | Amended MOTION to Dismiss Amended Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Bentley, Arthur) (Entered: 01/18/2022) |
| 01/18/2022 | 99 | NOTICE of compliance re 97 Motion to Dismiss Amended Complaint and incorporated Memorandum of Law by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Attachment A)(Leviss, David) Modified on 1/19/2022 to edit text (CRK). (Entered: 01/18/2022) |
| 01/19/2022 | 100 | **ENDORSED ORDER denying as moot 96 Motion to Dismiss. Signed by Judge Kathryn Kimball Mizelle on 1/19/2022. (JMB)** (Entered: 01/19/2022) |
| 01/20/2022 | 101 | Unopposed MOTION for Extension of Time to File Response/Reply as to 97 MOTION to Dismiss, 98 Amended MOTION to Dismiss Amended Complaint by Clarissa Zafirov. (Estes, Jillian) (Entered: 01/20/2022) |
| 01/21/2022 | 102 | **ENDORSED ORDER granting 101 Motion for Extension of Time. By February 22, 2022, Relator Zafirov must respond to Defendants' 97 98 Motions to Dismiss. Signed by Judge Kathryn Kimball Mizelle on 1/21/2022. (JMB)** (Entered: |

| | | |
|---|---|---|
| | | 01/21/2022) |
| 02/18/2022 | 103 | MOTION for Extension of Time to File Response/Reply as to 97 MOTION to Dismiss, 98 Amended MOTION to Dismiss Amended Complaint *(TIME SENSITIVE)* by Clarissa Zafirov. (Estes, Jillian) (Entered: 02/18/2022) |
| 02/18/2022 | 104 | **ENDORSED ORDER: Finding good cause, the Court grants Relator Zafirov's 103 Motion for Extension of Time. By March 8, 2022, Relator Zafirov must file her responses to Defendants' 97 98 motions to dismiss. Signed by Judge Kathryn Kimball Mizelle on 2/18/2022. (JMB)** (Entered: 02/18/2022) |
| 03/08/2022 | 105 | NOTICE by United States of America *of its Objection to Dismissal on the Basis of the Public Disclosure Bar.* (Keefe, Sean) Modified on 3/9/2022 to edit text (CRK). (Entered: 03/08/2022) |
| 03/08/2022 | 106 | RESPONSE in Opposition re 96 MOTION to Dismiss Amended Complaint *Relator's Response in Opposition to the Provider Defendants' Motion to Dismiss Relator's Amended Complaint* filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 03/08/2022) |
| 03/08/2022 | 107 | RESPONSE in Opposition re 97 MOTION to Dismiss *Relator's Response in Opposition to Freedom Health and Optimum Healthcare's Motion to Dismiss Relator's Amended Complaint* filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 03/08/2022) |
| 03/15/2022 | 108 | MOTION for Leave to File Other Document : Reply In Support of Motion to Dismiss Amended Complaint by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Declaration of Kimya Saied in Support of Defendants Motion for Leave to File a Reply)(Leviss, David) Modified on 3/16/2022 to edit text (CRK). (Entered: 03/15/2022) |
| 03/16/2022 | 109 | MOTION for Leave to File Other Document : Reply in Support of Motion to Dismiss by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Bentley, Arthur) Modified on 3/17/2022 to edit text (CRK). (Entered: 03/16/2022) |
| 03/22/2022 | 110 | **ENDORSED ORDER granting the defendants' 108 109 motions for leave to file replies in support of their motions to dismiss. By April 12, 2022, Defendants Freedom Health and Optimum must file a reply not to exceed seven (7) pages. By April 12, 2022, Defendants Physician Partners, Florida Medical Associates, and Anion Technologies must file a reply not to exceed five (5) pages. Signed by Judge Kathryn Kimball Mizelle on 3/22/2022. (JMB)** (Entered: 03/22/2022) |
| 03/23/2022 | 111 | NOTICE of Appearance by Havan M Clark on behalf of Clarissa Zafirov. (Clark, Havan) Modified on 3/24/2022 to edit text (CRK). (Entered: 03/23/2022) |
| 03/23/2022 | 112 | NOTICE of Appearance by Adam T. Rabin on behalf of Clarissa Zafirov. (Rabin, Adam) Modified on 3/24/2022 to edit text (CRK). (Entered: 03/23/2022) |
| 04/12/2022 | 113 | REPLY to Response to Motion re 97 MOTION to Dismiss filed by Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Modified text on 4/13/2022 (MCB). (Entered: 04/12/2022) |
| 04/12/2022 | 114 | REPLY to Response to Motion re 96 MOTION to Dismiss Amended Complaint filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Bentley, Arthur) Modified text on 4/13/2022 (MCB). (Entered: 04/12/2022) |

| 05/27/2022 | 115 | MOTION for Leave to File a Statement of Interest by United States of America. (Keefe, Sean) Modified text on 5/31/2022 (AG). (Entered: 05/27/2022) |
| 06/02/2022 | 116 | RESPONSE in Opposition re 115 MOTION for Leave to File a Statement of Interest filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) (Entered: 06/02/2022) |
| 06/06/2022 | 117 | **ENDORSED ORDER granting the United States' 115 Motion for Leave to File a Statement of Interest. By June 15, 2022, the United States must file its statement of interest to clarify its position as to the two issues the United States' identifies in its motion. Signed by Judge Kathryn Kimball Mizelle on 6/6/2022. (JMB)** (Entered: 06/06/2022) |
| 06/10/2022 | 118 | MOTION for David J Leviss to Withdraw as Attorney *MA Defendants* by Freedom Health, Inc., Optimum Healthcare, Inc.. (Singer, Benjamin) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/10/2022) |
| 06/14/2022 | 119 | **ENDORSED ORDER denying without prejudice 118 Motion to Withdraw as Attorney for failure to comply with Local Rule 2.02(c)(1) and (2). The motion is not filed by the withdrawing lawyer and fails to address Local Rule 2.02(c)(1)(B)'s certification requirement. Signed by Magistrate Judge Sean P. Flynn on 6/14/2022. (CED)** (Entered: 06/14/2022) |
| 06/15/2022 | 120 | STATEMENT OF INTEREST/RESPONSE to Motion re 96 MOTION to Dismiss Amended Complaint *(Statement of Interest)* filed by United States of America. (Keefe, Sean) Modified on 6/30/2022 (BES). (Entered: 06/15/2022) |
| 06/21/2022 | 121 | Unopposed MOTION for David J Leviss to Withdraw as Attorney by Freedom Health, Inc., Optimum Healthcare, Inc. (Leviss, David) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/21/2022) |
| 06/22/2022 | 122 | **ENDORSED ORDER granting 121 Motion to Withdraw as Attorney. Attorney David J. Leviss is terminated as counsel of record for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. and relieved of any further responsibility in this matter. Attorneys Benjamin D. Singer, David M. Deaton, Elizabeth M. Bock, and Ginger Boyd to remain counsel of record for Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. Signed by Magistrate Judge Sean P. Flynn on 6/22/2022. (CED)** (Entered: 06/22/2022) |
| 06/29/2022 | 123 | RESPONSE *to the Government's Statement of Interest* re 120 Response to motion filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) Modified on 6/30/2022 (BES). (Entered: 06/29/2022) |
| 09/12/2022 | 124 | **ORDER denying 97 Motion to Dismiss; denying 98 Motion to Dismiss. Signed by Judge Thomas P. Barber on 9/12/2022. (RLD)** (Entered: 09/12/2022) |
| 09/16/2022 | 125 | Unopposed MOTION for Extension of Time to File Answer re 86 Amended Complaint by Freedom Health, Inc., Optimum Healthcare, Inc. (Singer, Benjamin) (Entered: 09/16/2022) |
| 09/16/2022 | 126 | **ENDORSED ORDER granting 125 Motion for Extension of Time. By October 24, 2022, Defendants Freedom Health, Inc. and Optimum Healthcare Inc. must respond to the Plaintiff's Complaint. Signed by Judge Kathryn Kimball Mizelle on 9/16/2022. (RLD)** (Entered: 09/16/2022) |
| 09/18/2022 | 127 | |

| | | |
|---|---|---|
| | | Unopposed MOTION for Extension of Time to File Answer re 86 Amended Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) (Entered: 09/18/2022) |
| 09/19/2022 | 128 | **ENDORSED ORDER granting 127 Motion for Extension of Time to Answer. By October 24, 2022, the Provider Defendants must respond to the Plaintiff's Amended Complaint. Signed by Judge Kathryn Kimball Mizelle on 9/19/2022. (RLD)** (Entered: 09/19/2022) |
| 10/24/2022 | 129 | ANSWER and affirmative defenses with Jury Demand to 86 Amended Complaint by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC.(Bentley, Arthur) (Entered: 10/24/2022) |
| 10/24/2022 | 130 | ANSWER and affirmative defenses to 86 Amended Complaint by Freedom Health, Inc., Optimum Healthcare, Inc.(Singer, Benjamin) (Entered: 10/24/2022) |
| 10/24/2022 | 131 | AMENDED CORPORATE Disclosure Statement by Freedom Health, Inc., Optimum Healthcare, Inc. identifying Corporate Parent Elevance Health, Inc. for Freedom Health, Inc., Optimum Healthcare, Inc. (Singer, Benjamin) (Entered: 10/24/2022) |
| 11/03/2022 | 132 | CASE MANAGEMENT REPORT. (Bock, Elizabeth) (Entered: 11/03/2022) |
| 11/21/2022 | 133 | **CASE MANAGEMENT AND SCHEDULING ORDER: Dispositive motions due by October 2, 2024. Pretrial Conference scheduled for April 2, 2025 at 9:00 AM in Tampa Courtroom 13B before Judge Kathryn Kimball Mizelle. Jury Trial scheduled for the May 2025 trial calendar in Tampa Courtroom 13B before Judge Kathryn Kimball Mizelle. Conduct mediation by April 2, 2024. Lead counsel to coordinate dates. Signed by Judge Kathryn Kimball Mizelle on 11/21/2022. (GSO)** (Entered: 11/21/2022) |
| 12/09/2022 | 134 | NOTICE of Appearance by Natalie Adams on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Adams, Natalie) (Entered: 12/09/2022) |
| 01/30/2023 | 135 | NOTICE OF SELECTION of Stephen Altman as mediator by Clarissa Zafirov. (Attachments: # 1 Exhibit Altman Resume)(Estes, Jillian) (Entered: 01/30/2023) |
| 01/31/2023 | 136 | **MEDIATION ORDER: This case is set for mediation on January 22, 2024. Within seven days following the mediation conference, Lead Counsel shall file a Mediation Report. Signed by Judge Kathryn Kimball Mizelle on 1/31/2023. (RLD)** (Entered: 01/31/2023) |
| 03/20/2023 | 137 | NOTICE of Appearance by Jessica Elizabeth Joseph on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Joseph, Jessica) (Entered: 03/20/2023) |
| 04/06/2023 | 138 | Unopposed MOTION for Parth Y. Patel to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−20696363 for $150 by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Joseph, Jessica) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 04/06/2023) |
| 04/06/2023 | 139 | **ENDORSED ORDER granting 138 Motion to Appear Pro Hac Vice. Attorney Parth Y. Patel may appear pro hac vice on behalf of Defendants Physician Partners, LLC; Florida Medical Associates, LLC d/b/a VIPcare; and Anion Technologies, LLC. Within twenty−one days from the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate** |

| | | |
|---|---|---|
| | | **Judge Sean P. Flynn on 4/6/2023. (CED)** (Entered: 04/06/2023) |
| 06/28/2023 | 140 | Joint MOTION for Protective Order *Joint Motion for Entry of Stipulated Protective Order and Incorporated Memorandum of Law* by Clarissa Zafirov. (Attachments: # 1 Exhibit Stipulated Protective Order)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/28/2023) |
| 06/28/2023 | 141 | **ENDORSED ORDER granting 140 Motion for Protective Order. Signed by Magistrate Judge Sean P. Flynn on 6/28/2023. (Flynn, Sean)** (Entered: 06/28/2023) |
| 08/08/2023 | 143 | MOTION to Compel Discovery for the Full Temporal Scope of the Amended Complaint by Clarissa Zafirov. (Attachments: # 1 Exhibit A1–A4, Relator's First Requests for Production to Defendants, # 2 Exhibit B, Physician Partners, LLC's Responses to Relator's First Requests for Production, # 3 Exhibit C, Florida Medical Associations, LLC Responses to Relator's First Requests for Production, # 4 Exhibit D, Defendant Anion Technologies, LLC's Responses to Relator's First Requests for Production, # 5 Exhibit E, Defendant Freedom Health, Inc. and Optimum Healthcare, Inc.s' Responses and Objections to Relator's First Requests for Production)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 08/08/2023) |
| 08/22/2023 | 145 | RESPONSE in Opposition re 143 MOTION to Compel Discovery for the Full Temporal Scope of the Amended Complaint filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Attachments: # 1 Exhibit 1 – Emily Gallman Declaration)(Adams, Natalie) (Entered: 08/22/2023) |
| 08/23/2023 | 146 | NOTICE of Appearance by Lauren Lisette Valiente on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Valiente, Lauren) (Entered: 08/23/2023) |
| 08/28/2023 | 147 | MOTION for Leave to File Reply by Clarissa Zafirov. (Estes, Jillian) (Modified on 8/29/2023, to edit text) (BGR). (Entered: 08/28/2023) |
| 08/31/2023 | 148 | **ENDORSED ORDER granting 147 Motion for Leave to File Reply. Reply due no later than September 5, 2023, and shall not exceed 3 pages. Signed by Magistrate Judge Sean P. Flynn on 8/31/2023. (Flynn, Sean)** (Entered: 08/31/2023) |
| 09/01/2023 | 149 | REPLY to Response to Motion re 143 MOTION to Compel Discovery for the Full Temporal Scope of the Amended Complaint *Reply in Support of Relator's Motion to Compel Discovery* filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 09/01/2023) |
| 09/05/2023 | 150 | NOTICE TO COUNSEL Jennifer M. Verkamp of Local Rule 2.01(c), Special Admission of Non–Resident Lawyer – File a Motion to Appear Pro Hac Vice. Co–counsel with filing rights may electronically file the motion on behalf of the non–resident lawyer or the motion may be filed on paper; Pay the Special Admission Fee; (Signed by Deputy Clerk). (BD) (Entered: 09/05/2023) |
| 09/05/2023 | 151 | Unopposed MOTION for Scott P. Drake to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21214710 for $150 by Freedom Health, Inc., Optimum Healthcare, Inc. (Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. Modified text on 9/6/2023 (MCB). (Entered: 09/05/2023) |
| 09/05/2023 | 152 | Unopposed MOTION for Amanda M. Santella to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21217536 for $150 by Freedom Health, Inc., Optimum Healthcare, Inc. (Boyd, Ginger) Motions referred to Magistrate Judge |

| | | Sean P. Flynn. (Entered: 09/05/2023) |
|---|---|---|
| 09/05/2023 | 153 | **ENDORSED ORDER granting 151 Motion to Appear Pro Hac Vice; granting 152 Motion to Appear Pro Hac Vice. Attorney Scott P. Drake and Attorney Amanda M. Santella may appear pro hac vice on behalf of Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. Within twenty–one days from the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate Judge Sean P. Flynn on 9/5/2023. (CED)** (Entered: 09/05/2023) |
| 09/06/2023 | 154 | NOTICE of compliance re 153 Order on Motion to Appear Pro Hac Vice by Freedom Health, Inc., Optimum Healthcare, Inc. (Drake, Scott) (Entered: 09/06/2023) |
| 09/08/2023 | 155 | NOTICE of compliance re 153 Order on Motion to Appear Pro Hac Vice by Freedom Health, Inc., Optimum Healthcare, Inc. (Santella, Amanda) (Entered: 09/08/2023) |
| 09/11/2023 | 156 | NOTICE TO COUNSEL Elizabeth A. Arias Local Rule 2.01(c), Special Admission of Non–Resident Lawyer – File a Motion to Appear Pro Hac Vice. Co–counsel with filing rights may electronically file the motion on behalf of the non–resident lawyer or the motion may be filed on paper; Pay the Special Admission Fee; Submit a Pro Hac Vice E–File Registration through PACER. Visit www.flmd.uscourts.gov/for–lawyers for details (Signed by Deputy Clerk). (AJS) (Entered: 09/11/2023) |
| 09/11/2023 | 157 | NOTICE TO COUNSEL of Record of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who – unless the party changes the designation – remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (AJS) (Entered: 09/11/2023) |
| 09/11/2023 | 158 | NOTICE of Lead Counsel Designation by Jillian Levy Estes on behalf of Clarissa Zafirov. Lead Counsel: Jillian L. Estes. (Estes, Jillian) (Entered: 09/11/2023) |
| 09/14/2023 | 159 | Unopposed MOTION for Elizabeth A. Arias to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21251451 for $150 by Freedom Health, Inc., Optimum Healthcare, Inc.. (Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 09/14/2023) |
| 09/14/2023 | 160 | **ENDORSED ORDER granting 159 Motion to Appear Pro Hac Vice. Attorney Elizabeth A. Arias may appear pro hac vice on behalf of Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. Within twenty–one days from the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate Judge Sean P. Flynn on 9/14/2023. (CED)** (Entered: 09/14/2023) |
| 09/14/2023 | 161 | NOTICE of Lead Counsel Designation by Scott P. Drake on behalf of Freedom Health, Inc., Optimum Healthcare, Inc.. Lead Counsel: Scott Drake. (Drake, Scott) (Entered: 09/14/2023) |
| 09/15/2023 | 162 | NOTICE of Lead Counsel Designation by Jason Paul Mehta on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. Lead Counsel: Jason Mehta. (Mehta, Jason) (Entered: 09/15/2023) |
| 09/15/2023 | 163 | NOTICE of compliance re 160 Order on Motion to Appear Pro Hac Vice by Freedom Health, Inc., Optimum Healthcare, Inc. (Arias, Elizabeth) (Entered: 09/15/2023) |

| 09/29/2023 | 164 | MOTION to Quash Non–Party Subpoenas and to Issue a Protective Order by Clarissa Zafirov. (Attachments: # 1 Exhibit A, Notice of Non–Party Subpoena – First Physicians Group, # 2 Exhibit B, Notice of Non–Party Subpoena – Mercy Medical Center, # 3 Exhibit C, Notice of Non–Party Subpoena – Sarasota Memorial Hospital)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 09/29/2023) |
|---|---|---|
| 10/13/2023 | 165 | RESPONSE in Opposition re 164 MOTION to Quash Non–Party Subpoenas and to Issue a Protective Order filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) Modified text on 10/16/2023 (LNR). (Entered: 10/13/2023) |
| 10/20/2023 | 166 | Unopposed MOTION for Natalie Adams to Withdraw as Attorney by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Adams, Natalie) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 10/20/2023) |
| 10/20/2023 | 167 | **ENDORSED ORDER granting 166 Motion to Withdraw as Attorney. Attorney Natalie Adams is terminated as counsel of record for Defendants Physician Partners, LLC, Florida Medical Associates, LLC, and Anion Technologies, LLC and is relieved of any further responsibility in this matter. Attorneys Jason Mehta, Jessica Joseph, Lauren Valiente, and Arthur Lee Bentley to remain counsel of record. Signed by Magistrate Judge Sean P. Flynn on 10/20/2023. (CED)** (Entered: 10/20/2023) |
| 11/08/2023 | 168 | NOTICE of Appearance by Joseph Warren Swanson on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Swanson, Joseph) (Entered: 11/08/2023) |
| 11/29/2023 | 169 | **ORDER granting in part and denying in part 143 Motion to Compel. See Order for details. Signed by Magistrate Judge Sean P. Flynn on 11/29/2023. (CED)** (Entered: 11/29/2023) |
| 12/07/2023 | 170 | Unopposed MOTION to Modify of Case Management Order by Clarissa Zafirov. (Estes, Jillian) Modified text on 12/8/2023 (MCB). (Entered: 12/07/2023) |
| 12/08/2023 | 171 | **ENDORSED ORDER granting Plaintiff's 170 Unopposed Motion to Extend Remaining Deadlines. Amended Case Management and Scheduling Order to Follow. Signed by Judge Kathryn Kimball Mizelle on 12/8/2023. (ZG)** (Entered: 12/08/2023) |
| 12/11/2023 | 172 | **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER: Dispositive motions due by January 27, 2025. Pretrial Conference scheduled for July 28, 2025, at 1:00 PM in Tampa Courtroom 13B before Judge Kathryn Kimball Mizelle. Jury trial scheduled for the September 2025 trial calendar in Tampa Courtroom 13B before Judge Kathryn Kimball Mizelle. Conduct mediation by July 29, 2024. Signed by Judge Kathryn Kimball Mizelle on 12/11/2023. (ZG)** (Entered: 12/11/2023) |
| 12/13/2023 | 173 | NOTICE of change of address by Scott P. Drake (Drake, Scott) (Entered: 12/13/2023) |
| 01/31/2024 | 175 | NOTICE of Appearance by Michael P Matthews on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Matthews, Michael) (Entered: 01/31/2024) |

| | | |
|---|---|---|
| 02/07/2024 | <u>176</u> | Unopposed MOTION for Matthew D. Krueger to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21743086 for $150 by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 02/07/2024) |
| 02/07/2024 | 177 | **ENDORSED ORDER granting <u>176</u> Motion to Appear Pro Hac Vice. Attorney Matthew D. Krueger may appear pro hac vice on behalf of Defendants Physician Partners, LLC, Florida Medical Associates, LLC d/b/a VIPcare, and Anion Technologies, LLC. Within twenty–one days from the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate Judge Sean P. Flynn on 2/7/2024. (CED)** (Entered: 02/07/2024) |
| 02/12/2024 | <u>178</u> | MOTION to Compel Discovery *from Provider Defendants Regarding Affiliate Providers* by Clarissa Zafirov. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 02/12/2024) |
| 02/12/2024 | 179 | **ENDORSED ORDER: The <u>136</u> Mediation Order requires Lead Counsel to submit a mediation report within seven days after the mediation conference. Lead Counsel fails to comply. Lead Counsel must submit either a mediation report or an amended mediation notice no later than February 16, 2024. Signed by Judge Kathryn Kimball Mizelle on 2/12/2024. (ZG)** (Entered: 02/12/2024) |
| 02/16/2024 | <u>180</u> | Joint MOTION for Judgment on the Pleadings *or MOTION to Dismiss for Lack of Subject–Matter Jurisdiction* by Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC. (Mehta, Jason) Modified text and added event on 2/20/2024 (GL). (Entered: 02/16/2024) |
| 02/16/2024 | <u>181</u> | Unopposed REQUEST for oral argument re <u>180</u> Joint MOTION for Judgment on the Pleadings *or to Dismiss for Lack of Subject–Matter Jurisdiction* by Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC. (Mehta, Jason) (Entered: 02/16/2024) |
| 02/16/2024 | <u>182</u> | NOTICE of compliance re <u>180</u> Joint MOTION for Judgment on the Pleadings *or to Dismiss for Lack of Subject–Matter Jurisdiction (FRCP 5.1 Constitutional Challenge)* by Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC (Mehta, Jason) (Entered: 02/16/2024) |
| 02/16/2024 | <u>183</u> | NOTICE by Freedom Health, Inc., Optimum Healthcare, Inc. re 179 Order */ Joint Mediation Notice* (Drake, Scott) (Entered: 02/16/2024) |
| 02/20/2024 | <u>184</u> | MOTION to Compel Responses to Requests for Production Nos. 4–7 by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # <u>1</u> Declaration of Jamie M. Quinn in Support, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E)(Drake, Scott) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 02/20/2024) |
| 02/23/2024 | <u>185</u> | MOTION for Kyle Robisch to Withdraw as Attorney by Physician Partners, LLC. (Robisch, Kyle) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 02/23/2024) |

| 02/23/2024 | 186 | **ENDORSED ORDER granting 185 Motion to Withdraw as Attorney. Attorney Kyle Robisch terminated. Signed by Magistrate Judge Sean P. Flynn on 2/23/2024. (Flynn, Sean)** (Entered: 02/23/2024) |
|---|---|---|
| 02/23/2024 | 187 | Unopposed MOTION for Leave to File Amicus Brief by The Chamber of Commerce of the United States of America. (Attachments: # 1 Exhibit Proposed Amicus Curiae Brief)(Andersen, Jeffrey) (Entered: 02/23/2024) |
| 02/23/2024 | 188 | CORPORATE Disclosure Statement by The Chamber of Commerce of the United States of America. (Andersen, Jeffrey) (Entered: 02/23/2024) |
| 02/23/2024 | 189 | Unopposed MOTION for Steven A. Engel to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−21801715 for $150 by The Chamber of Commerce of the United States of America. (Andersen, Jeffrey) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 02/23/2024) |
| 02/23/2024 | 190 | Unopposed MOTION for Michael H. McGinley to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−21801788 for $150 by The Chamber of Commerce of the United States of America. (Andersen, Jeffrey) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 02/23/2024) |
| 02/26/2024 | 191 | **ENDORSED ORDER granting Defendants' 181 Unopposed Request for Oral argument and the Chamber of Commerce's 187 Unopposed Motion for Leave to File Amicus Brief. Oral argument on Defendants' 180 joint motion will be held before the undersigned in Courtroom 13B, 801 North Florida Avenue, Tampa, Florida, on April 22, 2024, at 1:00 PM. Each side will be permitted 30 minutes. Signed by Judge Kathryn Kimball Mizelle on 2/26/2024. (ZG)** (Entered: 02/26/2024) |
| 02/26/2024 | 192 | **ENDORSED ORDER granting 189 Motion to Appear Pro Hac Vice; granting 190 Motion to Appear Pro Hac Vice. Attorneys Steven A. Engel and Michael H. McGinley may appear pro hac vice on behalf of the Chamber of Commerce of the United States of America. Within twenty−one days of the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate Judge Sean P. Flynn on 2/26/2024. (CED)** (Entered: 02/26/2024) |
| 02/26/2024 | 193 | RESPONSE in Opposition re 178 MOTION to Compel Discovery filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Attachments: # 1 Exhibit Declaration of James Daniel Kollefrath, # 2 Exhibit Letter from J Mehta to J Estes)(Mehta, Jason) Modified on 2/27/2024 to edit docket text (EAM). (Entered: 02/26/2024) |
| 02/27/2024 | 194 | **ORDER denying 164 Motion to Quash. Signed by Magistrate Judge Sean P. Flynn on 2/27/2024. (CED)** (Entered: 02/27/2024) |
| 02/27/2024 | 195 | ***COUNSEL NOTIFIED TO RE−FILE AS A MOTION TO REPLY***NOTICE by Clarissa Zafirov re 193 Response in Opposition to Motion, 178 MOTION to Compel Discovery *from Provider Defendants Regarding Affiliate Providers Relator's Motion for Leave to File Reply* (Estes, Jillian) Modified on 2/28/2024 (CTR). (Entered: 02/27/2024) |
| 02/28/2024 | 196 | MOTION for Leave to File Other Document :Reply *Relator's Motion for Leave to File Reply* by Clarissa Zafirov. (Estes, Jillian) (Entered: 02/28/2024) |
| 02/28/2024 | 197 | MOTION for Parth Y. Patel to Withdraw as Attorney by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Patel, Parth) Motions |

| | | referred to Magistrate Judge Sean P. Flynn. (Entered: 02/28/2024) |
|---|---|---|
| 02/28/2024 | 198 | RESPONSE in Opposition re 196 MOTION for Leave to File Other Document :Reply *Relator's Motion for Leave to File Reply in Support of Motion to Compel* filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) (Entered: 02/28/2024) |
| 02/28/2024 | 199 | **ENDORSED ORDER granting 197 Motion to Withdraw as Attorney. Attorney Parth Y. Patel is terminated as counsel of record for Defendants Florida Medical Associates, LLC; Physician Partners, LLC; and AnionTechnologies, LLC and is relieved of any further responsibility in this matter. Signed by Magistrate Judge Sean P. Flynn on 2/28/2024. (CED)** (Entered: 02/28/2024) |
| 03/01/2024 | 200 | **ENDORSED ORDER granting 196 Motion for Leave to File Reply. A reply, not to exceed 5 pages, may be filed on or before March 8, 2024. Signed by Magistrate Judge Sean P. Flynn on 3/1/2024. (Flynn, Sean)** (Entered: 03/01/2024) |
| 03/04/2024 | 201 | Joint MOTION for Miscellaneous Relief, specifically Motion Regarding Briefing Schedule and Issues Related to Defendants' Motion for Judgment on the Pleadings or to Dismiss for Lack of Subject Matter Jurisdiction by Clarissa Zafirov. (Estes, Jillian) (Entered: 03/04/2024) |
| 03/05/2024 | 202 | RESPONSE to Motion re 184 MOTION to Compel Responses to Requests for Production Nos. 4–7 *Relator's Response to Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Motion to Compel* filed by Clarissa Zafirov. (Attachments: # 1 Exhibit A, Declaration of Jillian L. Estes)(Estes, Jillian) (Entered: 03/05/2024) |
| 03/06/2024 | 203 | **ORDER granting in part 201 Joint Motion for Omnibus Briefing Schedule. Signed by Judge Kathryn Kimball Mizelle on 3/6/2024. (ZG)** (Entered: 03/06/2024) |
| 03/08/2024 | 204 | REPLY to Response to Motion re 178 MOTION to Compel Discovery *from Provider Defendants Regarding Affiliate Providers* filed by Clarissa Zafirov. (Attachments: # 1 Exhibit A, Filed Under Seal, # 2 Exhibit B)(Estes, Jillian) (Entered: 03/08/2024) |
| 03/08/2024 | 205 | MOTION for leave to file DOCUMENT *Relator's Motion to File Exhibit Under Seal* under seal by Clarissa Zafirov (Estes, Jillian).Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 03/08/2024) |
| 03/11/2024 | 206 | MOTION for Leave to File Other Document :Reply in Support of Motion to Compel Responses to Requests for Productions Nos. 4–7 by Freedom Health, Inc., Optimum Healthcare, Inc. (Santella, Amanda) Modified text on 3/12/2024 (KME). (Entered: 03/11/2024) |
| 03/15/2024 | 207 | Unopposed MOTION for Miscellaneous Relief, specifically to Participate In Oral Argument as Amicus Curiae by The Chamber of Commerce of the United States of America. (Engel, Steven) (Entered: 03/15/2024) |
| 03/18/2024 | 208 | **ENDORSED ORDER granting Amicus Curiae's 207 Motion to Participate in Oral Argument. The time for oral argument is enlarged to 40 minutes per side and the Chamber is permitted 10 minutes to participate in oral argument. Signed by Judge Kathryn Kimball Mizelle on 3/18/2024.** (Entered: 03/18/2024) |
| 03/18/2024 | 209 | **ENDORSED ORDER granting 206 Motion for Leave to File Reply. A reply, not to exceed 5 pages, may be filed on or before 3/25/2024. Signed by Magistrate** |

| | | |
|---|---|---|
| | | **Judge Sean P. Flynn on 3/18/2024. (Flynn, Sean)** (Entered: 03/18/2024) |
| 03/18/2024 | <u>210</u> | Supplemental MOTION for Miscellaneous Relief, specifically for Continued Sealing / Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal ECF No. 204−1 Under Federal Rule 5.2(d)−(e), Local Rule 1.11, and ECF No. 140−1 by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # <u>1</u> Exhibit Declaration of Michelle Molina)(Santella, Amanda) (Entered: 03/18/2024) |
| 03/20/2024 | <u>211</u> | SUPPLEMENT re <u>210</u> Supplemental MOTION for Miscellaneous Relief, specifically for Continued Sealing / Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal ECF No. 204−1 Under Federal Rule 5.2(d)−(e), Local Rule 1.11, and ECF No Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Statement of Compliance with Local Rule 3.01(G)(3) Concerning Motion to Seal by Freedom Health, Inc., Optimum Healthcare, Inc. (Santella, Amanda). (Entered: 03/20/2024) |
| 03/21/2024 | <u>212</u> | Unopposed MOTION for Jessica Joseph to Withdraw as Attorney by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Joseph, Jessica) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 03/21/2024) |
| 03/21/2024 | 213 | **ENDORSED ORDER granting <u>212</u> Motion to Withdraw as Attorney. Attorney Jessica Elizabeth Joseph is terminated as counsel of record for Defendants Physician Partners, LLC; Florida Medical Associates, LLC d/b/a VIPCare; and Anion Technologies, LLC and is relieved of any further responsibility in this matter. Signed by Magistrate Judge Sean P. Flynn on 3/21/2024. (CED)** (Entered: 03/21/2024) |
| 03/22/2024 | <u>214</u> | REPLY to Response to Motion re <u>178</u> MOTION to Compel Discovery *from Provider Defendants Regarding Affiliate Providers Relator's Reply in Support of Motion to Compel Discovery from Provider Defendants Regarding Affiliate Providers* filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 03/22/2024) |
| 03/22/2024 | <u>215</u> | RESPONSE re <u>211</u> Supplement *Response to Defendants Freedom Health Inc. and Optimum HealthCare, Inc's Statement of Compliance with Local Rule 3.01(G)(3) Concerning Motion to Seal* filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 03/22/2024) |
| 03/25/2024 | <u>216</u> | REPLY to Response to Motion re <u>184</u> MOTION to Compel Responses to Requests for Production Nos. 4−7 filed by Freedom Health, Inc. (Santella, Amanda) Modified on 3/26/2024 (JK) (Entered: 03/25/2024) |
| 03/29/2024 | <u>217</u> | STATEMENT of Interest re <u>180</u> Joint MOTION for Judgment on the Pleadings filed by United States of America. (Keefe, Sean) (Modified on 3/29/2024, to edit text) (BGR). (Entered: 03/29/2024) |
| 03/29/2024 | <u>218</u> | MEMORANDUM in opposition re <u>180</u> Motion for Judgment on the Pleadings Motion to Dismiss / Lack of Jurisdiction filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 03/29/2024) |
| 03/29/2024 | <u>219</u> | MOTION for Leave to File Amicus Curiae Brief of the Anti−Fraud Coalition in Support of Qui Tam Relators filed by Anti−Fraud Coalition. (Grover, Steven) Modified on 4/2/2024 to correct event code and text. (LD). (Entered: 03/29/2024) |
| 03/29/2024 | <u>220</u> | CERTIFICATE of interested persons and corporate disclosure statement re <u>203</u> Order on Motion for Miscellaneous Relief by Anti−Fraud Coalition. (Grover, Steven) |

| | | |
|---|---|---|
| | | (Entered: 03/29/2024) |
| 03/29/2024 | 221 | ***INCORRECT EVENT CODE; COUNSEL TO REFILE UNDER CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT*** CERTIFICATE of counsel re 203 Order on Motion for Miscellaneous Relief by Steven F. Grover on behalf of Anti–Fraud Coalition (Grover, Steven) Modified on 4/2/2024 (LD). (Entered: 03/29/2024) |
| 03/29/2024 | 222 | MOTION for Tejinder Singh to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21927942 for $150 by Anti–Fraud Coalition. (Grover, Steven) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 03/29/2024) |
| 03/29/2024 | 223 | MOTION for Jacklyn DeMar to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21927952 for $150 by Anti–Fraud Coalition. (Grover, Steven) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 03/29/2024) |
| 03/29/2024 | 224 | REQUEST for oral argument re 203 Order on Motion for Miscellaneous Relief by Anti–Fraud Coalition. (Grover, Steven) (Entered: 03/29/2024) |
| 03/29/2024 | 225 | MEMORANDUM in opposition re 203 Order on Motion for Miscellaneous Relief filed by Anti–Fraud Coalition. (Grover, Steven) (Entered: 03/29/2024) |
| 04/01/2024 | 226 | **ENDORSED ORDER granting (Docs. 222, 223) The Anti–Fraud Coalition's Unopposed Motions to Appear pro hac vice. Attorneys Tejinder Singh and Jacklyn DeMar may appear pro hac vice on behalf of The Anti–Fraud Coalition. Within twenty–one (21) days of the date of this Order, counsel shall comply with Local Rule 2.01(b)(1)(G), which requires registration with the Middle District CM/ECF system.Signed by Magistrate Judge Sean P. Flynn on 4/1/2024. (ACS)** (Entered: 04/01/2024) |
| 04/02/2024 | 227 | **ENDORSED ORDER granting The Anti–Fraud Coalition's 219 Motion for Leave to File Amicus Brief and 224 Request to Participate in Oral Argument. The Anti–Fraud Coalition is permitted 10 minutes to participate in oral argument. Signed by Judge Kathryn Kimball Mizelle on 4/2/2024. (ZG)** (Entered: 04/02/2024) |
| 04/02/2024 | 228 | CERTIFICATE of interested persons and corporate disclosure statement by Anti–Fraud Coalition. (Grover, Steven) (Entered: 04/02/2024) |
| 04/02/2024 | 229 | **ENDORSED ORDER: The Relator states in her Response that "the United States will share time with Relator during oral arguments."** *See* **(Doc. 218) at 3. But the United States does not request to participate in oral argument from its 217 Statement of Interest. The Relator and the United States are directed to clarify whether the United States intends to request to participate in oral argument no later than April 5, 2024, and if so, who will be arguing for each party. Signed by Judge Kathryn Kimball Mizelle on 4/2/2024. (ZG)** (Entered: 04/02/2024) |
| 04/04/2024 | 230 | Unopposed MOTION for the United States to Participate in Oral Arguments by Clarissa Zafirov. (Estes, Jillian) Modified text on 4/5/2024 (BD). (Entered: 04/04/2024) |
| 04/05/2024 | 231 | **ENDORSED ORDER granting the Relator and the United States's 230 Joint Motion for the United States to Participate in Oral Argument. Signed by Judge Kathryn Kimball Mizelle on 4/5/2024. (ZG)** (Entered: 04/05/2024) |

| 04/12/2024 | 232 | NOTICE of Appearance by Priyanka Ghosh–Murthy on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Ghosh–Murthy, Priyanka) (Entered: 04/12/2024) |
|---|---|---|
| 04/12/2024 | 233 | REPLY to Response to Motion re 180 Joint MOTION for Judgment on the Pleadings *or to Dismiss for Lack of Subject–Matter Jurisdiction* MOTION to Dismiss for Lack of Jurisdiction filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) (Entered: 04/12/2024) |
| 04/12/2024 | 234 | Unopposed MOTION for William T. Buffaloe to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21979580 for $150 by Freedom Health, Inc.. (Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 04/12/2024) |
| 04/12/2024 | 235 | Unopposed MOTION for Kelly A. McDonnell to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21979592 for $150 by Freedom Health, Inc. and Optimum Healthcare, Inc. (Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. (Modified on 4/15/2024, to edit text) (BGR). (Entered: 04/12/2024) |
| 04/12/2024 | 236 | Unopposed MOTION for Catherine Nagle to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21979598 for $150 by Freedom Health, Inc. and Optimum Healthcare, Inc. (Boyd, Ginger) Motions referred to Magistrate Judge Sean P. Flynn. (Modified on 4/15/2024, to edit text) (BGR). (Entered: 04/12/2024) |
| 04/15/2024 | 237 | **ENDORSED ORDER granting 234 Motion to Appear Pro Hac Vice; granting 235 Motion to Appear Pro Hac Vice; granting 236 Motion to Appear Pro Hac Vice. Attorneys William T. Buffaloe, Kelly A. McDonnell, and Catherine Nagle may appear pro hac vice on behalf of Defendants Freedom Health, Inc. and Optimum Healthcare, Inc. Within twenty–one days from the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate Judge Sean P. Flynn on 4/15/2024. (CED)** (Entered: 04/15/2024) |
| 04/22/2024 | 238 | **ENDORSED ORDER re 205 *Relator's Motion to File Exhibit Under Seal*. Pursuant to Local Rule 1.11(b)(8), a motion to seal must include the item, which is sealed pending further investigation. On or before 4/26/2024, Relator is directed to file the item under seal consistent with the Local Rule. Signed by Magistrate Judge Sean P. Flynn on 4/22/2024. (CED)** (Entered: 04/22/2024) |
| 04/22/2024 | 239 | MINUTE ENTRY for 4/22/2024 in–person Oral Argument before Judge Kathryn Kimball Mizelle. Court Reporter: Bill Jones (GSO) (Entered: 04/23/2024) |
| 04/23/2024 | 240 | **SUPPLEMENTAL BRIEFING ORDER: To assist in the Court's fully informed resolution of Defendants' motion for judgment on the pleadings, the Parties, their Amicus, and the United States are invited to file supplemental briefs providing additional founding–era historical evidence regarding federal qui tam enforcement. Supplemental briefs are not to exceed 15 pages and are due no later than May 21, 2024. Signed by Judge Kathryn Kimball Mizelle on 4/23/2024. (ZG)** (Entered: 04/23/2024) |
| 04/24/2024 | 241 | SEALED DOCUMENT re 238 Order by Clarissa Zafirov (Estes, Jillian). (Entered: 04/24/2024) |
| 04/25/2024 | 242 | Time Sensitive MOTION to Stay Discovery Pending Resolution of Dispositive Motion by Clarissa Zafirov. (Estes, Jillian) Modified on 4/29/2024 (JK). (Entered: |

| | | 04/25/2024) |
|---|---|---|
| 04/26/2024 | 243 | **ENDORSED ORDER: The Court sees much merit to Relator's Motion to Stay Discovery 242. If Defendants intend on filing a written opposition, any such response is due no later than noon on Monday, April 29, 2024, so that the Court can rule on the motion to allow the parties to avoid unnecessary discovery expenses. Signed by Judge Kathryn Kimball Mizelle on 4/26/2024. (ZG)** (Entered: 04/26/2024) |
| 04/29/2024 | 244 | RESPONSE in Opposition re 242 Time Sensitive MOTION to Stay Discovery Pending Resolution of Dispositive Motion filed by Freedom Health, Inc., Optimum Healthcare, Inc. (Drake, Scott) Modified text on 4/29/2024 (JK). (Entered: 04/29/2024) |
| 04/29/2024 | 245 | **ENDORSED ORDER denying Relator's 242 Motion to Stay Discovery. This action has been pending for almost five years.** *See* **(Doc. 1). During that time, the Parties have expended substantial resources to comply with the Court's discovery deadlines, including the current fact discovery deadline that is quickly coming to a close on May 29, 2024.** *See* **(Doc. 172). Even considering the resolution of Defendants' pending motion for judgment on the pleadings, the potential harm of imposing a blanket stay of the Court's fact discovery deadline at this late date outweighs the potential benefit. That said, should the Parties agree on a more limited stay,** *see, e.g.,* **Resp. (Doc. 244) at 5, they may file a motion seeking a stay of other deadlines. Signed by Judge Kathryn Kimball Mizelle on 4/29/2024. (ZG)** (Entered: 04/29/2024) |
| 05/06/2024 | 246 | Unopposed MOTION for Chandra Napora to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–22063190 for $150 by Clarissa Zafirov. (Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/06/2024) |
| 05/06/2024 | 247 | Unopposed MOTION for Jennifer M. Verkamp to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–22063193 for $150 by Clarissa Zafirov. (Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/06/2024) |
| 05/06/2024 | 248 | Unopposed MOTION for Anne Hayes Hartman to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–22063196 for $150 by Clarissa Zafirov. (Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/06/2024) |
| 05/07/2024 | 249 | **ENDORSED ORDER granting 246 Motion to Appear Pro Hac Vice; granting 247 Motion to Appear Pro Hac Vice; granting 248 Motion to Appear Pro Hac Vice. Attorneys Chandra Napora, Jennifer M. Verkamp, and Anne Hayes Hartman may appear pro hac vice on behalf of Plaintiff. Within twenty–one days from the date of this Order, counsel shall register with the Court's CM/ECF system. Signed by Magistrate Judge Sean P. Flynn on 5/7/2024. (CED)** (Entered: 05/07/2024) |
| 05/07/2024 | 250 | NOTICE TO COUNSEL Tejinder Singh and Jacklyn DeMar Local Rule 2.01(c), Special Admission – Submit a Pro Hac Vice E–File Registration through PACER. Visit www.flmd.uscourts.gov/for–lawyers for details. (Signed by Deputy Clerk). (GL) (Entered: 05/07/2024) |
| 05/13/2024 | 251 | MOTION for Miscellaneous Relief, specifically Motion for Leave to File Sur–Reply by Clarissa Zafirov. (Estes, Jillian) (Entered: 05/13/2024) |

| 05/14/2024 | 252 | Joint MOTION to Stay Discovery Pending Resolution of Defendants' Dispositive Motion by Clarissa Zafirov. (Estes, Jillian) Modified on 5/15/2024 to edit docket text (EAM). (Entered: 05/14/2024) |
|---|---|---|
| 05/15/2024 | 253 | MOTION to Compel Nonparty– The United States Department of Health and Human Services, Office of Inspector General– To Comply with Subpoena by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # 1 Declaration of Benjamin D. Singer In Support of Motion to Compel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit C (Continued), # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H)(Singer, Benjamin) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/15/2024) |
| 05/17/2024 | 254 | **ENDORSED ORDER granting the Parties' 252 Joint Motion to Stay Discovery Pending Resolution of Defendants' 180 Dispositive Motion. All deadlines other than the fact discovery deadline (which shall remain May 29, 2024, subject to the Parties' agreed upon extension to complete certain depositions by June 14, 2024) are stayed pending resolution of Defendants' dispositive motion. If applicable, within 21 days of the motion being resolved, the Parties must meet and confer and propose a schedule for the resumption of any remaining deadlines. Signed by Judge Kathryn Kimball Mizelle on 5/17/2024. (ZG)** (Entered: 05/17/2024) |
| 05/20/2024 | 255 | Time Sensitive MOTION for Miscellaneous Relief, specifically Status Conference *Relator's Time–Sensitive Motion for Status Conference* by Clarissa Zafirov. (Estes, Jillian) (Entered: 05/20/2024) |
| 05/21/2024 | 256 | Time Sensitive MOTION to Stay Discovery by United States of America. (Keefe, Sean) (Entered: 05/21/2024) |
| 05/21/2024 | 257 | **ENDORSED ORDER: If Defendants intend on filing a written opposition to the United States's 256 Motion to Stay Discovery, any such response is due no later than EOD on Wednesday, May 22, 2024. Signed by Judge Kathryn Kimball Mizelle on 5/21/2024. (ZG)** (Entered: 05/21/2024) |
| 05/21/2024 | 258 | NOTICE of Appearance by Jonathan Kroner on behalf of Anti–Fraud Coalition (Kroner, Jonathan) (Entered: 05/21/2024) |
| 05/21/2024 | 259 | NOTICE by United States of America *(of Intervention)* (Keefe, Sean) (Entered: 05/21/2024) |
| 05/21/2024 | 260 | SUPPLEMENT re 240 Order *(Brief)* by United States of America. (Keefe, Sean) (Entered: 05/21/2024) |
| 05/21/2024 | 261 | SUPPLEMENT re 240 Order by Anti–Fraud Coalition. (Singh, Tejinder) (Entered: 05/21/2024) |
| 05/21/2024 | 262 | SUPPLEMENT re 240 Order *Amicus Curiae Brief* by The Chamber of Commerce of the United States of America. (Engel, Steven) (Entered: 05/21/2024) |
| 05/21/2024 | 263 | RESPONSE in Opposition re 255 Time Sensitive MOTION for Miscellaneous Relief, specifically Status Conference *Relator's Time–Sensitive Motion for Status Conference* filed by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # 1 Declaration of Lucile H. Cohen in Support)(Drake, Scott) (Entered: 05/21/2024) |
| 05/21/2024 | 264 | SUPPLEMENT re 240 Order *Relator's Supplemental Briefing on Founding Era Historical Evidence Regarding Federal Qui Tam Enforcement* by Clarissa Zafirov. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit Declaration of Jennifer M. Verkamp, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18)(Verkamp, Jennifer) (Entered: 05/21/2024) |
| 05/21/2024 | 265 | RESPONSE in Opposition re 255 Time Sensitive MOTION for Miscellaneous Relief, specifically Status Conference *Relator's Time−Sensitive Motion for Status Conference* filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) (Entered: 05/21/2024) |
| 05/21/2024 | 266 | SUPPLEMENT re 240 Order *Brief* by Physician Partners, LLC. (Mehta, Jason) (Entered: 05/21/2024) |
| 05/22/2024 | 267 | NOTICE TO COUNSEL Jacklyn N. DeMar TO COMPLY with Local Rule 2.01(c), Special Admission – Submit a Pro Hac Vice E−File Registration through PACER. Visit www.flmd.uscourts.gov/for−lawyers for details (Signed by Deputy Clerk). (LSS) (Entered: 05/22/2024) |
| 05/22/2024 | 268 | **ORDER denying 255 Time−Sensitive Motion for Status Conference. Signed by Magistrate Judge Sean P. Flynn on 5/22/2024. (CED)** (Entered: 05/22/2024) |
| 05/22/2024 | 269 | RESPONSE in Opposition re 256 Time Sensitive MOTION to Stay Discovery filed by Freedom Health, Inc., Optimum Healthcare, Inc.. (Singer, Benjamin) (Entered: 05/22/2024) |
| 05/22/2024 | 271 | **ENDORSED ORDER granting 251 Motion for Leave to File Sur−Reply. Relator may file a sur−reply, not to exceed five pages, by EOD on 5/28/2024. Signed by Magistrate Judge Sean P. Flynn on 5/22/2024. (CED)** (Entered: 05/22/2024) |
| 05/22/2024 | 272 | **ORDER granting 205 Motion to Seal; granting 210 Supplemental Motion to Seal. Signed by Magistrate Judge Sean P. Flynn on 5/22/2024. (CED)** (Entered: 05/22/2024) |
| 05/22/2024 | 273 | **ORDER re 184 MOTION to Compel Responses to Requests for Production Nos. 4–7 filed by Optimum Healthcare, Inc., Freedom Health, Inc. Relator is directed to file her privilege log by EOD on 5/28/2024. Signed by Magistrate Judge Sean P. Flynn on 5/22/2024. (CED)** (Entered: 05/22/2024) |
| 05/24/2024 | 274 | **ORDER denying 256 Motion to Stay Discovery. Signed by Magistrate Judge Sean P. Flynn on 5/24/2024. (CED)** (Entered: 05/24/2024) |
| 05/28/2024 | 275 | NOTICE of Filing Privilege Log by Clarissa Zafirov re 273 Order (Attachments: # 1 Exhibit A)(Lischak, Jonathan) Modified on 5/29/2024 to edit docket text (JDR). (Entered: 05/28/2024) |
| 05/28/2024 | 276 | SUR−REPLY to Response to Motion re 178 MOTION to Compel Discovery *from Provider Defendants Regarding Affiliate Providers Relator's Sur−Reply in Support of Motion to Compel Discovery Regarding Affiliate Providers* filed by Clarissa Zafirov. (Lischak, Jonathan) Modified on 5/29/2024 to edit docket text(JDR). (Entered: 05/28/2024) |
| 05/28/2024 | 277 | *Relator's* MOTION to file DOCUMENT under seal by Clarissa Zafirov (Attachments: # 1 Proposed Sealed Item A, Excerpts from the Transcript of the Deposition of Emily Gallman, # 2 Proposed Sealed Item B, Excerpts from the Transcript of the Deposition of Sajitha Johnson, # 3 Proposed Sealed Item C, |

| | | |
|---|---|---|
| | | Excerpts from the Transcript of the Deposition of Dennis Mihale, # 4 Proposed Sealed Item D, Excerpts from the Transcript of the 30(b)(6) Deposition of Freedom Health, Inc.)(Lischak, Jonathan).Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/28/2024) |
| 05/29/2024 | 278 | RESPONSE in Opposition re 253 MOTION to Compel Nonparty– The United States Department of Health and Human Services, Office of Inspector General– To Comply with Subpoena filed by United States of America. (Attachments: # 1 Declaration of Candace Ashford)(Keefe, Sean) (Entered: 05/29/2024) |
| 05/29/2024 | 279 | MOTION to Compel Discovery Relator's Motion to Compel Discovery from Freedom Defendants and Request for Oral Argument by Clarissa Zafirov. (Attachments: # 1 Exhibit A, Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Responses and Objections to Relator's First Requests for Production, # 2 Exhibit B, Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Responses and Objections to Relator's Second Set of Requests for Production)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. Modified docket text on 5/30/2024 (JTM). (Entered: 05/29/2024) |
| 05/29/2024 | 280 | MOTION to Compel Production of Documents in Response to Request for Production No.11 by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Declaration of Scott Drake In Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Drake, Scott) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/29/2024) |
| 05/29/2024 | 281 | MOTION to Compel Discovery Relator's Motion to Compel Discovery from Provider Defendants and Motion for Sanctions and Request for Oral Argument by Clarissa Zafirov. (Attachments: # 1 Exhibit A, Physician Partners' Response and Objections to to Relator's Second RFP, # 2 Exhibit B, VIPcare's Response and Objections to to Relator's Second RFP, # 3 Exhibit C, Anion Technologies Response and Objections to to Relator's Second RFP, # 4 Exhibit D, Physician Partners' Response and Objections to Relator's First RFP, # 5 Exhibit E, VIPcare's Response and Objections to Relator's First RFP, # 6 Exhibit F, Anion Technologies Response and Objections to Relator's First RFP)(Estes, Jillian) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/29/2024) |
| 06/05/2024 | 282 | Unopposed MOTION for Extension of Time to File Motion to Seal by Freedom Health, Inc., Optimum Healthcare, Inc. (Santella, Amanda) Modified text on 6/6/2024 (GL). (Entered: 06/05/2024) |
| 06/05/2024 | 283 | Unopposed MOTION for Leave to File Other Document: Reply in Support of Motion to Compel Nonparty –– The United States Department of Health and Human Services, Office of Inspector General –– to Comply With Subpoena by Freedom Health, Inc., Optimum Healthcare, Inc. (Drake, Scott) Modified text on 6/6/2024 (GL). (Entered: 06/05/2024) |
| 06/05/2024 | 284 | **ORDER granting in part and denying in part 184 Motion to Compel. Signed by Magistrate Judge Sean P. Flynn on 6/5/2024. (CED)** (Entered: 06/05/2024) |
| 06/05/2024 | 285 | NOTICE of hearing: re: 281 MOTION to Compel Discovery *Relator's Motion to Compel Discovery from Provider Defendants and Motion for Sanctions and Request for Oral Argument*; 178 MOTION to Compel Discovery *from Provider Defendants Regarding Affiliate Providers*; 279 MOTION to Compel Discovery *Relator's Motion to Compel Discovery from Freedom Defendants and Request for Oral Argument*; 280 MOTION to Compel Production of Documents in Response to Request for |

| | | |
|---|---|---|
| | | Production No. 11. Discovery Hearing set for 6/18/2024 at 10:00 AM by Zoom Video Conference before Magistrate Judge Sean P. Flynn. The Court will email the parties the Zoom information prior to the hearing. (CED) (Entered: 06/05/2024) |
| 06/07/2024 | 286 | NOTICE of Appearance by Samantha Marie Gerencir on behalf of Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Gerencir, Samantha) (Entered: 06/07/2024) |
| 06/07/2024 | 287 | **ENDORSED ORDER granting 282 Motion for Extension of Time to File. Freedom Defendants may file their supplemental motion to seal on or before 6/14/2024. Signed by Magistrate Judge Sean P. Flynn on 6/7/2024. (CED)** (Entered: 06/07/2024) |
| 06/07/2024 | 288 | **ENDORSED ORDER granting 283 Motion for Leave to File Reply. Freedom Defendants may file a reply of no more than five pages on or before 6/14/2024. Signed by Magistrate Judge Sean P. Flynn on 6/7/2024. (CED)** (Entered: 06/07/2024) |
| 06/12/2024 | 290 | RESPONSE in Opposition re 281 MOTION to Compel Discovery from Provider Defendants and Motion for Sanctions and Request for Oral Argument filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Attachments: # 1 Exhibit 1 – Declaration of Jason Mehta, # 2 Exhibit 2 – Declaration of Sriram Sundaramoorthy, # 3 Exhibit 3 – Declaration of Evgeny Koloda)(Mehta, Jason) Modified text on 6/13/2024 (JK). (Entered: 06/12/2024) |
| 06/12/2024 | 291 | Unopposed MOTION to file *Excerpts from the Transcript of the Deposition of Clarissa Zafirov* under seal by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Attachments: # 1 Proposed Sealed Item)(Mehta, Jason). Motions referred to Magistrate Judge Sean P. Flynn. Modified on 6/13/2024 (JK). (Entered: 06/12/2024) |
| 06/12/2024 | 292 | RESPONSE in Opposition re 279 MOTION to Compel Discovery from Freedom Defendants and Request for Oral Argument filed by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Declaration of Radha Rai in Support of Opposition to Motion to Compel [SEALED], # 2 Declaration of Amanda M. Santella in Support of Opposition to Motion to Compel, # 3 Exhibit – A, # 4 Exhibit – B, # 5 Exhibit – C, # 6 Exhibit – D, # 7 Exhibit – E, # 8 Exhibit – F, # 9 Exhibit – G, # 10 Exhibit – H)(Santella, Amanda) Modified text on 6/13/2024 (JK). (Entered: 06/12/2024) |
| 06/12/2024 | 293 | RESPONSE in Opposition re 280 MOTION to Compel Production of Documents in Response to Request for Production No.11 filed by Clarissa Zafirov. (Attachments: # 1 Exhibit A, Protocol Relating to Privileged Responsive Materials)(Estes, Jillian) Modified text on 6/13/2024 (JK). (Entered: 06/12/2024) |
| 06/12/2024 | 294 | MOTION to file DOCUMENT under seal by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Declaration of Radha Rai in Support of Motion to Seal, # 2 Proposed Sealed Item : Declaration of Radha Rai in Support of Opposition to Motion to Compel)(Drake, Scott).Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/12/2024) |
| 06/14/2024 | 295 | NOTICE of supplemental authority re 264 Supplement *Relator's Supplemental Authority* by Clarissa Zafirov. (Verkamp, Jennifer) (Entered: 06/14/2024) |
| 06/14/2024 | 296 | |

| | | |
|---|---|---|
| | | Supplemental MOTION for Miscellaneous Relief, specifically for Continued Sealing / *Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion to Seal Under Federal Rule 5.2(D)−(E), Local Rule 1.11, and ECF 140−1* by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # 1 Declaration of Michelle Molina in Support of Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Supplemental Motion To Seal Under Federal Rule 5.2(D)−(E), Local Rule 1.11, and ECF No. 140−1)(Drake, Scott) (Entered: 06/14/2024) |
| 06/14/2024 | 297 | SUPPLEMENT re 294 MOTION to file DOCUMENT under seal / *Defendants Freedom Health, Inc. and Optimum Healthcare, Inc.'s Statement of Compliance with Local Rule 3.01(G)(3) Concerning Motion to Seal* by Freedom Health, Inc., Optimum Healthcare, Inc.. (Drake, Scott) (Entered: 06/14/2024) |
| 06/14/2024 | 298 | REPLY to Response to Motion re 253 MOTION to Compel Nonparty− The United States Department of Health and Human Services, Office of Inspector General− To Comply with Subpoena filed by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # 1 Exhibit A)(Singer, Benjamin) (Entered: 06/14/2024) |
| 06/18/2024 | 299 | **ENDORSED ORDER granting 291 Motion to seal. Signed by Magistrate Judge Sean P. Flynn on 6/18/2024. (Flynn, Sean)** (Entered: 06/18/2024) |
| 06/18/2024 | 300 | Unopposed MOTION for Leave to File Other Document: Sur−Reply by United States of America. (Keefe, Sean) Modified text on 6/18/2024 (GL). (Entered: 06/18/2024) |
| 06/18/2024 | 301 | **ENDORSED ORDER granting 300 Motion for Leave to File Sur−Reply. A sur−reply, not to exceed five pages, may be filed on or before June 26, 2024. Signed by Magistrate Judge Sean P. Flynn on 6/18/2024. (Flynn, Sean)** (Entered: 06/18/2024) |
| 06/18/2024 | 302 | Minute Entry. Virtual Proceedings held before Magistrate Judge Sean P. Flynn: Discovery Hearing held on 6/18/2024. (DIGITAL) (EJC) (Entered: 06/18/2024) |
| 06/18/2024 | 303 | Unopposed MOTION for Leave to File Other Document :Response to Notice of Supplemental Authority by All Defendants. (Mehta, Jason) (Entered: 06/18/2024) |
| 06/19/2024 | 304 | **ENDORSED ORDER granting Defendants' 303 Unopposed Motion for Leave to File a Response to Relator's 295 Notice of Supplemental Authority. Defendants may file a response, no longer than two pages, by June 24, 2024. Signed by Judge Kathryn Kimball Mizelle on 6/19/2024. (ZG)** (Entered: 06/19/2024) |
| 06/24/2024 | 305 | RESPONSE re 295 NOTICE of Filing Supplemental Authority filed by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC. (Mehta, Jason) (Entered: 06/24/2024) |
| 06/24/2024 | 306 | MOTION to Quash Relator's Third−Party Subpoena and Motion for Protective Order by Freedom Health, Inc., Optimum Healthcare, Inc. (Attachments: # 1 Declaration of Catherine Nagle, # 2 Exhibit A)(Drake, Scott) Motions referred to Magistrate Judge Sean P. Flynn. Added MOTION for Protective Order on 6/25/2024 (LNR). (Chambers notified)Modified on 6/25/2024 (CTR). (Entered: 06/24/2024) |
| 06/25/2024 | 307 | **ENDORSED ORDER re 306 MOTION to Quash Relator's Third−Party Subpoena and Motion for Protective Order MOTION for Protective Order filed by Optimum Healthcare, Inc., Freedom Health, Inc. Relator is directed to respond to this Motion by close of business on 6/26/2024. Signed by Magistrate Judge Sean P. Flynn on 6/25/2024. (CED)** (Entered: 06/25/2024) |

| 06/26/2024 | 308 | NOTICE of Appearance by Shane K. Warner on behalf of Mital Panara (Warner, Shane) (Entered: 06/26/2024) |
|---|---|---|
| 06/26/2024 | 309 | MOTION for Joinder by Mital Panara. (Attachments: # 1 Affidavit)(Warner, Shane) (Entered: 06/26/2024) |
| 06/26/2024 | 310 | RESPONSE re 298 Reply to Response to Motion filed by United States of America. (Keefe, Sean) (Entered: 06/26/2024) |
| 06/26/2024 | 311 | RESPONSE in Opposition re 306 MOTION to Quash Relator's Third–Party Subpoena and Motion for Protective Order filed by Clarissa Zafirov. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Estes, Jillian) Modified text on 6/28/2024 (AM). (Entered: 06/26/2024) |
| 06/27/2024 | 312 | **ORDER granting in part and denying in part 280 Motion to Compel Production of Documents in Response to Request for Production No. 11. Signed by Magistrate Judge Sean P. Flynn on 6/27/2024. (CED)** (Entered: 06/27/2024) |
| 06/28/2024 | 313 | **ORDER denying 306 Motion to Quash and Motion for Protective Order; denying 309 Joinder in Defendants' Motion. Signed by Magistrate Judge Sean P. Flynn on 6/28/2024. (CED)** (Entered: 06/28/2024) |
| 06/28/2024 | 314 | JOINT Notice of Filing Deposition Testimony by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC re 178 MOTION to Compel Discovery (Swanson, Joseph) (Modified on 7/1/2024, to edit text) (BGR). (Entered: 06/28/2024) |
| 06/28/2024 | 315 | Unopposed MOTION, and Incorporated Legal Memorandum, to File Testimony under Seal Pursuant to Local Rule 1.11 and the Stipulated Protective Order by Anion Technologies, LLC, Florida Medical Associates, LLC, Physician Partners, LLC (Attachments: # 1 Proposed Sealed Item Deposition Transcript of Daniel Kollefrath, # 2 Proposed Sealed Item Excerpts from Deposition Transcript of Emily Gallman, # 3 Proposed Sealed Item Excerpts from Deposition Transcript of Christopher Barber)(Swanson, Joseph).Motions referred to Magistrate Judge Sean P. Flynn. (Modified on 7/1/2024, to edit text) (BGR). (Entered: 06/28/2024) |
| 07/02/2024 | 316 | **ORDER re 281 MOTION to Compel Discovery *Relator's Motion to Compel Discovery from Provider Defendants and Motion for Sanctions and Request for Oral Argument* filed by Clarissa Zafirov, 279 MOTION to Compel Discovery *Relator's Motion to Compel Discovery from Freedom Defendants and Request for Oral Argument* filed by Clarissa Zafirov. The parties' deadline to inform the Court of whether they have reached an agreement on the number of medical records to be produced is extended to 08/23/2024. See Order for details. Signed by Magistrate Judge Sean P. Flynn on 7/2/2024. (CED)** (Entered: 07/02/2024) |
| 07/03/2024 | 317 | *SEALED* TRANSCRIPT of motion hearing held on June 18, 2024 before Magistrate Judge Sean P. Flynn. Court Reporter/Transcriber: David J. Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: (813) 301–5575.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or |

|  |  | purchased through the Court Reporter. Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/5/2024. Release of Transcript Restriction set for 10/1/2024. (DJC) Modified on 8/21/2024 to add sealed restriction. Court ordered transcript redacted for public docket. See redacted transcript at 334 (KE). (Entered: 07/03/2024) |
| 07/03/2024 | 318 | MOTION to Compel Production of Communications in Response to Request for Production NO. 6 by Freedom Health, Inc., Optimum Healthcare, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Drake, Scott) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 07/03/2024) |
| 07/08/2024 | 319 | Unopposed MOTION for Extension of Time to File Response/Reply as to 318 MOTION to Compel Production of Communications in Response to Request for Production NO. 6 *Relator's Unopposed Motion for Extension of Deadline to Respond to Freedom Defendants' Motion to Compel* by Clarissa Zafirov. (Estes, Jillian) (Entered: 07/08/2024) |
| 07/08/2024 | 320 | **ENDORSED ORDER granting the Relator's 319 Unopposed Motion for Extension of Time to Respond to (Doc. 318). The Relator must respond by July 24, 2024. Signed by Judge Kathryn Kimball Mizelle on 7/8/2024. (ZG)** (Entered: 07/08/2024) |
| 07/10/2024 | 321 | NOTICE of intent to request redaction by Amanda M. Santella re 317 Transcript. Electronic notification sent to Court Reporter David Collier. (Santella, Amanda) (Entered: 07/10/2024) |
| 07/24/2024 | 322 | MOTION to Redact 317 Transcript (electronic notification sent to Court Reporter David Collier) by Freedom Health, Inc., Optimum Healthcare, Inc.. (Santella, Amanda) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 07/24/2024) |
| 07/24/2024 | 323 | RESPONSE in Opposition re 318 MOTION to Compel Production of Communications in Response to Request for Production NO. 6 filed by Clarissa Zafirov. (Attachments: # 1 Exhibit A)(Estes, Jillian) (Entered: 07/24/2024) |
| 07/30/2024 | 324 | MOTION for Frederick M. Morgan, Jr. to Withdraw as Attorney by Clarissa Zafirov. (Morgan, Frederick) Motions referred to Magistrate Judge Sean P. Flynn. Modified text on 7/30/2024 (JK). (Entered: 07/30/2024) |
| 07/30/2024 | 325 | **ENDORSED ORDER granting 324 Motion to Withdraw as Attorney. Attorney Frederick M. Morgan, Jr terminated. Signed by Magistrate Judge Sean P. Flynn on 7/30/2024. (Flynn, Sean)** (Entered: 07/30/2024) |
| 07/31/2024 | 326 | MOTION for Leave to File Other Document :Reply in Support of Motion to Compel Production of Communications in Response to Request for Production No 6 by Freedom Health, Inc., Optimum Healthcare, Inc.(Drake, Scott). (Entered: 07/31/2024) |
| 08/06/2024 | 327 | RESPONSE in Opposition re 322 MOTION to Redact 317 Transcript (electronic notification sent to Court Reporter David Collier) filed by Clarissa Zafirov. (Estes, Jillian) (Entered: 08/06/2024) |
| 08/07/2024 | 328 | **ENDORSED ORDER granting 315 Unopposed Motion to Seal. The Sealed Documents (Docs. 315–1, 315–2, 315–3) shall remain under seal. The seal shall expire ninety days after the case is closed and all appeals have been exhausted. Signed by Magistrate Judge Sean P. Flynn on 8/7/2024. (CED)** (Entered: 08/07/2024) |

| | | |
|---|---|---|
| 08/19/2024 | 330 | **ENDORSED ORDER granting 326 Motion for Leave to File Reply. Relator has failed to respond to the motion, and the time to do so has expired. As a result, the motion is deemed unopposed.** *See* **L.R. 3.01(c), M.D. Fla. Signed by Magistrate Judge Sean P. Flynn on 8/19/2024. (CED)** (Entered: 08/19/2024) |
| 08/20/2024 | 331 | **ORDER granting 294 Motion to Seal. Signed by Magistrate Judge Sean P. Flynn on 8/20/2024. (CED)** (Entered: 08/20/2024) |
| 08/20/2024 | 332 | **ORDER granting in part and denying in part 277 Motion to Seal; granting 296 Supplemental Motion to Seal. Signed by Magistrate Judge Sean P. Flynn on 8/20/2024. (CED)** (Entered: 08/20/2024) |
| 08/20/2024 | 333 | **ORDER granting in part and denying in part 322 Motion to Redact Transcript (electronic notification sent to Court Reporter David Collier). Signed by Magistrate Judge Sean P. Flynn on 8/20/2024. (CED)** (Entered: 08/20/2024) |
| 08/21/2024 | 334 | REDACTED TRANSCRIPT of motion hearing (via Zoom videoconference) held on June 18, 2024 before Magistrate Judge Sean P. Flynn, re 317 Transcript,. Court Reporter/Transcriber: David J. Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: 813–301–5575. (DJC) (Entered: 08/21/2024) |
| 08/22/2024 | 335 | THIRD NOTICE TO COUNSEL Jacklyn N. DeMar Local Rule 2.01(c), Special Admission – Submit a Pro Hac Vice E–File Registration through PACER. Visit www.flmd.uscourts.gov/for–lawyers for details (Signed by Deputy Clerk). (JK) (Entered: 08/22/2024) |
| 08/22/2024 | 336 | REPLY to Response to Motion re 318 MOTION to Compel Production of Communications in Response to Request for Production NO. 6 */ Reply in Support of Motion to Compel Production of Communications in Response to Request for Production NO. 6* filed by Freedom Health, Inc., Optimum Healthcare, Inc.. (Drake, Scott) (Entered: 08/22/2024) |
| 08/23/2024 | 337 | NOTICE by Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC *and Plaintiff/Relator jointly on Status of Negotiations Regarding Production of Medical Records* (Swanson, Joseph) (Entered: 08/23/2024) |
| 09/03/2024 | 338 | **ORDER granting 178 Motion to Compel. Signed by Magistrate Judge Sean P. Flynn on 9/3/2024. (CED)** (Entered: 09/03/2024) |
| 09/03/2024 | 339 | MOTION for Leave to File Statement of Interest by United States of America. (Keefe, Sean) (Entered: 09/03/2024) |
| 09/09/2024 | 340 | **ENDORSED ORDER: The United States' motion 339 for leave to file a statement of interest is GRANTED. The United States must file its statement of interest by September 16, 2024. Signed by Judge Kathryn Kimball Mizelle on 9/9/2024. (BTM)** (Entered: 09/09/2024) |
| 09/12/2024 | 341 | NOTICE of supplemental authority re 217 Response to motion by United States of America. (Keefe, Sean) (Entered: 09/12/2024) |
| 09/13/2024 | 342 | Joint NOTICE on Status of negotiations Regarding Production of Medical Records by Clarissa Zafirov (Estes, Jillian) Modified on 9/16/2024 as to docket text (ARL). (Entered: 09/13/2024) |

| 09/16/2024 | 343 | RESPONSE to Motion re 318 MOTION to Compel Production of Communications in Response to Request for Production NO. 6 *(Statement of Interest)* filed by United States of America. (Keefe, Sean) (Entered: 09/16/2024) |
|---|---|---|
| 09/19/2024 | 344 | MOTION for Leave to File Response to Government's Statement of Interest by Freedom Health, Inc., Optimum Healthcare, Inc. (Drake, Scott) Modified text on 9/20/2024 (KME). (Entered: 09/19/2024) |
| 09/30/2024 | 345 | TRANSCRIPT of MISCELLANEOUS HEARING held on APRIL 22, 2024 before Judge KATHRYN K. MIZELLE. Court Reporter/Transcriber: Bill Jones. Email address: Bill_Jones@flmd.uscourts.gov. Telephone number: 813–301–5024.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/21/2024. Redacted Transcript Deadline set for 10/31/2024. Release of Transcript Restriction set for 12/30/2024. (SAM) (Entered: 09/30/2024) |
| 09/30/2024 | 346 | **ORDER: The defendants' 180 Motion for Judgment on the Pleadings is GRANTED. The Clerk is directed to ENTER JUDGMENT for the defendants and against Zafirov, which shall read "This case is dismissed with prejudice as to Dr. Clarissa Zafirov." The Clerk is directed to terminate any pending motions and deadlines, and to CLOSE the case. Signed by Judge Kathryn Kimball Mizelle on 9/30/2024. (BTM)** (Entered: 09/30/2024) |
| 09/30/2024 | 347 | **JUDGMENT in favor of Anion Technologies, LLC, Florida Medical Associates, LLC, Freedom Health, Inc., Optimum Healthcare, Inc., Physician Partners, LLC against Clarissa Zafirov. This case is dismissed with prejudice as to Dr. Clarissa Zafirov. Signed by Deputy Clerk on 9/30/2024. (JNB)** (Entered: 09/30/2024) |
| 09/30/2024 | 348 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non–party must move for relief before the seal expires. (Signed by Deputy Clerk). (JNB) (Entered: 09/30/2024) |
| 10/29/2024 | 349 | NOTICE OF APPEAL as to 347 Judgment, 346 Order on Motion for Judgment on the Pleadings by United States of America. Filing fee not paid. (Keefe, Sean) (Entered: 10/29/2024) |
| 10/29/2024 | 350 | NOTICE OF APPEAL as to 347 Judgment, 346 Order on Motion for Judgment on the Pleadings by Clarissa Zafirov. Filing fee $ 605, receipt number AFLMDC–22665973. (Estes, Jillian) (Entered: 10/29/2024) |

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* CLARISSA ZAFIROV,

      Relator/Plaintiff,

v.                                  Case No: 8:19-cv-01236-KKM-SPF

FLORIDA MEDICAL
ASSOCIATES, LLC, et al.,

      Defendants.

_____

## ORDER

For five years, Clarissa Zafirov has prosecuted various corporate entities on behalf of the United States, pursuing treble damages and other daunting monetary penalties for alleged harms to the public fisc. Zafirov has determined which defendants to sue, which theories to raise, which motions to file, and which evidence to obtain. If the action proceeds to an appeal, Zafirov will decide which arguments to preserve, further binding the federal government. Yet no one—not the President, not a department head, and not a court of law—appointed Zafirov to the office of relator. Instead, relying on an idiosyncratic provision of the False Claims Act, Zafirov appointed herself. This she may not do.

"Under our Constitution, the 'executive Power'—all of it—is 'vested in a President.' " *Seila Law LLC v. CFPB*, <u>591 U.S. 197, 203</u> (2020) (quoting <u>U.S. CONST. art. II, § 1</u>, cl. 1). Central to that power is the "exclusive authority and absolute discretion" to determine who to investigate and which charges to prosecute. *United States v. Nixon*, <u>418 U.S. 683, 693</u> (1974). Likewise, "the power to seek daunting monetary penalties against private parties on behalf of the United States in federal court" is "a quintessentially executive power." *Seila Law*, <u>591 U.S. at 219</u>.

"[T]he Framers expected that the President would rely on subordinate officers for assistance" in discharging his duties. *Id.* at 203–04. Under Supreme Court precedent, anyone who "exercise[s] significant authority pursuant to the laws of the United States" and who occupies a "continuing position established by law" qualifies as an officer. *Lucia v. SEC*, <u>585 U.S. 237, 245</u> (2018) (quotations omitted). To ensure accountability in the Executive Branch, the Constitution requires "Officers of the United States" to be appointed by "the President alone, in the Courts of Law, or in the Heads of Departments." <u>U.S. CONST. art. II, § 2</u>, cl.2.

The defendants correctly argue that Zafirov exercises significant authority, indeed core executive power, under the continuing position of relator but lacks proper appointment under the Constitution. As a result, the case must be dismissed.

2

I.   BACKGROUND

A. The False Claims Act

The False Claims Act (FCA) proscribes fraudulent claims for payment from the United States and the withholding of payments owed to the United States. 31 U.S.C. § 3729(a)(1)(A)–(G), (b)(2)(A)(ii), (b)(3). Those prohibitions sweep broadly. For example, a recipient of federal funds is liable whenever it knowingly misrepresents compliance with a "statutory, regulatory, or contractual requirement" when the representation is "material to the Government's payment decision." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016). A physician is liable when he knowingly certifies to the government, in an attempt to obtain reimbursement, that a procedure is 'reasonable and necessary' " if "the procedure was not reasonable and necessary under the government's definition of the phrase." *United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 742–43 (10th Cir. 2018). And a manufacturer is liable who "knowingly supplies nonconforming goods to the government, based on a belief that the nonconforming goods are just as good as the goods specified in the contract." *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 304 (6th Cir. 1998).

The complexity of the regulations and contractual requirements in the fields where FCA litigation often occurs—such as healthcare, defense spending, or government contracting—frequently render the legal obligations of defendants "subject to multiple

interpretations." *United States v. AseraCare, Inc.*, 938 F.3d 1278, 1299 (11th Cir. 2019). Of course, FCA litigation generates considerable factual disputes about the materiality of representations and actual damages suffered by the government. *See, e.g., United States ex rel. Heath v. Wis. Bell, Inc.*, 92 F.4th 654, 664–65 (7th Cir. 2024) (concluding that a genuine issue of fact existed as to whether the "alleged falsity of the [defendant's] claims was material to the government's payment decisions"). When found liable, defendants face "significant penalties" for FCA violations: treble damages plus fines up to almost $28,000 for each infraction. *Universal Health Servs.*, 579 U.S. at 180; 31 U.S.C. § 3729(a)(1); 28 C.F.R. § 85.5(a), (d) (2024).

As one would expect, the FCA empowers the United States to prosecute offenders. *See* 31 U.S.C. § 3730(a). More unusually, the statute also entitles any "person" (however broadly that term extends, presumably including a foreign national or any natural person) to enforce the statute by filing a lawsuit in the federal government's name. *Id.* § 3730(b)(1). If that person, known as a "relator," prevails, she may collect an "award" of up to thirty percent of the proceeds of the action. *Id.* § 3730(d). This procedural device, known as a qui tam provision, encourages litigation—so much so that private relators bring the majority of FCA actions. *See* U.S. Dep't of Just., *Fiscal Year 2023 False Claims Act Statistics* (*2023 FCA Stats*) at 2 (Feb. 22, 2024) (showing 712 new FCA qui tam matters

in fiscal year 2023, compared to 500 outside the qui tam process), https://perma.cc/D2HN-SYE8.

The FCA allows a relator not only to direct litigation, but also to bind the federal government without direct accountability to anyone in the Executive Branch. A relator need not consult with the federal government before filing suit, nor does she receive a commission or swear an oath of loyalty to the United States. Instead, a relator enjoys unfettered discretion to decide whom to investigate, whom to charge in the complaint, which claims to pursue, and which legal theories to employ.

Nor does a relator's discretion stop at final judgment. A relator determines whether to appeal and which arguments to preserve, thereby shaping the broader legal landscape for the federal government. In that way, a relator acts with greater independence than a Senate-confirmed United States Attorney or Assistant Attorney General, who must obtain the approval of the Solicitor General to appeal. *See* U.S. Dep't of Just., Just. Manual § 2-2.121 (2024) ("All appeals to the lower appellate courts in cases handled by divisions of the Department and United States Attorneys and all petitions for certiorari and direct appeals to the Supreme Court must be authorized by the Solicitor General."), https://perma.cc/BL95-BUVL.

After filing the complaint, the government may choose to intervene as a plaintiff in the action, which transfers "the primary responsibility for prosecuting the action" from the

relator to the government. *See* 31 U.S.C. § 3730(c). But even when it intervenes, the government must generally seek judicial approval before the relator's action may be settled or dismissed. *See id.* § 3730(c)(2)(A)–(B). If the government declines to intervene, as it does in the vast majority of actions, the relator prosecutes the action without direction from the Department of Justice (DOJ) or consultation with pertinent agencies. *See* Stephen Cox, Deputy Assoc. Att'y Gen., U.S. Dep't of Just., Remarks at the Federal Bar Association Qui Tam Conference (Feb. 28, 2018) ("Despite the significant role that qui tam cases continue to play in the Department's False Claims Act efforts . . . it remains the case that the Department intervenes in only about 1 in 5 cases that are filed."), https://perma.cc/NY8E-DAG3; *see contra* U.S. Dep't of Just., Just. Manual § 4-4.110 (2024) (requiring that government attorneys, but not realtors, "confer with the relevant agency during the investigative, litigation, and settlement phases of [an FCA matter]"), https://perma.cc/ZFL5-TVXB.

Today's frequent use of the FCA's qui tam provision emerged relatively recently. Although the FCA as enacted in 1863 permitted relator suits, it took a package of pro-relator amendments in 1986 to elevate the device from obscurity. At least one study found that the DOJ's records reveal only three qui tam actions in the four decades between 1943 and 1986, *see* WILLIAM L. STRINGER, THE FALSE CLAIMS ACT AMENDMENTS: AN ASSESSMENT OF ECONOMIC IMPACT 23 (1996) (admitting that the records are

6

incomplete but concluding that qui tam actions were "undoubtedly very few"), while others estimate that the "DOJ used to receive about six qui tam cases a year" before the 1986 amendments, Steve France, *The Private War on Pentagon Fraud*, 76 A.B.A. J. 46, 48 (1990). Whatever the precise figure, the relator amendments triggered an explosion of qui tam lawsuits. *See 2023 FCA Stats* at 1–2 (showing 31 new FCA qui tam matters in fiscal year 1987 rising to 712 new qui tam matters in 2023).

The proliferation of qui tam litigation of the last forty years has yielded mixed results for the United States. On the one hand, qui tam actions now generate increased revenue for the federal government. *See 2023 FCA Stats* at 1–2 (showing that fiscal year 2023 settlements and judgments in FCA qui tam actions totaled over $2.3 billion, as compared to roughly $2.3 million in 1988). On the other hand, non-intervened qui tam actions require the DOJ and federal agencies to "devote significant resources to monitoring them" at the cost of "pursu[ing] other meritorious cases and priorities." *See* Jesse Panuccio, Acting Assoc. Att'y Gen., U.S. Dep't of Just., Remarks at the American Bar Association's 12th National Institute on the Civil False Claims Act and Qui Tam Enforcement (June 14, 2018), https://perma.cc/Q897-3942. This strain on federal resources recently spurred the DOJ to instruct government attorneys to dismiss FCA actions when, among other things, a relator's action lacks merit; duplicates a pre-existing government investigation and adds no useful information; interferes with an agency's policies or programs; or threatens

classified information or national security interests. Michael D. Granston, U.S. Dep't of Just., *Factors for Evaluating Dismissal Pursuant to 31 U.S.C. 3730(c)(2)(a)* (*Granston Memo*) at 1, 3–7 (Jan. 10, 2018); *see* U.S. Dep't of Just., Just. Manual (2024) § 4-4.111 (incorporating the Granston memo), https://perma.cc/6ECC-J85P.

The unclear role of litigation funding heightens the tension between qui tam actions and ordinary Executive Branch practice. Because a relator may sell portions of her interest in an FCA action to third parties, including firms that specialize in litigation funding, *see Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1100–03 (11th Cir. 2020), the government might not know who is involved in FCA enforcement. The government has conceded in the past that the DOJ does not "really know the extent to which third party litigation funders are behind the qui tam cases that [the DOJ was] investigating, litigating, or monitoring." Ethan P. Davis, Principal Deputy Att'y Gen., U.S. Dep't of Just., Remarks on the False Claims Act at the U.S. Chamber of Commerce's Institute for Legal Reform (June 26, 2020), https://perma.cc/778D-FLEP. Nor does the government "know whether relators are sharing information with third party funders, or whether and to what extent the funders are exercising control over relators' litigation and settlement decisions." *Id.*

## B. Zafirov's Qui Tam Action under the FCA

In 2019, Zafirov sued her employer and the other defendants for violations of the FCA by misrepresenting patients' medical conditions to Medicare. Am. Compl. (Doc. 86)

¶¶ 1–3, 91–92, 95. Zafirov never asserted that the defendants' allegedly illegal conduct harmed her. Instead, like a United States Attorney, Zafirov proceeds on behalf of the "real party of interest in this case," the "United States of America," Am. Compl. ¶ 18, to avenge "a wrong to the public as a whole," *Trump v. United States*, 144 S. Ct. 2312, 2331 (2024) (quotations omitted).

After the government declined to intervene, Zafirov litigated the action on behalf of the United States for the next five years. *See, e.g.*, (Docs. 40, 56–59, 106–07). Zafirov's tenure as a relator has stretched so long that she now resides in a different country than when the suit began. *See* OA Tr. (Doc. 345) at 104:6–10 (confirming that Zafirov "is currently residing in Canada"). Throughout, the government has refrained from participating, only at times presenting the United States' position in "statements of interest." *See, e.g.*, (Docs. 120, 343). That partly changed when the defendants moved for judgment on the pleadings, arguing that the FCA's qui tam provision violates Article II's Appointments Clause, Take Care Clause, and Vesting Clause. Mot. for J. on the Pleadings (MJP) (Doc. 180). Even then, the government intervened solely to contest the constitutional arguments and otherwise allows Zafirov to drive the litigation. *See* (Doc. 278) at 1 n.1.

The parties, the United States, and two *amici* have extensively briefed the constitutional challenges. After holding oral argument, I invited additional briefing to

9

allow the parties and their *amici* to address historical evidence of federal qui tam

enforcement in the United States. All briefing is now complete, and the defendants' motion

is ripe.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits judgment on the pleadings "[a]fter

the pleadings are closed—but early enough not to delay trial." "Judgment on the pleadings

is appropriate where there are no material facts in dispute and the moving party is entitled

to judgment as a matter of law." *Carson v. Monsanto Co.*, 72 F.4th 1261, 1266 (11th Cir.

2023) (quotations omitted).

## III.   ANALYSIS

The defendants assert that the FCA's qui tam provision is unconstitutional twice

over. First, they argue that the qui tam provision violates the Take Care Clause and the

Vesting Clause of Article II because the FCA "den[ies] the President necessary removal

authority and sufficient supervisory control over" a relator. MJP at 7–13. Second, they

contend that the qui tam provision violates the Appointments Clause because a relator is

an improperly appointed officer of the United States. *Id.* at 13–18. As a result of these

constitutional infirmities, the defendants urge dismissal of the action. Zafirov resists both

arguments, relying on the history of qui tam suits, as well as the relevant precedents, to

contend that she is subject to sufficient control by the President and is not an officer of the United States. *See* Resp. (Doc. 218) at 5-9.

After addressing two preliminary matters, I reach three conclusions about the Appointments Clause argument. First, an FCA relator is an officer of the United States. Second, historical examples of qui tam provisions do not exempt an FCA relator from the Appointments Clause. Third, because Zafirov is not constitutionally appointed, dismissal is the only permissible remedy. Given these conclusions, I do not address the defendants' other Article II argument.

## A. The Defendants' Article II Challenges Are Non-Jurisdictional, Timely, and Unwaived

Before reaching the merits, Zafirov contends that the motion for judgment on the pleadings is untimely. To address this argument, I must answer two preliminary questions. The first is whether the constitutionality of the FCA's qui tam provision cuts to subject matter jurisdiction so that the defendants may raise it at any time. The second is whether the defendants waived the Article II challenges. The answer to both questions is "no."

The defendants contend that, because their Article II challenges bear on Zafirov's standing, the motion for judgment on the pleadings implicates subject matter jurisdiction. MJP at 25. *Vermont Agency of Natural Resources v. United States ex rel. Stevens* forecloses this argument. 529 U.S. 765 (2000). *Stevens* holds that the FCA "gives the relator [her]self an interest in the lawsuit, and not merely the right to retain a fee out of the

recovery," and thus that a relator has Article III standing. *Id.* at 772–74. Applying this reasoning, the Supreme Court and the Eleventh Circuit have rejected attacks on a relator's standing while expressly reserving a ruling on an Article II challenge. *Id.* at 778 n.8; *Ruckh*, 963 F.3d at 1100 n.9.[1] Because precedent gives Zafirov standing, the motion for judgment on the pleadings does not threaten subject matter jurisdiction.

With subject matter jurisdiction secured, Zafirov argues that the defendants waived the Article II challenges. Resp. at 4. Zafirov is mistaken. If "a plaintiff receives notice [of a constitutional affirmative defense] . . . by some means other than pleadings, the defendant's failure" may be excused. *Grant v. Preferred Rsch., Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (quotations omitted). That is the case here. Zafirov received notice of the defendants' Article II challenges in a motion for judgment on the pleadings filed well over a year before the scheduled trial. *See* FED. R. CIV. P. 12(c) (permitting such motions "after the pleadings have closed" but "early enough not to delay trial"); *see also, e.g., King v.*

---

[1] Intervening Supreme Court decisions and longstanding precedent arguably undermine *Stevens*'s core assumption—that a relator's interest in the lawsuit vests before final judgment. *Compare United States ex rel. Polansky v. Exec. Health Res.*, 599 U.S. 419, 428–39 (2023) (explaining that the United States may intervene in an FCA qui tam action at any time and then move to dismiss under a deferential standard), *with id.* at 451 (Thomas, J., dissenting) (explaining that "[f]or [*Stevens*'s] holding to make sense, it appears that [a relator's partial] assignment must be effective no later than the point in time at which the Government declines to intervene in the seal period and the relator may proceed with the action as the only plaintiff in court"). *See also* Saikrishna Prakash, *The Chief Prosecutor*, 73 GEO. WASH. L. REV. 521, 591 (2005) (explaining that nineteenth century precedent "suggests that the qui tam relator has no right to fines until she actually receives them . . . [h]ence, even after the relator commences the suit, the president may pardon or perhaps take the lesser step of entering a nolle prosequi before the court"). Whatever tension exists in the precedent, the Supreme Court has not overruled *Stevens*, so its holding remains binding.

*Akima Glob. Servs.*, 775 F. App'x 617, 620 n.1 (11th Cir. 2019) (per curiam) (concluding

that a similar motion filed four months before trial was timely). Zafirov had every

opportunity to rebut the challenges in written submissions and at oral argument. Under

these circumstances, Zafirov suffers no prejudice by consideration of a motion that is

"purely legal and does not require either side to present additional facts or arguments to a

jury." *United States ex rel. Wallace v. Exactech, Inc.*, No. 18-cv-1010, 2023 WL 8027309,

at *3 (N.D. Ala. Nov. 20, 2023) (permitting the same challenge on a similar procedural

posture).

       In the alternative but for similar reasons, I would grant the defendants' request for

leave to amend their responsive pleadings under Rule 15(a)(2) to include the Article II

challenges as affirmative defenses. *See* MJP at 4 n.4; Reply (Doc. 233) at 2 n.4.

### B. An FCA Relator Is an Officer of the United States

       "[U]nlike anyone else, the President is a branch of government, and the

Constitution vests in him sweeping powers and duties." *Trump*, 144 S. Ct. at 2346.

Relevant here, "the 'executive Power'—all of it—is 'vested in [the] President,' who must

'take Care that the Laws be faithfully executed.'" *Seila Law*, 591 U.S. at 203 (quoting U.S.

CONST. art. II, § 1, cl. 1; *id.* § 3). That is to say, the President, as the head of the Executive

Branch, has the power and the duty to enforce federal law. *See, e.g.*, *United States v. Texas*,

599 U.S. 670, 678–79 (2023).

The Framers understood that this concentration of power, "unique in our constitutional structure," is "necessary to secure the authority of the Executive so that he could carry out his unique responsibilities." *Seila Law*, 591 U.S. at 223–24. "To justify and check that authority . . . the Framers made the President the most democratic and politically accountable official in Government." *Id.* at 224 (emphasis omitted). Unlike any other elected official, "[o]nly the President (along with the Vice President) is elected by the entire Nation." *Id.* "And the President's political accountability is enhanced by the solitary nature of the Executive Branch, which provides 'a single object for the jealousy and watchfulness of the people.' " *Id.* (quoting THE FEDERALIST NO. 70, at 475 (A. Hamilton) (J. Cooke ed. 1961)).

The Framers also knew that "it would be 'impossib[le]' for 'one man' to 'perform all the great business of the State.' " *Id.* at 213 (quoting 30 WRITINGS OF GEORGE WASHINGTON 334 (J. Fitzpatrick ed. 1939)). Thus, "the Constitution assumes that lesser executive officers will 'assist the supreme Magistrate in discharging the duties of his trust.' " *Id.* (quoting 30 WRITINGS OF GEORGE WASHINGTON 334). To maintain the Executive Branch's unitary structure and prevent the abuse of power, "[t]hese lesser officers must remain accountable to the President, whose authority they wield." *Id.* at 213. In this way, " 'the chain of dependence [is] preserved,' so that 'the lowest officers, the middle grade, and

14

the highest' all 'depend, as they ought, on the President, and the President on the community.' " *Id.* at 224 (quoting 1 ANNALS OF CONG. 499 (1789) (J. Madison)).

The Appointments Clause retains accountability in the Executive Branch by creating a two-track system for appointing "Officers of the United States." "Principal officers," such as agency heads and other senior government officials, must be nominated by the President and confirmed by the Senate. *United States v. Arthrex, Inc.*, <u>594 U.S. 1, 10</u> (2021). This appointment procedure balances the separation of powers with the need to secure a "chain of dependence" connecting the President and his subordinates. In addition, this framework "preserves another aspect of the Constitution's structural integrity by preventing the diffusion of the appointment power." *Freytag v. Comm'r*, <u>501 U.S. 868, 878</u> (1991). "The Framers understood . . . that by limiting the appointment power, they could ensure that those who wielded it were accountable to political force and the will of the people." *Id.* at 884. But as a concession to "administrative convenience," *Edmond v. United States*, <u>520 U.S. 651, 660</u> (1997), the Framers included a limited exception that sidesteps the normal "advice and consent of the Senate" requirement. For "inferior Officers," Congress may vest their appointment "in the President alone, in the Courts of Law, or in the Heads of Departments." <u>U.S. CONST. art. II, § 2</u>, cl. 2

The Supreme Court identifies a third category of government official unmentioned in the Constitution: the mere "employees" that comprise "the broad swath of 'lesser

functionaries' in the Government's workforce." *Lucia*, 585 U.S. at 245 (quoting *Buckley v. Valeo*, 424 U.S. 1, 126 n.162 (1976) (per curiam)). The Appointments Clause does not apply to a mere employee. *Id.* Thus, much hangs in the balance when distinguishing between an officer and an employee.

The Supreme Court deems an individual an officer of the United States if she "exercis[es] significant authority pursuant to the laws of the United States," *id.* (quoting *Buckley*, 424 U.S. at 126), and "occup[ies] a 'continuing' position established by law," *id.* (quoting *United States v. Germaine*, 99 U.S. 508, 511 (1879)). If an individual satisfies both conditions, the Constitution requires that she be appointed consistent with the Appointments Clause.[2]

Applying that test, an FCA relator is an "Officer[] of the United States." Because a relator possesses civil enforcement authority on behalf of the United States, a relator exercises significant authority. And because the FCA prescribes a relator's statutory duties, powers, and emoluments, and the position mirrors the role of a bank receiver or special

---

[2] Once a court concludes that an individual is an officer of the United States, a different test determines whether the individual is a principal or inferior officer. *Arthrex*, 594 U.S. at 13–14. Under *Arthrex*, a plausible argument exists that an FCA relator is a principal officer because she "bind[s] the Executive Branch to exercise executive power in a particular manner" during an enforcement action. *Id.* at 23. In non-intervened cases such as this one, the relator will necessarily make "final [litigation] decisions binding the Executive Branch" as to the allegedly fraudulent conduct at issue. *Id.* On the other hand, *Arthrex* contemplated that an inferior officer might exercise power otherwise reserved to principal officers "under 'special and temporary conditions.' " *Id.* at 22 (citing *United States v. Eaton*, 169 U.S. 331, 343 (1898), for the proposition "that an inferior officer can perform functions of principal office on acting basis"). Because Zafirov was unconstitutionally appointed so long as she is not an employee, no need arises to decide if she is a principal or inferior officer.

prosecutor in its duration and non-personal nature, a relator occupies a continuing position. Thus, Zafirov is subject to the Appointments Clause.

## 1. An FCA Relator Exercises Significant Authority Pursuant to the Laws of the United States

The power to initiate an enforcement action in the name of the United States to vindicate a public right constitutes "significant authority pursuant to the laws of the United States." *Lucia*, 585 U.S. at 245 (quoting *Buckley*, 424 U.S. at 126). The FCA confers that power to relators and allows them to litigate actions to final judgment and beyond. In the process, a relator often binds the federal government (sometimes even in future cases) and recovers punitive damages that flow to the public treasury. Under *Buckley*'s "significant authority" test, an FCA relator passes muster. Executive branch practice confirms the point. And none of Zafirov's abundant attempts to distinguish a relator's power from officials that the Supreme Court holds are constitutional officers persuades otherwise.

### i. An FCA Relator's Civil Litigation Powers Are "Significant Authority"

When articulating the "significant authority" test in *Buckley*, the Supreme Court held that members of the Federal Election Commission (FEC) were "Officers of the United States" for two independent reasons. First, the Court explained that an official vested with the power to "conduct[] civil litigation in the courts of the United States for vindicating public rights" must be an officer under the Appointments Clause. *Buckley*, 424 U.S. at 126, 140. The Court reasoned that "[a] lawsuit is the ultimate remedy for a breach

17

of the law" and thus an executive function reserved to the President to whom "the Constitution entrusts the responsibility to 'take Care that the Laws be faithfully executed.' " *Id.* at 138 (quoting U.S. CONST. art. II, § 3). Because the FEC possessed civil "enforcement power, exemplified by its discretionary power to seek judicial relief," the commissioners exercised this kind of significant authority. *Id.* As a result, the commissioners must be subject to the Appointments Clause to remain accountable to the Executive Branch.

Second, the FEC commissioners possessed other "broad administrative powers," each of which "represent[ed] the performance of a significant governmental duty exercised pursuant to a public law." *Id.* at 140–41. The Court considered these functions— "rulemaking, advisory opinions, and determinations of eligibility of funds"—as distinct from the FEC's enforcement authority, which the Court understood as unequivocally executive and sufficient to constitute significant authority alone. *Compare id.* at 139–140 (concluding that the FEC's enforcement authority "may be discharged only by persons who are 'Officers of the United States' within the language of [the Appointments Clause]"), *with id.* at 140–41 (analyzing separately the FEC's "administrative powers"). Still, because the FEC's "administrative functions" neither "operate[d] merely in aid of congressional authority to legislate [nor were] sufficiently removed from the administration and

enforcement of public law," they too could be exercised only by officers of the United States. *Id.* at 141.

The Supreme Court continues to rely on *Buckley*'s significant authority standard to discern who qualifies as an officer. In *Morrison v. Olson*, the Supreme Court thought it "clear" that an independent counsel—required by statute not to "hold[] any office of profit or trust under the United States" before appointment, 28 U.S.C. § 593(b)(2)—became an officer when she assumed the government's prosecutorial responsibilities in a single action. 487 U.S. 654, 671 n.12 (1988). The Supreme Court has likewise held that other executive officials who play a role in enforcing or administering federal law are Officers of the United States, including SEC administrative law judges, *Lucia*, 585 U.S. at 241, 244–51, administrative patent judges, *Arthrex*, 594 U.S. at 13, and the Directors of the Consumer Financial Protection Bureau and the Federal Housing Finance Authority, *Seila Law*, 591 U.S. at 219–20; *Collins v. Yellen*, 594 U.S. 220, 250–53 (2021).

Similar to those officials, an FCA relator wields significant authority because she "conduct[s] civil litigation in the courts of the United States for vindicating public rights." *Buckley*, 424 U.S. at 126, 140. A relator may file a complaint, without *ex ante* oversight by the federal government, to initiate an enforcement action on behalf of the United States for treble damages and substantial statutory penalties. 31 U.S.C. §§ 3729(a)(1), 3730(b). That act precludes all but the Attorney General from "interven[ing] or bring[ing] a related

action based on the facts underlying" the complaint. *Id.* § 3730(b)(5). The filing of the complaint also begins a sixty-day seal period during which the government investigates both the claims and the relator and determines whether to intervene. *Id.* § 3730(b)(2). That ticking clock forces the Executive Branch to align its investigative priorities with those of a self-interested third party. If the government elects to intervene, the relator still enjoys "the right to continue as a party to the action, subject to [statutory limitations in § 3730(c)(2)]." *Id.* § 3730(c)(1).[3] If the government does not intervene, the relator may prosecute her action to final judgment however she chooses, including litigating appeals that can become binding precedent on the government. *Id.* § 3730(b)(4). That is textbook "significant authority." *Buckley*, 424 U.S. at 126, 138–39.

Other precedents reinforce the conclusion that a relator exercises significant authority by stressing how enforcement authority is inherent in, and crucial to, the executive power. A relator exercises core executive power[4] by deciding "how to prioritize

---

[3] Under *Polansky*'s interpretation of the government's intervention and dismissal authority, a relator's statutory "right to continue as a party" stands on tenuous footing when the government decides to terminate the action. *See supra* n.1.

[4] I label as "core executive power" the power to initiate a civil enforcement action to right a public wrong in the name of the United States because such authority lies at the heart of Article II. *See, e.g.*, *Seila Law*, 591 U.S. at 219 (observing that criminal prosecution is a "core executive power" and that "the power to seek daunting monetary penalties against private parties on behalf of the United States in federal court" is "a quintessentially executive power"); *Buckley*, 424 U.S. at 138 (describing "[a] lawsuit [a]s the ultimate remedy for a breach of law, and it is to the President . . . that the Constitution entrusts the responsibility to 'take Care that the Laws be faithfully executed.'"); *Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1134 (11th Cir. 2021) (Newsom, J., concurring) ("Thus, at its core, the 'executive power' entailed the authority to bring legal actions on behalf of the community for remedies that accrued to the public generally.").

and how aggressively to pursue legal actions against defendants who violate the law." *Texas*, 599 U.S. at 678 (quotations omitted). Indeed, the ability to initiate an FCA enforcement action for "daunting monetary penalties against private parties on behalf of the United States," *Seila Law*, 591 U.S. at 219, is indistinguishable from the Executive Branch's "exclusive authority and absolute discretion to decide whether to prosecute a case," *Nixon*, 418 U.S. at 693. In sum, by suing on behalf of the United States to secure "essentially punitive" penalties, *Stevens*, 529 U.S. at 784, a relator performs a "traditional, exclusive function of the government," *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1308, 1310 (11th Cir. 2021), that is integral to the "administration and enforcement of the public law," *Buckley*, 424 U.S. at 139. That kind of core executive power is "significant authority."

Executive branch practice confirms this conclusion. For example, the United States regularly asserts that presidential exercise of similar authority is core executive power when litigation involves the President's ability to prosecute and exercise enforcement discretion. *See, e.g.*, *Trump*, 144 S. Ct. at 2334 ("Investigation and prosecution of crimes is a quintessentially executive function." (alterations accepted) (quoting Br. for United States at 19)). Likewise, counsel for the United States conceded that the Attorney General's enforcement of the FCA is "significant," "substantial," and "definitely a core executive power." OA Tr. at 68:1–7. A relator's exercise on behalf of the United States of the same

power under the same statute must—for the same compelling reasons—constitute the exercise of significant executive authority.

### ii. Zafirov's Arguments to the Contrary Are Unpersuasive

Zafirov resists this conclusion primarily by citing non-binding decisions that held otherwise. *See* Resp. at 13–15 (collecting cases). Of the four courts of appeals opinions that she cites, only two—both from the early 1990s—addressed the significant authority element. *See United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 757–59 (9th Cir. 1993) (conceding that non-intervened cases "present[] what may seem a close question under *Buckley*"); *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994) (concluding without analysis that, "[a]lthough a relator may sue in the government's name, the relator is not vested with governmental power"). The other two courts resolved the Appointments Clause argument on the "continuing position" ground alone; one even appears to assume that an FCA relator exercises significant authority. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 804–05 (10th Cir. 2002) (concluding that meeting *Buckley*'s "significant authority" test is insufficient); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 757–58 (5th Cir. 2001) (en banc).

None of those circuits examined, much less reconciled, the long line of Supreme Court precedents explaining that enforcement authority and charging discretion are core executive power, especially when coupled with the authority to impose a punitive sanction.

22

*See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Nixon*, 418 U.S. at 693; *The Confiscation Cases*, 74 U.S. 454, 457 (1868) ("Civil suits, in the name and for the benefit of the United States," are instituted and controlled by the Attorney General and the district attorneys.); *see also United States v. Cox*, 342 F.2d 167, 190 (5th Cir. 1965) (en banc) (Wisdom, J., specially concurring) ("The prosecution of offenses against the United States is an executive function within the exclusive prerogative of the Attorney General."); Saikrishna Prakash, *The Chief Prosecutor,* 73 GEO. WASH. L. REV. 521, 528 (2005) ("[T]he president is the chief prosecutor, i.e., the constitutional prosecutor of all offenses against the United States."). Nor did those circuits have the benefit of more recent Supreme Court precedents, which only further emphasize the point. See *Texas*, 599 U.S. at 679 ("The Executive Branch—not the Judiciary—makes arrests and prosecutes offenses on behalf of the United States."); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 429 (2021); *Seila Law*, 591 U.S. at 219. Although not all the above precedents addressed the Appointments Clause, their repeated emphasis that enforcement through litigation is a core executive power matches *Buckley*'s understanding of "significant authority." *See Buckley*, 424 U.S. at 138–39 (reasoning that the "discretionary power to seek judicial relief[] is authority that cannot possibly be regarded as merely in aid of the legislative function of Congress" but instead belongs

exclusively to the President because "the Constitution entrusts [him with] the responsibility to 'take Care that the Laws be faithfully executed' " (quoting U.S. CONST. art. II, § 3)). And after those circuits rejected the Article II challenge, the Supreme Court has only solidified the strictures of the Appointments Clause. *See Lucia*, 585 U.S. at 244–52; *Arthrex*, 594 U.S. at 11–23.

Zafirov, the United States, and an *amicus* propose a host of distinctions between a relator's power and the exercise of significant authority in *Buckley*. The most substantial proposed distinctions depend on (1) a categorical line between civil and criminal law enforcement, (2) a relator's lack of rulemaking or other administrative powers, (3) the fact that a relator pursues ordinarily only one enforcement action rather than many, (4) the Attorney General's ability to intervene or pursue a parallel action and to dismiss a relator's suit over her objection, and (5) a relator's lack of pre-suit investigatory resources from the federal government. None of these arguments exempt a relator from the need to be appointed consistent with the Appointments Clause.

The Supreme Court has long rejected a constitutional distinction between civil and criminal cases when evaluating whether an individual exercises core executive power. *See Seila Law*, 591 U.S. at 219 (authority to "seek daunting monetary penalties against private parties on behalf of the United States in federal court" is "a quintessentially executive power"). For obvious reasons, the same distinction bears no relevance in assessing whether

an individual wields significant authority. *See Buckley*, 424 U.S. at 140 (concluding that the "primary responsibility for conducting civil litigation in the courts of the United States for vindicating public rights" is confined to properly appointed officers because civil enforcement authority rests with the President). Zafirov's attempted demarcation between criminal and civil authority ignores the punitive realities inherent in an FCA action. *Yates,* 21 F.4th at 1308 ("FCA monetary awards are, at least, partially punitive."). As the United States conceded, the FCA's financial sanctions "may look worse" than fines imposed in a criminal prosecution for the same conduct, particularly against corporate defendants. *Cf.* OA Tr. at 87:16–88:8; *id.* at 113:11–17 (Zafirov conceding the same, at least "financially").

*Buckley* rebuts Zafirov's argument that a relator's lack of rulemaking or other administrative powers like those possessed by the FEC commissioners deprives a relator of significant authority. The Supreme Court held that the FEC's enforcement power—by itself—constituted significant authority. 424 U.S. at 140–41. Although the Court also held that the FEC's "administrative functions" properly belonged to officers, *id.* at 141–42, the Court's second holding does not undermine the first. *Cf. The Confiscation Cases*, 74 U.S. at 457 ("Settled rule is that [district and circuit] courts will not recognize any suit, civil or criminal, as regularly before them, if prosecuted in the name and for the benefit of the United States, unless the same is represented by the district attorney, or some one designated by him to attend to such business.").

25

The frequency of the exercise of enforcement power likewise does not diminish a relator's significant authority. *Buckley*'s reasoning does not depend on the number of enforcement actions brought by one official as compared to another. The officer distinction instead turns on the power bestowed to the official, namely the power to litigate civil cases "in the courts of the United States for vindicating public rights." *Buckley*, 424 U.S. at 138–40. That a relator ordinarily files a single action in no way undercuts the immense power that the FCA grants her. Nor does the FCA preclude a relator from initiating subsequent actions. And, as a practical point, relators collectively prosecute most FCA actions, so they indeed hold the "primary responsibility" in this field. *See 2023 FCA Stats* at 2 (showing 712 new FCA qui tam matters in fiscal year 2023, compared to 500 outside the qui tam process). A contrary conclusion would allow Congress to subvert the Appointments Clause by dispersing core executive power throughout the American people *en masse* rather than establishing power in a properly appointed officer. *See Freytag*, 501 U.S. at 885 (rejecting an "excessively diffuse appointment power"). Zafirov's argument invites the legislative encroachment that, "mask[ed] . . . under complicated and indirect measures," the Framers feared when crafting the Constitution, THE FEDERALIST NO. 48, at 310 (J. Madison) (C. Rossiter ed. 1961); *Freytag*, 501 U.S. at 878, 883–84.

Next, the government's ability to pursue a parallel action and to exert limited control after intervening does not lessen a relator's unchecked civil enforcement authority to initiate

an enforcement action. Whether the President exercises sufficient control over a relator is a question better suited to the defendants' other Article II argument, which I need not reach. But back-end executive supervision—exercised by the government in only a fifth of cases—does not diminish the significance of an FCA relator's front-end power to bring an enforcement action against a private party in federal court on behalf of the United States. *See also Kelly*, 9 F.3d at 758 (conceding that the issue is a "close question under *Buckley*" in non-intervened cases where the "relator retains primary responsibility for the litigation").

Lastly, Zafirov lacks support for the view that an individual who prosecutes matters on behalf of the United States must receive federal resources for her pre-suit investigations to be deemed an officer of the United States. Simply naming a power that relators do not possess does not vitiate their officer status. And the lack of government resources to investigate before filing a complaint does not negate the relator's power to sue, which under *Buckley* is significant authority.

In addition to the above proposed distinctions, Zafirov contends that *Cochise Consultancy, Inc. v. United States ex rel. Hunt* settled this issue. Resp. at 13. In *Cochise*, the Supreme Court noted that relators are not officials of the United States "in the ordinary sense of that phrase." 587 U.S. 262, 272 (2019). Zafirov misreads the import of that statement. The Court was rejecting a statutory interpretation argument about why a particular statute of limitations did not apply to relators. In so doing, the Court explained—

27

referencing the FCA's text—why the statute treats relators as private persons, not government officials. *Cochise Consultancy*, 587 U.S. at 272. *Cochise* made the factual observation that relators are not appointed consistent with Article II, but the Court had no occasion to opine on the constitutionality of the FCA's qui tam provision. *Id.* In fact, Justice Thomas, the author of *Cochise*, cited the same language from *Cochise* when raising his Article II concerns in his subsequent dissenting opinion in *Polansky*. 599 U.S. at 449 (Thomas, J., dissenting) (citing *Cochise Consultancy*, 587 U.S. at 272).

The United States and an *amicus* suggest that relators resemble ordinary private plaintiffs, who do not exercise significant authority when they seek relief under other federal statutes. USA Br. (Doc. 217) at 10–12, 15–17; TAF Br. (Doc. 225) at 24–25. That analogy ignores the longstanding distinction between injured parties seeking reparation for private harms and suits by sovereigns that "seek to redress a wrong to the public as a whole, not just a wrong to the individual." *Trump*, 144 S. Ct. at 2331 (quotations omitted). A relator's lack of a personal injury is the crux of the issue in *Stevens*, which held that the FCA gives a relator a partial assignment of the United States's interest in a lawsuit vindicating public rights. 529 U.S. at 772. Such an arrangement is unnecessary for a Title VII plaintiff who sues her employer to remedy discrimination against herself. But unlike a Title VII plaintiff, a relator performs a "traditional, exclusive function of the government," *Yates*, 21 F.4th at 1310, by "seek[ing] daunting monetary penalties against private parties

28

on behalf of the United States," *Seila Law*, 591 U.S. at 219; *Yates*, 21 F.4th at 1308. That power renders the comparison inapt.

Finally, Zafirov gestures at a much broader attack on the Supreme Court's Article II precedent, placing extensive reliance on a draft academic article purporting to "[a]pply[] a novel, mixed-method study of private rights of action" to justify "the vast majority of private enforcement schemes." Nitisha Baronia, et al., *Private Enforcement and Article II* (*Private Enforcement*) (Doc. 264-3) at 1. Yet the article itself concedes that, if any private delegation of enforcement authority is unconstitutional, it is probably the FCA's qui tam provision. *See id.* at 56–57 (explaining that the FCA "implicate[s] nearly every cross-doctrinal concern identified" in the manuscript). Thus, the centerpiece of Zafirov's Article II structural argument not only fails to justify an exception to longstanding Article II jurisprudence, but the article also cuts against her on the constitutionality of the FCA qui tam provision that the defendants challenge.

\*     \*     \*

In the end, none of Zafirov's arguments overcome the reality that an FCA relator initiates a lawsuit that "seek[s] daunting monetary penalties against private parties on behalf of the United States in federal court." *Seila Law*, 591 U.S. at 219. Exercising such "quintessentially executive power" disposes of the significant authority question in the

29

defendants' favor. *Id.*; *see also Buckley*, 424 U.S. at 140. Zafirov's power to enforce public law through litigation necessarily satisfies the first step for officer status.

### 2. An FCA Relator Occupies a Continuing Position Established by Law

In addition to exercising significant federal authority, one deemed an "Officer of the United States" must "occupy a 'continuing' position established by law." *Lucia*, 585 U.S. at 245 (quoting *Germaine*, 99 U.S. at 511). The "continuing position" inquiry "stress[es] 'ideas of tenure [and] duration'" and asks whether the individual's statutory duties are "'occasional or temporary' rather than 'continuing and permanent.'" *Id.* (quoting *Germaine*, 99 U.S. at 511–12). As the FCA's structure evidences and Supreme Court precedent confirms, an FCA relator occupies a continuing position.

Because the "continuing position" inquiry focuses on an individual's statutory duties, powers, and emoluments, I begin with the FCA, which defines all three for the office of relator. When a relator initiates an enforcement action, she must comply with several statutory duties. She must file the initial complaint in camera, serve "[a] copy of the complaint and written disclosure of substantially all material evidence and information [she] possesses" on the government, and wait at least sixty days before serving the defendant so that the government may investigate and decide whether to intervene. *See* 31 U.S.C. § 3730(b)(2)–(3). Beyond the ability to initiate and litigate an action that binds the federal government, a relator enjoys unfettered freedom to prosecute the action as she determines

best. She may choose which defendants to sue (and which not to sue, for reasons of her own), which theories to raise, which motions to file, and which evidence to obtain. *Id.* § 3730(b)(4)(B) (granting the relator "the right to conduct the action"). Unlike a government attorney, a relator proceeds untethered to, and unbound by, DOJ policy or the Justice Manual. And she has no duty to report to the Attorney General or his subordinates beyond serving (at taxpayer expense and upon request) certain litigation documents on the government. *Id.* § 3730(c)(3). Finally, if the action succeeds, the FCA compensates a relator with a statutory moiety between fifteen to twenty-five percent of the judgment. *Id.* § 3730(d). The existence of statutorily defined duties, powers, and emoluments confirms that a relator holds a continuing office. *Germaine*, <u>99 U.S. at 511</u>.

As the above statutory duties, powers, and emoluments prove, the office of an FCA relator is continuous even if it is not continually filled. Although a particular person occupies the office—in the manner of an Attorney General, an Ambassador, or Secretary of the Treasury—for a time that varies from occupant to occupant, the office of relator persists by operation of the FCA regardless of the occupant and regardless of any intermittent vacancy, resignation, debilitation, or the like. Stated otherwise, the office of relator exists whether a person is appointed to that office or not, making that office "continuous and permanent."

31

Precedent suggests that a relator occupies a "continuing position" despite that term expiring at the end of a single matter. In *Morrison v. Olson*, the Supreme Court concluded that Independent Counsel Alexia Morrison—authorized "to exercise all investigative and prosecutorial functions and powers of the Department of Justice" for purposes of a single investigation—was an inferior officer. 487 U.S. at 660–63, 670–73. Although the Supreme Court focused on the distinction between principal and inferior officers, the majority thought it "clear that [Morrison was] an 'officer' of the United States, not an 'employee.' " *Id.* at 671 n.12 (citing *Buckley*, 424 U.S. at 126 & n.162). Justice Scalia agreed on that point, dissenting instead on the basis that Morrison was a principal officer who required Senate confirmation. *Id.* at 715–23 (Scalia, J., dissenting).

Relators self-appoint as special prosecutors to recover punitive damages against private parties on behalf of the federal government. *See Seila Law*, 591 U.S. at 219; *Yates*, 21 F.4th at 1308. Such responsibility is analogous to that of the Independent Counsel in *Morrison*. If anything, a relator occupies a more continuous position because the scope of her prosecutorial jurisdiction is limited only by the complaint (of which she is the master) and § 3730's jurisdictional provisions (which are open-ended rather than narrowly defined by the Attorney General). Like Morrison and her fellow Independent Counsels, an FCA relator is an officer, too.

32

Older decisions discussing bank receivers offer another helpful analogy. Bank receivers were officials charged with winding up a specific insolvent bank and entrusted with "statutory authority to bring suit, through a [United States] Attorney and under the direction of the Solicitor of the Treasury." *See* Officers of the United States Within the Meaning of the Appointments Clause, 31 Op. O.L.C. 73, 110–11 (2007).[5] Even though bank receivers' duties were tied to a specific bank and discharged on completion of the project, "it was the uniform view of the federal courts" in the nineteenth and early twentieth centuries that these officials were "officers of the United States" under a statute conferring federal jurisdiction for certain lawsuits. *Id.* (collecting cases); *see, e.g.*, *United States v. Weitzel*, 246 U.S. 533, 541 (1918) ("The receiver, unlike a [bank] president, director, cashier, or teller, [was] an officer, not of the corporation, but of the United States."); *see also Ex parte Chetwood*, 165 U.S. 443, 457–58 (1897) (holding that a bank receiver appointed by the Comptroller of the Currency "was not the officer of any court, but the agent and officer of the United States"); *Platt v. Beach*, 19 F. Cas. 836, 840 (E.D.N.Y. 1868) (holding that a receiver was an officer because his "duties [were] not defined by any contract, but by law and rule prescribed by the government"); *Stanton v. Wilkeson*, 22 F.

---

[5] The cited Office of Legal Counsel Opinion concluded that relators were not officers of the United States based on the "continuing position" requirement, although the Opinion did not discuss the analogy to bank receivers' authorization to initiate civil litigation on behalf of the United States. Officers of the United States Within the Meaning of the Appointments Clause, 31 Op. O.L.C. at 114. Like other Office of Legal Counsel Opinion documents cited throughout this order, I rely on the opinion as descriptive, not as a statement of the government's position on the appropriate analogy to relators.

Cas. 1074, 1075 (S.D.N.Y. 1876) (addressing and rejecting a continuity challenge to a receiver's officer status); *Price v. Abbott*, 17 F. 506, 507–08 (C.C.D. Mass. 1883) (Gray, J.) (explaining that a receiver was an officer of the United States because "being appointed pursuant to an act of congress to execute duties prescribed by that act, he is, in the execution of those duties, an agent and officer of the United States").

Like bank receivers, relators are appointed to handle a specific problem, at the conclusion of which their term in office ends. And like bank receivers, relators are empowered to initiate litigation on behalf of the United States to enforce a complex regulatory scheme with serious implications for the public fisc and for targeted defendants. Thus, like bank receivers, relators are officers of the United States.

Terms that endure for only a single action—such as bank receivers, special prosecutors, and relators—can qualify as continuing positions. Another circuit has rightly recognized that an official occupies a continuing position when "they wield federal prosecutorial power and hold a position that is not personal to a specific individual and may last for years." *United States v. Donziger*, 38 F.4th 290, 294 (2d Cir. 2022), *cert. denied* 143 S. Ct. 868 (2023); *see also Ass'n of Am. R.Rs. v. U.S. Dep't of Transp.*, 821 F.3d 19, 37–38 (D.C. Cir. 2016) (holding that a one-off arbitrator was an officer of the United States). In *United States v. Donziger*, the Second Circuit applied a three-part test to determine "whether a temporary position is an office: (1) the position is not personal to

34

a particular individual; (2) the position is not transient or fleeting; and (3) the duties of the position are more than incidental." <u>38 F.4th at 297</u> (citing Officers of the United States Within the Meaning of the Appointments Clause, 31 Op. O.L.C. at 112–13). Although not the ultimate arbiter of whether a temporary position is "continuing" under *Lucia* and *Germaine*, *Donziger* provides a useful rubric and further confirms that a relator is an officer of the United States.[6]

At step one, "to qualify as an office, the position must not depend on the identity of the person occupying it, and the duties should continue, though the person be changed." *Donziger*, <u>38 F.4th at 297</u> (quotations omitted). As Chief Justice Marshall opined in 1823, "[a] man may certainly be employed under a contract . . . without becoming an officer. But if [his] duty be a continuing one, which is defined by rules prescribed by the government, and not by contract . . . [and] if those duties continue, though the person be changed; it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer." *United States v. Maurice*, <u>26 F. Cas. 1211, 1214</u> (C.C.D. Va. 1823) (Marshall, C.J.). The FCA contemplates that arrangement for a relator, permitting any "person" to bring an FCA action—and thus, to occupy the position of realtor—if the person can allege the facts of a fraud. <u>31 U.S.C. § 3730(b)(1)</u>.

---

[6] The government (through Special Counsel Jack Smith) recently cited *Donziger* as support for the argument that special prosecutors like Smith are Officers of the United States and not employees. *See* Resp. to Amicus Br. in Supp. of Mot. to Dismiss at 6, *United States v. Trump*, No. 23-cr-80101 (<u>Doc. 432</u>) (S.D. Fla. Apr. 4, 2024).

Put differently, the position of relator does not depend on the identity of the person initiating the action, as any "person" can be the relator if she satisfies the statutory prerequisites. *See id.* § 3730(e). Although the statutory scheme's "first come, first served" preclusion rule contemplates and pretermits duplicative relators, the statute does not grant a preference to potential relators based on superior knowledge, skill, or any other attribute unique to the person. *See id.* § 3730(b)(5).

Eleventh Circuit precedent permitting the alienability of a relator's interest likewise supports the view that the position of an FCA relator operates independent of any particular person who occupies the role. First, when a relator dies, his estate's personal representative may be substituted in the relator's place because "a relator's *qui tam* action survives his death." *United States v. NEC Corp.*, 11 F.3d 136, 139 (11th Cir. 1993), *as amended* (Jan. 12, 1994). If another may be substituted in the relator's shoes, then the office is not personal in nature to the original relator. Second, a relator may assign (at least in part) her interest in an FCA action. *Ruckh*, 963 F.3d at 1102. Because a relator's "right to represent the interests of the United States" and pursue her portion of the judgment constitutes her position for Appointments Clause purposes, the ability to assign that right to others confirms that the position does "not depend on the identity of the person occupying it." *Id.*; *Donziger*, 38 F.4th at 297.

At step two, "the position must not be transient or fleeting." *Donziger*, 38 F.4th at

297. The Second Circuit concluded that the special prosecutors appointed by the court

were neither "transient [n]or fleeting" because they had "already served for nearly three

years." *Id.* Zafirov's tenure nearly doubles three years, and she is hardly an outlier in

duration. *See, e.g.*, *United States ex rel Alderson v. Quorum Health Grp., Inc.*, 171 F.

Supp. 2d 1323, 1325, 1340–41 (M.D. Fla. 2001) (awarding the relator his statutory moiety

after litigating the FCA action for eight years). Thus, "[a]lthough [Zafirov's] duties

terminate upon performance," her "position[] [is] not transient or fleeting." *Id.*

At step three, "the duties of the position must be more than incidental to the regular

operations of government." *Id.* Consideration of substance is "necessary to ensure against

evasion of the Appointments Clause through the creation of temporary positions with the

same powers as officers." *Id.* at 297 n.5 (citing Officers of the United States Within the

Meaning of the Appointments Clause, 31 Op. O.L.C. at 113). For reasons already given,

the power to vindicate public rights through litigation is far from "incidental to the regular

operations of government." *Id.* at 297; *see also Trump*, 144 S. Ct. at 2348 n.1 (Thomas, J.,

concurring) (explaining that "it is difficult to see how an official exercising the Department

of Justice's duties to enforce the criminal law by leading a prosecution could be anything

but an officer"); *supra* n.4.

In short, officials who exercise important duties are more likely to occupy a constitutional office even when their term is temporary or otherwise cabined to circumstances. That commonsense principle helps explain why bank receivers and the Independent Counsel were officers, but merchant appraisers and civil surgeons were not. Compare *Weitzel*, <u>246 U.S. at 541</u>; *Morrison*, <u>487 U.S. at 671</u> n.12, *with Germaine*, <u>99 U.S. at 511</u>–12; *Auffmordt v. Hedden*, <u>137 U.S. 310, 326</u>–28 (1890). The former exercised core executive power by litigating in the name of the United States. Because an FCA relator similarly exercises core executive power, *see supra* at 20–26, her "duties are [by definition] more than incidental to regular government operations." *Donziger*, <u>38 F.4th at 298</u>; *cf. Buckley*, <u>424 U.S. at 138</u>–39.

Zafirov and her allies only minimally contest continuity. The thrust of their argument is that a relator's position is personal and that the powers associated with the position are minimal compared to those held by officers in other cases. *See* Resp. at 15–17; USA Br. at 16–17. The FCA's text negates Zafirov's first contention, as any "person" with knowledge of the fraud could sue. <u>31 U.S.C. § 3730(b)(1)</u>. The former contention is also belied by *NEC* and *Ruckh*, which clarify that the position is not personal by permitting substitution or "reassignment" of a relator's "right to represent the interests of the United States in [a] qui tam action[]." <u>11 F.3d at 139</u>; <u>963 F.3d at 1102</u>. And the latter contention

repackages Zafirov's "significant authority" argument, which is wrong for reasons already explained. *See supra* at 17–30.

An FCA relator possesses all the traditional indicia of holding a constitutional "office." Her position is analogous to other temporary officials wielding core executive power whom courts have categorized as officers. And a relator passes the *Donziger* test for temporary-yet-continuing officers. In sum, Zafirov occupies a "continuing position" as a relator and thus satisfies step two of the test for officer status.

## C. Article II Contains No "Qui Tam" Exception

The historical pedigree of qui tam provisions does not save Zafirov from qualifying as an officer under Supreme Court precedent. Zafirov argues that the FCA's qui tam structure survives constitutional scrutiny because early Congresses enacted some analogous statutes. But no Supreme Court or Eleventh Circuit precedent blesses Zafirov's theory of historical exceptionalism when the enactments directly contradict the Constitution. Simply put, the Constitution prevails over practice, especially when the text is clear and the practice is neither continuous nor challenged. To accept Zafirov's alternative Article II proposal— that historical existence equals constitutionality—would eviscerate longstanding Article II jurisprudence.

A "basic principle" of constitutional interpretation requires that "[t]ext controls over contrary historical practices." *United States v. Rahimi*, 144 S. Ct. 1889, 1912 n.2 (2024)

(Kavanaugh, J., concurring). Thus, "[s]tanding alone, historical patterns cannot justify contemporary violations of constitutional guarantees." *Marsh v. Chambers*, 463 U.S. 783, 790 (1983); *see also Walz v. Tax Comm'n*, 397 U.S. 664, 678 (1970) ("[N]o one acquires a vested or protected right in violation of the Constitution by long use, even when that span of time covers our entire national existence and indeed predates it."). Applying this principle, the Supreme Court explains that when historical evidence of a practice conflicts with well-settled understandings of constitutional text, practice will prevail only when "unambiguous and unbroken history" leaves "no doubt that the practice . . . has become part of the fabric of our society." *Marsh*, 463 U.S. at 792. Evidence that a constitutional concern was raised and dismissed can "infuse[] [a practice] with power by demonstrating that the subject was considered carefully and the action not taken thoughtlessly, by force of long tradition and without regard to the problems posed by [the Constitution's new system of government]." *Id.* at 791. But a practice implemented "without full examination & deliberation" is entitled to little weight. *See* William Baude, *Constitutional Liquidation*, 71 STAN. L. REV. 1, 18 (2019) (quoting Letter from James Madison to Spencer Roane (May 6, 1821), *reprinted in* 2 THE PAPERS OF JAMES MADISON: RETIREMENT SERIES 320 (David B. Mattern et al. eds., 2013)).

An even more careful approach is required when a practice inherited from England implicates the separation of powers. *See* Prakash, *The Chief Prosecutor*, 73 GEO. WASH.

L. REV. at 589 (urging caution before "importing English constraints or exceptions to the executive power, when those limitations might be based on the principle of parliamentary supremacy"); Ann Woolhandler & Caleb Nelson, *Does History Defeat Standing Doctrine?*, 102 MICH. L. REV. 689, 725–26 (2004). "[R]eflexively resorting to English law or history without careful analysis can sometimes be problematic because America had fought a war . . . to free itself from British law and practices and rid itself of tyrannical British rule." *Rahimi*, 144 S. Ct. at 1915 n.3 (Kavanaugh, J., concurring). Courts, therefore, should approach English common law and historical practice with caution when constitutional questions involve the separation of powers. *See id.* ("[T]he Constitution . . . did not purport to take English law or history wholesale and silently download it into the U.S. Constitution.").

Zafirov's historical argument begins with a recitation of Justice Stevens's dissenting opinion in *Stevens*: that the same evidence cited in support of Article III standing is "sufficient to resolve the Article II question." Resp. at 4 n.3 (quoting *Stevens*, 529 U.S. at 801 (Stevens, J., dissenting)); *see also id.* at 20. Zafirov, the United States, and an *amicus* argue that early congressional enactments of qui tam statutes, even if never enforced, insulate the FCA's qui tam provision from Article II challenge. *See* OA Tr. at 73:12–77:16; 112:4–115:9, 146:7–16; USA Suppl. Br. (Doc. 260) at 1 n.1 (denying the need to show that analogous enactments were used); Relator Suppl. Br. (Doc. 264); TAF Suppl.

41

Br. (Doc. 261) at 4 ("enactment alone is sufficient"). They also believe that a broad range of informer statutes are relevant to the historical inquiry. Relator Suppl. Br. at 6–9; USA Suppl. Br. at 4–12; TAF Suppl. Br. at 2–3, 9–13. These assertions suffer from three serious methodological flaws.

First, Zafirov's mechanistic focus on enactments is overbroad. As anyone familiar with *Marbury* knows, "enactment by the First Congress [is not] a guarantee of a statute's constitutionality." *Polansky*, 599 U.S. at 450 (Thomas, J., dissenting). "[W]e should be especially careful not to overread [early enactments] given that the Constitution's creation of a separate Executive Branch coequal to the Legislature was a structural departure from the English system of parliamentary supremacy, from which many legal practices like qui tam were inherited." *Id.*; *see also* Prakash, *The Chief Prosecutor*, 73 GEO. WASH. L. REV. at 589; Woolhandler & Nelson, *Does History Defeat Standing Doctrine?*, 102 MICH. L. REV. at 725–26.

Actual practice under these early statutes reveals a complicated relation between founding-era relators and properly appointed officers. For example, district attorneys often represented relators in nominally private enforcement actions, which gave the government a potential gatekeeping mechanism and control over a relator's litigation decisions. *See* James E. Pfander, *Public Law Litigation in Eighteenth Century America: Diffuse Law Enforcement in a Partisan World*, 92 FORDHAM L. REV. 469, 488–89 & nn.166–73

42

(2023); *see also id.* at 488 (conceding "some blurring of the lines between public and private proceedings" in the only close study of analogous founding-era enforcement); *cf.* Prakash, *The Chief Prosecutor*, 73 GEO. WASH. L. REV. at 587 (suggesting that "certain popular prosecutions [may not have been] brought precisely because potential popular prosecutors understood that the president might terminate the popular prosecution"). This blurring of public and private enforcement undermines the idea that founding-era enactments alone show a constitutional settlement reconciling the qui tam device with Article II. *See* Baude, *Constitutional Liquidation*, 71 STAN. L. REV. at 1 (explaining that constitutional liquidation requires "textual indeterminacy," "a course of deliberate practice," and "a constitutional settlement" marked by "acquiescence" and "public sanction").

Second, Zafirov overstates the historical case for qui tam provisions by lumping all founding-era bounty statutes together. In her view, every early statute that offered a bounty supports the FCA's relator provision. *See* Relator Suppl. Br. at 6–9; USA Suppl. Br. at 4–12; TAF Suppl. Br. at 2–3, 9–13. But *Stevens* identified three categories of statutes: those that "provided both a bounty and an express cause of action," those that "provided a bounty only," and those "that allowed injured parties to sue in vindication of their own interests (as well as the Crown's)." 529 U.S. at 775–77. Although the Supreme Court sometimes refers to these categories using the umbrella term "qui tam," it does not follow that each is

analogous to the FCA, which permits a relator to perform a "traditional, exclusive function of the government." *Yates*, 21 F.4th at 1310.

For example, consider an ordinary bounty statute offering informers a reward. Such a statute does not authorize the informer to wield power, much less the core executive power a relator exercises by litigating on behalf of the United States to vindicate a public right and impose punitive sanctions on private parties. Similarly, a statute regulating conduct injurious to both public and private rights that attaches additional remedies to a private cause of action operates more like an environmental citizen-suit provision than the FCA. Only *Stevens*'s narrowest category of statutes, those "provid[ing] both a bounty and an express cause of action [to common informers]," 529 U.S. at 777, is "relevantly similar" for Article II purposes, *N. Y. State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1, 29 (2022). This narrower view tracks English qui tam practice, where similar statutes generally used language authorizing "any person [to] . . . sue for the [penalty]" as a "common informer." 2 WILLIAM BLACKSTONE, COMMENTARIES *438.[7] Thus, while the exact number of this narrow category of qui tam-like statutes at the founding is uncertain and their use even

---

[7] *Stevens* explained that the Supreme Court had previously "suggested, in dictum, that '[s]tatutes providing for a reward to informers which do not specifically either authorize or forbid the informer to institute the action are construed to authorize him to sue.' " 529 U.S. at 777 n.7 (alteration in the original) (quoting *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 541 n. 4 (1943)). But though *Stevens*'s dicta mentioned *Hess*'s dicta, the former did not endorse the latter. *See id.* For good reason—giving conclusive weight to *Hess*'s dicta would work an enormous change in federal law enforcement by converting every bounty statute into a private cause of action. Such a sea change is unwarranted, especially given that *Hess* misinterpreted a third, still earlier piece of dicta in *Adams v. Woods*, 6 U.S. (2 Cranch) 336 (1805). *See* Woolhandler & Nelson, *Does History Defeat Standing Doctrine?*, 102 MICH. L. REV. at 727 n.183.

more unclear, Zafirov's simplistic reliance on all bounty statutes from that time does not establish "a course of deliberate practice." *See* Baude, *Constitutional Liquidation*, 71 STAN. L. REV. at 1.

Third, Zafirov fails to show how those early enactments liquidated the meaning of Article II to permit FCA-style delegations of sweeping litigation authority. Zafirov never identifies a challenge to the constitutionality of FCA-like qui tam actions at the founding (or during the Civil War), much less that those actions were accepted as compatible with the Constitution's separation of powers. *See Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1135 (11th Cir. 2021) (Newsom, J., concurring) (highlighting the "unchallenged" existence of qui tam actions); *Riley*, 252 F.3d at 773 (Smith, J., dissenting) ("[H]istory provides no indication of . . . the founders' general opinions of the constitutionality of qui tam statutes."). Nor has Zafirov proven a continuous, unbroken practice throughout our Nation's history that might otherwise inform an ambiguous constitutional text. *See CFPB*, 601 U.S. at 445 (Kagan, J., concurring, joined by Sotomayor, Kavanaugh, and Barrett, JJ.); *Marsh*, 463 U.S. at 792. Indeed, the widespread use of the FCA qui tam provision appears to be of relatively modern vintage. *See* Constitutionality of the Qui Tam Provisions of the False Claims Act, 13 Op. O.L.C. 207, 209, 235–36 (1989) (William Barr, Ass't Att'y Gen.); JOHN T. BOESE & DOUGLAS W. BARUCH, CIVIL FALSE CLAIMS AND QUI TAM ACTIONS § 1.01[B] (5th ed. Aug. 2024 update).

Setting Zafirov's methodological problems aside, it is true that early Congresses enacted at least some statutes containing an enforcement mechanism roughly analogous to the FCA. And those provisions were deployed (if perhaps only rarely) by individuals roughly analogous to Zafirov. At least one such provision was explicitly punitive, allowing violators to "be publicly whipped" and inflicting quadruple damages. *See An Act for the Punishment of Certain Crimes Against the United States*, ch. 9, § 16, 1 Stat. 112, 116 (1790). But it appears even these early statutes quickly fell into disuse and were eventually rescinded. Evan Caminker, *The Constitutionality of Qui Tam Actions*, 99 YALE L.J. 341, 342 (1989) (recognizing that "[m]ost early qui tam statutes have long been repealed"); Constitutionality of the Qui Tam Provisions of the False Claims Act, 13 Op. O.L.C. at 235–36 (William Barr, Ass't Att'y Gen.); *see also* LEONARD D. WHITE, THE FEDERALISTS: A STUDY IN ADMINISTRATIVE HISTORY 417 (1948) (explaining that, by 1799, "the tide had begun to turn against informers, although there was yet no repeal of legislation offering them inducements"). And uncritical reliance on such enactments would prove too much. After all, Article II likely would not permit criminal prosecution by a private individual. *See, e.g.*, *Sierra*, 996 F.3d at 1133 (Newsom, J., concurring) ("[F]ew would suggest, for instance, that Congress could outsource the criminal-prosecution power to the plaintiffs' bar.").

46

Nor can the FCA's history buttress its constitutionality. Although enacted during the Civil War, "few relators came forward to institute actions under the 1863 Act" and "[t]here are few reported . . . FCA decisions prior to 1943." BOESE & BARUCH, *supra*, § 1.01[B]. The statute briefly saw some use in the 1930s and 40s when lawyers realized they could recover generous bounties by filing "parasitical" suits that copied federal criminal indictments. *Id.* In response, the Attorney General pushed for repeal and Congress reacted by passing amendments "discourag[ing] use of the [FCA]" and forbidding parasitical suits. *Id.* §§ 1.01[B], 1.02; *see also* S. REP. NO. 77-1708, at 1–2 (1942) (reproducing Attorney General Francis Biddle's letter urging repeal). The FCA largely returned to dormancy until 1986, when further amendments animated by Congress's "generalized distrust of, and dissatisfaction with, the way the Executive Branch was carrying out its law enforcement responsibilities" ushered in a new era of qui tam litigation. Constitutionality of the Qui Tam Provisions of the False Claims Act, 13 Op. O.L.C. at 230 (William Barr, Ass't Att'y Gen.). Only the last forty years have witnessed a proliferation of FCA qui tam suits. *See* France, *The Private War on Pentagon Fraud*, 76 A.B.A. J. at 48 (estimating that the "DOJ used to receive about six qui tam cases a year" before the 1986 amendments); *2023 FCA Stats* at 2 (showing 712 new FCA qui tam matters in fiscal year 2023).

Zafirov's argument turns on whether the foregoing history requires a departure from the Supreme Court's well-settled Article II jurisprudence. It does not. When the

Constitution is clear, no amount of countervailing history overcomes what the States ratified. *See Rahimi*, 144 S. Ct. at 1912 n.2 (Kavanaugh, J., concurring); *id.* at 1908 (Gorsuch, J., concurring); *Polansky*, 599 U.S. at 450 (Thomas, J., dissenting); *N.L.R.B. v. Noel Canning*, 573 U.S. 513, 573, 613–14 (2014) (Scalia, J., concurring in the judgment, joined by Roberts, C.J., Thomas, and Alito, JJ.).

As already discussed, individuals who are vested with the power that an FCA relator possesses are subject to the Appointments Clause. Zafirov's "strategy for dealing with the [irreconcilability of her historical arguments and the overwhelming weight of Article II jurisprudence] is not to offer a theory for rationalizing this body of law." *Haaland v. Brackeen*, 599 U.S. 255, 279 (2023). "Instead, [she] frame[s] [her] arguments as if the slate were clean. More than two centuries in, it is anything but." *Id.* at 279–80. Zafirov has failed to articulate a coherent way for the FCA's qui tam provision to comport with the Appointments Clause. In lieu of such an explanation, one must conclude that Zafirov's appointment is unconstitutional.

*     *     *

Because Zafirov is an officer, there is no question that she is improperly appointed. At its most permissive, the Appointments Clause allows Congress to "by law" vest the appointment of inferior officers "in the President alone, the head of an executive department, or a court." *Arthrex*, 594 U.S. at 10. The FCA is a law, but rather than vest

48

the appointment of a relator in the Executive Branch or in a court, the qui tam provision permits any "person" to self-appoint by initiating an enforcement action. *See* 31 U.S.C. § 3730(b)(1). Because self-appointment, obviously, does not satisfy the Appointments Clause, the defendants prevail on this constitutional challenge.[8]

## D. The Remedy Is Dismissal

Under *Lucia*, " 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." 585 U.S. at 251 (quoting *Ryder v. United States*, 515 U.S. 177, 182 (1995)). When a litigant's challenge "involve[s] a Government actor's exercise of power that the actor did not lawfully possess," such as when an official is improperly appointed, the remedy is to set aside ultra

---

[8] The Supreme Court has, at times, articulated the "significant authority" element of its test for officer status as a negative restraint on delegated executive power. *See Arthrex*, 594 U.S. at 23 ("Only an officer properly appointed to a principal office may issue a final decision binding the Executive Branch in [inter partes patent adjudication]."); *Buckley*, 424 U.S. at 119 ("[I]f Congress insists upon retaining the power to appoint, then the members of the [Federal Election] Commission may not discharge those many functions of the Commission which can be performed only by 'Officers of the United States,' as that term must be construed within the doctrine of separation of powers."); *id.* at 141 (similar). To the extent that the Appointments Clause contains an Article II nondelegation principle that limits Congress's ability to authorize individuals to wield executive power, *see Consumers' Rsch., Cause Based Com., Inc. v. Fed. Commc'ns Comm'n*, 88 F.4th 917, 933–38 (11th Cir. 2023) (Newsom, J., concurring in the judgment) (discussing this idea), *cert. denied Consumers' Rsch. v. Fed. Commc'ns Comm'n*, 144 S. Ct. 2629 (June 10, 2024), the implication for the defendants' motion is the same. Because Zafirov has not been properly appointed to even an inferior office, she may not exercise significant authority under the laws of the United States by maintaining an enforcement action for punitive sanctions that could bind the government. To conclude otherwise would "create a constitutional loophole" and permit Congress to avoid the Appointments Clause altogether by vesting executive power outside the government. *Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, No. 23-5129, 2023 WL 4703307, at *4 (D.C. Cir. July 5, 2023) (Walker, J., concurring). But "[w]hat cannot be done directly cannot be done indirectly. The Constitution deals with substance, not shadows." *Id.* (quotations omitted).

49

vires actions. *Collins*, <u>594 U.S. at 258</u> (collecting cases); *see also id.* at 283 (Gorsuch, J., concurring in part) ("[O]fficials cannot wield executive power except as Article II provides. Attempts to do so are void."). Put differently, in Appointments Clause cases, "invalidation" is "the remedy," which "follows directly from the government actor's lack of authority to take the challenged action in the first place." *CFPB v. All Am. Check Cashing, Inc.*, <u>33 F.4th 218, 241</u> (5th Cir. 2022) (en banc) (Jones, J., concurring); *Collins*, <u>594 U.S. at 266</u> (Thomas, J., concurring) ("[A]n officer must be properly appointed before he can legally act as an officer."). Here, these remedial principals require dismissal.

Zafirov, the only litigant on her side of the enforcement action,[9] lacks the authority to prosecute on behalf of the United States. And absent congressional amendment, there is no way to obtain such authority (at least under the qui tam provision). Thus, the portion of this action vindicating the government's interest cannot continue.

Similarly, Zafirov cannot maintain a private action based on her partial assignment under *Stevens* (if indeed, after *Polansky,* a relator's partial assignment ever truly vests before final judgment). An FCA relator's partial assignment is inextricably intertwined with the statute's unconstitutional "attempt to vest the authority to represent the United States in

---

[9] Of course, the government remains both a "real party in interest," *Polansky*, <u>599 U.S. at 425</u> (quoting *United States ex rel. Eisenstein v. City of New York*, <u>556 U.S. 928, 930</u> (2009), and a limited intervenor under <u>28 U.S.C. § 2403(a)</u> to defend the qui tam provision's constitutionality and to weigh in on a discovery dispute between Zafirov and the defendants. But I have resolved the constitutional question, and the government has shown no desire to intervene more fully or to take over Zafirov's action.

litigation in a party outside the Executive Branch." *Polansky*, <u>599 U.S. at 451</u> (Thomas, J., dissenting). In fact, the earliest possible moment such an assignment could have been created is Zafirov's first *ex officio* act—filing a complaint to initiate an enforcement action for punitive sanctions on behalf of the United States. Returning things to the way they were before Zafirov first acted ultra vires means that, for our purposes, no partial assignment attached.[10]

## IV.   CONCLUSION

It is no surprise that the Supreme Court describes the FCA qui tam provision as "unusual" and "unique." *Polansky*, <u>599 U.S. at 423</u>–24. An FCA relator's authority markedly deviates from the constitutional norm. The provision permits anyone—wherever situated, however motivated, and however financed—to perform a "traditional, exclusive [state] function" by appointing themselves as the federal government's "avatar in litigation." *Yates*, <u>21 F.4th at 1310</u>. That arrangement directly defies the Appointments Clause by permitting unaccountable, unsworn, private actors to exercise core executive power with substantial consequences to members of the public. And although the Supreme Court and the Eleventh Circuit have reserved the Article II issue, my conclusion that an FCA relator

---

[10] Regardless, the partial assignment would fail given Zafirov's inability to prosecute the government's case. Even in England, an informer's property interest could not attach if the right to recover on behalf of the Crown was extinguished before the informer filed suit. *See* 3 EDWARD COKE, INSTITUTES OF THE LAWS OF ENGLAND § 105, *238 (explaining that because an informer "cannot bring an action or information originally for his part only," a relator may not bring a qui tam action if the King "discharge[s] the whole" action before the relator sues).

is an officer of the United States is neither novel nor surprising. *See Polansky*, <u>599 U.S. at 442</u> (Kavanaugh, J., concurring, joined by Barrett, J.) (urging the Court to consider in an appropriate case the "substantial arguments" that qui tam is inconsistent with Article II); *id.* at 449 (Thomas, J., dissenting) (same); *Taxpayers Against Fraud*, <u>41 F.3d at 1050</u> (Nelson, J., concurring in part and in the judgment) (declining to concur in "Part II of the court's opinion, where the constitutionality of the qui tam provisions of the False Claims Act is upheld"); *Riley*, <u>252 F.3d at 758</u>–75 (Smith, J., dissenting) (identifying "the FCA's violation of the Appointments Clause"); Constitutionality of the Qui Tam Provisions of the False Claims Act, 13 Op. O.L.C. at 221 (William Barr, Ass't Att'y Gen.) (arguing that "qui tam suits brought by private parties to enforce the claims of the United States plainly violate the Appointments Clause of the Constitution").

Because Zafirov initiated this FCA action when unconstitutionally appointed, I grant the defendants' motion for judgment on the pleadings and dismiss the case.

Accordingly, the following is **ORDERED:**

1.    The defendants' Motion for Judgment on the Pleadings (<u>Doc. 180</u>) is **GRANTED**.

2.    The Clerk is directed to **ENTER JUDGMENT** for the defendants and against Zafirov, which shall read "This case is dismissed with prejudice as to Dr. Clarissa Zafirov."

3.  The Clerk is directed to terminate any pending motions and deadlines, and

to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on September 30, 2024.

Kathryn Kimball Mizelle
United States District Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CLARISSA ZAFIROV, ex rel; Dr.
and THE CHAMBER OF
COMMERCE OF THE UNITED
STATES OF AMERICA,

        Plaintiffs,

v.                              Case No:  8:19-cv-1236-KKM-SPF

FLORIDA MEDICAL
ASSOCIATES, LLC, PHYSICIAN
PARTNERS, LLC, ANION
TECHNOLOGIES, LLC,
FREEDOM HEALTH, INC., and
OPTIMUM HEALTHCARE, INC.,

        Defendants.

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came before the Court and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that this case is dismissed with prejudice as to

Dr. Clarissa Zafirov.


**Any motions seeking an award of attorney's fees and/or costs must be filed
within the time and in the manner prescribed in Local Rule 7.01, United States
District Court Middle District of Florida.**

Date: September 30, 2024

                            ELIZABETH M. WARREN,
                            CLERK

                            s/J. Bowerman, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).